JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC  20044
Telephone:    (202) 353-1651
Facsimile:    (202) 616-5200
Email:        stephen.terrell2@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>    Plaintiff,<br><br>-against-<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>    Defendant. | **ECF Case**<br><br>No.  1:20-cv-7311 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT**

**I.    INTRODUCTION**

On November 4, 2019, Plaintiff instituted this action in the Supreme Court for the State of New York, New York County, against the President of the United States, Donald J. Trump, asserting a defamation claim based on a written statement issued to the press and two statements

the President made in interviews in June 2019,[1] in which the President vehemently denied accusations made in Plaintiff's then-forthcoming book.  The President explained that these accusations were false and that the incident she alleged never happened.  Acting pursuant to 28 C.F.R. § 15.4(a), the Attorney General's delegate has certified that President Trump was acting within the scope of his office as President of the United States when he publicly denied as false the allegations made by Plaintiff.[2]

On the basis of this certification, the United States removed the action to this Court pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2).  Notice of Removal, ECF No. 1.  Pursuant to the same statute, the United States hereby moves the Court to substitute the United States as the party defendant in place of the President.

## II.     APPLICABLE STATUTORY PROVISIONS

Under the Westfall Act, codified, in part, at 28 U.S.C. § 2679(b)(1), the remedy against the United States provided by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or

---

[1] The United States attaches the complaint hereto as Exhibit A to the Declaration of Stephen Terrell.

[2] The Attorney General has delegated the authority to execute such certifications to be exercised by either the United States Attorney for the district embracing the place where the civil action or proceeding is brought, or any Director of the Torts Branch, Civil Division, Department of Justice.  28 C.F.R. § 15.4(a).  Torts Branch Director James G. Touhey, Jr., executed the certification that President Trump was acting within the scope of his office as the President of the United States at the time of the incidents out of which the plaintiff's defamation claim arose. Terrell Decl., Exhibit B.

omission gave rise to the claim." The Westfall Act provides that upon certification by the Attorney General that the defendant employee or officer was acting within the scope of his office or employment at the time of the incidents out of which the plaintiff's claim arose, "any civil action or proceeding commenced upon such claim in a State court shall be removed without bond any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending." *Id.* § 2679(d)(2). The Westfall Act goes on to provide that "[s]uch action or proceeding shall be deemed to be an action or proceeding brought against the United States," and that "the United States shall be substituted as the party defendant." *Id.*

### III. PROCEDURAL BACKGROUND

Plaintiff filed her action in the Supreme Court for the State of New York on November 4, 2019. Terrell Decl., Exhibit A. The sole defendant named in Plaintiff's action was President Trump. *Id.* On September 8, 2020, the United States removed the action to this Court upon certification from James G, Touhey, Director, Torts Branch, Civil Division, United States Department of Justice, that President Trump was acting within the scope of his office at the time of the incidents out of which Plaintiff's claim arose. Notice of Removal, ECF No. 1; Touhey Certification, Terrell Decl., Exhibit B.

### IV. ARGUMENT: THE COURT SHOULD SUBSTITUTE THE UNITED STATES FOR THE PRESIDENT AS THE SOLE DEFENDANT.

As the Supreme Court has explained, "[w]hen a federal employee is sued for wrongful or negligent conduct, the [Westfall] Act empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose.'" *Osborn v. Haley,* 549 U.S. 225, 229–30 (2007) (quoting 28 U.S.C. § 2679(d)(2)). Once the Attorney General certifies that the defendant federal officer was acting

within the scope of his office at the relevant time, the statute itself provides that the United States "shall" be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2); *see also Osborn,* 549 U.S. at 230 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."); *id.* at 252 ("Upon certification, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." (quoting 28 U.S.C. § 2679(d)(2) (ellipsis in original)). "[T]he Westfall Act certification must be respected unless and until the District Court determines that [the federal officer], in fact, engaged in conduct beyond the scope of his employment," *Osborn*, 549 U.S. at 251 (original italics omitted); *id.* at 231 ("The United States, we hold, must remain the federal defendant in the action unless and until the District Court determines that the employee in fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." (original italics omitted)).

  Numerous courts have recognized that elected officials act within the scope of their office or employment when speaking with the press, including with respect to personal matters, and have therefore approved the substitution of the United States in defamation actions. *See, e.g., Does 1-10 v. v. Haaland,* \_\_\_ F.3d \_\_\_, \_\_\_, 2020 WL 5242402, at \*6, \*8 (6th Cir. 2020) ("unsolicited comments by elected officials on an event of widespread public interest" within scope); *Wuterich v. Murtha*, 562 F.3d 375, 384–85 (D.C. Cir. 2009) (statements made during a series of interviews to the media within scope); *Council on American Islamic Relations v. Ballenger*, 444 F.3d 659. 665 (D.C. Cir. 2006) (statement made to reporter during interview about his separation from his spouse within scope); *Williams v. United States,* 71 F.3d 502, 507 (5th Cir. 1995) (statements made during press interview within scope); *Operation Rescue Nat'l*

*v. United States,* 975 F. Supp. 92, 94–95, 106 (D. Mass. 1997), *aff'd,* 147 F.3d 68 (1st Cir. 1998) (same).

Here, acting pursuant to 28 C.F.R. § 15.4(a), the Attorney General's delegate has certified that President Trump was acting within the scope of his office as President of the United States at the time of the incidents out of which the Plaintiff's defamation claim arose. Indeed, when providing the challenged statements, the President was speaking to or responding to inquiries from the press, much as the elected officials in the cases cited above were speaking to the press or making other public statements at the time of their challenged actions. The Westfall Act accordingly requires the substitution of the United States as defendant in this action.

## V.  CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court substitute the United States for President Trump as defendant.

Dated: September 8, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director

 S/ Stephen R. Terrell
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC  20044
Telephone:   (202) 353-1651
Facsimile:    (202) 616-5200
Email: stephen.terrell2@usdoj.gov