SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

E. JEAN CARROLL,

                Plaintiff,

              -against-

DONALD J. TRUMP, in his personal capacity,

                Defendant.

------------------------------------------------------------------X

Index No.: 160694/19

**Motion Seq. No. 003**

## NOTICE OF VOLUNTARY
## WITHDRAWAL OF AFFIRMATIVE DEFENSE

PLEASE TAKE NOTICE that defendant hereby voluntarily withdraws the ninth affirmative defense asserted in his Answer.

PLEASE TAKE FURTHER NOTICE that the undersigned attorneys submitted a stipulation to plaintiff's attorneys proposing to withdraw the ninth affirmative defense asserted in defendant's Answer, but plaintiff's attorneys have refused to sign this stipulation.

Dated: New York, New York
      June 29, 2020

                              **LAROCCA HORNIK ROSEN
                              & GREENBERG LLP**

                              */s/ Patrick McPartland*

                              Patrick McPartland
                              Jared E. Blumetti
                              40 Wall Street, 32nd Floor
                              New York, New York  10005
                              T:  (212) 530-4837; 4831
                              E: pmcpartland@lhrgb.com
                                  jblumetti@lhrgb.com

                              *Attorneys for defendant
                              Donald J. Trump*

To:    All counsel of record (*via ECF*)

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

July 10, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

   *Re:* *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

   We write on behalf of Plaintiff E. Jean Carroll to provide notice of supplemental authority confirming that Defendant Donald J. Trump's presidential immunity claim in this action, the sole basis for his motion for a stay, *see* Doc. No. 49, lacks any merit whatsoever. As Your Honor may recall, Trump has moved to stay this action pending the New York Court of Appeals' decision in *Zervos v. Trump*. In that motion, Trump asserted that the Supremacy Clause provides presidential immunity for personal conduct actions pending in state court, even though the Supreme Court has already held that there is no such immunity for identical actions in federal court. *See* Doc. No. 49 at 6–7; Doc. No. 70 at 16–17. In other words, Trump argued that state and federal courts are completely different for purposes of assessing presidential immunity. However, the United States Supreme Court resoundingly rejected the central premises of that argument yesterday by a vote of 7-2 in *Trump v. Vance* (2020) (attached as Exhibit A and cited as "Slip op."). It follows directly from *Vance* that Trump's assertions of immunity in this case, as well as his purported arguments for a stay, are completely baseless.

   *Vance* involved a New York grand jury subpoena issued by the Manhattan District Attorney seeking "financial records relating to the President and business organizations affiliated with [Trump]." Slip op. 2. Although there was a nearly 200-year history of the President being subject to *federal* judicial process, the Supreme Court noted that the subpoena at issue was "the first *state* criminal subpoena directed to a President." *Id.* at 1.

   Trump's arguments here and in *Vance* are exactly the same—and fail for the same reasons.

KAPLAN HECKER & FINK LLP                                                          2

Here, Trump has argued that there is a "critical difference" in terms of presidential immunity between proceedings in state and federal court. Doc. No. 70 at 16. In *Vance*, Trump argued that the "distinction [between state and federal proceedings] makes all the difference" for purposes of such immunity. Slip op. at 10.

Here, Trump has asserted that the Supremacy Clause affords him absolute immunity because "subjecting the President to a state trial court's jurisdiction imposes upon him a degree of control by the State of New York that interferes with his ability to carry out his constitutional duty of executing the laws of the United States." Doc. No. 49 at 7 (internal quotation marks omitted). In *Vance*, Trump asserted that "the Supremacy Clause gives a sitting President absolute immunity from state criminal subpoenas because compliance with those subpoenas would categorically impair a President's performance of his Article II functions." Slip op. at 10.

And here, Trump has contended that the mere pendency of this case serves as an "unnecessary distraction of the President from his public duties." Doc. No. 49 at 12. In *Vance*, Trump contended that a state court subpoena unrelated to his official functions as President remained an intolerable "diversion" from his official duties. Slip op. at 12.

Indeed, the parallels between *Vance* and the presidential immunity issue here are so great that Trump himself sought to use the Supreme Court's grant of a writ of certiorari in *Vance* to his advantage in the New York state courts. Specifically, in opposing Zervos's request for expedited proceedings at the New York Court of Appeals, Trump argued that the case should proceed on a lengthier schedule because doing so "may well provide [the] Court with the benefit of the U.S. Supreme Court's decision in *Trump v. Vance* . . . in which the President is challenging a state prosecutor's subpoena on, among others, Supremacy Clause grounds." Doc. No. 62 at 3.

The Supreme Court has now spoken, and it has rejected the supposed state-federal distinction that Trump has pressed in *Vance*, *Zervos*, and this case. Slip op. at 12–14. In the same breath, the Supreme Court has also rejected the policy arguments Trump has advanced here for treating him as immune from suit in state court. While denying Trump's claim of presidential immunity from state legal process, the Supreme Court in *Vance* applied the very separation of powers precedents that we cite in our opposition, Doc. No. 54 at 17–20 (and that Trump has deemed irrelevant), to explain that the Supremacy Clause does not confer immunity on the President simply because civil litigation might prove a "distraction." *Id.* at 12. Instead, as the Supreme Court explained yesterday, absolute immunity for a President is limited to litigation relating to official conduct because *only* official conduct actions stand to distort the Executive's "decisionmaking process." *Id.* Here, of course, there was nothing "official" about Trump's false statements defaming E. Jean Carroll after she spoke out about a sexual assault Trump committed in the mid-1990s.

