# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., | CIVIL ACTION FILE NO. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CNN BROADCASTING, INC.; CNN PRODUCTIONS, INC.; and CNN INTERACTIVE GROUP, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff Donald J. Trump for President, Inc. (the "Campaign"), by and through its undersigned attorneys, alleges as follows:

### INTRODUCTION AND SUMMARY OF CASE

1.

Defendants CNN Broadcasting, Inc., CNN Productions, Inc. and CNN Interactive Group, Inc. (collectively, "CNN") published false and defamatory statements of and concerning the Campaign, claiming that it "assessed the potential risks and benefits of again seeking Russia's help in 2020 and has decided to leave that option on the table."

2.

At the time of publication, CNN was well aware that these statements were not true, because there was an extensive record of statements from the Campaign and the administration expressly disavowing any intention to seek Russian assistance. There have been no statements by the Campaign that either constitute or imply an intention by the Campaign to seek or consider seeking Russian assistance in the 2020 election, or to "leave that option on the table."

3.

The Campaign, through counsel, sent a written demand to CNN on February 25, 2020, to retract and apologize for the aforementioned false and defamatory statements. CNN refused. The Campaign therefore was left with no alternative but to file this lawsuit to: publicly establish the truth, properly inform CNN's readers and audience (and the rest of the world) of the true facts, and seek appropriate remedies for the harm caused by CNN's false reporting and failure to retract and apologize for it.

4.

CNN has engaged in a systematic pattern of bias against the Campaign, designed to maliciously interfere with and damage its reputation and ultimately cause the organization to fail.

## THE PARTIES

### 5.

Plaintiff Donald J. Trump for President, Inc. is a Virginia corporation with its principal place of business in New York, New York. The Campaign operated the presidential election campaign of Donald J. Trump commencing in 2015, and has operated his reelection campaign since the President's election.

### 6.

On information and belief, defendant CNN Broadcasting, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

### 7.

On information and belief, defendant CNN Productions, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

### 8.

On information and belief, defendant CNN Interactive Group, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.

### 9.

On information and belief, defendants CNN Broadcasting, Inc., CNN Productions, Inc. and CNN Interactive Group, Inc. own and operate the CNN cable television network and the www.CNN.com website.

## JURISDICTION AND VENUE

### 10.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1), because the Campaign resides in the State of New York, and CNN resides in the States of Georgia and Delaware. Additionally, the amount in controversy is in the millions of dollars, which exceeds the statutory minimum of $75,000.

### 11.

Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) & (b)(2), because CNN is located in this District and published the defamatory statements alleged herein within this District.

## STATEMENT OF FACTS

### 12.

On or about June 13, 2019, CNN published an article on the www.CNN.com website entitled "Soliciting dirt on your opponents from a foreign government is a crime. Mueller should have charged Trump campaign officials with it" by Larry Noble (the "Defamatory Article"). The Defamatory Article claims, among other things, that the Campaign "assessed the potential risks and benefits of again seeking Russia's help in 2020 and has decided to leave that option on the table."

The Defamatory Article does not cite to any facts or reasoning in support of this claim.

13.

The Defamatory Article is false. In fact, the Campaign has repeatedly and openly disclaimed any intention to seek Russian involvement in the 2020 election. The examples of this are too numerous to fully enumerate, but examples include: (a) then-Press Secretary Sarah Sanders stated on August 2, 2018 that "[s]ince the beginning of his administration, President Trump has implemented a whole-of-government approach to safeguard our nation's elections. The President has made it clear that his administration will not tolerate foreign interference in our elections from any nation-state or other dangerous actor"; (b) on September 12, 2018, while signing an executive order imposing sanctions on foreign countries who interfere in United States elections, the White House issued a statement that "the United States will not tolerate any form of foreign meddling in our elections"; and (c) on May 13, 2019, the White House stated it would not use any information hacked or stolen by foreign adversaries in the 2020 election.

14.

There have been no public statements made by the Campaign with respect to the 2020 election that can be reasonably interpreted as "seeking Russia's help" or "leav[ing] that option on the table."

{00106585;1}

5

Case 1:20-cv-01045-MLB Document 47 Filed 03/06/20 Page 7 of 38

15.

