SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                *Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

                *Defendant*.

Index No. 160694/2019

**AFFIRMATION**

---

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1.    I am a partner with the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2.    I submit this affirmation as a supplement to our Request for Judicial Intervention identifying the above-captioned action as related to another action, *Summer Zervos v. Donald J. Trump*, No. 150522/2017, currently pending before Justice Jennifer G. Schecter. For the reasons set forth below, the present action should be deemed related to *Zervos*, and Justice Schecter should be likewise assigned.

3.    Although Justice Schecter was reassigned to the Commercial Division after *Zervos* was filed on January 17, 2017, she has continued to preside over that case in the Civil Branch of the New York Supreme Court, New York County. This action, as with *Zervos*, is properly filed in the Supreme Court's Civil Branch.

4. "[The] purpose of requiring identification of related actions is to ensure that related proceedings are resolved most expeditiously by assignment to the justice most familiar with the proceedings." *United Cmty. Ins. Co. v. State Farm Fire & Cas. Co.*, 143 Misc.2d 954, 956 (Sup. Ct., N.Y. Cty. 1989).

5. It is in the interests of both the parties and the Court to assign Justice Schecter to this action, given the similarities between the two cases and the potential administrative demands that they present for the Court.

6. The defendant, Donald J. Trump, is the same in both cases. He is being sued in his individual capacity by both plaintiffs for similar defamatory statements he made in response to similar—and grave—allegations by both plaintiffs of sexual misconduct. Both cases therefore present similar, and often novel, legal issues.

7. Further, *Zervos* has received significant media attention, and we anticipate that similar attention will be paid to this lawsuit. Indeed, dozens of articles about the *Carroll* complaint were published on the day that it was filed.

8. Assigning two different Justices to these cases would both amplify the Court's workload unnecessarily and risk conflicting rulings.

9. Although *Zervos* was assigned to Justice Schecter before she was assigned to the Commercial Division, and the present action would not otherwise satisfy Section 202.70(b) of the Rules of the Commercial Division of the Supreme Court, the two cases are "sufficiently related to justify the assignment of both of them to the same judge," *Place v. Ciccotelli*, 121 A.D.3d 1378, 1379 (3d Dep't 2014), because, as explained above, "the efficient administration of the [C]ourt's business will be advanced thereby," 105 N.Y. Jur. 2d Trial § 8.

2

10. Carroll has submitted this Request for Judicial Intervention without notice to Trump because she has been unable to effect service upon him pursuant to CPLR §§ 308(2) and 313, and other methods of service are impracticable. Concurrent with this filing, Carroll is also submitting an *ex parte* application for an order permitting alternative service pursuant to CPLR § 308(5). As further explained in my affirmation in that separate filing, Carroll, through a process server, has attempted to serve Trump with the summons, the complaint, a Notice of Electronic Filing, and a Request for Judicial Intervention and accompanying affirmation[1] on five separate occasions—four at Trump's Trump Tower residence, and one at the White House. Secret Service agents have frustrated the process servers' efforts on each occasion.

11. Because this Request for Judicial Intervention identifies reasons to assign Justice Schecter to this action, and because Carroll's *ex parte* application for an order permitting alternative service may lead to the assignment of a Justice, we have made the two filings concurrent with one another.

Dated: New York, New York
November 8, 2019

By: _____

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

---

[1] The Request for Judicial Intervention and accompanying affirmation that Carroll attempted to serve on each of those five occasions were materially indistinguishable from the present submission, and sought to identify this action as related to *Zervos*.