SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

E. JEAN CARROLL,

*Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

*Defendant*.

Index No. 160694/2019

**AFFIRMATION OF ROBERTA A. KAPLAN IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PERMITTING ALTERNATIVE SERVICE**

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1. I am a partner with the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2. I submit this affirmation in support of Plaintiff E. Jean Carroll's *ex parte* application for an order permitting alternative service upon Defendant Donald J. Trump pursuant to CPLR § 308(5). Pursuant to CPLR § 2217(b), I state that no prior request for the relief requested herein has been made.

**RELEVANT FACTUAL BACKGROUND**

3. Carroll filed this action on November 4, 2019. The summons and complaint are attached as Exhibit A.

4. As alleged in her complaint, roughly 23 years ago, Carroll unexpectedly encountered Defendant Trump at the luxury department store Bergdorf Goodman in New York

City. What began as playful banter between the two took a dark turn when Trump seized Carroll in a dressing room and raped her. In the wake of Trump's election as President and the revelations of the #MeToo era, Carroll published an account of the rape in the summer of 2019. Trump responded with a series of false and defamatory statements, denying not only the rape, but also ever having met Carroll or even knowing who she was. Carroll filed this action to obtain redress for the injuries caused by Trump's defamation, and to demonstrate that even a man as powerful as Trump can be held accountable under the law.

5. Carroll's filing garnered immediate and widespread attention in the national and international media. Scores of articles were published on the day of filing.[1]

[1] *See* Associated Press, *Advice Columnist E. Jean Carroll, Who Says Trump Sexually Assaulted Her in 1990s, Sues President for Defamation,* BALT. SUN (Nov. 4, 2019, 11:58 AM), https://www.baltimoresun.com/news/nation-world/ct-nw-e-jean-carroll-donald-trump-lawsuit-20191104-7ukqztmajnghtgbtx6yqb7h2su-story html; Associated Press, *Advice Columnist E. Jean Carroll, Who Says Trump Sexually Assaulted Her in 1990s, Sues President for Defamation,* CHI. TRIB. (Nov. 4, 2019, 10:58 AM), https://www.chicagotribune.com/nation-world/ct-nw-e-jean-carroll-donald-trump-lawsuit-20191104-7ukqztmajnghtgbtx6yqb7h2su-story html; Emily Alford, *E. Jean Carroll Becomes the Second Woman to Sue Donald Trump for Defamation*, JEZEBEL (Nov. 4, 2019, 2:07 PM), https://jezebel.com/e-jean-carroll-becomes-the-second-woman-to-sue-donald-1839612863?u; Kimberly Alters, *E. Jean Carroll Sues Trump for Saying She Lied About Her Assault Allegation,* MIC (Nov. 4, 2019), https://www.mic.com/p/e-jean-carroll-sues-trump-for-saying-she-lied-about-her-assault-allegation-19295373; Steve Benen, *Following Sexual Assault Allegation, Carroll Files Suit Against Trump*, MSNBC (Nov. 4, 2019, 2:52 PM), http://www msnbc.com/rachel-maddow-show/following-sexual-assault-allegation-carroll-files-suit-against-trump; Ryan Boysen, *Columnist Who Accused Trump of Rape Sues for Defamation*, LAW 360 (Nov. 4, 2019, 2:36 PM), https://www.law360.com/media/articles/1216692; Mike Brest, *E. Jean Carroll Sues Trump for Defamation After He Called Her Rape Allegation Against Him a Lie*, WASH. EXAMINER (Nov. 4, 2019, 11:13 AM), https://www.washingtonexaminer.com/news/e-jean-carroll-sues-trump-for-defamation-after-he-called-her-rape-allegation-against-him-a-lie; Kevin Breuniger & Dan Mangan, *Writer E. Jean Carroll Sues Trump for Defamation After He Calls Her Rape Claim a Lie*, CNBC (Nov. 4, 2019, 10:33 AM), https://www.cnbc.com/2019/11/04/e-jean-carroll-sues-trump-for-defamation-over-rape-claim.html; Adam Carlson, *Noted Advice Columnist Who Said Donald Trump Raped Her Sues Him Claiming Defamation*, PEOPLE (Nov. 4, 2019, 2:11 PM), https://people.com/politics/e-jean-carroll-sues-donald-trump-defamation-after-rape-allegation/; Catherine Caruso, *E. Jean Carroll Sues Trump for Defamation*, MEDIUM (Nov. 4, 2019), https://medium.com/@catherineann.caruso/e-jean-carroll-sues-trump-for-defamation-b2db6b35aae0; Christina Cauterucci, *He Said, She Sued,* SLATE (Nov. 4, 2019, 6:28 PM), https://slate.com/news-and-politics/2019/11/e-jean-carroll-donald-trump-rape-lawsuit.html; Matthew Chapman, *E. Jean Carroll Sues Trump for Defaming Her over Rape Accusations*, RAW STORY (Nov. 4, 2019), https://www.rawstory.com/2019/11/e-jean-carroll-sues-trump-for-defaming-her-over-rape-accusations/; Laura Clawson, *E. Jean Carroll Sues Trump for Defamation After Sexual Assault Claim*, DAILY KOS (Nov. 4, 2019, 11:26 AM), https://www.dailykos.com/stories/2019/11/4/1897096/-E-Jean-Carroll-sues-Trump-for-defamation-after-sexual-assault-claim; Ashley Collman, *E. Jean Carroll, Who Accused Trump of Rape, Just Filed a Defamation*

