# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                *Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

                *Defendant*.

Index No. 160694/2019

**AFFIRMATION**

---

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1. I am a partner with the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2. I submit this affirmation to identify the above-captioned action as related to another action, *Summer Zervos v. Donald J. Trump*, No. 150522/2017, currently pending before Justice Jennifer G. Schecter.

3. On November 8, 2019, I filed a version of this affirmation in connection with a Request for Judicial Intervention without notice to Trump because Carroll had been unable to effect service upon him. *See* Docs. No. 3–4. On the same day, Carroll submitted an *ex parte* application for an order permitting alternative service pursuant to CPLR § 308(5). *See* Docs. No. 5–6. Because the Request for Judicial Intervention identified reasons to assign Justice Schecter to this action, and because Carroll's *ex parte* application for an order permitting alternative service might have led to the assignment of a Justice, we made the two filings concurrent with one another.

4. The Court granted Carroll's application for an order permitting alternative service on November 12, 2019. *See* Doc. No. 15. Carroll served Trump in accordance with the Court's order on November 13, 2019. *See* Doc. No. 17. Counsel for Trump has since appeared in this action. *See* Doc. No. 19.

5. For the reasons set forth below, the present action should be deemed related to *Zervos*, and Justice Schecter should be likewise assigned.

6. Although Justice Schecter was reassigned to the Commercial Division after *Zervos* was filed on January 17, 2017, she has continued to preside over that case in the Civil Branch of the New York Supreme Court, New York County. This action, as with *Zervos*, is properly filed in the Supreme Court's Civil Branch.

7. "[The] purpose of requiring identification of related actions is to ensure that related proceedings are resolved most expeditiously by assignment to the justice most familiar with the proceedings." *United Cmty. Ins. Co. v. State Farm Fire & Cas. Co.*, 143 Misc.2d 954, 956 (Sup. Ct., N.Y. Cty. 1989).

8. It is in the interests of both the parties and the Court to assign Justice Schecter to this action, given the similarities between the two cases and the potential administrative demands that they present for the Court.

9. The defendant, Donald J. Trump, is the same in both cases. He is being sued in his individual capacity by both plaintiffs for similar defamatory statements he made in response to similar—and grave—allegations by both plaintiffs of sexual misconduct. Both cases therefore present similar, and often novel, legal issues.

10. Indeed, I met and conferred with defense counsel in this action on November 25, 2019, regarding a briefing schedule for Trump's anticipated motion to dismiss. A stipulation

regarding such a schedule was filed with the Court on November 26. *See* Doc. No. 20. According to defense counsel, Trump intends to argue that the statements alleged in Carroll's complaint are not capable of defamatory meaning—the same argument that Trump made, and Justice Schecter considered, in *Zervos*. *See Zervos v. Trump*, 59 Misc. 3d 790, 798 (Sup. Ct., N.Y. Cty. 2018), *aff'd*, 171 A.D.3d 110 (1st Dep't 2019).

11. Further, *Zervos* has received significant media attention, and we anticipate that similar attention will be paid to this lawsuit. Indeed, dozens of articles about the *Carroll* complaint were published on the day that it was filed.

12. Assigning two different Justices to these cases would both amplify the Court's workload unnecessarily and risk conflicting rulings.

13. Although *Zervos* was assigned to Justice Schecter before she was assigned to the Commercial Division, and the present action would not otherwise satisfy Section 202.70(b) of the Rules of the Commercial Division of the Supreme Court, the two cases are "sufficiently related to justify the assignment of both of them to the same judge," *Place v. Ciccotelli*, 121 A.D.3d 1378, 1379 (3d Dep't 2014), because, as explained above, "the efficient administration of the [C]ourt's business will be advanced thereby," 105 N.Y. Jur. 2d Trial § 8.

Dated: New York, New York
December 3, 2019

By: _____
Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

3