# LaRocca Hornik Rosen & Greenberg LLP
## COUNSELORS AT LAW

The Trump Building
40 Wall Street
32nd Floor
New York, NY 10005
212.530.4823
212.530.4815 FAX

LHRGB.COM

Freehold Commons
83 South Street
3rd Floor
Freehold, NJ 07728
732.409.1144
732.409.0350 FAX

Frank J. LaRocca ‡◊
Jonathan L. Hornik
Lawrence S. Rosen
Rose Greenberg △
Amy D. Carlin △
Patrick T. McPartland △
David N. Kittredge △
Jonathan F. Ball ◊
Jared E. Blumetti
Katelyn Canning
Florence R. Goffman △◊
Sherry Hamilton △
Peter Kelegian △
Drew Tanner ‡
Lauren Weissman-Falk

△ New York Bar Only
‡ New Jersey Bar Only
◊ Of Counsel Attorneys
◦ Certified Matrimonial Law Attorney

DIRECT DIAL: 212.530.4822
EMAIL: LROSEN@LHRGB.COM

December 5, 2019

**VIA NYSCEF & FEDEX**
Hon. Deborah A. Kaplan
Administrative Justice
Supreme Court of the State of New York
County of New York
60 Centre Street, Room 609
New York, New York 10007

Re: E. Jean Carroll v. Donald J. Trump
Supreme Court, New York County, Index No. 160694/2019

Dear Justice Kaplan:

  We represent defendant Donald J. Trump in the above-captioned action, and write to briefly respond to plaintiff's December 3, 2019 correspondence in which plaintiff seemingly appears—for the second time—to be engaging in improper judge-shopping. See NYSCEF Doc. Nos. 23-24.

  In her initial RJI, filed November 8, 2019, plaintiff attempted to have this non-commercial case assigned to Justice Schecter of the Commercial Division on the purported grounds that it was "related to" the case entitled *Summer Zervos v. Donald J. Trump*, Index No. 150522/2017. That request by plaintiff was denied and, in accordance with this Court's IAS protocols, the instant case was randomly assigned to Justice Ling-Cohan. See 22 NYCRR § 202.3(b) ("[a]ssignments shall be made by the clerk of the court pursuant to a method of ***random selection***") (*emphasis added*).

  Undeterred, on November 21, 2019, plaintiff curiously sent to Justices Schecter and Ling-Cohan an *ex parte* letter purportedly seeking to confirm whether her request to assign this case to Justice Schecter had been "processed," this despite the Court's electronic filing system clearly identifying Justice Ling-Cohan as the Justice assigned to this case.[1] This letter was ultimately

---

[1] Despite admittedly being in possession of President Trump's attorneys' contact information and e-mail addresses, plaintiff instead mailed a copy of her November 21, 2019 letter to President Trump at Trump Tower (where he no longer resides) and to the White House (where plaintiff presumably knew that there would be a significant delay in the letter reaching President Trump or his counsel, if ever).

forwarded to Your Honor's attention in connection with plaintiff's December 3, 2019 correspondence.

In point of fact, these separate defamation cases—which involve different plaintiffs, different alleged statements that were made in different places, at different times, and in different contexts—are "unrelated" in every respect, except that the defendant is President Trump and the claims are for defamation.

Indeed, by plaintiff's logic this case should be assigned not to Justice Schecter, but rather to Justice Jaffe, who dismissed a very similar defamation case that was brought against President Trump by Cheryl Jacobus (a dismissal that was upheld by the First Department and denied further review by the Court of Appeals). See Jacobus v. Trump, 55 Misc.3d 470, 51 N.Y.S.3d 330 (Sup. Ct. N.Y. Cty. 2017), aff'd 156 A.D.3d 452, 64 N.Y.S.3d 889 (1st Dept. 2017), lv. denied 31 N.Y.3d 903 (2018). The Uniform Civil Rules require, however, that cases be assigned according to a method of "*random selection*." It was presumably for this reason that the *Zervos* case was randomly assigned to Justice Schecter, not Justice Jaffe, and the instant case was randomly assigned to Justice Ling-Cohan, and not to Justice Schecter.

In light of the foregoing, plaintiff's instant request to reassign this case from Justice Ling-Cohan to Justice Schecter should be denied.

Respectfully submitted,

Lawrence S. Rosen

cc: Counsel of record (*via NYSCEF*)