# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

December 5, 2019

**VIA NYSCEF & OVERNIGHT MAIL**

Hon. Deborah A. Kaplan
Administrative Justice
New York Supreme Court, Civil Branch
60 Centre Street, Room 609
New York, NY 10007

  Re: *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Kaplan:

  I write on behalf of Plaintiff E. Jean Carroll in response to the letter of today's date filed by Lawrence S. Rosen, counsel to Defendant Donald J. Trump.

  As Your Honor is aware, two days ago, we filed an updated affirmation identifying the reasons why this case is related to *Zervos v. Trump*, Index No. 150522/2017 (Sup. Ct., N.Y. Cty.). Mr. Rosen paints that submission as a second attempt at "improper judge-shopping." Yet, this Court's RJI form instructs parties to identify all related actions. We did so, yet given the unusual circumstances marking the start of this case, all of which stemmed from our inability to serve Trump through standard means, it had not been clear whether our original RJI was processed. When we sought clarification on the status of our RJI from Justices Ling-Cohan and Schecter by letter dated November 21, 2019, we were directed by Court Attorney Donna Albano to provide an affirmation to Your Honor.

  Mr. Rosen's suggestion that we have engaged in "*ex parte*" communications similarly falls short. We sent copies of the November 21 letter to Trump at the two addresses at which the Court had ordered that he be served. *See* Doc. No. 15. Because Mr. Rosen did not identify himself as counsel to Trump until November 26, we properly followed the rules for service where counsel for a party has not yet appeared. *See* CPLR § 2103(c). And then, when Mr. Rosen contacted our office, we promptly sent him a copy of the November 21 letter.

KAPLAN HECKER & FINK LLP                                                                             2

    We note that because *Jacobus v. Trump* is no longer pending, it cannot be marked as a related case providing the basis for a judicial assignment.[1] Indeed, *Jacobus* was no longer pending when *Zervos* was filed either, explaining why *Zervos* was not assigned to Justice Jaffe. *Compare* Decision and Order on Motion to Dismiss, *Jacobus*, Index No. 153252/2016 (Sup. Ct., N.Y. Cty. Jan. 9, 2017), *with* Complaint, *Zervos*, Index No. 150522/2017 (Sup. Ct., N.Y. Cty. Jan. 17, 2017).

    Finally, as previously noted, we seek nothing further than clarification regarding whether a determination of relatedness has or has not been made. We thank you for your attention to this matter.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc:    Counsel of Record (via NYSCEF)

       Beth Wilkinson, Moira Kim Penza, Jaclyn Delligatti, and Meghan Cleary, *Counsel to Summer Zervos* (via email)

---

[1] *RJIs & Assignments*, NY Courts, http://ww2.nycourts.gov/courts/1jd/supctmanh/RJIs-Assignments.shtml (a related case will be assigned to the Justice assigned to the prior case "provided that that case has not already been disposed of").