Case 1:20-cv-07311-LAK   Document 14-33   Filed 09/15/20   Page 1 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
E. JEAN CARROLL,

                                                  Index No.  160694/2019

        Plaintiff,

      - against -

DONALD J. TRUMP, in his personal capacity,

        Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND TO STAY DISCOVERY

*On the brief:*
*Lawrence S. Rosen, Esq.*
*Patrick McPartland, Esq.*
*Jared E. Blumetti, Esq.*

**LAROCCA HORNIK ROSEN
& GREENBERG LLP**
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822, 4837, 4831
E: LROSEN@LHRGB.COM
   PMCPARTLAND@LHRGB.COM
   JBLUMETTI@LHRGB.COM
*Attorneys for defendant*
*Donald J. Trump*

Case 1:20-cv-07311-LAK   Document 14-33   Filed 09/15/20   Page 2 of 6

Defendant Donald J. Trump, by his attorneys, LaRocca Hornik Rosen & Greenberg LLP, respectfully submits this memorandum of law in support of his application for an order (i) dismissing plaintiff's Complaint, pursuant to CPLR 3211(a)(8), for lack of personal jurisdiction, and (ii) staying the discovery deadlines set forth in the Court's December 12, 2019 Order (the "Preliminary Conference Order") pending a hearing on the instant motion.

## PRELIMINARY STATEMENT

This defamation lawsuit must be dismissed in its entirety because this Court does not have personal jurisdiction over President Trump.  Under well-established New York law, defamatory statements made outside of New York State do not, on their own, provide a basis for personal jurisdiction even when the purported statements were published to New York readers/listeners, or were directed towards or caused harm to a New York citizen.

Here, plaintiff admits in her Complaint that each of the alleged defamatory statements were made by President Trump not while he was in New York, but rather while he was in Washington D.C.  Her lone assertion that President Trump is a "resident" of New York—besides being erroneous (he has resided in Washington D.C. for the past three years)—is insufficient to confer personal jurisdiction over him for the alleged statements.

Given that a dismissal for lack of personal jurisdiction will dispose of this action in its entirety in New York, it is respectfully requested that the Court stay the discovery deadlines set forth in the Preliminary Conference Order pending a hearing on this threshold jurisdictional issue.

1

Case 1:20-cv-07311-LAK Document 14-33 Filed 09/15/20 Page 3 of 6

**ARGUMENT**

**I.**

**THE COURT LACKS PERSONAL
JURISDICTION OVER PRESIDENT TRUMP**

Beyond a conclusory assertion that this Court has personal jurisdiction over President Trump under CPLR 301, plaintiff's sole allegation in the Complaint supporting *in personam* jurisdiction over him is that he is a New York "resident." *See ¶¶ 18, 20 of the Complaint, which is attached as Exhibit A to the Affirmation of Lawrence S. Rosen, dated January 3, 2020 (the "Rosen Affirm.")*. This, of course, is untrue, as the Court can take judicial notice that the President of the United States has resided in the White House for the past three years. Regardless, residency does not establish jurisdiction under CPLR 301. *See e.g. Chen v. Guo Liang Lu*, 144 A.D.3d 735, 737, 41 N.Y.S.3d 517, 520 (2d Dept. 2016) (jurisdiction under CPLR 301 is determined by an individual's domicile, reasoning that "[a]n individual may have multiples residences, but only one domicile").

Given that President Trump was not physically served in New York State,[1] there are no other grounds for *in personam* jurisdiction under CPLR 301. As such, plaintiff may only obtain jurisdiction over President Trump through New York's long-arm statute. *See* CPLR 302(a). However, it is blackletter law that the mere making of an alleged defamatory statement outside of New York State does not confer jurisdiction under New York's long-arm statute, even where the alleged defamatory statement purportedly causes harm to, or is aimed at, a New York citizen. *See* CPLR 302(a)(3) ("a court may exercise personal jurisdiction over any non-domiciliary…[who]

---

[1] Plaintiff obtained an *ex parte* order allowing for service on President Trump to be effectuated through his attorneys. *Rosen Affirm., Exh. B.*

2

Case 1:20-cv-07311-LAK   Document 14-33   Filed 09/15/20   Page 4 of 6

commits a tortious act without the state causing injury to person or property within the state, ***except as to a cause of action for defamation of character***") (*emphasis added*).

