SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

          *Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

          *Defendant*.

Index No. 160694/2019

---

### AFFIRMATION OF ROBERTA A. KAPLAN IN OPPOSITION TO DEFENDANT'S PROPOSED ORDER TO STAY DISCOVERY

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1. I am a partner with the law firm of Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2. I submit this affirmation in opposition to Defendant Donald J. Trump's proposed order dated January 3, 2020 (the "Proposed Order") to the extent that it seeks an immediate stay of discovery in this case. *See* Doc. No. 28 at 2. Plaintiff E. Jean Carroll intends to oppose the Proposed Order insofar as it seeks dismissal of the Complaint for lack of personal jurisdiction in accordance with the briefing schedule to which the parties have stipulated, which contemplates Plaintiff submitting her opposition on or before February 11, 2020. *See* Doc. No. 28.

### RELEVANT FACTUAL BACKGROUND

3. Carroll is a citizen of New York. Trump, a lifelong New Yorker, currently serves as President of the United States.

4. As alleged in the Complaint, roughly two decades ago, Carroll unexpectedly encountered Trump at the luxury department store Bergdorf Goodman across from the Plaza Hotel in Manhattan. *See* Doc. No. 2. What began as playful banter between the two took a dark turn when Trump seized Carroll in a dressing room and sexually assaulted her. In the wake of Trump's election as President and the change in attitude brought about as a result of the #MeToo movement, Carroll published an account of that assault by Trump in the summer of 2019. Trump responded with a series of false and defamatory statements about Carroll, denying not only the rape, but also ever having met Carroll or even knowing who she was. He went so far as to deny raping Carroll because "she's not [his] type." *Id.* ¶ 97. Trump further stated that Carroll made up her account out of whole cloth either in order to sell more books or as part of a conspiracy with the Democratic Party, or both. *Id.* ¶ 82. Carroll filed this action to obtain redress for the injuries caused by Trump's defamation, and to demonstrate that even a man as powerful as Trump can be held accountable under the law.

5. At the outset of the case, building staff and Secret Service agents in New York frustrated multiple attempts to serve process on Trump at his Trump Tower residence in New York, 725 Fifth Avenue, New York, NY 10022. Doc. No. 6. at 4-6. An effort to serve Trump at the White House was similarly rebuffed. *Id.* at 6-7. As a result, this Court issued an order permitting alternative service pursuant to CPLR § 308(5). *See* Doc. No. 15. Process was accordingly served by mail on Trump at the same Trump Tower address and at the White House, with copies sent to six attorneys representing Trump in New York State actions in which Trump had sued, or was being sued, in his personal capacity. *See* Doc. No. 17.

6. On November 26, 2019, the parties stipulated to a briefing schedule for Trump's anticipated motion to dismiss, which counsel for Trump explained at the time was going to be

2

based on the theory that Trump's statements about Carroll were not defamatory. *See* Doc. No. 20; Doc. No. 24 at 3. The parties agreed that Carroll's opposition to that motion would be due on February 11, 2020, and any reply papers would be due March 3, 2020. Doc. No. 20 at 1.

7. On December 12, 2019, the Court ordered discovery to proceed, setting deadlines for the exchange of written discovery and completion of depositions, with initial production due by March 6 and depositions to be completed by April 6, 2020. *See* Doc. No. 27. The Court specifically directed that, in this case, "[t]he filing of a dispositive motion, including a Motion to Dismiss, will not stay discovery." *Id.* at 2.

8. On January 3, 2020, Trump moved to dismiss the Complaint by Order to Show Cause. Switching gears from what his counsel had previously predicted, Trump's current argument is limited to the issue of personal jurisdiction. Doc. No. 33. In other words, Trump's motion does not seek dismissal for failure to state a cause of action pursuant to CPLR § 3211(a)(7). Instead, Trump argues that New York courts lack personal jurisdiction over him because: (1) personal jurisdiction is lacking (1) under CPLR § 301 since he currently resides at the White House and/or because the Complaint uses the term "resident," not "domiciliary"; and (2) under CPLR § 302 because his defamatory statements about Carroll were made from the District of Columbia.[1]

9. In support of proceeding by Order to Show Cause rather than by motion, Trump further argues that the Court should exercise its discretion to stay the previously established discovery deadlines pending resolution of his motion to dismiss for lack of personal jurisdiction. Doc. No. 33. This Affirmation responds to that aspect of Trump's requested relief.

