SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                *Plaintiff*,

 -against-

DONALD J. TRUMP, in his personal capacity,

                *Defendant*.

Index No. 160694/2019
Hon. Justice Ling-Cohan

---

# NOTICE OF ENTRY

Please take notice that within is a true and correct copy of the Decision and Order on Motion of Justice Doris Ling-Cohan dated January 6, 2020, which was entered in the office of the Clerk of the County of New York on January 10, 2020.

Dated:  New York, NY
         January 13, 2020

Respectfully submitted,

By: _____

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

To: Lawrence Rosen (by NYSCEF)
LaRocca Hornik Rosen & Greenberg LLP
40 Wall Street, 32nd Floor
New York, NY 10005

At IAS Part 36 of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York on the __ day of _____, 2020.

PRESENT: <u>DORIS LING-COHAN, Justice.</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
E. JEAN CARROLL,

          Plaintiff,

   - against -

DONALD J. TRUMP, in his personal capacity,

          Defendant.
-----------------------------------------------------------------X

Index No. 160694/2019

**[PROPOSED] ORDER
<u>TO SHOW CAUSE</u>**

<u>**Oral Argument Requested**</u>

Upon the Affirmation of Lawrence S. Rosen, dated January 3, 2020, and the attached exhibits, supported by the points and authorities set forth in the accompanying memorandum of law, dated January 3, 2020, and upon all the papers and proceedings had herein, including the parties' November 26, 2019 stipulation setting forth the briefing schedule for the application below (*see* "Briefing Stipulation" at NYSCEF Doc. No. 20),

LET, plaintiff E. Jean Carroll or her attorneys appear and show cause before Justice Ling-Cohan of this Court at IAS Part 36, Room 428, at the Supreme Court Courthouse, located at 60 Centre Street, New York County, State of New York, on the 5th day of March, 2020, at 9:30 a.m., or as soon thereafter as counsel can be heard,

WHY, an Order should not be entered:

(i)     Dismissing plaintiff's Complaint, pursuant to CPLR 3211(a)(8), for lack of personal jurisdiction; and

(ii)     Granting President Trump any such other relief as the Court deems just and proper.

**JUSTICE DORIS LING-COHAN**

ORDERED THAT PENDING the hearing of this application, the discovery deadlines set forth in the Court's December 12, 2019 Order are temporarily stayed; and it is further

ORDERED, that, per the Briefing Stipulation, answering papers, if any, shall be served so as to be received by LaRocca Hornik Rosen & Greenberg LLP, attorneys for President Trump, at 40 Wall Street, 32nd Floor, New York, New York 10005, to the attention of Lawrence S. Rosen at the e-mail address of said attorney at LROSEN@LHRGB.COM, on the 11th day of February, 2020, and electronically filed via NYSCEF so as to be received by the Court by such time; and it is further

ORDERED, that, per the Briefing Stipulation, reply papers, if any, shall be served so as to be received by Kaplan Hecker & Fink LLP, attorneys for plaintiff, at 350 Fifth Avenue, Suite 7110, New York, New York 10118, to the attention of Roberta A. Kaplan at the e-mail address of said attorney at RKAPLAN@KAPLANHECKER.COM, on the 3rd day of March, 2020, and electronically filed via NYSCEF so as to be received by the Court by such time; and it is further

ORDERED that sufficient cause therefor being alleged, let service of a copy of this Order and the papers upon which it is granted, be made on or before _____, 2020, in the manner provided below with proof of service thereof to be filed on the return date of this motion be deemed good and sufficient service; and

TO: Plaintiff by delivery of all papers described above to Kaplan Hecker & Fink LLP, attorneys for plaintiff E. Jean Carroll, at 350 Fifth Avenue, Suite 7110, New York, New York 10118, to the attention of Roberta A. Kaplan at the e-mail address of said attorney at RKAPLAN@KAPLANHECKER.COM.

E N T E R

_____
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| PRESENT: | HON. DORIS LING-COHAN | PART | IAS MOTION 36 |
|---|---|---|---|
| | Justice | | |

-----------------------------------------------------------------X

E. JEAN CARROLL

                                Plaintiff,

                          - v -

DONALD TRUMP,

                                Defendant.

-----------------------------------------------------------------X

| INDEX NO. | 160694/2019 |
|---|---|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34
were considered on this motion to/for                       DISMISS

      Defendant Donald Trump ("Trump") seeks that this Court sign his Order to Show Cause to dismiss for lack of personal jurisdiction and for an interim stay of discovery.

      Upon the foregoing documents, it is

      ORDERED that the Court declines to sign the within Order to Show Cause submitted by defendant Trump, as the moving papers fail to contain an affidavit by him, to support his argument that this Court lacks personal jurisdiction over him. Although defendant Trump, through his counsel, claims lack of personal jurisdiction, notably, there is not even a tweet, much less an affidavit by defendant Trump in support of his motion. Instead, as to his claim of lack of personal jurisdiction, defendant asserts, through his attorney in a mere Memorandum of Law in Support, that this Court should "take judicial notice that the President of the United States has resided in the White House for the past three years." (Memorandum of Law in Support, at 2, ¶1). However, judicial notice is not appropriate here, as "[a] court may only apply judicial notice to matters 'of common and general knowledge, well established, and authoritatively settled, not

160694/2019   CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 001
Page 1 of 2

4 of 5

doubtful or uncertain [;] the test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof.'" (*Dollas v W.R. Grace and Co.*, 225 AD2d 319, 320 [1st Dept 1996], quoting *Ecco High Frequency Corp. v Amtorg Trading Corp.*, 81 NYS 2d 610 [Sup Ct, NY County 1948], *affd* 274 AD 982 [1st Dept 1948]).

The Court notes that, not only was no affidavit from defendant Trump supplied in support of this application, but even the defendant's attorney's affirmation does not assert a basis (evidentiary or otherwise) for dismissal; rather, the affirmation acts as a mere conduit to provide documents relating to the procedural posture of the case. (Lawrence Rosen Affirmation).

Moreover, there is no basis for a stay of discovery deadlines in this case.

In the future, all Orders to Show Cause shall be presented in the following manner:

(1)   Notice to the other side as per 22 NYCRR §202.7(f) and the Court shall also be provided with courtesy hard copies in hand, of all papers; and

(2)   Movant shall seek an appropriate "time, date and place" as per 22 NYCRR §202.7(f), for presentation of any application, from the Part's court attorney by telephone, prior to filing.

|  |  |
|---|---|
| 1/6/2020<br>DATE | DORIS LING-COHAN, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

J:\Judge_Ling-Cohan\OSC\Denied\Carroll v Trump 01606942019 001.docx

160694/2019   CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 001

Page 2 of 2

2 of 2