# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                *Plaintiff*,

-against-

DONALD J. TRUMP, in his personal capacity,

                *Defendant*.

Index No. 160694/2019

**AFFIRMATION**

---

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1.     I am a partner with the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2.     I submit this affirmation as a supplement to our Request for Judicial Intervention identifying the above-captioned action as related to another action, *Summer Zervos v. Donald J. Trump*, No. 150522/2017, currently pending before Justice Jennifer G. Schecter. For the reasons set forth below, the present action should be deemed related to *Zervos*, and Justice Schecter should be likewise assigned.

3.     Although Justice Schecter was reassigned to the Commercial Division after *Zervos* was filed on January 17, 2017, she has continued to preside over that case in the Civil Branch of the New York Supreme Court, New York County. This action, as with *Zervos*, is properly filed in the Supreme Court's Civil Branch.

4. "[The] purpose of requiring identification of related actions is to ensure that related proceedings are resolved most expeditiously by assignment to the justice most familiar with the proceedings." *United Cmty. Ins. Co. v. State Farm Fire & Cas. Co.*, 143 Misc.2d 954, 956 (Sup. Ct., N.Y. Cty. 1989).

5. It is in the interests of both the parties and the Court to assign Justice Schecter to this action, given the similarities between the two cases and the potential administrative demands that they present for the Court.

6. The defendant, Donald J. Trump, is the same in both cases. He is being sued in his individual capacity by both plaintiffs for similar defamatory statements he made in response to similar—and grave—allegations by both plaintiffs of sexual misconduct. Both cases therefore present similar, and often novel, legal issues.

7. Further, *Zervos* has received significant media attention, and we anticipate that similar attention will be paid to this lawsuit. Indeed, dozens of articles about the *Carroll* complaint were published on the day that it was filed.

8. Assigning two different Justices to these cases would both amplify the Court's workload unnecessarily and risk conflicting rulings.

9. Although *Zervos* was assigned to Justice Schecter before she was assigned to the Commercial Division, and the present action would not otherwise satisfy Section 202.70(b) of the Rules of the Commercial Division of the Supreme Court, the two cases are "sufficiently related to justify the assignment of both of them to the same judge," *Place v. Ciccotelli*, 121 A.D.3d 1378, 1379 (3d Dep't 2014), because, as explained above, "the efficient administration of the [C]ourt's business will be advanced thereby," 105 N.Y. Jur. 2d Trial § 8.

2

10. Carroll has submitted this Request for Judicial Intervention without notice to Trump because she has been unable to effect service upon him pursuant to CPLR §§ 308(2) and 313, and other methods of service are impracticable. Concurrent with this filing, Carroll is also submitting an *ex parte* application for an order permitting alternative service pursuant to CPLR § 308(5). As further explained in my affirmation in that separate filing, Carroll, through a process server, has attempted to serve Trump with the summons, the complaint, a Notice of Electronic Filing, and a Request for Judicial Intervention and accompanying affirmation[1] on five separate occasions—four at Trump's Trump Tower residence, and one at the White House. Secret Service agents have frustrated the process servers' efforts on each occasion.

11. Because this Request for Judicial Intervention identifies reasons to assign Justice Schecter to this action, and because Carroll's *ex parte* application for an order permitting alternative service may lead to the assignment of a Justice, we have made the two filings concurrent with one another.

Dated: New York, New York  
       November 8, 2019

By: _____

Roberta A. Kaplan  
KAPLAN HECKER & FINK LLP  
350 Fifth Avenue, Suite 7110  
New York, New York 10118  
Tel: (212) 763-0883  
Fax: (212) 564-0883  
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

---

[1] The Request for Judicial Intervention and accompanying affirmation that Carroll attempted to serve on each of those five occasions were materially indistinguishable from the present submission, and sought to identify this action as related to *Zervos*.

3

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

December 3, 2019

**VIA NYSCEF & OVERNIGHT MAIL**

Hon. Deborah A. Kaplan
Administrative Justice
New York Supreme Court, Civil Branch
60 Centre Street, Room 609
New York, NY 10007

   Re: *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Kaplan:

  I write on behalf of Plaintiff E. Jean Carroll in the above-referenced action to advise the Court that this action is substantially related to another case, *Zervos v. Trump*, Index No. 150522/2017 (Sup. Ct., N.Y. Cty.), which is currently pending before Justice Schechter. The reasons why the two cases are related are set forth in my declaration, attached as Exhibit A hereto.

  An earlier version of this affirmation was filed in connection with a Request for Judicial Intervention ("RJI") on November 8, 2019. We submitted that RJI without notice to Defendant Donald J. Trump because we had been unable to serve him with the summons and complaint, and because it was unclear whether our submission of an *ex parte* application for an order permitting alternative service would prompt assignment of a Justice. After the Court granted the *ex parte* application and Trump was served, Justice Ling-Cohan was assigned to this action.

