SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------- x
                                            :
E. JEAN CARROLL,                            :
                                            :  Index No. 160694/2019
                                            :
            Plaintiff,                      :  Hon. Verna L. Saunders
                                            :
    - against-                              :  Mot. Seq. No. 002
                                            :
                                            :
DONALD J. TRUMP,                            :
                                            :
            Defendant.                      :
                                            :
------------------------------------------- x

# MEMORANDUM OF LAW OF PRESIDENT DONALD J. TRUMP
# IN SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS

KASOWITZ BENSON TORRES LLP

  Marc E. Kasowitz
  Christine A. Montenegro
  Paul J. Burgo
  1633 Broadway
  New York, New York 10019
  (212) 506-1700

LAROCCA HORNIK ROSEN &
GREENBERG LLP

  40 Wall Street, 32nd Floor
  New York, New York 10005
  (212) 530-4822

*Attorneys for Defendant,
President Donald J. Trump*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

PRIOR PROCEEDINGS ........................................................................................................... 4

ARGUMENT ............................................................................................................................. 6

    A.    If the Court of Appeals Reverses *Zervos v. Trump*, This Action Must be Dismissed or Stayed. ................................................................................................ 7

    B.    Official Immunity Claims Must be Decided at the Outset of the Case. ................. 8

    C.    The Courts are Constitutionally Required to Give Deference to the President. ................................................................................................................ 8

    D.    The Requested Stay is Warranted Under CPLR § 2201. ...................................... 11

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Assenzio v A.O. Smith Water Prods.*,
   No. 190008/12, 2015 WL 5283301 (Sup. Ct., N.Y. Cnty. Aug. 28, 2015) .............................11

*Behrens v. Pelletier*,
   516 U.S. 299 (1996) ..................................................................................................................8

*Belabarodaya v. Carepro of NY, Inc.*,
   No. 152534/2018, 2018 WL 3733304 (Sup. Ct., N.Y. Cnty. Aug. 1, 2018) .......................4, 11

*Belopolsky v. Renew Data Corp.*,
   41 A.D.3d 322 (1st Dep't 2007) ..............................................................................................12

*Cheney v. U.S. Dist. Court for D.C.*,
   542 U.S. 367 (2004) ..............................................................................................................2, 9

*Clinton v. Jones*,
   520 U.S. 681 (1997) ........................................................................................................ passim

*Felder v. Casey*,
   487 U.S. 131 (1988) ................................................................................................................11

*Galicia v. Trump*,
   No. 24973/15E, M-7413 (1st Dep't Oct. 24, 2019) ............................................................4, 10

*Haywood v. Drown*,
   556 U.S. 729 (2009) ................................................................................................................10

*Hegarty v. Somerset Cnty.*,
   25 F.3d 17 (1st Cir. 1994) .........................................................................................................8

*Hunter v. Bryant*,
   502 U.S. 224 (1991) ..................................................................................................................8

*Jones v. Clinton*,
   No. 95-1167, BL-62 (8th Cir. Apr. 16, 1996) .....................................................................3, 10

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................13

*Lerner v. Karageorgis Lines, Inc.*,
   66 N.Y.2d 479 (1985) .............................................................................................................11

ii

*Liu v. New York City Police Dep't*,
   216 A.D.2d 67 (1st Dep't 1995) ..................................................................................8

*Nixon v. Fitzgerald*,
   457 U.S. 731 (1982)..........................................................................................2, 9, 13

*Nixon v. Sirica*,
   487 F.2d 700 (D.C. Cir. 1973) ..............................................................................3, 10

*OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.*,
   96 A.D.3d 541 (1st Dep't 2014) ............................................................................4, 11

*In re Reynders v. Conway*,
   79 A.D.2d 863 (4th Dep't 1980)................................................................................11

*Trump v. Deutsche Bank AG*,
   --- S.Ct. ----, 2019 WL 6797733 (U.S. Dec. 13, 2019)............................................3, 9

*Trump v. Mazars USA, LLP*,
   --- S.Ct. ----, 2019 WL 6328115 (U.S. Nov. 25, 2019), .........................................2, 9

*Trump v. Mazars USA, LLP*,
   940 F.3d 710 (D.C. Cir. 2019) ..................................................................................10

