FILED: NEW YORK COUNTY CLERK 02/18/2020 02:53 PM
NYSCEF DOC. NO. 58

INDEX NO. 160694/2019
RECEIVED NYSCEF: 02/18/2020

Case 1:20-cv-07311-LAK   Document 14-59   Filed 09/15/20   Page 1 of 4

# EXHIBIT 3



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONWALSH.COM

A LIMITED LIABILITY PARTNERSHIP

January 13, 2020

**By FedEx Overnight Delivery**

John P. Asiello, Esq.
Clerk of Court
New York State Court of Appeals
20 Eagle Street
Albany, New York 12207
Phone: (518) 455-7700

Re:   *Summer Zervos v. Donald Trump*, Index No. 150522/2017

Dear Mr. Asiello:

      We represent Summer Zervos in the above-referenced defamation action against Defendant Donald J. Trump. In an order dated January 7, 2020, the First Department, Appellate Division, denied the Defendant's motion to reargue the Division's prior order allowing Ms. Zervos's defamation suit against him to go forward. The First Department did, however, grant leave for this Court to determine whether the First Department's ruling was correct and, without providing any reasoning, issued a stay of *all* trial court proceedings while this Court's decision is pending.

      Ms. Zervos filed her lawsuit nearly two years ago, and yet the parties are still litigating threshold issues. During those two years she has successfully defended against numerous pretrial motions and six stay requests while making every effort to complete discovery on schedule. Now, just as the parties were set to begin depositions, her case has been put on hold while the Court determines a question that has already been fully briefed and decided in her favor three times.[1]

---

[1] Ms. Zervos has successfully briefed the very question presented to the Court of Appeals for the trial court, the Appellate Division, and yet again in response to Defendant's latest motion to reargue the Appellate Division's order. The record reflects over 300 pages of substantive briefing.

At every juncture, and despite repeated efforts by the Defendant to delay this action, Ms. Zervos has worked diligently to move this case to trial as quickly as possible. She remains eager to bring her claim to resolution before witness testimony critical to this defamation action fades to memory.

Accordingly, to avoid further undue delay, Ms. Zervos respectfully requests that the Court resolve this interlocutory appeal using its alternative review procedure and on as expedited a schedule as is practicable, pursuant to Section 500.11(b)(5) of the Court's Rules of Practice. That procedure, which allows the Court to decide the question before it without full briefing and without oral argument, is appropriate here. There are no new issues for this Court's consideration. This appeal can and should be decided on the fulsome submissions that have already been presented to two lower courts. *See* Rule 500.11(a). Re-briefing and re-arguing the same question would only cause undue and unjust delay and waste judicial resources. Furthermore, to the extent that this Court believes that further submissions are necessary, the supplemental letter briefing contemplated under Rule 500.11(a) would be more than sufficient.

Moreover, this appeal is a good candidate for alternative procedure review because it presents a narrow issue that is not of *state-wide* importance. *See* Rule 500.11(b)(3). Indeed, the question presented implicates *only* the sitting President of the United States, and no other potential defendant.

In the alternative, if the Court desires additional briefing and argument, Ms. Zervos requests that the schedule be expedited to allow for oral argument no later than during the Court's March session, which currently lists four available argument dates.

Finally, Ms. Zervos requests that this Court lift the stay of trial court proceedings while this is appeal is pending so that discovery can continue as scheduled.[2] Defendant would not be prejudiced by expedited treatment of this threshold issue. To the contrary, despite his multiple attempts to stay this case,

---

[2] This Court is empowered to "vacate, limit or modify any stay" imposed by "[t]he court from or to which an appeal is taken or the court of original instance." *See* N.Y. C.P.L.R. 5519(c). Furthermore, Defendant's argument that the Supremacy Clause requires that this case be stayed while he is President is premised primarily on a concern that the court might have to sanction him based on his conduct *during his deposition*. Every other deposition and all fact discovery can be completed without implicating the Defendant's concern. Accordingly, even if the Court concludes that some form of stay is appropriate, Ms. Zervos requests that the stay be limited to the deposition of the Defendant himself, and that the parties be allowed to continue with all remaining discovery.

2

Defendant himself has received expedited review of his own lawsuits filed in other courts this year. *See, e.g., Trump v. Vance*, No. 19-3204 (2d Cir. Oct. 7, 2019) (order granting expedited consideration of President Trump's emergency appeal of the district court's decision dismissing the President's complaint); *Trump v. Mazars USA*, No. 19-5142 (D.C. Cir. May 23, 2019) (order setting expedited briefing and argument in President Trump's appeal of the district court's decision entering judgment against President Trump).

For the reasons stated above, Ms. Zervos requests that that the Court invoke its alternative review procedure or, in the alternative, set an expedited briefing schedule with oral argument to be held no later than the Court's March session. Ms. Zervos also requests that the Appellate Division's stay be lifted during the pendency of this appeal.

Sincerely,

*[signature]*

Beth A. Wilkinson
Jaclyn Delligatti
2001 M Street, N.W., 10th Floor
Washington, DC 20036
(202) 847-4000
bwilkinson@wilkinsonwalsh.com
jdelligatti@wilkinsonwalsh.com

Moira Kim Penza
Meghan Cleary
130 West 42nd Street, Suite 1402
New York, NY 10036
(929) 264-7765
mpenza@wilkinsonwalsh.com
mcleary@wilkinsonwalsh.com

WILKINSON WALSH + ESKOVITZ LLP
*Attorneys for Plaintiff*

cc: All Counsel, via FedEx and Email.

3