# EXHIBIT 7

# KASOWITZ BENSON TORRES LLP

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
DIRECT FAX: 212-835-5010
MKasowitz@Kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

January 16, 2020

Via Federal Express

John P. Asiello, Esq.
Clerk of Court
New York State Court of Appeals
20 Eagle Street
Albany, New York 12207

Re: *Summer Zervos v. Donald Trump*, Index No. 150522/2017

Dear Mr. Asiello:

We represent appellant President Donald J. Trump in this appeal.[1] We write in response to respondent Summer Zervos's counsel's letter, dated January 13, 2020, in which she requests that the "Court invoke its alternative review procedure or, in the alternative, set an expedited briefing schedule with oral argument to be held no later than the Court's March session" and that the Appellate Division's stay pending President Trump's appeal be lifted.

Respondent's requests should be denied.[2] This appeal concerns whether, under the Supremacy Clause of the U.S. Constitution, state courts have jurisdiction to hear actions against a sitting U.S. President -- which the U.S. Supreme Court in 1997 called an "important constitutional issue," *Clinton v. Jones*, 520 U.S. 681, 690-91 (1997), and which remains, as the Appellate Division correctly noted, "a constitutional issue of first impression," *Zervos v. Trump*,

---

[1] On January 7, 2020, the Appellate Division, First Department, granted leave to appeal to this Court. *Zervos v. Trump*, No. 150522/17, M-8288 (1st Dep't Jan. 7, 2020). Appellant is filing herewith his preliminary appeal statement pursuant to Rule 500.9.

[2] Given that a letter "initiating the alternative review procedure" has not been (and should not be) issued under Rule 500.11(a), this does not constitute a letter under Rule 500.11(c)(2). However, for the avoidance of doubt, none of the enumerated reasons in Rule 500.11(b) to employ the Court's alternative review procedures apply here, and appellant reserves all arguments made in his intermediate appellate court briefs. This letter does respond to respondent's other requests and addresses the serious misstatements and inaccuracies in respondent's letter. Respondent's requests to expedite the appeal and to vacate or modify the Appellate Division's stay pending this appeal are not only substantively meritless (as shown below), but are also procedurally improper. Her request, pursuant to CPLR 5519(c), to vacate or modify the stay should be made by formal motion pursuant to Rule 500.21. To the extent that her request to "expedite" the appeal is a request for a calendar preference, she failed to follow the requirements of Rule 500.17(b).

John P. Asiello, Esq.
January 16, 2020
Page 2

171 A.D.3d 110, 113 (1st Dep't 2019). As such, the appeal merits full briefing and argument before this Court, and there is no reason to expedite this appeal or to vacate or modify the Appellate Division's stay.

### A. There is No Urgency to the Appeal.

There is no urgency to this appeal warranting the relief respondent seeks. Respondent herself has not treated this case, or this appeal, with any urgency.[3] Respondent never served a notice of entry of the Appellate Division's March 2019 order -- which could have and would have commenced the time limit for appellant to move for leave to appeal from that order earlier than October 18, 2019, when appellant filed the notice of entry (NYSCEF Doc. No. 248). *See* CPLR § 5513(b); *see also* New York State Court of Appeals, *Civil Motions Frequently Asked Questions*, available at https://www.nycourts.gov/ctapps/civilmotfaq.htm (last visited Jan. 16, 2020); David D. Siegel & Patrick M. Connors, *New York Practice* § 533 (6th ed. 2018) ("As a rule, the winning party should serve the . . . order (with notice of entry) on the loser" and "having won below, the respondent is the one with the incentive to get the appeal time running . . . .").

