# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0884
DIRECT EMAIL    rkaplan@kaplanhecker.com

March 10, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
80 Centre Street, Room 326
New York, New York 10013

    Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

    We write on behalf of Plaintiff E. Jean Carroll in brief response to the letter filed yesterday by Defendant Donald J. Trump. *See* Doc. No. 76. Our two prior submissions intentionally avoided legal argumentation and simply attached for Your Honor's information the Trump campaign's recent defamation complaints against the *New York Times*, the *Washington Post*, and CNN. *See* Docs. No. 71-75. This letter seeks to correct the mischaracterizations that Trump's letter makes.

    In yesterday's letter, Trump contends that Carroll submitted the recent defamation complaints in support of a "waiver argument" and that "the same waiver argument" will be decided by the Court of Appeals in *Zervos*. Doc. No. 76. at 1. That is incorrect. Nowhere in any of the briefs in this matter do we argue that Trump waived a defense of presidential immunity. Instead, we argue that Trump's unprecedented history of personal conduct litigation confirms that such litigation does not actually encumber his duties in office.

    That's why the recent lawsuits against media organizations are so relevant: they are further evidence of the emptiness of Trump's burden claim. Those lawsuits concern links between the Trump campaign and the Russian government, and Trump himself will be a key fact witness in all three cases. During the March 4 oral argument before Your Honor, Trump's counsel did not deny that Trump's campaign would file such lawsuits only with Trump's personal approval. If litigation (like this action) concerning Trump's unofficial conduct and requiring his participation were truly burdensome, those cases never would have been filed. Trump should not be heard to complain about speculative and marginal burdens here, even as he approves and initiates other civil cases that bear directly on his official acts and require extensive personal involvement.

KAPLAN HECKER & FINK LLP

2

At bottom, Trump's motion to stay this action and Trump's presidential immunity claim in *Zervos* both rest on a purported burden to the presidency. The Trump campaign's recent defamation suits only further confirm how illusory those claims of burden are.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via NYSCEF)