# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

June 29, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

    Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

    We write on behalf of Plaintiff E. Jean Carroll in response to the Notice of Voluntary Withdrawal of Affirmative Defense that Defendant Donald J. Trump filed earlier today. *See* Doc. No. 93. In his Notice, Trump withdraws his affirmative defense of lack of personal jurisdiction and states that his withdrawal moots Carroll's pending motion to strike. *Id.* Carroll does not oppose Trump's decision to withdraw that meritless defense, and she acknowledges that such a withdrawal, assuming it is with prejudice, moots Carroll's motion to strike. But Trump's Notice also states that "plaintiff's attorneys have refused to sign" a stipulation to facilitate Trump's withdrawal. Because that statement is misleading and inaccurate, we write to correct the record. *Id.*

    As Your Honor is aware, Trump first moved to dismiss this action on personal jurisdiction grounds on January 3, 2020. Doc. No. 33. In response, Carroll argued that Trump remained domiciled in New York and reserved her right to seek sanctions for frivolous conduct intended to delay proceedings. Doc. No. 34 at 6 n.2. The Court (Ling-Cohan, J.) agreed that Trump's motion to dismiss was baseless, holding that there was "not even a tweet, much less an affidavit by defendant Trump in support of his motion." Doc. No. 36 at 1.

    Weeks later, Trump reasserted personal jurisdiction as an affirmative defense in his Answer. Doc. No. 68 ¶ 155. Tellingly, although Trump necessarily has, and has always had, full knowledge of the facts relevant to his domicile, Trump made no effort to address any of the deficiencies of that defense that the Court had identified. And after Trump admitted to a group of U.S. governors that he "lives in Manhattan," enough was enough. Carroll moved to strike Trump's personal jurisdiction defense pursuant to CPLR § 3211(b). Doc. No. 82. Carroll again reserved the right to seek recovery of costs and fees in connection with the motion. Doc. No. 92 at 12 n.12.

KAPLAN HECKER & FINK LLP

2

On the eve of Trump's opposition deadline, his attorney revealed that Trump did not intend to oppose the motion to strike. The next day, his attorney proposed a stipulation that would recognize Trump's withdrawal of his personal jurisdiction defense. As reflected in the communications between counsel attached as Exhibit A, Carroll was amenable to such a stipulation. Our only request was that the stipulation acknowledge that Carroll was reserving her right to seek costs and fees in connection with the motion to strike. After Trump resisted that acknowledgment, we offered on multiple occasions to make the reservation of rights mutual, such that Trump would reserve his right to oppose any motion for costs and fees that Carroll might make.

Accordingly, any suggestion that Carroll "refused" to sign a stipulation is false. Although Carroll was not willing to sign the stipulation in the exact form that Trump had drafted, stipulations in judicial proceedings are not take-it-or-leave-contracts that the more powerful party may hold over the other. Trump may have balked at a stipulation that would acknowledge the potential consequences of pushing a frivolous defense, but it was hardly inappropriate for Carroll's counsel to ensure that Carroll's rights were protected in any stipulation bearing her name.

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record (via NYSCEF)