# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

July 10, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

Re:   *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

We write on behalf of Plaintiff E. Jean Carroll to provide notice of supplemental authority confirming that Defendant Donald J. Trump's presidential immunity claim in this action, the sole basis for his motion for a stay, *see* Doc. No. 49, lacks any merit whatsoever. As Your Honor may recall, Trump has moved to stay this action pending the New York Court of Appeals' decision in *Zervos v. Trump*. In that motion, Trump asserted that the Supremacy Clause provides presidential immunity for personal conduct actions pending in state court, even though the Supreme Court has already held that there is no such immunity for identical actions in federal court. *See* Doc. No. 49 at 6–7; Doc. No. 70 at 16–17. In other words, Trump argued that state and federal courts are completely different for purposes of assessing presidential immunity. However, the United States Supreme Court resoundingly rejected the central premises of that argument yesterday by a vote of 7-2 in *Trump v. Vance* (2020) (attached as Exhibit A and cited as "Slip op."). It follows directly from *Vance* that Trump's assertions of immunity in this case, as well as his purported arguments for a stay, are completely baseless.

*Vance* involved a New York grand jury subpoena issued by the Manhattan District Attorney seeking "financial records relating to the President and business organizations affiliated with [Trump]." Slip op. 2. Although there was a nearly 200-year history of the President being subject to *federal* judicial process, the Supreme Court noted that the subpoena at issue was "the first *state* criminal subpoena directed to a President." *Id.* at 1.

Trump's arguments here and in *Vance* are exactly the same—and fail for the same reasons.

Here, Trump has argued that there is a "critical difference" in terms of presidential immunity between proceedings in state and federal court. Doc. No. 70 at 16. In *Vance*, Trump argued that the "distinction [between state and federal proceedings] makes all the difference" for purposes of such immunity. Slip op. at 10.

Here, Trump has asserted that the Supremacy Clause affords him absolute immunity because "subjecting the President to a state trial court's jurisdiction imposes upon him a degree of control by the State of New York that interferes with his ability to carry out his constitutional duty of executing the laws of the United States." Doc. No. 49 at 7 (internal quotation marks omitted). In *Vance*, Trump asserted that "the Supremacy Clause gives a sitting President absolute immunity from state criminal subpoenas because compliance with those subpoenas would categorically impair a President's performance of his Article II functions." Slip op. at 10.

And here, Trump has contended that the mere pendency of this case serves as an "unnecessary distraction of the President from his public duties." Doc. No. 49 at 12. In *Vance*, Trump contended that a state court subpoena unrelated to his official functions as President remained an intolerable "diversion" from his official duties. Slip op. at 12.

Indeed, the parallels between *Vance* and the presidential immunity issue here are so great that Trump himself sought to use the Supreme Court's grant of a writ of certiorari in *Vance* to his advantage in the New York state courts. Specifically, in opposing Zervos's request for expedited proceedings at the New York Court of Appeals, Trump argued that the case should proceed on a lengthier schedule because doing so "may well provide [the] Court with the benefit of the U.S. Supreme Court's decision in *Trump v. Vance* . . . in which the President is challenging a state prosecutor's subpoena on, among others, Supremacy Clause grounds." Doc. No. 62 at 3.

The Supreme Court has now spoken, and it has rejected the supposed state-federal distinction that Trump has pressed in *Vance*, *Zervos*, and this case. Slip op. at 12–14. In the same breath, the Supreme Court has also rejected the policy arguments Trump has advanced here for treating him as immune from suit in state court. While denying Trump's claim of presidential immunity from state legal process, the Supreme Court in *Vance* applied the very separation of powers precedents that we cite in our opposition, Doc. No. 54 at 17–20 (and that Trump has deemed irrelevant), to explain that the Supremacy Clause does not confer immunity on the President simply because civil litigation might prove a "distraction." *Id.* at 12. Instead, as the Supreme Court explained yesterday, absolute immunity for a President is limited to litigation relating to official conduct because *only* official conduct actions stand to distort the Executive's "decisionmaking process." *Id.* Here, of course, there was nothing "official" about Trump's false statements defaming E. Jean Carroll after she spoke out about a sexual assault Trump committed in the mid-1990s.

Accordingly, the meritless arguments that Trump has used to delay this action should now be put to rest, and Trump's motion for a stay should be denied. Although *Zervos* nominally remains pending before the Court of Appeals, the Supreme Court's decision in *Vance* leaves no question that the Court of Appeal must affirm the decision of the Appellate Division, First Department, refusing to stay that case during Trump's Presidency since Trump is not immune from personal conduct actions in New York state court. As a result, there is certainly no "just" basis for a stay of this action pursuant to CPLR § 2201.

KAPLAN HECKER & FINK LLP

3

The Supreme Court reminded us yesterday that "[i]n our system of government, as this Court has often stated, no one is above the law. That principle applies, of course, to a President." Slip op. (Kavanaugh, J., concurring) at 1. Trump has no special right to defame those who have accused him of sexual misconduct and then avoid the consequences of his actions. Carroll should be permitted to resume discovery so that she can obtain justice for the defamation of her good name and character.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record (via NYSCEF)