# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 14, 2020

<u>VIA NYSCEF</u>

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
111 Centre Street, Room 934
New York, New York 10013

  Re: *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty).

Dear Justice Saunders:

  We write on behalf of defendant President Donald J. Trump to respond to plaintiff's July 10, 2020 letter to the Court ("Pl. Letter"), in which she asserts that the U.S. Supreme Court's decision last week in *Trump v. Vance*, No. 19-635, 2020 WL 3848062 (U.S. July 9, 2020), means that the President's motion to stay this case pending the now fully briefed appeal to the Court of Appeals from *Zervos v. Trump*, 171 A.D.3d 110 (1st Dep't 2019), should be denied.

  Plaintiff's assertion is incorrect. *Vance* does *not* hold that a civil action in state court against a sitting President like *Zervos* and this action may proceed. The Supreme Court itself made this clear on the same day it handed down *Vance*. In *Trump v. Mazars USA, LLP*, No. 19-715, 2020 WL 3848061 (U.S. July 9, 2020), which concerned the ability of Congress to issue a subpoena to the President, the Supreme Court explicitly noted that the holding in *Vance* was limited to criminal proceedings:

> Two hundred years ago, it was established that Presidents may be subpoenaed during a federal criminal proceeding, and earlier today we extended that ruling to **state criminal proceedings**, *Trump v. Vance*, ante, p. ___.

*Id.* at *4 (emphasis added) (citation omitted). The Supreme Court also confirmed in *Mazars* that its *Clinton v. Jones*, 520 U.S. 681 (1997), ruling was limited to civil actions against a sitting President in federal, not state, court:

> [M]ore recently we ruled that a private litigant could subject a President to a damages suit and appropriate discovery obligations **in federal court**, *Clinton v. Jones*, 520 U.S. 681 (1997).

# Kasowitz Benson Torres llp

Hon. Verna L. Saunders
July 14, 2020
Page 2

*Mazars*, 2020 WL 3848061, at *4 (emphasis added).

In fact, as outlined below, and contrary to plaintiff's arguments, *Vance* confirms the reasons *Clinton v. Jones*, which upheld federal court jurisdiction over civil actions against a sitting President, should not be extended to state court. In any event, the Court of Appeals itself will soon decide this issue on the pending *Zervos* appeal. Staying this action would not only allow the Court of Appeals to decide this threshold constitutional issue, but would extend the "judicial deference and restraint" the courts owe the President under the United States Constitution. *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982). (*See also* NYSCEF Doc. No. 49 at 9 (collecting cases).)

### A. The Reasoning in *Vance* and *Mazars* Supports the Conclusion That State Courts Lack Jurisdiction Over the President in Civil Actions.

While *Vance* neither addressed nor decided whether state courts may exercise jurisdiction over the President in civil actions, its reasoning supports the conclusion that the First Department's decision in *Zervos* that they may do so was erroneous.

First, in *Clinton v. Jones*, the Supreme Court decided that the federal district court there could exercise jurisdiction over President Clinton in a sexual harassment case arising from his alleged unofficial conduct precisely because, under the Separation of Powers doctrine, federal courts may exercise jurisdiction -- i.e., control -- over the President's official conduct.[1] However, state courts, under the Supremacy Clause, may not exercise any jurisdiction or control over the President's official conduct. *Vance* reaffirms this principle. *See Vance*, 2020 WL 3848062, at *8 (because "'States have no power … to retard, impede, burden, or in any manner control the operations of the constitutional laws enacted by Congress[,]' [i]t follows that States also lack the power to impede the President's execution of those laws." (quoting *McCulloch v. Maryland*, 4 Wheat. 316, 436 (1819))). Accordingly, the Supreme Court's justification in *Clinton v. Jones* has no application to state court jurisdiction.

Second, *Mazars* also reaffirms that the principal basis for the First Department's decision in *Zervos* -- that *Clinton v. Jones* "unequivocally demonstrates that the presidency and the President are indeed separable," 171 A.D.3d at 124 -- was erroneous:

> The interbranch conflict here does not vanish simply . . . because the President sued in his personal capacity. **The President is the only person who alone composes a branch of government.** As a result, there is not always a clear line between his personal and official affairs. "The interest of the man" is often "connected with the

---

[1] *See* Brief for Defendant-Appellant in *Zervos v. Trump*, APL-2020-00009, attached hereto as Exhibit 1 ("*Zervos* App. Br."), at 13-18

KASOWITZ BENSON TORRES LLP

Hon. Verna L. Saunders
July 14, 2020
Page 3

> constitutional rights of the place." Given the close connection between the Office of the President and its occupant, congressional demands for the President's papers can implicate the relationship between the branches regardless [*sic*] whether those papers are personal or official.

