# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

July 15, 2020

**VIA NYSCEF**

The Honorable Verna L. Saunders
Supreme Court of the State of New York, New York County
111 Centre Street, Room 934
New York, New York 10013

    Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Justice Saunders:

    We write on behalf of Plaintiff E. Jean Carroll in response to Defendant Donald J. Trump's letter of yesterday's date. In that letter, President Trump asserts that his recent, historic defeats at the Supreme Court somehow advance his position here. This argument is as desperate as it is unconvincing—particularly when these rulings are set in the broader context, as discussed below.

    Presidents have long argued that they are immune from accountability in state and federal court, but these arguments have failed time and again, except in the special case of civil damages suits seeking to impose liability on Presidents for their official conduct. *See Nixon v. Fitzgerald*, 457 U.S. 731, 751 (1982). They failed when President Nixon asserted immunity from federal criminal subpoenas. *See United States v. Nixon*, 418 U. S. 683 (1974). They failed when President Clinton asserted immunity from civil claims filed in federal court arising from private conduct. *See Clinton v. Jones*, 520 U. S. 681 (1997). They failed when President Trump asserted immunity from state criminal subpoenas. *See Trump v. Vance*, No. 19-635 (U.S. July 9, 2020). And they failed when President Trump asserted effective immunity from Congressional subpoenas concerning his private conduct. *See Trump v. Mazars USA LLP*, No. 19-715 (U.S. July 9, 2020).

    There is a clear message here. Presidents lose when they argue that they are above the law. They lose when they argue that state courts are categorically inferior than federal courts and can't be trusted to decide sensitive questions. They lose when they argue that they are too important, or too busy, to answer for private misconduct or to provide information in connection with an investigation into whether crimes were committed. And they lose when they invent novel theories—never embraced by the Supreme Court—to assert that the Constitution forbids ordinary Americans like Ms. Carroll from seeking justice.

**KAPLAN HECKER & FINK LLP**                                                                 2

      In their July 14 letter, Messrs. Trump and Kasowitz ignore all of that. Instead, they try to unnecessarily complicate things and kick up a cloud of dust by pointing to irrelevant or incorrect distinctions between *Vance*, *Mazars*, and this case. Their arguments not only lack merit, but are clearly intended to distract the Court from the key principles at issue.

      *Vance* rejected President Trump's sweeping assertion that state and federal courts should be treated differently when it comes to issuing criminal subpoenas to the President. In so doing, *Vance* rejected virtually every argument that President Trump has asserted here for treating state courts as incapable of hearing civil claims—like Ms. Carroll's claim—that could unquestionably be heard in federal court under *Clinton v. Jones*. *See* Doc. No. 98 at 10–14. In *Mazars*, the Supreme Court recognized that some suits involving the President's private affairs might also implicate his official duties. But it squarely rejected the President's blunderbuss argument that his private papers should therefore be treated the same as his official papers, explaining that "[s]uch a categorical approach would represent a significant departure from the longstanding way of doing business between the branches." Ex. A at 14 (*Trump v. Mazars* opinion). Like *Nixon*, *Clinton*, and *Vance*, *Mazars* thus confirms that suits involving the President's private conduct are different than those involving his official conduct—and thereby precludes the President's absolutist position.

      President Trump wants to make the arguments here appear to be complicated. They aren't. The distinctions he has drawn to escape accountability are irrelevant. That has always been true, and the Supreme Court confirmed the point again in *Vance* and *Mazars* last week. President Trump's extreme position failed there, and it should fail here, too.

      As a result, there is no reason to stay this case. Ms. Carroll should be permitted to resume discovery and obtain justice for President Trump's defamation of her good name and character.

                                                                                           Respectfully submitted,

                                                                                         Roberta A. Kaplan

cc:     Joshua Matz, Counsel of Record (via NYSCEF)