# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

MARC E. KASOWITZ
DIRECT DIAL: (212) 506-1710
DIRECT FAX: (212) 835-5010
MKasowitz@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

July 16, 2020

VIA NYSCEF

The Honorable Verna L. Saunders
Supreme Court of the State of New York
New York County
111 Centre Street, Room 934
New York, New York 10013

     Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty).

Dear Justice Saunders:

     I write on behalf of defendant President Donald J. Trump to correct certain assertions in plaintiff's July 15, 2020 letter ("PL") to the Court.

     First, plaintiff asserts that the President's argument is based on a contention that state courts are "inferior" or "incapable" (PL at 1, 2). That is not so. The President's argument -- that under Article II and the Supremacy Clause, a President is temporarily immune while in office from being sued in state court -- is based on the federal structure of the Constitution, which every state ratified and by which every state is bound.[1] Ironically, it is plaintiff, not the President, who seems to believe that the Court could be "distract[ed]" by legal arguments. (PL at 2.)

     Second, plaintiff asserts that the President's argument is "desperate," "novel," and "extreme." (PL at 1, 2.) Even allowing for rhetorical flourish, that characterization is completely off base: the President's argument was raised in 1997 by the Supreme Court itself in *Clinton v. Jones* -- where the Supreme Court characterized that supposedly "desperate," "novel" and "extreme" argument as an "important constitutional issue[]," which it recognized could "present a more compelling case for immunity" than a "comparable claim" in federal court. 520 U.S. 681, 690-91, 691 n.13 (1997). And not only did nothing in the Supreme Court's decision in *Trump v. Vance*, No. 19-635, 2020 WL 3848062 (U.S. July 9, 2020), address that issue, but the

---

[1]    Under plaintiff's "logic," the U.S. Supreme Court's holding in *Trump v. Mazars USA, LLP*, No. 19-715, 2020 WL 3848061 (U.S. July 9, 2020), which vacated orders upholding Congressional subpoenas, must have been based on the Supreme Court's view that Congress is inferior to or less capable than the state prosecutor in its *Vance* decision, which affirmed an order upholding the prosecutor's criminal subpoena to the President. Such a conclusion would, of course, be as baseless as plaintiff's assertion concerning the President's argument here. *See also* Reply Brief for Defendant-Appellant in *Zervos v. Trump*, APL-2020-00009, attached hereto as Exhibit 1, at 1 ("No one questions the capability of state courts.").

Kasowitz Benson Torres llp

Hon. Verna L. Saunders
July 16, 2020
Page 2

Supreme Court the same day, in *Mazars*, made sure not to include the issue of state court civil cases in its description of its Presidential immunity jurisprudence -- it plainly did so because the important constitutional issue has not yet been decided. (*See* Defendant's July 14, 2020 Letter to the Court ("DL") at 1-2 (quoting *Mazars*, 2020 WL 3848061, at *4).)

Third, plaintiff grossly mischaracterizes the Supreme Court Presidential immunity cases she cites. (PL at 1.) Rather than dismiss or downplay, as plaintiff does, the unique status of the President under the Constitution, every case cited by plaintiff reaffirms that status. In *United States v. Nixon*, while the Supreme Court rejected an "absolute privilege of confidentiality for all Presidential communications," it adopted a "presumptive privilege for Presidential communications." 418 U.S. 683, 703, 708 (1974). In *Clinton v. Jones*, while the Supreme Court allowed civil damages suits against a President in federal courts, it specifically left unresolved not only the issue at stake here, but also whether any court -- state or federal -- "may compel the attendance of the President at a specific time or place," 520 U.S. at 690-91, and reaffirmed that courts may not "proceed against the President as against an ordinary individual." *Id.* at 704 n.39 (citation omitted).[2]

And, in *Mazars*, the Supreme Court in fact granted the President's appeal and -- after having earlier stayed the proceedings, *see Mazars*, 2020 WL 3848061, at *6 -- vacated the decisions below upholding the Congressional subpoenas, *id.* at *12. The Court agreed with the President that, because of the "President's unique constitutional position," Congressional subpoenas to the President "implicate special concerns" not applicable to other citizens -- regardless of whether the information sought is "personal or official." *Id.* at *11-12. Thus, contrary to plaintiff's assertion, *Mazars* did not reject the President's "argument that his private papers should . . . be treated the same as his official papers." (PL at 2.) In fact, the Supreme Court specifically pointed out that "a subpoena for personal papers may pose a heightened risk of . . . impermissible purposes," such as harassment. *Mazars*, 2020 WL 3848061, at *11.

Although the Supreme Court in *Mazars* did find, with respect to the Congressional subpoenas at issue, that "a categorical approach" to assessing the "distinctions between [among other things] official and personal information," was inappropriate, it did so because such an approach "would represent a significant departure from the longstanding way of doing business between the branches.'" *Mazars*, 2020 WL 3848061, at *9. However, there is no "longstanding way of doing business" between state courts and the President. Rather, as shown (DL at 2),

---

[2] *See also Mazars*, 2020 WL 3848061, at *11 ("The President's unique constitutional position means that Congress may not look to him as a 'case study' for general legislation."); *Vance*, 2020 WL 3848062, at *7 (the "President 'occupies a unique position in the constitutional scheme'" and "Article II guarantees the independence of the Executive Branch" (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982))); *Clinton v. Jones*, 520 U.S. at 697-98 (the President "occupies a unique office with powers and responsibilities so vast and important that the public interest demands that he devote his undivided time and attention to his public duties"); *Nixon v. Fitzgerald*, 457 U.S. at 749 ("immunity [is] a functionally mandated incident of the President's unique office"); *United States v. Nixon*, 418 U.S. at 710, 715 ("courts have traditionally shown the utmost deference to Presidential responsibilities" and the President has a "singularly unique role under Art. II").

KASOWITZ BENSON TORRES LLP

Hon. Verna L. Saunders
July 16, 2020
Page 3

while Congress, like the federal judiciary, is a coequal branch of government and may therefore exercise "*partial agency* in, or [] *controul* over," the Executive Branch, *Clinton v. Jones*, 520 U.S. at 702-03 (emphasis in original) (citation omitted), state courts, as *Vance* confirmed, are not coequal branches and may not do so. *See Vance*, 2020 WL 3848062, at *8.

Finally, no one is seeking to "escape accountability" here (Pl at 2). Plaintiff is free to pursue this action when the President is no longer in office. Plaintiff's repetition of the assertion that a postponement of proceedings would place the President "above the law" (*id.* at 1) does not make it so, and has been squarely rejected by the Supreme Court (DL at 4).[3]

\*   \*   \*

The bottom line is that the issue of temporary Presidential immunity has not yet been decided by the Court of Appeals in *Zervos* -- which itself is stayed pending that decision -- or by the U.S. Supreme Court. Under these circumstances, there is every reason to stay this case, which raises the identical issue, as well.

Respectfully submitted,

*[signature]*

Marc E. Kasowitz

cc:   Counsel of Record

---

[3]   That the Supremacy Clause mandates that civil cases in state court be postponed, does not make the President "above the law" any more than, say, the automatic stay granted bankruptcy debtors places them "above the law."