# EXHIBIT A



130 West 42nd Street, 24th Floor
New York, New York 10036

WWW.WILKINSONWALSH.COM

A LIMITED LIABILITY PARTNERSHIP

July 16, 2020

**VIA FEDERAL EXPRESS**

John P. Asiello, Esq.
Clerk of the Court
New York State Court of Appeals
20 Eagle Street
Albany, New York, 12207
Phone: (518) 455-7770

Re:   *Zervos v. Trump*, APL-2020-00009, Notice of Supplemental Authority

Dear Mr. Asiello:

     Pursuant to Part 500.6 of the Court's Rules of Practice, we write on behalf of Plaintiff Summer Zervos to provide notice of supplemental authority relating to the above-referenced matter. On July 9, 2020, the Supreme Court of the United States issued its ruling in *Trump v. Vance*, 19-635 (2020), holding that "Article II and the Supremacy Clause do not categorically preclude, or require a heightened standard for, the issuance of a state criminal subpoena to a sitting President." Ex. A, Slip Op. at 1.

     *Vance* effectively resolves Defendant's pending appeal before this Court. Defendant has asked this Court to determine whether "the United States Constitution bar[s] a state court from exercising jurisdiction over the President of the United States during his or her term in office." App. Br. at 8 (identifying question presented). Under *Vance*, the answer is no. Slip Op. at 17 ("[W]e cannot conclude that absolute immunity is necessary or appropriate under Article II or the Supremacy Clause.").

     Notably, the *Vance* Court reached its holding after rejecting each of the arguments that Defendant has also made in this appeal. For example, President Trump argued in *Vance*—just as he has repeatedly in this case—that he is entitled to absolute immunity because the Supremacy Clause and Article II preclude a state court from exercising jurisdiction over a sitting president. Slip Op. at 10-11; *see also* App. Br. at 5 (arguing that because "the very exercise of jurisdiction by a state court over the President would constitute impermissible 'direct control' over the federal government[,] [s]tate courts therefore may not, consistent with the Supremacy Clause and Article II, exercise jurisdiction over the President while he or she is in office" (citation omitted)). In doing so, the President stressed—just as he has here—that actions that would unquestionably proceed against him in federal court cannot proceed in state court because the different forum "makes all the difference." Slip Op. at 10; *see also* App. Br. at 13 ("The federal judiciary, but not state courts, may exert control over the Executive Branch."); Reply Br. at 4 ("The second dispositive way that federal courts differ from state courts under *Clinton* is that federal courts are empowered to hear cases against the President," but "state courts are not

empowered" to do the same). The Supreme Court disagreed, holding that absolute immunity from the state court proceeding was not "necessary or appropriate under Article II or the Supremacy Clause." Slip Op. at 17.

The *Vance* Court also examined in detail and rejected President Trump's contention in support of his claim for blanket immunity "that complying with state criminal subpoenas would necessarily divert the Chief Executive from his duties." *Id.* at 12. The President premised this argument on the same unfounded and speculative fears that he has offered in this case. *See, e.g.*, Reply Br. at 20-21 (arguing that routine litigation procedures interfere with Defendant's presidential duties). But the Supreme Court disagreed again, confirming that there is no "immunity based on distraction alone." Slip Op. at 12. The Court acknowledged that "Presidents constantly face myriad demands on their attention," but explained such distractions "do not ordinarily implicate constitutional . . . concerns." *Id.* at 13 (citation omitted).[1] It observed that a state court could exercise its authority "if necessary to ensure that such 'interference with the President's duties would not occur,'" *id.* at 21 (citation omitted), just as the lower courts have promised to do here. *See Zervos v. Trump*, 171 A.D.3d 110, 127 (1st Dep't 2019).

The *Vance* case involved a criminal subpoena, but nothing in the Supreme Court's decision limits its analysis to criminal proceedings. To the contrary, the *Vance* Court—as did the courts below here—drew heavily on *Clinton v. Jones*, a civil action, in rejecting the President's claim to categorical immunity in state court. In fact, the *Vance* Court cited *Clinton* no fewer than 10 times in providing its reasoning. Defendant has repeatedly argued in this case that *Clinton v. Jones* either supports his position or, at a minimum, does not resolve the issues at hand. App. Br. at 15 ("The Supreme Court's reasoning in *Clinton v. Jones* has no application to state courts."); Reply Br. at 10 (same). But *Vance*—in its repeated reference to *Clinton's* dispositive impact—holds the exact opposite. Slip Op. at 13 ("Indeed, we expressly rejected immunity based on distraction alone 15 years later in *Clinton v. Jones*."); *id.* at 14 ("We have twice denied absolute immunity claims by Presidents in cases involving allegations of serious misconduct." (citing *Clinton*, 520 U. S., at 685; *Nixon*, 418 U. S., at 687)); *id.* at 15 ("Finally, the President and the Solicitor General warn that subjecting Presidents to state criminal subpoenas will make them 'easily identifiable target[s]' for harassment. But we rejected a nearly identical argument in *Clinton*." (citation omitted)).

Indeed, *Vance*'s applicability here is confirmed by Defendant himself. In opposing Ms. Zervos's request for expedited briefing, Defendant argued that this appeal should proceed in the normal course because doing so "may well provide [the] Court with the benefit of the U.S. Supreme Court's decision in *Trump v. Vance* . . . in which the President is challenging a state

---

[1] On the same day, the Court issued a separate decision in a related case, *Trump v. Mazars USA, LLP*, No. 19-715 (U.S. July 9, 2020). In quashing a Congressional subpoena for President Trump's financial records, the *Mazars* Court reiterated the Court's long-held respect for the unique demands placed on the President. *Mazars* Slip Op. at 17 ("The President is the only person who alone composes a branch of government."). But the decision in *Mazars* was based on federal separation-of-powers considerations, specifically concerns about Congressional overreach. *Id.* at 7-20. *Vance*, by contrast, affirmed the 200 years of precedent establishing that the President's official duties were not unduly burdened by participation in judicial process based on his private conduct. Slip Op. at 14.

prosecutor's subpoena on, among others, Supremacy Clause grounds." Doc. No. 62 at 3. *Vance* has now been decided. It confirms the First Department's decision must be affirmed.

Sincerely,

Beth Wilkinson
Jaclyn Delligatti
WILKINSON WALSH LLP
2001 M Street, N.W., 10th Floor
Washington, DC 20036
Phone: (202) 847-4000
Fax: (202) 847-4005
bwilkinson@wilkinsonwalsh.com
jdelligatti@wilkinsonwalsh.com

Moira Kim Penza
Meghan Cleary
WILKINSON WALSH LLP
130 West 42nd Street, 24th Floor
New York, New York 10036
Phone: (929) 264-7765
Fax: (202) 847-4005
mpenza@wilkinsonwalsh.com
mcleary@wilkinsonwalsh.com

*Attorneys for Plaintiff-Respondent*

cc: All counsel of record, via FedEx and Email