SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

              *Plaintiff*,

  -against-

DONALD J. TRUMP, in his personal capacity,

              *Defendant*.

---

Index No. 160694/2019
Hon. Verna L. Saunders

# NOTICE OF ENTRY

Please take notice that within is a true and correct copy of the Decision and Order on Motion of Justice Verna L. Saunders dated August 3, 2020, which was entered in the office of the Clerk of the County of New York on August 7, 2020.

Dated:  New York, New York
          August 8, 2020

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan
Joshua Matz
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

To: Counsel of Record (by NYSCEF)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. VERNA L. SAUNDERS | PART | IAS MOTION 36 |
|---|---|---|---|
| | *Justice* | | |

-----------------------------------------------------------------X   INDEX NO.        160694/2019

E. JEAN CARROLL,                                                     MOTION SEQ. NO.      002

                Plaintiff,

             - v -                                           **DECISION + ORDER ON MOTION**

DONALD TRUMP,

                Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 43, 44, 45, 46, 47, 48, 49, 52, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 97, 98, 101, 102, 105, 106
were read on this motion to/for                                 STAY                               .

      Plaintiff, E. Jean Carroll, commenced this defamation action seeking damages stemming from defendant Donald Trump's alleged defamatory statements made in connection with plaintiff's allegations of sexual assault at the hands of defendant.

      Defendant, who is currently serving as President of the United States, moves the court pursuant to CPLR § 2201 seeking a stay of the proceedings pending the decision of the Court of Appeals on defendant's appeal from *Zervos v Trump*, 171 AD3d 110 (1st Dept 2019) wherein the Appellate Division, First Department affirmed an order of the Supreme Court, New York County denying defendant's motion seeking a dismissal of the defamation action. In the alternative, defendant seeks a stay of the action on the ground that he is currently sitting as President of the United States.

      Defendant, in sum and substance, argues that this action will not lie if it is barred by the Supremacy Clause of the United States Constitution prohibiting state court subject matter jurisdiction over a sitting United States President. Defendant asserts that this very issue is pending before the Court of Appeals in the *Zervos* action and that when granting leave to appeal, the First Department also granted a stay of those proceedings.[1] Defendant thus claims a stay of the instant proceeding is warranted as the outcome of the *Zervos* action will determine whether this court has jurisdiction over defendant while he is in office. Defendant further argues that New York courts often grant stays pending appeals in other actions where the decision on those appeals resolve a

---

[1] *Zervos v Trump*, 2020 WL 63397, 2020 NY Slip Op 60193(U).

160694/2019   CARROLL, E. JEAN vs. TRUMP, DONALD J.                              Page 1 of 4
Motion No. 002

2 of 5

dispositive issue, as is the case here. Defendant contends that due to the unique role of the President under Article II of the Constitution, deference is required, and a stay mandated.

In opposition, plaintiff argues that defendant's motion serves as a further delaying tactic and that stays are reserved for extraordinary circumstances. Plaintiff asserts that no such circumstances exist here where there is binding appellate precedent and the determination of the pending appeal is not imminent. Furthermore, plaintiff contends that defendant's reliance upon case law where a stay was granted pending an appeal in the same action is misplaced. Moreover, plaintiff argues that the constitutional immunity afforded to the President applies to official conduct, not personal or unofficial conduct as is alleged in this case. Plaintiff avers that defendant's engagement in other personal litigation during his presidency undermines the argument that a stay in this action is necessary.

In support of plaintiff's primary contention that a stay is inappropriate where binding appellate authority exists, plaintiff cites to *Miller v Miller*, 109 Misc 2d 982 [Sup Ct, Suffolk County 1981], wherein the court declined to issue a stay pending the Court of Appeals decision as it was bound by the Appellate Court decision and the Court of Appeals decision was not imminent. Plaintiff contends that the cases cited by defendant in support of a stay are easily distinguishable from this action as those matters either involved identical issues and parties; were fully briefed and awaiting oral argument at the time a stay was requested; or, there was no binding appellate authority on point.

In reply, defendant reiterates the arguments advanced in the moving papers and adds that as the *Zervos* appeal will be fully briefed by May 11, 2020 a stay of this action pending the appeal of the *Zervos* case is warranted as its decision will inform jurisdiction of this action.

