# EXHIBIT A

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

August 10, 2020

**VIA EMAIL**

Marc E. Kasowitz, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

    Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Marc:

    We write on behalf of Plaintiff E. Jean Carroll in the above-referenced action following the Court's decision denying Defendant's motion for a stay of proceedings pending the Court of Appeals' adjudication of *Zervos v. Trump*. *See* Doc. No. 110. As a result of that decision, the relevant deadlines in the Court's Preliminary Conference Order dated December 12, 2019 are no longer "temporarily stayed." Doc. No. 39 at 2. This letter sets forth our understanding of the current status of this case and discovery in this case as a result of the Court's recent decision.

    As you might recall, the Order and Stipulated Briefing Schedule that the Court entered on February 3, 2020, adjourned all discovery and extended the deadlines in paragraphs 1, 2, 5, and 6 of the Preliminary Conference Order "by the amount of time from January 31 to the date of the Court's decision on Defendant's motion to stay, plus five business days." Doc. No. 39 at 2. According to our calculations, the period from January 31 to August 7, 2020, represents a total of 190 days.

    As a result, Defendant's deadline to respond to Plaintiff's Second Set of Document Requests (originally January 30, 2020) is now August 14, 2020, and the date set by Plaintiff's First Notice to Submit to Physical Examination (originally March 2, 2020) is now September 15, 2020. We can be flexible with respect to the location and method for obtaining Defendant's DNA sample in order to accommodate security needs or other issues. Please let us know if you would like to discuss. The other relevant upcoming dates are as follows:

KAPLAN HECKER & FINK LLP

2

- The parties shall furnish insurance coverage on or before August 21, 2020.

- The parties shall (a) exchange names and addresses of all eye witnesses and notice witnesses, statements of opposing parties, and photographs, or, if none, provide an affirmation to that effect on or before August 21, 2020; (b) serve demands for discovery and inspection on or before August 21, 2020, objections to which shall be stated on or before September 18, 2020.

- The parties shall serve: (a) any demand for a bill of particulars on or before August 21, 2020; and (b) any bill of particulars on or before September 18, 2020.

- A telephonic compliance conference with Judge Saunders shall be held on September 30, 2020 at 11:00 a.m.

- The parties shall complete all depositions on or before October 20, 2020.

- The end date of all pre-trial disclosure is November 9, 2020.

- Plaintiff shall file a note of issue/certificate of readiness on or before November 10, 2020.

- The parties shall make any dispositive motion(s) on or before 60 days from the filing of the note of issue.

We recognize that Defendant's prior counsel served us with a notice to take Plaintiff's deposition on January 23, 2020, with a date for her deposition of February 13, 2020. Please let us know when you would like to take Plaintiff's deposition. We assume that you would also like to take the depositions of Plaintiff's friends Lisa Birnbach and Carol Martin—in whom Plaintiff confided shortly after President Trump sexually assaulted her—and are happy to get their availability so that you do not have to issue subpoenas and send a process server to their homes during the COVID pandemic. In light of COVID, we are operating under the assumption that all depositions will be taken remotely by video. Other than the individuals mentioned above, we are not aware of any other fact witness who needs to be deposed, but are happy to discuss further if you disagree.

Given that the deadline for depositions will soon be upon us, we attach as Exhibit A Plaintiff's Notice of Deposition to Defendant Donald J. Trump. Although the deposition notice specifies September 21, 2020 as the date for Defendant's deposition, we are happy to work with you to identify a date, method, and location that accommodates Defendant's schedule. We propose that Defendant first provide us with a DNA sample, so that our experts can have an opportunity to test it before we take his deposition.[1]

To be sure, we fully recognize your client's unique position and will "accommodate the President's needs." *Clinton v. Jones*, 520 U.S. 681, 709 (1997); *see also id.* at 691-92 ("We assume

---

[1] We assume that you will want to take the deposition of someone at the Forensic Analytical Crime Lab, but since we don't want to have to do that twice, it makes sense to do so only after we have received and analyzed Defendant's DNA sample.

**KAPLAN HECKER & FINK LLP**

3

that the testimony of the President, both for discovery and for use at trial, may be taken at the White House at a time that will accommodate his busy schedule."). At the same time, "several Presidents . . . have given testimony," *id.* at 709, and have "responded to written interrogatories, given depositions, and provided videotaped trial testimony," *id.* at 692 n.14. Because the United States Supreme Court has made it clear that Presidents are not exempt from giving testimony in civil cases, we fully expect that Defendant will testify in a timely manner. President Clinton made time to testify under oath about allegations of sexual harassment, and so President Trump can surely make time to testify about allegations of sexual assault and defamation. His testimony about what he did (and what he said) will strike to the very heart of the case and offer evidence that cannot be obtained from any other sources. He is obviously required to provide it.

Finally, out of an abundance of caution, we note that the parties previously stipulated that they would "meet and confer regarding the timing of [an appeal of any adverse ruling on Defendant's motion to stay] prior to taking any action before the Appellate Division, First Department." Doc. No. 39 at 2. We are hopeful that Defendant now recognizes, as did Judge Saunders, that *Trump v. Vance*, 140 S. Ct. 2412 (2020), leaves no doubt that his claim to presidential immunity necessarily fails. If you intend to appeal Judge Saunders' decision to the First Department, however, please let us know when you would like to meet and confer about such an appeal.

Very truly yours,

Roberta A. Kaplan, Esq.

cc: Counsel of Record (via email)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

E. JEAN CARROLL,

                 *Plaintiff*,

 -against-

DONALD J. TRUMP, in his personal capacity,

                 *Defendant*.

Index No. 160694/2019

Hon. Verna L. Saunders

---

**PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT DONALD J. TRUMP**

       PLEASE TAKE NOTICE THAT, pursuant to CPLR § 3107, Defendant Donald J. Trump is required to appear for a deposition upon oral examination before a notary public or other person who is authorized by law to administer oaths. The deposition will take place on September 21, 2020, either remotely by video, at the White House, or at the offices of Kaplan Hecker & Fink LLP, 350 Fifth Avenue, Suite 7110, New York, New York 10118, or at such other location, date, and time as may be mutually agreed upon by the parties. The deposition will be recorded by stenographic means and may be recorded by video means.

Dated: New York, New York
        August 10, 2020

By: _/s/ Roberta A. Kaplan_
Roberta A. Kaplan
Joshua Matz
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com
mcraig@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*