# EXHIBIT C

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Paul J. Burgo
Direct Dial: (212) 506-1865
Direct Fax: (212) 835-5265
PBurgo@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 17, 2020

BY EMAIL

Roberta A. Kaplan, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue
Suite 7110
New York, NY  10018
rkaplan@kaplanhecker.com

Re:   *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Robbie:

I write in response to your August 13, 2020 letter to me.

Your letter incorrectly characterizes our August 13th meet-and-confer.  We stated during our call that we needed a 30-day extension to respond to the discovery deadlines given that we had just taken over the case from Larocca Hornik Rosen & Greenberg LLP in late July.  While we filed a notice of appearance in the case earlier, our role was limited solely to briefing and arguing the stay of the *Carroll* action in light of the pending appeal in *Zervos v. Trump* before the Court of Appeals.  We played no role whatsoever in any discovery matters in this case, as your firm was well aware, having directed its communications concerning such matters solely to Mr. Rosen's firm.

Your letter also fails to acknowledge that we had asked that you extend the courtesy of additional time for discovery since the expedited schedule in this case had been set prior to the COVID-19 pandemic.  As we mentioned on the call, we will let you know within the next few days whether we are appealing the Court's denial of defendant's stay motion.  In all other cases during these challenging times, including those involving the President, the parties have worked cooperatively and readily accommodated such requests.  Moreover, the President's assertion of his Constitutional immunity -- a threshold issue in this case -- and our request for a reasonable accommodation are not a "*de facto* extension of [our] stay motion" or part of a "calculated effort to obtain the maximum delay possible before appealing."  Rather, courts have recognized the need for such accommodations.  *See, e.g. Nixon v. Sirica*, 487 F.2d 700, 721 (D.C. Cir. 1973) (directing District Court to "provide a reasonable stay to allow the President an opportunity to appeal"); *see also Zervos v. Trump*, 171 A.D.3d 110, 127 (1st Dep't 2019) (noting that "we must

**K**ASOWITZ **B**ENSON **T**ORRES LLP

Roberta A. Kaplan, Esq.
August 17, 2020
Page 2

[assume] here, that reasonable accommodations would be made with respect to the President's schedule")  And, as you know, the Supreme Court recently in *Trump v. Vance* reaffirmed that "[t]he high respect that is owed to the office of the Chief Executive … should inform the conduct of the entire proceeding, including the timing and scope of discovery."  140 S. Ct. 2412, 2430 (2020) (citing *Clinton v. Jones*, 520 U.S. 681, 707 (1997)).

   You indicated the meet-and-confer that while you were not inclined to agree to a 30-day extension in the event that we are appealing the denial of the stay, you would make a proposal for us to consider.  Instead of making such a proposal, you have unilaterally and unreasonably extended the deadline by only one week and demanded that we respond by August 21 to the Plaintiff's Second Set of Document Requests, which are objectionable as, among other things, unduly burdensome and patently overbroad.  Thus, in an effort to meet and confer, we again ask that you agree to a modest extension of 21 days (assuming the President's duties allow) for all existing deadlines.  We reserve all rights.

Sincerely,



Paul J. Burgo