# EXHIBIT D

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

August 18, 2020

**VIA EMAIL**

Paul J. Burgo, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

      *Re:*    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Paul:

      I write in response to your letter of yesterday's date.

      For starters, we remain puzzled by your assertion that despite entering an appearance in this matter on February 4, 2020, you have not familiarized yourself sufficiently with the factual issues in this case, consulted with your client, or prepared for the possibility that your motion to stay proceedings would be denied. In fact, I distinctly remember raising discovery issues during my oral argument before Judge Saunders on your motion for a stay against your partner Christine Montenegro on March 4, 2020. As a result, there is no excuse for a lack of preparation on your part, and it certainly does not excuse satisfaction of your client's obligations.

      You further suggest in your August 17 letter that COVID-19 presents an impediment to the current schedule. We recognize that these are challenging times and for that reason, we agreed to extend the deadline for your response to our Second Set of Document Requests. However, you still fail to identify any specific discovery obligation that you are unable to comply with as a result of the pandemic. Indeed, as I am sure you are well aware given the many litigations handled by your law firm, discovery in civil cases has been proceeding apace, including both the production of documents using secure internet technology and the taking of depositions, the later of which have been happening with surprising ease via Zoom, Live Litigation, and other similar platforms. *See, e.g.*, AO/129/20, Administrative Order of the Chief Administrative Judge of the Courts in New York State (June 22, 2020) ("[C]ounsel and litigants are strongly encouraged to pursue discovery in cooperate fashion and to employ remote technology in discovery whenever possible."). As noted in my August 13 letter, we have been operating on the assumption that your client does not have a huge number of responsive documents since this case does not relate to any

KAPLAN HECKER & FINK LLP                                                                 2

of his businesses. You did not attempt to disabuse us of that assumption in your August 17 letter. Given the resources available to you, it is implausible that you literally cannot make progress on producing documents or complying with any other discovery requests without an additional three-week extension, especially since we are willing to accept documents on a rolling basis. If you can explain with some specificity exactly which deadlines you are unable to satisfy as a result of pandemic-related challenges, we remain happy to consider such a request.

Finally, you articulate once again your client's position that he is entitled to absolute immunity—a claim that (1) Judge Saunders has rejected, (2) was twice rejected in the *Zervos* proceedings, and (3) rests on anti-democratic premises which the Supreme Court has firmly rejected each time it has considered them (under Presidents Trump, Clinton, and Nixon). To be sure, we appreciate the importance of ensuring that "respect that is owed to the office of the Chief Executive . . . inform[s] the conduct of the entire proceeding, including the time and scope of discovery." *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020) (citation omitted). But your client seems to have time on his hands: it appears that he has played golf at least seven times so far this month and has also spent considerable time campaigning (which, as you know, does not qualify as an official Presidential duty). He also found time to defame our client, E. Jean Carroll, after she revealed that he had sexually assaulted her. If Donald Trump has the time to attack our client, he also has the time to answer in court for his brutality. In any event, given that the discovery requests in this case were served seven months ago, and have been suspended only by virtue of the pendency of your own meritless stay motion, we believe we have more than sufficiently accommodated the demands on your client's time. At this point, it is his duty to follow the law—and that means complying with (or at least responding to) our discovery requests, which he and you have now had many months to consider.

Given the above, we cannot agree to an across-the-board extension of "21 days (assuming the President's duties allow)."[1] Again, if there are specific deadlines that you believe you cannot meet, please let us know what they are and explain with specificity why you cannot meet them. Otherwise, we anticipate that your client will do what every other American must do: respect the legal process and obey the law. Accordingly, your client's responses to our Second Set of Document Requests are due this Friday, August 21, 2020.

Very truly yours,

*Robbie*

Roberta A. Kaplan, Esq.

cc:   Counsel of Record (via email)

---

[1] We note that, as a practical matter, you have not really changed your position on the length of your requested extension since you made your original request for a 30-day extension on August 13.