# EXHIBIT E

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE  |  SUITE 7110
NEW YORK, NEW YORK 10118

TEL (212) 763-0883  |  FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0884
DIRECT EMAIL   rkaplan@kaplanhecker.com

August 26, 2020

**VIA EMAIL**

Paul J. Burgo, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

    Re:    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Paul:

    I write in response to the Responses and Objections to Plaintiff's Second Set of Document Requests that Defendant Donald J. Trump served on August 21, 2020.

    As we have stated on multiple occasions, we do not expect discovery in this action to be particularly burdensome. We are operating on the assumption that your client does not have a large number of responsive documents, and you have not attempted to dissuade us of that assumption. We are also are mindful that your client's position as President will inform the "timing and scope of discovery," *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020), and thus we remain willing to meet and confer with respect to the scope of particular requests for which, it turns out, Defendant has substantial responsive documentation in his possession, custody, or control.

    But Defendant cannot unilaterally decide to forgo participation in discovery. Judge Saunders, the First Department, and the Supreme Court have already rejected Defendant's claims of presidential immunity, just like the Supreme Court rejected the immunity claims of Presidents Clinton and Nixon before him. Yet it now appears that Defendant, through the assertion of blanket and inapplicable objections and overboard claims of executive privilege, is trying to achieve *de facto* immunity—what he (unsuccessfully) tried to do by motion practice—as this case moves ahead.

    Below we identify several overarching concerns relating to Defendant's Responses and Objections. In connection with each of these concerns, we request basic information that we hope will pave the way to a productive meet-and-confer. Absent responses to the inquires we set forth,

KAPLAN HECKER & FINK LLP                                                                 2

it is difficult to see how the parties might constructively engage on Defendant's Responses and Objections without the Court's involvement.

*First*, in response to 27 of our 39 requests (Request Nos. 2-4, 6-17, 19-21, 23, 30-37), Defendant asserts a series of generalized and conclusory objections, and then takes the position that *no* responsive documents will be produced.

But the objections Defendant asserts are, by and large, inapplicable on their face. For example, Request No. 2 seeks documents concerning Plaintiff; Request No. 3 seeks documents concerning the article and book in which Plaintiff disclosed her sexual assault at the hands of Defendant; and the requests that immediately follow seek documents concerning Defendant's three defamatory statements on which this case turns. Defendant objects to each on the ground, *inter alia*, that the request "seeks documents which are neither relevant to any party's claim or defense or to the subject matter of this lawsuit."

That objection defies logic. Given the nature of the relationship between the parties, it is virtually impossible that documents concerning Plaintiff or her two publications, or documents concerning Defendant's own defamatory statements, could be considered irrelevant to this action.

And those are just a few of the deficiencies that plague Defendant's Responses and Objections. As you know, CPLR 3122(a)(1) requires that a party objecting to a request for documents state "with reasonable particularity the reasons for each objection." Your recitation of identical, conclusory, and often plainly inapplicable objections in response to each and every request violates both the text and spirit of this rule.

In order to move discussions in productive direction, no later than by August 31, 2020, please (1) identify any of the above-listed requests for which you claim no responsive documents exist, and (2) for any request for which responsive documents do exist, identify the specific objection on which you are standing to withhold those documents.

*Second*, in response to the remaining 12 requests (Request Nos. 1, 5, 18, 22, 24-29, 38-39), Defendant also asserts generalized and facially inapplicable objections, but then states some version of "[s]ubject to and without waiving the foregoing objections and the General Objections," Defendant will produce "non-privileged, responsive documents, if any, . . . at an appropriate time and place."

As with the previous set of requests, the blanket and misguided nature of Defendant's objections makes meaningful discussion of those objections impossible. By way of example, Request No. 39 seeks all documents Defendant "intend[s] to introduce into evidence at trial in this Action." Defendant declares that request "overly broad, unduly burdensome" and contends that it "seeks documents which are neither relevant to any party's claim or defense or to the subject matter of this lawsuit." It requires no explanation why that is a nonsensical position to take.

