# EXHIBIT F

# KASOWITZ BENSON TORRES LLP

Paul J. Burgo
Direct Dial: (212) 506-1865
Direct Fax: (212) 835-5265
PBurgo@Kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

August 31, 2020

Via Email
Roberta A. Kaplan, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Ste. 7110
New York, New York 10118
rkaplan@kaplanhecker.com

Re:   *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.).

Dear Robbie,

We write in response to your August 26, 2020 letter to me, which mischaracterizes, among other things, defendant's discovery obligations and the applicability of the executive privilege in this case. As detailed below, we are willing to meet and confer regarding defendant's responses and objections to the Requests, but your letter provides no basis for defendant to withdraw any of his objections.

As you know all of our communications and responses are subject to and reserving all rights, under the Supremacy Clause and Article II of the United States Constitution, from a state court exercising jurisdiction over a sitting President while he or she serves as President, including the President's right to appeal the Court's denial of the stay in this action, and any other applicable rights or protections pertaining to the President.

*First*, while we are attempting to accommodate you by providing a response to your letter in the timeframe you requested, it is improper for plaintiff to unilaterally demand a response at the time most convenient to plaintiff, given "[t]he high respect that is owed to the office of the Chief Executive . . . ., [which] is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." *Clinton v. Jones*, 520 U.S. 681, 707 (1997).

*Second*, defendant stands by his objection that the Requests are improper because they are not limited by any timeframe whatsoever. The purported incident alleged in plaintiff's Complaint (Compl. pp. 5-7) allegedly occurred almost twenty-five years ago, and multiple requests seek information from the beginning of time to the present. (*See, e.g.*, Request Nos. 2 and 25-37.) For example, Request No. 26, seeks -- without any time limitation -- all of defendant's purchase records or sales receipts at Bergdorf Goodman. Plaintiff has not offered any explanation as to why such documents from the beginning of time are discoverable, particularly in light of the unnecessary burden such a request would impose on defendant.

K ASOWITZ  B ENSON  T ORRES LLP

Roberta Kaplan, Esq.
August 31, 2020
Page 2

Plaintiff asserts in response only that defendant should first collect and search for documents from the beginning of time and then, after ascertaining whether responsive documents exist, meet and confer as to whether the time frame for the Requests would be unduly burdensome. That stands the correct process on its head. It is not defendant's burden to formulate reasonably limited requests for plaintiff -- the onus is "on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims." *Stepping Stones Assocs., L.P. v. Scialdone*, 148 A.D.3d 855, 855 (2d Dep't 2017).

Attempting to shift the burden to the defendant in such a manner is improper in any case, but given that the requests are directed to the President, it is particularly improper. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 383, 388 (2004) (the President is not required to bear the burden of critiquing unacceptable discovery requests "line by line"). Thus, we are willing to meet and confer regarding defendant's responses provided that plaintiff first properly tailors her requests.

*Third*, you write that the executive privilege does not apply because "plaintiff seeks discovery regarding Defendant's private conduct." (Letter at 3.) That is not so. "Presidential communications are presumptively privileged." *United States v. Nixon*, 418 U.S. 683, 708 (1974). "No court has ever declined to treat executive communications as presumptively privileged on the grounds that the matters discussed involved private conduct." *See In re Grand Jury Proceedings*, 5 F. Supp. 2d 21, 25 (D.D.C.), *aff'd sub nom. In re Lindsey*, 148 F.3d 1100 (D.C. Cir. 1998), *and aff'd in part, rev'd in part on other grounds sub nom. In re Lindsey*, 158 F.3d 1263 (D.C. Cir. 1998). Moreover, the executive privilege encompasses confidential communications concerning preparations for the President's public statements, which are precisely the communications that Requests seek here. *See New York Times Co. v. U.S. Dep't of Def.*, 499 F. Supp. 2d 501, 516 (S.D.N.Y. 2007).[1]

Your letter baselessly claims that defendant cannot withhold documents on the basis of the executive privilege because the "Court has already rejected Defendant's claim to presidential immunity." (Letter at 3.) However, the Court's ruling denying defendant's request for a stay on

---

[1] Your reliance upon *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019 (2020) and *Nixon*, 418 U.S. 683 is misplaced. Neither of these cases held that the executive privilege is inapplicable to Presidential communications that relate to a President addressing his or her constituents. In fact, in *Nixon*, the Supreme Court assumed that the executive privilege presumptively *did* apply to the President's communications concerning the break-in at the Democratic National Committee's headquarters -- there could hardly be more conduct more "private" than the Watergate break in. The Supreme Court nonetheless held that the privilege could be overcome only by a showing of "demonstrated, specific need in a *criminal* trial." *Nixon*, 418 U.S. 683, 713 (emphasis added). This case, by contrast, involves a civil claim in which plaintiff has not even attempted to make a showing of demonstrated, specific need. And privilege played no role whatsoever in *Mazars*, given that, unlike here, the subpoena was directed to pre-Presidential records and the President "did not . . . resist the subpoenas by arguing that any of the requested records were protected by executive privilege." *Mazars*, 140 S. Ct. at 2028.

**K**ASOWITZ **B**ENSON **T**ORRES LLP

Roberta Kaplan, Esq.
August 31, 2020
Page 3

the basis that the Supremacy Clause purportedly does not bar a state court action against a sitting President has nothing to do with the application of an evidentiary privilege, such as the executive privilege.  Thus, contrary to your assertion, the Court's ruling in no way is relevant to or, bars defendant from, asserting and withholding documents on the basis of the executive privilege.

      Finally, defendant will not be available for a deposition on the unilateral date chosen by plaintiff of September 15, 2020.

Very truly yours,

Paul J. Burgo