# EXHIBIT G

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0884
DIRECT EMAIL  rkaplan@kaplanhecker.com

September 1, 2020

**VIA EMAIL**

Paul J. Burgo, Esq.
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019

      *Re:*    *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.)

Dear Paul:

      I write in response to your letter of yesterday's date.

      It has been nearly a month now since the Court denied your motion for a stay on August 7. Since that time, on behalf of our client E. Jean Carroll, we have been trying to get you to answer a simple question: whether your client, Donald Trump, intends to comply with that ruling, produce documents, and participate in discovery. Despite the exchange of at least five letters on these topics in the past few weeks, we still don't have a clear answer. While we are pleased to hear that you would be willing to meet and confer regarding Plaintiff's Second Set of Document Requests and we are certainly willing to discuss limiting the date ranges for certain requests, a meet and confer will not be productive if you persist in suggesting that Defendant will never actually produce any documents in response to our Requests.

      To move the conversation forward, my last letter dated August 26, 2020 asked you to identify the requests for which you claim no responsive documents exist and, for the remaining requests, asked you to identify the specific basis on which you are withholding relevant documents. As to any documents that you are not withholding on the basis of executive privilege, I asked you to confirm whether you have somehow decided that now is not the "appropriate time and place" to produce them. Unfortunately, you again have refused to do so. In response, you instead repeated a few absurdly overgeneralized objections and offered a primer on executive privilege (which we will, of course, honor if there is a sound, particularized basis for the exercise of that privilege over a discrete subset of relevant, responsive documents).

KAPLAN HECKER & FINK LLP

2

So let me state my question once again even more directly: are you in possession of relevant, responsive materials as to which Defendant does not assert a claim of executive privilege? And if you are, do you agree that, pursuant to Judge Saunders' order, now would be the "appropriate" time for you to produce them to us?

My client, who was sexually assaulted by Donald Trump in the mid-1990's, is tired of waiting. Please respond to this letter no later than by 9:30 a.m. tomorrow so that we can ascertain whether it will be necessary to raise this issue with the Court. In the meantime, we continue to reserve all rights.

Very truly yours,

*Robbie*

Roberta A. Kaplan, Esq.

cc:   Counsel of Record (via email)