# EXHIBIT H

# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

Paul J. Burgo
Direct Dial: (212) 506-1865
Direct Fax: (212) 835-5265
PBurgo@Kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

September 2, 2020

Via Email
Roberta A. Kaplan, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Ste. 7110
New York, New York 10118
rkaplan@kaplanhecker.com

Re:  *Carroll v. Trump*, Index No. 160694/2019 (Sup. Ct., N.Y. Cty.).

Dear Robbie,

I write in response to your September 1, 2020 letter.

As you know, all of our communications and responses are subject to and reserving all rights, under the Supremacy Clause and Article II of the United States Constitution, from a state court exercising jurisdiction over a sitting President while he or she serves as President, including the President's right to appeal the Court's denial of the stay in this action, and any other applicable rights or protections pertaining to the President.

As a courtesy, we are again responding within your unilateral deadline, but kindly refrain from setting such deadlines going forward.  As you know, this case is, at a minimum, governed by, in the words of the Supreme Court, the "'[h]igh respect that is owed to the office of the Chief Executive.'"  *Trump v. Vance*, 140 S. Ct. 2412, 2430 (2020) (quoting *Clinton v. Jones*, 520 U.S. 681, 707 (1997)).  We are not in a position -- nor, of course, is the President required -- to respond to your unilaterally imposed deadlines.

Please be advised that we will likely appeal to the First Department Judge Saunders' order denying defendant's motion for a stay, but a final decision has not yet been made.  We will let you know as soon as we can.  However, especially now that the United States Court of Appeals for the Second Circuit granted President Trump a stay yesterday in *Trump v. Vance*, No. 20-2766 (2d Cir. Sept. 1, 2020), it is highly likely that the appellate courts will likewise grant a stay if we do appeal. (*See also* NYSCEF No. 49 at 8-10 (courts grant the President stays pending appeal as a matter of deference).)  Thus, to avoid unnecessary expense and waste of judicial and party resources, we suggest, and hereby request, that you now consent to a stay pending the appeal before the Court of Appeals in *Zervos v. Trump*.

**KASOWITZ BENSON TORRES LLP**

Roberta Kaplan, Esq.
September 2, 2020
Page 2

      In the meantime, we reiterate our willingness to meet and confer concerning plaintiff's improper requests, including formulating reasonable timeframes, narrowing the scope of the requests to avoid implicating the executive privilege, and entering a mutually agreeable confidentiality order.

Very truly yours,

Paul J. Burgo