JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

DOUGLAS G. SMITH
Deputy Assistant Attorney General

WILLIAM K. LANE III
Counsel

JAMES G. TOUHEY, JR.
Director
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 888
Washington, DC  20044
Telephone:     (202) 353-1651
Facsimile:     (202) 616-5200
Email:          stephen.terrell2@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>                          Plaintiff,<br><br>          -against-<br><br> DONALD J. TRUMP, in his personal capacity,<br><br>                          Defendant. | **ECF Case**<br><br>No. 1:20-cv-7311-LAK-JLC |

## UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GOVERNMENT ACCOUNTABILITY PROJECT'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

## I.    INTRODUCTION

The Court should deny non-party Government Accountability Project's ("GAP's") motion

for leave to file an amicus brief in support of plaintiff's opposition to the United States' motion to

substitute because the proposed brief is unnecessary to resolution of the United States' motion—competent and skilled counsel represent plaintiff—and it adds no meaningful analysis or positions not otherwise addressed by the parties.  In fact, the proposed amicus brief is largely repetitive of plaintiff's Opposition.  Accordingly, the Court should deny the request for leave to file an amicus brief and proceed to resolving the United States' motion.

## II.    ARGUMENT

The circumstances under which courts consider an amicus brief to be an aid to the court are limited: "[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective."  *Soos v. Cuomo*, ___ F. Supp. 3d ___, ___, 2020 WL 3488742, at *13 (N.D.N.Y. 2020) (quoting *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 465 n.3 (E.D.N.Y. 2019)).  "Otherwise, leave to file an amicus brief should be denied."  *Id.*

Non-party GAP fails to satisfy these basic standards.  Numerous courts in this District, including this Court, have denied requests to participate as an amicus under similar circumstances.  *See*, *e.g.*, *Ass'n of Proprietary Colleges v. Duncan*, No. 14-cv-8838-LAK, 2015 WL 1649146, at *1 (S.D.N.Y. Apr. 8, 2015) (Kaplan, J.) (denying motion for leave to file amicus brief).  As such, the Court should deny the motion.

### A.    Non-Party GAP Fails to Demonstrate an Interest in This Action.

Non-party GAP is an organization that purports to have "unique capacity to launch both political advocacy for whistleblower protections and legal campaigns."[1]  However, Ms. Carroll is

---

[1] <https://whistleblower.org/our-story-2/> (last visited Oct. 2, 2020); *see also* Mot. for Leave at 1 n.1, ECF No. 15 (describing organization's advocacy for "whistleblowers").

not a whistleblower and does not purport to be a whistleblower; she is an alleged tort victim. Non-party GAP "litigates whistleblowing campaigns."[2]  However, this is a Federal Tort Claims Act ("FTCA") action, and the United States' motion to substitute turns upon application of the Westfall Act.  Non-party GAP has no demonstrable interest in, or unique expertise with respect to, the issues in this action.

Federal employees enjoy whistleblower protection under an "elaborate, comprehensive [statutory] scheme," *Bush v. Lucas*, 462 U.S. 367, 385, 103 S. Ct. 2404, 2415 (1983); *see* 5 U.S.C. § 2302 (prohibited personnel practices), with special jurisdictional provisions vesting review authority, in part, in the Merit System Protection Board, *Linder v. Dep't of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).  A tort action, and the Westfall Act, have no bearing on federal whistleblower protections.

In addition, private parties' federal whistleblower protections are unique statutory claims. *See*, *e.g.*, 6 U.S.C. § 1142 (public transportation employee protections); 18 U.S.C. § 1514A (Sarbanes-Oxley Act whistleblower protections).  As such, a Westfall Act certification in a tort case is unlikely to have any bearing on these distinct statutory claims.

Moreover, non-party GAP's motion consists primarily of assertions based largely on newspaper articles insinuating the Department of Justice's alleged bias or "politicization," Mot. for Leave at 3, ECF No. 15, but fails to explain how these untrue allegations bear on the absolute immunity Congress affords government officers for alleged torts committed in the course and scope of their office.  They do not.  Thus, for example, while non-party GAP discusses at length its purported concerns over the sentencing determinations made in the criminal case against Mr. Stone, *id.* at 3–5, it provides no explanation how these concerns relate at all to this tort case or the

---

[2] <https://whistleblower.org/whatwedo/#Litigation> (last visited Oct. 2, 2020).

Department's decades-long, consistent practice under the Westfall Act of certifying defamation claims, like those here, brought against Federal elected officials speaking on matters of interest or concern to their constituents.

In sum, non-party GAP fails to demonstrate that it "has an interest in some other case that may be affected by the decision in the present case." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Nor does non-party GAP's "unique information or perspective" on whistleblower litigation bear upon the narrow issue of Westfall Act substitution of the United States for the President that is the subject of the United States' motion. *Id.*

**B.      Competent Counsel Represents Plaintiff.**

Non-party GAP's motion should further be denied because here, Ms. Carroll is represented by skilled and competent counsel who have submitted a 36-page opposition. This is not a situation where plaintiff "is not represented competently or is not represented at all." *Soos*, 2020 WL 3488742, at *13.

**C.      The Proposed Brief is Repetitive and Unhelpful.**

Finally, non-party GAP's proposed amicus brief is highly repetitive of plaintiff's opposition, and is accordingly unhelpful to the Court. Non-party GAP, like plaintiff, argues New York scope of employment law applies here. *Compare* Non-Party Br. at 5–6, ECF No. 15-1, *with* Opp'n at 21–22, ECF No. 16. Non-party GAP is incorrect.

