KALKCARM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

E. JEAN CARROLL,

        Plaintiff,

    v.                  20 CV 7311 (LAK)

DONLD J. TRUMP, in his
personal capacity,

        Defendant.
------------------------------x
                            New York, N.Y.
                            October 21, 2020
                            3:57 p.m.

Before:

              HON. LEWIS A. KAPLAN,

                         District Judge

                APPEARANCES

KAPLAN HECKER & FINK LLP
    Attorneys for Plaintiff
BY: ROBERTA ANN KAPLAN
    MARCELLA COBURN
    JOSHUA ADAM MATZ

U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
    Attorneys for Defendant
BY: WILLIAM KERWIN LANE III
    STEPHEN TERRELL
    CATE CARDINALE

KALKCARM

1       (Case called)
2       THE DEPUTY CLERK:  Plaintiff, are you ready?  Put your
3   appearances on the record, please.
4       MS. KAPLAN:  We are.  Roberta Kaplan, from Kaplan
5   Hecker & Fink, for plaintiff.  I'm appearing with my colleagues
6   Joshua Matz and Marcella Coburn.
7       THE COURT:  Good afternoon.
8       THE DEPUTY CLERK:  Counsel for DOJ, are you ready?
9       MR. LANE:  We are.  William Lane, of the Department of
10  Justice, on behalf of the United States, with Stephen Terrell
11  and Cate Cardinale.
12      THE COURT:  Good afternoon, folks.
13      I want to put on the record what has already been a
14  filed order but is likely unknown to quite a number of people
15  with an interest here in the courtroom and online.
16      I had an application within the last couple of hours
17  from counsel for the United States to adjourn this argument.
18  The reasons they put forward are in their letter, which is on
19  the public record.
20      I denied the application and entered an order offering
21  the government three options:  First, to present oral argument
22  today by a person who is eligible, under the COVID restrictions
23  in effect in this court, to enter the courthouse; second, to
24  present oral argument today by an attorney for the government
25  from a remote location by telephone; or, third, to have me take

KALKCARM

the case on submission — that is, on the papers already on file — without any oral argument and simply go ahead and decide the matter before me.

Mr. Lane, the ball is up to you.  What does the government elect to do?

MR. LANE:  Thank you, your Honor.  We appreciate you being so accommodating.

The United States elects to submit on the briefs without any argument from any side.

THE COURT:  All right.  Is there any reason why I shouldn't do so?

MS. KAPLAN:  Your Honor, may I be heard?

THE COURT:  Yes.

MS. KAPLAN:  Your Honor, Roberta Kaplan, for E. Jean Carroll, who's here in the courtroom today.

We're obviously disappointed by this turn of events.  E. Jean herself drove some distance to be in court today.  And, as I'm sure your Honor is aware, the motion before your Honor is effectively case-dispositive.  It's essentially a motion to dismiss in the sense that if your Honor grants the government's motion, there is not a waiver of sovereign immunity with respect to an intentional tort.

So if your Honor has any questions, we would be happy to answer them.  My partner, Joshua Matz, has worked very hard to be able to address any questions your Honor may have, and if

KALKCARM

that's not an option — and it sounds like it's not, your Honor — then we would suggest that, given the fact that the government's moving brief in this case was only five pages long, and we were effectively shooting against a very narrow target, we would respectfully request the opportunity to put in a surreply tomorrow, no more than five pages, addressing the new arguments that showed up in the government's opposition brief.

THE COURT:  Mr. Lane, what's your view?

MR. LANE:  Your Honor, the United States would oppose additional briefing.  We think briefing has been fulsome and both sides have had sufficient time to argue.

THE COURT:  Well, I think the fairest way to handle this — because if I allow a surreply by the plaintiff, then the government will be back asking for a surreply of its own — is simply to invoke the time-honored principle that new arguments raised for the first time in a reply brief will not be considered.

Mr. Lane, is that acceptable to the United States?

MR. LANE:  Your Honor, we would strongly prefer no additional briefing.

THE COURT:  So I take it the answer to my question is yes?

MR. LANE:  Yes, your Honor.

THE COURT:  Okay.  The matter is taken under

KALKCARM

1  submission.
2          Thank you, all, very much.  I'm sorry so many people
3  were inconvenienced.
4                              * * *