# KASOWITZ BENSON TORRES LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

MARC E. KASOWITZ
DIRECT DIAL: 212-506-1710
DIRECT FAX: 212-835-5010
MKASOWITZ@KASOWITZ.COM

December 10, 2020

VIA ECF
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *Carroll v. Trump*, 1:20-cv-07311 (LAK)

Dear Judge Kaplan:

     We represent President Donald J. Trump in the above-referenced action. I submit this letter motion to respectfully request that this Court immediately stay all proceedings. As shown below, the Court has been divested of jurisdiction during the appeals to the United States Court of Appeals for the Second Circuit from this Court's October 27, 2020 Opinion and Order (the "Order") (ECF No. 32) denying the United States' motion, pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), to substitute as the defendant in place of President Trump.

     On November 25, 2020, the United States and the President both filed notices of appeal from the Order. (ECF Nos. 45-46.) As the Supreme Court has held, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982); *see also Abrahams v. Inc. Vill. of Hempstead*, 390 F. App'x 4, 5 (2d Cir. 2010) (summary order) ("A notice of appeal divests a district court of jurisdiction.").

     Here, all "aspects of the case" are "involved in the appeal" because the Order's "rejection of certification and substitution effectively denied [defendant] the protection afforded by the Westfall Act, a measure designed to immunize covered federal employees *not simply from liability, but from suit*." *Osborn v. Haley*, 549 U.S. 225, 238, 127 S. Ct. 881, 892 (2007) (emphasis added);[1] *see also Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S. Ct. 834, 839 (1996)

---

[1]     The Supreme Court held that that such an order is immediately appealable "as a reviewable final decision within the compass of 28 U.S.C. § 1291" pursuant to the collateral order doctrine, because the order "conclusively

KASOWITZ BENSON TORRES LLP

Hon. Lewis A. Kaplan
December 10, 2020
Page 2

(immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'" (emphasis in original)); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985) (immunity constitutes "an entitlement not to stand trial or face the other burdens of litigation"); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 116 S. Ct. 834, 839 (1982) (holding that discovery should not proceed until "threshold immunity question" is resolved); *Locurto v. Safir*, 264 F.3d 154, 164 (2d Cir. 2001) ("denials of immunity are conclusive with regard to a defendant's right to avoid *pre-trial* discovery" (emphasis in original)  (citation omitted)).

Numerous district courts, including in this District, have recognized and applied these principles.  *See, e.g.*, *Edrei v. City of New York*, No. 16 Civ. 1652 (RWS), 2017 WL 3822744, at *3 n.2 (S.D.N.Y. Aug. 31, 2017) (recognizing district court was divested of jurisdiction pending appeal of qualified immunity claim); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014) (Sweet, J.) (holding that "[a]s a general rule, when an appeal of the denial of . . . immunity is under consideration, discovery should not proceed" and rejecting argument that divestiture is not automatic in the qualified immunity context); *Bradley v. Jusino*, No. 04 Civ. 8411, 2009 WL 1403891, at *2 (S.D.N.Y. May 18, 2009) (recognizing district court was divested of jurisdiction pending appeal of qualified immunity claim).

Moreover, the district court is divested of jurisdiction even "[w]hen qualified immunity is in issue" on appeal.  *See Garcia v. Bloomberg*, No. 11 Civ. 6957(JSR), 2012 WL 3127173, at *1 (S.D.N.Y. July 27, 2012) ("discovery . . . cannot be said to be collateral [to the appeal] because qualified immunity is an entitlement to 'immunity from suit,' including the right to avoid even pre-trial discovery" (citations omitted)).  Accordingly, "[t]his principle has even stronger force in the present case, since the Westfall Act confers *absolute*, not merely qualified, immunity upon federal employees . . . . "  *Wuterich v. Murtha*, 562 F.3d 375, 378, 382 (D.C. Cir. 2009) (emphasis in original) (vacating district court order that "reserved judgment on certification pending discovery" because it "effectively denied [the defendant] the absolute immunity from suit guaranteed him by the Westfall Act").

Defendant therefore respectfully requests that all proceedings be immediately stayed pending appeal.

Respectfully submitted,<br>
*/s/ Marc E. Kasowitz*<br>
Marc E. Kasowitz

cc:     Counsel of Record (via ECF)

---

decide[s] a contested issue, the issue decided is important and separate from the merits of the action, and the District Court's disposition would be effectively unreviewable later in the litigation."  *Id.*