# KASOWITZ BENSON TORRES LLP

|  |  |  |
|---|---|---|
| MARC E. KASOWITZ<br>DIRECT DIAL: 212-506-1710<br>DIRECT FAX: 212-835-5010<br>MKASOWITZ@KASOWITZ.COM | 1633 BROADWAY<br>NEW YORK, NEW YORK 10019<br>(212) 506-1700<br>FAX: (212) 506-1800 | ATLANTA<br>HOUSTON<br>LOS ANGELES<br>MIAMI<br>NEWARK<br>SAN FRANCISCO<br>SILICON VALLEY<br>WASHINGTON DC |

December 21, 2020

VIA ECF
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*, 1:20-cv-07311 (LAK)

Dear Judge Kaplan:

      We respectfully write, on behalf of defendant President Donald J. Trump, in reply to plaintiff's December 17, 2020 memorandum of law (ECF No. 50) ("Opp."), and in further support of defendant's letter motion to stay proceedings for lack of jurisdiction (ECF No. 47) pending his appeal.[1]

      As shown, when President Trump and the United States filed their notices of appeal from this Court's reviewable, final Order, this Court was divested of jurisdiction over all matters at issue in the appeal, which, inasmuch as that order denied defendant's immunity from suit, is all matters.[2] Plaintiff's assertion to the contrary relies entirely on mischaracterizations of the law.

      First, plaintiff's assertion that defendant's reasoning suffers from a "fundamental flaw" because of the Second Circuit's statement in *United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996), that divestiture pending appeal is a judicially crafted rule, and not a *per se* rule, is

---

[1] Opening briefs are due January 15, 2020. Plaintiff must then determine when, within 91 days, she wishes to file her brief. *See* 2d Cir. R. 31.2(1)(b).

[2] As this Court recognized, if the Second Circuit finds that the Westfall Act applies to President Trump, this suit would be barred in its entirety under the doctrine of Sovereign Immunity, because the United States has not waived Sovereign Immunity in defamation actions. *See* Order at 29-30 ("[T]he FTCA's waiver of sovereign immunity contains an exception for libel and slander claims.")

KASOWITZ BENSON TORRES LLP

Hon. Lewis A. Kaplan
December 21, 2020
Page 2

itself fundamentally flawed.³  The court in *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 42 F. Supp. 3d 556, 561 (S.D.N.Y. Aug. 26, 2014) recognized that *Rodgers* -- a criminal case, in which decisions are "not final, and therefore not appealable, until after . . . sentenc[ing]" -- "does not bear directly on cases involving the appeal of a denial of . . . immunity" and "cannot reasonably be read to 'fully empower' district courts to compel discovery in the name of judicial efficiency while a denial of . . . immunity is being considered by the Court of Appeals," as plaintiff contends here.

As the numerous cases defendant cited established, because this appeal involves immunity from suit, which protects a defendant from discovery, an appeal from that denial of that immunity divests the Court of jurisdiction to oversee discovery pending that appeal.  (Letter 1-2.)  *See also Rodgers*, 101 F.3d at 251 ("A district court does not regain jurisdiction until the issuance of the mandate by the clerk of the court of appeals."); *Maricultura del Norte, S. de R.L. de C.V. v. WorldBusiness Capital, Inc.*, No. 14 CIV. 10143 (CM), 2019 WL 2117645, at *3-4, 6 (S.D.N.Y. Apr. 26, 2019) (denying motion to compel because "ordering discovery at this stage would be premature" until "the Court of Appeals issues its mandate").

Second, plaintiff's argument that this Court must consider stay factors "to decide whether a stay is warranted" (Opp. at 2) relies on a mischaracterization of *In re World Trade Center Disaster Site Litigation* ("*WTC*"), 503 F.3d 167 (2d Cir. 2007).  At every stage of the litigation, both the District Court and Second Circuit in *WTC* affirmed that a notice of appeal from a final order denying immunity from suit -- which this Court's Order indisputably is, *see Osborn v. Haley*, 549 U.S. 225, 238 (2007) -- divests the district court of jurisdiction.  There, the plaintiffs -- approximately 3,000 workers who had worked to clear debris from the World Trade Center site following September 11, 2001 -- sued, among others, the City of New York and the Port Authority for the permanent respiratory damage they suffered.  *See In re World Trade Ctr. Disaster Site Litig.*, 456 F. Supp. 2d 520, 523 (S.D.N.Y. 2006), *aff'd in part, appeal dismissed in part,* 521 F.3d 169 (2d Cir. 2008).  The court denied defendants' immunity defense, on the ground that it required further factual development.  *Id*.  When defendants sought to appeal that decision, the court found defendants' argument that it was a final, appealable order "border[ed] on frivolous, if not frivolous," and for that reason alone, held that the appeal did not divest the

