**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
     -and-
270 West 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>             *Plaintiff,*<br><br>   v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>             *Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC<br><br><br>**AFFIRMATION OF**<br>**ALINA HABBA, ESQ.** |

     **ALINA HABBA, ESQ.**, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9, declares as follows:

     1.     I am the managing partner of the law firm of Habba Madaio & Associates LLP, attorneys of record for Defendant, Donald J. Trump ("Defendant"), and am duly admitted to practice in the District Court for the Southern District of New York and the State of New York. I have reviewed my file, and all matters pertinent to this action, and I am fully familiar with the facts and circumstances surrounding this case.

     2.     This Affirmation is submitted in support of Defendant's motion for leave to amend his Answer ("Answer") pursuant to Fed. R. Civ. P. 15(a), to include an affirmative defense and

counterclaim under New York's newly-amended anti-SLAPP law, codified as New York Civil Rights Law §§ 70-a and 76-a.

3.     Attached as **Exhibit 1** to this affirmation is a true and correct copy of Defendant's Answer served upon the plaintiff, E. Jean Carroll, on January 23, 2021.

4.     Attached as **Exhibit 2** to this affirmation is a true and correct copy of Defendant's proposed amended answer.

5.     Attached as **Exhibit 3** to this affirmation is a true and correct copy of the proposed amendments in redline as compared to Defendant's original answer served on January 23, 2021.

6.     Based on the foregoing, Defendant respectfully requests that this Court grant the within motion in its entirety, along with such other and further relief this Court deems necessary.

Respectfully Submitted,

Dated: December 1, 2021.
New York, New York

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
270 West 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

E. JEAN CARROLL,                                                 Index No.:  160694/19

                        Plaintiff,

            -against-                                            **ANSWER**

DONALD J. TRUMP, in his personal capacity,

                        Defendant.

------------------------------------------------------------------X

       Defendant Donald J. Trump ("President Trump"), subject to and reserving all rights to his

immunity, under the Supremacy Clause of the United States Constitution, Article IV, Section II, of a

sitting United States President from being sued in state court while serving as President, for his

answer to the complaint:

        1.     Denies the allegations contained in paragraph 1 of the Complaint.

        2.     Denies the allegations contained in paragraph 2 of the Complaint.

        3.     Denies the allegations contained in paragraph 3 of the Complaint.

        4.     Denies the allegations contained in paragraph 4 of the Complaint.

        5.     Denies the allegations contained in paragraph 5 of the Complaint.

        6.     Denies the allegations contained in paragraph 6 of the Complaint.

        7.     Denies the allegations contained in paragraph 7 of the Complaint.

        8.     Denies the allegations contained in paragraph 8 of the Complaint.

        9.     Denies the allegations contained in paragraph 9 of the Complaint.

        10.    Denies the allegations contained in paragraph 10 of the Complaint.

        11.    Denies the allegations contained in paragraph 11 of the Complaint.

        12.    Denies the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegation contained in paragraph 19 of the Complaint asserts a demand for a jury trial for which no response is required.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

3

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint can neither be admitted

nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 66 of the Complaint.

67.     The allegations contained in paragraph 67 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

83.     The allegations contained in paragraph 83 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 83 of the Complaint.

84.     The allegations contained in paragraph 84 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 91 of the Complaint and respectfully refers the Court to any alleged statements for their full and complete content and context.

92.     The allegations contained in paragraph 92 of the Complaint can neither be admitted

nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 92 of the Complaint.

93.    Denies the allegations contained in paragraph 93 of the Complaint.

94.    Denies the allegations contained in paragraph 94 of the Complaint.

95.    Denies the allegations contained in paragraph 95 of the Complaint.

96.    Denies the allegations contained in paragraph 96 of the Complaint.

97.    The allegations contained in paragraph 97 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 97 of the Complaint and respectfully refers the Court to any alleged statement for its full and complete content and context.

98.    The allegations contained in paragraph 98 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 98 of the Complaint.

99.    The allegations contained in paragraph 99 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    The allegations contained in paragraph 101 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth

7

of the allegations contained in paragraph 102 of the Complaint.

103.    The allegations contained in paragraph 103 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    The allegations contained in paragraph 104 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    The allegations contained in paragraph 105 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies allegations contained in paragraph 110 of the Complaint and respectfully refers the Court to any alleged photographs for their full and accurate depictions.

