# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

       *Plaintiff,*

     v.

DONALD J. TRUMP, in his personal capacity,

       *Defendant.*

No. 20 Civ. 7311 (LAK) (JLC)

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND HIS ANSWER PURSUANT TO FRCP RULE 15(A)

Roberta A. Kaplan
Joshua Matz
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT .............................................................................................................................. 1

    I.   Trump's Motion for Leave to Amend Should be Denied on Grounds of Undue Delay, Dilatory Motive, and Prejudice ..................................................................................... 2

    II.  Trump's Motion for Leave to Amend Should be Denied on Grounds of Futility .............. 6

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbas v. Foreign Policy Grp.*, LLC,
   783 F.3d 1328 (D.C. Cir. 2015)...................................................................................... 9

*Burch v. Pioneer Credit Recovery, Inc.*,
   551 F.3d 122 (2d Cir. 2008) ........................................................................................... 1

*Carbone v. Cable News Network, Inc.*,
   910 F.3d 1345 (11th Cir. 2018)...................................................................................... 9

*Cnty. of Washington v. Cntys. of Warren & Washington Indus. Dev. Agency*,
   2 F. App'x 71 (2d Cir. 2001)........................................................................................... 2

*Coleman v. Grand*,
   523 F. Supp. 3d 244 (E.D.N.Y. 2021).......................................................................... 10

*Congelados del Cibao v. 3 Kids Corp.*,
   No. 19 Civ. 7596, 2021 WL 4635919 (S.D.N.Y. Oct. 6, 2021)................................. 10

*Cresswell v. Sullivan & Cromwell*,
   922 F.2d 60 (2d Cir. 1990) ......................................................................................... 2, 5

*Davidowitz v. Patridge*,
   No. 08 Civ. 6962, 2010 WL 1779279 (S.D.N.Y. Apr. 23, 2010) ................................ 5

*Dietz v. Bouldin*,
   579 U.S. 40, 136 S. Ct. 1885 (2016) ............................................................................. 4

*Egiazaryan v. Zalmayev*,
   No. 11 Civ. 2670, 2014 WL 1244790 (S.D.N.Y. Mar. 19, 2014) ................................ 9

*Ginx, Inc. v. Soho All.*,
   720 F. Supp. 2d 342 (S.D.N.Y. 2010) ........................................................................... 9

*Grace v. Rosenstock*,
   228 F.3d 40 (2d Cir. 2000) ............................................................................................ 5

*iMedicor, Inc v. Access Pharms., Inc.*,
   290 F.R.D. 50 (S.D.N.Y. 2013)...................................................................................... 5

*In re Trib. Co. Fraudulent Conv. Litig.*,
   No. 11 Mult. Dist. 2296, 2019 WL 1771786 (S.D.N.Y. Apr. 23, 2019)...................... 2

*Intercon Sols., Inc. v. Basel Action Network*,
   791 F.3d 729 (7th Cir. 2015) ............................................................................... 9

*Kiarie v. Dumbstruck, Inc.*,
   473 F. Supp. 3d 350 (S.D.N.Y. 2020) ............................................................... 2, 6

*Klocke v. Watson*,
   936 F.3d 240 (5th Cir. 2019) ............................................................................ 8, 9

*La Liberte v. Reid*,
   966 F.3d 79 (2d Cir. 2020) ................................................................................ 8, 9

*Lerman v. Flynt Distrib. Co.*,
   745 F.2d 123 (2d Cir. 1984) ................................................................................ 10

*Lesnik v. Lincoln Fin. Advisors Corp.*,
   No. 18 Civ. 3656, 2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019) ......................... 2

*Los Lobos Renewable Power, LLC v. Americulture, Inc.*,
   885 F.3d 659 (10th Cir. 2018) .............................................................................. 9

*Marsh v. Sheriff of Cayuga Cnty.*,
   36 F. App'x 10 (2d Cir. 2002) ............................................................................... 4

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007) .................................................................................. 1

