**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
    -and-
270 West 60th Street
New York, New York 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL,<br><br>          *Plaintiff,*<br><br>   v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>          *Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND HIS ANSWER PURSUANT TO FRCP RULE 15(A)**

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
270 West 60th Street
New York, New York 10023
(908) 869-1188
ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY........................................................................................................2

ARGUMENT .............................................................................................................................3

THIS COURT MUST GRANT DEFENDANT'S MOTION TO AMEND THE

ANSWER TO ASSERT AN ANTI-SLAPP DEFENSE AND COUNTERCLAIM.......................3

    I.      THE ANTI-SLAPP AMENDMENT APPLIES RETROACTIVELY TO THIS

           ACTION .................................................................................................................3

    II.     DEFENDANT MUST BE PERMITTED LEAVE TO AMEND HIS ANSWER ..6

           A.  THERE IS NO BASIS TO DENY THE PROPOSED AMENDMENT .....6

           B.  DEFENDANT HAS DEMONSTRATED COLORABLE GROUNDS FOR

               RELIEF TO PERMIT THE PROPOSED AMENDMENT........................7

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*161 Ludlow Food, LLC v. L.E.S. Dwellers, Inc.,*

 60 Misc. 3d 1221(A) (N.Y. Sup. Ct. 2019), aff'd 176 A.D.3d 434 (1st Dep't 2019) ..............9

*Adelson v. Harris,*

 774 F.3d 803, 809 (2d Cir. 2014) ...........................................................................................4

*CBS, Inc. v. Ahern,*

 108 F.R.D. 14, 18 (S.D.N.Y. 1985) .........................................................................................7

*Coleman v. Grand,*

 523 F. Supp 3d 244, 258 (E.D.N.Y. 2021) .........................................................................4, 5

*Foman v. Davis,*

 371 U.S. 178, 182 (1962).........................................................................................................6

*Feirstein v. Nanbar Realty Corp.,*

 963 F.Supp. 254, 261 (S.D.N.Y. 1997) ..................................................................................6

*Gasperini v. Ctr. for Humanities, Inc.,*

 518 U.S. 415, 427 (1996).........................................................................................................3

*Goldman v Reddington,*

 No. 18-CV-3662 (RPK) (ARL), 2021 WL 4755293, at *4 (E.D.N.Y., Apr. 21, 2021]...........5

*Harris v. American Accounting Association, et al.,*

 No. 5:20-cv-010507 (MAD) (ATB), 2021 WL 5505515, at *15 (N.D.N.Y. Nov. 24, 2021)..5

*John Hancock Mut. v. Amerford Intern.,*

 22 F.3d 458, 462 (2d Cir. 1994) .............................................................................................6

*Kurland & Associates, PC v. Glassdoor, Inc.,*

 2021 WL 1135187 (N.Y. Sup. Ct. Mar 22, 2021) ..................................................................6

ii

*La Liberte v. Reid,*

 966 F.3d 79, 86 (2d Cir. 2020) ............................................................................4

*Luther M. Ragin, Jr. v. The Harry Macklowe Real Estate Co. Inc.,*

 126 F.R.D. 475, 478 (S.D.N.Y. 1989) .................................................................6

*Marsh v Sheriff of Cayuga County,*

 36 Fed App'x 10, 11 (2d Cir. 2002) .....................................................................6

*Massa Construction, Inc. v. Meany,*

 No. 126837/2020 (N.Y. Sup. Ct. May 13, 2021) ..................................................6

*Matter of Gleason (Michael Vee, Ltd.),*

 96 N.Y.2d 117, 122 (2001) ..................................................................................4

*Nelson v. HSBC Bank USA,*

 87 A.D.3d 995, 998 (2d Dep't 2011) ....................................................................4

*Palin v. New York Times Company,*

 510 F. Supp.3d 21, 24 (S.D.N.Y 2020) ..........................................................4, 5, 6

*Project Veritas v. New York Times Co.,*

 2021 WL 2395290 (N.Y. Sup. Ct. Mar. 18, 2021) ...............................................5

*Ragin v. Harry Macklowe Real Estate Co., Inc.,*

 126 F.R.D. 475, 479 (S.D.N.Y. 1989) .................................................................8

*Reus v. ETC Hous. Corp.,*

 2021 WL 1837673, at *4 (N.Y. Sup. Ct. May 6, 2021) ........................................5

*Sackler v Am. Broadcasting Companies, Inc.,*

 71 Misc. 3d 693, 698 (N.Y. Sup. Ct. 2021) .........................................................5

*Scheuer v. Rhodes,*

 416 U.S. 232, 236 (1974) .................................................................................7, 8

*Sweigert v. Goodman,*

No. 1:18-CV-08653 (VEC) (SDA), 2021 WL 1578097, at *3 (S.D.N.Y. Apr. 22, 2021).......5

