**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
    -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, | Civil Action No.: 1:20-cv-7311-LAK-JLC |
| *Plaintiff,* | |
| v. | |
| DONALD J. TRUMP, in his personal capacity, | |
| *Defendant.* | |

**MEMORANDUM OF LAW OF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND HIS ANSWER PURSUANT TO FRCP RULE 15(A)**

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
    -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
(908) 869-1188
ahabba@habbalaw.com

*Attorneys for Defendant, Donald J. Trump*

## <u>TABLE OF CONTENTS</u>

**Page**

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**LEGAL ARGUMENT** .......................................................................................................... 1

    I.      THE PROPOSED AMENDMENT WILL NOT RESULT IN ANY UNDUE
           DELAY OR PREJUDICE TO PLAINTIFF ................................................................. 2

    II.     PLAINTIFF HAS FAILED TO SHOW THAT DEFENDANT'S
           PROPOSED AMENDMENT IS FUTILE .................................................................. 5

**CONCLUSION** ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*,
   No. 12 CV 5160, 2013 U.S. Dist. LEXIS 122030, 2013 WL 4526246,
   at *5 (S.D.N.Y. Aug. 27, 2013).............................................................................................4

*Amador v City of NY*,
   2021 US Dist LEXIS 125451, at 6 .........................................................................................8

*A.V.E.L.A., Inc. v. Estate of Monroe*,
   34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014) ............................................................................4

*Cohen v. Postal Holdings*,
   873 F.3d 394, 399 (2d Cir. 2017) ...........................................................................................8

*Coleman v. Grand*,
   2021 WL 768167 at *7–8 (E.D.N.Y. Feb. 26, 2021) ...........................................................7

*Eagan v. Glassbrenner*,
   2015 WL 3637410, at *8 (W.D.N.Y. June 10, 2015) ........................................................3, 4

*Franco v. Diaz,*
   51 F.Supp.3d 235, 244 (E.D.N.Y. 2014)................................................................................5

*Goldman v. Reddington,*
   No. 18-CV-3662, 2021 WL 4099462, at *3 (E.D.N.Y. September 9, 2021)....................6, 8

*Green v Wolf Corp.,*
   50 FRD 220, 223 (S.D.N.Y. 1970).........................................................................................2

*Harris v Am. Accounting Assn.*,
   2021 US Dist LEXIS 226517, at *14 [NDNY Nov. 24, 2021, No. 5:20-CV-01057
   (MAD/ATB)...........................................................................................................................7

*Henry v. Concord Limousine, Inc.*,
   No. 13 CV 0494, 2014 U.S. Dist. LEXIS 9695, 2014 WL 297303, at *6 (E.D.N.Y. Jan. 24,
   2014)....................................................................................................................................4, 5

*Hillair Capital Invs., L.P. v. Integrated Freight Corp.*,
   963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ...........................................................................3

*La Liberte v. Reid,*
   966 F.3d 79 (2d Cir. 2020) .....................................................................................................7

*McCarthy v. Dun & Bradstreet Corp.,*
      482 F.3d 184, 200 (2d Cir. 2007) ........................................................................1

*Middle Atl. Util. Co. v S. M. W. Dev. Corp.,*
      392 F2d 380, 384 (2d Cir 1968) ......................................................................2, 4

*Palin v. The New York Times Co.,*
      2020 WL 7711593, at *12 (S.D.N.Y. 2020) ........................................................7

*Peters v. City of Buffalo,*
      848 F. Supp. 2d 378, 382 (W.D.N.Y. 2012) ........................................................4

*Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.,*
      2013 WL 3956377, at *5 (S.D.N.Y. July 26, 2013) ..............................................4

*Rachman Bag Co. v Liberty Mut. Ins. Co.*
      46 F.3d 230, 235 (2d Cir. 1995) ..........................................................................4

*Ruotolo v City of New York* 514 F.3d 184, 191 (2d Cir. 2008)
      514 F.3d 184, 191 (2d Cir. 2008) ........................................................................2

*State Teachers Ret. Bd. v. Fluor Corp.*
      654 F.2d 843, 856 (2d Cir. 1981) ........................................................................2

*Sweigert v. Goodman,*
      2021 WL 1578097, at *2 (S.D.N.Y. Apr. 22, 2021) ..............................................7

**Statutes and Rules**

Fed. R. Civ. P. 15(a) ....................................................................................................1

Fed. R. Civ. P. 15(a)(2) .............................................................................................1, 5

Rule 12(b)(6) ............................................................................................................5, 8

28 U.S.C.S. § 1367(c) ..................................................................................................8

28 U.S.C. § 2679(b) .....................................................................................................8

New York Civil Rights Law § 70-a(1)(a) ..................................................................6, 7

New York Civil Rights Law §§ 70-a ................................................................... passim

New York Civil Rights Law § 76-a ..................................................................... passim

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in further support of his motion to amend his answer (the "Motion") pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"), and in reply to the opposition filed by the plaintiff, E. Jean Carroll ("Plaintiff"), on or about December 15, 2021 (the "Opposition").  As set forth herein, Defendant's Motion must be granted and he must be permitted to amend his Answer to include an affirmative defense and counterclaim under New York's recently amended anti-Strategic Lawsuit Against Public Participation law, codified as New York Civil Rights Law §§ 70-a and 76-a (collectively, the "anti-SLAPP law").

