# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET, NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 · FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL  rkaplan@kaplanhecker.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/2022

March 10, 2022

**VIA EMAIL & REGULAR MAIL**

District Judge Hon. Lewis A. Kaplan
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        Re:    *E. Jean Carroll v. Donald Trump,* 1:20-cv-07311-LAK

Dear Judge Kaplan:

        On behalf of Plaintiff E. Jean Carroll, we write to notify the Court of the attached decision issued by a unanimous panel of the Appellate Division, First Department this afternoon. *Gottwald v. Sebert*, No. 653118/2014 (N.Y. App. Div. 1st Dep't).

        In *Gottwald*, the First Department decided that the 2020 amendments to New York's anti-SLAPP law at issue in this case do not apply retroactively to pending claims. The court specifically disagreed with *Palin v. New York Times Co.*, 510 F.Supp.3d 21 (S.D.N.Y. 2020), a case on which Defendant Donald Trump relied in his motion to amend his answer to include counterclaims based on those amendments (ECF 64).

        *Gottwald*, of course, is a decision from the controlling appellate state court in Manhattan construing New York statutory law to hold that the recent amendments to the New York anti-SLAPP statute should not be applied retroactively. If that is the rule applied by this Court, then the parties' other argument concerning delay, the *Erie* doctrine, etc., would be moot.

        Respectfully submitted,

        Roberta A. Kaplan

cc:    Alina Habba, Esq.

<u>Memorandum Endorsement</u>                                              <u>Carroll v. Trump, 20-cv-7311 (LAK)</u>

        The Appellate Division of the New York Supreme Court yesterday held the 2020 amendment to N.Y. Civ. Rts. L. § 76-a has only prospective effect. *Gottwald v. Sebert,* ___ A.D. 3d ___, Index No. 653118/2014 (1st Dep't filed Mar. 10, 2021). Its logic applies equally to the all of the 2020 amendments to the anti-SLAPP law. In the absence of compelling reasons to believe that the New York Court of Appeals would reach a different result, this Court is obliged under *Erie* to follow it. *E.g., Hicks on Behalf of Feiock v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)); *AEI Life LLC v. Lincoln Benefit Life Co.,* 892 F.3d 126, 138-39 & n.15 (2d Cir. 2018) (quoting *Pahuta v. Massey-Ferguson, Inc.,* 170 F.3d 125, 134 (2d Cir. 1999); *Pentech Int'l, Inc. v. Wall Street Clearing Co.,* 983 F.2d 441, 445 (2d Cir.1993); *Deeper Life Christian Fellowship, Inc. v. Sobol,* 948 F.2d 79, 84 (2d Cir.1991). Nevertheless, contrary to plaintiff's suggestion, this does not moot the issues addressed in the opinion dated March 10, 2021 (Dkt. 73), as N.Y. Civ. Rts. L. § 70-a applies not only to the commencement of a covered action, but also to its continuation.

        SO ORDERED.

Dated:      March 11, 2022

                                                    /s/    Lewis A. Kaplan

                                                          Lewis A. Kaplan
                                                    United States District Judge