

**DOCKET**

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

August 11, 2022

**VIA COURIER**
Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

ELECTRONICALLY FILED
DATE FILED: 9-20-22

    Re:    *Carroll v. Trump*
           Civil Case No.: 1:20-cv-7311-LAK-JLC

Dear Judge Kaplan:

Please accept this letter correspondence on behalf of the defendant, Donald J. Trump ("Defendant"), which is submitted in response to the letter submitted by the plaintiff, E. Jean Carroll ("Plaintiff"), on August 8, 2022. Aside from seemingly serving no legitimate purpose, Plaintiff's letter is filled with misrepresentations and inflammatory statements that Defendant would like to take an opportunity to address.

**Discovery**. Throughout her letter, Plaintiff repeatedly mischaracterizes the discovery efforts that have been undertaken by the parties to date. Indeed, the letter contains numerous misstatements which are seemingly intended to make it appear as if Defendant is not complying with his discovery obligations. As discussed herein, this is simply not the case.

*First*, Plaintiff's contention Defendant's discovery responses were "17 days late" is plainly misleading. In truth, Plaintiff had expressly agreed to accept Defendant's written responses on or before July 13, 2022 – the date they were served. To briefly summarize, after Plaintiff had served her initial written responses on June 27, 2022, it became apparent that the parties had different interpretations of the language contained in the scheduling order concerning the due date for said responses. To address this issue, the parties had two separate conference calls in early July, at which time Plaintiff's counsel acknowledged the ambiguity of the language and the parties mutually agreed that Defendant's written responses would be provided on or before July 13, 2022. Defendant's responses were subsequently served on that date.

*Second*, regarding the confidentiality order, this issue has never been a point of contention. While the parties had exchanged drafts in an attempt to fine tune the language contained therein, there was never any material dispute on this issue. Defendant is in agreement with the language of the confidentiality agreement as it was submitted to the Court.

*Third*, Plaintiff repeatedly refers to Defendant's invocation of privilege as "boilerplate" or "pro forma," despite knowing full well that the privileges asserted by Defendant—executive privilege, deliberate process privilege, attorney-client privilege, etc.—are applicable in each instance. For example, the presidential communications privilege is a well-established doctrine

that has been recognized as a "presumptive privilege for Presidential communications" that are "fundamental to the operation of government and inextricably rooted in the separation of powers under the Constitution." *United States v. Nixon*, 418 U.S. 683, 708, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974). Indeed, in addition to protecting communications directly with the President, this privilege similarly protected communications involving senior presidential advisors, including "both [] communications which these advisers solicited and received from others as well as those they authored themselves," in order to ensure that such advisers investigate issues and provide appropriate advice to the President. *See Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479, 522 (S.D.N.Y. 2010) (*quoting In re Sealed Case*, 121 F.3d 729, 745, 326 U.S. App. D.C. 276 (D.C. Cir. 1997). Defendant properly asserted this privilege in response to Plaintiff's numerous requests for information pertaining to Defendant's privileged communications with his staff and advisors. Thus, this privilege—along with all others raised in Defendant's written response—were properly asserted.

**The ASA Action**. Although not properly before the Court at this time, Defendant wholly and adamantly objects to Plaintiff's proposed consolidation of the instant matter with an Adult Survivors Act (ASA) action that Plaintiff apparently plans to file. Given this Court's earlier ruling that amendment of Defendant's Answer to include an anti-SLAPP claim would be "unduly prejudicial," *see* ECF Doc No. 73, there can be no reasonable dispute that permitting Plaintiff to effectively amend her complaint to include two additional causes of action—namely, battery and intentional infliction of emotional distress—would be extraordinarily prejudicial to Defendant. This is particularly true in light of the fact that Plaintiff's proposed consolidation would not occur until mid-November – *after* discovery has been completed. To permit Plaintiff to drastically alter the scope and subject matter of this case at such time would severely prejudice Defendant's rights. Therefore, Plaintiff's request must be disregarded in its entirety.

Thank you for your courtesy and attention to this matter.

Respectfully Submitted,

Alina Habba, Esq.
For HABBA MADAIO & ASSOCIATES LLP

cc:   Counsel of Record (via e-mail)