

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

September 28, 2022

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      *Re:*    *Carroll v. Trump*
             *Civil Case No.: 1:20-cv-7311-LAK-JLC*

Dear Judge Kaplan:

      This office represents the defendant, former President Donald J. Trump ("Defendant"), in the above-referenced action. By way of this letter, I respectfully request that this Honorable Court substitute the United States as the defendant in this action and immediately stay all proceedings.

      On September 27, 2022, the Second Circuit rendered a decision (the "Decision") (*see* ECF No. 91), which reversed in part and vacated in part this Court's October 27, 2020 Opinion and Order (the "Order") (*see* ECF No. 32) denying the United States' motion, pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), to substitute as the defendant in the place of Defendant Trump. Specifically, the Decision held that "the President is an employee of the government under the Westfall Act" and certified the question of whether Defendant acted within the scope of his employment when he publicly repudiated the allegations made by the plaintiff, E. Jean Carroll ("Plaintiff"), to the D.C. Court of Appeals. *See* Decision at 33.

      By virtue of the Second Circuit's Decision, the United States must be substituted as the defendant in the instant action pending resolution of the proceedings before the D.C. Court of Appeals. The Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). To invoke the Westfall Act, the Attorney General (or his delegate) must certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Upon such certification, the statute expressly dictates that "any civil action or proceeding commenced upon such claim in a United States district court **shall be deemed an action against the United States** under the provisions of this title and all references thereto, and the ***United States shall be substituted as the party defendant***." *Id.* (emphasis added).

Here, on September 8, 2020, James G. Touhey, Jr., Director of the Torts Branch of the Civil Division of the U.S. Department of Justice, certified on behalf of the Attorney General that Defendant was acting within the scope of his office as President of the United States as the time of the alleged conduct. *See* ECF No. 6, Ex. B. Given that the Second Circuit has confirmed that Defendant is indeed an employee of the government for the purposes of the Westfall Act, the United States must automatically be "substituted as the party defendant" in this case. *Id.* This substitution is not discretionary; it occurs by operation of law. *See e.g., Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995) ("Upon the Attorney General's certification, the federal employee is dismissed from the case and the United States is substituted as the defendant in place of the employee.") (citing 28 U.S.C. § 2679(d)(1)); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990) ("Although . . . [the] scope certification is not dispositive for purposes of substitution, it indicates that the United States is substituted as an *automatic consequence* of the [Government's] certification.") (emphasis added). Indeed, "[t]he United States . . . must remain the federal defendant in the action **unless and until** the [court] determines that the employee, in fact*,* and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment." *Osborn v. Haley,* 549 U.S. 225 231 (2007) (emphasis added). Therefore, the United States must be deemed, and remain, the defendant in the instant action—effectively staying all proceedings—until the scope of employment issue is resolved by the D.C. Court of Appeals.

Moreover, the D.C. Court of Appeals' forthcoming ruling will be case-dispositive and, therefore, it would be highly prejudicial and inequitable for Defendant to engage in time-consuming and expensive pre-trial preparation—much less proceed to trial—until this issue has been conclusively resolved. *See Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S. Ct. 834, 839 (1996) (immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'" (emphasis in original)). As the Second Circuit properly stated, "[t]he FTCA, expressly, does not waive the sovereign immunity of the United States for the tort of defamation, *see* 28 U.S.C. § 2680(h) . . . *[s]o substituting the United States in place of Trump means the failure of Carroll's defamation lawsuit*. See Decision at 18 (emphasis added). Indeed, the "core purpose" of the Westfall Act "is to relieve covered employees from the cost and effort of defending the lawsuit, and to place those burdens on the Government's shoulders." *Osborn*, 549 U.S. at 252; *see also, e.g., Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990) (Westfall immunity encompasses the right to avoid the "burden[s] of defending a suit"). Here, as with other immunity contexts, "if the defendant is correct that it has immunity, its right to be free of litigation is compromised, and lost to a degree, if the district court proceeds while the appeal is pending." *Goshtasby v. Bd. of Trs.*, 123 F.3d 427, 428 (7th Cir. 1997*); see also, e.g., Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993) (immunity "'is effectively lost' if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending.") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)*; In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 42 F. Supp.3d 556, 558 (S.D.N.Y. 2014) (Sweet, J.) (holding that "[a]s a general rule, when an appeal of the denial of . . . immunity is under consideration, discovery should not proceed" and rejecting argument that divestiture is not automatic in the qualified immunity context); *Bradley v. Jusino*, No. 04 Civ. 8411, 2009 WL 1403891, at *2 (S.D.N.Y. May 18, 2009) (recognizing district court was divested of jurisdiction pending appeal of qualified immunity claim).

2

For the foregoing reasons, it is respectfully requested that this Court substitute the United States as the sole defendant in this action and immediately stay all proceedings pending resolution of the D.C. Court of Appeal's case-dispositive determination on the scope of employment issue.

        Respectfully submitted,

        Alina Habba, Esq.
        For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)