

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

October 3, 2022

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   *Re:* *Carroll v. Trump*
     *Civil Case No.: 1:20-cv-7311-LAK-JLC*

Dear Judge Kaplan:

   This office represents the defendant, former President Donald J. Trump ("Defendant"), in the above-referenced action. This letter is submitted in response to the letter opposition filed by the plaintiff, E. Jean Carroll ("Plaintiff"), and in further support of Defendant's motion to stay all proceedings in light of the Second Circuit's decision dated September 27, 2022 (the "Decision") (ECF No. 91).

   Plaintiff's contention that the "Second Circuit's ruling changed hardly anything" is asinine and manifestly false. *See* ECF No. 93 at 2 . There is no question that the procedural posture of this case has been dramatically altered by the Second Circuit's Decision. Prior to the Decision, the law of the case had dictated that the President of the United States is "not an 'employee of the Government' within the context of the Westfall Act," meaning that the that the Westfall Act had no application to the instant action. *See Carroll v. Trump*, 498 F.Supp.3d 422, 443 (S.D.N.Y. Oct. 27, 2020) (ECF No. 32) (the "Order"). By virtue of the Decision, however, this finding has been reversed – it is now apparent that the President is indeed an "employee of the Government" and, as a result, this action falls squarely within the purview of the Westfall Act.[1] *See* Decision at 33. Thus, by operation of law, the United States must be "deemed" the defendant in the instant action, 28 U.S.C. § 2679(d)(2), and must remain as such "*unless and until*" the scope of employment question has been resolved, *Osborn v. Haley,* 549 U.S. 225, 231 (2007).

---

[1] Despite Plaintiff's claim to the contrary, it is of no moment that the United States was not instantaneously substituted as the defendant when it initially intervened in the action. At that time, there remained an unresolved threshold issue as to whether the President qualified as an 'employee' under the Westfall Act. As a result, this Court understandably declined to substitute the United States as the party defendant because it was unclear whether the statute could be applied at all. Now that the answer has been answered in the affirmative by the Second Circuit (i.e., it has been confirmed that the President is a covered employee under the Westfall Act) there is no question that the statute applies to this action in full force.

Indeed, Plaintiff's refusal to concede that a stay is proper at this time is perplexing and flies in the face of both Supreme Court precedent and the plain language of the Westfall Act. Specifically, the Act unequivocally states that "[u]pon certification by the Attorney General . . . any civil action or proceeding commenced upon such claim in a State court shall be removed . . . and such action or proceeding ***shall be deemed an action against the United States*** . . . and the ***United States shall be substituted as the party defendant***." 28 U.S.C. § 2679(d)(2) (emphasis added); *see also* 28 U.S.C. § 2679(d)(1) (stating the same with regard to actions originating in district court). The *ipso facto* nature of this substitution has been affirmed on several occasions by the Supreme Court, *see Osborne*, *supra; Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995), and has been consistently recognized by federal circuit courts, *see e.g.*, *Dolan v. United States*, 514 F.3.d 587, 592 (6th Cir. 2008) ("Section 2679(d) provides essentially that upon a certification by the Attorney General . . . the action shall be 'deemed a tort action brought against the United States' . . . [t]hus, the Government immediately becomes a party."); *Aversa v United States*, 99 F.3d 1200, 1208 (1st Cir. 1996) ("Once the certification is made, the suit is "deemed an action against the United States" under the FTCA and the United States is substituted as the party defendant, *id.,* but the certification is provisional and subject to judicial review, after which the employee may be resubstituted.") (citation omitted); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990) ("Although . . . [the] scope certification is not dispositive for purposes of substitution, it indicates that the United States is substituted as an *automatic consequence* of the [Government's] certification.") (emphasis added). This procedural trigger was even expressly acknowledged by the Second Circuit in its September 27, 2022 Decision. *See* Decision at 15-16 ("Upon certification, the employee is dismissed from the action and the United States is substituted as defendant") (citing *Gutierrez* , 515 U.S. at 420; 28 U.S.C. § 2679(d)(1)). Thus, that an action is immediately 'deemed' to be against the United States upon the Attorney General's certification under the Westfall Act is not seriously in dispute.

To contend otherwise, Plaintiff resorts to cherry-picking lines from the *Osborn* and *Gutierrez* decisions in a desperate attempt to misrepresent the Supreme Court's stance on the issue. Contrary to Plaintiff's disingenuous analysis, these holdings weigh firmly in favor of Defendant's position.

In *Osborn v. Haley*, the Court repeatedly referenced the immediate and automatic manner in which the United States is 'deemed' the party defendant and substituted in place of a covered employee upon certification by the Attorney General. *See Osborn*, 549 at 230 ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as defendant in place of the employee."); *id.* at 238 ("[R]etaining the federal employee as a party defendant 'effectively denie[s][him] immunity from suit if [he] was entitled to such immunity under the Westfall Act . . . once the United States Attorney certifies that the federal employee acted within the scope of [his] employment, the plaintiff properly can proceed only against the United States as defendant . . . [t]he federal employee remains immune from suit."); *id.* at 241 ("If the action is launched in a state court, and the Attorney General makes the [] certification, the action 'shall be removed' to the appropriate federal district court, and again the United States must be substituted as the defendant.") (citation omitted).

