**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL         212.763.0883
DIRECT EMAIL        rkaplan@kaplanhecker.com

November 17, 2022

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

        Re:    *Carroll v. Trump*, 20 Civ. 07311 (LAK) (JLC)

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll in anticipation of the status conference that the Court has scheduled for November 22, 2022. To further the goal of "ensur[ing] the efficiency of these proceedings," ECF 97 at 1, we respectfully submit for the Court's consideration a proposed revised schedule, subject, of course, to Your Honor's own thinking and availability.

      As detailed below, Plaintiff's proposed schedule promotes efficiency by coordinating deadlines between the present action and the separate action that Plaintiff has said that she will file against Defendant on November 24 (the "Second Action"), while adjourning the trial date and related deadlines in the present action for the relatively short period of approximately two months. We shared this proposal with Defendant's counsel. They agreed in principle with adjusting the existing case deadlines, but proposed a lengthier extension. They refused to discuss any schedule having to do with the Second Action. A copy of the parties' correspondence is attached as Exhibit A.

      Plaintiff's proposal was formulated to account for three distinct, though related considerations.

      *First*, given the significant factual overlap between the two cases, it is clearly preferable—assuming the D.C. Court of Appeals answers the certified question expeditiously and in Plaintiff's favor—to try the two cases together. The Second Action will include a claim of battery pursuant to New York's Adult Survivors Act arising from Defendant's sexual assault of Plaintiff, as well as a defamation claim arising from an October 12, 2022 statement that Defendant made about the

KAPLAN HECKER & FINK LLP

2

sexual assault and Plaintiff's motives for revealing it. *See* ECF 89, 93, 97. This Court has already recognized that "whether Mr. Trump raped Ms. Carroll is the paramount issue in both cases," ECF 96 at 15, and the inclusion of a new claim based on an allegedly defamatory statement that closely tracks the existing defamatory statements only reinforces that conclusion. The significant degree of overlap between the two cases is plainly demonstrated by the complaint that we intend to file on November 24 in the Second Action, a copy of which is attached as Exhibits B and C.[1]

*Second*, discovery in the present action has already addressed almost all of the issues relevant to the Second Action, including through deposition testimony of Defendant concerning his October 12 defamatory statement and deposition testimony of Plaintiff concerning her emotional damages resulting from the underlying sexual assault.[2] As a result, discovery in the Second Action can and should be limited to *new* issues arising solely from the Second Action. *Cf.* ECF 96 at 15 (recognizing that "discovery and evidence relating to whether or not the alleged rape occurred is relevant to both cases"). At present, the only such discovery of which Plaintiff is aware involves: (1) a forensic psychologist who will provide expert testimony regarding the psychological damages Plaintiff suffered as a result of the underlying sexual assault; and (2) the defamation damages expert already deposed by Defendant's counsel in the existing action who will provide an additional report focused on the damages specifically resulting from Defendant's October 12 statement.[3] Limiting discovery in this way not only would comport with standard practice in circumstances involving the same parties in related cases,[4] but also would ensure that the Second Action can move forward expeditiously toward trial.

*Finally*, the D.C. Court of Appeals has set a very tight schedule for resolving the scope-of-employment question certified to that court. *See* ECF 97-1. Oral argument will take place on January 10, 2023, just 105 days after certification. By contrast, in other cases involving questions certified to the D.C. Court of Appeals over the last twelve years, oral argument has been set for between 163 and 293 days following certification. *See Akhmetshin v. Browder*, No. 21-SP-0238 (D.C. Ct. App.) (163 days); *Diamond v. Hogan Lovells US LLP*, No. 18-SP-0218 (D.C. Ct. App.) (293 days); *Republic of Sudan v. Owens*, No. 17-SP-0837 (D.C. Ct. App.) (201 days); *Companhia Brasileira Carbureto De Calcio–CBCC v. Applied Indus. Materials Corp.*, No. 11-SP-0500 (D.C. Ct. App.) (188 days); *Barnhardt v. District of Columbia*, No. 10-SP-0178 (D.C. Ct. App.) (219 days). While we obviously cannot read the minds of the judges on the D.C. Court of Appeals, given that the local rules generally provide for 30 days for parties to submit a statement regarding whether briefing is necessary, *see* D.C. Ct. App. R. 22(a)(2), the schedule that the D.C. Court of

---

[1] Exhibit B is a color-coded version of the complaint in the Second Action. For ease of reference, in Exhibit B, text that is unique to the complaint in the Second Action appears in red; text that has been moved from where it is located in the existing complaint appears in green; and text that is identical in both complaints appears in black. Text omitted from the complaint in the Second Action is not reflected. Exhibit C is the complaint in the Second Action without any color coding.

