

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

November 21, 2022

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

    Re:    *E. Jean Carroll v. Donald J. Trump*
               20 Civ. 07311 (LAK) (JLC)

Dear Judge Kaplan:

    We write on behalf of the defendant, Donald J. Trump ("Defendant"), in response to the letter filed by the plaintiff, E. Jean Carroll ("Plaintiff") on November 17, 2022 (the "Letter") (ECF No. 98) with respect to the upcoming status conference scheduled to be held on November 22, 2022. While we appreciate Plaintiff's counsel's efforts to adjourn the trial date (and all related deadlines) to a later date in light of the expedited schedule set forth by the D.C. Court of Appeals, the proposal they offer constitutes a material departure from that which was originally agreed upon by the parties.

    By way of background, on November 10, 2022, this office advised Plaintiff's counsel that, pursuant to FRAP 8(a)(2), Defendant would move before the Second Circuit for an emergency stay of proceedings pending appeal. In response, Plaintiff's counsel reached out to this office and requested a call to discuss the application and determine whether the matter could be resolved between the parties. Later that day, the parties had a call, wherein it was mutually agreed that a temporary delay of proceedings was appropriate pending a decision before the D.C. Court of Appeals. While Defendant had initially asked for a stay, Plaintiff stated that an adjournment would be preferable. Plaintiff's counsel's reasoning at the time was that she preferred an adjournment over a stay because it would forgo the additional, tedious filings needed to lift a stay. Accordingly, the parties agreed that all relevant deadlines in this action would be adjourned in one of two ways: (1) for the duration of time that the D.C. Court of Appeals' decision remains pending, to be reinstated upon the issuance of a decision; or (2) for a period of two-to-three months, which would be revisited if the D.C. Court of Appeals did not render a decision during that time. Importantly, Plaintiff's contemplated second action (the "Second Action")[1], which has yet to be filed, *was never mentioned on the call*.

    Rather than stipulate to a proposed schedule, Plaintiff's counsel proposed that the parties request a conference before Your Honor. Plaintiff's counsel represented that a conference was

---

[1] Plaintiff has previously stated that she intends to file a second action against Defendant under the Adult Survivor's Act.

necessary so that the parties could request that Your Honor approve the above-stated terms. Again, no mention was made of the Second Action or any dates relating to the Second Action. Given Plaintiff's counsel's representations, Defendant agreed, and the parties subsequently corresponded with the Court requesting the conference. Defendant also refrained from filing the emergency application to the Second Circuit.

Thereafter, on November 17, 2022, Plaintiff's counsel sent a proposed schedule to this office which, for the first time, proposed consolidating the instant matter with the Second Action. This office rejected that proposal, as it was never discussed, contemplated, or agreed to by Defendant, and instead proffered the following proposed dates which relate only to the within action:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Joint Pretrial Order and Any Summary Judgment Motions in Current Action | Dec. 1, 2022 | Mar. 2, 2023 |
| Motions in Limine in Current Action | Dec. 8, 2022 | Mar. 9, 2023 |
| Exchange of Pre-marked Trial Exhibits in Current Action | Dec. 8, 2022 | Mar. 9, 2023 |
| Oppositions to Motions in Limine in Current Action | Dec. 15, 2022 | Mar. 16, 2023 |
| Trial | Feb. 6, 2023 | May 8, 2023 |

Instead of responding to Defendant, Plaintiff's counsel proceeded to file the Letter and request this Court to ratify Plaintiff's proposed scheduling order, which was entirely inconsistent with the parties' agreement and had been expressly rejected by Defendant.

Plaintiff's proposal to join the two cases into one consolidated action with an expedited schedule is entirely inappropriate and wholly premature, especially here, given that the Second Action has not yet been filed, let alone served upon Defendant. Further, it is respectfully submitted that such action by the Plaintiff was made in bad faith, and clearly to expedite an action that has not been commenced.

Therefore, we respectfully ask that Your Honor instead accept Defendant's above proposal, which is far more appropriate given the procedural posture of this matter.

We thank the Court for its attention to this matter and await its guidance.

Respectfully submitted,

Alina Habba, Esq.
For HABBA MADAIO & ASSOCIATES LLP