MBM5carC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

E. JEAN CARROLL,

        PLAINTIFF,

    v.                                    20 Civ. 7311 (LAK)
                                          Remote Proceeding
DONALD J. TRUMP,

        Defendant.

------------------------------x

                              New York, N.Y.
                              November 22, 2022
                              3:00 p.m.

Before:

              HON. LEWIS A. KAPLAN,

                              U.S. District Judge

                    APPEARANCES

KAPLAN HECKER & FINK LLP
    Attorneys for Plaintiff
BY:  ROBERTA A. KAPLAN
    MATTHEW J. CRAIG

HABBA MADAIO & ASSOCIATES LLP
    Attorneys for Defendant
BY:  ALINA HABBA
    MICHAEL MADAIO

            (Case called; The Court and all parties appearing via Microsoft Teams)

            THE COURT:  Ms. Kaplan, this conference is at your request so why don't you tell me what it is about.

            MS. KAPLAN:  So, your Honor, it is clear that when you kind of cut through the underbrush here there really is not that much of a disagreement between the parties.  First of all, the parties agree that a modest adjournment of the trial date in what I am going to call Case 1, the existing case, makes sense to give the D.C. Court of Appeals enough time to address the certified question.  If that happens -- your Honor agrees to that -- then there is no need for defendants threatened motion, emergency stay motion to the Circuit because all that's really left in Claim 1 or Case 1 is the trial.

            Second, plaintiff's proposed schedule would have trial starting in early April.  Defendant's schedule would have trial starting in early May.  That's a one-month gap and that should be easy to reconcile.

            Third, I don't think anyone disagrees that plaintiff has a right to bring what I am going to call, again, her second action on Thanksgiving, which is two days from now, that's the first date that we are allowed to do so under the Adult Survivors Act, and the existence of that case has been known to defendant since August, we actually gave them the exact complaint that was on file last week.

MBM5carC

        And fourth, I don't think there can be any real disagreement, your Honor, that there is substantial -- probably more than substantial -- overlap between the two cases. The central factual question in both cases is whether Mr. Trump sexually assaulted our client, E. Jean Carroll. And while there surely should be some discovery that takes place in the second case, it is our view you have the right to limit that discovery to issues that are new to the second case and in our view, as outlined in our letter, we don't think there is much that can be new other than the damages, there even may be a couple of other things. The only open question, your Honor, is what happens -- and this is a contingency -- but what happens in the event that the D.C. Circuit has not yet ruled -- although we think, reading tea leaves, that they fully intend to -- but has not yet ruled when the trial date comes. In that scenario, we think the practical thing to do would be to go ahead with trial on the second action and then whatever issues remain on the first action -- obviously we have to win at the D.C. Court of Appeals for that case to even be live -- but whatever remaining issues are left probably can be resolved on collateral estoppel, and maybe even we could have a bench trial on damages.

        So, that's the proposal, your Honor, for your consideration.

        THE COURT: All right. Who is going to address this

1   for the defendant?
2           MR. MADAIO:  I will, your Honor.
3           In terms of, first of all, we -- I essentially agree
4   with Ms. Kaplan in terms of everything she said for the first
5   action; I agree, I don't think there is much of a gap.  We both
6   agree that there should be a delay in adjournment of the trial
7   date and all the deadlines, there is essentially a month gap, I
8   think we can bridge that gap fairly easily.  Really, our major
9   issue is everything involving the second action, which has not
10  yet been filed and to be --
11          THE COURT:  Are you in suspense about whether it will
12  be?
13          MS. HABBA:  No.
14          MR. MADAIO:  Your Honor, to be honest, we can't
15  confirm that we will be representing the defendant in that
16  case, it is a wholly separate action, and at this time it would
17  be inappropriate to consolidate a case that hasn't been filed.
18  The defendant has not been served.  And it's essentially -- and
19  this will also take us back to our original point that we had
20  this discussion, again, we weren't -- prepared to file a motion
21  of stay for the Second Circuit.  We had this discussion with
22  opposing counsel, they were the ones that suggested having this
23  conference based on the suggestion that both parties jointly
24  request an adjournment of the first action which, again, it
25  seems like we all agree there.  Never, at any point, was there

