**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 12-20-2022

| | |
|---|---|
| E. JEAN CARROLL,<br><br>      *Plaintiff,*<br><br>  v.<br><br>DONALD J. TRUMP, in his personal<br>capacity,<br><br>      *Defendant.* | No. 20 Civ. 7311 (LAK) (JLC) |
| E. JEAN CARROLL,<br><br>      *Plaintiff,*<br><br>  v.<br><br>DONALD J. TRUMP,<br><br>      *Defendant.* | No. 22 Civ. 10016 (LAK) (JLC) |

## ~~[PROPOSED]~~ PROTECTIVE AND CONFIDENTIALITY ORDER

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.) (LAK) (JLC) ("*Carroll I*"), and *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y.) (LAK) (JLC) ("*Carroll II*") (together, the "actions"), and having further found that confidential information from each action shall form part of the record in the other, it is hereby **ORDERED** that any person subject to this Order—including without limitation the parties to these actions, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in these actions, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt. This Order shall

supersede the Protective and Confidentiality Order entered by the Court on August 11, 2022, in

*Carroll I. See Carroll I* Doc. No. 84.

**Discovery Materials May Be Designated as Confidential**

1.      Any person subject to this Order who receives from any other person any
"Discovery Material" (i.e., information of any kind provided in the course of discovery in one or
both actions) that is designated as "Confidential" pursuant to the terms of this Order shall not
disclose such Confidential Discovery Material to anyone else except as expressly permitted
hereunder.

2.      The person producing Discovery Material may designate as "Confidential" any
portion thereof that contains non-public business, commercial, financial, medical, or personal
information (which includes information concerning reports or experiences of sexual harassment,
abuse, or assault) the public disclosure of which is either restricted by law or would likely, in the
good faith opinion of the producing person, seriously harm the producing person's business,
commercial, financial, medical, or personal interests or cause the producing person to violate
their privacy or confidentiality obligations to others. Where the confidential portion is reasonably
separable from the nonconfidential portion, via redaction or otherwise, only the confidential
portion shall be so designated.

3.      With respect to the confidential portion of any Discovery Material other than
deposition transcripts and exhibits, the producing person or that person's counsel may designate
such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the
document or protected portion in a manner that will not interfere with legibility or audibility.
Deposition testimony may be designated as "Confidential" either on the record during the
deposition or in writing within ten (10) business days of receipt of the transcript. If so designated,
the final transcript of the designated testimony shall be bound in a separate volume and marked

"Confidential Information Governed by Protective Order" by the reporter.

4.     If at any time prior to the trial of one or both actions, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within five (5) business days of providing such notice.

**Who May Receive Confidential Materials**

5.     No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

(a)     the parties to the actions;

(b)     counsel retained specifically for one or both actions, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on one or both actions;

(c)     as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in one or both actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(e)     any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with one or both actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

(f)    stenographers and video technicians engaged to transcribe or record depositions conducted in one or both actions;

(g)    independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in one or both actions, including computer service personnel performing duties in relation to a computerized litigation system;

(h)    the Court and its staff; and

(i)    any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6.    Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or following the conclusion of both actions, whichever comes first.

**Filing Confidential Materials in These Actions**

7.    Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of the actions serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall submit a joint letter motion requesting a joint telephone call with the Court to obtain a ruling.

8.      Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow Judge Kaplan's Individual Practices with respect to pretrial requests for filing under seal.

9.      All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

10.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

11.     If, in connection with one or both actions, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12.     If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log

with respect to the Inadvertently Disclosed Information.

14.     If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

15.     This Protective Order shall survive the termination of the actions. Within 30 days of the final disposition of these actions, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

16.     During the pendency of these cases only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17.     Unless otherwise ordered by the Court, all documents filed under seal in one or both actions shall be unsealed and filed on the public docket on or about August 11, 2027.

SO ORDERED.

Dated:      December 20, 2022

_____
Lewis A. Kaplan
United States District Judge