**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL       212.763.0883
DIRECT EMAIL      rkaplan@kaplanhecker.com

January 12, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

                *Re:*    *Carroll v. Trump*, 20 Civ. 7311 (LAK) (JLC)

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll pursuant to Your Honor's Individual Rules of Practice to seek the Court's provisional approval to file certain materials under seal—and to inform the Court of our position that those materials should not remain under seal.

      Concurrently with the filing of this letter, we have filed Carroll's opposition to Defendant Donald J. Trump's motion for summary judgment. Carroll's brief and her Rule 56.1 response both include information drawn from Trump's deposition in this case, and excerpts from that deposition are included among the exhibits supporting Carroll's opposition brief. Trump's deposition was designated confidential under the Protective and Confidentiality Order. Although that Order makes clear that such a designation does not create a presumption that discovery materials will be sealed, Trump has demanded that Carroll file all excerpts of his deposition under seal. Consistent with that position, we have redacted all information drawn from Trump's deposition in the publicly available versions of Carroll's opposition filings. We also hereby seek the Court's provisional approval to file unredacted versions of those filings under seal—pending the Court's assessment of whether Trump's request to keep his deposition sealed satisfies the governing standard.

      No other witness has requested that their depositions remain sealed. Carroll did not request sealing of the excerpts of her deposition that Trump chose to file with his motion for summary judgment, *see* ECF 108, Ex. B, and Carroll does not request sealing of the additional excerpts of her deposition that she is filing with her opposition. Carroll's opposition also includes excerpts from the depositions of three nonparty witnesses. None of them insisted upon a sealed filing.

KAPLAN HECKER & FINK LLP

2

  In accordance with Your Honor's Individual Rules of Practice regarding sealed filings, Carroll has notified Trump that he must file, within three days, a letter explaining the need to seal the excerpts of his deposition consistent with the presumption in favor of public access to judicial documents. It is Carroll's position that he cannot carry his burden and that the fully unredacted version of her opposition filings should therefore be made publicly available forthwith. "It is well-settled that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches…." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). "Summary judgment filings should not remain under seal 'absent the most compelling reason' or 'absent exceptional circumstances' because the act of formal adjudication should be subject to public scrutiny." *Rojas v. Triborough Bridge & Tunnel Auth.*, No. 18 Civ. 1433, 2022 WL 773309, at *1 (S.D.N.Y. Mar. 14, 2022) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). Trump has provided no explanation of how he might meet that high standard in these circumstances—and based on our review of the relevant materials, we do not believe any such explanation could withstand scrutiny.

  We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc: Counsel of Record (via ECF)