# EXHIBIT 13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DONALD J. TRUMP,<br><br>　　　　　　　Defendant. | Case 1:22-cv-10016-LAK-JLC<br><br>**Rule 26(a)(1) Initial Disclosures** |

**DEFENDANT DONALD J. TRUMP'S RULE 26(a)(1)  INITIAL DISCLOSURES**

In accordance with Federal Rule of Civil Procedure 26(a), the defendant, Donald J. Trump ("Defendant"), by and through his attorney, Habba Madaio & Associates LLP, makes the following disclosures to the plaintiff, E. Jean Carroll ("Plaintiff"), in the above-captioned matter as required by Fed. R. Civ. P. 26 (a)(1).

Defendant expressly reserves his right to assert any applicable privilege, defense, immunity or objection, including, but not limited to, the attorney-client, work product executive and deliberative process privileges. These disclosures are based on information now reasonably available, identifiable and/or knowable to Defendant. In addition, Defendant expressly reserves his right to supplement, amend, clarify, revise, and/or correct any or all of the disclosures herein at any time. Nothing in these initial disclosures constitutes, or is intended to constitute, a waiver of any claim, right, or defense in this case or otherwise. In addition, Defendant expressly reserves all applicable privileges, including without limitation, the attorney-client privilege and the work-product doctrine, and Defendant makes these disclosures subject to those privileges and immunities. Defendant further makes these disclosures subject to any discovery confidentiality order the Court may enter in this case.

1

**DISCLOSURES**

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), based on his current knowledge, information, and belief, and subject to further investigation, discovery, and analysis by experts, Defendant discloses the following individuals likely to have discoverable information that may be used to support Defendant's claims or defenses, other than the parties themselves. Defendant reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). The following disclosures do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or expert witness testimony, who will be disclosed in accordance with the schedule set by the Court. Based on his current knowledge, information, and belief, and subject to further investigation, discovery, and analysis by experts, Defendant states that the following individuals are likely to have discoverable information that may be used to support his claims and defenses, other than the Parties themselves.

Defendant's position is that the underlying incidents alleged in the Complaint did not occur and/or were mischaracterized by the Plaintiff. Notwithstanding the foregoing, individuals who may have discoverable knowledge or information to support one or more of his defenses include: (i) employees, agents, and/or managers of Bergdorf Goodman during the relevant time period for which the incident alleged in the Complaint is claimed to have occurred; (ii) employees, agents, and/or managers of CNN, Anderson Cooper 360, and/or Anderson Cooper, himself, relating to Plaintiff's appearance on the network on or about June 24, 2019; (iii) publishers, editors, writers, consultants,

and/or other individuals involved in the development, editing and publication of Plaintiff's book, *What Do We Need Men For? A Modest Proposal*; and (iv) individuals who may have discoverable knowledge or information regarding Plaintiff's meritless claims of psychological, emotional and pecuniary damages alleged in the Complaint by the Plaintiff. In addition, Defendant may identify witnesses that can attest to his location at the time or date of the incident alleged in the Complaint, however, since the Complaint only provides a general time frame, not a date certain, as to when the underlying incident is alleged to have occurred, Defendant is presently unable to provide the names of any such witnesses.

Additionally, pursuant to Fed. R. Civ. P. 26(b)(2), Robert J. Fisher of Fisher & Associates, will be an expert witness on behalf of the Defendant. Further expert disclosures will be made in accordance with the Court's Scheduling Order and Fed. R. Civ. P. 26(b)(2). Defendant reserves the right to use the testimony of other witnesses whose identity may be subsequently learned through discovery or other means.

2.   **A copy, or description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control, and may be used to support its claims or defenses, unless their use would be solely for impeachment**.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), based on current knowledge, and subject to further investigation, discovery, and analysis by experts, Defendant hereby discloses the following categories of documents and things in his possession, custody, or control that he may use to support his claims and defenses. Defendant reserves the right to amend or supplement these disclosures, including as provided under Fed. R. Civ. P. 26(e). The following disclosures do not include documents and things that are likely to be offered solely for impeachment.

Defendant's position is that the underlying incidents alleged in the Complaint did not occur and/or were mischaracterized by the Plaintiff. Therefore, at the present time, Defendant is unaware of any documents, electronically stored information, or other tangible things in his possession relating to the instant matter that could be used to support his defenses for non-impeachment purposes.

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of the injuries suffered**.

Not applicable to Defendant.

4. **Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action to indemnify or reimburse for payments made to satisfy the judgment**.

To the best of Defendant's knowledge, none.

## **RESERVATION OF RIGHTS**

The instant disclosure is without prejudice to and with a reservation of all rights to supplement, modify or amend Defendant's disclosure in accordance with the Federal Rules of Civil Procedure and/or any other applicable rules.

Dated:  January 9, 2023
       New York, New York

                                               Respectfully submitted,

                                               _____
                                               Alina Habba, Esq.
                                               HABBA MADAIO & ASSOCIATES, LLP
                                               1430 U.S. Highway 206, Suite 240
                                               Bedminster, New Jersey 07921
                                                      -and-
                                               112 West 34th Street, 17th & 18th Floors
                                               New York, New York 10120
                                               Phone: (908) 869-1188
                                               Fax: (908) 450-1881
                                               Email: ahabba@habbalaw.com
                                               *Attorneys for Defendant, Donald J. Trump*

To:  Counsel of record via email