# EXHIBIT 15

| | |
|---|---|
| **From:** | Michael Madaio <mmadaio@habbalaw.com> |
| **Sent:** | Wednesday, August 24, 2022 12:29 PM |
| **To:** | Matthew Craig; Roberta Kaplan; Shawn G. Crowley; Joshua Matz; Rachel Tuchman |
| **Cc:** | Peter Gabra; Alina Habba, Esq.; Randee Ingram |
| **Subject:** | RE: Discovery Correspondence in Carroll v. Trump |

This email was sent from outside the Firm.

Counsel,

We stand by the adequacy of our response. The objections you have raised are improper and misplaced for several reasons.

First, we have never represented that Defendant would waive all objections in his response to Interrogatory No. 2. We merely stated—while maintaining that the substance of all conversations between Defendant and his Executive Office staff are privileged—that we would be willing to identify the *names* of these individuals, as had been specifically requested in your letter dated August 17, 2022. To be clear, there is no question that Interrogatory No. 2 is objectional on numerous grounds, not the least of which is the overbreadth of your demand that Defendant "[i]dentify *all* individuals with whom [he] has communicated, by *any* means, concerning Plaintiff or this Action." Given the high-profile nature of this matter, and the vast number of people that Defendant dealt within the course of his presential duties, the scope of this request is unreasonable and far too broad. This is especially true considering that the definition of "You" includes Defendant's "servants, agents, employees, representatives, officers," etc. Effectively, Interrogatory No. 2 calls for Defendant to identify *any* communication (written, oral, or electronic) made by *any* member of the United States Government to *any* person which relates in *any* way to your client or this lawsuit. It goes without saying that this construction is untenable and improper.

Second, your contention that our response is "obviously incomplete" further confirms the overbreadth of your request. As stated therein, our response is limited to individuals with "knowledge or information relevant to the subject matter of the action" in accordance with Local Rule 33.3. We did not identify communications that were between Defendant (and his agents, servants, employees, etc) and members of the media, as these communications would be far too voluminous to list and are irrelevant to the subject matter of this action (aside from the alleged defamatory statements at issue, which Defendant has admitted to making in his Response to Notice to Admit). To the extent you seek identification of communications with DOJ officials (regarding Westfall Act Certification) or Defendant's attorneys (or "intermediaries" of same), to the extent any such communications exist, the identities of the individuals involved would be protected by attorney-client privilege.

Notably, Plaintiff's response to Defendant's First Set of Requests for Interrogatories perfectly illustrates the hypocrisy of your objections. In particular, Interrogatory No. 2 called for Plaintiff to "[i]dentify each Person with whom You or Your Representatives communicated in any way (including, but not limited to, in-person, by telephone, by email, by facsimile, or in writing) about the Action or any of the allegations in the Complaint." In addition to objecting to the overbreadth of the demand, Plaintiff failed to identify a single communication between herself and a member of the media, despite her numerous, well-documented appearances on television, news, podcasts, etc. wherein she frequently discusses the allegations in the Complaint. Nor did Plaintiff identify discussions with any of her attorneys or "intermediaries" of same. Plaintiff's response similarly failed to identify the names, addresses, and employment of the individuals identified. In other words, your current position is entirely contradictory – either both Plaintiff and Defendant's responses are inadequate or both are premised upon valid objections as to breadth, privilege, etc.

Although we stand by the validity of our objections, we are willing to discuss a mutually-agreeable scope of the parties' corresponding Interrogatories No. 2 and, to the extent necessary and proportionate, for the parties to amend their responses accordingly. Further, at the present time, we do not intend to call any of the individuals identified in Interrogatory No. 2 as witnesses at trial. To reiterate, we maintain our position that the substance of Defendant's conversations with these individuals are covered by executive privilege and/or other applicable privileges.

As for deposition dates, our coordinating paralegal is out of the office today but we should have a response for you regarding our client's availability by tomorrow.

Regards,

**MICHAEL T. MADAIO, ESQ.**
*Admitted to Practice in NJ, NY & PA*



1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
Telephone: 908-869-1188
Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

---

**From:** Matthew Craig <mcraig@kaplanhecker.com>
**Sent:** Tuesday, August 23, 2022 8:41 PM
**To:** Michael Madaio <mmadaio@habbalaw.com>; Randee Ingram <ringram@habbalaw.com>; Alina Habba, Esq. <ahabba@habbalaw.com>
**Cc:** Peter Gabra <pgabra@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>; Rachel Tuchman <rtuchman@kaplanhecker.com>
**Subject:** RE: Discovery Correspondence in Carroll v. Trump

Counsel:

We are surprised by Defendant's supplemental response to Plaintiff's Interrogatory No. 2 for the following reasons:

***First***, despite our understanding that you were no longer relying on objections to withhold information, Defendant's supplemental response "incorporates by reference the . . . General Objections set forth in Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories," reasserts or belatedly adds other pro forma objections, and then makes Defendant's answer to the interrogatory "subject to" those objections. Please identify any objections on which Defendant purports to be standing to withhold responsive information or confirm that Defendant has no objections to Interrogatory No. 2.

***Second***, even Defendant's revised interrogatory answer is obviously incomplete. Defendant's own initial disclosure in state court dated August 21, 2020, listed Judd Deere as an eyewitness and Sarah Sanders as a "likely" eyewitness in this action. What has occurred that caused you to change your position on whether those two individuals are relevant