# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br>    *Plaintiff,*<br><br>  v.<br><br>DONALD J. TRUMP, in his personal capacity,<br>    *Defendant.* | No. 20 Civ. 7311 (LAK) (JLC) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York (together, the "Rules"), Plaintiff E. Jean Carroll ("Carroll"), by and through her undersigned attorneys, hereby submits her Responses and Objections (the "Responses") to the First Set of Interrogatories of Defendant Donald J. Trump ("Trump") dated May 27, 2022 (the "Interrogatories").

**GENERAL OBJECTIONS**

The following general objections and responses (the "General Objections") are incorporated into each specific objection and response (the "Specific Objections") as if fully set forth therein:

1. Carroll objects to the Interrogatories to the extent they are duplicative or cumulative or seek information that has been or will be provided through other means of discovery.

2. Carroll objects to the Interrogatories to the extent they are vague, ambiguous, overly broad, unduly burdensome, seek information not relevant to the claims or defenses of any party, or are not proportional to the needs of the case.

3. Carroll objects to Definition No. 5 on the ground that it purports to include Bergdorf Goodman's "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf." Subject to this General Objection, in responding to the Interrogatories, Carroll will construe "Bergdorf" to refer only to "Bergdorf Goodman" and no other entity.

4. Carroll objects to Definition No. 8 on the grounds that it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1). Subject to this General Objection, in responding to the Interrogatories, Carroll will use the definition of "communication" set forth in that Rule.

5. Carroll objects to Definition No. 10 on the grounds that it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7). Subject to this General Objection, in responding to the Interrogatories, Carroll will use the definition of "concerning" set forth in that Rule.

6. Carroll objects to Definition No. 12 on the grounds that it is broader than the uniform definition of "document" in Local Rule 26.3(c)(2) and Federal Rule of Civil Procedure 34(a)(1)(A). Subject to this General Objection, in responding to the Interrogatories, Carroll will use the definition of "document" set forth in that Rule.

7. Carroll objects to Definition No. 14 on the ground that it purports to include *Elle*'s "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents,

officials, Representatives, and all persons and entities acting or purporting to act on their behalf, but not limited to Hearst." Subject to this General Objection, in responding to the Interrogatories, Carroll will construe "*Elle*" to refer only to "*Elle* Magazine" and no other entity. Carroll objects to Definition No. 21 on the ground that it defines "Carroll," "Plaintiff," "You," and "Your" as "E. Jean Carroll and her Representatives and former Representatives, including but not limited to, Kaplan Hecker & Fink, and Kaplan." Because this is solely a dispute between two parties, Carroll will construe "Plaintiff," "You," and "Your" to refer only to "E. Jean Carroll."

8. Carroll objects to the Definitions and Instructions in the Interrogatories insofar as they purport to require unreasonable measures to identify responsive information or documents. In responding to the Interrogatories, Carroll will undertake a reasonable and diligent search of her accessible files, as required by the Federal Rules of Civil Procedure.

9. Carroll objects to Instruction No. 2 insofar as it seeks to impose obligations greater than those imposed by Local Rule 26.2. For all claims of privilege, Carroll will identify only the information that it is required to be identified under Local Rule 26.2.

10. Carroll objects to Instruction No. 5 insofar as it seeks to impose obligations greater than those imposed by Federal Rule of Civil Procedure 33(b)(4). For all objections, Carroll will state only the information that it is required to be stated under Federal Rule of Civil Procedure 33(b)(4).

11. Carroll objects to Instruction No. 5 on the grounds that it is broader than the uniform definitions of "identify" in Local Rule 26.3(c)(3)–(4). Subject to this General Objection, in responding to the Interrogatories, Carroll will use the definitions of "identify" set forth in that Rule.

3

12. Carroll objects to Instruction No. 6 and Instruction No. 7 on the grounds that they are broader than the uniform definitions of "and," "or," "and/or," "all," "any," and "each" in Local Rule 26.3(d)(1)–(2). Subject to this General Objection, in responding to the Interrogatories, Carroll will use the definitions set forth in that Rule.

