UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

        *Plaintiff*,

  v.

DONALD J. TRUMP, in his personal capacity,

        *Defendant*.

No. 20 Civ. 7311 (LAK) (JLC)

**PLAINTIFF E. JEAN CARROLL'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HER OMNIBUS MOTION IN LIMINE**

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ...................................................................................................................................... 1

    I.    TRUMP FAILS TO RESPOND TO MANY OF CARROLL'S ARGUMENTS IN LIMINE................................................................................................................................ 1

    II.   TRUMP'S RESPONSES TO CARROLL'S ARGUMENTS FOR EXCLUDING FISHER FALL SHORT........................................................................................................ 2

CONCLUSION................................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Capri Sun GmbH v. Am. Beverage Corp.*,
   595 F. Supp. 3d 83 (S.D.N.Y. 2022) ................................................................................. 4

*Castro v. City of New York*,
   No. 05 Civ. 593, 2010 WL 11586591 (S.D.N.Y. Aug. 11, 2010) ............................................ 2

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579, 113 S. Ct. 2786 (1993) ................................................................................. 2, 3

*Diallo v. Ruan Transportation Corp.*,
   No. 18 Civ. 1834, 2021 WL 3222733 (S.D.N.Y. July 29, 2021) ............................................ 2

*In re Mirena IUD Prod. Liab. Litig.*,
   169 F. Supp. 3d 396 (S.D.N.Y. 2016) ...................................................................................... 3

*Olutosin v. Gunsett*,
   No. 14 Civ. 00685, 2019 WL 5616889 (S.D.N.Y. Oct. 31, 2019) ........................................... 2

*United States v. Kaufman*,
   No. 19 Cr. 504, 2021 WL 4084523 (S.D.N.Y. Sept. 8, 2021) ................................................. 3

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 5

Fed. R. Evid. 702 ...................................................................................................................... 2, 3

**PRELIMINARY STATEMENT**

The purpose of an opposition brief is to respond to the arguments in the opposing party's motion. Defendant Donald J. Trump's brief here fails to address significant portions of Plaintiff E. Jean Carroll's omnibus motion in limine. And even where he purports to address parts of that motion, Trump fundamentally misconstrues Carroll's arguments.

That is perhaps most clear in Trump's lackluster defense of his rebuttal expert, Robert J. Fisher. Drawing extensively from Fisher's deposition and the relevant caselaw, Carroll argued that Fisher's testimony should be excluded in its entirety because it lacked a reliable basis, and each individual portion of Fisher's testimony presented additional grounds for preclusion. Trump principally responds by insisting that Fisher is qualified to testify. But qualification concerns an entirely different question than reliability, and Trump leaves the latter issue unaddressed. Trump does make a few one-off points for why Fisher "contradicts or rebuts" Carroll's own expert's report, but they are non-responsive to the specific arguments that Carroll made.[1]

**ARGUMENT**

**I.  TRUMP FAILS TO RESPOND TO MANY OF CARROLL'S ARGUMENTS IN LIMINE**

Trump fails to respond to much of Carroll's omnibus motion in limine. Specifically, he does not oppose Carroll's motion (1) to admit her prior statements to Lisa Birnbach and Carol Martin, *see* ECF 134 ("Carroll MIL") at 2–4; (2) to preclude Trump from testifying to undisclosed information, including the testimony that undisclosed witnesses could theoretically offer in support of his defense, *id.* at 25–27; (3) to preclude cross-examination or evidence regarding Stephanie

---

[1] As discussed in Carroll's letter seeking permission to file this reply, many of the in limine issues in this action are the same in the related action, *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y.) ("*Carroll II*"). *See* ECF 141. Because the briefing schedule in *Carroll II* allows for replies in support of motions in limine, Carroll will use her *Carroll II* reply to address Trump's arguments regarding the admissibility of the testimony of Natasha Stoynoff and Jessica Leeds, the inadmissibility of testimony from witnesses whom Trump never disclosed, and the inadmissibility of comments or testimony regarding DNA evidence.

