**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

May 22, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

            Re:    *Carroll v. Trump*, No. 20 Civ. 7311 (LAK) ("*Carroll I*")

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll to propose a schedule for further proceedings in the above-referenced action.

* * *

      As Your Honor is aware, at this point, there are four key issues that need to be dealt with in this matter known as *Carroll I*: (1) the United States's pending motion to substitute itself as the defendant under the Westfall Act; (2) Defendant Donald J. Trump's pending summary judgment motion, which principally relies on an assertion of absolute presidential immunity; (3) the implications of the recent jury verdict in *Carroll v. Trump*, No. 22 Civ. 10016 (LAK) ("*Carroll II*"); and (4) Carroll's concurrently-filed motion to amend her complaint. We address each of these points below and then propose a schedule to move these issues forward in order to reach a final resolution of this matter.

      **Westfall Act**: The D.C. Court of Appeals has now answered the scope-of-employment question certified by the Second Circuit, and the Second Circuit has remanded the case to this Court for further proceedings. Importantly, the D.C. Court of Appeals made clear that this Court's understanding of D.C. law—on the basis of which this Court originally denied the United States's motion to substitute—was fundamentally correct. *See Carroll v. Trump*, 498 F. Supp. 3d 422, 450–56 (S.D.N.Y. 2020). Specifically, the D.C. Court of Appeals held that D.C. "adheres to the 'traditional view' of the scope of employment inquiry of *respondeat superior* set forth in the Restatement (Second) of Agency § 228," it confirmed that the "focus is on the subjective state of mind of the tortfeasor-employee," it clarified that D.C. "retains the 'too little actuated' standard," and it rejected the categorical reading of *CAIR v. Ballenger*, 444 F.3d 659 (D.C. Cir. 2006), on which both Donald J. Trump and the United States previously relied. *See Trump v. Carroll*, No. 22-SP-745, 2023 WL 2920882, at *4, *9, *12, *14 (D.C. Apr. 13, 2023). Given that ruling, as well

KAPLAN HECKER & FINK LLP                                                                                2

as the extensive discovery that has already occurred here (including Donald Trump's deposition), we respectfully submit that the Court should permit expedited supplemental briefing in the event that the United States does not withdraw its previous Westfall Act certification.[1] Because Trump already gave extensive and thorough deposition testimony regarding his June 2019 defamatory statements, Carroll does not request any Westfall Act-related discovery at this time, nor does she believe that any such discovery would be necessary to decide the issue.

**Presidential Immunity**: In the event that the United States is not substituted, Trump will remain the only defendant and his pending summary judgment motion will await disposition. That summary judgment motion has now been fully briefed. *See* ECF 109, 113, 122, 125. Trump's principal argument for summary judgment is based on an assertion of absolute presidential immunity. Even though Trump concedes that he waived that affirmative defense, he now insists it is nonwaivable. *See* ECF 122, 125. As reflected in the proposed schedule below, we respectfully request that the Court consider addressing both the Westfall Act issue and Trump's absolute immunity argument at the same time. The relevant facts heavily overlap, the underlying issues are fairly related, and this approach would facilitate efficient appellate review and avoid the prospect of piecemeal appeals. *Cf. Carroll*, 498 F. Supp. 3d at 443 (denying motion to substitute on two independently sufficient grounds "to avoid the possibility of an unnecessary remand should a higher court disagree on the 'employee' question").

**Implications of the Verdict in *Carroll II***: Just four days after the Second Circuit remanded *Carroll I*, trial began in *Carroll II*. After a two-week trial, the jury determined that Trump had committed battery and defamation, and awarded Plaintiff $5 million in compensatory and punitive damages. On their face, the defamatory statements at issue in *Carroll I* and *Carroll II* are materially identical. Moreover, the core question underlying the defamation claim in both actions is "whether Mr. Trump sexually assaulted Ms. Carroll." *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 3000562, at *3 (S.D.N.Y. Mar. 20, 2023). As a result, the preclusive effect of the *Carroll II* jury verdict leaves nothing to resolve with respect to the merits of the *Carroll I* defamation claim, beyond the amount of Carroll's damages. Resolution of the Westfall Act and summary judgment issues will therefore either terminate this case or permit a streamlined disposition of the few remaining factual issues.[2]

**Proposed Amended Complaint**: Concurrently with the filing of this letter, Carroll has moved to amend her complaint in the present action. The proposed amendment seeks to facilitate the resolution of the scope-of-employment issue and, to that end, adds information bearing on that issue drawn from the discovery process. The proposed amendment also adds allegations

---

[1] The Justice Department has broad discretion to withdraw a Westfall Act certification under 28 C.F.R. § 15.4(c), which provides that any "certification under this section may be withdrawn if a further evaluation of the relevant facts or the consideration of new or additional evidence calls for such action." *See also Becker v. Fannin Cty., Ga.*, No. 09 Civ. 0047, 2012 WL 3113908, at *7–9 (N.D. Ga. Jul. 3, 2012) (resubstituting individual defendant after withdrawal of certification in FTCA case).

