UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

    *Plaintiff*,

v.

DONALD J. TRUMP, in his personal capacity,

    *Defendant*.

No. 20 Civ. 7311 (LAK)

PLAINTIFF E. JEAN CARROLL'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO AMEND

Roberta A. Kaplan
Michael Ferrara
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

**PRELIMINARY STATEMENT**

The parties have been litigating this case since November 2019. Defendant Donald J. Trump, for his part, has sought to delay and evade these proceedings in every way he could. As part of that effort, Trump has claimed various immunities emanating from his status as President in June 2019 when he committed the defamation that gave rise to this action. Trump's claim to immunity under the Westfall Act is now back before this Court, following consideration by both the Second Circuit and the D.C. Court of Appeals. The D.C. Court of Appeals reaffirmed this Court's understanding of D.C. *respondeat superior* law (which controls the scope-of-employment inquiry for Westfall Act purposes), and the Second Circuit remanded the case so that the Court may render a decision in conformity with the D.C. court's decision. The entire certification process has lasted more than 31 months to date.

In the meantime, the facts and circumstances have changed. In order to facilitate final resolution of the scope-of-employment issue, Plaintiff E. Jean Carroll now moves to amend her complaint to add relevant facts bearing on that issue that were disclosed in the discovery process in this action. Carroll's proposed amendment also accounts for the recent verdict in the related action, *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y.) ("*Carroll II*"), as well as Trump's recent public comments about Carroll following that verdict. Given the absence of any delay by Carroll, and the absence of any prejudice to Trump, the motion should be granted.

**ARGUMENT**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend a complaint should be "freely give[n] . . . when justice so requires." The "rule" in the Second Circuit "has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *AEP Energy Servs. Gas*

1

*Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)). "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

Here, Carroll's proposed amendment principally includes three categories of additional allegations: (1) allegations drawing from Trump's deposition in this action that demonstrate his personal motive in defaming Carroll; (2) allegations accounting for the verdict in *Carroll II*; and (3) allegations regarding Trump's continued defamatory statements about Carroll following that verdict. *See* Ex. A. to Kaplan Decl. These allegations are all responsive to the D.C. Court of Appeals' recent decision, holding that D.C. "adheres to the 'traditional view' of the scope of employment inquiry of *respondeat superior* set forth in the Restatement (Second) of Agency § 228," which requires a court to inquire into "the subjective state of mind of the tortfeasor-employee" to determine "whether the employee was, in fact, motivated by a purpose to serve their employer." *Trump v. Carroll*, No. 22-SP-745, 2023 WL 2920882, at *4, *9 (D.C. Apr. 13, 2023). Trump's own deposition testimony about the total lack of official process surrounding his June 2019 defamatory statements reflects his personal motivation in making them. And his malicious repetition of materially identical defamatory statements about Carroll in October 2022 and May 2023—long after his presidency had ended—only underscores the personal nature of his June 2019 conduct. *See id.* at *12 (as part of scope-of-employment inquiry, a factfinder "is free to consider any probative, relevant evidence tending to establish the employee's purpose behind their conduct, regardless of how temporally remote that may be from the moment of the tort"). Trump's later public statements about Carroll are also relevant to Carroll's entitlement to punitive damages. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 184 (2d Cir. 2000) ("prior or subsequent defamations" and "subsequent statements of the defendant" are relevant to punitive damages for

defamation claim (quoting *Herbert v. Lando*, 441 U.S. 153, 164 n.12, 99 S. Ct. 1635, 1643 n.12 (1979)).

Moreover, given the straightforward nature of these allegations, Carroll easily satisfies the "permissive standard" of Rule 15.[1] *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011)).

***First***, there has been no undue delay or bad faith because Carroll's proposed amendment responds to very recent developments and could not have been offered before now. The scope-of-employment issue that Carroll's amended complaint mainly addresses has been on appeal since November 25, 2020, *see* ECF 45, 46, and the certified question to the D.C. Court of Appeals invited that court to reach a final determination of whether Trump acted within the scope of his employment in defaming Carroll in June 2019, *see Carroll v. Trump*, 49 F.4th 759, 781 (2d Cir. 2022). It was not until the D.C. Court of Appeals clarified its *respondeat superior* law (without resolving the ultimate scope-of-employment issue), and the Second Circuit then remanded the case to this Court for further proceedings on April 21, 2023, that Carroll's proposed amendment was relevant. ECF 149, 150. And given the centrality of the original complaint to the appellate courts' consideration of Trump's immunity under the Westfall Act, *see Carroll*, 49 F.4th at 761–63, amending the pleading during the pendency of an appeal would not have been proper. *Cf. Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982). The new allegations

---

[1] While no scheduling order in this case has set a deadline for motions to amend, *see* ECF 76, 77, 88, 100, 102, even if the Court were to construe this motion as a motion to amend a scheduling order, Carroll still easily satisfies the "good cause" standard of Rule 16(b)(4). "A finding of 'good cause' depends on the diligence of the moving party," and, in the context of a motion to amend, the court "may also weigh other relevant factors including, in particular, whether allowing the amendment of the pleading at the present stage of the litigation will prejudice the opposing party." *Flanagan v. New York City Dep't of Education*, No. 13 Civ. 8456, 2019 WL 6647870, at *1 (S.D.N.Y. Nov. 7, 2019) (Kaplan, J.). For substantially the same reasons detailed in this motion, Carroll has shown good cause to amend any scheduling order that the Court might find controlling.

relating to the May 9, 2023 jury verdict in *Carroll II* and Trump's subsequent statements about Carroll, of course, could not have been made any earlier.

**Second**, the proposed amendment would obviously cause no prejudice to Donald Trump. The allegations drawing from Trump's own deposition concern facts already known to him, and courts regularly grant parties leave to amend "to conform the pleadings to the evidence unearthed by discovery." *Mellon Bank F.S.B. v. Alexander Wescott & Co.*, No. 98 Civ. 2650, 1999 WL 504914, at *5 (S.D.N.Y. July 16, 1999) (internal quotation omitted); *accord Stonewell Corp. v. Conestoga Title Ins. Co.*, No. 04 Civ. 9867, 2010 WL 647531, at *2 (S.D.N.Y. Feb. 18, 2010). Trump's deposition testimony would be properly considered in connection with additional Westfall Act briefing in any event. The same is true for new allegations relating to the jury verdict in *Carroll II* as well as Trump's recent defamatory statements. Those allegations reflect public and undisputed facts, including the existence of a jury verdict against Trump. *Daelim Trading Co. v. Giagni Enters., LLC*, No. 10 Civ. 2944, 2012 WL 5995119, at *3 (S.D.N.Y. Oct. 16, 2012) (where "the content of the proposed amendment is not unexpected," the amendment "does not cause defendants undue prejudice"). Most critically, the proposed amendment does not change the nature of Carroll's single cause of action against Trump in the slightest, and raises no new issues requiring additional discovery or further motion practice. Where an amendment does not "require the opponent to expend significant additional resources" or "significantly delay the resolution of the dispute," no prejudice will be found. *Pasternack*, 863 F.3d at 174 (quoting *Block*, 988 F.2d at 350).

**Finally**, the proposed amendment is not futile. A motion to amend may be denied on the ground of futility if the amended pleading would be subject to dismissal for failure to state a claim. *See Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015). Carroll's amended complaint,

4

however, does not add any new claims or alter the nature of Carroll's pending defamation claim in any way.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff leave to amend her complaint.

Dated: New York, New York
       May 22, 2023

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
Michael Ferrara
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

5