

U.S. Department of Justice

Civil Division

---

*Torts Branch, Federal Tort Claims Office*  *Telephone (202) 353-1651*
*P.O. Box 888*  *Facsimile (202) 616-5200*
*Washington, DC  20044*
JGT:KLW:STerrell/DJ# 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

May 26, 2023

**BY ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

      RE:    *Carroll v. Trump*, No. 1:20-cv-7311-LAK

Your Honor:

      The United States writes in response to plaintiff's letter brief of May 22, 2023 (ECF No. 154).  As plaintiff notes in her letter, the United States proposes that the Court first resolve plaintiff's motion to file an amended complaint (ECF No. 155), and that the United States then have 30 days after the Court rules on that motion to meet and confer and submit a joint proposed briefing schedule on the issue of substitution.  The United States believes this is appropriate for three reasons.

      First, the Westfall Act contemplates that the Attorney General will make the initial decision as to whether the defendant employee was acting within the scope of his office or employment at the time of the incidents out of which the action arose.  28 U.S.C. § 2679(d)(1) & (3); *B&A Marine Co. v. Am. Foreign Shipping Co.*, 23 F.3d 709, 715–16 (2d Cir. 1994); *id.* at 717–18 (Glasser, D.J., concurring); *U-Haul Int'l, Inc. v. Estate of Albright*, 626 F.3d 498, 500–01 (9th Cir. 2010); *Sullivan v. Freeman*, 944 F.3d 334, 337 (7th Cir. 1991).  The Attorney General's determination as to whether to certify that an employee of the government was acting within the scope of his office or employment is framed by the allegations of the operative complaint.  Thus, knowing which complaint is operative may bear on the certification issue.  *See Reedus v. McDonough*, Case No. 1:21-cv-357, 2023 WL 1778410 at *1–*2 (N.D. Ind. Feb. 6, 2023) ("An amended complaint acts as a complete substitute for the original complaint and the case proceeds only on the allegations in the amended complaint. . . .  Thus, when Plaintiff filed her amended complaint, that became the controlling document in the case.  The Government's prior request to substitute itself for Dr. McBride under the Westfall Act . . . were rendered moot."); *Lackro v. Kao*, 748 F. Supp. 2d 445, 449 n.2 (E.D. Pa. 2010) ("A new certification has not been submitted since Plaintiffs filed their second amended complaint, but the second amended complaint is not materially different than the first as to the issues relating to Dr. Kao's employment.").  Among other things, the proposed amended complaint contains new allegations

Hon. Lewis A. Kaplan
Page 2

regarding the former President's motivations when he made the challenged statements. Proposed Am. Compl. ¶¶ 128–140 (ECF No. 157-1). It also alleges that the former President recently made new statements similar to those challenged in the case. *See id.* ¶¶ 152–153, 164–171.

Second, the United States presently lacks evidence developed in discovery that may bear on the certification question. The United States has access only to those discovery materials that have been filed on the public docket; we do not have access to materials under seal or that the parties never filed but which may still "be relevant 'to the substitution issue.'" Order of May 24, 2023 (ECF No. 158). Counsel for the United States is currently working with counsel for the parties to obtain these materials. The United States will need time to review those materials once they are received.

Finally, even if the Court does not defer consideration of the Westfall Act issue until after ruling on the motion to amend the complaint, the Department requests more time beyond June 21, 2023, to propose a path forward. This case has a lengthy procedural history in the district and appellate courts. As this Court is aware, most recently the D.C. Court of Appeals clarified the applicable standard to be applied to the scope of employment question. Additional time is requested to permit consideration of the new evidence and the new allegations under the clarified standard.

Accordingly, the United States respectfully requests that the Court first resolve plaintiff's pending motion to amend her complaint and then order the parties to meet and confer and submit a joint proposed briefing schedule on the issue of substitution 30 days after the Court rules on the motion to amend the complaint.

Sincerely,

Stephen R. Terrell

cc:   Counsel of Record (by ECF)