

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

May 26, 2023

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*
              Civil Case No.: 1:20-cv-7311-LAK-JLC

Dear Judge Kaplan:

      This office represents the defendant, Donald J. Trump ("Defendant"), in the above-referenced action. This letter is submitted in response to the letter filed by the plaintiff, E. Jean Carroll ("Plaintiff"), dated May 22, 2023, addressing various issues with respect to this litigation. Please accept the following as a response to the substantive issues raised in Plaintiff's letter and to outline Defendant's position on these issues.

      **Motion to Amend**. At the outset, by filing the Motion to Amend the Complaint ("Motion to Amend"), Plaintiff is seeking to "retrofit" the jury verdict for *Carroll II* into the Complaint for *Carroll I,* in order to alter the entire nature of *Carroll I at the eleventh hour,* following the completion of discovery, pre-trial motion practice, and a fully briefed Motion for Summary Judgment filed by the Defendant, *inter alia.*

      Plainly stated, the jury in Carroll II found that the alleged rape did not occur. However, the entire Complaint in *Carroll I* contains allegations of purported defamatory statements arising from this precise allegation – not a purported sexual assault. As Exhibit B to the Motion to Amend, Plaintiff attached a redlined version of the current Complaint in *Carroll I* to reflect her changes in a proposed Amended Complaint. The redlined version of the *Carroll I* complaint substitutes every reference of the word "rape" and replaces it with "sexual assault" in a thinly-veiled attempt to conform the *Carroll I* complaint to the verdict in *Carroll II.* Simply stated, Plaintiff is attempting to improperly use the jury verdict in *Carroll II* to conclude that the verdict somehow has a "preclusive effect" on *Carroll I* and further, that the "jury verdict leaves nothing to resolve with respect to the merits of the *Carroll I* defamation claim. . . ." Plaintiff's position on this issue is clearly untenable. Consequently, and despite Plaintiff's allegations to the contrary, Plaintiff's proposed Amended Complaint would **severely** and **unduly** prejudice the Defendant. Defendant will address that issue – along with the other critical issues – in his opposition to the Motion to Amend.

As such, in addition to opposing Plaintiff's Motion to Amend, Defendant will also be requesting leave of this Court to file a supplemental Motion for Summary Judgment. If leave is granted, the supplemental Motion for Summary Judgment will take the position that since the jury verdict in *Carroll II* did not find Defendant liable for rape, then the Complaint filed in *Carroll I* based solely on defamatory statements regarding an alleged rape should be dismissed by this Court as a matter of law.

**Westfall Act**. It should also be noted that in addition to attempting to upend the case at bar, Plaintiff somehow avers that the scope of employment issue was already resolved by the Decision issued by the D.C. Court of Appeals on April 13, 2013 ("the Decision"). Specifically, Plaintiff alleges in her May 22, 2023 letter that D.C. Court of Appeals "has now answered the scope-of-employment question certified by the Second Circuit. . . ." That statement is not in accordance with the procedural posture of this case. Plaintiff's statement about the scope of employment issue only cites to one prong of the Decision, namely with respect to the "test" typically applied by the D.C. Court of Appeals for deciding *respondeat superior* cases. *See Trump v. Carroll,* 292 A.3d 220 (D.C. 2023). The other two prongs of the Decision were not even referenced. *See id.*

As such, despite Plaintiff's assertions to the contrary, Defendant respectfully submits that the D.C. Court of Appeals did not resolve any issues with respect to the scope of employment issue – let alone in Plaintiff's favor. Instead, it simply clarified the *respondeat superior* test to be applied in the case at bar, which Defendant submits that he meets. Thereafter, the Second Circuit subsequently remanded the case back to this Court for further proceedings in accordance with the guidance provided by the DC Court of Appeals. *See* ECF 149. In short, there was no finding on the scope of employment issue. Further, as Defendant intends to raise any proposed supplemental briefing, discovery in this case did not address, nor was it geared towards, determining whether Defendant was acting within the scope of his employment when making the challenged statement.

Notwithstanding, Defendant adopts the United States' proposed schedule with respect to any supplemental briefing in connection with the applicability of the Westfall Act, as set forth in their letter dated May 26, 2023. This Court should disregard Plaintiff's reasoning that, due to her age and Defendant's candidacy, that an expedited briefing schedule should be implemented. By filing her Motion to Amend at the late procedural posture in which this case now sits, Plaintiff has subsequently elected to extend these proceedings. Defendant is more than ready to participate in this process irrespective of his candidacy.

**Presidential Immunity**. Defendant categorically rejects Plaintiff's characterization of the position taken by Defendant in the Motion for Summary Judgment. Contrary to Plaintiff's reductive analysis, Defendant unequivocally stated that absolute immunity is a non-waivable question of subject matter jurisdiction. ECF 122. Notwithstanding, Defendant does not object to Plaintiff's proposal that both the outstanding Westfall Act and Absolute Immunity questions be answered concurrently, so long as the United States is provided with an adequate opportunity to review the extensive discovery materials exchanged in this case. We take no position as to whether the Westfall Act issue and the absolute immunity issue are adjudicated concurrently, and respectfully submit to the Court's discretion on this issue.

We would like to thank the Court for its attention to this matter and courtesies in this regard.

Respectfully submitted,

Alina Habba, Esq.
For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)