UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

E. Jean Carroll,

        *Plaintiff,*

    -against-

Donald J. Trump,

        *Defendant*.
_____

Case No. <u>20-cv-7311</u>

### **AFFIDAVIT IN SUPPORT OF MOTION TO  INTERVENE**

    1.    I am making this motion to intervene in the case of *Carroll v. Trump*, 20-cv-7311, because I am unwilling to sit silent and watch another white Christian be treated as poorly and unfairly as I personally have been treated in the New York State and Federal Courts.

    2.    It is outrageous and clearly there was something very wrong with this Court's May 9, 2023 Jury instructions (Exhibit One) against a Christian that resulted in the Jury finding in Mr. Trump's favor that he did not rape Ms. Carroll and yet at the same exact time finding that Mr. Trump defamed Ms. Carroll and harmed her reputation and owed Ms. Carroll millions of dollars for Mr. Trump claiming that the rape never happened and was a hoax.

3.      Certainly, this Court must know the outcome on the May 9, 2023 jury

interrogatory sheet makes no sense and completely conflicts with statements this

Court made in its own previous rulings.

4.      A review of this Court's own  MEMORANDUM ORDERS from

January, February and March 2023 prove that this Court fully understood and

expressly said in the first sentence of January, February and two March 2023

MEMORANDUM ORDERS that the threshold issue for the Jury  to determine

was, to decide whether it was true or false that Donald Trump raped Ms. Carroll in

Bergdorf Goodman Department store in the 1990s.

5.      For example in the first sentence of this Court's 1/13/2023

MEMORANDUM OPINION (case 1:22-cv-10016-LAK Document 38 page 1-28 )

this court states the following:

> Plaintiff E. Jean Carroll alleges that businessman Donald J. Trump, as he
> then was, raped her in a dressing room at the New York Department store,
> Bergdorf Goodman, more than two decades ago. Mr. Trump denies the
> allegation. These circumstances have given rise to two lawsuits now before
> me.

6.      In the very first sentence of another MEMORANDUM AND

OPINION dated 2/15/23 (case 1:22-cv-10016-LAK Document 56 page 2-21), this

Court reiterates the threshold issue again for the jury to decide when it states in  the

following opening sentence that "Donald j. Trump is accused in this and a second very closely related civil case of having raped E. Jean Carroll in the mid 1990s."

7.    Again, in the very first sentence of a 3/20/2023 MEMORANDUM AND ORDER ON DEFENDANT'S IN LIMINE MOTION (case 1:22-cv-10016-LAK Document 92 PAGE 1-11) this Court states the threshold issue for the Jury as being the following:

> Donald J. Trump is accused in this case (Carroll II) and a second very closely related case (Carroll I) of having raped E. Jean Carroll in the Mid 1990s. In both cases, plaintiff Jean Carroll claims Mr. Trump defamed her in public statements in response to Ms. Carroll's rape allegation against him.

8.    Again for a fourth time, in a March 28, 2023 MEMORANDUM OPINION (case 1:22-cv-10016-LAK Document 96), this Court stated the triable issue for the Jury to determine in its very first sentence as the following:

> Plaintiff E Jean Carroll alleges in this complaint (Carroll II) and in a second very loosely related case (Carroll I) that businessman Donald J. Trump as he was known then, raped her in a New York department store in the mid 1990s.  In Carroll I, she accuses Mr. Trump only of defaming her in a series of statements he issued in June 2019, shortly after Ms. Carroll publicly accused him of rape.

9.    Since the Jury did in fact reject the rape claim in their May 9, 2023 Jury interrogatory sheets in Carroll II, both Carroll I and Carroll II should have been dismissed against Trump as a matter of law since Mr. Trump was victorious on the threshold issue of Ms. Carroll's rape allegation as defined repeatedly in this

courts January 15, 2023, February 13, 2023, March 20, 2023 and March 28, 2023 MEMORANDUM OPINIONS.

10.     Nowhere in the four above MEMORANDUM ORDERS issued just prior to the April 2023 Jury trial did the Court assert that the accusations in Carroll I or Carroll II also pertained to the Jury deciding if Mr. Trump would be tried on sexual assault allegations lower than the "rape" allegation, yet the May 9, 2023 Jury interrogatory sheets proves this Court gave the Jury a cornucopia of choices with the clear implication by the Court that the Jury should at least pick between one of two lower tier sexual assault claims not found in the Carroll I or Carroll II complaints if the Jury did not believe the rape claim took place.

