

U.S. Department of Justice

Civil Division

---

*Torts Branch, Federal Tort Claims Office*  *Telephone (202) 353-1651*
*P.O. Box 888*  *Facsimile (202) 616-5200*
*Washington, DC  20044*
JGT:KLW:CSP:STerrell/DJ# 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

June 9, 2023

**BY ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

  RE: *Carroll v. Trump*, No. 1:20-cv-7311-LAK

Dear Judge Kaplan:

  As directed by the Order of June 1, 2023 (ECF No. 163), we submit this letter to advise the Court of the United States' position as to whether the filing of a new complaint in this action would render the government's previous Westfall Act certification ineffective and moot the government's motion to substitute itself for Mr. Trump.

  Since the government executed the Westfall Act certification, this Court rendered a decision denying the government's motion to substitute, the United States Court of Appeals for the Second Circuit vacated that decision and remanded the case for further proceedings in light of the intervening decision by the Court of Appeals of the District of Columbia clarifying D.C.'s law of *respondeat superior*, plaintiff proposed an amended complaint, and the parties to this case undertook discovery in parallel proceedings.  Given these collective developments, the prior certification and motion to substitute have been overtaken by events.  The Attorney General should therefore be given the opportunity to decide anew whether to certify that Mr. Trump was acting within the scope of his office as President at the time of the incidents out of which the plaintiff's claim arose, and to do so with respect to the allegations that are set forth in the operative complaint.  And, in light of the numerous potentially relevant developments, it is unnecessary for this Court to resolve whether the filing of the proposed new complaint, standing alone, would render the prior certification ineffective.

  Accordingly, we respectfully request that the Court afford the United States time after the Court decides the motion for leave to amend to allow the United States to reach a determination as to the scope-of-employment question. As set forth in our prior submission, we think the Court should first resolve plaintiff's pending motion to amend her complaint and then order the parties to meet and confer and submit a joint proposed briefing schedule on the issue of substitution 30

Hon. Lewis A. Kaplan
Page 2

days after the Court rules on the motion to amend the complaint.

Sincerely,

Stephen R. Terrell

cc:     Counsel of Record (by ECF)