**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

June 9, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Carroll v. Trump*, No. 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff E. Jean Carroll in response to the letter filed by the Department of Justice (DOJ) earlier today. *See* ECF 166.

DOJ's letter makes clear that the United States no longer stands by its original Westfall Act certification of Defendant Donald J. Trump. As DOJ explains, that decision rests not only on the recent filing of a proposed amended complaint, but also on other intervening legal and factual developments, including the ruling of the D.C. Court of Appeals, Trump's deposition, and the *Carroll II* jury verdict. We therefore appreciate that DOJ must reconsider its position anew.

However, we disagree with DOJ's proposed timeframe, which contemplates substantial and unnecessary delay. DOJ was required to engage in a detailed review process when it issued its original certification in this action. *See* 28 C.F.R. § 15.3. Moreover, DOJ is well versed in all of the relevant legal issues, having briefed them repeatedly and participated in proceedings before the D.C. Court of Appeals. And DOJ already has in its possession all the new information necessary to decide the scope-of-employment issue: namely, the D.C. Court of Appeals opinion that was issued nearly two months ago, the *Carroll II* jury verdict issued exactly one month ago, and the full transcript of Trump's deposition (which DOJ received weeks ago). To the extent DOJ needs to review Carroll's proposed amended complaint, it received that document on May 22, 2023—though, given the fulsome factual record it has already received (which was the basis for Carroll's proposed amendments to the operative complaint), there is simply no merit to DOJ's claim that it cannot even commence its Westfall Act analysis until this Court rules on the motion to amend.

Simply put, DOJ already has everything that it needs to reassess its position on the Westfall Act issue. And, in all events, DOJ has not offered a sufficient basis for its proposed schedule, which would provide 30 days after this Court rules on the motion to amend for the parties to then

**KAPLAN HECKER & FINK LLP**                                      2

first begin a meet-and-confer process on a briefing schedule for the Westfall Act issues. As a practical matter, that schedule would entail many, many months of delay. Given the delays that have already plagued this case—and given the advanced age of the named parties—such a drawn-out schedule would risk undue prejudice (especially in light of the fact that Trump may seek to further delay the proceedings in light of other political and legal developments relating to him).

For all these reasons, Carroll respectfully requests that the government be given either 45 days from today or two weeks from a decision on her motion to amend (whichever is sooner) to file any new certification and motion to substitute under the Westfall Act.

Respectfully submitted,

*Roberta A. Kaplan*

Roberta A. Kaplan

cc:   Counsel of Record (via ECF)