# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-26-2023
```

July 25, 2023

**VIA COURIER**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



RECEIVED
JUL 26 2023
JUDGE KAPLAN'S CHAMBERS

Re:   *Carroll v. Trump*, 20 Civ. 7311 (LAK) ("*Carroll I*")

Dear Judge Kaplan:

We write on behalf of Plaintiff E. Jean Carroll with respect to Your Honor's July 19, 2023 Order directing each party to "file a motion setting forth precisely each fact or proposition of law, if any, as to which the moving party claims *Carroll II* has preclusive effective in this action." ECF 178. We understand this Order as directing the parties to submit any targeted summary judgment motions they may wish to make in *Carroll I* raising preclusion arguments based on *Carroll II*.

In light of the jury's verdict in *Carroll II*, it is our position that trial in the present action need only address narrow issues relating to damages. As we will explain in our briefing, two of the disputed elements of Carroll's defamation claim can be resolved entirely by collateral estoppel: specifically, the elements of *defamatory meaning* and *falsity*. The remaining three elements of Carroll's defamation claim are affected by collateral estoppel, but require a slightly different approach for pre-trial resolution. As to the elements of *publication* and being statements *of and concerning the plaintiff*, there has never been any genuine dispute of material fact on these points (and Trump did not seek to dispute these elements in *Carroll II*), and so we propose to incorporate into our papers a request for targeted summary judgment on these elements.

That leaves only the element of actual malice—that is, whether Defendant Donald J. Trump made his June 2019 statements knowing that they were false or with serious doubts as to their truth. In *Carroll II*, the jury found that Trump acted with actual malice in October 2022 when he denied assaulting Carroll and accused her of fabricating her statements. The *Carroll II* jury also found that Trump acted in a manner (and with a mental state) rendering him culpable for punitive damages. Those findings are preclusive in this action as to Trump's state of mind in making the October 2022 statement. It is our position that those jury findings, together with Trump's deposition in this action, foreclose any claim that Trump acted with actual malice in October 2022 but somehow did not do so in making substantively identical statements in June 2019. Therefore,

# KAPLAN HECKER & FINK LLP

2

we propose to incorporate into our briefing papers a request for targeted summary judgment on the element of actual malice.

Because these summary judgment arguments are still dependent on what the *Carroll II* jury found—and because Your Honor has directed that "[n]o fact or proposition of law not identified in such a motion shall be regarded as having been established by *Carroll II*"—our plan (as set forth above) is to brief these points as part of Plaintiff's forthcoming motion. Should Your Honor prefer that we proceed differently, we of course will comply with any further order from the Court.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record