UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

        *Plaintiff*,

v.

DONALD J. TRUMP, in his personal capacity,

        *Defendant*.

No. 20 Civ. 7311 (LAK)

**PLAINTIFF E. JEAN CARROLL'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION TO DISMISS AND MOTION TO STRIKE**

Roberta A. Kaplan
Michael Ferrara
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
rkaplan@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT ................................................................................................................................ 1
    I.   TRUMP FAILS TO STATE A CLAIM FOR DEFAMATION ....................................... 1
        A.  "Oh, Yes, He Did—Oh, Yes, He Did" ........................................................... 1
        B.  "He Did It and You Know It" ........................................................................ 5
    II.  TRUMP'S LATE-STAGE COUNTERCLAIM IS PROCEDURALLY IMPROPER ...... 6
    III. THE COURT SHOULD STRIKE CERTAIN AFFIRMATIVE DEFENSES ................... 8
CONCLUSION ........................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Aronson v. Wiersma*,
 65 N.Y.2d 592 (1985) .................................................................................................. 5

*Biro v. Condé Nast*,
 963 F. Supp. 2d 255 (S.D.N.Y. 2013) ......................................................................... 4

*Biro v. Condé Nast*,
 807 F.3d 541 (2d Cir. 2015) ......................................................................................... 4

*Brimelow v. N.Y. Times, Co.*,
 No. 21-66, 2021 WL 4901969 (2d Cir. Oct. 21, 2021) ............................................... 4

*Carroll v. Trump*,
 No. 22 Civ. 10016, 2023 WL 2669790 (S.D.N.Y. Mar. 28, 2023) ........................... 6

*Carroll v. Trump*,
 No. 20 Civ. 7311, 2023 WL 4393067 (S.D.N.Y. July 5, 2023) ................................ 7, 9, 10

*Carroll v. Trump*,
 No. 22 Civ. 10016, WL 4612082 (S.D.N.Y. July 19, 2023) ..................................... 2, 3

*Carroll v. Trump*,
 No. 20 Civ. 7311, 2023 WL 4744176 (S.D.N.Y. July 25, 2023) .............................. 2

*Chau v. Lewis*,
 935 F. Supp. 2d 644 (S.D.N.Y. 2013) ......................................................................... 1, 2

*Chau v. Lewis*,
 771 F.3d 118 (2d Cir. 2014) ......................................................................................... 1

*Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*,
 551 F. Supp. 3d 320 (S.D.N.Y. 2021) ......................................................................... 5

*Daleiden v. Planned Parenthood Fed'n of Am.*,
 No. 21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022) ............................................ 5

*Davis v. Boeheim*,
 24 N.Y.3d 262 (2014) ................................................................................................... 6, 9

*Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*,
 No. 17 Civ. 124, 2020 WL 1031271 (S.D.N.Y. Mar. 2, 2020) ................................. 8

*Fine v. ESPN, Inc.*,
    11 F. Supp. 3d 209 (N.D.N.Y. 2014) .................................................................................. 6

*Franklin v. Daily Holdings, Inc.*,
    135 A.D.3d 87 (1st Dep't 2015) ......................................................................................... 2

*GEOMC Co. v. Calmare Therapeutics Inc.*,
    918 F.3d 92 (2d Cir. 2019) ............................................................................................ 6, 7

*Giuffre v. Maxwell*,
    165 F. Supp. 3d 147 (S.D.N.Y. 2016) ................................................................................ 6

*Gonzalez v. Gray*,
    216 F.3d 1072 (2d Cir. 2000) ............................................................................................ 5

*Karedes v. Ackerly Grp., Inc.*,
    423 F.3d 107 (2d Cir. 2005) .............................................................................................. 3

*Karp v. Hill & Knowlton, Inc.*,
    631 F. Supp. 360 (S.D.N.Y. 1986) .................................................................................... 4

*Kinsey v. N.Y. Times Co.*,
    991 F.3d 171 (2d Cir. 2021) .............................................................................................. 4

*Pfeffer v. Mark*,
    No. 98 Civ. 6771, 2000 WL 516891 (E.D.N.Y. Mar. 16, 2000) ....................................... 7

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994) ............................................................................................ 10

*Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C.*,
    No. 17 Civ. 8528, 2022 WL 836890 (S.D.N.Y. Mar. 21, 2022) ....................................... 7

*Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*,
    No. 99 Civ. 4677, 2001 WL 1702151 (S.D.N.Y. Jan. 11, 2002) ...................................... 7

**STATUTES**

N.Y. Civ. Rights Law § 74 ......................................................................................................... 4

**RULES**

Federal Rule of Civil Procedure 13 ............................................................................................ 7

Federal Rule of Civil Procedure 15 ............................................................................................ 7

**OTHER AUTHORITIES**

Alan Feuer et al., *Trump Faces Major New Charges in Documents Case*, N.Y. Times (July 27, 2023) ................................................................................................................. 8

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1430 (3d ed. 2013) ................................................ 7

**PRELIMINARY STATEMENT**

Donald J. Trump continues to insist that a jury's finding that he forcibly shoved his fingers, but not his penis into E. Jean Carroll's vagina somehow exonerates him. But despite his strenuous efforts to distinguish between the crimes of which he's been accused, a jury determined that he committed sexually abusive conduct that formally qualifies as rape in many jurisdictions and that certainly constitutes rape within the colloquial sense of the term, as this Court has already recognized based on a careful study of the issue. Therefore, the allegedly defamatory statement by Carroll that is the sole focus of Trump's purported counterclaim is substantially true and cannot support liability as a matter of law.

For this and other reasons, Trump's defamation counterclaim—asserted almost four years into this action—should be dismissed. The affirmative defenses that Trump now asserts again after the Court rejected them should be stricken. And this case, properly narrowed, should proceed to trial.

**ARGUMENT**

**I.   TRUMP FAILS TO STATE A CLAIM FOR DEFAMATION**

   **A.   "Oh, Yes, He Did—Oh, Yes, He Did"**

Trump has no credible answer to any of the three independent reasons for dismissal of his counterclaim.

***Substantial truth.*** Under New York precedent, the relevant question is whether it was substantially true to imply that Trump raped Carroll after the *Carroll II* jury found that Trump sexually abused her by forcibly penetrating her with his fingers. Truth in this context is not a "binary" question. *Chau v. Lewis*, 935 F. Supp. 2d 644, 662 (S.D.N.Y. 2013), *aff'd*, 771 F.3d 118 (2d Cir. 2014). A court must instead consider the overall "gist" or "sting" of the alleged defamatory

1

statement, *id.*, asking if it would have a "different effect on the mind of [a listener] from that" of the actual truth, *Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 94 (1st Dep't 2015).

In his opposition brief, Trump ignores that controlling legal principle. ECF 181 ("Opp.") at 5–8. He doesn't grapple with *any* of the "substantial truth" precedents that provide the relevant framework. ECF 175 ("Mot.") at 10–12. He doesn't address the "sting" of the *Carroll II* verdict—that he was found liable for conduct that would amount to rape in many places outside of New York, *see Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 4612082, at *2 (S.D.N.Y. July 19, 2023), or that a criminal conviction for first-degree sexual abuse would require him to register as a sex offender for the rest of his life, *see* Mot. 12–14. And he studiously ignores Carroll's independent argument that collateral estoppel forecloses his counterclaim. Mot. 14–15.

Most remarkably, Trump fails even to acknowledge this Court's prior determination that Trump "'raped' [Carroll] in the sense of that term broader than the New York Penal Law definition." *Carroll*, 2023 WL 4612082, at *20. As the Court has explained, the jury's "finding that Ms. Carroll failed to prove that she was 'raped' within the meaning of the New York Penal Law does not mean that she failed to prove that Mr. Trump 'raped' her as many people commonly understand the word 'rape.' Indeed, as the evidence at trial … makes clear, the jury found that *Mr. Trump in fact did exactly that*." *Id.* at *2 (emphasis added); *accord id.* at *21 (referring to "jury's implicit finding that Mr. Trump digitally raped Ms. Carroll"); *Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 4744176, at *2 (S.D.N.Y. July 25, 2023) (noting the jury "implicitly determined that he had penetrated her vagina with his fingers, a form of 'rape' as that word often is used").

