# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>*Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), Defendant, Donald J. Trump ("Defendant"), by and through his attorneys, Habba Madaio & Associates, LLP, hereby provides the following responses and objections to Plaintiff E. Jean Carroll's ("Plaintiff") First Set of Requests for Admission. The responses set forth below reflect Defendant's present knowledge and the results of his investigation to date. Defendant reserves the right to supplement or amend these responses as may be necessary or appropriate in the future in accordance with Rule 26 of the Fed. R. Civ. P.

## PRELIMINARY STATEMENT

1.      The responses and objections contained herein (the "Responses") are made solely for the purpose of the above-captioned action (the "Action") and are not to be used in connection with any other action.

1

2.      The Responses reflect Defendant's knowledge, information, and belief as of the date of the Response. Defendant may engage in further investigation, discovery, and analysis that may uncover additional information, add meaning to known facts and/or support new factual and legal contentions, all of which may lead to changes in Defendant's Responses herein. Such investigation and discovery are continuing, and Defendant specifically reserves the right to supplement his Responses as necessary.

3.      Defendant will make reasonable efforts to respond to every Request to the extent the Request has not been objected to, as Defendant understands and interprets the Request. In the event that Plaintiff subsequently asserts an interpretation of a Request that differs from that of Defendant, Defendant reserve the right to amend and/or supplement his Response to the Request, but undertakes no obligation to do so.

4.      To the extent that any Response to any of the Requests herein or any related production of documents could be considered to constitute or include information subject to disclosure pursuant to Federal Rule of Civil Procedure 26(a), such Response and/or document production shall be deemed to constitute a supplemental Rule 26(a) disclosure by Defendant.

5.      In responding to Plaintiff's Requests, Defendant does not waive and hereby expressly reserves: (a) his right to assert any objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence, for any purpose, of any information and documents produced in response to Plaintiff's Requests; (b) his right to object on any ground to the use of the information and documents produced in response to Plaintiff's Requests at any hearing, trial, or other point during the litigation; and (c) his right to object on any ground at any time to a demand for further responses to Plaintiff's Requests.

6.      It should not be inferred from the form or substance of any Response to any Request that information responsive to any particular Request exists, or that any factual predicate for any Request is admitted. Nothing contained herein shall be construed to admit any fact.

7.      To the extent that Defendant objects to any Request, Defendant is willing to meet and confer with Plaintiff to attempt to resolve the objection.

## GENERAL OBJECTIONS

Defendant incorporates the following General Objections into each and every response below and the recitation of additional specific objections or the failure specifically to reference these general objections in the responses below should not be construed as a waiver of such objections.

1.      Defendant objects generally to Plaintiff's Requests to the extent that they seek to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York. Defendant will respond Plaintiff's Requests in accordance with Federal Rules of Civil Procedure and the Local Rules.

2.      Defendant objects generally to Plaintiff's Requests to the extent that they seek the disclosure of information that is subject to one or more privileges or protections from disclosure, including, but not limited to: the attorney-client privilege, the self-evaluative, privilege, the Presidential executive privilege, the attorney work product doctrine, the deliberative process privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, and any other applicable privilege, or confidential, restricted or proprietary information. In preparing the responses to these Requests, Defendant have assumed that the Requests are limited in time such

3

that they do not seek attorney-client or attorney work product material generated after the commencement of litigation. Accordingly, Defendant will not identify such material on any privilege log generated in this matter. Inadvertent production of any such documents or information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent production waive Defendant's right to object to the use of any such information or documents in any proceedings.

3.      Defendant objects to Plaintiff's Requests to the extent that they call for responses better suited for depositions.

4.      Defendant objects to Plaintiff's Requests to the extent that they seek responses constituting legal conclusions.

5.      Defendant object generally to Plaintiff's Requests to the extent that they seek information that is already in the possession and/or control of Plaintiff, or that is equally available to Plaintiff as to Defendant.

6.      Defendant's Responses and Objections to the Requests for Admission are not intended to be, and shall not be construed as, an agreement or concurrence by defendant with plaintiff's characterization of any facts, circumstances, and/or legal obligations. Defendant further objects to the Requests for Admission to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Defendant expressly reserves the right to contest any such characterization as inaccurate

7.      Defendant submits these responses without conceding the relevance or materiality of the subject matter of any Request, and without prejudice to Defendant's right to object to further discovery, to object to the admissibility at trial of any document requested, or to object to any other

4

proceeding in this Action.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST NO. 1.

