**KAPLAN HECKER & FINK LLP**

# MEMO ENDORSED

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-8-2023

August 3, 2023

Denied as moot by Court's decision on plaintiff's motion to dismiss (Dkt 200).

SO ORDERED.
/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Court Judge
Dated: August 8, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Carroll v. Trump*, 20 Civ. 7311 (LAK) ("*Carroll I*")

Dear Judge Kaplan:

    We write on behalf of Plaintiff E. Jean Carroll to propose a way to limit potentially unnecessary briefing in connection with Defendant Donald J. Trump's "motion for entry of an order limiting the issues on grounds of collateral estoppel" that was filed yesterday. (ECF 193.)

    More specifically, Trump's motion first argues that the *Carroll II* jury verdict precludes Carroll from contesting the falsity element on the counterclaim that Trump recently asserted in this action. ECF 193 at 4-6. Because of the significant overlap between that aspect of Trump's motion and our motion to dismiss the counterclaim, (ECF 175 at 10-15, ECF 188 at 1-3), we respectfully request that our response to Trump's first collateral estoppel argument be due two weeks after Your Honor issues a decision on Plaintiff's motion to dismiss the counterclaim, since the Court's decision on our motion could moot this argument altogether.

    Although we will respond to Trump's second collateral estoppel argument that "[b]ased on the principles of collateral estoppel, the judgment in *Carroll II* operates to limit Plaintiff's entitlement to damages in the instant action," ECF 194 at 6, on August 16, 2023, we note that Trump's argument in this regard borders on frivolous. The issues of defamation damages in the two actions are obviously not identical since they are based on statements at different points in time, and the proper amount of damages in *Carroll I* was not actually raised, decided, or necessary to the *Carroll II* judgment. *See Conason v. Megan Holding, LLC*, 25 N.Y.3d 1, 17 (2015). In fact, Your Honor has already *rejected* Trump's claim that "the jury award for [Trump's] 2022 statement improperly included damages for the 2019 statements." *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 4612082, at *24 (S.D.N.Y. July 19, 2023).