UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>                Plaintiff,<br><br>-against-<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>                Defendant. | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO FACTS ESTABLISHED BY THE VERDICT IN *CARROLL II***

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
        -and-
112 West 34th St, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

The defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in opposition to Plaintiff's motion for partial summary judgment (the "Motion"), ECF 189, filed by the plaintiff, E. Jean Carroll ("Plaintiff"). In accordance with the Court's memorandum endorsement dated August 3, 2023, *see* ECF 198, this memorandum is submitted in response to the Motion only insofar as it seeks a determination with respect to facts established by the verdict in *Carroll v. Trump*, No. 1:22-cv-1001 (S.D.N.Y 2022) ("*Carroll II*").[1] For the reasons set forth herein, Plaintiff's motion should be denied in this respect.

## ARGUMENT

It is well established that "[c]ollateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Boguslavsky v. Kaplan*, 159 F.3d 715, 720 (2d Cir. 1998) (citations omitted). "In addition to the four factors listed above, a court must also satisfy itself that application of offensive collateral estoppel is fair." *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 236 (2d Cir. 2018).

Collateral estoppel may be offensive or defensive. The doctrine of offensive collateral estoppel allows a plaintiff to preclude a defendant from relitigating an issue that has been previously decided against the same defendant. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S. Ct. 645, 650 (1979) ("The present case, by contrast, involves offensive use of collateral estoppel—a plaintiff is seeking to estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff."). Here, Plaintiff is plainly

---

[1] In accordance with the Court's directive, Defendant will be filing a separate brief in response to the Motion insofar as it seeks partial summary judgment.

1

seeking to invoke collateral estoppel in an offensive fashion—she is attempting to prevent Defendant from relitigating issues which she claims were conclusively decided against him in *Carroll II*.

"The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issues." *Constantine v. Teachers Coll.*, 448 Fed. Appx. 92, 93-94 (2d Cir. 2011) (quoting *Evans v. Ottimo*, 469 F.3d 278, 281-82 (2d Cir. 2006)) (internal quotation marks omitted). Courts prohibit the use of offensive collateral estoppel where there is any ambiguity regarding which issues actually were decided in the prior proceeding. *Chew v. Gates*, 27 F.3d 1432, 1438 (9th Cir.1994), cert. denied, 513 U.S. 1148, 115 S.Ct. 1097 (1995); *see also Khandhar v. Elfenbein*, 943 F.2d 244, 248 (2d Cir. 1991). The Supreme Court has further cautioned that "where the application of offensive collateral estoppel would be unfair to a defendant, a trial judge should not allow the use of collateral estoppel." *Parklane Hosiery*, 439 U.S. at 331, 99 S.Ct. at 652; *see also Bear, Stearns & Co. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005) ("These four factors are required but not sufficient. In addition, a court must satisfy itself that application of the doctrine is fair.").

In her motion, Plaintiff identifies precisely thirteen specific factual findings which she claims should be given preclusive effect in the instant action. Yet, Plaintiff does not even attempt to satisfy her weighty burden to demonstrate why the doctrine of collateral estoppel should be applied. Indeed, in her motion papers, Plaintiff merely offers a single paragraph of threadbare explanation as to why the thirteen enumerated facts should be granted preclusive effects and merely parrots the elements of collateral estoppel.[2] Beyond Plaintiff's failure to adequately set

---

[2] *See* Plaintiff E. Jean Carroll's Memorandum of Law In Support of her Motion for Partial Summary Judgment (ECF 190) ("Pltf. Brief") at 14.

forth her position, preclusive effect should be denied for several additional reasons. Each objectionable fact is addressed, in turn, below.

I. **The *Carroll II* Judgment Remains Pending on Appeal.**

In her motion, Plaintiff asserts, among other things, that the jury's finding in *Carroll II* that Defendant "sexually abused" her has preclusive effect in the instant action.[3] With respect to this issue, it must be noted that Defendant maintains that the alleged incident did not occur and that the jury's decision was made in error. As such, Defendant has appealed the *Carroll II* judgment and will be vigorously contesting the jury's verdict before the United States Court of Appeals for the Second Circuit. *See Carroll II*, ECF 179. While it is true that the "pendency of an appeal does not prevent the use of the challenged judgment as the basis of collateral estoppel," *Anonymous v. Dobbs Ferry Union Free Sch. Dist.,* 19 A.D.3d 522, 522 (2d Dept. 2005), it is also "well-settled in this circuit that a vacated order has no collateral estoppel effect," *Harris Tr. & Sav. Bank v. John Hancock Mut. Life Ins. Co.*, 970 F.2d 1138, 1146 (2d Cir. 1992). Thus, Defendant reserves all rights to seek to vacate any preclusive effect that the *Carroll II* judgment may be granted in the instant action should the Second Circuit ultimately find in his favor in the *Carroll II* appeal.

