UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,
          *Plaintiff,*

v.

DONALD J. TRUMP, in his personal capacity,

          *Defendant.*

No. 20 Civ. 7311 (LAK)

**PLAINTIFF E. JEAN CARROLL'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

On July 19, 2023, this Court ordered the parties to identify by August 2, 2023 "each fact or proposition of law" as to which they claim that "*Carroll II* has preclusive effect in this action." ECF 178. In her motion for partial summary judgment, Plaintiff E. Jean Carroll complied with that Order and identified 13 specific issues as to which the law of preclusion (or collateral estoppel) applies. In his opposition brief, Defendant Donald J. Trump offered three objections. Once again, and as discussed below, not one of Trump's arguments has any merit.[1]

**ARGUMENT**

Trump first asserts that Carroll "does not even attempt" to explain "why the doctrine of collateral estoppel should be applied" to the 13 factual propositions set forth in her brief. ECF 206 ("Opp.") at 2. This is plainly incorrect. Carroll addressed every aspect of the *Carroll II* proceeding relevant to her motion—including evidence offered at trial, arguments made by the parties in their summations, the instructions given to the jury, and the jury's findings on the special verdict form. ECF 190 ("Mot.") at 5–9. Carroll also set forth the list requested by the Court of "precisely each

---

[1] Pursuant to the Court's Order dated August 3, 2023, Carroll will respond to any opposition from Trump unrelated to "the facts established by the *Carroll II* verdict" on August 30, 2023. ECF 198.

fact or proposition of law" established by the *Carroll II* judgment, *id.* at 9, 12–14, and expanded on the relevant collateral estoppel analysis while explaining why she prevails on all the merits elements of her defamation claim in this action, *id.* at 14–22. Trump's "because I say so" argument that Carroll failed to carry her burden reflects a patent failure to engage with Carroll's detailed analysis. Indeed, as to nine of the 13 precluded points set forth in Carroll's brief (specifically, propositions 1, 2, 3, 4, 7, 8, 9, 10, and 13), Trump identifies no reason whatsoever why preclusion should not apply. He has thus waived any such arguments. And as to the remaining four points (propositions 5, 6, 11, and 12), Trump's arguments fail as explained below.[2]

Second, Trump argues conclusorily that "the alleged incident did not occur" and "the jury's decision was made in error." Opp. 3. This is not an argument at all. It is instead a placeholder for arguments that he anticipates making in the (unlikely) event that the *Carroll II* judgment is vacated on appeal. But because, as Trump concedes, the "'pendency of an appeal does not prevent the use of the challenged judgment as the basis of collateral estoppel,'" Opp. 3 (citation omitted), Trump's contentions hold no water when it comes Carroll's request for the application of collateral estoppel.

This leaves only Trump's objection to Carroll's request for findings of preclusion as to the falsity and defamatory nature of two claims made by Trump himself: that Carroll fabricated the sexual assault allegation for nefarious purposes, and that Trump had never met Carroll and did not know who she was (propositions 5, 6, 11, and 12).

Trump leads by insisting that the issues in *Carroll I* and *Carroll II* are not identical—and that collateral estoppel cannot apply—because the cases "concern two separate sets of statements" with different "wording, timing, and motivations." Opp. 4. But when it comes to defamation, there

---

[2] While Trump cites federal collateral estoppel precedent to contend that the application of collateral estoppel must be fair, *see* Opp. 2, he fails to acknowledge that New York law (not federal law) governs here. Mot. 10. Regardless, Trump offers no reason to believe that it would be unfair to apply collateral estoppel to the issues identified by Carroll.

is no special rule for purposes of collateral estoppel requiring that the statements be identically worded or published at the same time. All that is required is that the relevant statements be false and defamatory in the same way. *See* Opp. 4 (citing *Env't Def. v. EPA.*, 369 F.3d 193, 202 (2d Cir. 2004), a precedent applying federal collateral estoppel law and indicating that collateral estoppel is proper where the "essential facts" at issue in two cases are identical). Here, despite their different wording and timing, the semantic content of Trump's statements in June 2019 and October 2022 is the same: both deny that Trump sexually assaulted Carroll; both deny that he met her or knew her; and both accuse her of fabricating her accusation for nefarious reasons. In *Carroll II*, the jury found these claims to be both false and defamatory. Those jury findings apply to the June 2019 statements, which made the exact same underlying claims using only slightly different nouns and verbs. *See Condit v. Dunne*, 317 F. Supp. 2d 344, 361 (S.D.N.Y. 2004) (falsity "focuses on whether the statement's substance or implication constitutes a 'provably false assertion of fact'") (citation omitted).

Trump's fallback argument is more limited: he contends that collateral estoppel does not require a finding in *Carroll I* that it was false and defamatory for him to claim that Carroll "fabricated her sexual assault allegation for nefarious purposes" and that Trump "had never met Carroll, and [] did not know who she was." Opp. 3–4. In making this argument, Trump tacitly admits that collateral estoppel *does* require a finding that it was false and defamatory for him to deny sexually assaulting Carroll. As Trump sees it, however, *Carroll II* went no further than that finding: the jury found "only" that Trump lied when he denied assaulting Carroll and was "not asked to—and in fact did not—consider" whether Trump spoke falsely when he claimed that Carroll fabricated her account for nefarious purposes or that he had never met her. Opp. 5.

This argument is flawed in at least two respects. Most fundamentally, it is foreclosed by the factual record in *Carroll II*. In his October 2022 statement, Trump denied sexually assaulting Carroll, accused her of inventing the allegation for nefarious reasons (when he referred to her accusation as a "con job" and a "Hoax"), and said he had never met or known her. *See* Pl. 56.1 ¶ 28.[3] The jury was asked whether that statement was false and defamatory, and the jury determined that it was. *Id.* ¶ 41; *Carroll II*, ECF 174. There is no basis to conclude that the jury did not reach (let alone consider) these interrelated points. And any doubt is resolved by Trump's own defense at trial, which rested almost completely on the claim that Carroll had fabricated her entire account for nefarious reasons—as defense counsel put it in his summation, for "money, status, political reasons." Pl. 56.1 ¶ 39; *see Kret by Kret v. Brookdale Hosp. Med. Ctr.*, 93 A.D.2d 449, 460 (2d Dep't 1983), *aff'd*, 61 N.Y.2d 861 (1984) (rejecting opposition to issue preclusion where the party sought "to retry his case based upon the exact facts upon which he previously relied").

Moreover, and independently, the *Carroll II* jury unquestionably found that Trump spoke falsely in denying that he had sexually assaulted Carroll. And that finding *necessarily* included the subsidiary finding that Trump spoke falsely in claiming that he never met or knew Carroll and she had fabricated the assault allegation for nefarious reasons. As a matter of both logic and common sense, the two cannot be disentangled. If the assault happened, then Carroll did not fabricate it for nefarious reasons; and if the assault happened, then Trump had met Carroll and knew who she was. Any argument otherwise would result in the precise sort of re-litigation of settled issues that collateral estoppel is designed to prevent.

---

[3] Trump's own deposition testimony, played for the jury, confirmed that the word "Hoax" refers to a fabrication for nefarious reasons. Pl. 56.1 ¶ 24; *see also Carroll II*, ECF 158 (order on deposition designations).

4

## CONCLUSION

For the reasons above, Carroll's partial motion for summary judgment should be granted.

Dated: New York, New York
August 23, 2023

Respectfully submitted,

_____
Roberta A. Kaplan
Michael Ferrara
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*