Accordingly, the meritless arguments that Trump has used to delay this action should now be put to rest, and Trump's motion for a stay should be denied. Although *Zervos* nominally remains pending before the Court of Appeals, the Supreme Court's decision in *Vance* leaves no question that the Court of Appeal must affirm the decision of the Appellate Division, First Department, refusing to stay that case during Trump's Presidency since Trump is not immune from personal conduct actions in New York state court. As a result, there is certainly no "just" basis for a stay of this action pursuant to CPLR § 2201.

KAPLAN HECKER & FINK LLP                                          3

The Supreme Court reminded us yesterday that "[i]n our system of government, as this Court has often stated, no one is above the law. That principle applies, of course, to a President." Slip op. (Kavanaugh, J., concurring) at 1. Trump has no special right to defame those who have accused him of sexual misconduct and then avoid the consequences of his actions. Carroll should be permitted to resume discovery so that she can obtain justice for the defamation of her good name and character.

Respectfully submitted,

Roberta A. Kaplan

cc:      Counsel of Record (via NYSCEF)

# KASOWITZ BENSON TORRES LLP

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@Kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 14, 2020

<u>VIA NYSCEF</u>

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
111 Centre Street, Room 934
New York, New York 10013

> Re:   *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty).

Dear Justice Saunders:

We write on behalf of defendant President Donald J. Trump to respond to plaintiff's July 10, 2020 letter to the Court ("Pl. Letter"), in which she asserts that the U.S. Supreme Court's decision last week in *Trump v. Vance*, No. 19-635, 2020 WL 3848062 (U.S. July 9, 2020), means that the President's motion to stay this case pending the now fully briefed appeal to the Court of Appeals from *Zervos v. Trump*, 171 A.D.3d 110 (1st Dep't 2019), should be denied.

Plaintiff's assertion is incorrect. *Vance* does *not* hold that a civil action in state court against a sitting President like *Zervos* and this action may proceed. The Supreme Court itself made this clear on the same day it handed down *Vance*. In *Trump v. Mazars USA, LLP*, No. 19-715, 2020 WL 3848061 (U.S. July 9, 2020), which concerned the ability of Congress to issue a subpoena to the President, the Supreme Court explicitly noted that the holding in *Vance* was limited to criminal proceedings:

> Two hundred years ago, it was established that Presidents may be subpoenaed during a federal criminal proceeding, and earlier today we extended that ruling to ***state criminal proceedings***, *Trump v. Vance*, ante, p. ___.

*Id.* at *4 (emphasis added) (citation omitted). The Supreme Court also confirmed in *Mazars* that its *Clinton v. Jones*, 520 U.S. 681 (1997), ruling was limited to civil actions against a sitting President in federal, not state, court:

> [M]ore recently we ruled that a private litigant could subject a President to a damages suit and appropriate discovery obligations ***in federal court***, *Clinton v. Jones*, 520 U.S. 681 (1997).

K ASOWITZ  B ENSON  T ORRES  llp

Hon. Verna L. Saunders
July 14, 2020
Page 2

*Mazars*, 2020 WL 3848061, at *4 (emphasis added).

In fact, as outlined below, and contrary to plaintiff's arguments, *Vance* confirms the reasons *Clinton v. Jones*, which upheld federal court jurisdiction over civil actions against a sitting President, should not be extended to state court.  In any event, the Court of Appeals itself will soon decide this issue on the pending *Zervos* appeal.  Staying this action would not only allow the Court of Appeals to decide this threshold constitutional issue, but would extend the "judicial deference and restraint" the courts owe the President under the United States Constitution.  *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982).  (*See also* NYSCEF Doc. No. 49 at 9 (collecting cases).)

### A.   The Reasoning in *Vance* and *Mazars* Supports the Conclusion That State Courts Lack Jurisdiction Over the President in Civil Actions.

While *Vance* neither addressed nor decided whether state courts may exercise jurisdiction over the President in civil actions, its reasoning supports the conclusion that the First Department's decision in *Zervos* that they may do so was erroneous.

First, in *Clinton v. Jones*, the Supreme Court decided that the federal district court there could exercise jurisdiction over President Clinton in a sexual harassment case arising from his alleged unofficial conduct precisely because, under the Separation of Powers doctrine, federal courts may exercise jurisdiction -- i.e., control -- over the President's official conduct.[1] However, state courts, under the Supremacy Clause, may not exercise any jurisdiction or control over the President's official conduct.  *Vance* reaffirms this principle.  *See Vance*, 2020 WL 3848062, at *8 (because "'States have no power … to retard, impede, burden, or in any manner control the operations of the constitutional laws enacted by Congress[,]' [i]t follows that States also lack the power to impede the President's execution of those laws." (quoting *McCulloch v. Maryland*, 4 Wheat. 316, 436 (1819))).  Accordingly, the Supreme Court's justification in *Clinton v. Jones* has no application to state court jurisdiction.

Second, *Mazars* also reaffirms that the principal basis for the First Department's decision in *Zervos* -- that *Clinton v. Jones* "unequivocally demonstrates that the presidency and the President are indeed separable," 171 A.D.3d at 124 -- was erroneous:

> The interbranch conflict here does not vanish simply . . . because the President sued in his personal capacity. ***The President is the only person who alone composes a branch of government.*** As a result, there is not always a clear line between his personal and official affairs. "The interest of the man" is often "connected with the

---

[1]      *See* Brief for Defendant-Appellant in *Zervos v. Trump*, APL-2020-00009, attached hereto as Exhibit 1 ("*Zervos* App. Br."), at 13-18

K A S O W I T Z   B E N S O N   T O R R E S LLP

Hon. Verna L. Saunders
July 14, 2020
Page 3

> constitutional rights of the place." Given the close connection
> between the Office of the President and its occupant, congressional
> demands for the President's papers can implicate the relationship
> between the branches regardless [*sic*] whether those papers are
> personal or official.