The statement that the Campaign has "decided to leave th[e] option on the table" of seeking Russian assistance was made up out of whole cloth. Despite extensive reporting on the Campaign and its strategies, including by CNN, there have been **no reports** of any assessment by the Campaign to potentially seek Russian assistance in connection with the 2020 election, nor any reports about any decision of the Campaign to "leave that option on the table." Rather, both statements by CNN are outright false, and fabricated.

16.

It is not entirely surprising that CNN would publish such blatantly false statements about the Campaign. There is extensive evidence that CNN and its writer, Larry Noble, are extremely biased against the Campaign. This evidence includes, among other things, undercover video footage taken by the Project Veritas news organization in which CNN staff members admit on camera that CNN's coverage is extremely biased against the Campaign, the administration, and Republicans in general.

17.

In the Project Veritas footage, Nick Neville, a Media Coordinator at CNN, admits that CNN's chief executive, Jeff Zucker, has a personal vendetta against the President.

18.

John Bonifield, a Supervising Producer at CNN, states in the Project Veritas footage that CNN's coverage regarding Russia's alleged interference with the 2016 election was "mostly bullshit" and that the President "is probably right to say…you are witch hunting me."

19.

Christian Sierra, a Media Coordinator at CNN, states in the Project Veritas footage that Mr. Zucker wanted impeachment to be the top story **every day**, that "everyone at the network" complains about the amount of such coverage, and that CNN's "Democratic interviews are like softballs, compared to the Republicans."

20.

Cary Poarch, a CNN employee in the Washington, D.C. bureau, states in the Project Veritas footage that CNN "purports to be facts first, and that's clearly not the case."

21.

The news stories at www.CNN.com follow the same extremely biased news perspective. According to a recent, reliable survey, 93% of all stories at www.CNN.com were aggressively negative about the current President, whereas coverage of past Presidents was only around 50% negative.

{00106585;1}                    7

22.

Larry Noble, the author of the Defamatory Article, has a record of malice and bias against the President as well. On February 14, 2020, Mr. Noble tweeted: "Trump cheats and lies, and when caught, lies again and claims the right to make the rules. He claims defeats as victories, takes credit for anyone's success and blames his failures on others. And the Republicans have told him they are fine with that, so he's just getting started." Mr. Noble has written numerous articles accusing the President of criminal activity, and of campaign finance and ethics violations, and has lodged a complaint against a Super-PAC which supports the President.

23.

CNN clearly had a malicious motive in publishing the Defamatory Article, and acted with reckless disregard for the truth. Extensive public information, known by and available to CNN, confirms that the Campaign has not sought Russian help in the 2020 election and has made no statements about seeking any such help. On information and belief, CNN engaged in extensive reporting on the Campaign and its strategies, and was aware at the time of publication of the Defamatory Article that the Campaign had **not** decided to "leave th[e] option on the table" of seeking Russia's help in the 2020 election. CNN knowingly disregarded all such information when it published the Defamatory Article.

{00106585;1}

8

24.

CNN never informed the Campaign that it was going to publish the claims in the Defamatory Article, did not afford the Campaign an opportunity to verify the accuracy of the claims before publication, and did not reach out to the Campaign for comment.

25.

The Defamatory Article defamed the Campaign in its trade or profession, because it falsely accuses the Campaign of considering a strategy of disloyal, unethical and potentially unlawful conduct: seeking the assistance of a foreign adversary of the United States to improperly influence an election result.

26.

The Defamatory Article has forced, and will continue to force, the Campaign to expend funds on corrective advertisements and to otherwise publicize the fact that the Campaign is not seeking Russia's help, nor leaving that "option on the table," in the 2020 election campaign. The Campaign was damaged in an amount to be proven at trial, in the millions of dollars.

# FIRST CAUSE OF ACTION

## (Libel)

27.

The Campaign realleges and incorporates by this reference Paragraphs 1 through 26 as though fully set forth herein.

28.

CNN published the Defamatory Article on or about June 13, 2019.

29.

The Defamatory Article contains false statements of fact.

30.

The false statements in the Defamatory Article are of and concerning the Campaign in that they allege the Campaign is actively considering seeking Russia's assistance in the 2020 election campaign.

31.

The Campaign is concededly a public figure, and the false statements were made with actual malice, as alleged herein.

32.

The false statements defamed the Campaign in its trade or profession.

Case 1:20-cv-03045-MLB Document 1-7 Filed 09/06/20 Page 12 of 38

33.

The false statements caused actual damage to the Campaign, the full amount of which will be proven at trial, but is in the millions of dollars.