*Lawsuit Against the President*, BUS. INSIDER BY PULSE (Nov. 4, 2019, 5:25 PM), https://www.pulse.ng/bi/politics/e-jean-carroll-who-accused-trump-of-rape-just-filed-a-defamation-lawsuit-against-the/0114gec; Jay Connor, *Advice Columnist Who Accused Donald Trump of Sexual Assault Is Suing Him for Defamation*, ROOT (Nov. 4, 2019, 4:12 PM), https://www.theroot.com/advice-columnist-who-accused-donald-trump-of-sexual-ass-1839614579; William Cummings, *Columnist E. Jean Carroll, Who Alleges Trump Raped Her, Sues the President for Defamation*, USA TODAY (Nov. 4, 2019, 1:47 PM), https://www.usatoday.com/story/news/politics/2019/11/04/trump-sued-defamation-e-jean-carroll/4155674002/; Igor Derysh, *E. Jean Carroll Sues Trump for Defamation After He Calls Her Rape Allegation "False,"* SALON (Nov. 4, 2019, 8:45 PM), https://www.salon.com/2019/11/04/e-jean-carroll-sues-trump-for-defamation-after-he-calls-her-rape-allegation-false/; Randy DeSoto, *E. Jean Carroll Sues Trump for Defamation After He Disputed Her Rape Allegation,* WESTERN J. NEWS (Nov. 4, 2019, 11:39 AM), https://www.westernjournal.com/e-jean-carroll-sues-trump-defamation-disputed-rape-allegation/; Colin Dwyer, *Columnist Who Accused Trump of Sexual Assault Is Suing Him for Defamation*, NPR (Nov. 4, 2019, 2:03 PM), https://www.npr.org/2019/11/04/776050542/columnist-who-accused-trump-of-sexual-assault-is-suing-him-for-defamation; Andrea Germanos, *Columnist E. Jean Carroll, Who Accused Trump of Rape, Files Defamation Suit Against President*, COMMON DREAMS (Nov. 4, 2019), https://www.commondreams.org/news/2019/11/04/columnist-e-jean-carroll-who-accused-trump-rape-files-defamation-suit-against; Dave Goldiner, *Writer sues Trump for defamation over Bergdorf Goodman rape claim*, N.Y. DAILY NEWS (Nov. 4, 2019, 11:24 AM), https://www.nydailynews.com/news/politics/ny-jean-carroll-rape-trump-defamation-20191104-flf6i4k5snflbf4wpzcqy6unby-story html; Aaron Homer, *E. Jean Carroll: Who Is the Journalist Suing Donald Trump After Accusing Him of Rape?*, INQUISTR (Nov. 4, 2019), https://www.inquisitr.com/5727345/e-jean-carroll/; Molly Jong-Fast, *E. Jean Carroll Is a Hero for Stepping into the MAGA Meat Grinder*, DAILY BEAST (Nov. 4, 2019, 8:00 PM), https://www.thedailybeast.com/e-jean-carroll-is-a-hero-for-stepping-into-trumps-maga-meat-grinder; Vivian Kane, *Writer E. Jean Carroll Is Suing Donald Trump for Defamation After He Said Her Rape Allegations Were Lies*, MARY SUE (Nov. 4, 2019, 6:05 PM), https://www.themarysue.com/e-jean-carroll-suing-donald-trump/; Andy Kroll, *E. Jean Carroll Sues Trump for Lying About Sexually