Here, by plaintiff's own admission, each of the alleged defamatory statements were made in Washington D.C. and, therefore, cannot provide a basis for jurisdiction on their own. *See e.g. SPCA of Upstate New York, Inc. v. American Working Collie Ass'n*, 18 N.Y.3d 400, 405, 940 N.Y.S.2d 525, 528 (2012) (no jurisdiction over defamation claim stemming from alleged defamatory internet posts in Vermont regarding plaintiff's purported treatment of animals on its premises in New York, even though the posts' probable purpose was to warn New Yorkers about plaintiff's conduct in their community); *Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827, 829, 527 N.Y.S.2d 729, 731 (1988) (no jurisdiction over defamation claim stemming from alleged defamatory statements in California regarding defendant's prior observations of a New York university basketball coach acting severely intoxicated on various occasions during her prior enrollment at the school); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 253 (2d Cir. 2007) (no jurisdiction over defamation claim stemming from alleged defamatory internet posts in Iowa regarding New York-based moving company operating interstate illegally and not carrying cargo insurance because "making defamatory statements outside of New York about New York residents does not, without more, provide a basis for jurisdiction, even when those statements are published in media accessible to New York readers"); *Trachtenberg v. Failedmessiah.com*, 43 F.Supp.3d 198, 203 (E.D.N.Y. 2014) (no jurisdiction over defamation claim stemming from alleged defamatory internet posts in Minnesota regarding preschool teacher's arrest in New York for alleged sexual abuse of a child despite plaintiff's assertions that defendant's "internet activity [was] expressly targeted at or directed to New York").

The only recognized exception to this statutory rule is inapplicable here. Specifically, plaintiff would need to demonstrate that the alleged defamatory statements were "substantially

3

related" to a "transaction of business" by President Trump in New York. *See SPCA*, 18 N.Y.3d at

404, 940 N.Y.S.2d at 527–28.  In her Complaint, plaintiff does not (and cannot) make any such

allegations, as she acknowledges in her Complaint that the alleged defamatory statements were

made directly in response to her own statements that President Trump sexually assaulted her during

a personal meeting some twenty odd years ago (and, thus, were not the result of any "transaction

of business").  *See e.g. Best Van Lines, Inc.*, 490 F.3d at 248 ("the single act of uttering a

defamation, not matter how loudly, is not a transaction of business that may provide the foundation

for personal jurisdiction") (*internal quotations and alterations omitted*); *SPCA*, 18 N.Y.3d at 405,

940 N.Y.S.2d at 528 (alleged defamatory internet posts in Vermont regarding plaintiff's purported

treatment of animals on its premises in New York did not constitute a transaction of business in

New York); *Trachtenberg*, 43 F.Supp.3d at 203 (alleged defamatory internet posts in Minnesota

regarding preschool teacher's arrest in New York for alleged sexual abuse of a child did not

constitute a transaction of business in New York); *Farahmand v. Dalhousie University*, 958

N.Y.S.2d 645, * 3 (Sup. Ct. N.Y. Cty. 2011) (Ling-Cohan, J.) ("plaintiff has not demonstrated that

defendant transacted business with plaintiff within this state, at any time, nor was there a

transaction of business within New York between defendant and some other entity that led to [the

alleged defamation]").

For all of these reasons, plaintiff's Complaint should be dismissed in its entirety for lack

of personal jurisdiction.  Moreover, the discovery deadlines set forth in the Preliminary Conference

Order should be stayed pending a hearing on this application.  *Rosen Affirm., Exh. C.*  As noted

above, the gravamen of plaintiff's defamation claim concerns what did or did not transpire during

a purported personal meeting between the parties more than twenty years ago.  Any discovery in

this case—which will necessarily involve intrusive and burdensome document and testimonial

discovery from party and non-party witnesses regarding purported events dating back to the mid-

1990's—should be stayed pending a hearing on whether this Court even has personal jurisdiction over President Trump in this action.[2] *See e.g. Chan v. Zoullas*, 943 N.Y.S.2d 790, * 3 (Sup. Ct. N.Y. Ct. 2012) (referencing the Supreme Court's discretion to stay discovery during the pendency of a dispositive motion).

### CONCLUSION

Based on the foregoing, President Trump respectfully requests that the Court (i) dismiss plaintiff's Complaint on the grounds that the Court lacks personal jurisdiction over him, and (ii) stay the discovery deadlines in the Preliminary Conference Order pending a hearing on this application.

Dated: New York, New York
January 3, 2020

**LAROCCA HORNIK ROSEN**
**& GREENBERG LLP**

By: _____

Lawrence S. Rosen
Patrick McPartland
Jared E. Blumetti
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822, 4837, 4831
E: LROSEN@LHRGB.COM
   PMCPARTLAND@LHRGB.COM
   JBLUMETTI@LHRGB.COM

*Attorneys for Donald J. Trump*

---

[2] Indeed, plaintiff has already served a non-party subpoena *duces tecum* in this action seeking various documents and information dating back to ___*1994*___. Upon information and belief, this non-party has since objected to the substance, scope, and burdensome nature of plaintiff's subpoena.

5