## ARGUMENT

10. Nothing in Trump's motion to dismiss should induce the Court to alter the

---

[1] It is significant to note that in her Complaint, Carroll does not invoke CPLR § 302 as a basis for jurisdiction in this case.

discovery deadlines it has already established in this case. Trump's sole asserted ground for dismissal—his supposed lack of amenability to suit in New York—is as dubious as it is narrow. The obvious weakness of Trump's jurisdictional argument only confirms the wisdom of the Court's December 12 scheduling order: there is no reason to defer or delay discovery at this time.

11. First, discovery should proceed because the Court will ultimately deny Trump's motion. Prior to his assuming the presidency, Trump was a lifelong New Yorker, and he has been sued in New York courts repeatedly over the decades, including since 2016. *See, e.g.*, *Zervos v. Trump*, No. 150522/2017 (N.Y. Sup. Ct., N.Y. Cty.). He therefore cannot—and his motion does not—dispute that he has been a New York domiciliary. And that domicile of New York persists unless and until Trump can prove by clear and convincing evidence that he has not only stated an intention to change residence, but has actually established a new permanent domicile somewhere else, where he now lives. *See Hosley v. Curry*, 85 N.Y.2d 447, 451 (1995) ("For a change to a new domicile to be effected, there must be a union of residence in fact and an 'absolute and fixed intention' to abandon the former and make the new locality a fixed and permanent home."). Jurisdiction is therefore proper under CPLR § 301 at a minimum because Trump's domicile was clearly New York when the Complaint was filed, which is the relevant inquiry. *Chen v. Guo Liang Lu*, 144 A.D.3d 735, 737 (2nd Dep't 2016).

12. To defeat personal jurisdiction, therefore, the burden is on Trump to prove his establishment of a new domicile outside of New York, taking into account all of his relevant "acts, statements, and conduct." *In re Urdang*, 194 A.D.2d 615, 615 (2d Dep't 1993). Yet in support of the instant motion, Trump never asserts any other domicile, arguing only that the Court should take judicial notice of his current temporary residence in the White House—a fact that is plainly insufficient under New York law to alter Trump's New York domicile since it is not permanent.

*See Hosley*, 85 N.Y.2d at 451 ("'Mere change of residence although continued for a long time does not effect a change of domicile . . . .'") (quoting *In re Newcomb*, 192 N.Y. 238, 250 (1908)). Moreover, Trump's motion does not address, much less seek to rebut, the ample evidence that Trump's New York domicile persisted at the commencement of this case, including his ownership of both residential and commercial property in New York and his payment of New York taxes. *See, e.g.*, *Deer Consumer Prods., Inc. v. Little*, 35 Misc. 3d 374, 381 (Sup. Ct., N.Y. Cty. 2012). Indeed, Trump has failed to submit any sworn affidavit or any other evidence to support his bare-bones contention that he no longer has sufficient contact with New York to be sued here, and that failure alone is sufficient to defeat any motion to dismiss. *See Hosley*, 85 N.Y.2d at 451 ("[A] party . . . alleging a change in domicile has the burden to prove the change by clear and convincing evidence.").

13. Rather than confront the issue of his New York citizenship head on, Trump's primary argument under CPLR § 301 hinges on a technicality: he asserts that Carroll has failed to allege Trump's citizenship because the Complaint refers to Trump's status as a New York "resident," rather than invoking the words "domiciliary" or "citizen" instead. Doc. No. 33 at 3. But, as the Court knows, New York long ago rejected such an overly formalistic approach to pleading, *see, e.g.*, CPLR § 107, and Carroll was under no obligation to plead the basis of personal jurisdiction at all. To the contrary, "[t]here is no requirement, in New York pleading practice, that the complaint allege the basis for personal jurisdiction." *Fishman v. Pocono Ski Rental, Inc.*, 82 A.D.2d 906, 907 (2d Dep't 1981); *see also In re New York City Asbestos Litig.*, 173 A.D.3d 519, 519 (1st Dep't 2019) ("Personal jurisdiction is not an element of a claim, and matters that are not elements need not be pleaded in the complaint."). In any event, the Complaint here alleges both the *fact* of Trump's residence in New York, and, by invoking CPLR § 301, alleges the *legal*