  On November 21, we wrote to the Court seeking clarification as to whether the Court had processed our RJI and, in fact, determined that *Carroll* and *Zervos* were unrelated. On December 3, Donna M. Albano, Court Attorney to Justice Ling-Cohan, instructed that a submission identifying the two cases as related should be directed to Your Honor. *See* Doc. No. 22. We submit this letter and updated affirmation in accordance with the Ms. Albano's guidance.

**KAPLAN HECKER & FINK LLP**                                                                 2

Thank you for your attention to this matter.

Respectfully submitted,

Roberta A. Kaplan

cc:     Counsel of Record (via NYSCEF)

Beth Wilkinson, Moira Kim Penza, Jaclyn Delligatti, and
Meghan Cleary, *Counsel to Summer Zervos* (via email)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                *Plaintiff*,

   -against-

DONALD J. TRUMP, in his personal capacity,

                *Defendant*.

Index No. 160694/2019

**AFFIRMATION**

---

Roberta A. Kaplan, an attorney admitted to practice before the courts of the State of New York, authorized by law to practice in the State of New York, and not a party to this action, hereby affirms the following to be true under penalty of perjury pursuant to CPLR § 2106:

1. I am a partner with the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action. I am familiar with the facts of this case.

2. I submit this affirmation to identify the above-captioned action as related to another action, *Summer Zervos v. Donald J. Trump*, No. 150522/2017, currently pending before Justice Jennifer G. Schecter.

3. On November 8, 2019, I filed a version of this affirmation in connection with a Request for Judicial Intervention without notice to Trump because Carroll had been unable to effect service upon him. *See* Docs. No. 3–4. On the same day, Carroll submitted an *ex parte* application for an order permitting alternative service pursuant to CPLR § 308(5). *See* Docs. No. 5–6. Because the Request for Judicial Intervention identified reasons to assign Justice Schecter to this action, and because Carroll's *ex parte* application for an order permitting alternative service might have led to the assignment of a Justice, we made the two filings concurrent with one another.

4. The Court granted Carroll's application for an order permitting alternative service on November 12, 2019. *See* Doc. No. 15. Carroll served Trump in accordance with the Court's order on November 13, 2019. *See* Doc. No. 17. Counsel for Trump has since appeared in this action. *See* Doc. No. 19.

5. For the reasons set forth below, the present action should be deemed related to *Zervos*, and Justice Schecter should be likewise assigned.

6. Although Justice Schecter was reassigned to the Commercial Division after *Zervos* was filed on January 17, 2017, she has continued to preside over that case in the Civil Branch of the New York Supreme Court, New York County. This action, as with *Zervos*, is properly filed in the Supreme Court's Civil Branch.

7. "[The] purpose of requiring identification of related actions is to ensure that related proceedings are resolved most expeditiously by assignment to the justice most familiar with the proceedings." *United Cmty. Ins. Co. v. State Farm Fire & Cas. Co.*, 143 Misc.2d 954, 956 (Sup. Ct., N.Y. Cty. 1989).

8. It is in the interests of both the parties and the Court to assign Justice Schecter to this action, given the similarities between the two cases and the potential administrative demands that they present for the Court.

9. The defendant, Donald J. Trump, is the same in both cases. He is being sued in his individual capacity by both plaintiffs for similar defamatory statements he made in response to similar—and grave—allegations by both plaintiffs of sexual misconduct. Both cases therefore present similar, and often novel, legal issues.

10. Indeed, I met and conferred with defense counsel in this action on November 25, 2019, regarding a briefing schedule for Trump's anticipated motion to dismiss. A stipulation

regarding such a schedule was filed with the Court on November 26. *See* Doc. No. 20. According to defense counsel, Trump intends to argue that the statements alleged in Carroll's complaint are not capable of defamatory meaning—the same argument that Trump made, and Justice Schecter considered, in *Zervos*. *See Zervos v. Trump*, 59 Misc. 3d 790, 798 (Sup. Ct., N.Y. Cty. 2018), *aff'd*, 171 A.D.3d 110 (1st Dep't 2019).

11. Further, *Zervos* has received significant media attention, and we anticipate that similar attention will be paid to this lawsuit. Indeed, dozens of articles about the *Carroll* complaint were published on the day that it was filed.

12. Assigning two different Justices to these cases would both amplify the Court's workload unnecessarily and risk conflicting rulings.

13. Although *Zervos* was assigned to Justice Schecter before she was assigned to the Commercial Division, and the present action would not otherwise satisfy Section 202.70(b) of the Rules of the Commercial Division of the Supreme Court, the two cases are "sufficiently related to justify the assignment of both of them to the same judge," *Place v. Ciccotelli*, 121 A.D.3d 1378, 1379 (3d Dep't 2014), because, as explained above, "the efficient administration of the [C]ourt's business will be advanced thereby," 105 N.Y. Jur. 2d Trial § 8.

Dated: New York, New York  
      December 3, 2019

By: _____  
Roberta A. Kaplan  
KAPLAN HECKER & FINK LLP  
350 Fifth Avenue, Suite 7110  
New York, New York 10118  
Tel: (212) 763-0883  
Fax: (212) 564-0883  
rkaplan@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

3