*Trump v. Vance*,
   941 F.3d 631 (2d Cir. 2019).......................................................................................6

*Trump v. Vance*,
   No. 19-3204, 2019 WL 5703884 (2d Cir. Oct. 7, 2019)..................................3, 9, 10

*In re Trump*,
   781 F. App'x 1 (D.C. Cir. 2019)...............................................................................3, 9

*In re Trump*,
   928 F.3d 360 (4th Cir. 2019) .................................................................................3, 10

*United States v. Burr*,
   25 F.Cas. 187 (C.C. Va. 1807)..................................................................................2, 9

*United States v. Nixon*,
   418 U.S. 683 (1974)..........................................................................................2, 3, 9, 12

*Uptown Healthcare Mgmt., Inc. v. Rivkin Radler LLP*,
   116 A.D.3d 631 (1st Dep't 2014) .........................................................................12, 13

*Zervos v. Trump*,
   171 A.D.3d 110 (1st Dep't 2019) ....................................................................... *passim*

iii

*Zervos v. Trump*,
    2020 WL 63397, 2020 N.Y. Slip Op. 60193(U)..........................................................1, 5, 6, 7

**Statutes and Other Authorities**

U.S. Const. art VI, cl. 2................................................................................................ *passim*

CPLR § 2201.................................................................................................................1, 4, 11

Patrick M. Connors, Practice Commentaries, McKinney's Cons. Laws of NY
    Annotated, CPLR C2201:11 ....................................................................................11

iv

Defendant President Donald J. Trump respectfully submits this memorandum of law in support of his motion for a stay of proceedings, pursuant to CPLR § 2201, pending the decision of the Court of Appeals on his appeal from *Zervos v. Trump*, 171 A.D.3d 110 (1st Dep't 2019), *lv and stay pending appeal granted*¸ 2020 WL 63397, 2020 N.Y. Slip Op. 60193(U) (1st Dep't Jan. 7, 2020)).[1]

## PRELIMINARY STATEMENT

This defamation action against the President of the United States may not proceed if the Supremacy Clause of the U.S. Constitution bars state-court subject matter jurisdiction over actions against a U.S. President while he or she is in office. That precise issue, which the U.S. Supreme Court has called an "important constitutional issue," *Clinton v. Jones*, 520 U.S. 681, 690-91 (1997), is now squarely before the Court of Appeals on the President's pending appeal from the First Department's 3-2 decision in *Zervos v. Trump*.

In *Zervos*, the First Department, in granting President Trump leave to appeal, also granted the President's motion to stay the proceedings "pending hearing and determination of the appeal by the Court of Appeals." *Zervos v. Trump*, 2020 WL 63397, 2020 N.Y. Slip Op. 60193(U). If President Trump is successful on that appeal, this Court would be without jurisdiction to hear this action while President Trump is in office, and that threshold issue should be decided by the Court of Appeals before this action proceeds. Like *Zervos*, this action should be stayed pending that decision.

The requested stay here is mandated not only because it would permit resolution of the President's claim that he is immune from suit in state court while in office, but also because of

---

[1] Submitted herewith in support of the motion is the affirmation of Marc E. Kasowitz, dated February 4, 2020 ("Kasowitz Aff."). References to "Ex." are to exhibits to the Kasowitz Aff.

the unique role of the President under Article II of the Constitution. *See Clinton v. Jones*, 520 U.S. at 697-98 (Supreme Court had "no dispute" with the fundamental premise that the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties"). Accordingly, courts are required under the U.S. Constitution to give deference to the President. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 391-92 (2004) ("Special considerations applicable to the President . . . suggest that the courts should be sensitive to requests by the Government for interlocutory appeals . . . ."); *Clinton v. Jones*, 520 U.S. at 707 ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery."); *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982) ("Courts traditionally have recognized the President's constitutional responsibilities and status as factors counseling judicial deference and restraint."); *United States v. Nixon*, 418 U.S. 683, 715 (1974) (Courts must extend the President "that high degree of respect due the President of the United States."); *United States v. Burr*, 25 F.Cas. 187, 192 (No. 14,694) (C.C. Va. 1807) (John Marshall, C.J., sitting by designation) (Courts may not "proceed against the President as against an ordinary individual.").