Nor has respondent litigated this action with any urgency or expedition in the trial court.[4] For example, appellant served document requests seeking financial documents related to respondent's claim of loss earnings on July 13, 2018; however, notwithstanding repeated admonitions and orders from the court (NYSCEF Doc. Nos. 249, 265), to this day, they have not been produced. For months, respondent has also improperly asserted privilege over documents, necessitating numerous court calls and *in camera* review; she ultimately withdrew the privilege designations for the great majority of those documents, many of which were not privileged on their face. Moreover, both parties jointly requested and received from the trial court at least four extensions of discovery deadlines. (*See* NYSCEF Doc. Nos. 230, 234, 242, 246.) Most recently, on November 1, 2019, respondent's former counsel requested and received from the court, with respondent's consent, a thirty-day extension of all court-ordered deadlines, declining to provide the reason for her request. (NYSCEF Doc. No. 265.) Then, on a November 14, 2019 court call, respondent's former counsel explained that respondent was transitioning to new counsel and requested and received an additional two-week hiatus.

In short, respondent's claim that she made "every effort to complete discovery on schedule" is false. Equally false is her assertion that appellant engaged in "numerous pretrial motions." In fact, appellant made only two pretrial motions in the trial court -- his motion to dismiss, at issue here, and a motion to bifurcate briefing on that motion, which appellant withdrew after reaching an agreement with respondent (NYSCEF Doc. No. 40). Respondent has made the *same* number of pretrial motions, including a largely unsuccessful motion to compel (NYSCEF Doc. Nos. 225) and a motion to de-designate documents produced and designated by

---

[3] In her Complaint, respondent sought $2,914 in monetary damages and an "apology," arising from appellant's allegedly defamatory statements during his campaign for President.
[4] Respondent's current counsel replaced her former counsel in late November 2019 and apparently is unfamiliar with the facts set forth herein.

John P. Asiello, Esq.
January 16, 2020
Page 3

a third-party, the Trump Organization, as confidential, which was quickly settled (NYSCEF Doc. No. 263).

Respondent's claim that appellant made "six stay requests" is misleading: among other things, respondent is counting requests for interim stays separately from the stay motions in the Appellate Division and in this Court (which held that it lacked jurisdiction).

It is irrelevant that, as respondent argues, the President "has received expedited review of his own lawsuits filed in other courts this year." In both *Trump v. Vance*, No. 19-3204 (2d Cir.) and *Trump v. Mazars USA*, No. 19-5142 (D.C. Cir.), cited by respondent, all parties requested expedited review, and there were urgent deadlines of public importance that required expedition. *Trump v. Vance*, No. 19-3204 (2d Cir.) involved the President's challenge to a subpoena to his accountant issued by a state prosecutor facing a statute of limitations deadline, ECF No. 99 at 1, 19, 51. *Trump v. Mazars USA*, No. 19-5142 (D.C. Cir.) involved the President's challenge to a subpoena to his accountant issued by the House of Representatives relating to pending legislation, Doc. No. 1789081. Respondent here has not articulated, because she cannot, any public interest or urgent deadline at stake that would justify deviating from the Court's ordinary briefing schedule.

Finally, allowing the present appeal to follow its ordinary course may well provide this Court with the benefit of the U.S. Supreme Court's decision in *Trump v. Vance*, --- S.Ct. ----, 2019 WL 6797730 (Mem) (U.S. Dec. 13, 2019) (No. 19-635), which is set to be heard during the Court's March Term, *id.*, and in which the President is challenging a state prosecutor's subpoena on, among others, Supremacy Clause grounds.

B.   There is no Basis to Disturb the First Department's Stay

There is also no basis to vacate or modify the Appellate Division's stay from its 3-2 decision. *Zervos v. Trump*, No. 150522/17, M-8288 (1st Dep't Jan. 7, 2020).