*Mazars*, 2020 WL 3848061, at *11 (emphasis added) (citation omitted). In other words, *Mazars* confirms that, because "[t]he President is the only person who alone composes a branch of government," state courts may not exercise direct control over the President, "simply . . . because the President [is] sued in his personal capacity." *Id*.

Finally, plaintiff again attempts to reduce the President's Supremacy Clause argument in *Zervos* to a claim that this action constitutes an impermissible "distraction" of the President, an argument *Vance* rejected in the criminal context. (Pl. Letter at 2.) However, distraction is not the basis for the President's argument in *Zervos*. Rather, as noted (NYSCEF Doc. No. 78), the dispositive constitutional issue in *Zervos* turns not on the distraction to the President, but on state courts' inability, under the Supremacy Clause, to control the President in a civil action in the first place -- an issue that was neither addressed nor decided by *Vance*. The President argued distraction only as an additional reason why the balance of the equities favors staying this action pending the appeal in *Zervos*. (*See* NYSCEF No. 49 at 12.)

**B. The Supreme Court's Holding in *Vance* Was Limited to the Criminal Context.**

The Supreme Court's holding in *Vance*, as noted, was limited to the criminal context, and its reasoning does not extend to civil actions.

First, the Supreme Court has repeatedly recognized that the heightened public interest in criminal actions justifies intrusions on the Executive Branch that would be impermissible in other contexts. *See Nixon v. Fitzgerald*, 457 U.S. at 754 n.37 ("The Court has recognized before there is a lesser public interest in actions for civil damages than . . . in criminal prosecutions."). In fact, the Supreme Court applied that principle in *Mazars*, in which it held that while *criminal* subpoenas may issue against the President because "'the very integrity of the judicial system' would be undermined without 'full disclosure of all the facts,'" Congress's "interests are not sufficiently powerful to justify access to the President's personal papers when other sources could provide Congress the information it needs." 2020 WL 3848061, at *12 (quoting *United States v. Nixon*, 418 U.S. 683, 709 (1974)). Here, as in *Zervos*, the interest in pursuing a civil action now, as opposed to when the President is no longer in office, is plainly much less powerful than the Congressional interest the Court held was insufficient. Unlike criminal proceedings, there is no pressing need for a state court to exercise control over a sitting President in a civil action, particularly because the action can be stayed until the President is no longer in office.

KASOWITZ BENSON TORRES LLP

Hon. Verna L. Saunders
July 14, 2020
Page 4

      Second, in *Vance*, the cornerstone of the Supreme Court's decision was that, if state criminal proceedings threatened the independence or effectiveness of the Executive, the President would "be entitled to the protection of federal courts," by availing himself of 42 U.S.C. § 1983. *Id.* However, that avenue is not available to the President in civil actions.[2] *Compare Peters v. Noonan*, No. 12-CV-234-FPG, 2020 WL 1322573, at *1 (W.D.N.Y. Mar. 20, 2020) ("The Second Circuit has read [section 1983] to preclude both injunctive and declaratory relief against a judicial officer." (citation omitted)) *with Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (prosecutors do not enjoy absolute immunity from declaratory and injunctive relief claims under § 1983). Therefore, because the President does not have recourse in federal courts from undue influence in civil actions, state courts may not exercise jurisdiction over a sitting President in civil actions.

      Plaintiff cites to Justice Kavanaugh's concurrence in *Vance*, which stated that the President is not "above the law." (Pl. Letter at 3.) She omits that Justice Kavanaugh went on to say: "[a]t the same time, in light of Article II of the Constitution, this Court has repeatedly declared -- and the Court indicates again today -- that a court may not proceed against a President as it would against an ordinary litigant." *Vance*, 2020 WL 3848062, at *13 (Kavanaugh, J., concurring). In any event, as the Supreme Court noted in *Clinton v. Jones*, "a postponement of the judicial proceedings" during the Presidency does not place "the occupant of the Office of the President . . . 'above the law.'" *Clinton v. Jones*, 520 U.S. at 697. (*See generally Zervos* App. Br. at 28-29.)

      Respectfully submitted,

*[signature]*

Marc E. Kasowitz

cc:    Counsel of Record

---

[2] *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.")