In the *Zervos* case, this court held that:

> "[n]othing in the Supremacy Clause of the United States Constitution even suggests that the President cannot be called to account before a state court for wrongful conduct that bears no relationship to any federal executive responsibility. Significantly, when unofficial conduct is at issue, there is no risk that a state will improperly encroach on powers given to the federal government by interfering with the manner in which the President performs federal functions. There is no possibility that a state court will compel the President to take any official action or that it will compel the President to refrain from taking any official action… [T]here is absolutely no authority for dismissing or staying a civil action related purely to unofficial conduct because defendant is the President of the United States. Resolution of an action unrelated to the President's official conduct is the responsibility of a state court and is not impermissible direct control . . . over the President." (*Zervos v Trump*, 59 Misc 3d 790 [Sup Ct, NY County 2018], internal citations omitted).

160694/2019  CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 002

Page 2 of 4

3 of 5

On appeal, the Appellate Division, First Department noted that the *Zervos* action presented a constitutional issue of first impression: "whether the Supremacy Clause of the United States Constitution requires a state court to defer litigation of a defamation action against a sitting President until his terms end." (*Zervos,* supra). Ultimately, the Appellate Division's decision to affirm the Supreme Court's ruling unequivocally resolved this issue holding that pursuant to the United States Supreme Court's decision in *Clinton v Jones,* 520 US 681 [1997] "the presidency and the President are indeed separable" and thus, "the President is presumptively subject to civil liability for conduct that has taken place in his private capacity." (*Zervos,* supra at 124).

At issue here is whether this action should be stayed pending a decision from the Court of Appeals regarding the First Department's decision to affirm this court's ruling on *Zervos*.

Pursuant to CPLR § 2201, which authorizes the granting of a stay "in a proper case, upon such terms as may be just," stays are in the sound discretion of the trial court. However, the First Department has ruled that stays should be exercised "sparingly and only when other remedies are inadequate and the equities invoked apparent and strong." (See generally, *Croker v NY Trust Co.*, 206 AD 11 [1st Dept 1923]). Nevertheless, it is axiomatic that this court is bound by the decisions of the Appellate Division, First Department unless same has been overturned by the Court of Appeals.

In this instance, defendant implores the court to stay this action until the Court of Appeals has ruled on a separate action, arguing that the appeal is fully briefed and thus, imminent. Conversely, plaintiff objects avowing that there is no immediate date set for arguments or likelihood that a decision is imminent and thus, the court is bound by the binding appellate precedent which specifically addresses the issue in contention. While the arguments advanced by both parties are compelling, they have been rendered moot in light of the recent United States Supreme Court decision in *Trump v Vance,* 591 U.S. __, __, 140 S Ct 2412 [2020]. In *Trump v Vance,* the U.S. Supreme Court held that "Article II and the Supremacy Clause do not categorically preclude, or require a heightened standard for, the issuance of a state criminal subpoena to a sitting President." (Slip Op at 1.) The *Vance* Court reasoned that as the Supremacy Clause prohibits state judges and prosecutors from interfering with a President's official duties, absolute immunity is not necessary or appropriate under Article II or the Supremacy Clause as state courts and prosecutors are expected to observe constitutional limitations and, if they fail to

160694/2019   CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 002

Page 3 of 4

4 of 5

do so, federal law allows a President to challenge any constitutional influence. (Slip Op at 17.) While the *Vance* Court's decision permits the issuance of a criminal subpoena to a sitting President, it's analysis and conclusions address the same issues and questions raised by defendant in this action, as well as, the *Zervos* action: whether the Supremacy Clause of the Constitution bars a state court from exercising jurisdiction over a sitting President of the United States during his term. No, it does not. Further, the holding in *Vance* is not limited solely to criminal proceedings. In fact, the *Vance* Court concluded,

> Two hundred years ago, a great jurist of our Court established that no citizen, not even the President, is categorically above the common duty to produce evidence when called upon in a criminal proceeding. We reaffirm that principle today and hold that the President is neither absolutely immune from state criminal subpoenas seeking his private papers nor entitled to a heightened standard of need. The "guard[ ] furnished to this high officer" lies where it always has—in "the conduct of a court" applying established legal and constitutional principles to individual subpoenas in a manner that preserves both the independence of the Executive and the integrity of the criminal justice system. (Slip Op at 21, internal citations omitted.)

This court construes the holding in *Vance* applicable to all state court proceedings in which a sitting President is involved, including those involving his or her unofficial/personal conduct. Accordingly, the application for a stay is denied and it is hereby

ORDERED, defendant's motion is denied in accordance with the foregoing; and it is further

ORDERED, that the parties are to appear for a telephonic compliance conference on September 30, 2020 at 11:00 AM; and it is further

ORDERED, that any requested relief not expressly addressed herein has been considered and is hereby denied.

This constitutes the decision and order of the court.

_____
August 3, 2020

_____
HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

160694/2019 CARROLL, E. JEAN vs. TRUMP, DONALD J.
Motion No. 002
Page 4 of 4

5 of 5