Once again, to move discussions in productive direction, by August 31, please (1) identify any requests for which you claim no responsive documents exist, (2) for any request for which the "subject to" language means you are withholding responsive documents, identify the specific objection on which you are standing to withhold those documents, and (3) for any documents you

KAPLAN HECKER & FINK LLP

3

do intend to produce, confirm whether you have somehow concluded that now is not the "appropriate time and place" to produce them.

**Third**, Defendant objects to "each and every Request to the extent that they seek documents protected by the Executive Privilege presumptively applicable to all Presidential communications. Defendant further objects to each and every Request, and in particular, Paragraph 6 of the Instructions, on the ground that the President need not 'assert executive privilege to narrow the' Requests or make a decision on executive privilege as to a 'large array of documents.'"

There is no reason to think that the executive privilege has any application here. As you know, "[t]hat privilege safeguards the public interest in candid, confidential deliberations within the Executive Branch." *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2032 (2020); *see also Seife v. United States Dep't of State*, 298 F. Supp. 3d 592, 621 (S.D.N.Y. 2018) ("The [presidential communications] privilege protects communications in performance of a President's responsibilities, of his office, and made in the process of shaping policies and making decisions." (internal quotation marks and alterations omitted)). The privilege seeks to further the public interest by allowing for "complete candor and objectivity from [presidential] advisers." *United States v. Nixon*, 418 U.S. 683, 706 (1974).

The discovery that Plaintiff has requested obviously does not involve a matter of governmental concern or relate in any way to Defendant's performance of his presidential duties. Instead, Plaintiff seeks discovery regarding Defendant's private conduct—specifically, his defamation of Plaintiff after Plaintiff accused him of sexually assaulting her in the 1990s. Any communications that Defendant may have had about Plaintiff, his assault, or his defamatory statements do not become protected "presidential" communications simply by virtue of his status of President. The Court has already rejected Defendant's claim to presidential immunity because this lawsuit concerns his private, rather than official, conduct. He cannot obtain *de facto* presidential immunity by withholding responsive documents about his private conduct on the theory that those documents concern his official duties.

Please confirm by August 31 whether you intend to stand on your assertion of executive privilege to withhold responsive documents and, if so, identify the requests to which that assertion applies.

**Fourth**, Defendant asserts a general objection to "each and every Request" on the ground that "they are not limited to a reasonable timeframe" and goes on to assert timeframe objections to certain specific requests as well (Request Nos. 25-28).

Given that it has been just over a year since Defendant defamed Plaintiff, the vast majority of Plaintiff's requests are, by their very subject matter, limited to a narrow timeframe. And in the few instances where Defendant specifically objects to a request "because it has no time limitation," the documents sought are so limited in nature that it should not be burdensome to produce documents from a multi-year period. However, please let us know if we have underestimated, for example, the number of "purchase records or sales receipts" for Defendant's purchases at Bergdorf Goodman (Request No. 26), or the number of documents reflecting "payments or offers of payments that [Defendant] made" in relation to allegations of "sexual assault or other unwanted or inappropriate sexual contact" (Request No. 35). If we have, we are willing to meet and confer on

KAPLAN HECKER & FINK LLP

4

an appropriate time limitation that might alleviate the burden of producing extensive documents in response to such requests.

Please also confirm by August 31 whether you intend to stand on your timeframe objection to withhold or refuse to search for any responsive documents and, if so, identify the requests to which that objection applies.

\* \* \*

We look forward to your response by August 31 and are hopeful that it will help facilitate a productive and focused meet-and-confer. Please let us know if you are available for such a meet-and-confer on September 1, 2, or 3. In the meantime, we reserve all rights pursuant to CPLR §§ 3124 and 3126.

Very truly yours,

*[signature]*

Roberta A. Kaplan, Esq.

cc:   Counsel of Record (via email)