As explained in the government's concurrently-filed reply, the FTCA dictates that "the law of the place where the act or omission occurred" governs (not the law of the jurisdiction where the alleged "injury" occurred), which in this case is the law of the District of Columbia, where the alleged defamatory statements were made. 28 U.S.C. § 1346(b). The Supreme Court has held that "[i]n the Tort Claims Act Congress has expressly stated that the Government's liability is to be

determined by the application of a particular law, the law of the place where the act or omission occurred, and we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1, 9, 82 S. Ct. 585, 591 (1962).  Observing that "it would be difficult to conceive of any more precise language Congress could have used to command application of the law of the place where the negligence occurred than the words it did employ in the Tort Claims Act," the Supreme Court rejected the argument that "Congress intended the words 'act or omission' to refer to the place where the negligence had its operative effect."  *Id.* at 9–10, 82 S. Ct. at 591.

Following this binding Supreme Court precedent and the plain language of the statute, New York courts are in accord and have reached the same conclusion in other FTCA cases.  *See*, *e.g.*, *Maldonado v. Colon*, No. 97-cv-3966-KMW, 1998 WL 240479, at *3 (S.D.N.Y. May 12, 1998) (applying law of state where "alleged tortious conduct occurred" on scope of employment issue in FTCA case); *Reynolds v. United States*, 927 F. Supp. 91, 94 (W.D.N.Y. 1996) (defamation claim under FTCA based on statements in New York is governed by New York law because "[i]n determining whether an employee was acting within the scope of employment, the court must look to the law of the state in which the conduct occurred").

Having argued (like plaintiff) that New York law applies, non-party GAP similarly repeats the arguments plaintiff makes regarding New York scope of employment law.  *Compare* Non-Party Br. at 9–10, *with* Opp'n at 28–30.  Not only are these arguments duplicative of plaintiff's, they are also wrong, and indeed plaintiff herself states in a footnote in her opposition that they make no difference to the outcome: "the ultimate outcome would be the same under D.C. law." Opp'n at 31 n.18.  Accordingly, non-party GAP's motion should be denied because its arguments are duplicative and, as plaintiff acknowledges, ultimately not helpful to the Court.

Indeed, regardless of the applicable state law, every case to address the issue has affirmed the Department's certification and concluded that public officials speaking to the press or public on a matter of concern or interest to the officials' constituents falls within the scope of their office and thus substitution is appropriate under the FTCA.  These courts have uniformly concluded that part of a Federal elected official's job is to speak to the public about matters of public interest and thus the FTCA applies to alleged defamatory statements made in carrying out this function of office.  *See*, *e.g.*, *Does 1-10 v. Haaland*, 973 F.3d 591, 600 (6th Cir. 2020) (Congressmembers' "unsolicited comments by elected officials on an event of widespread public interest" within scope); *Wuterich v. Murtha*, 562 F.3d 375, 384–85 (D.C. Cir. 2009) (Congressman's statements made during a series of interviews to the media within scope); *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 665 (D.C. Cir. 2006) (Congressman's statement made to reporter during interview about his separation from his spouse with within scope); *Williams v. United States,* 71 F.3d 502, 507 (5th Cir. 1995) (Congressman's statements made during press interview within scope); *Chapman v. Rahall*, 399 F. Supp. 2d 711, 713 (W.D. Va. 2005) (Congressman's statements disparaging member of the press in scope); *Operation Rescue Nat'l v. United States,* 975 F. Supp. 92, 94–95, 106 (D. Mass. 1997), *aff'd,* 147 F.3d 68 (1st Cir. 1998) (Congressman's statements made during press interview within scope).[3]

Non-party GAP does not identify any exception because, to the United States' knowledge, there is none.  The Department's consistent approach in these cases has repeatedly been affirmed.  The proposed amicus brief thus serves no "laudable" purpose, but rather is only "distractive."

---

[3] These cases also belie non-party GAP's insinuation that the government's motives here are "political."  The government has consistently certified Federal elected officials who make allegedly defamatory statements to the press on matters of public interest of both political parties.  Likewise, the government has certified Presidents of both parties as acting within the scope of their office when sued for torts.  *Saleh v. Bush,* 848 F.3d 880, 891 (9th Cir. 2017); *West v. Trump*, No. 19-2522, 2020 WL 4721291, at *3 n.6 (N.D. Tex. July 23, 2020); *Ali Jaber v. United States,* 155 F. Supp. 3d 70, 73 (D.D.C. 2016), *aff'd,* 861 F.3d 241 (D.C. Cir. 2017); *Klayman v. Obama*, 125 F. Supp. 3d 67, 85 (D.D.C. 2015).

*Lehman XS Trust v. Greenpoint Mortgage Funding, Inc.*, No. 12-cv-7935-ALC-HBP, 2014 WL

265784, at *1 (S.D.N.Y. Jan. 23, 2014).

## III.    CONCLUSION

The United States respectfully requests that the Court deny non-party GAP's motion for

leave to file its proposed amicus brief.

 Dated: October 19, 2020                        JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General
                                                Civil Division

                                                DOUGLAS G. SMITH
                                                Deputy Assistant Attorney General

                                                WILLIAM K. LANE III
                                                Counsel

                                                JAMES G. TOUHEY, JR.
                                                Director

                                                 S/ Stephen R. Terrell
                                                STEPHEN R. TERRELL (CA Bar No.
                                                210004)
                                                Attorney
                                                Torts Branch, Civil Division
                                                United States Department of Justice
                                                P.O. Box 888
                                                Washington, DC  20044
                                                Telephone:    (202) 353-1651
                                                Facsimile:    (202) 616-5200
                                                Email: stephen.terrell2@usdoj.gov