---

³  *Rodgers* held only that if the appeal *itself* is faulty -- which plaintiff does not and cannot assert is the case here -- the district court need not wait for the appellate court to dismiss the appeal, because there is no "efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal which confers on this court the power to do nothing but dismiss the appeal." *Id.* at 251-52.  Likewise, in *Loria* (Opp. at 3), the district court erroneously held "Defendants have no basis for seeking collateral review in the Court of Appeals, therefore, defendant's motion for a stay is denied." *Loria v. City of Rochester*, No. 98-CV-6355 (CJS), 2001 WL 1822379, at *6 (W.D.N.Y. Nov. 6, 2001), *rev'd in part sub nom. Loria v. Gorman*, 306 F.3d 1271, 1280 (2d Cir. 2002)

KASOWITZ BENSON TORRES LLP

Hon. Lewis A. Kaplan
December 21, 2020
Page 3

Court of jurisdiction.  *See In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 140 (S.D.N.Y. 2007).

Notwithstanding the district court's assessment, the Second Circuit disagreed and stayed pre-trial proceedings because the appeal involved an **"*at least arguable*"** issue of immunity -- again reaffirming the sanctity of preserving even potentially frivolous claims of immunity from suit on appeal.  *WTC*, 2007 U.S. App. LEXIS 8728, at *8 (2d Cir. Mar. 9, 2007) (summary order) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 2815-16 (1985)).  (*See* Ex. 1.)

The plaintiffs then moved in the Second Circuit to lift the stay or restore jurisdiction.  But the Second Circuit did not, as plaintiff here contends, hold that defendants must seek a stay from the district court when they appeal a final order.  Rather, the court held that if the order was final, the "District Court['s] jurisdiction was divested [and], our stay was superfluous," and analyzed whether to restore the district court's jurisdiction or vacate the stay, while expressly reserving decision on which standard was appropriate.  *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170-71 (2d Cir. 2007) ("we will consider both . . .").  Under the extraordinary facts of that case -- and only after full briefing that resulted in a "lesser probability" of defendants' immunity defenses succeeding -- the Court "vacat[ed] the stay of proceedings and . . . remand[ed] the litigation to the District Court, thereby restoring its jurisdiction to proceed with pretrial proceedings," so that there might be "compensation for at least some Plaintiffs during their lifetimes, even though that course will impose upon the Defendants the burdens of pretrial discovery, thereby denying them immunity from suit during the interval from now until such time as it might ultimately be determined that their claims for immunity from suit are valid." *Id.* at 170.[4]  Accordingly, *WTC* does not support the proposition that defendant is required to seek a stay in this Court or that this Court may restore its own jurisdiction once divested.

Plaintiff's invocation of the stay factors are thus entirely misplaced and this action must be stayed for lack of jurisdiction.[5]

---

[4]  The Court ultimately dismissed the appeal, finding that, unlike here, the order was not a final order because defendants were entitled only to immunity from *liability*, not suit.  *WTC*, 521 F.3d 169, 187, 193 (2d Cir. 2008).

[5]  Plaintiffs' assertions of "gamesmanship" (Opp. at 4-6) are also entirely unfounded.  First, plaintiff did not engage in "substantial document discovery" in state court (Opp. at 4).  Plaintiff served her responses and objections in state court the same day that this action was removed.  No documents were produced. Plaintiff complains about the time it took to serve the complaint (Opp. at 5), but she filed her complaint on November 4, 2019, and served it only seven business days later on November 13, 2019. (NYSCEF Doc. Nos. 2, 17.)  Defendant's jurisdictional objections and assertions of his rights to immunity here and in state court also do not constitute "stonewalling."  (Opp. at 5-6.)

KASOWITZ BENSON TORRES LLP

Hon. Lewis A. Kaplan
December 21, 2020
Page 4

                          Respectfully submitted,

                          */s/ Marc E. Kasowitz*

                          Marc E. Kasowitz

cc:      Counsel of Record (via ECF)

# Exhibit 1

 Caution
As of: December 21, 2020 10:45 PM Z

# In re World Trade Ctr. Disaster Site Litig.

United States Court of Appeals for the Second Circuit

March 9, 2007, Decided ; March 9, 2007, Filed

06-5324-cv, 07-0185-op

**Reporter**
2007 U.S. App. LEXIS 8728 *

In re World Trade Center Disaster Site Litigation; In re City of New York, et al., Petitioners.