111.    The allegations contained in paragraph 111 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 111 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

112.    The allegations contained in paragraph 112 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 112 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    The allegations contained in paragraph 123 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 123 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

124.    Denies the allegations contained in paragraph 124 of the Complaint

125.    The allegations contained in paragraph 125 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 125 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    The allegations contained in paragraph 127 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

## FIRST CAUSE OF ACTION

137.    Paragraphs 1 through 136 are realleged.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

## DEMAND FOR RELIEF

146.     President Trump denies that plaintiff is entitled to any relief requested in the *ad damnum* clause of the Complaint or any other relief.

### FIRST AFFIRMATIVE DEFENSE

147.     Plaintiff's claim is barred because defendant is immune, under the Supremacy Clause of the United States Constitution, from suit in state court while serving as President of the United States.

### SECOND AFFIRMATIVE DEFENSE

148.     The Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

149.     The alleged defamatory statements are privileged or protected by one or more immunities, including, but not limited to, under the Constitution of the United States.

### FOURTH AFFIRMATIVE DEFENSE

150.     The alleged defamatory statements are true.

### FIFTH AFFIRMATIVE DEFENSE

151.     Plaintiff's claim is barred because her damages, if any, were caused by acts of third persons, for which defendant is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

152.     Plaintiff is not entitled to punitive damages as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

153.     Plaintiff has not sufficiently alleged defamation *per se*.

### EIGHTH AFFIRMATIVE DEFENSE

154.     Plaintiff has failed to plead damages with the required specificity.

11

## NINTH AFFIRMATIVE DEFENSE

155.   The Court lacks personal jurisdiction over President Trump.


WHEREFORE, defendant Donald J. Trump respectfully demands judgment dismissing the

Complaint in its entirety, together with costs, disbursements, and all such other relief as this Court

deems just and proper.

Dated: New York, New York
       January 23, 2020

LAROCCA HORNIK ROSEN
& GREENBERG LLP

By: _____

Lawrence S. Rosen, Esq.
Amy D. Carlin, Esq.
Patrick McPartland, Esq.
40 Wall Street, 32nd Floor
New York, New York 10005
T: (212) 530-4822, 4836, 4837
E: LROSEN@LHRGB.COM
    ACARLIN@LHRGB.COM
    PMCPARTLAND@LHRGB.COM

*Attorneys for Donald J. Trump*

To:   Roberta Kaplan, Esq.
      Kaplan Hecker & Fink LLP
      350 Fifth Avenue, Suite 7110
      New York, NY  10118

# EXHIBIT 2

**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
          -and-
270 West 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>*Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC<br><br>**AMENDED ANSWER** |

Defendant, Donald J. Trump ("President Trump"), subject to and reserving all rights to his immunity, under the Supremacy Clause of the United States Constitution, Article IV, Section II, of a sitting United States President from being sued in state court while serving as President, for his answer to the complaint:

1.    Denies the allegations contained in paragraph 1 of the Complaint.

2.    Denies the allegations contained in paragraph 2 of the Complaint.

3.    Denies the allegations contained in paragraph 3 of the Complaint.

4.    Denies the allegations contained in paragraph 4 of the Complaint.

5.    Denies the allegations contained in paragraph 5 of the Complaint.

6.    Denies the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Denies the allegations contained in paragraph 9 of the Complaint.

10.     Denies the allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint.

13.     Denies the allegations contained in paragraph 13 of the Complaint.

14.     Denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15 of the Complaint.

16.     Denies the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies the allegations contained in paragraph 18 of the Complaint.

19.     The allegation contained in paragraph 19 of the Complaint asserts a demand for a jury trial for which no response is required.

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     The allegations contained in paragraph 43 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.      Denies the allegations contained in paragraph 62 of the Complaint.

63.      Denies the allegations contained in paragraph 63 of the Complaint.

64.      Denies the allegations contained in paragraph 64 of the Complaint.

65.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.      The allegations contained in paragraph 66 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 66 of the Complaint.

67.      The allegations contained in paragraph 67 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.      Denies the allegations contained in paragraph 68 of the Complaint.