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
   No. 20 Civ. 7269, 2021 WL 3271829 (S.D.N.Y. July 30, 2021) ......................... 8, 9

*Palin v. N.Y. Times Co.*,
   510 F. Supp. 3d 21 (S.D.N.Y. 2020) ................................................................... 10
   No. 17 Civ. 4853, ECF No. 120 (S.D.N.Y. Nov. 30, 2020) ................................. 3

*Park B. Smith, Inc. v. CHF Indus. Inc.*,
   811 F. Supp. 2d 766 (S.D.N.Y. 2011) ................................................................... 2

*SCS Commc'ns, Inc. v. Herrick Co.*,
   360 F.3d 329 (2d Cir. 2004) .................................................................................. 1

*Thea v. Kleinhandler*,
   807 F.3d 492 (2d Cir. 2015) .................................................................................. 6

## Rules and Statutes

CPLR § 3211(g) ................................................................................................ 4, 6, 7

CPLR § 3212(h) ............................................................................................... 4, 6, 7

Fed. R. Civ. Proc.12 ................................................................................ 8, 6, 9

Fed. R. Civ. Proc. 15 ............................................................................... 1, 2, 4

Fed. R. Civ. Proc. 56 .................................................................................. 8, 9

N.Y. C.R.L. § 70-a ........................................................................... 6, 7, 8, 10

N.Y. C.R.L. § 76-a ............................................................................. 6, 7, 10

**Other**

Andrew Ross Sorkin, *Trump's Lawyer, Marc Kasowitz: 'The Toughest of the Tough Guys'*, N.Y. Times (June 5, 2017) ......................................................................... 5

Katie Benner & Charlie Savage, *White House Asked Justice Dept. to Take Over Defamation Suit Against Trump, Barr Says*, N.Y. Times (Sept. 9, 2020) ............................................................ 3

## INTRODUCTION

From the very outset of this case, Defendant Donald J. Trump has cowered behind a makeshift barricade of procedural gimmicks. His latest effort to stall the litigation (filed just two days before oral argument in the Second Circuit) is a motion for leave to file an amended answer based on changes to New York law enacted over a year ago. That motion should be denied for two independent reasons. First, it is unduly delayed, reflects a pattern of dilatory conduct, and prejudices Plaintiff E. Jean Carroll. Second, it is futile because it rests on provisions of New York's amended anti-SLAPP statute that do not apply in federal court or have any effect here.

If Trump truly wanted to prove that he did not rape Carroll years ago—and that he did not defame her when she came forward to reveal his attack—he would not persist in these meritless gambits. Instead, he would continue with the discovery process, schedule depositions for the handful of witnesses with relevant information, and welcome a trial where the world can learn the truth. Carroll stands ready to prove her case and looks forward to the opportunity to do so.

## ARGUMENT

Although Rule 15(a)(2) provides that "leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, . . . or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citation omitted); *accord SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004) ("[L]eave to amend a pleading may *only* be given when factors such as undue delay or undue prejudice to the opposing party are absent." (emphasis in original)). It is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, the Court should not exercise that discretion in Trump's favor. His motion for leave to file an amended answer is unduly delayed, arises from dilatory motives, and will prejudice Carroll. Moreover, his proposed amendments are futile. The Court may deny Trump's motion on any of these grounds; in combination, they weigh conclusively against granting leave to amend. *See Cnty. of Washington v. Cntys. of Warren & Washington Indus. Dev. Agency*, 2 F. App'x 71, 75 (2d Cir. 2001); *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 356 (S.D.N.Y. 2020).

I.     **Trump's Motion for Leave to Amend Should be Denied on Grounds of Undue Delay, Dilatory Motive, and Prejudice**

The liberal policy set forth in Rule 15(a) creates a risk of abuse. Courts guard against that risk by disallowing motions—like this one—that reflect bad faith and gamesmanship.