**Statutes and Cases**

A.B. 5991-A § 4...............................................................................................................................4

CPLR § 3211(g)................................................................................................................................9

CPLR § 3212(h)...............................................................................................................................9

CRL § 70-a.......................................................................................................................................9

CRL § 76-a(1)(a).........................................................................................................................3, 8

CRL § 76-a(1)(d).......................................................................................................................3, 8, 9

Fed.R.Civ.P. 12(b)(6).....................................................................................................................7

New York Civil Rights Law §§ 70-a ................................................................................. passim

New York Civil Rights Law § 76-a ................................................................................... passim

Rule 15(a).........................................................................................................................................1

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in support of his motion to amend his Answer ("Answer") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

On November 10, 2020, the New York legislature amended the state's Anti-Strategic Lawsuit Against Public Participation law, codified as New York Civil Rights Law §§ 70-a and 76-a (collectively, the "anti-SLAPP statute"), in an effort to greatly expand its scope and impact. Specifically, the legislature's purpose for revising the anti-SLAPP statute was to ensure "the utmost protection for the free exercise of speech, petition, and association rights, particularly where such rights are exercised in a public forum with respect to issues of public concern." Sponsor Mem. of Sen. Hoylman (July 22, 2020), https://www.nysenate.gov/legislation/bills/2019/s52. In its revised form, the law is broadly intended to deter bad-faith actors from commencing and/or continuing vexatious or malicious lawsuits, particularly those designed to inhibit an individual's ability to speak freely on matters of public concern. Since that is precisely what has occurred in this instance, Defendant hereby seeks leave to amend his Answer to assert a counterclaim against the plaintiff, E. Jean Carroll ("Plaintiff") under the revised anti-SLAPP statute.

Although the anti-SLAPP statute was modified after this action was commenced, New York courts have widely held that the legislature's change was meant to be remedial in nature and, therefore, is to be applied retroactively. Thus, since this action falls well within the expanded scope of anti-SLAPP legislation, and since the amendment is to be liberally granted when "justice so requires," Defendant must be permitted to amend his Answer accordingly.  Plaintiff will not be

1

prejudiced by the proposed amendment, as there has been no undue delay, bad faith, or dilatory conduct on Defendant's behalf. Therefore, Defendant's motion must be granted in its entirety.

## PROCEDURAL HISTORY

On November 4, 2019, Plaintiff commenced the instant action against Defendant with the filing of a complaint (the "Complaint") in the Supreme Court of New York, New York County under Index No. 160694/2019. *See* Habba Aff., Ex. A. In the Complaint, Plaintiff asserts a single cause of action for defamation. *Id.*

On January 23, 2020, prior counsel for Defendant, Kasowitz Benson Torres LLP, served an Answer upon Plaintiff's counsel (the "Answer") putting forth numerous affirmative defenses. *See* Habba Aff., Ex. C.

On September 8, 2020, the United States of America removed the action to this Court upon certification from James G. Touhey, Director, Torts Branch, Civil Division, United States Department of Justice, that Defendant was acting within the scope of his presidential office at the time of the incidents out of which Plaintiff's claims arose. *See* Habba Aff., Ex. B.

On October 27, 2020, this Court denied the United States of America's motion to intervene and substitute itself for Defendant, which Order is currently being reviewed on appeal before the Second Circuit. *See* Docket Entry Nos. 32, 45, and 46.