## LEGAL ARGUMENT

It is well-established that a defendant seeking to amend his answer more than twenty-one (21) days after service of the answer upon the plaintiff must obtain leave of the court.  *See* Fed. R. Civ. P. 15(a).  The Federal Rules also explicitly provide that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court may only deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

In the Opposition, Plaintiff does not argue that Defendant's motion constitutes bad faith but instead advances the remaining enumerated grounds: undue delay, dilatory motive, prejudice and futility.  These stated bases for opposition are boilerplate, *pro forma* and unsupported by law and, therefore, must be wholly rejected by this Court.  Seemingly aware of this fact, Plaintiff resorts to misstating and misapplying the law in a desperate attempt to morph this routine, procedural motion into a substantive inquiry as to the merits of each and every claim, defense and/or right that Defendant could possibly assert under the anti-SLAPP law.

1

As set forth below and in Defendant's moving papers, Defendant presents a colorable, legally sound theory under the anti-SLAPP law and Plaintiff will not be prejudiced or delayed by the inclusion of such a claim. Therefore, the Court must grant leave for Defendant to file its proposed Amended Answer.

**I.     THE PROPOSED AMENDMENT WILL NOT RESULT IN ANY UNDUE DELAY OR PREJUDICE TO PLAINTIFF.**

First, Plaintiff attempts to argue that Defendant's Motion will result in undue delay because it was brought approximately one year after the legislature's revision to the anti-SLAPP law through which Defendant seeks to incorporate his proposed defense and counterclaim. Based upon the length of time that has passed, Plaintiff hypothesizes that Defendant has "slow-rolled his defenses, asserting or inventing a new one each time his prior effort to delay the case fails." Pl. Mem. at 9. Plaintiff's argument is non-sensical, disingenuous, and entirely off-base.

To start, Plaintiff blatantly misstates the standard for what constitutes 'undue delay' under the law, implying that practically any lapse of time in filing an amended pleading should be construed as impermissible. Contrary to Plaintiff's assertion, delay, on its own, is not a sufficient basis for the denial of a proposed amendment under Rule 15. Indeed, it is firmly established that "[m]ere delay…absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (*citing State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981)); *see also Green v. Wolf Corp.*, 50 F.R.D. 220, 223 (S.D.N.Y. 1970) ("[N]either long delay nor the fact that a proposed amendment is motivated by an afterthought of counsel as to the best theory upon which to proceed, by themselves, suffice as reasons for denying leave to amend.") (*citing Middle Atl. Util. Co. v S. M. W. Dev. Corp.,* 392 F.2d 380, 384 (2d Cir. 1968)).

Moreover, contrary to Plaintiff's contention, there has been virtually no delay in Defendant's filing of the instant application. The anti-SLAPP law was amended just over a year ago on November 10, 2020 but, at that time, it was not immediately apparent that the statute would be applied retroactively. It was only over the course of the next year, through the evolution of the case law, that it became evident that Defendant would be able to invoke the new amendment to the anti-SLAPP law even though this action had been commenced before the law was passed. Further, within the relevant period this action was mired in complex federal litigation involving a multitude of motions, filings, orders, and emergent applications surrounding the motion to intervene filed by the United States of America in September 2020 and the lengthy adjudication of that Motion (*see, e.g.,* Docket Entry Nos. 1 through 56) – during which time it would have likely been inappropriate for any party to seek to amend its pleadings. Thus, viewed in context, Defendant has acted in a prompt and diligent manner in bringing the within application.