Of particular note, in evaluating whether the United States' substitution as a party defendant could potentially violate a plaintiff's Seventh Amendment right to a jury trial, the Court noted:

> Under the Westfall Act, however, Congress supplanted the jury in covered cases. See § 2679(d)(1)-(3). Upon certification, the action is '***deemed to be . . . brought against the United States . . . unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment***. The Seventh Amendment, which preserves the right to a jury trial in suits at common law, we have held, does not apply to proceedings against the sovereign. *Lehman v. Nakshian,* 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). See also § 2402 (actions against the United States ordinarily "shall be tried by the court without a jury"). ***Thus, at the time the district court reviews the Attorney General's certification, the plaintiff has no right to a jury trial***. (citing *Kimbro v. Velten,* 30 F.3d. 1501, 1509, n. 4.).

*Id.* at 252 (emphasis added). The Court's statement that the United States is "deemed to be" the defendant "*unless and until*" it is determined that the federal officer "acted outside the scope of employment"—coupled with the Court's affirmation that a plaintiff lacks the right to a jury trial "*at the time* the district court reviews the Attorney General's certification"—leads to only one plausible conclusion: the United States must be the defendant from the time the Attorney General's certification is filed until the time the court adjudicates the scope of employment issue. *Id.* (emphasis added). There is simply no other way to read the Court's holding in *Osborn*.

Plaintiff's attempt to distinguish *Gutierrez* fares no better. In *Gutierrez*—which predates *Osborn*—the Court instructed that "[w]hen the Attorney General has granted certification . . . if the case was initiated by the tort plaintiff in state court, the Attorney General is to remove it to the federal court, where . . . the United States will be substituted as the party defendant." *Gutierrez*, 515 U.S. at 431-32 (citing § 2679(d)(2)). In fact, the Court twice noted that the federal officer would need to be "resubstituted" as the defendant if the Attorney General's certification was ultimately rejected by the district court. *Id.* at 435 (stating that "[i]f the certification is rejected, because the federal court concludes that the employee acted outside the scope of his employment" the federal employee must be "resubstituted as defendant."); *id.* ("[t]here may no longer be a federal question once the federal employee is resubstituted as defendant."). Thus, like *Osborn*, the Supreme Court's holding in *Gutierrez* staunchly supports Defendant's position.

Seemingly aware that her Westfall Act argument is entirely devoid of merit, Plaintiff spends the remainder of her letter putting forth gratuitous discovery-related arguments that are not only inflammatory and inaccurate but, more importantly, wholly unrelated to the issue at hand. This application relates solely to the procedural posture of this case in light of the Second Circuit's Decision, which, as described above, has triggered the automatic substitution of a party defendant. While Defendant adamantly refutes Plaintiff's characterization of the parties' discovery proceedings[2]—and has his own set of discovery-related grievances—this is simply not the

---

[2] Defendant particularly takes issue with Plaintiff's claim that Defendant has produced "just *eight* documents and four incomplete interrogatory responses." ECF No. 93 at 1 (emphasis in original). As

appropriate forum for the parties to address these concerns. If anything, Plaintiff's reliance on these specious claims is telling as to shortcomings of her other arguments.[3]

Finally, Plaintiff's contention that discovery must be permitted to proceed so that she can use it as an end-run to gather information to be used in a separate, anticipated action that is not before this court—or *any* court, for that matter—is entirely without legal support. Indeed, such a maneuver is plainly improper. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978) ("In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information . . . when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied."); *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980) ("[F]ederal civil discovery may not be used merely to subvert limitations on discovery in another proceeding."); *Food Lion v. United Food & Comm. Workers Int'l*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) ("[N]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case."); *see also* Fed. R. Civ. P. 26(b)(1) (limiting discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]")[4].

At bottom, given the Second Circuit's proclamation that "the President is an employee of the government under the Westfall Act," it follows that the United States must be 'deemed' the defendant in the instant action and immediately substituted in place of Mr. Trump. *See* Decision at 33; *see also* 28 U.S.C. § 2679(d)(2). Even if that were not the case, Plaintiff has failed to present any tenable argument as to why this case should proceed forward while a dispositive issue remains pending and unresolved before the D.C. Court of Appeals, thereby necessitating a stay of all proceedings. Therefore, it is respectfully requested that this Court substitute the United States as the sole defendant in this action—or, at a minimum, immediately stay all proceedings—pending resolution of the D.C. Court of Appeal's decision on the scope of employment issue.

---

Plaintiff is well aware, numerous diligent and comprehensive searches have been performed to identify responsive documents, including electronic searches of numerous entities that were made in accordance with Plaintiff counsel's requested search terms. The eight documents referenced by Plaintiff were merely those non-privileged, responsive documents that were in Defendant's personal possession, custody, or control; in total, more than 15,000 pages of documents have been produced by third-party entities on Defendant's behalf and with assistance from Defendant's counsel. Further, Defendant has, in fact, provided *fifteen* interrogatory responses (and a supplemental response) which are not 'incomplete' in any way.

[3] The folly of Plaintiff's position is further evident from the contradictory nature of her statements. For instance, Plaintiff's repeatedly acknowledges that it was *Defendant* who "affirmatively proposed . . . that the parties resume discovery," ECF No. 93 at 1, while simultaneously claiming that Defendant "hopes to 'run out the clock'" with respect to discovery proceedings, *id.* at 4. These competing positions simply cannot be reconciled.

[4] In fact, when Rule 26(b) (1) was amended in 2000 to limit discovery to that which is "relevant to any party's claim or defense," the Rules Advisory Committee specifically noted that "[t]he rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have ***no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings***." *See* GAP Report of Advisory Committee to 2000 Amendment to Fed. R. Civ. P. 26.

Further, please be advised that this application is extremely time-sensitive as the parties have numerous depositions scheduled over the next two weeks. Therefore, Defendant respectfully requests that this matter be decided as expeditiously as possible. My office will be available at all times for a conference to discuss this issue should the Court deem it necessary.

Respectfully submitted,

Alina Habba, Esq.
For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)