[2] For this reason, Plaintiff does not anticipate any need to depose Defendant again in the Second Action.

[3] Defendant may also have rebuttal experts. In the present action, Defendant served a rebuttal expert report on Sunday, November 13, and Plaintiff served a deposition notice the next day with a placeholder date for the deposition of November 16.

[4] *See, e.g., In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 WL 817355, at *2 (S.D.N.Y. Jan. 30, 2004) (allowing discovery from one set of cases to be used in another set of related cases, and permitting parties to serve "non-duplicative" discovery requests only to the extent "that such supplemental requests [were] necessary").

KAPLAN HECKER & FINK LLP

3

Appeals has set for this case appears to be as expedited as possible under the circumstances. And because the D.C. Court of Appeals decided on its own to hear the certified issue *en banc*, there should be no further proceedings in that court.

As a result, we believe that it should be feasible to try the present action and the Second Action together without dramatically altering the current schedule.[5] Adjusting the trial date as we are proposing would provide more time for the D.C. Court of Appeals to rule—and for the Second Circuit to take action in light of that ruling—before trial. It also would obviate any basis for the stay motion that Defendant threatened to file with the Second Circuit last week, while at the same time allowing the parties to continue preparing for trial, as they have been over the last several months.

\* \* \*

The schedule that Plaintiff proposes in light of the above considerations is as follows:

| **Deadline** | **Current Date** | **Proposed Date** |
|---|---|---|
| Plaintiff's Complaint in Second Action | N/A | Nov. 24, 2022 |
| Defendant's Responsive Pleading in Second Action | N/A | Dec. 23, 2022 |
| Rule 26(a) Initial Disclosures in Second Action<br><br>*Only required insofar as there is new information to disclose in connection with new issues raised by Second Action* | N/A | Dec. 23, 2022 |
| Expert Reports in Second Action<br><br>*Limited to new issues raised by Second Action* | N/A | Jan. 9, 2023 |
| Written Discovery Requests in Second Action<br><br>*Limited to new issues raised by Second Action* | N/A | Jan. 9, 2023 |
| Rebuttal Expert Reports in Second Action | N/A | Jan. 23, 2023 |
| Responses to Written Discovery in Second Action | N/A | Jan. 23, 2023 |
| Close of Discovery in Second Action | N/A | Jan. 30, 2023 |
| Joint Pretrial Order and Any Summary Judgment Motions in Both Actions | Dec. 1, 2022 | Feb. 9, 2023 |
| Motions in Limine in Both Actions | Dec. 8, 2022 | Feb. 16, 2023 |
| Exchange of Pre-marked Trial Exhibits in Both Actions | Dec. 8, 2022 | Feb. 16, 2023 |
| Oppositions to Motions in Limine in Both Actions | Dec. 15, 2022 | Feb. 23, 2023 |
| Trial | Feb. 6, 2023 | Apr. 10, 2023 |

---

[5] In the event that the D.C. Court of Appeals does not rule before trial, it would be possible to hold trial in the Second Action on the proposed schedule and, if Plaintiff ultimately prevails at the D.C. Court of Appeals, hold a far more limited second trial primarily focused on damages, since Defendant would be estopped from relitigating the question of whether he sexually assaulted Plaintiff. *See ICD Holdings S.A. v. Frankel*, 976 F. Supp. 234, 239 (S.D.N.Y. 1997) (Kaplan, J.) ("Litigants who have had a full and fair opportunity to litigate ordinarily will not be heard to relitigate an issue actually, finally and necessarily decided against them in a prior action.").

KAPLAN HECKER & FINK LLP

4

      We appreciate the Court's attention to this matter and are happy to answer any questions Your Honor may have.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc: Counsel of Record (via ECF)