1  any discussion about the second action or consolidating it,
2  expediting it, doing anything with regard to that action, and
3  we are not willing to waive our client's position in that
4  action, waive any rights, make any stipulations.  Again, we are
5  not even, can't even confirm at this point that we will be
6  representing him as counsel in that case so we are not able to
7  make any stipulations, essentially, at this point.
8           THE COURT:  Anything else from the plaintiff?
9           MS. KAPLAN:  Your Honor, yes.
10          With respect to the meet and confers, Mr. Madaio is
11  essentially correct.  When they told us of their intention to
12  file the emergency stay motion with the circuit, we said in
13  response, look, discovery is basically done so we are really
14  only talking about the trial date, let's see if we can work
15  something out.
16          THE COURT:  Ms. Kaplan, what does "basically done"
17  mean?
18          MS. KAPLAN:  So, experts discovery is done.  I think
19  everyone has been to -- we need to depose their expert but they
20  have deposed our expert.
21          THE COURT:  Anything other than that?
22          MS. KAPLAN:  No.  Fact discovery is completed.
23          THE COURT:  Except for that deposition; is that right?
24          MS. KAPLAN:  Correct.  The only thing that remains
25  that I am aware of, your Honor, is our deposition of their

1   expert.  We got their report just last week I think.
2           THE COURT:  OK.  And that addresses damages; is that
3   it?
4           MS. KAPLAN:  Correct.
5           THE COURT:  OK.  Go ahead.
6           MS. KAPLAN:  And so we said, as a practical matter,
7   let's just talk about the trial date which is what got us into
8   this.  And when we sent that proposal to them we sent a
9   proposal for both cases, they knew that this is what we were
10  proposing because it is the only thing that really makes sense.
11  The cases cover exactly the same parties, exactly the same
12  facts.  Obviously in the Southern District, your Honor, to tell
13  you that Courts consolidate or coordinate for discovery cases
14  like this all the time as a matter of course, so we were just
15  trying to think of a practical way to do so, your Honor.
16          THE COURT:  OK.  Well, it's --
17          MR. MADAIO:  Your Honor, if I may very briefly?
18          THE COURT:  Sure.
19          MR. MADAIO:  I would like to say in terms of the
20  second action, in terms of it being expedited, it is our
21  position that there is absolutely no reason to expedite the
22  case and that there would be a significant amount of discovery
23  needed on that case.  Aside from the whole aspect of emotional
24  damages there is also the fact that there is a second
25  defamation claim raised in that case which was not even

MBM5carC

released until after the plaintiff's deposition.  So, we have no opportunity to question her on it.  And, again, it is an entirely new claim which we would need an entirely new set of discovery for, in addition to the fact that the new action is bringing claims which are under the Adult Survivors Act which is substantively very different than the present action which is a defamation claim.

THE COURT:  All right.

MS. KAPLAN:  Your Honor, can I just quickly add one point?

So, we deposed Mr. Trump about the second defamation so unless something changes, I don't need to depose him again about it.  I took his deposition after it happened and asked him the required questions.  They, obviously, if they need another hour with E. Jean Carroll to ask her about it, of course they can do that.

MS. HABBA:  Sorry, just to be clear --

THE COURT:  Ms. Habba?

MS. HABBA:  Sorry, your Honor, but I just have to be clear.  I have not even been retained on that matter.  I am not ethically allowed to discuss the merits or any of that on that matter.  The complaint has not been filed, I have not been retained, I do not know if I am going to be retained on that matter.  So, quite honestly, I am not even privy, just ethically, to speak or stipulate on behalf of my client in an

MBM5carC

1  action that has not yet been brought.  I am just not.
2          THE COURT:  That point has been made quite a few times
3  already.  I understand it and, you know, I recognize it is a
4  valid point.
5          The second action, technically, is not before me
6  today, I'm not going to do anything about it today.  Your
7  client in the present action, Ms. Habba, has known this was
8  coming for months and he would be well-advised to decide who is
9  representing him in it because that will have to be resolved
10 promptly, whoever is presiding over the case.  That said, I'm
11 not going to do anything today.  You will hear from me early in
12 the week about this proposal.  I certainly understand the point
13 about giving the D.C. Court of Appeals a little bit more time
14 whether they need it or not.  I'm not unsympathetic to that but
15 let's see where we stand next week.  I think we will all know a
16 lot more.  OK?
17         Anything else?  No?
18         MS. KAPLAN:  Not from plaintiff, your Honor.
19         MR. MADAIO:  No.
20         THE COURT:  OK.  Thank you.
21                              o0o