13. Carroll objects to Instruction No. 10 to the extent it encompasses information that is overbroad, unduly burdensome, disproportionate to the needs of the case, and irrelevant.

14. Carroll objects to the Interrogatories to the extent that they purport to call for information or documents that: (a) are subject to attorney-client privilege; (b) constitute attorney work product; (c) contain information protected from disclosure based on common interest or a similar privilege; or (d) are otherwise protected from disclosure under any applicable privilege, law, or rule. Carroll will not produce such information in response to the Interrogatories, and any inadvertent identification thereof shall not be deemed waiver of any privilege with respect to such information.

15. These Responses to the Interrogatories are made to the best of Carroll's present knowledge, information, and belief. These Responses are subject to change based on additional facts that may come to light as a result of discovery or investigation.

16. Carroll reserves all objections or questions as to the competency, relevance, materiality, privilege, or admissibility of Carroll's Responses herein, which are presented as evidence in any subsequent proceeding in, or trial of, this or any other action, for any purpose whatsoever. Carroll's Interrogatories herein are not intended to be and shall not be construed as an agreement or concurrence with Trump's characterization of any facts, circumstances, or legal obligations, and Carroll reserves the right to contest any such characterizations as inaccurate.

17. The following Responses are all designated as confidential on the understanding that the parties will agree on the terms of a protective order in this litigation.

18. Carroll is available to meet and confer with Trump in an effort to resolve any disputes that may arise concerning these Interrogatories.

<strong><u>RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES</u></strong>

1. Identify all Persons who have any knowledge or information about any of the allegations in the Complaint, and for each Person identified, describe the subject matter of the knowledge that each Person possesses.

**RESPONSE**: In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and the improper requirement that Carroll identify every single individual who may have heard the Statements (which were highly publicized). Notwithstanding and without waiver of her General and Specific Objections, Carroll identifies the following Persons with whom she communicated—prior to publication of the Article—about the fact that Trump had sexually assaulted her:

| *Individuals who Carroll informed about the Assault near-contemporaneously* | |
|---|---|
| Lisa Birnbach, Friend of Carroll | Contemporaneous outreach |
| Carol Martin, Friend of Carroll | Contemporaneous outreach |
| *Individuals who Carroll informed about the Assault prior to publication of the Article* | |
| Laurie Abraham, Editor at *Elle* Magazine; Editor at *New York* Magazine; Editor at *The Atlantic* Magazine | Read first draft of the Book and edited the Article |
| Matie Argiropoulous, Producer | Produced audio of the Book |
| Lisa Chase, Editor at *Elle* Magazine and *Outside* Magazine | Aware of Book publication |
| Elisabeth Dyssegaard, Editor at St. Martin's Press | Edited the Book |
| Nina Garcia, Editor-in-Chief at *Elle* Magazine | Oversaw Carroll's column at *Elle* Magazine until her termination in 2019 |
| David Haskell, Editor-in-Chief at *New York* Magazine | Publisher of the Article |
| Sarah Lazin, Agent to Carroll since 1992 | Assisted in selling Book to St. Martin's Press |
| Jody Quon, Photographer | Photographed the cover of the Article |

5

| Genevieve Smith, Editor at *New York* Magazine | Edited the Article |
|---|---|
| Dori Weintraub, Head of Publicity at St. Martin's Press | Coordinated publishing the Book |

2. Identify each Person or entity with whom You or Your Representatives communicated in any way (including, but not limited to, in-person, by telephone, by e-mail, by facsimile, or in writing) about the Action or any of the allegations in the Complaint.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory insofar as it seeks information protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Carroll also objects to this Interrogatory on the grounds of overbreadth, undue burden, and disproportionality. Notwithstanding and without waiver of her General or Specific Objections, Carroll refers to her Response to Interrogatory No. 1.