1

Grisham's prior misdemeanor convictions, her unrelated pending lawsuit, and her use of prescription medication, *id.* at 30–33; or (4) to preclude comments and cross-examination regarding Carroll's choice of counsel, *id.* at 34–35. Trump's failure to oppose these portions of Carroll's motion is reason alone to grant them. *E.g.*, *Diallo v. Ruan Transportation Corp.*, No. 18 Civ. 1834, 2021 WL 3222733, at *4 (S.D.N.Y. July 29, 2021); *Olutosin v. Gunsett*, No. 14 Civ. 00685, 2019 WL 5616889, at *10 (S.D.N.Y. Oct. 31, 2019); *Castro v. City of New York*, No. 05 Civ. 593, 2010 WL 11586591, at *7 (S.D.N.Y. Aug. 11, 2010).

**II.      TRUMP'S RESPONSES TO CARROLL'S ARGUMENTS FOR EXCLUDING FISHER FALL SHORT**

Carroll's motion also argued that Trump's defamation damages expert Robert J. Fisher should be excluded because his testimony does not meet the threshold standards of reliability required under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993), and because all of his purported areas of testimony present additional grounds for preclusion, leaving nothing on which Fisher could reliably testify as an expert. Carroll MIL at 10–22. The two arguments that Trump does advance fail to respond to Carroll's motion in a meaningful way.

With respect to Carroll's first argument for preclusion, Trump responds by insisting that Fisher is qualified to serve as an expert because he has the requisite knowledge, skill, and experience under Rule 702. *See* ECF 136 ("Trump Opp.") at 16–19. Trump emphasizes awards Fisher has won, focusing on the award that Fisher testified he is "most proud of," which Fisher received in the late 1980s for supposedly saving the brothel industry in Nevada. Ex. 1 at 42:14–16 ("There would be no brothel industry in Nevada if it weren't for me."); *see also id.* at 43:6–10 ("You were safer having sex with a woman in the brothel than you were with a woman who you met in church, and that has been documented."). Trump also points to the length of Fisher's career

2

and the self-aggrandizing claims that Fisher makes about his reputation in his own expert report. Trump Opp. at 18.[2]

But that discussion entirely misses the point. To "satisfy the admissibility standards set forth in Rule 702 and *Daubert*, the expert must not only be qualified, but his or her testimony must also be *reliable*." *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 448 (S.D.N.Y. 2016) (emphasis added); *accord* Fed. R. Evid. 702 (an expert witness with relevant experience must still offer testimony that "is the product of reliable principles and methods" and "reliably appl[y] the principles and methods to the facts of the case"); *United States v. Kaufman*, No. 19 Cr. 504, 2021 WL 4084523, at *18 (S.D.N.Y. Sept. 8, 2021) (Kaplan, J.) ("An expert may be permitted to testify if he or she 'is qualified, reliable, and helpful.'").

Trump does not address any of the reliability problems that Carroll's motion identified and substantiated with a detailed account of Fisher's deposition testimony and an extensive discussion of applicable law. Trump does not, for example, dispute that Fisher drafted his report "overnight" as part of a hasty, last-minute effort, with the whole of his research consisting of reading "four or five" articles about the case. Carroll MIL at 13. Nor does he dispute that Fisher failed to read certain aspects of Professor Ashlee Humphreys' report at all, any of the appendices that she attached, or any of the sources that she relied on, resulting in numerous instances where Fisher had to recant portions of his expert report that were based on incomplete and inaccurate information. *Id.* at 13–14. And most critically, Trump does not dispute that Fisher offers nothing more than *ipse*

---

[2] As noted previously, certain of Fisher's claims about his qualifications are suspect. Even after Carroll pointed out the flimsiness of Fisher's purported experience as a journalist with the New York Times, *see* Carroll MIL at 12 n.2, Trump doubled down, highlighting Fisher's claim to "know the media" given his experience as a "reporter for 'The New York Times.'" Trump Opp. at 18. And Fisher himself pushed that narrative to a greater extreme at his deposition in *Carroll II*. As part of one answer, he referred to "eight or nine years" of journalism experience. But when pressed, Fisher revealed that he was mainly talking about "start[ing] [his] junior high newspaper" as "one of two" founders, and then working on his high school and college newspapers. Ex. 2 at 191:14–18.