[2] The preclusive effect of the *Carroll II* judgement is unaltered by Trump's notice of appeal in that action. New York law controls the preclusive effect of the jury's verdict, *Stinnett v. Delta Air Lines, Inc.*, 803 F. App'x 505, 508 n.3 (2d Cir. 2020) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 149 (2001)). And under New York law, "the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." *DiSorbo v. Hoy*, 343 F.3d 172, 183 (2d Cir. 2003) (internal quotation omitted).

KAPLAN HECKER & FINK LLP                                                              3

concerning the verdict in *Carroll II* and Trump's public response to that verdict, which involved repeating on CNN the statements the *Carroll II* jury found to be defamatory, allegations that we believe are now directly relevant to the issue of punitive damages on the defamation claim in *Carroll I*. *See, e.g.*, *Carroll II* Jury Charge, Trial Tr. at 1434–35 ("[P]unitive damages in relation to a libel claim—the defamation claim—may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same. . . . A statement is made with malice or it's made maliciously . . . if it's made with deliberate intent to injure or made out of hatred or ill will or spite or made with willful or wanton or reckless disregard of another's rights."). The nature of Carroll's underlying claim for defamation against Trump based on his 2019 statements, however, remains the same.

\* \* \*

As outlined above, given the preclusive effect of *Carroll II*, there are only a few steps that remain to bring this action to a close. Accordingly, Plaintiff respectfully proposes the following schedule:

| | |
|---|---|
| June 7, 2023 | Opposition to Plaintiff's motion to amend |
| June 14, 2023 | Plaintiff's reply in support of motion to amend |
| June 21, 2023 | Motion to substitute (if any) |
| July 19, 2023 | Plaintiff's opposition to motion to substitute |
| July 31, 2023 | Reply in support of motion to substitute |

In accordance with this schedule, the United States's motion to substitute (if any) and Trump's already-fully briefed summary judgment motion would be ripe for simultaneous disposition.

We have proposed the above plan and schedule to counsel for both Defendant and the United States. Defendant does not consent—and threatened to file a separate case against E. Jean Carroll in retaliation and possibly to seek sanctions.[3] The United States's position is as follows:

> The United States believes that it would be most appropriate for the court to fully adjudicate the motion to amend the complaint before any briefing schedule is set regarding the Westfall Act issue. Any briefing regarding substitution should be addressed to the operative complaint. The United States therefore suggests that the parties meet and confer and submit a joint proposed briefing schedule on the issue of substitution 30 days after the court rules on the motion to amend the complaint. If the court nonetheless chooses to set a briefing schedule regarding substitution, the United States requires at least sixty days to make any filing. This time is needed so that

---

[3] Counsel for Trump were unable to meet and confer on these issues until the morning of May 22, which accounts for the delay in sending this letter to the Court after the verdict in *Carroll II*.

KAPLAN HECKER & FINK LLP

4

government counsel can review deposition and other discovery material that the United States has not previously had an opportunity to consider and that the parties have suggested may be relevant to the substitution issue.

  We obviously disagree with both Defendant and the United States on these issues. Our proposed schedule takes into account the fact that, as Your Honor has noted, Plaintiff is almost 80 years old,[4] as well as the fact that Defendant is now running again for president. Our proposed schedule affords the United States ample time in which to assess its position on the Westfall Act issue and does so without unduly delaying these proceedings. Plaintiff E. Jean Carroll is eager to get this case, originally filed in late 2019, resolved while she remains in good health and before Donald Trump's time and attention are consumed entirely by his presidential campaign.

  We appreciate the Court's consideration of this matter.

Respectfully submitted,

*[signature]*

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)

---

[4] *See Carroll v. Trump*, 590 F. Supp. 3d 575, 588 (S.D.N.Y. 2022).