11.     As the May 9,2023 Jury interrogatory sheet proves ( exhibit 1) this Court gave the Jury other two other "sexual assault" options, not found in Ms. Carroll's Complaint, to help make Ms. Carroll victorious in the event that her rape claim was rejected by the jury as it was in the Jury's May 9, 2023 decision.

12.     It was unconstitutional and a clear prejudicial act against a white Christian for the Court to give other lesser options for the jury to rule on in Ms. Carroll's favor even though this court stated the  in the first sentence of its courts January 15, 2023, February 13, 2023, March 20, 2023 and March 28, 2023 MEMORANDUM OPINIONS that the issue before the Jury was to determine if it

was true or false when Ms. Carroll said that Donald J. Trump raped her in a
Bergdorf Goodman department store in the mid 1990s.

13.     The May 9, 2023 Jury Interrogatory Sheet written by this Court
(Exhibit One) proves that the Jury ruled that it was not true when Ms. Carroll, her
two friends and her two lawyers made the false claim that Donald Trump raped
Ms. Carroll "roughly 23 years ago" a Fifth Avenue Bergdorf Goodman Department
Store" and this finding should have ended the case in Mr. Trump's favor since this
was the express threshold issue for the jury to determine according to this Court's
January 15, 2023, February 13, 2023, March 20, 2023 and March 28, 2023
MEMORANDUM OPINIONS.

14.     The fact that Jury ruled in "Carroll II " that Mr. Trump did not rape
Carroll means two things:

15.     First, the Jury finding that Mr. Trump did not rape Ms. Carroll means
that, as a matter of law, this Court should have dismissed  this defamation and
other claims in Carroll II  and must now dismiss Carroll I because the entire
complaint in this case, known as Carroll 1, was based entirely on allegations that
Mr. Trump lied when he claimed that he never raped  Ms. Carroll in a Bergdorf
Goodman department store sometime in late 1995 or early 1996.

16.     Second, the Jury finding in Carroll II means that it is Mr. Trump, and not Ms. Carroll, that should be permitted to amend his complaint here in Carroll I to file defamation and character harm causes of action against Ms. Carroll for her lies that Donald Trump raped her in Bergdorf Goodman department store sometime in the mid 1990s.

17.     It is outrageous that now that Ms. Carroll's rape claim was rejected by the Jury that she and her attorney Roberta Kaplan want to simply amend the Complaint and change their story completely from asserting that Donald Trump raped Ms. Carroll to now claiming that Donald Trump did not rape her but instead "sexually assaulted" her.

18.     A review of (20-cv-07311-LAK document 157-2 filed 5/22/23) shows Ms. Kaplan underlining in red for the Court's attention the changes they want to make to Ms. Carroll's 2020 complaint now that the Jury rejected Ms. Carroll's rape story as a completely false hoax.

19.     Everyone knows there was certainly something terribly wrong with the Jury Interrogatory sheet in Carroll II when Ms. Carroll was awarded compensatory and punitive damages totaling $5,000,000 when it was Ms. Carroll that the unanimous jury determined was not telling the truth when she and her two friends and two attorneys all made the horrific claim that Mr. Trump raped Ms.

6

Carroll in a Bergdorf Goodman Department Store in late 1995 or early 1996.  Only through very wrong jury instructions can that outcome be possible.

20.     This court must reject the changes proposed in the May 22,2023 First Amended Complaint since it shows Ms. Carroll and her Attorney Roberta Kaplan are now wanting to change" their story" completely and want to change the over 35 times they alleged in the 2020 complaint  that Mr. Trump raped her to an allegation that he just "sexually assaulted "her.

21.     The changes from the charges of rape by Mr. Trump to charges that he just "sexually assaulted her" makes absolutely no sense since the triable issue in this defamation case is whether it was true or false when Donald J. Trump denied Ms. Carroll's claims that he RAPED Ms. Carroll  in the 1990s.

22.     Furthermore, it is impossible for anyone to dispute the fact that the Jury Sheet this Court wrote in Carroll II was hopelessly flawed when you compare what Ms. E. Jean Carroll said in her opening statements against what the Jury found on question number one of their May 9, 2023 Jury Interrogatory Sheets.  In Ms. Carroll's very first statements on the witness stand she states the following:

> I am here because Donald Trump raped me and when i wrote about it he said it did not happen. He lied and shattered my reputation. And I am here to try to get my like back.