Against all this, Trump blithely asserts that his counterclaim raises a black-and-white question of whether he raped Carroll—which, he says, the jury "demonstrably" resolved in his favor. Opp. 5; *see id.* at 7 (declaring it "irrelevant" that rape has different meanings in different

jurisdictions because the jury here found "no 'rape'" under New York law). But as we have already explained, this position is defective twice over. First, Trump misstates the relevant legal standard—even advancing a "three-prong test" for substantial truth that is found nowhere in the case that he cites. *See Karedes v. Ackerly Grp., Inc.*, 423 F.3d 107, 113–14 (2d Cir. 2005) (setting forth three considerations for determining "whether a statement or publication is defamatory" before turning to the separate element of "falsity," which requires "substantial, not literal, accuracy"). Second, Trump "misinterprets the jury's verdict," for the reasons that this Court has already explained. *Carroll*, 2023 WL 4612082, at *3.[1] Accordingly, by virtue of the substantial truth doctrine, Trump fails to state a defamation claim upon which relief can be granted.

*Actual malice.* Trump fares no better with respect to actual malice. He concedes that the standard is "demanding," Opp. 8, and takes no issue with the caselaw proscribing reliance on conclusory allegations or "actual-malice buzzwords," Mot. 15. But Trump nevertheless insists that he sufficiently pleads actual malice because he alleges that Carroll's "statements were clearly contrary to the jury verdict in *Carroll II*," and statements "made in direct contradiction to publicly available information are deemed to be made with actual malice." Opp. 9–10.

Once again, Trump's position rests on a fundamental misunderstanding of the jury verdict. The jury *did* find that Trump raped Carroll within the commonly understood meaning of that word. *Carroll*, 2023 WL 4612082, at *2, *20–*21. And here, where Carroll explicitly referred legal questions about the meaning of the jury verdict to her attorney and made no effort whatsoever to mischaracterize the jury's finding on rape under the New York Penal Law, the verdict itself provides no basis to infer that her statement (in which she reflected on her contemporaneous,

---

[1] While Trump also argues that Carroll's statement is not protected as a matter of opinion because "prefatory phrases" like "I think" may still contain factual implications, Opp. 7 (citation omitted), Carroll does not even make that argument.

3

subjective reaction to that verdict from a non-legal perspective) was knowingly or recklessly false. *Brimelow v. N.Y. Times, Co.*, No. 21-66, 2021 WL 4901969, at *2–*3 (2d Cir. Oct. 21, 2021). Absent any allegations about Carroll's state of mind during the CNN interview, the conclusory sentence in Trump's pleading referring to actual malice is "simply not enough to nudge [his counterclaim] into discovery." *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 279–80 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015).

*Fair reporting privilege.* Trump's purported counterclaim is also independently foreclosed by the legal privilege set forth in Section 74 of the New York Civil Rights Law.

Here, Trump argues that Carroll's statement was not a "report" on a judicial proceeding because it either was "directed towards the underlying conduct that is alleged to have occurred in Bergdorf Goodman" or was "commentary on the *Carroll II* proceedings." Opp. 14. But the question is whether an "ordinary viewer" could determine that the statement was "reporting on [a judicial] proceeding." *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 178–79 (2d Cir. 2021). In this regard, Trump ignores the context of the CNN interview—from its detailed discussion of the jury verdict and many other aspects of the trial to the trial-related chyrons that were plastered across the screen. That context would leave no doubt in a viewer's mind that the interview itself (and the surrounding discussion) was a report on the trial that had just ended the day before. Mot. 18.[2]

Trump also argues that Carroll's statement was not "fair and true" because it did not provide a "'substantially accurate' report of the jury verdict." Opp. 17. But the question posed to Carroll referred to the jury's "first finding … that Trump did not rape you," and Carroll's answer

---

[2] The "commentary" case on which Trump relies is easily distinguished. In *Karp v. Hill & Knowlton, Inc.*, the press release contained a "one word assessment of the Second Circuit's opinion" stating that "[t]he ruling support[ed]" a party's claim, when, in fact, it did not. 631 F. Supp. 360, 362–63 (S.D.N.Y. 1986). The court did not consider the statement a fair and true report because it did not "publish [the court's] opinion, or otherwise expose the public to the workings of the judicial system." *Id.* Here, by contrast, the CNN interview was an in-depth exploration of the trial, which reported the parties' respective positions and the various aspects of the jury verdict.

4

did not quibble in any way with what the reporter had just said or obscure the nature of the verdict itself. ECF 176-2. Moreover, the key question is whether Carroll's statement suggests "conduct more serious than the conduct alleged in the underlying court case[]." *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp. 3d 320, 331 (S.D.N.Y. 2021), *aff'd sub nom. Daleiden v. Planned Parenthood Fed'n of Am.*, No. 21-2068, 2022 WL 1013982 (2d Cir. Apr. 5, 2022). Coming just days after Carroll testified to rape on the witness stand and her attorney argued rape under New York law during summation, Carroll's statement was obviously "substantively equivalent" to her position in the case. *Gonzalez v. Gray*, 216 F.3d 1072, at *1 (2d Cir. 2000).