Admit that, on June 21, 2019, You or authorized third parties published this statement

made by You:

"Regarding the 'story' by E. Jean Carroll, claiming she once encountered me at Bergdorf Goodman 23 years ago. I've never met this person in my life. She is trying to sell a new book—that should indicate her motivation. It should be sold in the fiction section. Shame on those who make up false stories of assault to try to get publicity for themselves, or sell a book, or carry out a political agenda—like Julie Swetnick who falsely accused Justice Brett Kavanaugh. It's just as bad for people to believe it, particularly when there is zero evidence. Worse still for a dying publication to try to prop itself up by peddling fake news—it's an epidemic. Ms. Carroll & New York Magazine: No pictures? No surveillance? No video? No reports? No sales attendants around?? I would like to thank Bergdorf Goodman for confirming that they have no video footage of any such incident, because it never happened. False accusations diminish the severity of real assault. All should condemn false accusations and any actual assault in the strongest possible terms. If anyone has information that the Democratic Party is working with Ms. Carroll or New York Magazine, please notify us as soon as possible. The world should know what's really going on. It is a disgrace and people should pay dearly for such false accusations."

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request to the extent that it seeks information that is protected from

disclosure by the attorney-client privilege, the Executive privilege, the presidential communications

privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the

work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary

information.

Defendant further objects to this Request to the extent that it seeks information already in the

possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to

5

Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 2.**

**Admit that the Statement referenced in Request For Admission No. 1 was published to third parties.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

Subject to and without waiving these specific objections and Defendant's general objections

asserted above, Defendant admits this Request.

## REQUEST NO. 3.

**Admit that the statement referenced in Request For Admission No. 1 was made without Plaintiff's consent.**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits that he did not seek Plaintiff's consent prior to issuing this statement, nor is it required for him to do so to exercise his First Amendment right to free speech. In addition, Plaintiff, by publicly accusing Defendant of wrongdoing, intentionally elicited and

consented to Defendant's statements.

**REQUEST NO. 4.**

**Admit that You made the statement referenced in Request For Admission No. 1 knowing it was false or with reckless disregard to whether it was false.**

**RESPONSE AND OBJECTIONS**:

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

**REQUEST NO. 5.**

**Admit that You made the statement referenced in Request for Admission No. 1 without verifying the accuracy or truth of the statements made.**

**RESPONSES AND OBJECTIONS**:

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A).

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

8

**REQUEST NO. 6.**

    **Admit that You do not know Plaintiff's motivation for stating that You sexually assaulted her.**

**RESPONSE AND OBJECTIONS:**

    Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "know" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 7.**

    **Admit that You have met Plaintiff.**

**RESPONSE AND OBJECTIONS:**

    Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "met" is vague and ambiguous. Defendant further objects to this Request

9

for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant has absolutely no recollection of having ever met Plaintiff.

**REQUEST NO. 8.**

**Admit that at the time You made the statement referenced in Request for Admission No. 1, You knew who Plaintiff was**.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "knew" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

10

**REQUEST NO. 9.**

      **Admit that the statement referenced in Request For Admission No. 1 implied that Plaintiff had invented a rape accusation to increase her book sales.**

**RESPONSE AND OBJECTIONS:**

      Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "implied" is vague and ambiguous. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 10.**

      **Admit that the statement referenced in Request For Admission No. 1 implied that Plaintiff had invented a rape accusation for political purposes.**

**RESPONSE AND OBJECTIONS:**

      Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "implied" is vague and ambiguous. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

11

**REQUEST NO. 11.**

   **Admit that the statement referenced in Request For Admission No. 1 implied that Plaintiff had invented a rape accusation in collusion or conspiracy with the Democratic Party.**

**RESPONSE AND OBJECTIONS:**

   Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "implied" is vague and ambiguous. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 12.**

   **Admit that, on June 22, 2019, You stated:**

   **"I have no idea who this woman is. This is a woman who has also accused other men of things, as you know. It is a totally false accusation. I think she was married—as I read; I have no idea who she is—but she was married to a, actually, nice guy, Johnson—a newscaster."**

**RESPONSE AND OBJECTIONS:**

   Defendant objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

   Subject to and without waiving Defendant's general objections asserted above, Defendant

12

admits this Request.