II. **Plaintiff's Attempt to Go Beyond the Jury's Instruction as it Relates to The Defamatory Nature of The October 2022 Statement Is Impermissible and Cannot Be Afforded Collateral Estoppel.**

Plaintiff contends that several factual findings should be given preclusive effect, even though said findings were not actually decided by the jury in *Carroll II*. Namely, Plaintiff requests that collateral estoppel be applied to the following factual assertions:

1. "Trump's statement that Carroll fabricated her sexual assault allegation for nefarious purposes was defamatory."

2. "Trump's statement that he had never met Carroll, and that he did not know who she was, was defamatory."

---

[3] Pltf. Brief at 13.

3. "Trump's claim that Carroll fabricated the sexual assault allegation for nefarious purposes was false."

4. "Trump's claim that he had never met Carroll, and that he did now know who she was, was false."

Each of the above-referenced statements fails the collateral estoppel test on at least two separate grounds. First, the issues here are not identical, as they concern two separate sets of statements, namely, the June 2019 statements and the October 2022 statement. Indeed, when "the facts essential to a judgment are distinct in the two cases, the issues in the second case cannot properly be said to be identical to those in the first, and collateral estoppel is inapplicable." *Envtl. Def. v. EPA*, 369 F.3d 193, 202 (2d Cir. 2004). Since the wording, timing, and motivations behind each statement vary, the issues are distinct, and the principle of collateral estoppel cannot be invoked. Even Plaintiff has acknowledged that *Carroll I* and *Carroll II* involve "separate cases to address separate injuries arising from separate statements published more than three years apart." *See* ECF 204 at 8. Thus, issue preclusion is inappropriate on this basis alone.

Second, none of the above statements—which Plaintiff claims are precluded due to the jury's finding that the statement was 'defamatory' and 'false''—involve issues that were necessary to support a valid and final judgment on the merits. An issue is "necessary or essential only when the final outcome hinges on it." *Bobby v. Bies*, 556 U.S. 825, 835, 129 S.Ct. 2145. This requirement "'protect[s]' against unfairness [ ] by ensuring that the issue [was] 'really disputed and that the loser ... put out his best efforts.'" *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 307 (2d Cir. 1999) (first alteration in original) (quoting *The Evergreens v. Nunan*, 141 F.2d 927, 929 (2d Cir. 1944)); *see also United States v. Hussein*, 178 F.3d 125, 129 (2d Cir. 1999) (explaining that when an issue was unnecessary to a judgment, the parties may have had "limited incentive to litigate [it] fully," and it may have been "less likely to receive close judicial attention.") (citation omitted)).

4

Here, the *Carroll II* jury charge is particularly informative. When discussing the criteria the jury was to consider in determining whether the October 2022 statement was false, the Court plainly instructed the jury that a single factor was dispositive on the issue of falsity, stating: "[a]s you probably already have guessed, whether Mr. Trump's statement is false or true depends *largely or entirely* on whether you find that Mr. Trump raped or sexually abused or forcibly touched or otherwise sexually attacked Ms. Carroll."[4] As such, the jury was not asked to—and in fact did not—consider whether the October 2022 statement was made pursuant to a "nefarious purpose" to Plaintiff's sexual assault allegations, nor whether Defendant lied when he claimed that he did not know Plaintiff. The only question that the jury considered on the issue of falsity was whether it believed that the sexual assault occurred. Since the other issues were not considered or otherwise part of the jury's decision on this issue, it is beyond dispute that they were not necessary to support a valid and final judgment on the merits, and therefore, collateral estoppel cannot be invoked.

## CONCLUSION

For all the reasons above, Defendant respectfully requests that Plaintiff's motion be denied in its entirety.

Dated: New York, New York
August 16, 2023

Respectfully submitted,

_____
Alina Habba, Esq.
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Phone: (908) 869-1188

---

[4] *Id*. at 1431:2-6 (emphasis added).

5

Fax: (908) 450-1881
Email: ahabba@habbalaw.com
       mmadaio@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*