*Mazars*, 2020 WL 3848061, at *11 (emphasis added) (citation omitted). In other words, *Mazars* confirms that, because "[t]he President is the only person who alone composes a branch of government," state courts may not exercise direct control over the President, "simply . . . because the President [is] sued in his personal capacity." *Id.*

Finally, plaintiff again attempts to reduce the President's Supremacy Clause argument in *Zervos* to a claim that this action constitutes an impermissible "distraction" of the President, an argument *Vance* rejected in the criminal context. (Pl. Letter at 2.) However, distraction is not the basis for the President's argument in *Zervos*. Rather, as noted (NYSCEF Doc. No. 78), the dispositive constitutional issue in *Zervos* turns not on the distraction to the President, but on state courts' inability, under the Supremacy Clause, to control the President in a civil action in the first place -- an issue that was neither addressed nor decided by *Vance*. The President argued distraction only as an additional reason why the balance of the equities favors staying this action pending the appeal in *Zervos*. (*See* NYSCEF No. 49 at 12.)

**B.  The Supreme Court's Holding in *Vance* Was Limited to the Criminal Context.**

The Supreme Court's holding in *Vance*, as noted, was limited to the criminal context, and its reasoning does not extend to civil actions.

First, the Supreme Court has repeatedly recognized that the heightened public interest in criminal actions justifies intrusions on the Executive Branch that would be impermissible in other contexts. *See Nixon v. Fitzgerald*, 457 U.S. at 754 n.37 ("The Court has recognized before there is a lesser public interest in actions for civil damages . . . in criminal prosecutions."). In fact, the Supreme Court applied that principle in *Mazars*, in which it held that while *criminal* subpoenas may issue against the President because "'the very integrity of the judicial system' would be undermined without 'full disclosure of all the facts,'" Congress's "interests are not sufficiently powerful to justify access to the President's personal papers when other sources could provide Congress the information it needs." 2020 WL 3848061, at *12 (quoting *United States v. Nixon*, 418 U.S. 683, 709 (1974)). Here, as in *Zervos*, the interest in pursuing a civil action now, as opposed to when the President is no longer in office, is plainly much less powerful than the Congressional interest the Court held was insufficient. Unlike criminal proceedings, there is no pressing need for a state court to exercise control over a sitting President in a civil action, particularly because the action can be stayed until the President is no longer in office.

# KASOWITZ BENSON TORRES LLP

Hon. Verna L. Saunders
July 14, 2020
Page 4

Second, in *Vance*, the cornerstone of the Supreme Court's decision was that, if state criminal proceedings threatened the independence or effectiveness of the Executive, the President would "be entitled to the protection of federal courts," by availing himself of 42 U.S.C. § 1983. *Id.* However, that avenue is not available to the President in civil actions.[2] *Compare Peters v. Noonan*, No. 12-CV-234-FPG, 2020 WL 1322573, at *1 (W.D.N.Y. Mar. 20, 2020) ("The Second Circuit has read [section 1983] to preclude both injunctive and declaratory relief against a judicial officer." (citation omitted)) *with Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (prosecutors do not enjoy absolute immunity from declaratory and injunctive relief claims under § 1983.  Therefore, because the President does not have recourse in federal courts from undue influence in civil actions, state courts may not exercise jurisdiction over a sitting President in civil actions.

Plaintiff cites to Justice Kavanaugh's concurrence in *Vance*, which stated that the President is not "above the law." (Pl. Letter at 3.)  She omits that Justice Kavanaugh went on to say: "[a]t the same time, in light of Article II of the Constitution, this Court has repeatedly declared -- and the Court indicates again today -- that a court may not proceed against a President as it would against an ordinary litigant." *Vance*, 2020 WL 3848062, at *13 (Kavanaugh, J., concurring).  In any event, as the Supreme Court noted in *Clinton v. Jones*, "a postponement of the judicial proceedings" during the Presidency does not place "the occupant of the Office of the President . . . 'above the law.'" *Clinton v. Jones*, 520 U.S. at 697.  (*See generally Zervos* App. Br. at 28-29.)

Respectfully submitted,

*(signature)*

Marc E. Kasowitz

cc:    Counsel of Record

---

[2]    *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

July 15, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

   *Re:* *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

   We write on behalf of Plaintiff E. Jean Carroll in response to Defendant Donald J. Trump's letter of yesterday's date. In that letter, President Trump asserts that his recent, historic defeats at the Supreme Court somehow advance his position here. This argument is as desperate as it is unconvincing—particularly when these rulings are set in the broader context, as discussed below.

   Presidents have long argued that they are immune from accountability in state and federal court, but these arguments have failed time and again, except in the special case of civil damages suits seeking to impose liability on Presidents for their official conduct. *See Nixon v. Fitzgerald*, 457 U.S. 731, 751 (1982). They failed when President Nixon asserted immunity from federal criminal subpoenas. *See United States v. Nixon*, 418 U. S. 683 (1974). They failed when President Clinton asserted immunity from civil claims filed in federal court arising from private conduct. *See Clinton v. Jones*, 520 U. S. 681 (1997). They failed when President Trump asserted immunity from state criminal subpoenas. *See Trump v. Vance*, No. 19-635 (U.S. July 9, 2020). And they failed when President Trump asserted effective immunity from Congressional subpoenas concerning his private conduct. *See Trump v. Mazars USA LLP*, No. 19-715 (U.S. July 9, 2020).

   There is a clear message here. Presidents lose when they argue that they are above the law. They lose when they argue that state courts are categorically inferior than federal courts and can't be trusted to decide sensitive questions. They lose when they argue that they are too important, or too busy, to answer for private misconduct or to provide information in connection with an investigation into whether crimes were committed. And they lose when they invent novel theories—never embraced by the Supreme Court—to assert that the Constitution forbids ordinary Americans like Ms. Carroll from seeking justice.