34.

CNN's actions show willful misconduct, malice, fraud, wantonness, oppression and that entire want of care which raises a presumption of conscious indifference to the consequences, and accordingly the Campaign is entitled to an award of punitive damages against CNN.

## **DEMAND FOR JURY TRIAL**

The Campaign hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Campaign prays for relief as follows:

    i.    Compensatory damages in the millions of dollars, according to proof;

    ii.    Presumed damages according to proof;

    iii.    Punitive damages according to proof;

    iv.    Costs of suit; and

    v.    Such other and further relief as the Court may deem just and proper.

{00106585;1}

Dated: March 6, 2020

Respectfully submitted,

**DONALD J. TRUMP FOR PRESIDENT, INC.**

By: */s/ J. David Hopkins*

    J. David Hopkins, Esq.
    Georgia Bar No. 366505
    J. David Hopkins Law, LLC
    130 Barksdale Drive
    Atlanta, Georgia 30309
    Telephone: (404) 353-5184
    DHopkins@JDHopkinsLaw.com

    Charles J. Harder, Esq.
    (*Pro Hac Vice* Application forthcoming)
    HARDER LLP
    132 South Rodeo Drive, Fourth Floor
    Beverly Hills, California 90212
    Telephone: (424) 203-1600
    CHarder@HarderLLP.com

Case 1:20-cv-03045-MLB Document 17 Filed 09/06/20 Page 14 of 38

# CERTIFICATE OF TYPE SIZE AND STYLE

Counsel certifies that the size and style of type used in the foregoing

document is Times New Roman 14 point.

/s/ J. David Hopkins

J. David Hopkins, Esq.

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

PAUL J. BURGO
DIRECT DIAL: (212) 506-1865
DIRECT FAX: (212) 835-5265
PBurgo@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 10, 2020

<u>VIA NYSCEF</u>

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
80 Centre Street, Room 326
New York, New York 10013

Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty)

Dear Justice Saunders:

We represent defendant President Donald Trump in the above-referenced action.  We write to respond to plaintiff's letters to the Court, dated March 2 and March 6, 2020, to which plaintiff attaches three complaints filed by Donald J. Trump for President, Inc., in support of her waiver argument in opposition to defendant's motion to stay pending the appeal to the Court of Appeals in *Zervos v. Trump*, 171 A.D.3d 110 (1st Dep't 2019) (Mot. Seq. No. 2).

We note that: the complaints were filed, not by President Trump, but by Donald J. Trump for President, Inc., a Virginia corporation; when the plaintiff in *Zervos* made the same waiver argument to the First Department, the majority ignored it and the dissent rejected it, *Zervos v. Trump*, 171 A.D.3d 110, 131 (2019) (Mazarelli, J, dissenting); and the argument presumably will be made to and decided by the Court of Appeals.

Respectfully submitted,

Paul J. Burgo

cc:    Counsel of Record (via NYSCEF)

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883  |  FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

March 10, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
80 Centre Street, Room 326
New York, New York 10013

     Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

     We write on behalf of Plaintiff E. Jean Carroll in brief response to the letter filed yesterday by Defendant Donald J. Trump. *See* Doc. No. 76. Our two prior submissions intentionally avoided legal argumentation and simply attached for Your Honor's information the Trump campaign's recent defamation complaints against the *New York Times*, the *Washington Post*, and CNN. *See* Docs. No. 71-75. This letter seeks to correct the mischaracterizations that Trump's letter makes.

     In yesterday's letter, Trump contends that Carroll submitted the recent defamation complaints in support of a "waiver argument" and that "the same waiver argument" will be decided by the Court of Appeals in *Zervos*. Doc. No. 76. at 1. That is incorrect. Nowhere in any of the briefs in this matter do we argue that Trump waived a defense of presidential immunity. Instead, we argue that Trump's unprecedented history of personal conduct litigation confirms that such litigation does not actually encumber his duties in office.

     That's why the recent lawsuits against media organizations are so relevant: they are further evidence of the emptiness of Trump's burden claim. Those lawsuits concern links between the Trump campaign and the Russian government, and Trump himself will be a key fact witness in all three cases. During the March 4 oral argument before Your Honor, Trump's counsel did not deny that Trump's campaign would file such lawsuits only with Trump's personal approval. If litigation (like this action) concerning Trump's unofficial conduct and requiring his participation were truly burdensome, those cases never would have been filed. Trump should not be heard to complain about speculative and marginal burdens here, even as he approves and initiates other civil cases that bear directly on his official acts and require extensive personal involvement.