Assaulting Her*, ROLLING STONE (Nov. 4, 2019, 9:21 AM), https://www.rollingstone.com/politics/politics-news/e-jean-carroll-trump-lawsuit-defamation-rape-allegation-907585/; Erik Larsen, *Trump Accuser E. Jean Carroll Sues President for Defamation over Rape Denial, "Conspiracy" Tweets*, TIME (Nov. 4, 2019), https://time.com/5717679/e-jean-carroll-trump-defamation/; Abbey Marshall, *E. Jean Carroll Suing Trump for Defamation,* POLITICO (Nov. 4, 2019, 12:24 PM), https://www.politico.com/news/2019/11/04/e-jean-carroll-suing-trump-defamation-065423; Pilar Melendez, *E. Jean Carroll, Who Accused Trump of Raping Her in a Dressing Room, Sues Him for Defamation*, DAILY BEAST (Nov. 4, 2019, 12:32 PM), https://www.thedailybeast.com/e-jean-carroll-who-accused-trump-of-raping-her-in-bergdorfs-sues-him-for-defamation?s; Rose Minutaglio, *Elle Columnist E. Jean Carroll Sues Trump for Defamation*, MARIE CLAIRE (Nov. 4, 2019), https://www marieclaire.com/culture/a29687718/elle-e-jean-carroll-sues-trump-defamation/?; *E. Jean Carroll Shares Details on Her Sexual Assault Allegations Against Donald Trump,* DIGG (Nov. 4, 2019), https://digg.com/video/e-jean-carroll-donald-trump-assault-allegation; Tim O'Donnell, *E. Jean Carroll Is Suing Trump for Defamation over Rape Allegation*, WEEK (Nov. 4, 2019), https://theweek.com/speedreads/876228/e-jean-carroll-suing-trump-defamation-over-rape-allegation; Amanda Ottaway, *Trump Rape Accuser Brings Suit for Defamation*, COURTHOUSE NEWS SERV. (Nov. 4, 2019), https://www.courthousenews.com/trump-rape-accuser-brings-suit-for-defamation/; Dominic Patten, *Donald Trump Thumped with Defamation Suit by Writer E. Jean Carroll over Attaching Sexual Assault Claims*, DEADLINE (Nov. 4, 2019, 2:36 PM), https://deadline.com/2019/11/donald-trump-lawsuit-sexual-assault-e-jean-carroll-defamation-stephanie-grisham-summer-zervos-1202777367/; Jennifer Peltz, *Columnist Sues Trump for Calling Her Sex Assault Claim a Lie*, PORTLAND PRESS HERALD (Nov. 4, 2019), https://www.pressherald.com/2019/11/04/columnist-sues-trump-for-calling-her-sex-assault-claim-a-lie/; Corinne Ramey, *Elle Columnist Files Defamation Suit Against Trump*, WALL ST. J. (Nov. 4, 2019, 10:52 AM), https://www.wsj.com/articles/elle-columnist-files-defamation-suit-against-trump-11572882744; Jan Ransom, *E. Jean Carroll, Who Accused Trump of Rape, Sues Him for Defamation*, N.Y. TIMES (Nov. 4, 2019), https://www.nytimes.com/2019/11/04/nyregion/jean-carroll-sues-trump.html; Beth Reinhard, *Advice Columnist E. Jean Carroll, Who Accused Trump of Sexual Assault, Sues Him for Defamation*, WASH. POST