5

significance of that residence as Trump's domicile for jurisdictional purposes. *See* Doc. No. 2 ¶¶ 18, 20. That is more than enough under black letter New York law. *See Fishman*, 82 A.D.2d at 907; *In re New York City Asbestos Litig.*, 173 A.D.3d at 519; *Rung v. U.S. Fidelity & Guarantee Co.*, 139 A.D.2d 914, 914 (4th Dep't 1988) (New York has no "strict jurisdictional pleading rule" for personal jurisdiction); CPLR § 3026 ("Pleadings shall be liberally construed.").

14.  In the end, Trump's case against this Court's jurisdiction boils down to barely any argument at all. The bulk of his brief—which itself spans fewer than five pages to begin with—is devoted to red-herring rebuttals of a jurisdictional basis that Carroll doesn't invoke. And *relevant* discussion concerning CPLR § 301 fills less than a single page, which arguably reflects Trump's lack of confidence in his own argument.[2]

15.  Moreover, even if the Court were ultimately to harbor any doubt as to Trump's amenability to suit in New York, the appropriate remedy would be not to suspend discovery, but to conduct it. At a minimum, facts yet unknown to Carroll "may exist" relevant to establishing Trump's contacts with New York, and many of the documents establishing those facts—such as Trump's latest New York State tax return—are within Trump's "exclusive control." *Peterson v. Spartan Indus., Inc.*, 33 N.Y.2d 463, 465-66 (1974); *see also* CPLR § 3211(d); *Ying Jun Chen v. Lei Shi*, 19 A.D.3d 407, 408 (2d Dep't 2005) ("The plaintiffs established that facts 'may exist' to exercise personal jurisdiction over [defendant] and have made a 'sufficient start' to warrant further discovery on the issue of personal jurisdiction over him . . . .").[3]

---

[2] For these reasons, Carroll reserves the right to seek an appropriate award of costs and sanctions in connection with Trump's motion to dismiss, since his jurisdictional argument is "completely without merit in law" and was made "primarily to delay or prolong the resolution of the litigation." Rules of the Chief Administrative Judge, Subpart 130-1.1(c)(1)-(2).

[3] Along with the filing of this affirmation, Carroll is serving Trump with a first set of document requests, requests for admission, and interrogatories directed at the issue of personal jurisdiction. Trump's responses will be due on January 27, which should give Carroll sufficient time to incorporate his responses in her opposition to Trump's motion to dismiss on or before February 11.

16. Finally, and perhaps most importantly, the Court has *already* decided the issue of when discovery should take place *against Trump* in this case. As Trump himself concedes, it is within the Court's "discretion" to decide whether briefing on his motion to dismiss should proceed in parallel with discovery. Doc. No. 33 at 5-6 (citing *Chan v. Zoullas*, 2012 WL 98492, at *3 (Sup. Ct., N.Y. Cty. 2012)). Here, the Court has already exercised that discretion by deciding that a stay is not warranted. When the Court ordered discovery to proceed on December 12, 2019, the Court was well aware that Trump planned to file a motion to dismiss—and that the parties' briefing of that motion would be contemporaneous with discovery. *Compare* Doc. No. 27 at 2 (order dated December 12, 2019, setting discovery dates and directing that "[t]he filing of a dispositive motion, including a Motion to Dismiss, will not stay discovery"), *with* Doc. No. 20 at 1 (stipulation filed November 26, 2019, informing the Court that "defendant intends to file a pre-answer motion to dismiss plaintiff's Complaint" and agreeing to a briefing schedule). Accordingly, there is no basis for the Court to reconsider its previous decision on the ground that something was somehow overlooked or misapprehended, and Trump does not point to anything that the Court missed. *See* CPLR § 2221(d)(2). Indeed, as discussed above, the lack of merit in Trump's asserted ground for dismissal only reinforces the correctness of the Court's original decision to direct that discovery can and should proceed in this case at this time.

WHEREFORE, Plaintiff E. Jean Carroll respectfully requests that the Court deny Defendant Donald J. Trump's request for an order staying discovery pending resolution of his motion to dismiss.

Dated: New York, New York
      January 6, 2020

By: _____

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*