Given this constitutionally required deference, courts routinely grant requests by the President for stays pending appeal or for interlocutory appeals on constitutional issues. *See, e.g.*, *Trump v. Mazars USA, LLP*, --- S.Ct. ----, 2019 WL 6328115 (Mem) (U.S. Nov. 25, 2019) (No. 19A545) (granting President Trump's application for a stay, pending disposition of his petition for writ of certiorari and, if granted, judgment of the Court, on the constitutionality, under the Separation of Powers doctrine, of a Congressional subpoena to President's accountant seeking pre-presidential, private documents), *cert. granted*, --- S.Ct. ----, 2019 WL 6797734 (Mem) (U.S.

2

Dec. 13, 2019) (No. 19-715); *Trump v. Deutsche Bank AG*, --- S.Ct. ----, 2019 WL 6797733 (Mem) (U.S. Dec. 13, 2019) (No. 19A640) (same); *United States v. Nixon*, 418 U.S. at 714 ("[e]nforcement of the subpoena duces tecum [directed to President Nixon] was stayed pending this Court's resolution of the issues," including whether, under the Separation of Powers doctrine, a federal district court may issue a subpoena to the President in a criminal action); *Trump v. Vance*, No. 19-3204, 2019 WL 5703884, at *1 (2d Cir. Oct. 7, 2019) (granting stay of enforcement of state grand jury subpoena seeking the President's documents from his accountant, given "the unique issues raised by the appeal," including whether, under the Supremacy Clause, a state grand jury may issue a subpoena seeking the President's records); *In re Trump*, 781 F. App'x 1, 2 (D.C. Cir. 2019) (district court abused its discretion in denying the President's request for an immediate interlocutory appeal from denial of his motion to dismiss claim that he violated the Foreign Emoluments Clause of the U.S. Constitution, because the issues raised were "unsettled" and potentially "dispositive"); *In re Trump*, 928 F.3d 360, 364 (4th Cir. 2019) (granting President permission to file interlocutory appeal and staying district court proceedings pending that appeal from district court's orders, which denied the President's motion to dismiss and permitted discovery on claims he violated the Emoluments Clauses), *reh'g granted*, 780 Fed. Appx. 36 (Mem); *Jones v. Clinton*, No. 95-1167, BL-62 (8th Cir. Apr. 16, 1996) (granting President Clinton's motion to stay pending President Clinton's appeal to the U.S. Supreme Court on whether the Separation of Powers doctrine bars federal court jurisdiction over actions against the President arising from his unofficial conduct); *Nixon v. Sirica*, 487 F.2d 700, 721 (D.C. Cir. 1973) (directing district court to stay the action to allow the President to appeal the district court's determinations compelling disclosure of materials subject to the President's claim of Article II privilege); *Galicia v. Trump*, No. 24973/15E, M-7413 (1st Dep't Oct. 24,

3

2019) (granting the President a stay pending appeal on whether the state trial court could, consistent with Article II of the U.S. Constitution, require the President to appear for deposition).

The requested stay here under these circumstances is thus authorized and mandated. Under CPLR § 2201, which authorizes courts to "grant a stay of proceedings in a proper case, upon such terms as may be just," New York courts grant stays pending appeals in other actions where those appeals would, as here, resolve a dispositive issue. *See, e.g.*, *OneBeacon Am. Ins. Co. v. Colgate-Palmolive Co.*, 96 A.D.3d 541, 541 (1st Dep't 2014) (affirming grant of stay under CPLR § 2201, and holding that "[t]he duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay [pending appeal in a related action in another state] outweigh any prejudice to plaintiff"); *Belabarodaya v. Carepro of NY, Inc.*, No. 152534/2018, 2018 WL 3733304, at *2 (Sup. Ct., N.Y. Cnty. Aug. 1, 2018) (granting stay pending appeals to the Court of Appeals in two separate actions addressing a dispositive issue). Moreover, not only is a stay constitutionally required, but a stay would also avoid "duplication of effort, waste of judicial resources, and [the] possibility of inconsistent rulings." *OneBeacon*, *supra*. Accordingly, the stay should be granted.