The stay ensures that the decisions below are reviewable by this Court and, if necessary, the U.S. Supreme Court. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985) (holding a denial of immunity is "effectively unreviewable" after final judgment); *Alvarez v. Snyder*, 264 A.D.2d 27, 34 (1st Dep't 2000) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages"). Moreover, numerous courts have recognized that a President's request for a stay pending appeal should be granted, given the deference due the President under the Constitution. *See Trump v. Mazars USA, LLP*, --- S.Ct. ----, 2019 WL 6328115 (Mem) (U.S. Nov. 25, 2019) (No. 19A545) (granting President Trump's motion to stay mandate); *Trump v. Deutsche Bank AG*, --- S.Ct. ----, 2019 WL 6797733 (Mem) (U.S. Dec. 13, 2019) (No. 19A640) (same); *United States v. Nixon*, 418 U.S. 683, 714 (1974); *Trump v. Vance*, No. 19-3204, 2019 WL 5703884, at *1 (2d Cir. Oct. 7, 2019) (order granting stay given "the unique [Constitutional] issues raised by the appeal"); *In re Trump*, 781 F. App'x 1, 2 (D.C. Cir. 2019); *In re Trump*, 928 F.3d 360, 368 (4th Cir. 2019); *Jones v. Clinton*, No. 95-1167 (8th Cir. Apr. 16, 1996) (granting President Clinton's "motion to stay the mandate" until "final disposition of the case by [the

John P. Asiello, Esq.
January 16, 2020
Page 4

Supreme C]ourt"); *Nixon v. Sirica*, 487 F.2d 700, 721 (D.C. Cir. 1973) (directing District Court to "provide a reasonable stay to allow the President an opportunity to appeal."); *Galicia v. Trump*, Index No. 24973/15E, M-7413 (1st Dep't Oct. 24, 2019) (granting the President a stay pending appeal from the trial court's order requiring him to appear for deposition).

This principle is so well recognized that, in *Vance, supra*, following the Second Circuit's initial, administrative stay, the parties -- including the New York County District Attorney, the Department of Justice, and the President -- all acknowledged that a stay was necessary, pending President Trump's appeal and his petition for *certiorari* to the U.S. Supreme Court. *See Vance*, No. 19-3204, 2019 WL 5703884, at *1 (granting administrative stay); Appellee's Letter, *Trump v. Vance*, No. 19-3204 (2d Cir. Oct. 21, 2019), ECF No. 136 (memorializing parties' agreement to a stay pending appeal and petition for *certiorari*); *Trump v. Vance*, --- S.Ct. ----, 2019 WL 6797730 (Mem) (U.S. Dec. 13, 2019) (No. 19-635). *See also Trump v. Mazars USA, LLP*, 940 F.3d 710, 718 (D.C. Cir. 2019) ("By agreement of the parties, Mazars need not comply with the subpoena during the pendency of this expedited appeal"), *cert. granted*, --- S.Ct. ----, 2019 WL 6797734 (Mem) (U.S. Dec. 13, 2019) (No. 19-715).

And, if anything, the stay here is likely required by the U.S. Constitution. *See Haywood v. Drown*, 556 U.S. 729, 736, 740-41 (2009) ("[A]lthough States retain substantial leeway to establish the contours of their judicial systems, they lack authority to nullify a federal right. . . . A State's authority to organize its courts, while considerable, remains subject to the strictures of the Constitution."); *Lerner v. Karageorgis Lines, Inc.*, 66 N.Y.2d 479, 485 (1985) (noting a state court must not "limit a party's [federal] substantive rights by applying its own procedural rules," but rather must give way to federal constitutional law).

Respondent's alternate request, to stay only the President's deposition, but allow all other discovery to proceed (Letter at 2 n.2), is also inappropriate. The immunity that the President seeks to vindicate on this appeal is not immunity from deposition, but rather temporary immunity from suit while in office. *See, e.g., Clinton v. Jones*, 520 U.S. at 706 (recognizing that a stay originally imposed by the district court that allowed "discovery to proceed" -- prior to that court's issuance of a stay of all proceedings pending President Clinton's appeal of that decision -- "was not the functional equivalent of the constitutional immunity that petitioner claimed").

\* \* \*

NYSCEF DOC. NO. 62
INDEX NO. 160694/2019
RECEIVED NYSCEF: 02/18/2020

Case 1:20-cv-07311-LAK   Document 14-63   Filed 09/15/20   Page 6 of 6

John P. Asiello, Esq.
January 16, 2020
Page 5

      Respondent's requests should be denied.

                                              Respectfully,

                                              Marc E. Kasowitz

cc: All Counsel, via FedEx and Email.