**Subsequent History:** Later proceeding at *In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 2007 U.S. Dist. LEXIS 47334 (S.D.N.Y., June 29, 2007)*

Stay vacated by, Remanded by, in part *McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.), 2007 U.S. App. LEXIS 23371 (2d Cir. N.Y., Oct. 5, 2007)*

**Prior History:** *In re World Trade Ctr. Disaster Site Litig., 469 F. Supp. 2d 134, 2007 U.S. Dist. LEXIS 3761 (S.D.N.Y., 2007)*

## Core Terms

Appellants-petitioners, docketed, motion to dismiss, mandamus

**Counsel:** **[*1]** For Alfred Luchetti, Andrea Cavicchio, Andrea Weisenburger, Ann Marie Duigan, Ann Marie Duignan, Anna Maria Hubner, Anthony Devita, Arlene Montalvo, Barbara Kadnar, Barry Buss, Bernard Stinchcomb, Blanca Goffredo, Carol Gavitt, Carol Retundie, Carolyn Mundy, Catherine Lang, Cathy Mongiello, Christine Broome, Christine Johnson, Christine Stinchcomb, Christopher Delgiorno, Cliff Carty, Concetta Zuccaro, Corinne Mulham, Danielle Eivers, David McDonough, David Nolan, Dean Curti, Dennis Mcconville, Derek Kelly, Dewardranth Samaroo, Diane Doherty, Diane Donovan, Diane Hoch Sankey, Donald Carson, Donald Striffler, Donna Haskell, Francesca Gillam, Frank Goffredo, Frank Haskell, Frank Malone, Gail Mcconville, Gloria Elaine Carson, Gregg Weisenburger, Gregory Forsyth, Gregory A. Forsyth, Herbert Pate, James Albach, James Checco, James Lang, James McHugh, James A. Kadnar, Jason Porcaro, Jean Imparato, Jeanette Buss, Jerry O'Connor, Jessie K. Horton, Jill Miskanic, Joann Delgiorno, John Boyle, John Jackson, John Miskanic, John Quevedo, John Quinn, John Tiska, John Zuccaro, John J. Quinn, Joseph Eivers, Joseph Falcone, Joseph Gavitt, Joseph Imparato, Joseph Murphy, Joseph Scaramuzzino, Judy Checco,  **[*2]** Kathleen Carty, Keith Decaro, Kelly M. Miller, Kenneth Donovan, Kenneth Miccio, Kenneth J. Strohl, Kevin Farrell, Kevin Mongiello, Kevin O'Brien, Kim Ryan Decaro, Lane Metro, Laranie Devita, Larrie Placide, Laura Morello, Lawrence Ford, Lawrence Horton, Lenny Dinotte, Louise Nolan, Marc Morello, Margret McHugh, Marion S. Mishkin, Mary Ellen Luchetti, Mary Jane Striffler, Maryann Bubelnik, Mathew Mulham,

Maureen Nogan, Michael Bell, Michael Lavin, Michael Macko, Michael Welsh, Nancy Metro, Nancy Murphy, Nicola Cavicchio, Patricia Hawkins, Patricia O'Brien, Patrick Duigan, Patrick Duignan, Paul Fella, Phyliss Costarella, Richard Nogan, Robert Ayers, Robert Broome, Robert Garett, Robert Johnson, Robert Panarella, Robert Van Houten, Robin Van Houten, Roger Montalvo, Rosario Gallagher, Scott Hawkins, Shirley Bell, Theresa Cosgrave, Theresa Welsh, Thomas Gillam, Thomas Mundy, Thomas J. Bubelnik, Tomiann Jackson, Vincent Rivera, William J. Sankey, Yajaira Strohl, Plaintiffs-Appellants: Andrew J. Carboy Esq., Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York, NY.

For Frances Hickey, Thomas Hickey, Plaintiffs-Appellees: Andrew R. Diamond Esq., Sacks & Sacks, New York, NY.

For **[*3]** Barry J. Albrecht, Plaintiff-Appellee: Anthony P. Gentile Esq., Godosky & Gentile, New York, NY.

For Caroline Lavin, Plaintiff-Appellant: Caroline Lavin, Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York, NY.