69.      Denies the allegations contained in paragraph 69 of the Complaint.

70.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.      Denies the allegations contained in paragraph 71 of the Complaint.

72.      Denies the allegations contained in paragraph 72 of the Complaint.

73.      Denies the allegations contained in paragraph 73 of the Complaint.

74.      Denies the allegations contained in paragraph 74 of the Complaint.

75.      Denies the allegations contained in paragraph 75 of the Complaint.

76.      Denies the allegations contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

83.     The allegations contained in paragraph 83 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 83 of the Complaint.

84.     The allegations contained in paragraph 84 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 91 of the Complaint and respectfully refers the Court to any alleged statements for their full and complete content and context.

92.     The allegations contained in paragraph 92 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     The allegations contained in paragraph 97 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 97 of the Complaint and respectfully refers the Court to any alleged statement for its full and complete content and context.

98.     The allegations contained in paragraph 98 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    The allegations contained in paragraph 101 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    The allegations contained in paragraph 103 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    The allegations contained in paragraph 104 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    The allegations contained in paragraph 105 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies allegations contained in paragraph 110 of the Complaint and respectfully refers the Court to any alleged photographs for their full and accurate depictions.

111.    The allegations contained in paragraph 111 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 111 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

112.    The allegations contained in paragraph 112 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 112 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.     Denies the allegations contained in paragraph 122 of the Complaint.

123.     The allegations contained in paragraph 123 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 123 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

124.     Denies the allegations contained in paragraph 124 of the Complaint

125.     The allegations contained in paragraph 125 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 125 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

126.     Denies the allegations contained in paragraph 126 of the Complaint.

127.     The allegations contained in paragraph 127 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 127 of the Complaint.

128.     Denies the allegations contained in paragraph 128 of the Complaint.

129.     Denies the allegations contained in paragraph 129 of the Complaint.

130.     Denies the allegations contained in paragraph 130 of the Complaint.

131.     Denies the allegations contained in paragraph 131 of the Complaint.

132.     Denies the allegations contained in paragraph 132 of the Complaint.

133.     Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

## FIRST CAUSE OF ACTION

137.    Paragraphs 1 through 136 are realleged.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

## DEMAND FOR RELIEF

146.    President Trump denies that plaintiff is entitled to any relief requested in the *ad damnum* clause of the Complaint or any other relief.

## FIRST AFFIRMATIVE DEFENSE

147.    Plaintiff's claim is barred because defendant is immune, under the Supremacy Clause of the United States Constitution, from suit in state court while serving as President of the United States.

## SECOND AFFIRMATIVE DEFENSE

148.    The Complaint fails to state a cause of action.

## THIRD AFFIRMATIVE DEFENSE

149.    The alleged defamatory statements are privileged or protected by one or more immunities, including, but not limited to, under the Constitution of the United States.

## FOURTH AFFIRMATIVE DEFENSE

150.    The alleged defamatory statements are true.

## FIFTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claim is barred because her damages, if any, were caused by acts of third persons, for which defendant is not responsible.

## SIXTH AFFIRMATIVE DEFENSE

152.    Plaintiff is not entitled to punitive damages as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

153.    Plaintiff has not sufficiently alleged defamation *per se*.

## EIGHTH AFFIRMATIVE DEFENSE

154.    Plaintiff has failed to plead damages with the required specificity.

## NINTH AFFIRMATIVE DEFENSE

155.    The Court lacks personal jurisdiction over President Trump.

## TENTH AFFIRMATIVE DEFENSE

156.    Plaintiff's claim is barred by New York's anti-SLAPP laws, NY Civil Rights Law §§ 70-a and 76-a.

## COUNTERCLAIM

1.    Defendant/Counterclaimant, Donald J. Trump (hereinafter "Defendant/Counterclaimant"), repeats and realleges each and every allegation within the preceding paragraphs as if set forth at length herein.

2.    Defendant/Counterclaimant makes this counterclaim for damages pursuant to New

York's Strategic Lawsuits Against Public Participation ("anti-SLAPP") under Section 70-a and/or Section 76-a of the New York Civil Rights Laws.

3.      On January 20, 2017, Defendant/Counterclaimant was inaugurated as the 45th president of the United States.

4.      At or around that time, Plaintiff began drafting a book attacking the character of twenty-one men who she claims negatively impacted her life. Her list included Defendant/Counterclaimant.