For starters, Trump's motion is unduly delayed. New York amended its anti-SLAPP statute on November 10, 2020. Trump did not move to amend his answer until December 1, 2021. Trump offers no excuse for over a full year of delay before filing this motion. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay."). Nor could he. There are no new facts that justify such a late-filed motion. *See Lesnik v. Lincoln Fin. Advisors Corp.*, No. 18 Civ. 3656, 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 780 (S.D.N.Y. 2011). And the "new" law that supposedly prompted Trump's motion is no longer new. *Cf. In re Trib. Co. Fraudulent Conv. Litig.*, No. 11 Mult. Dist. 2296, 2019 WL 1771786, at *6 (S.D.N.Y. Apr. 23, 2019), *aff'd*, 10 F.4th 147 (2d Cir. 2021) (no undue delay where party sought leave to amend in response to "anticipated change in governing law" and "promptly renewed" request once change took effect). This alone distinguishes Trump's motion from the analogous filing in the principal case he cites. *See* Memorandum of Law in Support of Motion for

Reconsideration, *Palin v. N.Y. Times*, No. 17 Civ. 4853, ECF No. 120 (S.D.N.Y. Nov. 30, 2020) (seeking modification in light of anti-SLAPP amendment enacted 20 days prior to motion).

The impropriety of Trump's undue delay is magnified by its consistency with a larger pattern of bad faith and dilatory measures throughout this litigation. To recap: After Carroll first filed suit, Trump had Secret Service agents block attempts to serve the complaint at Trump Tower, forcing Carroll to seek leave to serve him through alternatives means. Order Permitting Alternate Service, *Carroll v. Trump*, No. 160694/2019 (N.Y. Sup. Ct. Nov. 13, 2019), NYSCEF No. 15. Trump next brought a motion to dismiss for lack of personal jurisdiction, which was denied due to an utter lack of evidentiary support. NYSCEF No. 36. Even after that denial, Trump reasserted his baseless personal jurisdiction defense in his answer—a meritless position that Trump withdrew only after Carroll went through the burdensome process of moving to strike. NYSCEF Nos. 92, 93. Days after Carroll served discovery requests that included a demand for a DNA sample, Trump filed a motion to stay this action pending a decision by the New York Court of Appeals in *Zervos v. Trump*—another case concerning his sexual misconduct that he had originally claimed was materially different and unrelated. NYSCEF. Nos. 25, 43. After that motion to stay was denied ten full months into the litigation, Trump directed the Department of Justice to intervene and remove the case to federal court under the Westfall Act. *See* Notice of Motion to Substitute the United States as Defendant, No. 3; Katie Benner & Charlie Savage, *White House Asked Justice Dept. to Take Over Defamation Suit Against Trump, Barr Says*, N.Y. Times (Sept. 9, 2020). This removal occurred after Trump's lawyers had stated that they intended to continue litigating in state court and amid bilateral discovery negotiations following the denial of Trump's motion to stay.

The pattern is clear: Trump has slow-rolled his defenses, asserting or inventing a new one each time his prior effort to delay the case fails. Given this context, Trump's dilatory motives are undeniable. Rule 15(a) does not require tolerating such procedural gamesmanship any longer.

Indeed, granting Trump's motion will only invite further delay and prejudice to Carroll. Trump makes clear in his motion papers that his proposed revised pleading is merely the hook for a swarm of additional motions. "Critically," he asserts, the anti-SLAPP statute entitles him "to file a motion to dismiss under CPLR § 3211(g) and/or a motion for summary judgment pursuant to CPLR § 3212(h)," both of which place the burden "solely with the plaintiff." Memorandum of Law in Support of Defendant's Motion for Leave to Amend His Answer Pursuant to FRCP Rule 15(a) ("Mot.") at 9, Doc. No. 59-2. Trump adds that he is entitled to seek fees and costs "at any point during the litigation," and points to the statute's "multiple avenues for redress" as the reason why his request for leave should be granted. *Id.* Trump invokes the same CPLR provisions in his proposed amendment. *See* Proposed Am. Answer at 14, Doc. No. 59-1. There can be no doubt that as soon as this case returns from the Second Circuit, Trump hopes to multiply the proceedings and impose further delay. But the motions he contemplates are precluded by the Federal Rules of Civil Procedure, *see infra* Part II, and would serve only to hinder forward progress in this action.