On November 10, 2020, Governor Andrew Cuomo signed into law New York's revised anti-SLAPP statute, codified as New York Civil Rights Law §§ 70-a and 76-a. Initially enacted in 1992, the anti-SLAPP statute has always been designed to penalize parties who file ill-intentions lawsuits – particularly those meant to discourage public participation or chill the free speech of others – by providing additional safeguards to defendants in these types of actions. Among other things, the 2020 amendment significantly broadened the statute by expanding the definition of an

2

"action involving public petition and participation" to include any claim based upon: "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition."  New York Civil Rights Law § 76-a(1)(a).  The amendment also clarified that the term "public interest" is meant to be "construed broadly and shall mean any subject other than a purely private matter." *Id*. 76-a(1)(d).

Defendant now seeks to amend his Answer in accordance with the revised anti-SLAPP statute, as this action now falls squarely within the ambit of the law. Plaintiff has refused to provide consent to Defendant's request to amend, thereby necessitating the filing of the instant motion.

## ARGUMENT

### THIS COURT MUST GRANT DEFENDANT'S MOTION TO AMEND THE ANSWER TO ASSERT AN ANTI-SLAPP DEFENSE AND COUNTERCLAIM

Pursuant to the instant application, Defendant seeks leave to amend his Answer to assert an additional defense and counterclaim under New York's recently amended anti-SLAPP statute. Given the broad scope of the law – which has been widely held to apply retroactively – and because the amendment is neither futile nor proposed in bad faith and is not otherwise prejudicial to Plaintiff, Defendant's application must be granted, and the Answer amended accordingly.

I.       **The Anti-SLAPP Amendment Applies Retroactively to This Action**

At the outset, it is firmly established that the legislature's November 10, 2020, amendment to the anti-SLAPP statute applies retroactively and, therefore, the instant application is both timely and proper.

It is well-settled that "federal courts sitting in diversity apply state substantive and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). New York

3

federal courts have consistently found that the anti-SLAPP statute, a state law, applies on a federal level since it is substantive law, not a procedural one. *See Palin v. New York Times Company*, 510 F. Supp.3d 21, 24 (S.D.N.Y 2020) ("It is also undisputed […] that a federal court sitting in diversity must apply §76-a because it is a substantive, rather than a procedural provision."); *see also Coleman v. Grand*, 523 F. Supp 3d 244, 258 (E.D.N.Y. 2021) ("The anti-SLAPP provision at issue here, § 76-a, applies in federal court because it is 'manifestly substantive,' governing the merits of libel claims and increasing defendants' speech protections.") (citing *La Liberte v. Reid*, 966 F.3d 79, 86 (2d Cir. 2020); *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014) (affirming district court's application of certain substantive provisions of Nevada's anti-SLAPP law).

Thus, as in *Palin*, "the only question here is whether [the anti-SLAPP statute] should be given retroactive effect to this action, which was filed before the amendments took effect but has not yet gone to trial." *Id*. Under New York law, statutory amendments are generally "presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated." *Matter of Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 122 (2001). "So-called remedial legislation, however, should be given retroactive effect in order to effectuate its beneficial purpose." *Palin*, 510 F. Supp.3d at 24. Remedial statutes are those designed to correct imperfections in prior law, by generally giving relief to the aggrieved party." *Nelson v. HSBC Bank USA*, 87 A.D.3d 995, 998 (2d Dep't 2011).

In assessing whether the anti-SLAPP amendment was intended to be remedial, the *Palin* Court noted that the New York legislature "conveyed a sense of urgency by directing that the [anti-SLAPP] amendment was to 'take effect immediately.'" *Palin*, 510 F. Supp.3d at 28 (citing A.B. 5991-A § 4). The Court also pointed to the legislative history of the statute, which "demonstrates that the amendments to [the anti-SLAPP statute] were intended to correct the narrow scope of New

York's prior anti-SLAPP law." *Id.* These factors, taken together, led the Court to affirmatively hold that the anti-SLAPP amendment "is a remedial statute that should be given retroactive effect." *Id.*