Furthermore, Plaintiff strains to demonstrate how allowing an amendment at this early stage in the proceedings will unreasonably delay this action or result in any undue prejudice. It is inarguable that Plaintiff has ample time in advance of trial or any dispositive motion practice to prepare her defense. As illustrated in Defendant's moving papers, discovery has only just begun and the parties have yet to exchange documents or conduct a single deposition. Numerous courts in the Second Circuit have granted leave to amend under similar circumstances, reasoning that amendment at such an early case stage carries with it "no concern about delay, bad faith, or prejudice." *Hillair Capital Invs., L.P. v. Integrated Freight Corp.*, 963 F. Supp. 2d 336, 339 (S.D.N.Y. 2013) ("Here, at this early stage of the case, there is no concern about delay, bad faith, or prejudice."); *see also Eagan v. Glassbrenner*, 2015 WL 3637410, at *8 (W.D.N.Y. June 10, 2015) (granting leave to amend by finding, inter alia, that the case was new as discovery had barely

begun); *Peters v. City of Buffalo*, 848 F. Supp. 2d 378, 382 (W.D.N.Y. 2012) (holding that "at this early stage of the litigation there is no undue prejudice to defendants that would preclude amendment of the complaint."); *Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc.*, 2013 WL 3956377, at *5 (S.D.N.Y. July 26, 2013) (granting plaintiff's motion to amend noting that it would not delay the ultimate resolution of the case because, although discovery had commenced, defendant had not responded to document requests and no depositions had yet been taken by either party); *cf. A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 318 (S.D.N.Y. 2014) (finding no undue prejudice where the motion to amend was filed during discovery and decided after discovery closed because "where the proposed amendment arises from the same set of operative facts as the original claims . . . the mere fact that discovery has concluded does not provide a reason for denying leave to amend.") (citation omitted).

Case law further demonstrates that the mere passage of time since the commencement of the action – here, two years – does not support a showing of unreasonable delay. *See Rachman Bag Co. v Liberty Mut. Ins. Co.*, 46 F.3d 230, 235 (2d Cir. 1995) (affirming district court's decision to permit defendant to amend answer four years after the complaint was filed); *Middle Atl. Util. Co. v S. M. W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (finding that plaintiff's motion to amend complaint three years after the commencement of the action, on the eve of trial, was timely); *see also Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12-cv-5160 (KPF), 2013 U.S. Dist. LEXIS 122030, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (granting the defendants' motion to amend their answer nine months after the date of filing despite defendants' knowledge of relevant information at the time of the initial pleading because a party "need not prove that they uncovered new facts or law" to receive leave to amend); *Henry v. Concord Limousine, Inc.*, No. 13-cv-0494, 2014 U.S. Dist. LEXIS 9695, 2014 WL 297303, at *6

4

(E.D.N.Y. Jan. 24, 2014) (holding that "[a] defendant does not need to plead all known affirmative defenses at the time of the first answer. As long as the proposed amendment does not prejudice the plaintiff, a defendant is not precluded from amending the answer to include affirmative defenses about which the defendant had knowledge."(citation omitted)).

Finally, Plaintiff's diatribe of complaints regarding Defendant's supposed "pattern of bad faith and dilatory measures throughout this litigation" is wholly unsupported and merely a red herring intended to paint Defendant in a negative light. Pl. Mem. at 3. As has become Plaintiff's modus operandi, her reliance on this false, unfounded narrative is merely intended to misdirect from the fact that her underlying arguments are utterly devoid of merit. In relying so heavily on this specious argument – which is improper, prejudicial, and entirely irrelevant to this *procedural* motion – it is in fact Plaintiff whose conduct lies in "bad faith and gamesmanship." Pl. Mem. at 2.

Based on the foregoing, any suggestion that Defendant's application was delayed to the extent that he should be denied the ability to plead a pivotal defense and counterclaim is preposterous and flies in the face of justice, as it is well-established that this Court should permit such an amendment "when justice so requires." Fed. R. Civ. P. 15(a)(2).

## II.   PLAINTIFF HAS FAILED TO SHOW THAT DEFENDANT'S PROPOSED AMENDMENT IS FUTILE.

As discussed in Defendant's moving papers and in Plaintiff's Opposition, it is undisputed that "[a]n amendment is futile if the proposed amended claim would not withstand a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Franco v. Diaz*, 51 F.Supp. 3d 235, 244 (E.D.N.Y. 2014). Yet, throughout the Opposition, Plaintiff repeatedly misapplies this "futility" standard in an effort to persuade this Court to forego the pertinent issues at hand and prematurely delve into a substantive analysis as to the merits of each and every claim that could possibly be asserted by Defendant under the anti-SLAPP law.