3. For each Statement, identify all Persons, other than You or Your Representatives, who have viewed, read, heard, or in any way became aware of that Statement.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, and disproportionality. Carroll further objects to this Interrogatory on the ground that it is obviously impossible for her to identify all persons who "viewed, read, heard, or in any way became aware of" the Statements, which were covered widely in the national press and discussed on social media. Notwithstanding and without waiver of her General or Specific Objections, Carroll refers to her Response to Interrogatory No. 1.

4. Identify each Person with whom You discussed the purported incident described in Paragraphs 22 through 42 of the Complaint.

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll states that she told Carol Martin and Lisa Birnbach that Trump assaulted her soon after it occurred.

5. Identify and describe the exact damages that You are seeking in the Complaint and the facts upon which such damages are based, and identify all documents that describe, reflect, support, or relate to the damages sought.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory insofar as it seeks information protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Carroll further objects to this Interrogatory on the ground that it is premature since not a single document has been produced. Notwithstanding and without waiver of her General and Specific Objections, Carroll refers to Page 27 of the Complaint.

6. Identify all of Your business or social relationships that were affected by the Statements, and identify how each such relationship was harmed, as referenced in Paragraph 129 of the Complaint.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory insofar as it seeks information protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Carroll further objects to this Interrogatory on the ground that it is premature since not a single document has been produced. Moreover, Carroll objects to this Interrogatory on vagueness and irrelevance grounds. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that the letters she received for her "Ask E. Jean" column decreased by roughly 50% in the months of July, August, and September 2019 as compared to the number of letters received for the same period in 2018; and that her contract with *Elle* was not renewed in December 2019.

7. Identify all medical providers, including mental health professionals, that have treated you from 1990 to the present, and explain the nature and purpose of such treatment

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Notwithstanding and without waiver of her

7

General and Specific Objections, Carroll states that she did not seek professional treatment for any physical and/or mental injuries or conditions she suffered due to the Assault or the Statements.

8. Identify all medication You have been prescribed since 1990 to the present, including the dates on which You were taking such medications, and the reason You were prescribed such medication.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that she has not been prescribed medication as treatment for harms she has suffered in consequence of the Assault or the Statements.

9. Describe in detail your record of employment, stating specifically as to each job the name and address of your employer, your duties, title, job description and authority, and the inclusive dates of beginning and ending each employment.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, and disproportionality. Notwithstanding and without waiver of her General and Specific Objections, Carroll identifies the following jobs and employers:

| Job | Employer | Dates of Employment |
|---|---|---|
| Columnist | "Ask E. Jean" Column<br>Lisa Chase and/or Robbie Myers<br>Elle Magazine<br>300 W 57th St.<br>New York, NY 10019 | 1993-2019 |
| TV Host | Ask E. Jean on *America's Talking*<br>Roger Ailes<br>30 Rockefeller Plaza<br>New York, NY 10112 | 1994-1996 |
| Author | *A Dog in Heat Is a Hot Dog and Other Rules to Live By*<br>Simon and Schuster<br>1230 6th Ave.<br>New York, NY 10020 | 1995-1996 |
| Host and Writer | TV pilots for the Carsey-Warner Company, PBS, and Tribune Studios | 1995-1999 |

8

| Co-Founder | GreatBoyfriends.com | 2000 |
| --- | --- | --- |
| Author | *Mr. Right, Right Now!* <br> HarperCollins Publishers LLC <br> 195 Broadway <br> New York, NY 10007 | 2004 |
| Author | *What Do We Need Men For?: A Modest Proposal* <br> St. Martin's Press <br> 120 Broadway <br> New York, NY 10271 | 2019 |
| Columnist | Laurie Abraham <br> *The Atlantic* Magazine <br> 600 New Hampshire Ave., N.W. <br> Washington, D.C. 20037 | 2020 |

10. Describe in detail each communication You had concerning Defendant, any interaction or communication with Defendant, or the allegations in the Complaint, including identifying the Person with whom You had the communication.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, irrelevance, and disproportionality. It would be absurd and impossible—not to mention needless and burdensome—for Carroll to detail every conversation she has had concerning Trump, who served as President from 2016-2020. In the Complaint itself, Carroll describes her interactions and communications with Trump. Moreover, as set forth in her Response to Trump's Requests for Production, Carroll will produce certain documents that address her communications with third parties concerning this Action or the allegations in the Complaint.