3

*dixit* opinions regarding Carroll's damages, impermissibly grounded in "common sense" and "because I said so" reasoning. *Id.* at 15.

These omissions are unsurprising. The factual bases for Carroll's arguments come from Fisher's sworn deposition testimony; the legal consequences for his deficiencies come from black-letter law. Trump cannot escape either—and he makes no effort to do so. Because Fisher's testimony is unreliable, he should be precluded from offering it at trial. *See* Carroll MIL at 11–15.

Trump has no answer to Carroll's remaining arguments for preclusion either. Carroll's motion identified specific reasons to preclude each portion of Fisher's proffered expert testimony: (1) Fisher should not be permitted to testify regarding those portions of Professor Humphreys' report—namely, her Impressions Model and Impact Assessment—that he failed to address in his own report; (2) he should not be permitted to draw legal or factual conclusions, since that would invade the province of the Court and the jury; and (3) he should not be permitted to testify as to Professor Humphreys' reputation repair program, since a paragraph-by-paragraph assessment of his report reveal his arguments in that respect to be speculative, unsupported, and wholly unreliable. Carroll MIL at 16–22. Trump makes a half-hearted effort to address Carroll's first argument, while letting the other two go unanswered. Trump Opp. at 14–16.

On the first point, although Trump argues that the "content of Fisher's expert report … contradicts or rebuts" Professor Humphreys' report, *id.* at 15, none of his examples carries the weight he gives them. Trump highlights Fisher's statements denigrating Professor Humphreys' qualifications, *id.*, but does not grabble with the caselaw that expressly forecloses such testimony, *e.g.*, *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 142 (S.D.N.Y. 2022) (rebuttal expert "may not opine on the qualification of another expert to testify on a particular subject"). Trump points to Fisher's objection to Professor Humphreys' definition of

4

"reputation," Trump Opp. at 15, but the definition Fisher offers in response and represented as his own was plagiarized, *see* Carroll MIL at 14 n.4. Trump quotes Fisher's opinion that criticizes Professor Humphreys for purportedly tailoring her program to online exposure alone, Trump Opp. at 16, but her program was the exact opposite, featuring a diverse set of communications channels—as detailed in an appendix that Fisher admitted that he failed to read, Carroll MIL at 19–20 & n.10.

The examples that Trump includes not only lack persuasive force on their own terms, but they completely fail to engage with Carroll's specific argument for preclusion. *See id.* at 16–17. Carroll never argued that Fisher did not respond to Professor Humphreys' report at all. Rather, she identified the substantial portions of Professor Humphreys' report that Fisher did not rebut and invoked the basic principle that an expert report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). And with respect to Professor Humphreys' Impressions Model and Impact Assessment, Fisher failed to provide any rebuttal opinion at all—as he conceded at his deposition. *See* Carroll MIL at 16. Trump's opposition provides no reason why Fisher should be permitted to opine on how widely Trump's defamatory statements were disseminated, where they were disseminated, the makeup of people to whom they were disseminated, or the percentage of people likely to have believed the statements.

## CONCLUSION

For the reasons set forth above, and in Carroll's omnibus motion in limine, the Court should grant Carroll's motion.

Dated: New York, New York  
       March 9, 2023

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan  
Shawn G. Crowley  
Trevor W. Morrison (admitted *pro hac vice*)  
Matthew J. Craig  
Kaplan Hecker & Fink LLP  
350 Fifth Avenue, 63rd Floor  
New York, New York 10118  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
rkaplan@kaplanhecker.com  
scrowley@kaplanhecker.com  
tmorrison@kaplanhecker.com  
mcraig@kaplanhecker.com  

Joshua Matz  
Kaplan Hecker & Fink LLP  
1050 K Street NW, Suite 1040  
Washington, DC 20001  
Telephone: (212) 763-0883  
Fax: (212) 564-0883  
jmatz@kaplanhecker.com  

*Counsel for Plaintiff E. Jean Carroll*