23.     The first question on the jury interrogatory sheet was the following:

Did Donald Trump rape E. Jean Carroll? Answer:  No.

24.     The fact that the Jury rejected Ms. Carroll's rape claim meant that the Jury sided with Donald Trump on the express issue that Carroll I and Carroll II pertained to.

25.     This answer that Donald J Trump did not rape E. Jean Carroll meant Donald Trump won and E. Jean Carroll lost on the express issue why she told the Jury she was there.

26.     Ms. Carroll and her Attorney Roberta Kaplan know this Court's instructions should have stopped the jury from other questions when they ruled that Donald Trump had not raped Ms. Carroll.

27.     But this threshold issue was ignored completely on the May 9, 2023 Jury Interrogatory Sheet, and the Jury was incorrectly instructed to answer other questions that were not the reason Ms. Carroll said she was there.  This atrocity and the latest stunts being performed by Ms. Carroll and her attorney Roberta Kaplan in her proposed amended complaint dated May 22, 2022 are the reason I am writing this Affidavit in Support of Motion To Intervene.

28.     Ms. Carroll and her attorney want to change their story in their proposed amended complaint because they know they would lose the case if they

8

do not change their story because the Jury in Carroll II already rejected the rape

story already and Ms. Carroll  never appealed or disputed that Jury finding

29.     It should be noted for the record that before I filed this motion to

intervene, I did contact this Court with two Friend of the Court Letters that were

never put on the Docket sheet in Carroll II.

30.     The first letter was filed on May, 3, 2023, and the second was filed on

May 9, 2023, immediately after I learned of the illogical Jury instructions.

31.     As my May 9, 2023 Friend of the Court letter stated, since the jury

found that Mr. Trump was telling the truth when he said in his October 22, 2022

Truth Social statement that he never raped Ms. Carroll that meant Mr. Trump won

Carroll I and Carroll II since both Carroll I and Carroll II pertained to the issue of a

Jury determining the truthfulness of Ms. Carroll's rape claims.

32.     In my May 9, 2023 Friend of the Court Letter, I point out to this Court

that the jury finding that Mr. Trump never raped Ms. Carroll cannot co-exist with

the jury findings that Mr. Trump was liable to Ms. Carroll for $5 million dollars in

damages including defamation and character harm causes of action.

33.     Pursuant to a February 2022 Decision by this Court Mr. Trump's

lawyers were not permitted to put in affirmative defenses  or counterclaims for

defamation and reputational harm in Carroll II since this Court ruled in Carroll II

that it was late for Mr. Trump to amend his answer in Carroll II. Now this Court

must show an even hand and reject Ms. Carroll's and Ms. Kaplan's request to

amend their 2020 complaint.

34.    It is indisputable that as a result of the Jury finding in Carroll II, it is

Ms. Carroll that should owe Mr. Trump millions of dollars for her defamation and

character harm to Mr. Trump since the Jury ruled that they did not believe Ms.

Carroll and her two friends and her  two  lawyers claim that Mr. Trump raped Ms.

Carroll in a Bergdorf Goodman Department store on some unknown date near the

end of 1995 or the beginning of 1996.

35.    It is outrageous that Ms. Carroll and her attorney Roberta Kaplan

believe  that they can simply cross out the thirty five plus times that they used the

words "rape" in their original complaint and replace "rape" with the words "sexual

assault" or "incident" in their proposed May 22, 2023 FIRST AMENDED

COMPLAINT AND FOR JURY DEMAND (Doc number 157-2).

36.    Undeterred by the Jury finding that Trump did not rape Ms. Carroll,

Ms. Carroll and her lawyer Ms. Kaplan are seeking an additional $10 million

dollars minimum from Mr. Trump because they claim it was "double down

defamation" (Doc 157-2 paragraph 18) for Mr. Trump to state the day after the jury

trial at a CNN Town Hall that the case was a "fake" "made up story" "invented by a wack job."

37.    The fact that the Jury rejected the whole rape claim story on May 9, 2023 that was sworn to by Ms. Carroll and her two friends and pushed by her two attorneys on the jury proves that it is true,  that the rape claim was a "fake" "made up story" "invented by a wack job."

38.    Mr. Trump's claims the day after the trial are protected by "freedom of speech "and "truth "so this Court must not go along with the new fake, made up story that Mr. Trump's statements about Ms. Carroll being a the liar and a wack job should permit this Court to let them amend their complaint to file an additional $10 million dollars defamation claim against Mr. Trump for truthful statements he stated on May 10,2023..