### B. "He Did It and You Know It"

Trump offers only a few arguments in support of his separate claim that Carroll defamed him by recounting on CNN her remark to Joe Tacopina that "he did it and you know it." ¶ 7.

On falsity, Trump argues that the "it" in Carroll's statement necessarily means rape as defined by the New York Penal Law, making it false for the same reasons as her statement "oh, yes, he did." Opp. 18. But a defamation claim cannot survive based on a "strained or artificial construction," *Aronson v. Wiersma*, 65 N.Y.2d 592, 594 (1985), and the facts alleged do not permit the interpretation that Trump posits: neither Carroll nor the CNN interviewer used the word "rape," and her comment to Tacopina came in response to his congratulations on the verdict in her favor (*i.e.*, the verdict finding Trump liable for sexual battery and defamation). *See* Mot. 21–22.

To be sure, Trump insists that a reasonable jury could infer rape because "moments earlier" Carroll had answered the interviewer's question about her reaction to the jury's rape verdict. Opp. 18. But those "moments" were actually multiple minutes, during which time the interview covered a host of other topics, including the implications of the jury's sexual abuse finding, an evidentiary issue that arose before trial, the witnesses and jurors, and the "perfect victim" narrative that was a defense theme. ECF 176-2. Even the cases that Trump cites extend only so far as a "reasonable

5

view of the stated facts"—and Trump's attempt to link the "it" to an entirely separate statement is not reasonable. *Davis v. Boeheim*, 24 N.Y.3d 262, 268 (2014); *Giuffre v. Maxwell*, 165 F. Supp. 3d 147, 153–54 (S.D.N.Y. 2016) (where defendant stated, "I'm referring to the statement that was made," it was plausible that he was referring to prior day's statement, "particularly in the absence of any other 'statement that was made'"). Yet even if Trump's reading of "it" were plausible, his claim would still fail because Carroll's statement was substantially true. *See supra* at 1–3.

On actual malice, Trump simply reiterates his reliance on his single-sentence conclusory allegation, Opp. 18, which is insufficient for the reasons discussed above. *See supra* at 3–4.

On the fair reporting privilege, Trump argues that Carroll's "statement recounting her interaction with defense counsel" cannot be a report on an "official proceeding" because it occurred in a courtroom. Opp. 16. But a "report" for these purposes may take many forms and encompass "[s]tatements or allegations that go beyond matters in a proceeding." *Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209, 217 (N.D.N.Y. 2014). The relevant question is whether the "content or context" confirm that a statement is "sufficiently connected" to a legal proceeding and is not merely an independent attack focused "exclusively on underlying events." *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2669790, at *6 (S.D.N.Y. Mar. 28, 2023). Given that Carroll's comment to Tacopina was made in the courtroom and concerned the jury verdict issued moments earlier, and that Carroll later recounted it in an interview reporting on the trial that had just ended, her statement is a "report" as that term is used in the applicable caselaw. *See* Mot. 17–18.

## II. TRUMP'S LATE-STAGE COUNTERCLAIM IS PROCEDURALLY IMPROPER

Trump's counterclaim should also be dismissed because it comes nearly four years into the case and plainly exceeds the scope of Carroll's amended complaint. *See GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99–100 (2d Cir. 2019). Trump doesn't dispute that *GEOMC Co.* sets the relevant standard, Opp. 19, but commits multiple errors in arguing that he satisfies it.

6

Trump first argues that "the counterclaim does not in any way exceed the scope of Plaintiff's *original* complaint." Opp. 20 (emphasis added). But the relevant question is whether Trump's counterclaim raises issues "beyond the scope of the new claims" in Carroll's *amended* complaint, not her original complaint. *GEOMC Co.*, 918 F.3d at 100. As this Court has recognized, there are no new claims, *Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 4393067, at *2 n.6 (S.D.N.Y. July 5, 2023), so Trump's counterclaim can be dismissed on this basis alone.