**REQUEST NO. 13.**

     **Admit that the statement referenced in Request For Admission No. 12 was published to third parties.**

**RESPONSE AND OBJECTIONS:**

     Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

     Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 14.**

     **Admit that the statement referenced in Request For Admission No. 12 was made without Plaintiff's consent.**

**RESPONSE AND OBJECTIONS:**

13

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits that he did not seek Plaintiff's consent prior to issuing this statement, nor is it required for him to do so to exercise his First Amendment right to free speech. In addition, Plaintiff, by publicly accusing Defendant of wrongdoing, intentionally elicited and consented to Defendant's statements.

**REQUEST NO. 15.**

**Admit that You made the statement referenced in Request For Admission No. 12 knowing it was false or with reckless disregard to whether it was false.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for

14

the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

## REQUEST NO. 16.

**Admit that You made the statement referenced in Request for Admission No. 12 without verifying the accuracy or truth of the statements made.**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

## REQUEST NO. 17.

**Admit that the statement referenced in Request For Admission No. 12 implied that Plaintiff had falsely accused other men of sexual impropriety.**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects

15

to this Request as the term "implied" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

## REQUEST NO. 18.

Admit that, on June 22, 2019, You stated:

**I have no idea who she is. What she did is—it's terrible, what's going on. So it's a total false accusation and I don't know anything about her. And she's made this charge against others. And, you know, people have to be careful because they're playing with very dangerous territory. And when they do that—and it's happening more and more. When you look at what happened to Justice Kavanaugh and you look at what's happening to others, you can't do that for the sake of publicity. New York Magazine is a failing magazine. It's ready to go out of business, from what I hear. They'll do anything they can. But this was about many men, and I was one of the many men that she wrote about. It's a totally false accusation. I have absolutely no idea who she is. There's some picture where we're shaking hands. It looks like at some kind of event. I have my coat on. I have my wife standing next to me. And I didn't know her husband, but he was a newscaster. But I have no idea who she is— none whatsoever. It's a false accusation and it's a disgrace that a magazine like New York— which is one of the reasons it's failing. People don't read it anymore, so they're trying to get readership by using me. It's not good. You know, there were cases that the mainstream media didn't pick up. And I don't know if you've seen them. And they were put on Fox. But there were numerous cases where women were paid money to say bad things about me. You can't do that. You can't do that. And those women did wrong things—that women were actually paid money to say bad things about me. But here's a case, it's an absolute disgrace that she's allowed to do that."**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose

16

burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 19.**

**Admit that the statement referenced in Request For Admission No. 18 was published to third parties.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections

asserted above, Defendant admits this Request.

**REQUEST NO. 20.**

Admit that the statement referenced in Request For Admission No. 18 was made without Plaintiff's consent.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits that he did not seek Plaintiff's consent prior to issuing this statement, nor is it required for him to do so to exercise his First Amendment right to free speech. In addition, Plaintiff, by publicly accusing Defendant of wrongdoing, intentionally elicited and consented to Defendant's statements.

**REQUEST NO. 21.**

Admit that You made the statement referenced in Request For Admission No. 18 knowing it was false or with reckless disregard to whether it was false.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P.

18

36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

**REQUEST NO. 22.**

**Admit that You made the statement referenced in Request for Admission No. 18 without verifying the accuracy or truth of the statements made.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

**REQUEST NO. 23.**

**Admit that the statement referenced in Request For Admission No. 18 implied that Plaintiff had been paid money to invent a rape accusation against You.**

**RESPONSE AND OBJECTIONS:**

19

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "implied" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 24.**

**Admit that at the time You made the statement referenced in Request for Admission No. 18, you knew who Plaintiff was.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request as the term "knew who Plaintiff was" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 25.**

Admit that, on June 24, 2019, You were quoted in the publication *The Hill* as having stated:

"I'll say it with great respect: Number one, she's not my type. Number two, it never happened. It never happened, OK?"

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

Subject to and without waiving Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 26.**

Admit that You made the statement referenced in Request for Admission No. 25.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant.

Subject to and without waiving Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 27.**

Admit that the statement referenced in Request For Admission No. 25 was published to third parties.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits this Request.

**REQUEST NO. 28.**

**Admit that the statement referenced in Request For Admission No. 25 was made without Plaintiff's consent.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, ambiguous and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects this this

22

Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits that he did not seek Plaintiff's consent prior to issuing this statement, nor is it required for him to do so to exercise his First Amendment right to free speech. In addition, Plaintiff, by publicly accusing Defendant of wrongdoing, intentionally elicited and consented to Defendant's statements.