KAPLAN HECKER & FINK LLP                                          2

In their July 14 letter, Messrs. Trump and Kasowitz ignore all of that. Instead, they try to unnecessarily complicate things and kick up a cloud of dust by pointing to irrelevant or incorrect distinctions between *Vance*, *Mazars*, and this case. Their arguments not only lack merit, but are clearly intended to distract the Court from the key principles at issue.

*Vance* rejected President Trump's sweeping assertion that state and federal courts should be treated differently when it comes to issuing criminal subpoenas to the President. In so doing, *Vance* rejected virtually every argument that President Trump has asserted here for treating state courts as incapable of hearing civil claims—like Ms. Carroll's claim—that could unquestionably be heard in federal court under *Clinton v. Jones*. *See* Doc. No. 98 at 10–14. In *Mazars*, the Supreme Court recognized that some suits involving the President's private affairs might also implicate his official duties. But it squarely rejected the President's blunderbuss argument that his private papers should therefore be treated the same as his official papers, explaining that "[s]uch a categorical approach would represent a significant departure from the longstanding way of doing business between the branches." Ex. A at 14 (*Trump v. Mazars* opinion). Like *Nixon*, *Clinton*, and *Vance*, *Mazars* thus confirms that suits involving the President's private conduct are different than those involving his official conduct—and thereby precludes the President's absolutist position.

President Trump wants to make the arguments here appear to be complicated. They aren't. The distinctions he has drawn to escape accountability are irrelevant. That has always been true, and the Supreme Court confirmed the point again in *Vance* and *Mazars* last week. President Trump's extreme position failed there, and it should fail here, too.

As a result, there is no reason to stay this case. Ms. Carroll should be permitted to resume discovery and obtain justice for President Trump's defamation of her good name and character.

Respectfully submitted,

Roberta A. Kaplan

cc:    Joshua Matz, Counsel of Record (via NYSCEF)

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 16, 2020

VIA NYSCEF

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
111 Centre Street, Room 934
New York, New York 10013

Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty).

Dear Justice Saunders:

I write on behalf of defendant President Donald J. Trump to correct certain assertions in plaintiff's July 15, 2020 letter ("PL") to the Court.

First, plaintiff asserts that the President's argument is based on a contention that state courts are "inferior" or "incapable" (PL at 1, 2). That is not so. The President's argument -- that under Article II and the Supremacy Clause, a President is temporarily immune while in office from being sued in state court -- is based on the federal structure of the Constitution, which every state ratified and by which every state is bound.[1] Ironically, it is plaintiff, not the President, who seems to believe that the Court could be "distract[ed]" by legal arguments. (PL at 2.)

Second, plaintiff asserts that the President's argument is "desperate," "novel," and "extreme." (PL at 1, 2.) Even allowing for rhetorical flourish, that characterization is completely off base: the President's argument was raised in 1997 by the Supreme Court itself in *Clinton v. Jones* -- where the Supreme Court characterized that supposedly "desperate," "novel" and "extreme" argument as an "important constitutional issue[]," which it recognized could "present a more compelling case for immunity" than a "comparable claim" in federal court. 520 U.S. 681, 690-91, 691 n.13 (1997). And not only did nothing in the Supreme Court's decision in *Trump v. Vance*, No. 19-635, 2020 WL 3848062 (U.S. July 9, 2020), address that issue, but the

---

[1]    Under plaintiff's "logic," the U.S. Supreme Court's holding in *Trump v. Mazars USA, LLP*, No. 19-715, 2020 WL 3848061 (U.S. July 9, 2020), which vacated orders upholding Congressional subpoenas, must have been based on the Supreme Court's view that Congress is inferior or less capable than the state prosecutor in its *Vance* decision, which affirmed an order upholding the prosecutor's criminal subpoena to the President. Such a conclusion would, of course, be as baseless as plaintiff's assertion concerning the President's argument here. *See also* Reply Brief for Defendant-Appellant in *Zervos v. Trump*, APL-2020-00009, attached hereto as Exhibit 1, at 1 ("No one questions the capability of state courts.").

# KASOWITZ BENSON TORRES LLP

Hon. Verna L. Saunders
July 16, 2020
Page 2

Supreme Court the same day, in *Mazars*, made sure not to include the issue of state court civil cases in its description of its Presidential immunity jurisprudence -- it plainly did so because the important constitutional issue has not yet been decided.  (*See* Defendant's July 14, 2020 Letter to the Court ("DL") at 1-2 (quoting *Mazars*, 2020 WL 3848061, at *4).)

Third, plaintiff grossly mischaracterizes the Supreme Court Presidential immunity cases she cites.  (PL at 1.)  Rather than dismiss or downplay, as plaintiff does, the unique status of the President under the Constitution, every case cited by plaintiff reaffirms that status.  In *United States v. Nixon*, while the Supreme Court rejected an "absolute privilege of confidentiality for all Presidential communications," it adopted a "presumptive privilege for Presidential communications."  418 U.S. 683, 703, 708 (1974).  In *Clinton v. Jones*, while the Supreme Court allowed civil damages suits against a President in federal courts, it specifically left unresolved not only the issue at stake here, but also whether any court -- state or federal -- "may compel the attendance of the President at a specific time or place," 520 U.S. at 690-91, and reaffirmed that courts may not "proceed against the President as against an ordinary individual."  *Id.* at 704 n.39 (citation omitted).[2]

And, in *Mazars*, the Supreme Court in fact granted the President's appeal and -- after having earlier stayed the proceedings, *see Mazars*, 2020 WL 3848061, at *6 -- vacated the decisions below upholding the Congressional subpoenas, *id.* at *12.  The Court agreed with the President that, because of the "President's unique constitutional position," Congressional subpoenas to the President "implicate special concerns" not applicable to other citizens -- regardless of whether the information sought is "personal or official."  *Id.* at *11-12.  Thus, contrary to plaintiff's assertion, *Mazars* did not reject the President's "argument that his private papers should . . . be treated the same as his official papers."  (PL at 2.)  In fact, the Supreme Court specifically pointed out that "a subpoena for personal papers may pose a heightened risk of . . . impermissible purposes," such as harassment.  *Mazars*, 2020 WL 3848061, at *11.