KAPLAN HECKER & FINK LLP                                               2

 

 

 

        At bottom, Trump's motion to stay this action and Trump's presidential immunity claim
in *Zervos* both rest on a purported burden to the presidency. The Trump campaign's recent
defamation suits only further confirm how illusory those claims of burden are.


                                            Respectfully submitted,


                                            Roberta A. Kaplan


cc:     Counsel of Record (via NYSCEF)

## KASOWITZ BENSON TORRES LLP

Paul J. Burgo
Direct Dial: (212) 506-1865
Direct Fax: (212) 835-5265
PBurgo@Kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

March 11, 2020

<u>VIA NYSCEF</u>

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
80 Centre Street, Room 326
New York, New York 10013

Re:   *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty)

Dear Justice Saunders:

We respectfully write, on behalf of defendant President Donald J. Trump, in reply to plaintiff's March 11, 2020 letter to the Court.

Plaintiff claims that she is not "argu[ing] that Trump waived a defense of presidential immunity," but that is precisely her argument: because of "Trump's . . . . personal conduct litigation" (in fact brought by the campaign), he "should not be heard" to argue burden here.

In any event, plaintiff's claim about burden misses the point.  President Trump's appeal in *Zervos v. Trump* does not turn on the extent, if any, that a specific action in state court burdens the President, but rather on the unresolved "important constitutional issue[]," *Clinton v. Jones*, 520 U.S. 681, 690-91, 691 n.13 (1997), of whether, under Article II and the Supremacy Clause of the Constitution, a state court has jurisdiction over the President to make that determination in the first place.

Respectfully submitted,

Paul J. Burgo

cc:   Counsel of Record (via NYSCEF)

Supreme Court
of the
State of New York



NEW YORK COUNTY COURTHOUSE
60 CENTRE STREET
NEW YORK, NY 10007-1474

Pursuant to Chief Administrative Judge Marks' March 15, 2020 memorandum, Supreme Court, New York County-Civil Term is implementing the following temporary procedures, effective March 17, 2020 and continuing until further notice:

- Court facilities at 71 Thomas Street and 80 Centre Street, including the Public Access Law Library, are closed to the public;
- The court will hear only essential applications - all other matters and conferences will be adjourned to future dates;
- Essential applications will be heard at 60 Centre Street by the Ex Parte Judge;
- MHL/Hospital Hearings will be conducted remotely from 60 Centre Street;
- Jury selection is postponed as are all civil trials;
- Foreclosure auctions are postponed;
- Foreclosure conferences will be administratively adjourned;
- Fully briefed motions previously scheduled for oral argument will be marked submitted on the scheduled date without oral argument, unless otherwise directed by the assigned Justice at a later date;
- Motions returnable in room 130 requiring working copies will be adjourned for 30 days.  Parties should not submit working copies in Room 130, either in person, or by mail, until directed to do so by the court;
- Motions returnable in room 130 and assigned to paperless parts will be marked fully submitted and the assigned Judge will be notified of such;
- There will be no automatic re- scheduling for oral argument in the IAS Parts until further notice

(Rev. March 19, 2020)

PART 36


Dear All,

We send our wishes and good thoughts, hoping that you and your loved ones have remained well these past weeks.  We also send our heartfelt prayers for the many who have suffered illness and the loss of family, friends, and colleagues during these times.  Our thoughts are with you.

As we begin to resume virtual court operations for non-essential matters here in New York State, please be advised that Part 36 is in the process of rescheduling matters previously calendared for conference in March and April 2020 which were administratively adjourned.  On your rescheduled conference date, please submit a fully executed stipulation of settlement with respect to outstanding discovery and compliance matters.  The submitted proposed stipulation will be reviewed and so-ordered, as appropriate.  In the interim, as to these matters which were scheduled for **conference** in March and April 2020, all discovery deadlines contained within the most recent preliminary or compliance conference stipulation/order are hereby extended for sixty days from April 13, 2020.

Please be advised as to **preliminary conferences**, a telephonic and/or video conference will be required. Parties for preliminary conference will be contacted by the Part as to scheduling, etc..

For all other matters, discovery deadlines which were to be met in March and/or April 2020 are hereby extended sixty days from April 13, 2020.