6. Just hours after Carroll's complaint became publicly available on the New York State Court's Electronic Filing website, Trump, through a statement issued by White House Press Secretary Stephanie Grisham, responded directly to the lawsuit as follows:

> Carroll is suing the president for defending himself against false allegations? . . . I guess since the book did not make any money she's trying to get paid another way. The story she used to try and sell her trash book never happened, period . . . . The lawsuit is frivolous, and the story is a fraud—just like the author.[2]

7. Since then, Carroll, through a process server, has attempted to serve Trump with

---

(Nov. 4, 2019, 11:00 AM), https://www.washingtonpost.com/politics/new-york-writer-who-accused-trump-of-sexual-assault-sues-him-for-defamation/2019/11/04/8ab2afb0-fcf7-11e9-9534-e0dbcc9f5683_story html; Brett Samuels, *Writer E. Jean Carroll Sues Trump for Defamation*, HILL (Nov. 4, 2019, 11:05 AM), https://thehill.com/homenews/administration/468845-writer-e-jean-carroll-sues-trump-for-defamation; Ashe Schow, *E. Jean Carroll Suing Trump for Defamation After He Claimed Her Sexual Assault Accusations Against Him Were False*, DAILY WIRE (Nov. 4, 2019), https://www.dailywire.com/news/e-jean-carroll-suing-trump-for-defamation-after-he-claimed-her-sexual-assault-accusations-against-him-were-false; Jazz Shaw, *So E. Jean Carroll Is Suing the President for Defamation*, HOT AIR (Nov. 4, 2019, 3:21 PM), https://hotair.com/archives/jazz-shaw/2019/11/04/e-jean-carroll-suing-president-defamation/; Chris Spargo, *Jean Carroll Sues President Donald Trump for Defamation After He Denies Raping Her in a Dressing Room—Despite the Advice Columnist Revealing She Has Dress with Possible DNA Evidence*, DAILYMAIL.COM (Nov. 4, 2019), https://www.dailymail.co.uk/news/article-7648183/E-Jean-Carroll-sues-President-Donald-Trump-defamation-denies-raping-NYC-store.html; Alexandra Svokos, *E. Jean Carroll Sues Trump for Defamation over Rape Accusation Denial*, ABC NEWS (Nov. 4, 2019), https://abcnews.go.com/Politics/jean-carroll-sues-trump-defamation-rape-accusation-denial/story?id=66740654; Dave Urbanski, *Advice Columnist Who Claimed President Trump Sexually Assaulted Her over Two Decades Ago Sues Trump for Defamation over His Denials*, BLAZE (Nov. 4, 2019), https://www.theblaze.com/news/advice-columnist-who-claimed-president-trump-sexually-assaulted-her-over-two-decades-ago-sues-trump-for-defamation-over-his-denials; Chris Walker, *Trump Accuser E. Jean Carroll Sues for Defamation Against President*, HILLREPORTER.COM (Nov. 4, 2019), https://hillreporter.com/trump-accuser-e-jean-carroll-sues-for-defamation-against-president-50195; Jane Wester, *Roberta Kaplan Files Lawsuit Alleging Trump Defamed Author as Liar in Wake of Rape Accusation*, LAW.COM (Nov. 4, 2019), https://www.law.com/newyorklawjournal/2019/11/04/roberta-kaplan-files-lawsuit-alleging-trump-defamed-author-as-liar-in-wake-of-rape-accusation/; *Trump Accuser Files Suit*, NEWSER.COM (Nov. 4, 2019, 1:42 PM), https://www.newser.com/story/282644/trump-accuser-files-suit html; *Trump Sued by Rape Accuser E. Jean Carroll for Defamation*, CANOE.COM (Nov. 4, 2019), https://canoe.com/news/world/trump-sued-by-rape-accuser-e-jean-carroll-for-defamation; *Writer E. Jean Carroll Files Lawsuit Against Trump over Alleged Sexual Assault*, GUARDIAN (Nov. 4, 2019, 12:23 PM), https://www.theguardian.com/us-news/2019/nov/04/e-jean-carroll-sues-trump-defamation-alleged-rape-bergdorf-goodman; *Writer E. Jean Carroll Sues Donald Trump for Denials of Sexual Assault Accusation*, BREITBART (Nov. 4, 2019), https://www.breitbart.com/news/writer-e-jean-carroll-sues-donald-trump-for-denials-of-sexual-assault-accusation/.

[2] Colin Dwyer, *Columnist Who Accused Trump of Sexual Assault Is Suing Him for Defamation*, NPR (Nov. 4. 2019, 2:30 PM), https://www npr.org/2019/11/04/776050542/columnist-who-accused-trump-of-sexual-assault-is-suing-him-for-defamation.

the summons, the complaint, a Notice of Electronic Filing, and a Request for Judicial Intervention and accompanying affirmation on five separate occasions, through two different methods. Not one attempt, however, has been successful.