## PRIOR PROCEEDINGS

Like this action, *Zervos* is an alleged defamation action against President Trump in Supreme Court, New York County. In *Zervos*, the President moved to dismiss on the ground, among others, that the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, bars state courts from exercising jurisdiction over the President while he or she is in office. On March 20, 2018, Justice Schecter denied the President's motion, *Zervos*, 59 Misc.3d 790 (Sup. Ct., N.Y. Cnty. 2018), and on March 14, 2019, the First Department affirmed in a 3-2 decision, *Zervos*, 171 A.D.3d at 120.

4

Several days after filing this action in November 2019, plaintiff sought to have it reassigned to Justice Schecter on the grounds that this action and *Zervos* "present similar, and often novel, legal issues," including "the same argument[s] that Trump made, and Justice Schecter considered, in *Zervos*," and that "[a]ssigning two different Justices to these cases would both amplify the Court's workload unnecessarily and risk conflicting rulings." (Kasowitz Aff., Ex. A (NYSCEF Nos. 3 at ¶¶ 6, 8, 24 at ¶¶ 9, 10, 12).)[2]

On December 12, 2019, this Court entered a Preliminary Conference Order ordering that document requests be served by February 6, 2020, with responses due March 6, that party depositions be completed by April 6, 2020, and that "[t]he filing of a dispositive motion, including a Motion to Dismiss, will not stay discovery." (Kasowitz Aff., Ex. B (NYSCEF No. 27).)

Plaintiff has served the President with numerous and burdensome discovery requests, including notices to admit, interrogatories, two sets of document requests, and a notice for physical examination. (Kasowitz Aff. ¶ 6.)

On January 3, 2020, defendant filed a proposed order to show cause and accompanying motion to dismiss the complaint for lack of jurisdiction and to stay discovery pending the Court's decision on the motion to dismiss. (NYSCEF Nos. 28-33.) On January 6, 2020, this Court declined to sign the order to show cause. (NYSCEF No. 36.)

The next day, on January 7, 2020, the First Department in *Zervos* granted President Trump leave to appeal to the Court of Appeals. *Zervos*, 2020 WL 63397, 2020 N.Y. Slip Op. 60193(U). The First Department also granted President Trump's motion to "stay . . .

---

[2] Plaintiff's request to reassign the action was denied by letter, dated December 9, 2019, from Hon. Deborah A. Kaplan, Administrative Judge for Civil Matters, Supreme Court of the State of New York.

5

proceedings pending hearing and determination of the appeal by the Court of Appeals." *Id.* On January 17, 2020, in *Zervos*, President Trump filed in the Court of Appeals his preliminary appeal statement. On January 21, 2020, the Court of Appeals issued a briefing schedule under which the appeal will be fully briefed by May 11, 2020. (Kasowitz Aff., Ex. C.)

On February 4, 2020, the Court so-Ordered the parties' stipulation adjourning all discovery deadlines by the amount of time from January 31 to the date of the Court's decision on this motion, plus five business days. (Kasowitz Aff., Ex. D at 2.)

## ARGUMENT

Whether the U.S. Constitution bars state-court subject matter jurisdiction over actions against a U.S. President while he or she is in office is now squarely before the Court of Appeals on the President's appeal from the First Department's 3-2 decision in *Zervos v. Trump*, 171 A.D.3d 110. A stay of this action is thus mandated until the Court of Appeals decides that issue, which the U.S. Supreme Court in *Clinton v. Jones*, 520 U.S. at 690-91, called an "important constitutional issue[]."

In *Clinton v. Jones*, the Supreme Court held that the Separation of Powers doctrine does not bar federal court jurisdiction over an action against the President arising from alleged private conduct, on the ground that the federal Judicial Branch is a coequal branch with the Executive Branch of the federal government. The Supreme Court took pains, however, to note that it was "not necessary to consider or decide whether a comparable claim might succeed in a state tribunal" under the Supremacy Clause, which might "present a more compelling case for immunity." *Id.* at 691. *See also Trump v. Vance*, 941 F.3d 631, 642-43 (2d Cir. 2019) (acknowledging, without deciding, that "the President may be correct that state courts lack the authority to issue him orders"), *cert. granted*, --- S.Ct. ----, 2019 WL 6797730 (Mem) (U.S. Dec.