For Kim Flechaus, Plaintiff-Appellee: David L. Kremen Esq., Oshman & Mirisola, New York, NY.

For Andrea Cavicchio, Bernard Stinchcomb, Blanca Goffredo, Christine Johnson, Christine Stinchcomb, Cliff Carty, David Nolan, Dean Curti, Dewardranth Samaroo, Diane Hoch Sankey, Donald Carson, Frank Goffredo, Gloria Elaine Carson, Herbert Pate, Jason Porcaro, Jerry O'Connor, Jessie K. Horton, Joseph Falcone, Joseph Scaramuzzino, Kathleen Carty, Kelly M. Miller, Kevin O'Brien, Lawrence Ford, Lawrence Horton, Lenny Dinotte, Louise Nolan, Marion S. Mishkin, Nicola Cavicchio, Patricia O'Brien, Phyliss Costarella, Renee Thompson, Robert Ayers, Robert Johnson, Robert Panarella, William J. Sankey, Plaintiffs-Appellants: Denise A. Rubin Esq., Napoli Bern, LLP, New York, NY.

For William D. McCue, Plaintiff-Appellee: Denise A. Rubin Esq., Napoli Bern, LLP, New York, NY.

For Daniel Leonard, Delia Becca, Donald G. Thompson, Lance Becca, Laura Leonard, Plaintiffs-Appellants: **[*4]** Denise Ava Rubin Esq., Napierski, Vandenburgh & Napierski, LLP, Albany, NY.

For City of New York, Defendant-Appellant: Fay Leoussis Esq., Corporation Counsel, N.Y.C., Department of Law, New York, NY.

For John Baiano, Plaintiff-Appellee: Florrie L. Wertheimer Esq., Wertheimer Associates, New York, NY.

For Alfred Gaillard, Arthur Alessandro, Arthur S. Davis, Carl Fisher, Catherine Langerin, Christopher Romanski, Colleen Ryan, Cynthia Shelto, Donna Donnelly, Dorothy Foris, Frank Maisano, George Foris, Hector Rivera, J. Richard Ryan, Jacqueline Cacchioli, Jo Andrusyczyn, John Botte, John Delaney, Jon Marie Fisher, Joseph Bellissimo, Joseph Cardinale, Julie Maisano, Louie Cacchioli, Marcia Diaz, Mark Bernheimer, Patrick D'Alliegro, Patrick Donaghy, Raymond Fuscaldo, Richard Ryan, Robert Intartaglia, Stanley Andrusyczyn, Stephen Borcherding, Stephen Donnelly, Teresita Cayatano, Theresa A. Davis, Walter Jensen, Plaintiffs-Appellants: Harvey B. Ginsberg Esq., Worby, Groner, Edelman & Napoli Bern L.L.P, East

Meadow, NY.

For AMEC Construction Management, Inc., AMEC Earth & Environmental, Inc., Bechtel Associates Professional Corporation, Bechtel Construction, Inc., Bechtel **[*5]** Corporation, Bechtel Environmental, Inc., Bovis Holdings Limited, Bovis International, Inc., Bovis Lend Lease Interiors, Inc., Bovis Lend Lease LMD, Bovis Lend Lease, Inc., Evergreen Recycling of Corona (E.R.O.C.), Plaza Construction Corp., Plaza Construction Management Corp., Tully Construction Co., Inc., Tully Construction Company, Tully Consulting Corp., Tully Industries Inc., Turner Construction Co., Turner Construction Company, Turner/Plaza, A Joint Venture, Defendants-Appellants: James E. Tyrrell Esq., Patton Boggs LLP, Newark, NJ.

For Tully Environmental Inc., Debtor-Appellant: James E. Tyrrell Esq., Patton Boggs LLP, Newark, NJ.

For William D. McCue, Plaintiff-Appellee: Kevin K. Russell Esq., Howe & Russell, Washington, DC.

For Lisa Reynolds, Plaintiff-Appellant: Lisa Reynolds, Worby, Groner, Edelman & Napoli Bern L.L.P, East Meadow, NY.

For Bertha Quinlan, James Sweeney, Jonah Bel, Kathleen Sweeney, Maureen McCue, William Quinlan, William D. McCue, Plaintiffs-Appellees: Lonny Levitz Esq., Kuharski & Levitz, New York, NY.