5.      On June 21, 2019, during the course of Defendant/Counterclaimant's presidency, *New York* Magazine published an excerpt of Plaintiff's then-forthcoming book, in which she falsely alleged that she was sexually assaulted by Defendant/Counterclaimant in the 1990's.

6.      The false allegations were published in the midst of Defendant/Counterclaimant's presidency, knowing full well that Defendant/Counterclaimant would need to publicly respond to the false allegations. In fact, this was likely done by design.

7.      Upon information and belief, Plaintiff's motivation for asserting her false allegations against Defendant/Counterclaimant was to garner public attention, increase the sales of her book, and tarnish Defendant/Counterclaimant's reputation.

8.      By causing the excerpt, and ultimately the book, to be published, Plaintiff knowingly and purposefully catapulted herself into the public sphere by maliciously attacking the character of Defendant/Counterclaimant, a sitting president.

9.      In response to the publication of Plaintiff's false allegations, Defendant/Counterclaimant made three public statements, on June 21, 2019, June 22, 2019, and on June 24, 2019, adamantly denying the allegations.

10.     Plaintiff's book, *What Do We Need Men For? A Modest Proposal* was subsequently

published on July 2, 2019.

11.    On November 4, 2019, Plaintiff commenced and has since continued the instant action against Defendant/Counterclaimant, alleging that the three public statements denying her claim defamed her.

12.    Upon information and belief, Plaintiff filed the instant action as retribution for Defendant/Counterclaimant's truthful statements, and for the sole purpose of harassing, punishing, or otherwise maliciously inhibiting his free exercise of speech.

13.    This action is based upon "communication in a public place open to the public or a public forum in connection with an issue of public interest" and is further based upon "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest"

14.    This action is "an action involving public petition and participation" as defined in CRL Section 76-a because the defamation claim asserted by  Plaintiff is based on communications and statements made "in a place open to the public or a public forum in connection with an issue of public interest" and/or involves "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest or in furtherance of the exercise of the constitutional right of petition." CRL §76-a(1)(d).

15.    This action is not a "purely private matter." CRL §76-a(1)(d).

16.    Plaintiff violated New York's anti-SLAPP law by commencing or continuing the instant action, which lacks a substantial basis in law and in fact. See N.Y. Civ. Rights Law § 70-a, 76-a, and N.Y. C.P.L.R. § 3211(g), 3212(h).

17.    Defendant/Counterclaimant is entitled to costs and attorney's fees pursuant to CRL §76-a(1)(d) on the basis that Plaintiff knowingly commenced the instant proceeding without a

substantial basis in law and fact and without support by a substantial argument for an extension, modification, or reversal of existing law.

18.     Plaintiff asserted her defamation claim even though she knew that Defendant/Counterclaimant's statements were truthful and not defamatory.

19.     Regardless, Plaintiff thus initiated and continued the instant litigation for the sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting Defendant/Counterclaimant's free exercise of speech, petition, and association rights.

20.     Defendant/Counterclaimant is therefore entitled to recover compensatory and punitive damages from Plaintiff under CRL §70-a.

**WHEREFORE**, Defendant/Counterclaimant requests judgment against Plaintiff as follows:

a.  Dismissing the Complaint in its entirety;

b.  An award of all of Defendant/Counterclaimant's attorneys' fees and costs incurred in this action, as provided under CRL §70-a;

c.  An award of compensatory damages, as provided under CRL §70-a, in an amount to be determined at trial;

d.  An award of punitive damages, as provided under CRL §70-a, in an amount to be determined at trial; and

e.  All other and further relief as this Court may deem just and proper.