Even Trump admits that leave to amend should be denied where granting it "would significantly delay the resolution of the proceedings." Mot. at 6 (quoting *Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002)). That is plainly the case here. Consistent with its inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47, 136 S. Ct. 1885, 1892 (2016), this Court should not grant a motion drawn straight from Trump's playbook of procedural attrition.

Trump offers three responses to these arguments. None is meritorious.

*First*, he opines that he moved "promptly" after his most recent counsel entered a notice of appearance. Mot. at 7. But as many courts have emphasized, a change in counsel "is not an excuse for late amendment." *iMedicor, Inc v. Access Pharms., Inc.*, 290 F.R.D. 50, 53 (S.D.N.Y. 2013). That remains true even if prior counsel—which in this case was a large, sophisticated law firm that Trump had used for years[1]—committed an "oversight," for "litigants are generally bound by the professional conduct of the attorneys they choose to represent them." *Davidowitz v. Patridge*, No. 08 Civ. 6962, 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010) (internal quotation marks and citation omitted); *see also Cresswell*, 922 F.2d at 72 (the court considering a motion to amend "is free to conclude that ignorance of the law is an unsatisfactory excuse" for delay). The relevant question is whether Trump engaged in undue delay. Here, the answer is "yes."

*Second*, Trump asserts that because "discovery has not even started," granting his motion "will not meaningfully delay this action in any way." Mot. at 7. That argument rests on a flawed premise and reaches a flawed conclusion. Discovery in the case *has* started. Prior to removal to federal court, Trump's efforts to dismiss the case failed—and so the parties served detailed discovery requests and engaged in weeks of extensive discovery negotiations. *See* Memorandum of Law in Opposition to Motion to Substitute the United States as Defendant at 8, Doc. No. 16. In any event, granting Trump's untimely motion will delay this action regardless of the status of discovery. As discussed above, Trump has made clear that his amended pleading seeks to pave the way for a series of improper motions, based wholly on state law procedures, which he claims entitlement to bring "at any point during the litigation." Mot. at 9. This is all but an admission of his intent to engage in improper delay and continued gamesmanship to avoid trial on the merits— and should not be countenanced. *See Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000).

---

[1] *See* Andrew Ross Sorkin, *Trump's Lawyer, Marc Kasowitz: 'The Toughest of the Tough Guys'*, N.Y. Times (June 5, 2017).

*Finally*, Trump argues that Carroll will suffer no prejudice because his "anti-SLAPP counterclaim will not broaden the scope of this action, but will only require Plaintiff to prove that the claims she has asserted have a 'substantial basis in law.'" Mot. at 7. However, "substantial basis in law" is a state procedural standard and cannot apply in federal court. *See* CPLR § 3211(g); CPLR § 3212(h); *see also infra* Part II. Moreover, Trump's position misses the point. The prejudice to Carroll is not that she will have to prove her claim. Carroll is confident in her ability to do so before the finder of fact under any standard. Rather, the prejudice to Carroll is further undue delay in getting to trial on the merits. At this point, 25 months after filing suit, she is entitled to press her case toward a jury trial without being mired in meritless, untimely procedural sandpits.

At bottom, Trump offers no good explanation for delaying over a full year before seeking to invoke New York's anti-SLAPP statute in this action. The arguments he advances in support of his motion confirm his intent to continue to engage in dilatory, obstructionist tactics. And Trump's conduct plainly threatens undue prejudice to Carroll, who seeks only a fair opportunity to prove her claim and clear her name, as the common law of defamation has allowed for centuries. For these reasons, Trump's motion for leave to amend his answer should be denied.

## II.   Trump's Motion for Leave to Amend Should be Denied on Grounds of Futility

In the alternative, Trump's motion for leave should be denied as futile. *See Kiarie*, 473 F. Supp. 3d at 356. A proposed amendment is futile if it would be subject to dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015). Here, Trump seeks to add an affirmative defense and a counterclaim under New York's amended anti-SLAPP statute. *See* Proposed Am. Answer at 13-16 (invoking N.Y. C.R.L. §§ 70-a and 76-a); *see also* Mot. at 9 (same). But as a matter of law, Section 70-a does not apply in federal court and Section 76-a has no effect on this case.