Following the *Palin* decision, numerous federal courts have affirmed its holding and found that the anti-SLAPP amendment is remedial legislation that must be applied retroactively. *See Coleman v. Grand*, 523 F. Supp 3d 244, 258 (E.D.N.Y. 2021) ("Under New York law, these clear legislative expressions of remedial purpose and urgency give the [anti-SLAPP] amendments retroactive effect.") (citing *Palin*, 510 F.Supp.3d at 27); *Sweigert v. Goodman*, No. 1:18-CV-08653 (VEC) (SDA), 2021 WL 1578097, at *3 (S.D.N.Y. Apr. 22, 2021) ("[T]he Court grants the Defendant's motion to amend his Answer to add a defense under the New York anti-SLAPP statute."); *Goldman v Reddington*, No. 18-CV-3662 (RPK) (ARL), 2021 WL 4755293, at *4 (E.D.N.Y., Apr. 21, 2021], *report and recommendation adopted*, 18-CV-3662 (RPK) (ARL), 2021 WL 4099462 (E.D.N.Y., Sept. 9, 2021) (affirming retroactive application of the anti-SLAPP amendment and permitting the defendant to amend its answer to include anti-SLAPP counterclaim.); *Harris v. American Accounting Association, et al.*, No. 5:20-cv-010507 (MAD) (ATB), 2021 WL 5505515, at *15 (N.D.N.Y. Nov. 24, 2021) (granting motion to dismiss brought pursuant to CRL § 70-a and awarding costs and attorneys' fees.). Several state courts have also found that the revision applies retroactively. *See Project Veritas v. New York Times Co.*, 2021 WL 2395290 (N.Y. Sup. Ct. Mar. 18, 2021) ("[T]he court will apply the anti-SLAPP statute retroactively."); *see also Sackler v Am. Broadcasting Companies, Inc.*, 71 Misc. 3d 693, 698 (N.Y. Sup. Ct. 2021 ("This court finds that the anti-SLAPP amendments are intended to apply retroactively in order to effectuate the remedial and beneficial purpose of the statute."); *Reus v. ETC Hous. Corp.*, 2021 WL 1837673, at *4 (N.Y. Sup. Ct. May 6, 202) ("Although the [anti-

SLAPP] [l]aw was amended in November of 2020, the amendments were effective retroactively."); *Kurland & Associates, PC v. Glassdoor, Inc.*, 2021 WL 1135187 (N.Y. Sup. Ct. Mar 22, 2021); *Massa Construction, Inc. v. Meany*, No. 126837/2020 (N.Y. Sup. Ct. May 13, 2021).

Consistent with the holding set forth in *Palin* and its progeny, it is axiomatic that the anti-SLAPP statute applies retroactively. Therefore, Defendant's request to amend his Answer to include an anti-SLAPP counterclaim is timely raised and properly before the Court.

II.      **Defendant Must Be Permitted Leave to Amend His Answer**

A.      **There Is No Basis to Deny the Proposed Amendment**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court shall grant leave to amend "freely…when justice so requires."  Leave to amend will be granted absent a showing of undue delay, bad faith, futility, or prejudice to the defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Feirstein v. Nanbar Realty Corp.*, 963 F.Supp. 254, 261 (S.D.N.Y. 1997).  Determining whether to grant leave to amend is within the sound discretion of the court. *John Hancock Mut. v. Amerford Intern.*, 22 F.3d 458, 462 (2d Cir. 1994).  There is no requirement that a defendant plead all known affirmative defenses at the time of their first answer.  "As long as amendment of pleadings does not prejudice plaintiffs, defendants will not be precluded from adding additional defenses about which they had knowledge." *Luther M. Ragin, Jr. v. The Harry Macklowe Real Estate Co. Inc.*, 126 F.R.D. 475, 478 (S.D.N.Y. 1989).  In determining whether an amendment would cause prejudice, courts will consider whether "the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute." Marsh v Sheriff of Cayuga County, 36 Fed App'x 10, 11 (2d Cir. 2002).

The instant application is brought for the purpose of adding a defense and counterclaim pursuant to the recently amended anti-SLAPP statute, which amendment was made while the instant action was pending and, most importantly, after Defendant's Answer was served. *See* Habba Aff., Ex. 1. Undersigned counsel for Defendant was substituted into this action on or about November 11, 2021, and now, promptly thereafter, undersigned counsel makes the instant application. Since this action is still in its early stage of litigation – as of the date of this motion, discovery has not even started – permitting the proposed amendments to Defendant's Answer will not meaningfully delay this action in any way. *Id.* Moreover, the proposed amendments will not prejudice Plaintiff in the slightest. The anti-SLAPP counterclaim will not broaden the scope of this action, it will only require Plaintiff to prove that the claims she has asserted have a "substantial basis in law." Plainly stated, there are simply no circumstances present which even remotely suggests any undue delay, bad faith, futility, or prejudice sufficient to warrant the denial of Defendant's application.