For example, Plaintiff spends a good deal of her Opposition attempting to draw an arbitrary distinction between NYCRL § 70-a and NYCRL § 76-a, arguing that NYCRL § 70-a is inconsistent with Rules 12 and 56 and thus precluded from application in federal court.  Yet, in doing so, Plaintiff fails to recognize the procedural nature and mechanism of the instant motion to amend, which merely seeks to permit Defendant to amend his pleading to avoid foreclosure of his potential claims, defenses and rights available under the anti-SLAPP law. To that end, it would be a fool's errand, and not to mention a waste of judicial time and resources, to defend the substantive merits of every potential use of the anti-SLAPP law that Defendant may have in this case. At this stage, Defendant simply seeks to amend his pleading to include an anti-SLAPP counterclaim and affirmative defense to preserve his rights; he is not invoking the special summary-judgment procedures that Plaintiff attacks, and Plaintiff has offered no argument as to why a litigant would be unable to bring an anti-SLAPP counterclaim at all merely because a portion of the anti-SLAPP statute containing special summary-judgment rules purportedly conflicts with the Federal Rules. *See* New York Civil Rights Law § 70-a(1)(a).  *See also Goldman, infra*, 2021 WL 4099462, at *5. Indeed:

> [T]he anti-SLAPP statute contemplates that a party pursuing an anti-SLAPP claim will be able to use those special summary-judgment procedures.  But the provision creating a cause of action also makes clear that an anti-SLAPP litigant may obtain costs and attorney's fees *without* using these procedures. . . Since the anti-SLAPP statute appears to contemplate that an anti-SLAPP litigant could pursue an anti-SLAPP counterclaim through procedures other than the ones that [plaintiff] challenges, Judge Lindsay did not clearly err in declining to decide at the motion-to-amend stage whether New York' special summary-judgment procedures for anti-SLAPP claims conflict with Rule 56.

*Id.* (internal quotations omitted) (internal citations omitted) (emphasis in original). In other words, even if this Court were to ultimately find that an anti-SLAPP motion to dismiss is not applicable in federal court – which, again, is a question that would be ripe for decision upon the filing of such

a motion and full briefing by all parties – Defendant would still be entitled to invoke other relevant portions of NYCRL§ 70-a, such as his entitlement to attorneys' fees and costs. Thus, Plaintiff's misguided contention that a perceived inapplicability of a portion of NYCRL §§ 70-a should preclude Defendant from invoking *any* of his rights under the anti-SLAPP law is entirely unfounded and flies in the face of reason.

Be that as it may, Plaintiff's argument that NYCRL § 70-a does not apply in federal court is inherently flawed since she relies on a decision that was solely addressing whether *California's* anti-SLAPP law applies in federal court, *see La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020), not New York's. Indeed, New York district courts have already held that NYCRL § 70-a applies in a federal context. *See Harris v Am. Accounting Assn.*, 2021 US Dist LEXIS 226517, at *14 (N.D.N.Y. Nov. 24, 2021), No. 5:20-CV-01057 (MAD/ATB) ("Defendants are entitled to an award of costs and attorney's fees under "NYCRL § 70-a."). Plaintiff also conveniently and self-servingly ignores the multitude of New York district courts that have applied the anti-SLAPP law in a federal context in precisely the manner that Defendant seeks to do so. *See Palin v. The New York Times Co.,* 2020 WL 7711593, at *12 (S.D.N.Y. 2020) ("The Court holds that N.Y. Civil Rights Law 76-a, as amended on November 10, 2020, applies to this action."); *Sweigert v. Goodman*, 2021 WL 1578097, at *2 (S.D.N.Y. Apr. 22, 2021) ("[T]he Court grants the [d]efendant's motion to amend his answer to add a defense under the New York anti-SLAPP statute."); *Coleman v. Grand*, 2021 WL 768167 at *7–8 (E.D.N.Y. Feb. 26, 2021) (finding that the "clear legislative expressions of remedial purpose and urgency give the [anti-SLAPP] amendments retroactive effect."); *Goldman v. Reddington*, 2021 U.S. Dist. LEXIS 78103 (E.D.N.Y. 2021).

Plaintiff also fails to recognize that this matter is uniquely situated insofar as it was initially filed in state court and removed to federal court pursuant to the Westfall Act (28 U.S.C. § 2679(b)),

which raises additional avenues for Plaintiff to incorporate state-specific claims through supplemental jurisdiction. *See* 28 U.S.C. § 1367; *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("When a district court dismisses, pursuant to Rule 12(b)(6), all claims over which it properly has original subject-matter jurisdiction, the district court may still, under 28 U.S.C.S. § 1367(c), exercise its discretion to retain supplemental jurisdiction over related state-law claims."); s*ee also Amador v City of NY*, 2021 US Dist LEXIS 125451, at 6 ("In cases where a district court may "relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court.")(citation omitted).

Therefore, Plaintiff's argument that Defendant's motion is futile is wholly without merit and must be disregarded in its entirety.

### **CONCLUSION**

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests this Court grant its motion to amend his Answer to assert an additional affirmative defense and counterclaim pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Dated: December 22, 2021          Respectfully submitted,
       New York, NY

Alina Habba, Esq.
Habba Madaio & Associates LLP
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
           -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

*Attorneys for Defendant, Donald J. Trump*