11. Identify each Person with knowledge of Your decision to write or publish the Book or the Article, and Your thought process behind such decision, as alleged in paragraphs 74 through 76 of the Complaint.

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll identifies the following individuals, who are described in more detail in Response No.1: Laurie

9

Abraham, Lisa Birnbach, Elisabeth Dyssegaard, David Haskell, Sarah Lazin, Carol Martin, Genevieve Smith, and Dori Weintraub.

      12.    Identify each romantic partner You have had since the date of the purported incident.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of blatant sexism, overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that she has had zero romantic partners since Trump sexually assaulted her in the mid-1990s.

      13.    Identify each Person with knowledge of Your decision to speak with reporter, Barbaro, along with Martin and Birnbach, referenced in Paragraphs 101-104 in the Complaint.

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll states that she did not speak to Barbaro with respect to the events described in Paragraphs 101-104 in the Complaint.

      14.    Describe in detail how each of the Statements tended to or did injure Your trade, occupation or business, reputation, or finances, as alleged in paragraphs 82 through 100 of the Complaint, identify each Person with knowledge of such alleged injury, and for each financial loss, identify:

    a. the amount of each loss;
    b. the date of each loss;
    c. whether the loss was a realized loss or an unrealized loss;
    d. whether you claimed and/or received a tax deduction for such loss;
    e. each account and account number that reflects each loss; and
    f. whether the loss has be recouped or mitigated in any way.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, and disproportionality. Carroll further objects to this Interrogatory on the grounds that it is premature since not a single document has been produced. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that, during her tenure as a Columnist at *Elle* Magazine, she was paid $5 a word, whereas at *The*

10

*Atlantic*, where she worked as a Contributing Writer since August 2020, she was paid $.023 a word. As set forth in her Response to Trump's Requests for Production, Carroll will produce certain documents concerning the economic injuries that the Statements caused her to suffer.

  15. Describe in detail Your alleged emotional harm, as alleged in paragraph 145 of the Complaint, including but not limited to any treatment You received in connection with Your alleged emotional harm and identify each person with knowledge of such treatment.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, and disproportionality. Carroll further objects to this Interrogatory on the grounds that it is premature since not a single document has been produced. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that she suffered severe emotional distress following the Statements but did not seek professional treatment. As set forth in her Response to Trump's Requests for Production, Carroll will produce certain documents concerning the emotional injuries that the Statements caused her to suffer.

  16. For all of Your attorneys' fees and other professional fees You allegedly incurred as a result of the Statements, provide the name of the attorney or other professional, the work performed, and the date and amount of the invoice.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Carroll further objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, and other applicable privileges. Carroll further objects to this Interrogatory on the ground that it seeks information that could threaten Carroll's security if made public.

  17. Identify each individual member of the group of, "Sixteen Women," referenced in Paragraph 78 of the Complaint, and describe, with respect to each individual member of the group:

   a. Your relationship; and
   b. any communications You had with such women.

11

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that the following sixteen women have publicly revealed that (like Carroll herself) they were attacked by Trump: Kristin Anderson, Rachel Crooks Tasha Dixon, Jessica Drake, Jill Harth, Cathy Heller, Ninni Laaksonen, Jessica Leeds, Temple Taggard McDowell, Mindy McGillivray, Jennifer Murphy, Cassandra Searles, Natasha Stoynoff, Bridget Sullivan, Karena Virginia, and Summer Zervos.