39.    Any man falsely accused of rape (even a Christian man) has the right to call his accuser a liar and a wack job without fear of a new defamation claim after a Jury ruled that the rape claim did not happen.

40.    In the proposed May 22, 2022 amended complaint (Doc 157-2) it is shown paragraphs 43 and 78 that Ms. Carroll and Ms. Kaplan are still pushing the rape story on one side of their mouth even though they know the Jury rejected the

rape claim on May 9, 2023 and even though Ms. Carroll, her two friends and two lawyers never objected to that  Jury finding.

41.     If the claim of rape was true Ms. Carroll and her lawyer Ms. Kaplan certainly would have said after the Jury ruling that they were appealing that part of the Jury decision.

42.     However, that did not happen.  Instead Ms. Carroll and her attorney Ms. Kaplan were delighted and overjoyed that this Court's flawed jury instructions gave non triable "alternative options" other than the threshold rape option that could make Ms. Carroll victorious while at the same time finding that her rape claim was a lie and a hoax.

43.     If the rape claims were true, then Ms. Carroll and Ms. Kaplan would not be changing their story by crossing out the rape claim over 35 times in their proposed first amended complaint.

44.     It is outrageous that Ms. Kaplan feels so comfortable with this Court that she is comfortable trying  to pull-off such a brazen and corrupt stunt as changing the whole story and to seek 10 million more from  Mr. Trump while Ms Carroll and Ms. Kaplin  themselves are shown  abandoning the false rape claim in over 35 paragraphs of her proposed amended complaint.

45.    It is outrageous that Ms. Kaplan feels so comfortable with Judge
Kaplan that she is now so comfortable trying to pull-off the stunt seeking this
Court's permission to file an amended complaint seeking at least $10 million more
in from Mr. Trump despite the fact that the jury unanimously rejected the whole
rape claim hoax pushed on Ms. Carroll, her two friends, Roberta Kaplan and
another lawyer from her firm.

46.    Indeed, Ms. Carroll, her two friends, and her two lawyers were simply
over the moon delighted that the jury went along with one of the cornucopia of
choices the jury was given to choose from against a man that was vilified at his
trial. And regardless of this fact the rape claim, which is the only triable issue in
this case was already rejected by the Jury in Carroll II so as a matter of law Carroll
I should be dismissed by this court now as a matter of law.

47.    Indeed, there was never even a preponderance of evidence that Mr.
Trump raped Ms. Carroll but certainly the jury instructions left them feeling
obligated to pick one of the three sexual abuse choices that this Court put on the
jury sheet for the benefit of Ms. Carroll and her attorney Roberta Kaplan.

48.    Regardless, Carroll I pertains to only one issue and that is if it was true
or false when Trump denied Ms. Carroll's claims that he raped her sometime in late
1995 or early 1996.

49.     This Court needs to dismiss Carroll I because the proposed May 22, 2023 First Amended Complaint proves that even the plaintiff Ms. Carroll and her attorney Roberta Kaplan have abandoned the whole made up rape hoax that is the express and sole issue in Carroll I.

50.     Carroll I must be dismissed now based on the undisputed fact that the jury got it right when they ruled on May 9, 2023 that Mr. Trump did not rape Ms. Carroll.

51.     The proposed amended complaint is a disgrace because it shows that while 35 to 40 times, they cut-out the rape claim, there are still spots where the disproven rape claim is still being made.  In other words, they cannot get their story straight since the whole story is a hoax.

52.     For example, in paragraph 43of the proposed May 22, 2023 First Amended Complaint, Ms. Carroll and Ms. Kaplan state "Trump opened his overcoat and unzipped his pants. Trump then pushed his fingers around Carroll's genitals and forced his penis inside of her."

53.     In Paragraph 43 of the proposed Amended Complaint, Ms. Carroll and her attorney Ms. Kaplan continue the rape story claiming:

> Carroll resisted, struggling to break free. She tried to stomp his foot with her heels. She tried to push him away with her one hand (as she kept holding her purse with the other). Finally, she raised a knee up high enough to push him out of and off her.

14

54.     In paragraph 48 of the proposed Amended Complaint, the hoax rape claim continues where it states "Carroll recounted to Birnbach how Trump had attacked her in the Bergdorf's dressing room.  She told Birnbach how Trump pulled down her tights and put his penis inside of her."