Next, Trump argues that he should be allowed to bring his counterclaim because it is compulsory under Rule 13(a). Opp. 20–21. That, too, ignores *GEOMC Co.*, since the Second Circuit was clear that there was "no need to consider Rule 13's distinction between compulsory and permissive counterclaims." 918 F.3d at 99 n.11; *see also Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C.*, No. 17 Civ. 8528, 2022 WL 836890, at *8–*9 & n.3 (S.D.N.Y. Mar. 21, 2022) (dismissing counterclaims based on *GEOMC Co.* that would otherwise qualify as compulsory). In reviewing a new counterclaim asserted in response to an amended complaint, a court may use Rule 15 standards to dismiss it. *See GEOMC Co.*, 918 F.3d at 101. In such circumstances, a defendant has no absolute right to assert a counterclaim even if it would have been considered compulsory under Rule 13 had it existed at the time of original pleading. *Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, No. 99 Civ. 4677, 2001 WL 1702151, at *5 (S.D.N.Y. Jan. 11, 2002).[3]

Trump further argues that no prejudice would come from allowing his late-stage counterclaim because "there appears to be ample time for the parties to engage in the necessary discovery practice without moving back the trial date." Opp. 22. Trump grossly understates the

---

[3] The authorities in Trump's opposition concern entirely distinct procedural postures. Opp. 21. In *Pfeffer v. Mark*, the defendants had asserted a compulsory counterclaim in their original answer, and the court considered whether to grant leave to replead when dismissing that counterclaim for failure to state a claim. No. 98 Civ. 6771, 2000 WL 516891, at *2 (E.D.N.Y. Mar. 16, 2000). The cited portion of Wright & Miller simply explains Rule 13(f), through which a party may seek leave "to amend the pleadings and assert a counterclaim that was omitted 'through oversight, inadvertence, or excusable neglect or if justice so requires.'" Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1430 (3d ed. 2013).

7

discovery that his counterclaim would require and ignores the additional motion practice and trial preparation that would inevitably ensue. Mot. 24–25. Moreover, Trump does not address the reasons why Carroll is justifiably concerned about delay. Mot. 25–27. The last promise Trump made to comply with a trial date ("I give you my word. … If you say April, I'm trying it in April. I'm not running from this obligation.") was followed by three separate adjournment requests. Conf. Tr. at 13, *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y. Feb. 7, 2023); *Carroll II*, ECF 61, 106, 108. Delay is no doubt Trump's goal, as evidenced by the most recent motion to stay he filed just days ago. ECF 185. Especially with his legal problems mounting,[4] Trump should not be allowed to maintain a counterclaim that he will inevitably use to cause further delay here.

### III.  THE COURT SHOULD STRIKE CERTAIN AFFIRMATIVE DEFENSES

While Trump relies on general caselaw that disfavors striking affirmative defenses, Opp. 22–24, he ignores the special considerations that apply in a case like this one, where a defendant presses an affirmative defense that has already been rejected. In such circumstances, the law-of-the-case doctrine means that "[t]here is no need to litigate the same issue again," and the defense may be stricken. *Fed. Trade Comm'n v. Quincy Bioscience Holding Co., Inc.*, No. 17 Civ. 124, 2020 WL 1031271, at *2 (S.D.N.Y. Mar. 2, 2020); *see* Mot. 27 (collecting cases).[5]

With respect to his defense of **nonactionable opinion** (Fifth Affirmative Defense), Trump concedes that his June 21 and 22 statements were not statements of opinion, but suggests that his June 24 statement—in which he claimed that the sexual assault "never happened"—might be. Opp. 24. The Court didn't address this issue on summary judgment because Trump never raised

---

[4] *E.g.*, Alan Feuer et al., *Trump Faces Major New Charges in Documents Case*, N.Y. Times (July 27, 2023), https://www.nytimes.com/2023/07/27/us/politics/trump-documents-carlos-de-oliveira-charged.html.

[5] Carroll's motion inadvertently listed Trump's Third Affirmative Defense. Mot. 27–28. That was an error, and we apologize for any confusion. Because that defense was not resolved by the Court's recent summary judgment decision, Carroll does not seek to strike it on law-of-the-case grounds.

it, and Trump does not now explain how a statement denying that a sexual assault "happened" does anything but "convey[] facts about" Carroll and the underlying events. *Davis*, 24 N.Y.3d at 270 (citation omitted). Given that a jury has determined *as a factual matter* that Trump sexually assaulted Carroll, it strains credulity for him to suggest that he intends to raise opinion as a defense. *See also* Opp. 6–7 (arguing that whether he raped Carroll is *not* a question of opinion).