**REQUEST NO. 29.**

**Admit that You made the statement referenced in Request For Admission No. 25 knowing it was false or with reckless disregard to whether it was false.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

**REQUEST NO. 30.**

**Admit that You made the statement referenced in Request for Admission No. 25**

23

**without verifying the accuracy or truth of the statements made.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request on the grounds that it calls for a legal conclusion and not an admission of facts, the application of law to fact, or an opinion as to either, as required by F.R.C.P. 36(a)(1)(A). Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant denies this Request.

**REQUEST NO. 31.**

**Admit that after Your June 21, June 22, and June 24 Statements were published, Plaintiff was terminated from her employment at Elle Magazine.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request to the extent that it seeks information that is not within Defendant's possession, custody, or control. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections

24

asserted above, despite having conducted a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny this Request.

**REQUEST NO. 32.**

Admit that Your June 21, June 22, and June 24 Statements were a substantial cause of Elle Magazine's termination of Plaintiff.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request to the extent that it seeks information that is not within Defendant's possession, custody, or control. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, despite having conducted a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny this Request.

**REQUEST NO. 33.**

Admit that Plaintiff has not been employed on a salaried basis since her termination from Elle Magazine.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request to the extent that it seeks information that is not within Defendant's possession, custody, or control. Defendant further objects to this Request to the extent

25

that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, despite having conducted a reasonable inquiry, the information Defendant knows or can readily obtain is insufficient to enable him to admit or deny this Request.

## REQUEST NO. 34.

**Admit that, in the Oval Office at the Resolute Desk, in the presence of Stephanie Grisham, You stated the following concerning Plaintiff's statement that You raped her: "You just deny it," "That's what you do in every situation. Right, Stephanie? You just deny it."**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of

26

Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 35.**

Admit that You referred to Stephanie Clifford as "Horse Face" and directed an agent to refer to Stephanie Clifford as "Horse Face."

**RESPONSE AND OBJECTIONS**:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 36.**

Admit that You have previously been accused of sexual misconduct, including sexual harassment, sexual assault, and/or rape by women other than Plaintiff.

**RESPONSE AND OBJECTIONS**:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad,

unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 37.**

**Admit that You have previously been accused of pinning women down and/or against walls.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further

28

objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 38.**

Admit that You have paid cash to women accusing You of sexual misconduct to not share their accusations publicly.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of

29

Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 39.**

Admit that You arranged for Stephanie Clifford to be paid $130,000 in order to not disclose a sexual encounter she had with You.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the Executive privilege, the presidential communications privilege, the Privacy Act, the Presidential Records Act, the deliberative process privilege, and/or the work-product doctrine and any other applicable privilege, or confidential, restricted or proprietary information. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 40.**

Admit that You have previously called accusations against You of sexual misconduct "false."

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad,

unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 41.**

**Admit that You have previously called accusations against You of sexual misconduct "total fabrications."**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the

31

Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 42.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were lying.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 43.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic Party.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party

nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 44.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic National Committee.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the

33

Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 45.**

> **Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic Congressional Campaign Committee.**

**RESPONSE AND OBJECTIONS:**

> Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 46.**

> **Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic Party.**

**RESPONSE AND OBJECTIONS:**

> Defendant objects to this Request for Admission on the grounds that it is vague, over broad,

34

unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 47.**

Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic National Committee.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens

or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 48.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by the Democratic Congressional Campaign Committee.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 49.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by Secretary Hillary Clinton.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 50.**

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by The Clinton Presidential Campaign.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time

period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

## REQUEST NO. 51.

**Admit that You have previously claimed that those accusing You of sexual misconduct were pushed to do so by Gloria Allred and/or other similarly situated individuals.**

## RESPONSE AND OBJECTIONS:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

## REQUEST NO. 52.

**Admit that You threatened to sue the *New York Times* over publishing stories**

38

**concerning accusations against You of sexual misconduct by Jessica Leeds.**

**RESPONSE AND OBJECTIONS**:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request as the term "sexual misconduct" is vague and ambiguous. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 53.**

**Admit that, in 2005, You stated: "I'd better use some Tic Tacs just in case I start kissing her [the woman Trump was looking at, whom he had never met before]. You know, I'm automatically attracted to beautiful—I just start kissing them. It's like a magnet. Just kiss. I don't even wait. And when you're a star, they let you do it. You can do anything. Grab them by the pussy. You can do anything.    Oh, [she has] nice legs, huh?**

**RESPONSE AND OBJECTIONS**:

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any

party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

**REQUEST NO. 54.**

 Admit that in the 1990s, Trump Towers, was located on 725 5th Avenue New York, NY 10019, which is one block from Bergdorf Goodman department store located at 754 Fifth Avenue, New York, New York, 10019.