Although the Supreme Court in *Mazars* did find, with respect to the Congressional subpoenas at issue, that "a categorical approach" to assessing the "distinctions between [among other things] official and personal information," was inappropriate, it did so because such an approach "would represent a significant departure from the longstanding way of doing business between the branches.'"  *Mazars*, 2020 WL 3848061, at *9.  However, there is no "longstanding way of doing business" between state courts and the President.  Rather, as shown (DL at 2),

---

[2]     *See also Mazars*, 2020 WL 3848061, at *11 ("The President's unique constitutional position means that Congress may not look to him as a 'case study' for general legislation."); *Vance*, 2020 WL 3848062, at *7 (the "President 'occupies a unique position in the constitutional scheme'" and "Article II guarantees the independence of the Executive Branch" (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982))); *Clinton v. Jones*, 520 U.S. at 697-98 (the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties"); *Nixon v. Fitzgerald*, 457 U.S. at 749 ("immunity [is] a functionally mandated incident of the President's unique office"); *United States v. Nixon*, 418 U.S. at 710, 715 ("courts have traditionally shown the utmost deference to Presidential responsibilities" and the President has a "singularly unique role under Art. II").

# K ASOWITZ  B ENSON  T ORRES LLP

Hon. Verna L. Saunders
July 16, 2020
Page 3

while Congress, like the federal judiciary, is a coequal branch of government and may therefore exercise "*partial agency* in, or [] *controul* over," the Executive Branch, *Clinton v. Jones*, 520 U.S. at 702-03 (emphasis in original) (citation omitted), state courts, as *Vance* confirmed, are not coequal branches and may not do so.  *See Vance*, 2020 WL 3848062, at *8.

Finally, no one is seeking to "escape accountability" here (PL at 2).  Plaintiff is free to pursue this action when the President is no longer in office.  Plaintiff's repetition of the assertion that a postponement of proceedings would place the President "above the law" (*id.* at 1) does not make it so, and has been squarely rejected by the Supreme Court (DL at 4).[3]

\*     \*     \*

The bottom line is that the issue of temporary Presidential immunity has not yet been decided by the Court of Appeals in *Zervos* -- which itself is stayed pending that decision -- or by the U.S. Supreme Court.  Under these circumstances, there is every reason to stay this case, which raises the identical issue, as well.

Respectfully submitted,

Marc E. Kasowitz

cc:     Counsel of Record

---

[3]     That the Supremacy Clause mandates that civil cases in state court be postponed, does not make the President "above the law" any more than, say, the automatic stay granted bankruptcy debtors places them "above the law."

KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

July 17, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

     *Re:*    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

     We write on behalf of Plaintiff E. Jean Carroll to provide the Court with notice of the submission that Summer Zervos made yesterday to the New York Court of Appeals in *Zervos v. Trump*. A copy is attached as Exhibit A. In her submission, Zervos makes clear why *Vance* forecloses Trump's claim to absolute immunity in her case, just as *Vance* forecloses Trump's claim to absolute immunity here.

     We will refrain from responding to the letter that Defendant Donald J. Trump filed in this case yesterday. Although there is much in that letter for us to take issue with, our prior letters explain the ways in which *Vance* rejected the core premises of Trump's claim that he is absolutely immune from civil proceedings in state court, *see* Doc. Nos. 97, 101, and we don't want to further burden the Court with what is starting to look like an endless exchange of correspondence.

                          Respectfully submitted,

                          Roberta A. Kaplan

cc:     Counsel of Record (via NYSCEF)

# KASOWITZ BENSON TORRES LLP

**1633 BROADWAY**
**NEW YORK, NEW YORK 10019**
**(212) 506-1700**
**FAX: (212) 506-1800**

Marc E. Kasowitz
Direct Dial: (212) 506-1710
Direct Fax: (212) 835-5010
MKasowitz@Kasowitz.com

ATLANTA
**HOUSTON**
**LOS ANGELES**
**MIAMI**
**NEWARK**
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 28, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
111 Centre Street, Room 934
New York, New York 10013

   Re: *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty).

Dear Justice Saunders:

   I write on behalf of defendant President Donald J. Trump to provide the Court with the President's response to the July 16, 2020 letter to the Court of Appeals from the plaintiff in *Zervos v. Trump*.

            Respectfully submitted,

            Marc E. Kasowitz

cc: Counsel of Record

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| PRESENT: | **HON. VERNA L. SAUNDERS** | PART | **IAS MOTION 36** |
|---|---|---|---|

*Justice*

-------------------------------------------------------------------------------X

E. JEAN CARROLL,

                Plaintiff,

- v -

DONALD TRUMP,

                Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.**     160694/2019

**MOTION SEQ. NO.**     002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 97, 98, 101, 102, 105, 106

were read on this motion to/for                   **STAY**              .

Plaintiff, E. Jean Carroll, commenced this defamation action seeking damages stemming from defendant Donald Trump's alleged defamatory statements made in connection with plaintiff's allegations of sexual assault at the hands of defendant.