To the extent that additional issues arise, please advise the Part via e-mail to txchamber@nycourts.gov and kstewart@nycourts.gov.  (Please be reminded to copy all parties on e-mail messages to the court.)

As to settlement conferences and matters scheduled for mediation/alternative dispute resolution, these matters will be conferenced telephonically and/or by video conference.  Parties in these matters will be advised by chambers staff of their scheduled appearance date in the upcoming weeks.

As to pending motions, fully submitted matters will be marked "decision reserved" on the date of final submission in accordance with directives outlined in the Chief Administrative Judge's memorandum.  In the event parties seek adjournment of the court's determination of a pending motion, please contact the court and advise as to the basis for such request, i.e., ongoing settlement discussions, unforeseen circumstances, etc...

If any party is in need of additional assistance, please notify Part 36 via email at txchamber@nycourts.gov and kstewart@nycourts.gov.

Finally, please rest assured that we all understand the toll, seen and unseen, that this crisis has extracted upon us all.  We will endeavor to be flexible in meeting the needs of all parties and are here to administer justice and resolve the many issues that the public relies upon the Court to handle daily. Please be well and take good care.

Sincerely,

Justice Verna L. Saunders and Law Clerks Taisha L. Chambers, Esq. and Kamille Stewart, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------

E. JEAN CARROLL,

                              *Plaintiff*,

   -against-


DONALD J. TRUMP, in his personal capacity,

                              *Defendant*.

---------------------------------------------------------------

Index No.  160694/2019


**NOTICE OF APPEARANCE**


TO THE CLERK OF COURT:

     PLEASE TAKE NOTICE that I am admitted to practice in this Court, and that I appear in this case as counsel for Plaintiff, E. Jean Carroll, in the above-captioned action.

     All pleadings, notices of hearing, and other filings in this matter should be served upon the undersigned counsel.


Dated: New York, NY
     June 15, 2020

                           /s/ Joshua A. Matz

                           Joshua A. Matz
                           KAPLAN HECKER & FINK LLP
                           350 Fifth Avenue, Suite 7110
                           New York, New York 10118
                           Telephone: (212) 763-0883
                           Facsimile: (212) 564-0883
                           jmatz@kaplanhecker.com


                           *Counsel for Plaintiff E. Jean Carroll*

Case 1:20-cv-07311-LAK   Document 12-7   Filed 09/14/20   Page 22 of 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

E. JEAN CARROLL,

*Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

*Defendant*.

Index No. 160694/2019

Hon. Verna L. Saunders

Mot. Seq. No. 003

## NOTICE OF MOTION TO STRIKE AN AFFIRMATIVE DEFENSE

PLEASE TAKE NOTICE that upon the accompanying memorandum of law, dated June 15, 2020, the accompanying affirmation of Roberta A. Kaplan, dated June 15, 2010, and the exhibits annexed thereto, Plaintiff E. Jean Carroll will move this Court, at the Motion Submissions Part Courtroom, Room 130, 60 Centre Street, New York, New York 10007, on July 1, 2020, at 9:30 am, or as soon thereafter as counsel may be heard, for an order pursuant to CPLR § 3211(b) striking Defendant Donald J. Trump's ninth affirmative defense, which asserts that he is not subject to personal jurisdiction in this Court, and for such other or further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that, in accordance with CPLR § 2214(b), Defendant's opposition to this motion shall be served at least seven days before July 1, 2020, and Plaintiff's reply shall be served at least one day before such time.

Case 1:20-cv-07311-LAK   Document 12-7   Filed 09/14/20   Page 23 of 38

Dated: New York, New York
      June 15, 2020

Roberta A. Kaplan
Joshua Matz
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

*Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

*Defendant*.

---

Index No. 160694/2019

Hon. Verna L. Saunders

Mot. Seq. No. 003

**AFFIRMATION OF ROBERTA A. KAPLAN IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE AN AFFIRMATIVE DEFENSE**

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1.    I am a partner with the law firm of Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case. I submit this affirmation in support of Carroll's motion to strike an affirmative defense.

2.    Attached as Exhibit A is a true and correct copy of the logo used in connection with the television program, *The Apprentice*.

3.    Attached as Exhibit B is a true and correct copy of the entity information page for The Trump Corporation maintained by the New York Department of State, Division of Corporations.

4.    Attached as Exhibit C is a true and correct copy of the entity information page for The Trump Organization, Inc. maintained by the New York Department of State, Division of Corporations.