8. More specifically, on the day of filing, a process server attempted to serve those papers on Trump by leaving them with a person of suitable age and discretion at his residence at Trump Tower, 725 Fifth Avenue, New York, NY 10022. That address corresponds to the address that Trump has provided in connection with his active New York voter registration. A copy of Trump's voter registration page from the date of filing is attached as Exhibit B.

9. Upon arrival to Trump Tower, the process server passed through a Secret Service security checkpoint and spoke with the concierge. After making a call to a legal office, the concierge told the process server that they would not accept the papers. The process server then tried to leave the papers with the concierge himself. As the process server headed toward the exit, the concierge signaled to Secret Service agents to stop him. A Secret Service agent prevented the process server from leaving the papers at Trump Tower. The agent told him that the Secret Service "had been instructed not to allow process servers to leave papers with [the] concierge." When the process server asked how process was to be served, the agent replied, "I am not going to do your job for you." The Secret Service agent made the process server leave the building, papers in hand. Affidavits describing the November 4 service attempt are attached as Exhibit C.

10. The next day, November 5, a process server again attempted to serve those same papers on Trump at Trump Tower. The experience was the same. The process server asked the concierge whether anyone was available to accept documents on behalf of Donald J. Trump. After making a phone call "upstairs" to inquire, the concierge stated that service would not be accepted by anyone at the building or by the concierge himself. When the process server nonetheless

attempted to leave the papers with the concierge and walk away, the concierge demanded that he wait and began speaking through a walkie-talkie. The process server turned to find Secret Service agents watching him. The process server felt forced to return to the concierge and retrieve the papers before exiting. Affidavits describing the November 5 service attempt are attached as Exhibit D.

11. Finally, on November 6, a process server attempted to serve Trump twice at Trump Tower and once at the White House. All three attempts were unsuccessful. In the morning at Trump Tower, the process server passed through the security checkpoint manned by armed Secret Service agents. He again attempted to serve the concierge. The concierge informed him that no one at the building would accept service. When the process server asked what would happen if he left the papers on the concierge's podium, he was informed that security would stop him from leaving if he tried to do so. The process server ultimately took the documents from the podium and exited the building. Affidavits describing the November 6 morning service attempt at Trump Tower are attached as Exhibit E.

12. In the evening that same day, a process server again attempted to effect service at Trump Tower. He was met at the door by New York City police officers and Secret Service agents, who told him that he would not be permitted to leave papers at the building. A Secret Service agent stated that "papers have to go to DC," but did not further specify where or how service could be made. Affidavits describing the November 6 evening service attempts at Trump Tower are attached as Exhibit F.

13. At the White House, a process server went to the visitors' entrance where he spoke with a Secret Service agent about serving Trump. The agent informed him that he could not access the building nor would the agent or anyone else attempt to contact anyone inside at the process

server's request. The process server tried to leave a business card with the agent to see if his request to make service could be passed on to anyone else, but the Secret Service agent refused to take it. An affidavit describing the November 6 service attempt at the White House is attached as Exhibit G.

14. In addition to the process servers' attempts to serve Trump, I sent an email on November 4 to Marc Kasowitz, who represents Trump in *Zervos v. Trump*, Index No. 150522/2017 (N.Y. Sup. Ct., N.Y. Cty.), inquiring as to whether he had been retained to represent Trump in this similar action and whether he was able to accept service on his behalf. A colleague of Mr. Kasowitz, Christine Montenegro, spoke with Matthew Craig of my firm, and informed him that Kasowitz Benson Torres LLP had not been retained in connection with this action and could not accept service. A copy of the email to Mr. Kasowitz is attached as Exhibit H.

**ARGUMENT**

15. Service of a summons is a necessary step in the prosecution of an action. Evading process is no way to defend one.

16. New York law provides for various ways to effect service of a summons. The principal ways to serve a natural person within the state are: delivering the summons "to the person to be served"; both delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" of the person to be served *and* mailing the summons to the person's "last known residence" or "actual place of business"; and "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode" of the person to be served *and* mailing the summons to the person's "last known residence" or "actual place of business." CPLR § 308(1), (2) & (4). In other words, those three subsections of CPLR § 308 provide for service "by personal delivery, delivery and mail, and nail and mail."