6

13, 2019) (No. 19-635); *Zervos v. Trump*, 171 A.D.3d at 113 (whether state courts can hear actions against a sitting president is a "constitutional issue of first impression").

### A. If the Court of Appeals Reverses *Zervos v. Trump*, This Action Must be Dismissed or Stayed.

In *Zervos v. Trump*, 171 A.D.3d at 113, the First Department, acknowledging that it was deciding a "constitutional issue of first impression," held, citing *Clinton v. Jones*, that the "Supremacy Clause does not deprive a state court of its power and authority to decide [the] case," *id.* at 128. Two justices in dissent, however, correctly noted that the holding in *Clinton v. Jones*, on its face, does not extend to state courts and concluded that the Supremacy Clause bars state-court jurisdiction over a sitting President because "subjecting the President to a state trial court's jurisdiction imposes upon him a degree of control by the State of New York that interferes with his ability to carry out his constitutional duty of executing the laws of the United States." *Id.* at 131. The First Department granted the President leave to appeal its 3-2 decision to the Court of Appeals and granted the President's motion to stay proceedings "pending hearing and determination of the appeal by the Court of Appeals." *Zervos v. Trump*, 2020 WL 63397, 2020 N.Y. Slip Op. 60193(U).

This action should be stayed as well. The issue on appeal in *Zervos* is squarely present in this action, and if resolved by the Court of Appeals in favor of the President, this Court would be without jurisdiction to hear this action, which must be dismissed or stayed while President Trump is in office. Accordingly, this threshold issue -- whether the President is immune from suit in state court while in office -- should be decided by the Court of Appeals before this action proceeds.

NYSCEF DOC. NO. 49
INDEX NO. 160694/2019
RECEIVED NYSCEF: 02/04/2020
Case 1:20-cv-07311-LAK   Document 14-49   Filed 09/15/20   Page 13 of 19

### B. Official Immunity Claims Must be Decided at the Outset of the Case.

To avoid negating a claim of official immunity -- here, the President's constitutional right to immunity from suit in state court while in office -- the courts have repeatedly made clear that courts should decide such claims at the beginning of the case, before discovery. *See, e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (Immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery …, as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'") (emphasis in original) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in the litigation."); *Hegarty v. Somerset Cnty.*, 25 F.3d 17, 18 (1st Cir. 1994) ("[I]mmunity from suit includes protection from the burdens of discovery . . . [and] the stay of discovery, of necessity, ordinarily must carry over through the *appellate court's* resolution of [the immunity question], so long as the appeal is non-frivolous.") (emphasis in original); *Liu v. New York City Police Dep't*, 216 A.D.2d 67, 69 (1st Dep't 1995) (assertion of immunity is "an issue of law which the court should decide at the earliest possible stage of the litigation").

### C. The Courts are Constitutionally Required to Give Deference to the President.

*A fortiori*, when the official asserting immunity is the President, the immunity issue must be decided first. A stay would permit resolution of the President's claim that he is immune from suit in state court while in office, and is also mandated because of the unique role of the President under Article II of the Constitution. *See Clinton v. Jones*, 520 U.S. at 697-98 (Court had "no dispute" with the premise that the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties"). Accordingly, courts are required to give

8

deference to the President of the United States under the U.S. Constitution. *See Cheney*, 542 U.S. at 391-92 ("Special considerations applicable to the President . . . suggest that the courts should be sensitive to requests by the Government for interlocutory appeals . . . ."); *Clinton v. Jones*, 520 U.S. at 707 ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery."); *Nixon v. Fitzgerald*, 457 U.S. at 753 ("Courts traditionally have recognized the President's constitutional responsibilities and status as factors counseling judicial deference and restraint."); *United States v. Nixon*, 418 U.S. at 715 (1974) (Courts must extend the President "that high degree of respect due the President of the United States."); *United States v. Burr*, 25 F.Cas. at 192 (Courts may not "proceed against the President as against an ordinary individual.").