For Andrea Cavicchio, Bernard Stinchcomb, Blanca Goffredo, Christine Johnson, Christine Stinchcomb, Cliff Carty, David Nolan, Dean **[*6]** Curti, Dewardranth Samaroo, Diane Hoch Sankey, Donald Carson, Frank Goffredo, Gloria Elaine Carson, Herbert Pate, Jason Porcaro, Jerry O'Connor, Jessie K. Horton, Joseph Falcone, Joseph Scaramuzzino, Kathleen Carty, Kelly M. Miller, Kevin O'Brien, Lawrence Ford, Lawrence Horton, Lenny Dinotte, Louise Nolan, Marion S. Mishkin, Nicola Cavicchio, Patricia O'Brien, Phyliss Costarella, Robert Ayers, Robert Johnson, Robert Panarella, William J. Sankey, Plaintiffs-Appellants: Marc Jay Bern Esq., Worby Gorner Edelman & Napoli Bern, LLP, New York, NY.

For Arlene McGillick, Francis Lavery, Jon J. McGillick, Kathryn Lavery, Francis Lavery, Kathryn Lavery, Plaintiffs-Appellants: Paul A Marber Esq., Sullivan Papain Block, McGrath & Cannavo, P.C., New York, NY.

For Angela Larosa, Anthony R. Larosa, Clinton Beyer, Colleen Ariola, George Lamoreaux, Gina McNally, Ingrid Lamoreaux, James Blake, James Mascarella, Janet Healy, Joan Beyer, John F. Taggart, John M. Deneau, Joseph Ariola, Joseph Healy, Leah Spiller, Lisa Deneau, Lori Malloy, Maria Villari, Michael Spiller, Patrick Malloy, Peter Blake, Roger Danvers, Sharon Blake, Theresa Taggart, Thomas Magee, Timothy Villari, Vincent McNally,  **[*7]**  Plaintiffs-Appellees: Paul A. Marber Esq., Sullivan Papain Block, McGrath & Cannavo, New York, NY.

For William D. McCue, Plaintiff-Appellee: Paul J. Napoli Esq., Worby, Groner, Edelman & Napoli Bern L.L.P, East Meadow, NY.

For Peter Cosgrave, Plaintiff-Appellant: Peter Cosgrave, Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York, NY.

For Richard Mighdoll, Plaintiff-Appellant: Richard Mighdoll, Sullivan, Papain, Block, McGrath & Cannavo, P.C., New York, NY.

For Sue Ann Andersen, Plaintiff-Appellant: Sue Ann Andersen, Worby, Groner, Edelman & Napoli Bern L.L.P, East Meadow, NY.

For Victoria O'Connor, Plaintiff-Appellant: Suzanne M. Scott Esq., Friedman, Friedman, Chiaravalloti & Giannini, New York, NY.

For Turner Construction International, LLC, Defendant-Appellant: Turner Construction International, LLC, Patton Boggs LLP, Newark, NJ.

For Andersen Allen, Anthony Aguglairo, Cecelia Borcherding, Charles La Barbera, Ernest Medaglia, Jeanne Kolarik, Juan Cubero, Kevin Reynolds, Lionel Payette, Michelle Payette, Patricia Aguglairo, Philip J. Pfersching, Richard Allison, Rosa Cubero, Susan Allison, Susan Medaglia, Plaintiffs-Appellants: William Joseph **[*8]** Dubanevich Esq., Worby, Groner, Edelman & Napoli Bern L.L.P, East Meadow, NY.

**Judges:** Present: Hon. Richard J. Cardamone, Hon. Chester J. Straub, Hon. J. Clifford Wallace, * Circuit Judges.

## Opinion

Summary Order

Appellants-petitioners, through counsel, move for a writ of mandamus and a stay of the district court proceedings pending appeal. Appellees, through counsel, move to dismiss

---

* The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

the appeal docketed under 06-5324-cv. Because it is at least arguable whether some or all of the assertions of immunity put forward by appellants-petitioners have merit, upon due consideration, it is hereby ORDERED that the motion for a stay of trial as well as pre-trial proceedings is GRANTED. See *Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)*(immunity from suit is "effectively lost if a case is erroneously permitted to go to trial"). It is further ORDERED that, regarding the appeal docketed under 06-5324-cv, the appellees' motion to dismiss is referred to the merits panel that decides the appeal. Appellants-petitioners' motion for a writ of mandamus, docketed under 07-0185-op, **[*9]** is DENIED as moot. A scheduling order for the appeal shall issue forthwith and the appeal will be heard on an expedited basis.

---

**End of Document**