Dated: New York, New York          **HABBA MADAIO & ASSOCIATES LLP**
          November ____, 2021

                                   By:  _____
                                        Alina Habba, Esq.
                                        1430 U.S. Highway 206, Suite 240
                                        Bedminster, New Jersey 07921
                                              -and-

　＼　　　　　　　270 West 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**To:**    Roberta Kaplan, Esq.
Kaplan Hecker & Fink LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
*Attorneys for Plaintiff, E. Jean Carroll*

# EXHIBIT 3

~~SUPREME COURT OF THE STATE OF NEW YORK~~
~~COUNTY OF NEW YORK~~
-------------------------------------------------------X

~~E. JEAN CARROLL,~~                                    ~~Index No.: 160694/19~~

~~Plaintiff,~~

~~-against-~~                                           ~~ANSWER~~

~~DONALD J. TRUMP, in his personal capacity,~~

~~Defendant.~~
-------------------------------------------------------X

HABBA MADAIO & ASSOCIATES LLP
Alina Habba, Esq.
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
270 W 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

> **Formatted:** Font: Italic

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

E. JEAN CARROLL,                          Civil Action No.: 1:20-cv-7311-LAK-JLC

            *Plaintiff,*

      v.                                  **AMENDED ANSWER**

DONALD J. TRUMP, in his personal capacity,

            *Defendant.*

Defendant, Donald J. Trump ("President Trump"), subject to and reserving all rights to his

immunity, under the Supremacy Clause of the United States Constitution, Article IV, Section II,

of a sitting United States President from being sued in state court while serving as President, for

his answer to the complaint:

1.    Denies the allegations contained in paragraph 1 of the Complaint.

2.    Denies the allegations contained in paragraph 2 of the Complaint.

3.    Denies the allegations contained in paragraph 3 of the Complaint.

4.    Denies the allegations contained in paragraph 4 of the Complaint.

5.    Denies the allegations contained in paragraph 5 of the Complaint.

6.    Denies the allegations contained in paragraph 6 of the Complaint.

7.    Denies the allegations contained in paragraph 7 of the Complaint.

8.    Denies the allegations contained in paragraph 8 of the Complaint.

9.    Denies the allegations contained in paragraph 9 of the Complaint.

10.    Denies the allegations contained in paragraph 10 of the Complaint.

11.    Denies the allegations contained in paragraph 11 of the Complaint.

12.    Denies the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint.

14.    Denies the allegations contained in paragraph 14 of the Complaint.

15.    Denies the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 17 of the Complaint.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    The allegation contained in paragraph 19 of the Complaint asserts a demand for a

jury trial for which no response is required.

2

20.     Denies the allegations contained in paragraph 20 of the Complaint.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.      Denies the allegations contained in paragraph 42 of the Complaint.

43.      The allegations contained in paragraph 43 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 43 of the Complaint.

44.      Denies the allegations contained in paragraph 44 of the Complaint.

45.      Denies the allegations contained in paragraph 45 of the Complaint.

46.      Denies the allegations contained in paragraph 46 of the Complaint.

47.      Denies the allegations contained in paragraph 47 of the Complaint.

48.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49.      Denies the allegations contained in paragraph 49 of the Complaint.

50.      Denies the allegations contained in paragraph 50 of the Complaint.

51.      Denies the allegations contained in paragraph 51 of the Complaint.

52.      Denies the allegations contained in paragraph 52 of the Complaint.

53.      Denies the allegations contained in paragraph 53 of the Complaint.

54.      Denies the allegations contained in paragraph 54 of the Complaint.

55.      Denies the allegations contained in paragraph 55 of the Complaint.

56.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57.      The allegations contained in paragraph 57 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     The allegations contained in paragraph 66 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 66 of the Complaint.

67.     The allegations contained in paragraph 67 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Denies the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies the allegations contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

83.     The allegations contained in paragraph 83 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 83 of the Complaint.

6

84.     The allegations contained in paragraph 84 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 91 of the Complaint and respectfully refers the Court to any alleged statements for their full and complete content and context.

92.     The allegations contained in paragraph 92 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     The allegations contained in paragraph 97 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation

7

of CPLR 3014. Otherwise, denies the allegations contained in paragraph 97 of the Complaint and respectfully refers the Court to any alleged statement for its full and complete content and context.

98.     The allegations contained in paragraph 98 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    The allegations contained in paragraph 101 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.    The allegations contained in paragraph 103 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014. Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.    The allegations contained in paragraph 104 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in

violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.    The allegations contained in paragraph 105 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies allegations contained in paragraph 110 of the Complaint and respectfully refers the Court to any alleged photographs for their full and accurate depictions.