In 2020, New York amended its anti-SLAPP statute to cover a significantly broader class of cases. As amended, the statute defines "an action involving public petition and participation" to mean an action "based upon: (1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." N.Y. C.R.L. § 76-a(1)(a). The elements of any such action must include a showing of actual malice. *See id.* at § 76-a(2).

For cases that rank as actions "involving public petition and participation" under Section 76-a (which we freely concede this one does), New York's amended anti-SLAPP statute provides an elaborate series of unique, state-specific procedural devices and standards. For example, under Section 70-a, a defendant may recover "damages, including costs and attorney's fees," by bringing a special motion to dismiss pursuant to CPLR § 3211(g). *See* N.Y. C.R.L. § 70-a(1). Such a motion "shall be granted" unless the plaintiff demonstrates "that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law." CPLR § 3211(g). Similarly, Section 70-a authorizes a defendant to bring a special motion for summary judgment pursuant to CPLR § 3212(h). *See* N.Y. C.R.L. § 70-a(1)(a). Such a motion "shall be granted unless the party responding to the motion demonstrates that the action, claim, cross claim or counterclaim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law." CPLR § 3212(h).

As explained above, Trump's proposed amendment and accompanying motion establish that his request for leave to amend aims squarely at drawing the procedural schemes devised by Section 70-a into this federal case. *See* Proposed Am. Answer at 15. Indeed, in identifying "colorable grounds" to permit his proposed amendment, Trump rests his position on "the burden-

7

shifting nature of the anti-SLAPP statute, the multiple avenues for redress, and the stringent standards Plaintiff will need to overcome to establish the viability of her claim . . ." Mot. at 9.

But as Judge Caproni recently held, "§ 70-a of New York's anti-SLAPP law is inapplicable in federal court." *Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 20 Civ. 7269, 2021 WL 3271829, at *13 (S.D.N.Y. July 30, 2021). This follows from a straightforward application of the *Erie* doctrine. Where "a Federal Rule of Civil Procedure answers the same question as a state law, the Federal Rule governs in federal court, unless the rule at issue violates the Rules Enabling Act." *Id.* (citations omitted). Here, "the 'substantial basis' standard articulated in New York's anti-SLAPP law . . . conflicts with the standards under Federal Rules of Civil Procedure 12 and 56." *Id.*; *see also id.* (Section 70-a imposes "a different, and higher, burden on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure."). This conclusion applies equally to the "burden-shifting" aspects of the anti-SLAPP statute, its "multiple avenues" for redress, and the "stringent standards" on which Trump bases his arguments in support of leave to amend. Mot. at 9. Accordingly, *Erie* prohibits the application of Section 70-a in this proceeding.

The Second Circuit's decision in *La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020), confirms that point. There, the Second Circuit held that California's anti-SLAPP statute does not apply in federal court because (among other considerations) its provision for a special motion to strike with a "probability of success" standard was inconsistent with the Federal Rules of Civil Procedure. *Id.* at 87; *see also id.* ("The statute thus establishes the circumstances under which a court must dismiss a plaintiff's claim before trial, a question that is already answered (differently) by Federal Rules 12 and 56."). Several other appellate courts have similarly determined that anti-SLAPP statutes do not apply in federal court where they include state procedural devices inconsistent with analogous federal procedural rules. *See, e.g.*, *Klocke v. Watson*, 936 F.3d 240, 242-46 (5th Cir. 2019) (holding

that Texas's anti-SLAPP statute does not apply in federal court because it "deals only with the conduct of the lawsuit; it creates no rights independent of existing litigation"); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1347–54 (11th Cir. 2018) (holding that Georgia's anti-SLAPP statute does not apply in federal court because it merely provides "a special procedural device . . . that applies a heightened burden to the claims that fall within its ambit"); *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668-73 (10th Cir. 2018) (holding that New Mexico's anti-SLAPP statute does not apply in federal court); *Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 729-32 (7th Cir. 2015) (holding that Washington's anti-SLAPP statute does not apply in federal court); *Abbas v. Foreign Policy Grp.*, LLC, 783 F.3d 1328, 1333-34 (D.C. Cir. 2015) (holding that D.C.'s anti-SLAPP statute does not apply in federal court).