As such, pursuant to the rules governing motions to amend pleadings in both state and federal courts, well-established law dictates that Defendant's instant motion to amend must be granted.

B.       **Defendant Has Demonstrated Colorable Grounds for Relief to Permit the Proposed Amendment**

While a party seeking to amend its answer need not establish the merit of its proposed new defenses and/or counterclaims, "[i]n deciding whether the movant has a colorable ground for relief to permit an amendment, an inquiry must be made comparable to that required by Fed.R.Civ.P. 12(b)(6)." *CBS, Inc. v. Ahern*, 108 F.R.D. 14, 18 (S.D.N.Y. 1985). In considering a 12(b)(6) motion to dismiss, a court must construe the pleading's allegations in the light most favorable to the pleading party and accept those allegations as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974). "Moreover, it must appear beyond doubt that the [moving party] can prove no set of facts supporting his claim that entitles him to relief." *Ragin v. Harry Macklowe Real Estate Co., Inc.*, 126 F.R.D. 475, 479 (S.D.N.Y. 1989).

In this instance, there is no question that Defendant presents a colorable claim under the anti-SLAPP statute, as the cause of action asserted by Plaintiff is precisely the type that the recent amendment was intended to encompass. Pursuant to the legislature's November 10, 2020 revision to the law, the scope of the anti-SLAPP statute was broadened to apply to any action based upon: "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." CRL § 76-a(1)(a). Notably, the amendment also clarified that the term "public interest" is meant to be "construed broadly and shall mean any subject *other than a purely private matter*." *Id.* § 76-a(1)(d) (emphasis added).

The statements at issue here – namely, Defendant's denials of Plaintiff's allegations against him – were public statements made by a then-sitting president. The statements were of momentous public interest; even Plaintiff acknowledges in her complaint that she expected her allegations to ignite a "media storm." *See* Compl. ¶¶ 10-11. Indeed, Plaintiff's allegations – and Defendant's denials thereof – garnered an immense amount of public attention and media coverage which remains to this day. Accordingly, the subject matter of this action cannot be construed as being anything other than an "issue of public interest." CRL § 76-a(1)(a). Surely it cannot possibly be described as a "purely private matter." *Id.* § 76-a(1)(d). Rather, it is indisputable that the instant action is an "action involving public petition and participation" and, therefore, squarely within the ambit of the anti-SLAPP statute.

Critically, once it is established that an action falls within the ambit of the anti-SLAPP statute, the defendant is entitled to file a motion to dismiss under CPLR § 3211(g) and/or a motion for summary judgment pursuant to CPLR § 3212(h). Under either scenario, the burden shifts away from the defendant and lies solely with the plaintiff, who must "demonstrate that the cause of action has a "substantial basis in law," CPLR § 3211(g), or a "substantial basis in fact and law," CPLR § 3212(h). Under these heightened standards, the plaintiff bears a "heavy burden" to make the requisite showing to defeat dismissal. *161 Ludlow Food, LLC v. L.E.S. Dwellers, Inc.*, 60 Misc. 3d 1221(A) (N.Y. Sup. Ct. 2019), aff'd 176 A.D.3d 434 (1st Dep't 2019). In addition, if at any point during litigation the defendant is able to demonstrate that the action was "commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law," the defendant is entitled to an award of costs an attorneys' fees. CRL § 70-a.

Given the burden-shifting nature of the anti-SLAPP statute, the multiple avenues for redress, and the stringent standards Plaintiff will need to overcome to establish the viability of her claim, it is evident that Defendant has a colorable claim under the anti-SLAPP statute. Further, Defendant will be severely prejudiced if he is deprived of the opportunity to invoke the heightened standard of the anti-SLAPP claim. It would therefore be inappropriate to deny Defendant's motion at this early stage of litigation.

## CONCLUSION

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests this Court grant its motion to amend his Answer to assert an additional affirmative defense and counterclaim pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Dated: December 1, 2021.                    Respectfully submitted,
      New York, New York

Alina Habba, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
      -and-
270 West 60th Street
New York, New York, 10023
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

10