18. Identify all Persons who have ever characterized Your statements, assertions, accusations, or allegations of being biased, bogus, concocted, counterfeit, deceptive, dishonest, erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented, misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation. Carroll further objects to this Interrogatory on the ground that it depends on disputable, subjective, and vague characterizations. Notwithstanding and without wavier of her General and Specific Objections, Carroll notes that Trump himself has characterized Carroll using terms of the kind set forth in the Interrogatory.

19. Describe in detail each instance of any arrest by law enforcement authorities, including the specific violation or offense for which You were arrested, the disposition of the arrest, the date and place of the arrest, and the date, court, and place of any conviction.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory as overbroad, unduly burdensome, and irrelevant to the truth or falsity of the claims or defenses in this litigation.

20. Describe in detail any instance in which You accused another Person of sexual assault or inappropriate sexual conduct, including but not limiting to by identifying each such Person.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or falsity of the claims or defenses in this litigation.

21. Identify all amounts of compensation, remuneration, or funds, received in connection with the Book or the Article

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll states that she received an advance of $70,000 in connection with the Book, and that the money she received for the Article ($7,500 total at a rate of $1 per word) was used to pay off part of that advance. Carroll further states that the Book has yet to make back the advance.

22. Identify any publishers or distributors with which You had any discussions concerning publishing or distributing the Book.

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll identifies the following publishers and distributors with which she had discussions about publishing or distributing the Book: Laurie Abraham, Lisa Davis, Elisabeth Dyssegaard, Sarah Lazin, Danielle Prielipp, and Dori Weintraub.

23. Identify all Persons who have made, provided, discussed, or offered to make or provide, any funds, payments, donations, gifts or consideration of any value, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person concerning the Defendant, any accusation or allegation concerning Defendant, this Action, the Statements, Defendant's presidency or campaign, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees, and describe:

  a. the nature of the contribution or provision of value or consideration; and
  b. the dollar amount of the contribution or provision of value or consideration, if not financial in nature, the equivalent dollar amount of the contribution.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds of overbreadth, undue burden, disproportionality, and irrelevance to the truth or

13

falsity of the claims or defenses in this litigation. Carroll further objects to this Interrogatory insofar as it calls for information that is protected by the attorney-client privilege, attorney work-product doctrine, and other applicable privileges.

24. Identify all other litigations, arbitrations, or other formal disputes involving You.

**RESPONSE:** Notwithstanding and without waiver of her General Objections, Carroll states that she has never previously been involved in a lawsuit, arbitration, or other formal dispute.

25. Describe in detail Your reputation before the alleged defamation compared to Your reputation afterward, indicating all facts, contentions and opinions that reflect in any way upon Your reputation before and after the alleged defamation.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. Notwithstanding and without waiver of her General and Specific Objections, Carroll states that, after Trump's Statements, she began to receive hate mail in response to his Statements and the allegations in this case, copies of which she will produce to Trump in discovery. Carroll further states that she had never before received hate mail in her life. She would, at times, get letters from people disagreeing with her advice, but never hate mail as vicious and targeted as she started to receive after Trump denied sexually assaulting her and called her a liar.

Dated: New York, New York
       June 27, 2022

By: /s/ Roberta A. Kaplan

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K STREET NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>        *Plaintiff,*<br><br>   v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>        *Defendant.* | No. 20 Civ. 7311 (LAK) (JLC) |

## CERTIFICATE OF SERVICE

      I hereby certify that on this day, June 27, 2022, I served a true and correct copy of Plaintiff E. Jean Carroll's Responses and Objections to Defendant's First Set of Interrogatories by e-mail upon counsel for Defendant Donald J. Trump and by overnight delivery service to:

Alina Habba
HABBA MADAIO & ASSOCIATES LLP
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921

*Attorney for the Defendant Donald J. Trump*

Dated: June 27, 2022
New York, New York

                                                        By: _____
                                                           Joshua Matz