55.     In paragraph 49 of the proposed First Amended Complaint of May 22, 2023, the rape hoax continues where it states:

> He raped you," Birnbach kept repeating. She begged Carroll to go to the police and offered to accompany her. Still in shock and reluctant to think of herself as a victim Carroll did not want to speak to the police. She told Birnbach that it was just a few minutes of her life and that it was over.

56.     The jury at the Carroll II  trial rejected the rape claims completely, yet the rape accusation continues at times as is shown above in paragraphs 23 through 26 and over 35 times in the proposed First Amended May 22, 2023 Complaint.

57.     The fact that the Jury ruled in Carroll II that the rape never took place mandates that this Court dismiss this Complaint in Carroll I since this whole complaint under case number 20-cv-07311 pertained exclusively to Carroll's claim that Trump lied when he claimed that he did not rape Ms. Carroll.  This fact is proven by comparing her original complaint and the changes in the story in the proposed First Amended May 22, 2023 Complaint.

58.    In sum, a review of the answer to question number one on the May 9, 2023 Jury Sheet (Exhibit 1) proves the defamation claims in this complaint must all be dismissed since the Jury answered that Trump did not rape Ms. Carroll.  The finding also proves Mr. Trump was not being defamatory when he said it was not true that he ever raped Ms. Carroll.

59.    Common sense mandates that when the jury ruled Ms. Carroll and her friends and lawyers lied about Mr. Trump raping her, that finding precludes any award for Ms. Carroll on her defamation or reputational character harm claims in this case and should have done so in Carroll II.

60.    Common sense mandates that this Court rule which part of Mr. Trump's statements made in June 2019 were all true in light of the fact that the Jury unanimously ruled that it was true when Trump claimed that it was false and a lie when Ms. Carroll claimed in 2019 that in her book and in New York Magazine that she was raped by then President Donald Trump sometime in late 1995 or 1996.

61.    A review of the Jury Sheet also proves that Judge Kaplan failed to perform the mandated analysis tests needed to see which parts of the above statements were to be dismissed by him as opinion and which parts were to be dismissed as irrelevant to the defamation claim before any of the above statements went to the jury.

62.     The jury instructions show Judge Kaplan failed to tell the jury which parts were of Mr. Trump's statements were to be dismissed for being true if the Jury found that Mr. Trump did not raped Ms. Carroll.  The Jury expressly decided in question number one of their May 9, 2023 jury interrogatory sheets that Mr. Trump did not rape Ms. Carroll, so the instructions should have said under that finding no defamation claims or reputational damages awards should have been awarded to Ms. Carroll.

63.     All of these grave errors by Judge Kaplan need to be brought to this Court's attention right now in this motion for leave to intervene since Judge Kaplan simply ignored my May 9, 2023 Friend of the Court Letter that was sent to him on the very same day the jury came back with its internally inconsistent findings that were made because of  Judge Kaplan's hopelessly flawed Jury Sheet.

64.     Simply put, it is untenable that a Jury can find Mr. Trump guilty of defamation and character harm while at the same time finding in Mr. Trump's favor that Ms. Carroll, her two friends and Ms. Carroll's two lawyers were not telling the truth when they all claimed in unison that Mr. Trump raped Ms. Carroll in Bergdorf Goodman Department store sometime in the mid 1990s.

65.     Judge Kaplan never instructed the jury that as a matter of law, truth is a full defense to defamation claims and character harm claims.  So after the Jury

ruled that the horrific claim that Mr. Trump raped Ms. Carroll was not true, the Jury should have been instructed on Judge Kaplan's Jury Sheet not to grant any defamation or character harm money damages since truth is a full defense against Ms. Carroll's defamation and character harm claims.

66.     The fact that this jury found the rape claims untrue means Mr. Trump did not defame Ms. Carroll or cause any harm to her character by denying Ms. Carroll's false rape claims.  These are obvious facts that are being swept under the rug to harm Mr. Trump and his presidential bid to regain the presidency of the United States.  This conduct by Judge Kaplan supports Mr. Trump's October 22, 2022 statements about Judge Kaplan treating Mr. Trump unfairly.

67.     Mr. Trump is the leading Republican presidential candidate right now and does not have "years to clear his name."  Mr. Trump's name was cleared when the jury found that he had not raped Ms. Carroll, so this Court must grant this motion to intervene for the sake of our Republic.

DATED:  May 31, 2023

*James H. Brady*

James H. Brady
2422 Apple Ridge Circle
Manasquan, NJ 08736
(201) 923-5511
bradyny@gmail.com