With respect to **punitive damages** (Twelfth Affirmative Defense), Trump insists that "this Court determined only that Defendant 'failed to establish that there is not a genuine issue of material fact as to whether the prerequisites to a punitive damages award in this case have been satisfied.'" Opp. 24 (quoting *Carroll*, 2023 WL 4393067, at *20). But that's exactly the point. As written, Trump's affirmative defense is that Carroll is "not entitled to punitive damages as a matter of law," ECF 171 at 22 ¶ 12—meaning the jury is precluded from awarding punitive damages at trial. Trump can advance whatever *factual* positions he wants, but the Court's summary judgment decision certainly allows the jury to decide the question of punitive damages.

With respect to **defamation *per se*** (Fifteenth Affirmative Defense), Trump admits that the Court held that Carroll "had 'sufficiently pleaded a claim of libel *per se*.'" Opp. 25 (quoting *Carroll*, 2023 WL 4393067, at *14). But a pleading failure is exactly the argument in his defense. *See* ECF 171 at 22 ¶ 15 ("Plaintiff has not sufficiently pled defamation or defamation *per se*.").

Finally, with respect to the affirmative defense of **absolute presidential immunity** (First Affirmative Defense), Trump argues that despite his waiver of immunity, *see Carroll*, 2023 WL 4393067, at *5, "the defense has now been properly and timely raised since it was asserted in connection with Defendant's Amended Answer," Opp. 25. The law is clear, however, that defenses that "involve the core issue of a party's willingness to submit a dispute to judicial resolution, such as objections to lack of personal jurisdiction, improper venue, insufficiency of process and

9

insufficiency of service," are "irrevocably waived" if not raised in the initial answer and cannot be revived in an answer to an amended pleading. *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (cleaned up). Absolute presidential immunity is one such defense since the "fundamental purpose of presidential immunity is to avoid diversion of the president's energies and distracting a President from his or her public duties by subjecting the president to concern with private lawsuits." *Carroll*, 2023 WL 4393067, at *11 (cleaned up). In developing the doctrine, the Supreme Court left a president with the "ability to choose whether or not to defend himself or herself in a civil lawsuit in federal court," *id.* at *8, and Trump chose to defend himself here. *E.g.*, *Carroll v. Trump*, No. 160694/2019 (N.Y. Sup. Ct.), NYSCEF No. 103 at 3 (letter from Trump's attorney: "Plaintiff is free to pursue this action when the President is no longer in office."). This record establishes what the Second Circuit has called the "core issue," or Trump's "willingness to submit a dispute to judicial resolution." *Shields*, 25 F.3d at 1128.[6] By failing to assert absolute immunity when he was required to do so—and for multiple years thereafter—Trump waived his absolute presidential immunity defense. *See Carroll*, 2023 WL 4393067, at *5, *11.

## CONCLUSION

For the reasons above and in Carroll's opening brief, the Court should grant Carroll's motion to dismiss the counterclaim on substantive and procedural grounds, and should grant Carroll's motion to strike.

---

[6] While Trump argues that presidential immunity is *not* an issue of subject matter of jurisdiction, Opp. 26, that in no way helps him here. Since an objection to subject matter jurisdiction can never be waived, the "irrevocably waived" defenses discussed in *Shields* necessarily have to be defenses of a different kind. 25 F.3d at 1128.

10

| | |
|---|---|
| Dated: New York, New York<br>August 1, 2023 | Respectfully submitted,<br><br>*/s/ Roberta A. Kaplan*<br>Roberta A. Kaplan<br>Michael Ferrara<br>Shawn G. Crowley<br>Trevor W. Morrison (admitted *pro hac vice*)<br>Matthew J. Craig<br>Kaplan Hecker & Fink LLP<br>350 Fifth Avenue, 63rd Floor<br>New York, New York 10118<br>(212) 763-0883<br>rkaplan@kaplanhecker.com<br>mferrara@kaplanhecker.com<br>scrowley@kaplanhecker.com<br>tmorrison@kaplanhecker.com<br>mcraig@kaplanhecker.com<br><br>Joshua Matz<br>Kaplan Hecker & Fink LLP<br>1050 K Street NW, Suite 1040<br>Washington, DC 20001<br>(212) 763-0883<br>jmatz@kaplanhecker.com<br><br>*Counsel for Plaintiff E. Jean Carroll* |