**RESPONSE AND OBJECTIONS:**

 Defendant objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

 Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant admits that Trump Towers is located on 725 5th Avenue New York, NY 10019.

**REQUEST NO. 55.**

**Admit that You appeared in a photograph with Plaintiff in 1987**.

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request to the extent that it seeks information already in the possession of Plaintiff and/or information that may be equally available to Plaintiff as they are to Defendant. Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

Subject to and without waiving these specific objections and Defendant's general objections asserted above, Defendant does not recall having ever been photographed with Plaintiff. To the extent any such photograph may exist, the document speaks for itself.

**REQUEST NO. 56.**

**Admit that You saw Plaintiff outside of the Store in the 1990s.**

**RESPONSE AND OBJECTIONS:**

Defendant objects to this Request for Admission on the grounds that it is vague, over broad, unduly burdensome, and seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request for Admission on the grounds that it is not limited to a reasonable time period.

41

Defendant further objects this this Request to the extent that it seeks to impose burdens or obligations on Defendant beyond those required or permitted by the applicable provisions of the Federal Rules of Civil Procedure or Local Civil Rules for the United States District Court for the Southern District of New York.

## REQUEST NO. 57.

Admit that when You saw Plaintiff at the Store You recognized Plaintiff on sight.

## RESPONSE AND OBJECTIONS:

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

## REQUEST NO. 58.

Admit that You put Your hand up to stop Plaintiff from exiting the Store.

## RESPONSE AND OBJECTIONS:

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

## REQUEST NO. 59.

Admit that You asked Plaintiff for advice on buying presents for "a girl" at the Store.

## RESPONSE AND OBJECTIONS:

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

## REQUEST NO. 60.

Admit that You brought Plaintiff to the Store's lingerie department.

42

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 61.**

**Admit that You grabbed Plaintiff's arm and maneuvered her to the Store's dressing room.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 62.**

**Admit that You lunged at Plaintiff in the dressing room of the Store.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 63.**

**Admit that You pushed Plaintiff against the wall in the dressing room of the Store.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 64.**

**Admit that You bumped Plaintiff's head against the wall in the dressing room of the Store.**

43

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 65.**

Admit that You put Your mouth on Plaintiff's lips in the dressing room of the Store.

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 66.**

Admit that You jammed Your hand under Plaintiff's coatdress in the dressing room of the Store.

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 67.**

Admit that You pulled down Plaintiff's tights in the dressing room of the Store.

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 68.**

Admit that You opened Your overcoat and unzipped Your pants in Plaintiff's presence in the dressing room of the Store.

44

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 69.**

**Admit that You pushed Your fingers around Plaintiff's genitals in the dressing room of the Store.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 70.**

**Admit that You forced Your penis inside of Plaintiff in the dressing room of the Store.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 71.**

**Admit that Plaintiff attempted to stomp on Your foot with her high heels in the dressing room of the Store.**

**RESPONSE AND OBJECTIONS:**

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 72.**

45

Admit that Plaintiff attempted to push You away in the dressing room of the Store.

**RESPONSE AND OBJECTIONS**:

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

**REQUEST NO. 73.**

Admit that You raped Plaintiff in the dressing room of the Store.

**RESPONSE AND OBJECTIONS**:

Subject to and without waiving Defendant's general objections asserted above, Defendant denies this request.

## RESERVATION OF RIGHTS

The instant disclosure is without prejudice to and with a reservation of all rights to supplement, modify or amend Defendant's disclosure in accordance with the Federal Rules of Civil Procedure and/or any other applicable rules.

Respectfully submitted,

Dated: July 13, 2022
    New York, New York

Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
    -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Phone: (908) 869-1188
Fax: (908) 450-1881
Email: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

46

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, | Civil Action No.: 1:20-cv-7311-LAK-JLC |
| *Plaintiff,* | |
| v. | |
| DONALD J. TRUMP, in his personal capacity, | |
| *Defendant.* | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day, July 13, 2022, I served a true and correct copy of Defendant Donald J. Trump's Responses and Objections to Plaintiff's First Set of Interrogatories by e-mail upon counsel for Plaintiff E. Jean Carroll and by overnight delivery service to:

Roberta A. Kaplan
KAPLAN HECKER & FINK
350 Fifth Avenue, 63rd Floor
New York, New York 10118

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001

*Counsel for Plaintiff E. Jean Carroll*

Dated: July 13, 2022                          By:_____
New York, New York                                    Alina Habba, Esq.

47