Defendant, who is currently serving as President of the United States, moves the court pursuant to CPLR § 2201 seeking a stay of the proceedings pending the decision of the Court of Appeals on defendant's appeal from *Zervos v Trump*, 171 AD3d 110 ( 1st Dept 2019) wherein the Appellate Division, First Department affirmed an order of the Supreme Court, New York County denying defendant's motion seeking a dismissal of the defamation action. In the alternative, defendant seeks a stay of the action on the ground that he is currently sitting as President of the United States.

Defendant, in sum and substance, argues that this action will not lie if it is barred by the Supremacy Clause of the United States Constitution prohibiting state court subject matter jurisdiction over a sitting United States President. Defendant asserts that this very issue is pending before the Court of Appeals in the *Zervos* action and that when granting leave to appeal, the First Department also granted a stay of those proceedings.[1] Defendant thus claims a stay of the instant proceeding is warranted as the outcome of the *Zervos* action will determine whether this court has jurisdiction over defendant while he is in office. Defendant further argues that New York courts often grant stays pending appeals in other actions where the decision on those appeals resolve a

---

[1] *Zervos v Trump*, 2020 WL 63397, 2020 NY Slip Op 60193(U).

**160694/2019 CARROLL, E. JEAN vs. TRUMP, DONALD J.**
**Motion No. 002**
          Page 1 of 4

1 of 4

dispositive issue, as is the case here. Defendant contends that due to the unique role of the President under Article II of the Constitution, deference is required, and a stay mandated.

In opposition, plaintiff argues that defendant's motion serves as a further delaying tactic and that stays are reserved for extraordinary circumstances. Plaintiff asserts that no such circumstances exist here where there is binding appellate precedent and the determination of the pending appeal is not imminent. Furthermore, plaintiff contends that defendant's reliance upon case law where a stay was granted pending an appeal in the same action is misplaced. Moreover, plaintiff argues that the constitutional immunity afforded to the President applies to official conduct, not personal or unofficial conduct as is alleged in this case. Plaintiff avers that defendant's engagement in other personal litigation during his presidency undermines the argument that a stay in this action is necessary.

In support of plaintiff's primary contention that a stay is inappropriate where binding appellate authority exists, plaintiff cites to *Miller v Miller*, 109 Misc 2d 982 [Sup Ct, Suffolk County 1981], wherein the court declined to issue a stay pending the Court of Appeals decision as it was bound by the Appellate Court decision and the Court of Appeals decision was not imminent. Plaintiff contends that the cases cited by defendant in support of a stay are easily distinguishable from this action as those matters either involved identical issues and parties; were fully briefed and awaiting oral argument at the time a stay was requested; or, there was no binding appellate authority on point.

In reply, defendant reiterates the arguments advanced in the moving papers and adds that as the *Zervos* appeal will be fully briefed by May 11, 2020 a stay of this action pending the appeal of the *Zervos* case is warranted as its decision will inform jurisdiction of this action.

In the *Zervos* case, this court held that:

"[n]othing in the Supremacy Clause of the United States Constitution even suggests that the President cannot be called to account before a state court for wrongful conduct that bears no relationship to any federal executive responsibility. Significantly, when unofficial conduct is at issue, there is no risk that a state will improperly encroach on powers given to the federal government by interfering with the manner in which the President performs federal functions. There is no possibility that a state court will compel the President to take any official action or that it will compel the President to refrain from taking any official action… [T]here is absolutely no authority for dismissing or staying a civil action related purely to unofficial conduct because defendant is the President of the United States. Resolution of an action unrelated to the President's official conduct is the responsibility of a state court and is not impermissible direct control . . . over the President." (*Zervos v Trump*, 59 Misc 3d 790 [Sup Ct, NY County 2018], internal citations omitted).

160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.                                           Page 2 of 4
Motion No. 002

2 of 4

On appeal, the Appellate Division, First Department noted that the *Zervos* action presented a constitutional issue of first impression: "whether the Supremacy Clause of the United States Constitution requires a state court to defer litigation of a defamation action against a sitting President until his terms end." (*Zervos,* supra). Ultimately, the Appellate Division's decision to affirm the Supreme Court's ruling unequivocally resolved this issue holding that pursuant to the United States Supreme Court's decision in *Clinton v Jones,* 520 US 681 [1997] "the presidency and the President are indeed separable" and thus, "the President is presumptively subject to civil liability for conduct that has taken place in his private capacity." (*Zervos,* supra at 124).

At issue here is whether this action should be stayed pending a decision from the Court of Appeals regarding the First Department's decision to affirm this court's ruling on *Zervos*.

Pursuant to CPLR § 2201, which authorizes the granting of a stay "in a proper case, upon such terms as may be just," stays are in the sound discretion of the trial court. However, the First Department has ruled that stays should be exercised "sparingly and only when other remedies are inadequate and the equities invoked apparent and strong." (See generally, *Croker v NY Trust Co.,* 206 AD 11 [1st Dept 1923]). Nevertheless, it is axiomatic that this court is bound by the decisions of the Appellate Division, First Department unless same has been overturned by the Court of Appeals.