INDEX NO. 160694/2019
Case 1:20-cv-07311-LAK   Document 12-7   Filed 09/14/20   Page 25 of 38
RECEIVED NYSCEF: 06/15/2020

5.      Attached as Exhibit D is a true and correct copy of a Federal Election Commission filing by Donald J. Trump for President, Inc., dated May 20, 2020.

6.      Attached as Exhibit E are true and correct copies are three Department of Homeland Security reports titled *Expenditures Pursuant to the Presidential Protection Assistance Act of 1976*, dated August 2, 2019, November 20, 2019, and February 7, 2020. These reports were released by the Department of Homeland Security to governmentattic.org on May 11, 2020, pursuant to a Freedom of Information Act request, File Number 20190427.

7.      Attached as Exhibit F is a certified transcript of a telephone call involving Defendant Donald J. Trump and U.S. Governors on June 1, 2020. The audio of the call is in the public domain and is available at, *inter alia*, https://www.thedailybeast.com/listen-to-trumps-unhinged-rant-to-guvs.

8.      Attached as Exhibit G are true and correct copies of Florida Voter Registration Applications signed by Defendant, which were obtained by the Washington Post via a public records request.

9.      Attached as Exhibit H is a true and correct copy of the Declaration of Use Agreement between the Town of Palm Beach, the Mar-a-Lago Club, Inc., and Donald J. Trump, which was obtained by the Washington Post from the public files of Palm Beach, Florida.

Dated: New York, New York          By: _____
       June 15, 2020                   Roberta A. Kaplan
                                       KAPLAN HECKER & FINK LLP
                                       350 Fifth Avenue, Suite 7110
                                       New York, New York 10118
                                       Tel: (212) 763-0883
                                       Fax: (212) 564-0883
                                       rkaplan@kaplanhecker.com

                                       *Counsel for Plaintiff E. Jean Carroll*

2

# EXHIBIT A



# EXHIBIT B

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 8, 2020

Selected Entity Name  THE TRUMP CORPORATION
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | THE TRUMP CORPORATION |
| **DOS ID #:** | 642339 |
| **Initial DOS Filing Date:** | JULY 30, 1980 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

**Chief Executive Officer**
ERIC TRUMP
725 FIFTH AVE
NEW YORK, NEW YORK, 10022

**Principal Executive Office**
THE TRUMP CORPORATION
725 FIFTH AVE
NEW YORK, NEW YORK, 10022

**Registered Agent**
NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

6/9/2020          Entity Information          Case 1:20-cv-07311-LAK   Document 1   Filed 09/14/20   Page 30 of 38

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| JUL 30, 1980 | Actual | THE TRUMP CORPORATION |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS Homepage   |   Contact Us

# EXHIBIT C

Case 1:20-cv-07311-LAK   Document 12-7   Filed 09/14/20   Page 32 of 38

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through June 8, 2020

---

Selected Entity Name  THE TRUMP ORGANIZATION, INC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | THE TRUMP ORGANIZATION, INC. |
| **DOS ID #:** | 694908 |
| **Initial DOS Filing Date:** | APRIL 23, 1981 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

**Chief Executive Officer**
ERIC TRUMP
725 FIFTH AVE
NEW YORK, NEW YORK, 10022

**Principal Executive Office**
THE TRUMP ORGANIZATION, INC.
725 FIFTH AVE
NEW YORK, NEW YORK, 10022

**Registered Agent**
NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY STREET
NEW YORK, NEW YORK, 10005

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include the
name(s) and address(es) of the initial officers, directors,
and shareholders in the initial certificate of
incorporation, however this information is not recorded
and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| APR 23, 1981 | Actual | THE TRUMP ORGANIZATION, INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

# EXHIBIT D

## FEC FORM 3P

## REPORT OF RECEIPTS AND DISBURSEMENTS

### By An Authorized Committee of a Candidate For the Office of President or Vice President
### (Summary Page, FEC FORM 3P)

### FILING FEC-1407644

### 1. DONALD J. TRUMP FOR PRESIDENT, INC.

725 FIFTH AVENUE
NEW YORK, New York 10022

### 2. FEC Committee ID #: C00580100

### 4. Report Type = MAY MONTHLY

Filed 05/20/2020

**SUMMARY**
**DETAILED SUMMARY PAGE**
**ALLOCATIONS BY STATE**
**Schedule A Filings (ITEMIZED RECEIPTS)**
**Schedule B Filings (ITEMIZED DISBURSEMENTS)**
**Schedule D Filings (DEBTS AND OBLIGATIONS)**