*Contimortgage Corp. v. Isler*, 48 A.D.3d 732, 734 (2d Dep't 2008).

17. When service of process is "impracticable" under CPLR § 308(1), (2), and (4), a plaintiff may file a motion without notice for leave to serve the defendant "in such manner as the court . . . directs." CPLR § 308(5); *see also Kozel v. Kozel*, 161 A.D.3d 700, 701 (1st Dep't 2018) ("CPLR 308(5) permits a court to direct another manner of service if the methods set forth in the statute prove impracticable.").

18. "A showing of impracticability under CPLR 308(5) does not require proof of actual prior attempts to serve a party under the methods outlined pursuant to Subdivisions (1), (2), or (4)." *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dep't 1993). Nor does it "require the applicant to satisfy the more stringent standard of 'due diligence'" that applies elsewhere under CPLR § 308. *Contimortgage Corp.*, 48 A.D.3d at 734 (internal quotation marks omitted). Instead, the plaintiff must "make competent showings as to factual efforts made to effect service," *Oglesby v. Barragan*, 135 A.D.3d 1215, 1216 (3d Dep't 2016), and an alternative method of service should be allowed when efforts pursuant to CPLR § 308(1), (2), and (4) "would be 'futile,'" *Liebeskind v. Liebskind*, 86 A.D.2d 207, 210 (1st Dep't 1982), *aff'd*, 58 N.Y.2d 858 (1983).

19. An order permitting an alternative method of service is more than warranted here.

20. As outlined above, Carroll made four separate attempts to serve Trump by leaving the summons, the complaint, and other papers at his Trump Tower residence pursuant to CPLR § 308(2). Those successive, but unsuccessful, efforts are themselves sufficient to demonstrate impracticability. *See Kelly v. Lewis*, 220 A.D.2d 485, 486 (2d Dep't 1995) ("After the plaintiffs made three unsuccessful attempts at three different times on three different weekdays to serve the defendant . . . at his last known residence address, the court reasonably concluded that service was impracticable."). That each attempt failed because Secret Service would not permit the process

server to leave the documents provides an additional basis for finding impracticability. *See In re World Trade Diamond Corp. (Siegmann)*, 158 A.D.2d 300, 302 (1st Dep't 1990) (holding that service was impracticable when "security barred any normal means of personal service upon respondent at his office during normal business hours").

21. The other relevant methods of service are not practicable either. The intensive security protocols associated with Trump's status as President of the United States make "personal delivery" to Trump himself virtually impossible. CPLR § 308(1); *see Emigrant Mortg. Co. v. Westervelt*, 105 A.D.3d 896, 896–97 (2d Dep't 2013) (observing that CPLR § 308 requires "strict compliance" with its terms and remanding for hearing on sufficiency of service under § 308(1)).

22. Nor can the summons, the complaint, and other papers be physically affixed to Trump Tower as required by CPLR § 308(4). *See PacAmOr Bearings, Inc. v. Foley*, 92 A.D.2d 959, 960 (3rd Dep't 1983) ("[W]edging of the summons between the screen door and the door jamb is not an 'affixation' within the meaning of the statute," which is "to be accomplished by use of a nail, tack, tape, rubber band or some other device which will ensure a genuine adherence."). Given the presence and mandate of Secret Service agents posted to Trump Tower, anyone appearing to physically interfere with that building would surely be met with a swift, and potentially dangerous, response.

23. Finally, although attempted service outside the state pursuant to CPLR § 313 is not required before a court authorizes an alternative method of service pursuant to CPLR § 308(5), Carroll's attempt to serve Trump at the White House, as well as her counsel's communication with an attorney representing Trump in a similar action, underscores her diligence. That Carroll was barred from serving Trump at the very location from which he released a statement deeming her lawsuit "frivolous" underscores the unfairness of the present situation.

24. Because Trump has made it impracticable for Carroll to serve him through any of the methods set forth in CPLR § 308(1), (2), and (4), this Court should authorize service by alternative means.