Given this constitutionally required deference, courts thus routinely grant a President's request for a stay pending appeal or interlocutory appeal on constitutional issues like the one presented here. *See Trump v. Mazars USA*, *supra* (granting President Trump's motion to stay, pending disposition of his petition for writ of certiorari, and, if granted, judgment of the Court, on the constitutionality, under the Separation of Powers doctrine, of a Congressional subpoena to President's accountant seeking pre-presidential, private documents); *Trump v. Deutsche Bank*, *supra* (same); *United States v. Nixon*, 418 U.S. at 714 ("[e]nforcement of the subpoena duces tecum [directed to President Nixon] was stayed pending this Court's resolution of the issues," including whether, under the Separation of Powers doctrine, a federal district court may issue a subpoena to the President in a criminal action); *Trump v. Vance*, *supra* at *1 (granting stay of enforcement of state grand jury subpoena seeking the President's documents from his accountant, given "the unique issues raised by this appeal," including whether, under the Supremacy Clause, a state grand jury may issue a subpoena seeking the President's records); *In*

*re Trump*, 781 F. App'x at 2 (district court abused its discretion in denying the President's request for an immediate interlocutory appeal from denial of his motion to dismiss claim that he violated the Foreign Emoluments Clause of the U.S. Constitution, because the issues raised were "unsettled" and potentially "dispositive"); *In re Trump*, 928 F.3d at 364 (granting President permission to file interlocutory appeal and staying district court proceedings pending that appeal from district court's orders, which denied the President's motion to dismiss and permitted discovery on claims he violated the Emoluments Clauses); *Jones v. Clinton*, *supra* (granting President Clinton's motion to stay pending President Clinton's appeal to the U.S. Supreme Court on whether the Separation of Powers doctrine bars federal court jurisdiction over actions against the President arising from his unofficial conduct); *Nixon v. Sirica*, 487 F.2d at 721 (directing district court to stay the action to allow the President to appeal the district court's determinations compelling disclosure of materials subject to the President's claim of Article II privilege); *Galicia v. Trump*, *supra* (granting the President a stay pending appeal on whether the trial court could, consistent with Article II of the U.S. Constitution, require the President to appear for deposition).[3]

Moreover, under the Supremacy Clause, a substantive federal right -- including the President's right to judicial deference -- takes precedence over any state procedures that would nullify that right. *See Haywood v. Drown*, 556 U.S. 729, 736, 740-41 (2009) ("[A]lthough States retain substantial leeway to establish the contours of their judicial systems, they lack authority to

---

[3] The principle that the President is entitled to a stay pending appeal is so well recognized that, in *Trump v. Vance*, *supra*, after the Second Circuit granted an initial, administrative stay, No. 19-3204, 2019 WL 5703884, at *1 (2d Cir. Oct. 7, 2019), the parties -- including the New York County District Attorney, the Department of Justice, and the President -- all acknowledged that a stay pending President Trump's appeal was necessary. *See* Appellee's Letter, *Trump v. Vance*, No. 19-3204 (2d Cir. Oct. 21, 2019), ECF No. 136 (memorializing parties' agreement to a stay pending appeal and petition for *certiorari*). *See also Trump v. Mazars USA, LLP*, 940 F.3d 710, 718 (D.C. Cir. 2019) ("By agreement of the parties, Mazars need not comply with the subpoena during the pendency of this expedited appeal."), *cert. granted*, --- S.Ct. ----, 2019 WL 6797734 (Mem) (U.S. Dec. 13, 2019) (No. 19-715).

nullify a federal right. . . . A State's authority to organize its courts, while considerable, remains subject to the strictures of the Constitution."); *Felder v. Casey*, 487 U.S. 131, 151 (1988) ("Just as federal courts are constitutionally obligated to apply state law to state claims, *see* [*Erie R. Co. v. Tumpkins*, 304 U.S. 64 (1983)], so too the Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under controlling federal law [are] protected.'") (citation omitted); *Lerner v. Karageorgis Lines, Inc.*, 66 N.Y.2d 479, 485 (1985) ("[A] state court may not limit a party's [federal] substantive rights by applying its own procedural rules . . . .").