111.    The allegations contained in paragraph 111 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 111 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

112.    The allegations contained in paragraph 112 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 112 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    The allegations contained in paragraph 123 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 123 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

124.    Denies the allegations contained in paragraph 124 of the Complaint

125.    The allegations contained in paragraph 125 of the Complaint can neither be admitted nor denied because of the improper inclusion of a footnote citing to external sources in violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 125 of the Complaint and respectfully refers the Court to any alleged statements for their full and accurate content and context.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    The allegations contained in paragraph 127 of the Complaint can neither be admitted nor denied because of the improper inclusion of footnotes citing to external sources in

10

violation of CPLR 3014.  Otherwise, denies the allegations contained in paragraph 127 of the

Complaint.

128.  Denies the allegations contained in paragraph 128 of the Complaint.

129.  Denies the allegations contained in paragraph 129 of the Complaint.

130.  Denies the allegations contained in paragraph 130 of the Complaint.

131.  Denies the allegations contained in paragraph 131 of the Complaint.

132.  Denies the allegations contained in paragraph 132 of the Complaint.

133.  Denies the allegations contained in paragraph 133 of the Complaint.

134.  Denies the allegations contained in paragraph 134 of the Complaint.

135.  Denies the allegations contained in paragraph 135 of the Complaint.

136.  Denies the allegations contained in paragraph 136 of the Complaint.

## FIRST CAUSE OF ACTION

137.  Paragraphs 1 through 136 are realleged.

138.  Denies the allegations contained in paragraph 138 of the Complaint.

139.  Denies the allegations contained in paragraph 139 of the Complaint.

140.  Denies the allegations contained in paragraph 140 of the Complaint.

141.  Denies the allegations contained in paragraph 141 of the Complaint.

142.  Denies the allegations contained in paragraph 142 of the Complaint.

143.  Denies the allegations contained in paragraph 143 of the Complaint.

144.  Denies the allegations contained in paragraph 144 of the Complaint.

145.  Denies the allegations contained in paragraph 145 of the Complaint.

## DEMAND FOR RELIEF

11

146.    President Trump denies that plaintiff is entitled to any relief requested in the *ad damnum* clause of the Complaint or any other relief.

### FIRST AFFIRMATIVE DEFENSE

147.    Plaintiff's claim is barred because defendant is immune, under the Supremacy Clause of the United States Constitution, from suit in state court while serving as President of the United States.

### SECOND AFFIRMATIVE DEFENSE

148.    The Complaint fails to state a cause of action.

### THIRD AFFIRMATIVE DEFENSE

149.    The alleged defamatory statements are privileged or protected by one or more immunities, including, but not limited to, under the Constitution of the United States.

### FOURTH AFFIRMATIVE DEFENSE

150.    The alleged defamatory statements are true.

### FIFTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claim is barred because her damages, if any, were caused by acts of third persons, for which defendant is not responsible.

### SIXTH AFFIRMATIVE DEFENSE

152.    Plaintiff is not entitled to punitive damages as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

153.    Plaintiff has not sufficiently alleged defamation *per se*.

### EIGHTH AFFIRMATIVE DEFENSE

154.    Plaintiff has failed to plead damages with the required specificity.

### NINTH AFFIRMATIVE DEFENSE

155.   The Court lacks personal jurisdiction over President Trump.

## TENTH AFFIRMATIVE DEFENSE

156.   Plaintiff's claim is barred by New York's anti-SLAPP laws. NY Civil Rights Law §§ 70-a and 76-a.

## COUNTERCLAIM

1.   Defendant/Counterclaimant, Donald J. Trump (hereinafter "Defendant/Counterclaimant"), repeats and realleges each and every allegation within the preceding paragraphs as if set forth at length herein.

2.   Defendant/Counterclaimant makes this counterclaim for damages pursuant to New York's Strategic Lawsuits Against Public Participation ("anti-SLAPP") under Section 70-a and/or Section 76-a of the New York Civil Rights Laws.

3.   On January 20, 2017, Defendant/Counterclaimant was inaugurated as the 45th president of the United States.

4.   At or around that time, Plaintiff began drafting a book attacking the character of twenty-one men who she claims negatively impacted her life. Her list included Defendant/Counterclaimant.

5.   On June 21, 2019, during the course of Defendant/Counterclaimant's presidency, *New York* Magazine published an excerpt of Plaintiff's then-forthcoming book, in which she falsely alleged that she was sexually assaulted by Defendant/Counterclaimant in the 1990's.