These precedents leave no doubt that Trump's proposed amendments would be futile here. *See Nat'l Acad.*, 2021 WL 3271829, at *13 ("The Second Circuit's recent decision in *Reid* all but resolves the question presented in this case."). Under *Erie*, the state law motions and standards that Trump seeks to invoke are procedural in character, inconsistent with Rules 12 and 56, and thus precluded from application in federal court. *See Klocke*, 936 F.3d at 245 (explaining that state and federal laws conflict "when each specifies requirements for a case to proceed at the same stage of litigation"); *see also Egiazaryan v. Zalmayev*, No. 11 Civ. 2670, 2014 WL 1244790, at *3 (S.D.N.Y. Mar. 19, 2014) ("The Court finds that a claim may be dismissed for failure to state a claim but nonetheless have a substantial basis in fact and law."); *Ginx, Inc. v. Soho All.*, 720 F. Supp. 2d 342, 366 (S.D.N.Y. 2010) ("New York's legislature may have adopted the Anti–SLAPP law to elevate a plaintiff's burden at the pleading stage above 'plausibility' . . . to 'substantial basis,' but the United States Congress has thus far declined to follow suit.").

Not surprisingly, the cases cited by Trump in his motion papers do not indicate otherwise. *See* Mot. at 4-5 (citing *Palin v. N.Y. Times Co.*, 510 F. Supp. 3d 21, 24 (S.D.N.Y. 2020), and *Coleman v. Grand*, 523 F. Supp. 3d 244, 258 (E.D.N.Y. 2021)). Those cases were concerned with Section 76-a, rather than Section 70-a, of New York's amended anti-SLAPP statute. *See Palin*, 510 F. Supp. at 25 n.2 ("Defendants do not ask the Court to apply § 70-a in this action, nor do they contend that the provision would even apply in federal court."); *see also Coleman*, 523 F. Supp. 3d at 255-271 (not discussing Section 70-a). As relevant, Section 76-a requires that actions involving "public petition or participation" satisfy an actual malice standard. *See* N.Y. C.R.L. § 76-a(2). *Palin* and *Coleman* properly confirm that it is within New York's prerogatives to specify the substantive standard for establishing a state law defamation claim. Here, however, Section 76-a does no work and otherwise has no effect on the proceedings: Carroll is a limited purpose public figure and, as a result, the actual malice standard *already* applies in this case by virtue of the First Amendment. *See Lerman v. Flynt Distrib. Co.*, 745 F.2d 123, 136 (2d Cir. 1984). In this respect, any amendment to the answer centered on Section 76-a is both futile and redundant, and in that respect is especially needless given the delay highlighted above. *See Congelados del Cibao v. 3 Kids Corp.*, No. 19 Civ. 7596, 2021 WL 4635919, at *2 (S.D.N.Y. Oct. 6, 2021) (denying leave to amend and noting that "several of the claims also appear to be futile or redundant").

To summarize, Trump's motion for leave to amend the answer should be denied on grounds of undue delay, dilatory motives, and prejudice. In the alternative, it should be denied on grounds of futility. These considerations are mutually reinforcing: the fact that Trump waited so long, with so little excuse and so much evidence of procedural gamesmanship, only confirms the impropriety of allowing an amendment that invites vexatious motion practice precluded by *Erie*.

**CONCLUSION**

For the foregoing reasons, Trump's motion for leave to amend should be denied.

Dated:  New York, New York
        December 15, 2021

Respectfully submitted,

Roberta A. Kaplan
Joshua Matz
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

11