In this instance, defendant implores the court to stay this action until the Court of Appeals has ruled on a separate action, arguing that the appeal is fully briefed and thus, imminent. Conversely, plaintiff objects avowing that there is no immediate date set for arguments or likelihood that a decision is imminent and thus, the court is bound by the binding appellate precedent which specifically addresses the issue in contention. While the arguments advanced by both parties are compelling, they have been rendered moot in light of the recent United States Supreme Court decision in *Trump v Vance,* 591 U.S. __, __, 140 S Ct 2412 [2020]. In *Trump v Vance,* the U.S. Supreme Court held that "Article II and the Supremacy Clause do not categorically preclude, or require a heightened standard for, the issuance of a state criminal subpoena to a sitting President." (Slip Op at 1.) The *Vance* Court reasoned that as the Supremacy Clause prohibits state judges and prosecutors from interfering with a President's official duties, absolute immunity is not necessary or appropriate under Article II or the Supremacy Clause as state courts and prosecutors are expected to observe constitutional limitations and, if they fail to

**160694/2019   CARROLL, E. JEAN vs. TRUMP, DONALD J.**
Motion No. 002

Page 3 of 4

Case 1:20-cv-07311-LAK   Document 6-6   Filed 09/09/20   Page 19 of 24

do so, federal law allows a President to challenge any constitutional influence. (Slip Op at 17.) While the *Vance* Court's decision permits the issuance of a criminal subpoena to a sitting President, it's analysis and conclusions address the same issues and questions raised by defendant in this action, as well as, the *Zervos* action: whether the Supremacy Clause of the Constitution bars a state court from exercising jurisdiction over a sitting President of the United States during his term. No, it does not. Further, the holding in *Vance* is not limited solely to criminal proceedings. In fact, the *Vance* Court concluded,

> Two hundred years ago, a great jurist of our Court established that no citizen, not even the President, is categorically above the common duty to produce evidence when called upon in a criminal proceeding. We reaffirm that principle today and hold that the President is neither absolutely immune from state criminal subpoenas seeking his private papers nor entitled to a heightened standard of need. The "guard[ ] furnished to this high officer" lies where it always has—in "the conduct of a court" applying established legal and constitutional principles to individual subpoenas in a manner that preserves both the independence of the Executive and the integrity of the criminal justice system. (Slip Op at 21, internal citations omitted.)

This court construes the holding in *Vance* applicable to all state court proceedings in which a sitting President is involved, including those involving his or her unofficial/personal conduct. Accordingly, the application for a stay is denied and it is hereby

ORDERED, defendant's motion is denied in accordance with the foregoing; and it is further

ORDERED, that the parties are to appear for a telephonic compliance conference on September 30, 2020 at 11:00 AM; and it is further

ORDERED, that any requested relief not expressly addressed herein has been considered and is hereby denied.

This constitutes the decision and order of the court.

_____
**August 3, 2020**

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.          Page 4 of 4
Motion No. 002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------

E. JEAN CARROLL,

                  *Plaintiff,*

   -against-

DONALD J. TRUMP, in his personal capacity,

                  *Defendant.*

---------------------------------------------------------------

Index No. 160694/2019
Hon. Verna L. Saunders

## NOTICE OF ENTRY

Please take notice that within is a true and correct copy of the Decision and Order on

Motion of Justice Verna L. Saunders dated August 3, 2020, which was entered in the office of

the Clerk of the County of New York on August 7, 2020.


Dated:   New York, New York
          August 8, 2020

Respectfully submitted,

Roberta A. Kaplan
Joshua Matz
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*


To: Counsel of Record (by NYSCEF)

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. VERNA L. SAUNDERS** | |

*Justice*

PART          IAS MOTION 36

-------------------------------------------------------------------------------X

E. JEAN CARROLL,

             Plaintiff,

- v -

DONALD TRUMP,

             Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.**          160694/2019

**MOTION SEQ. NO.**          002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 97, 98, 101, 102, 105, 106

were read on this motion to/for          **STAY**          .

Plaintiff, E. Jean Carroll, commenced this defamation action seeking damages stemming from defendant Donald Trump's alleged defamatory statements made in connection with plaintiff's allegations of sexual assault at the hands of defendant.

Defendant, who is currently serving as President of the United States, moves the court pursuant to CPLR § 2201 seeking a stay of the proceedings pending the decision of the Court of Appeals on defendant's appeal from *Zervos v Trump*, 171 AD3d 110 ( 1st Dept 2019) wherein the Appellate Division, First Department affirmed an order of the Supreme Court, New York County denying defendant's motion seeking a dismissal of the defamation action. In the alternative, defendant seeks a stay of the action on the ground that he is currently sitting as President of the United States.

Defendant, in sum and substance, argues that this action will not lie if it is barred by the Supremacy Clause of the United States Constitution prohibiting state court subject matter jurisdiction over a sitting United States President. Defendant asserts that this very issue is pending before the Court of Appeals in the *Zervos* action and that when granting leave to appeal, the First Department also granted a stay of those proceedings.[1] Defendant thus claims a stay of the instant proceeding is warranted as the outcome of the *Zervos* action will determine whether this court has jurisdiction over defendant while he is in office. Defendant further argues that New York courts often grant stays pending appeals in other actions where the decision on those appeals resolve a

_____

[1] *Zervos v Trump*, 2020 WL 63397, 2020 NY Slip Op 60193(U).

**160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.**
Motion No.  002

Page 1 of 4

2 of 5

dispositive issue, as is the case here. Defendant contends that due to the unique role of the President under Article II of the Constitution, deference is required, and a stay mandated.

In opposition, plaintiff argues that defendant's motion serves as a further delaying tactic and that stays are reserved for extraordinary circumstances. Plaintiff asserts that no such circumstances exist here where there is binding appellate precedent and the determination of the pending appeal is not imminent. Furthermore, plaintiff contends that defendant's reliance upon case law where a stay was granted pending an appeal in the same action is misplaced. Moreover, plaintiff argues that the constitutional immunity afforded to the President applies to official conduct, not personal or unofficial conduct as is alleged in this case. Plaintiff avers that defendant's engagement in other personal litigation during his presidency undermines the argument that a stay in this action is necessary.