### SUMMARY

5. Covering Period 04/01/2020 Through 04/30/2020

| | |
|---|---:|
| 6. Cash on Hand at BEGINNING of the Reporting Period | 98470586.29 |
| 7. Total Receipts This Period | 16946733.00 |
| 8. Subtotal (6 + 7) | 115417319.29 |
| 9. Total Disbursements This Period | 7737494.81 |
| 10. Cash on Hand at CLOSE of the Reporting Period | 107679824.48 |
| 11. Debts and Obligations Owed TO the Committee | 0.00 |
| Itemize all on SCHEDULE C or SCHEDULE D | |
| 12. Debts and Obligations Owed BY the Committee | 234670.08 |
| Itemize all on SCHEDULE C or SCHEDULE D | |
| 13. Expenditures Subject To Limitation | 0.00 |
| 14. NET Contributions (Other than Loans) | 111724976.92 |
| 15. NET Operating Expenditures | 165682897.87 |

Treasurer: MR. BRADLEY NC. CRATE
Date Signed: 05/20/2020

**(End Summary, FEC FORM 3P)**

## **DETAILED SUMMARY**

### Of Receipts And Disbursements

| | Column A This Period | Column B Election Cycle-To-Date | Column C |
|---|---|---|---|
| **I. Receipts** | | | |
| 16. Federal Funds (Itemize on Schedule A-P) | 0.00 | 0.00 | 0.00 |
| 17. Contributions (other than loans) From: | | | |
| (a) Individuals/Persons Other than Political Committees | | | |
| (i) itemized | 5962767.39 | 54155928.08 | 0.00 |
| (ii) unitemized | 4858663.46 | 58377911.61 | 0.00 |
| (iii) Total contributions | 10821430.85 | 112533839.69 | 0.00 |
| (b) Political Party Commitees | 0.00 | 0.00 | 0.00 |
| (c) Other Political Committees | 2000.00 | 96035.65 | 0.00 |
| (d) The Candidate | 0.00 | 8020.58 | 0.00 |
| (e) Total Contributions (11(a) + (b) + (c) + (d)) | 10823430.85 | 112637895.92 | 0.00 |
| 18. Transfers From Other Authorized Committees | 6031384.85 | 149489129.31 | 0.00 |
| 19. Loans Received: | | | |
| (a) Loans Received From or Guaranteed By Candidate | 0.00 | 0.00 | 0.00 |
| (b) Other Loans | 0.00 | 0.00 | 0.00 |
| (c) Total Loans (19(a) + (b)) | 0.00 | 0.00 | 0.00 |
| 20. Offsets to Expenditures (Refunds, Rebates, etc): | | | |
| (a) Operating | 43989.99 | 10204676.02 | 0.00 |
| (b) Fundraising | 0.00 | 0.00 | 0.00 |
| (c) Legal and Accounting | 0.00 | 0.00 | 0.00 |
| (d) Total Offsets To Expenditures (20(a) + (b) + (c)) | 43989.99 | 10204676.02 | 0.00 |
| 21. Other Receipts (Dividends, Interest, etc) | 47927.31 | 1446174.31 | 0.00 |
| 22. Total Receipts | 16946733.00 | 273777875.56 | 0.00 |
| **II. Disbursements** | | | |
| 23. Operating Expenditures | 7434294.81 | 175887573.89 | 0.00 |
| 24. Transfers to Other Authorized Committees | 0.00 | 393947.32 | 0.00 |
| 25. Fundraising Disbursements | 0.00 | 0.00 | 0.00 |
| 26. Exempt Legal and Accounting Disbursements | 0.00 | 0.00 | 0.00 |