25. Once a plaintiff has satisfied the impracticability standard, courts have "broad" discretion over the alternative method they authorize, *Dobkin v. Chapman*, 21 N.Y.2d 490, 499 (1968), and are simply guided by the basic principal that the method "be 'reasonably calculated, under all the circumstances, to apprise the defendant of the action," *Jean v. Csencsits*, 171 A.D.3d 1149, 1150 (2d Dep't 2019) (internal quotation marks omitted).

26. Here, given the widespread media attention that this action has drawn, and Trump's public response to the suit on the day it was filed, there is no doubt that Trump is already apprised of this action. In these circumstances, even a minimal further step would arguably suffice.

27. Nevertheless, in an abundance of caution, Carroll respectfully requests that, until counsel for Trump in this action has been identified, she be permitted to serve Trump by mailing all papers to Trump at the two addresses below, and emailing a copy of such papers to the attorneys below, all of whom are presently representing Trump in actions that Trump has brought or is defending in his personal capacity in this State:

Donald J. Trump
Trump Tower
725 Fifth Avenue
New York, NY 10022

Donald J. Trump
White House
1600 Pennsylvania Ave NW
Washington, DC 20500

Richard F. Brueckner
Law Offices of Alan S. Futerfas
rbrueckner@futerfaslaw.com
Counsel to Respondent Donald J. Trump
*People v. Trump*, Index. No. 451130/2018 (N.Y. Sup. Ct.)

William S. Consovoy
Consovoy McCarthy PLLC
will@consovoymccarthy.com
Counsel to Plaintiff-Appellant Donald J. Trump
*Trump v. Vance*, No. 19-3204 (2d Cir.)

Joanna C. Hendon
Spears & Imes LLP
jhendon@spearsimes.com
Counsel to Defendant Donald J. Trump
*Doe v. Trump Corp.*, No. 18 Civ. 9936 (S.D.N.Y.)

Marc E. Kasowitz
Kasowitz Benson Torres LLP
mkasowitz@kasowitz.com
Counsel to Defendant Donald J. Trump
*Zervos v. Trump*, Index No. 15022/2017 (N.Y. Sup. Ct., N.Y. Cty.)

Lawrence S. Rosen
LaRocca Hornik Rosen Greenberg & Blaha LLP
LRosen@LHRGB.com
Counsel to Defendant Donald J. Trump
*Galicia v. Trump*, Index No. 24973/2015E (N.Y. Sup. Ct., Bronx Cty.)

Patrick Strawbridge,
Consovoy McCarthy PLLC
Patrick@consovoymccarthy.com;
Counsel to Plaintiff-Appellant Donald J. Trump
*Trump v. Deutsche Bank AG*, No. 19-1540 (2d Cir.)

28. Mailing papers to two known addresses for Trump and emailing papers to six attorneys who continue to represent Trump in this State easily satisfies the requirement of an alternative method of service "reasonably calculated" to "apprise" Trump of this action. *Jean*, 171 A.D.3d at 1150; *see also Born to Build, LLC v. Saleh*, 139 A.D.3d 654, 655–56 (2d Dep't 2016) (finding alternative service on defendant's attorney proper under CPLR § 308(5)); *Kelly v. Lewis*,

220 A.D.2d 485, 486 (2d Dep't 1995) (same); *Esposito v. Ruggerio*, 193 A.D.2d 713, 713–14 (2d Dep't 1993) (finding alternative service by mailing to defendant's last known address and serving defendant's insurance carrier proper under CPLR § 308(5)).

29. Once counsel for Trump in this action is identified, Carroll respectfully requests that she be permitted to serve all papers on Trump's counsel via email until such time that counsel has entered a notice of appearance in this action. *See, e.g.*, *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 78 A.D.3d 137, 141 (1st Dep't 2010) ("Indeed, both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective."); *Baidoo v. Blood-Dzraku*, 48 Misc.3d 309, 310 (Sup. Ct., N.Y. Cty. 2015) ("[C]ourts are now routinely permitting [service of a summons by email] as a form of alternative service.").

WHEREFORE, Plaintiff E. Jean Carroll respectfully requests that the Court enter an order permitting alternative service upon Defendant Donald J. Trump in the manner set forth above pursuant to CPLR § 308(5).

Dated: New York, New York
November 8, 2019

By: ______________________

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*