### D. The Requested Stay is Warranted Under CPLR § 2201.

The requested stay is thus unquestionably warranted under CPLR § 2201, which authorizes this Court to "grant a stay of proceedings in a proper case, upon such terms as may be just." Under CPLR § 2201, courts stay proceedings where, as here, "the point of law involved in the case, and potentially dispositive of it, is about to be definitively decided in another case presently on appeal before a court whose decisions bind the trial court." Patrick M. Connors, Practice Commentaries, McKinney's Cons. Laws of NY Annotated, CPLR C2201:11 (citation omitted). *See also In re Reynders v. Conway*, 79 A.D.2d 863, 864 (4th Dep't 1980) ("[T]he court had the power to stay petitioners['] . . . action until the . . . appeal was argued in the Court of Appeals."); *Belabarodaya*, *supra* at *2 (granting stay pending two appeals to the Court of Appeals in other cases on a dispositive issue); *Assenzio v A.O. Smith Water Prods.*, No. 190008/12, 2015 WL 5283301, at *1-2 (Sup. Ct., N.Y. Cnty. Aug. 28, 2015) (granting stay pending appeal in a separate case that would have a "significant impact" on the action.)

A stay would also avoid "the duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay [which] outweigh any prejudice to plaintiff." *OneBeacon Am. Ins. Co.*, *supra* at 541, 541 (affirming grant of stay under CPLR

11

§ 2201, and holding that "[t]he duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay [pending appeal in a related action in another state] outweigh any prejudice to plaintiff"); *see also Uptown Healthcare Mgmt., Inc. v. Rivkin Radler LLP*, 116 A.D.3d 631, 631 (1st Dep't 2014) (affirming granting of a stay pending ruling in a separate case in federal court which presented "common question of law and fact"); *Belopolsky v. Renew Data Corp.*, 41 A.D.3d 322, 322 (1st Dep't 2007) (affirming stay pending resolution of related case between different parties where the resolution "may dispose of or limit issues which are involved in the subsequent action").[4]

The balance of the equities also favors granting a stay. Absent a stay, the President would be deprived of his constitutional right to immunity from this action while in office, including his immunity to the extensive and burdensome discovery requests plaintiff has served under the Court's scheduling order. (*See* Kasowitz Aff. ¶ 6.) In this regard, the U.S. Supreme Court has made clear that courts may not, consistent with the Constitution, require a President to "place himself in the posture of disobeying an order of a court merely to trigger the procedural mechanism for review of the ruling . . . ." *United States v. Nixon*, 418 U.S. at 692. The only appropriate procedure, therefore, is to stay this action, including all discovery and scheduling orders, to enable the Court of Appeals to review and decide whether the President, under the Supremacy Clause, is subject to such discovery and orders in the first place.

Moreover, if this action proceeds, the burden would extend to the public interest. The unnecessary distraction of the "President from his public duties [works] to the detriment of not only the President and his office but also the Nation that the Presidency was designed to serve."

---

[4] Plaintiff herself argued that this action should be designated as a related case to *Zervos* and reassigned to Justice Schecter based on overlapping and novel legal issues and judicial economy. (*See supra* at 5.)

12

*Nixon v. Fitzgerald*, 457 U.S. at 753.  In such a circumstance, a party "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted."  *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936); *see also Uptown Healthcare Mgmt.*, 116 A.D.3d at 631 ("[T]he duplication of effort, waste of judicial resources, and possibility of inconsistent rulings in the absence of a stay outweigh any prejudice to plaintiff resulting from the stay.") (citation omitted).

## CONCLUSION

A stay of all proceedings pending the decision of the Court of Appeals in *Zervos v. Trump* should be granted.

Dated: New York, New York.
February 4, 2020

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: */s/ Marc E. Kasowitz*
    Marc E. Kasowitz
    Christine A. Montenegro
    Paul J. Burgo

  1633 Broadway
  New York, New York 10019
  T:  (212) 506-1700
  E:  mkasowitz@kasowitz.com
     cmontenegro@kasowitz.com
     pburgo@kasowitz.com

LAROCCA HORNIK ROSEN &
   GREENBERG LLP
   Lawrence S. Rosen
   Patrick McPartland
   Jared E. Blumetti

   40 Wall Street 32nd Floor
   New York, New York 10005
   T: (212) 530-4822, 4837, 4831
   E: lrosen@lhrgb.com
     pmcpartland@lhrgb.com
     jblumetti@lhrgb.com

*Attorneys for Defendant Donald J. Trump*