6.   The false allegations were published in the midst of Defendant/Counterclaimant's presidency, knowing full well that Defendant/Counterclaimant would need to publicly respond to the false allegations. In fact, this was likely done by design.

7.   Upon information and belief, Plaintiff's motivation for asserting her false

13

allegations against Defendant/Counterclaimant was to garner public attention, increase the sales of her book, and tarnish Defendant/Counterclaimant's reputation.

8.      By causing the excerpt, and ultimately the book, to be published, Plaintiff knowingly and purposefully catapulted herself into the public sphere by maliciously attacking the character of Defendant/Counterclaimant, a sitting president.

9.      In response to the publication of Plaintiff's false allegations, Defendant/Counterclaimant made three public statements, on June 21, 2019, June 22, 2019, and on June 24, 2019, adamantly denying the allegations.

10.     Plaintiff's book, *What Do We Need Men For? A Modest Proposal* was subsequently published on July 2, 2019.

11.     On November 4, 2019, Plaintiff commenced and has since continued the instant action against Defendant/Counterclaimant, alleging that the three public statements denying her claim defamed her.

12.     Upon information and belief, Plaintiff filed the instant action as retribution for Defendant/Counterclaimant's truthful statements, and for the sole purpose of harassing, punishing, or otherwise maliciously inhibiting his free exercise of speech.

13.     This action is based upon "communication in a public place open to the public or a public forum in connection with an issue of public interest" and is further based upon "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest"

14.     This action is "an action involving public petition and participation" as defined in CRL Section 76-a because the defamation claim asserted by Plaintiff is based on communications and statements made "in a place open to the public or a public forum in connection with an issue

14

of public interest" and/or involves "other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest or in furtherance of the exercise of the constitutional right of petition." CRL §76-a(1)(d).

15.     This action is not a "purely private matter." CRL §76-a(1)(d).

16.     Plaintiff violated New York's anti-SLAPP law by commencing or continuing the instant action, which lacks a substantial basis in law and in fact. See N.Y. Civ. Rights Law § 70-a, 76-a, and N.Y. C.P.L.R. § 3211(g), 3212(h).

17.     Defendant/Counterclaimant is entitled to costs and attorney's fees pursuant to CRL §76-a(1)(d) on the basis that Plaintiff knowingly commenced the instant proceeding without a substantial basis in law and fact and without support by a substantial argument for an extension, modification, or reversal of existing law.

18.     Plaintiff asserted her defamation claim even though she knew that Defendant/Counterclaimant's statements were truthful and not defamatory.

19.     Regardless, Plaintiff thus initiated and continued the instant litigation for the sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting Defendant/Counterclaimant's free exercise of speech, petition, and association rights.

20.     Defendant/Counterclaimant is therefore entitled to recover compensatory and punitive damages from Plaintiff under CRL §70-a.

WHEREFORE, Defendant/Counterclaimant requests judgment against Plaintiff as follows:

a.   Dismissing the Complaint in its entirety;

b.   An award of all of Defendant/Counterclaimant's attorneys' fees and costs incurred in this action, as provided under CRL §70-a;

15

c.   An award of compensatory damages, as provided under CRL §70-a, in an amount

to be determined at trial;

d.   An award of punitive damages, as provided under CRL §70-a, in an amount to be

determined at trial; and

e.   All other and further relief as this Court may deem just and proper.

Dated: New York, New York                          **HABBA MADAIO & ASSOCIATES LLP**
         November _____, 2021

                                              By: _____
                                                  Alina Habba, Esq.
                                                  1430 US Highway 206, Suite 240
                                                  Bedminster, New Jersey 07921
                                                  -and-
                                                  270 W 60th Street
                                                  New York, New York 10023
                                                  Telephone: (908) 869-1188
                                                  Facsimile: (908) 450-1881
                                                  E-mail: ahabba@habbalaw.com
                                                  *Attorneys for Defendant, Donald J. Trump*

**To:**   Roberta Kaplan, Esq.
          Kaplan Hecker & Fink LLP
          350 Fifth Avenue, Suite 7110
          New York, New York 10118
          *Attorneys for Plaintiff, E. Jean Carroll*

**Formatted:** Line spacing: single

16