In support of plaintiff's primary contention that a stay is inappropriate where binding appellate authority exists, plaintiff cites to *Miller v Miller*, 109 Misc 2d 982 [Sup Ct, Suffolk County 1981], wherein the court declined to issue a stay pending the Court of Appeals decision as it was bound by the Appellate Court decision and the Court of Appeals decision was not imminent. Plaintiff contends that the cases cited by defendant in support of a stay are easily distinguishable from this action as those matters either involved identical issues and parties; were fully briefed and awaiting oral argument at the time a stay was requested; or, there was no binding appellate authority on point.

In reply, defendant reiterates the arguments advanced in the moving papers and adds that as the *Zervos* appeal will be fully briefed by May 11, 2020 a stay of this action pending the appeal of the *Zervos* case is warranted as its decision will inform jurisdiction of this action.

In the *Zervos* case, this court held that:

"[n]othing in the Supremacy Clause of the United States Constitution even suggests that the President cannot be called to account before a state court for wrongful conduct that bears no relationship to any federal executive responsibility. Significantly, when unofficial conduct is at issue, there is no risk that a state will improperly encroach on powers given to the federal government by interfering with the manner in which the President performs federal functions. There is no possibility that a state court will compel the President to take any official action or that it will compel the President to refrain from taking any official action… [T]here is absolutely no authority for dismissing or staying a civil action related purely to unofficial conduct because defendant is the President of the United States. Resolution of an action unrelated to the President's official conduct is the responsibility of a state court and is not impermissible direct control . . . over the President." (*Zervos v Trump*, 59 Misc 3d 790 [Sup Ct, NY County 2018], internal citations omitted).

160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 002

Page 2 of 4

3 of 5

On appeal, the Appellate Division, First Department noted that the *Zervos* action presented a constitutional issue of first impression: "whether the Supremacy Clause of the United States Constitution requires a state court to defer litigation of a defamation action against a sitting President until his terms end." (*Zervos,* supra). Ultimately, the Appellate Division's decision to affirm the Supreme Court's ruling unequivocally resolved this issue holding that pursuant to the United States Supreme Court's decision in *Clinton v Jones,* 520 US 681 [1997] "the presidency and the President are indeed separable" and thus, "the President is presumptively subject to civil liability for conduct that has taken place in his private capacity." (*Zervos,* supra at 124).

At issue here is whether this action should be stayed pending a decision from the Court of Appeals regarding the First Department's decision to affirm this court's ruling on *Zervos.*

Pursuant to CPLR § 2201, which authorizes the granting of a stay "in a proper case, upon such terms as may be just," stays are in the sound discretion of the trial court. However, the First Department has ruled that stays should be exercised "sparingly and only when other remedies are inadequate and the equities invoked apparent and strong." (See generally, *Croker v NY Trust Co.,* 206 AD 11 [1st Dept 1923]). Nevertheless, it is axiomatic that this court is bound by the decisions of the Appellate Division, First Department unless same has been overturned by the Court of Appeals.

In this instance, defendant implores the court to stay this action until the Court of Appeals has ruled on a separate action, arguing that the appeal is fully briefed and thus, imminent. Conversely, plaintiff objects avowing that there is no immediate date set for arguments or likelihood that a decision is imminent and thus, the court is bound by the binding appellate precedent which specifically addresses the issue in contention. While the arguments advanced by both parties are compelling, they have been rendered moot in light of the recent United States Supreme Court decision in *Trump v Vance,* 591 U.S. __, __, 140 S Ct 2412 [2020]. In *Trump v Vance,* the U.S. Supreme Court held that "Article II and the Supremacy Clause do not categorically preclude, or require a heightened standard for, the issuance of a state criminal subpoena to a sitting President." (Slip Op at 1.) The *Vance* Court reasoned that as the Supremacy Clause prohibits state judges and prosecutors from interfering with a President's official duties, absolute immunity is not necessary or appropriate under Article II or the Supremacy Clause as state courts and prosecutors are expected to observe constitutional limitations and, if they fail to

do so, federal law allows a President to challenge any constitutional influence. (Slip Op at 17.) While the *Vance* Court's decision permits the issuance of a criminal subpoena to a sitting President, it's analysis and conclusions address the same issues and questions raised by defendant in this action, as well as, the *Zervos* action: whether the Supremacy Clause of the Constitution bars a state court from exercising jurisdiction over a sitting President of the United States during his term. No, it does not. Further, the holding in *Vance* is not limited solely to criminal proceedings. In fact, the *Vance* Court concluded,

> Two hundred years ago, a great jurist of our Court established that no citizen, not even the President, is categorically above the common duty to produce evidence when called upon in a criminal proceeding. We reaffirm that principle today and hold that the President is neither absolutely immune from state criminal subpoenas seeking his private papers nor entitled to a heightened standard of need. The "guard[ ] furnished to this high officer" lies where it always has—in "the conduct of a court" applying established legal and constitutional principles to individual subpoenas in a manner that preserves both the independence of the Executive and the integrity of the criminal justice system. (Slip Op at 21, internal citations omitted.)

This court construes the holding in *Vance* applicable to all state court proceedings in which a sitting President is involved, including those involving his or her unofficial/personal conduct. Accordingly, the application for a stay is denied and it is hereby

ORDERED, defendant's motion is denied in accordance with the foregoing; and it is further

ORDERED, that the parties are to appear for a telephonic compliance conference on September 30, 2020 at 11:00 AM; and it is further

ORDERED, that any requested relief not expressly addressed herein has been considered and is hereby denied.

This constitutes the decision and order of the court.

_____August 3, 2020_____                                    _____
                                                                HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.                              Page 4 of 4
Motion No. 002

9 of 9