|  | Column A This Period | Column B Election Cycle To Date | Column C |
|---|---|---|---|
| 27. Loan Repayments Made |  |  |  |
| (a) Repayments of loans Made or Guaranteed By Candidate | 0.00 | 0.00 | 0.00 |
| (b) Other Loans | 0.00 | 0.00 | 0.00 |
| (c) Total Loans (27(a) + (b)) | 0.00 | 0.00 | 0.00 |
| 28. Refunds of Contributions To: |  |  |  |
| (a) Individuals/Persons Other Than Political Committees | 0.00 | 887828.13 | 0.00 |
| (b) Political Party Committees | 0.00 | 0.00 | 0.00 |
| (c) Other Political Committees | 0.00 | 25090.87 | 0.00 |
| (d) Total Contribution Refunds (28(a) + (b) + (c)) | 0.00 | 912919.00 | 0.00 |
| 29. Other Disbursements | 303200.00 | 6431895.00 | 0.00 |
| 30. Total Disbursements | 7737494.81 | 183626335.21 | 0.00 |
| **III. Contributed Items (stock, Art Objects, Etc.)** |  |  |  |
| 31. Items On Hand To Be Liquidated | 0.00 |  |  |

**(End Detailed Summary Page, FEC FORM 3P)**

## ALLOCATION OF PRIMARY EXPENDITURES BY STATE

### For A Presidential Candidate

### 1. DONALD J. TRUMP FOR PRESIDENT, INC.

725 FIFTH AVENUE
NEW YORK, New York  10022

### 2. FEC Committee ID #: C00580100

### Allocation By State

| State | Allocation This period | Total Allocation To Date | State | Allocation This period | Total Allocation To Date |
|---|---|---|---|---|---|
| Alabama | 0.00 | 0.00 | Nebraska | 0.00 | 0.00 |
| Alaska | 0.00 | 0.00 | Nevada | 0.00 | 0.00 |
| Arizona | 0.00 | 0.00 | New Hampshire | 0.00 | 0.00 |
| Arkansas | 0.00 | 0.00 | New Jersey | 0.00 | 0.00 |
| California | 0.00 | 0.00 | New Mexico | 0.00 | 0.00 |
| Colorado | 0.00 | 0.00 | New York | 0.00 | 0.00 |

Case 1:20-cv-07311-LAK Document 121 Filed 09/30/30 Page 38 of 38

| State | Allocation This period | Total Allocation To Date | State | Allocation This period | Total Allocation To Date |
|---|---|---|---|---|---|
| Connecticut | 0.00 | 0.00 | North Carolina | 0.00 | 0.00 |
| Delaware | 0.00 | 0.00 | North Dakota | 0.00 | 0.00 |
| District of Columbia | 0.00 | 0.00 | Ohio | 0.00 | 0.00 |
| Florida | 0.00 | 0.00 | Oklahoma | 0.00 | 0.00 |
| Georgia | 0.00 | 0.00 | Oregon | 0.00 | 0.00 |
| Hawaii | 0.00 | 0.00 | Pennsylvania | 0.00 | 0.00 |
| Idaho | 0.00 | 0.00 | Rhode Island | 0.00 | 0.00 |
| Illinois | 0.00 | 0.00 | South Carolina | 0.00 | 0.00 |
| Indiana | 0.00 | 0.00 | South Dakota | 0.00 | 0.00 |
| Iowa | 0.00 | 0.00 | Tennessee | 0.00 | 0.00 |
| Kansas | 0.00 | 0.00 | Texas | 0.00 | 0.00 |
| Kentucky | 0.00 | 0.00 | Utah | 0.00 | 0.00 |
| Louisiana | 0.00 | 0.00 | Vermont | 0.00 | 0.00 |
| Maine | 0.00 | 0.00 | Virginia | 0.00 | 0.00 |
| Maryland | 0.00 | 0.00 | Washington | 0.00 | 0.00 |
| Massachusetts | 0.00 | 0.00 | West Virginia | 0.00 | 0.00 |
| Michigan | 0.00 | 0.00 | Wisconsin | 0.00 | 0.00 |
| Minnesota | 0.00 | 0.00 | Wyoming | 0.00 | 0.00 |
| Mississippi | 0.00 | 0.00 | Puerto Rico | 0.00 | 0.00 |
| Missouri | 0.00 | 0.00 | Guam | 0.00 | 0.00 |
| Montana | 0.00 | 0.00 | Virgin Islands | 0.00 | 0.00 |
| | | | **TOTALS** | **0.00** | **0.00** |

## (End Allocation of Primary Expenditures Page, FEC FORM 3P)

Generated Tue Jun 9 08:06:35 2020

Federal Election Commission, 999 E Street, NW, Washington, DC 20463 (800) 424-9530 In Washington (202) 694-1100
For the hearing impaired, TTY (202) 219-3336 Send comments and suggestions about this site to: **webmaster@fec.gov**.