UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,
         *Plaintiff*,

v.

DONALD J. TRUMP, in his personal capacity,

         *Defendant*.

No. 20 Civ. 7311 (LAK)

**PLAINTIFF E. JEAN CARROLL'S FURTHER REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT**

      In her motion for partial summary judgment, Plaintiff E. Jean Carroll explained why the law of collateral estoppel together with the evidentiary record entitle her to summary judgment on all elements of her defamation claim other than damages. ECF 190 ("Mot."). Although Defendant Donald J. Trump was granted permission to file a second brief so that he could respond to certain arguments in Carroll's summary judgment motion unrelated to collateral estoppel, ECF 198, he offers no response whatsoever to most of those arguments. And, as set forth below, the arguments he does make either mischaracterize Carroll's arguments, lack merit, or both.

**ARGUMENT**

      A couple of preliminary points are in order. First, while Trump argues that the "finding of battery in *Carroll II* has no bearing" here in *Carroll I* because the standard of proof is different, ECF 211 ("Second Opp.") at 6, we do not rely on the *Carroll II* jury verdict on battery in seeking summary judgment on falsity or actual malice. Mot. 18–22. As a result, Trump's objection is irrelevant. *Second*, Trump argues that Carroll committed a "fatal error" by relying "upon the *Carroll I* verdict in the broadest sense, merely contending, in complete conclusory fashion, that the statements in *Carroll I* and *Carroll II* are 'substantially similar[].'" Second Opp. 8–9. But the

only "conclusory" argument here is Trump's own: Carroll offered a detailed and record-based argument why the 2022 and 2019 statements are substantially similar, which is well supported by both the law and the facts. *See* Mot. 14–22.

To reiterate, Carroll seeks summary judgment on the merits elements of her *Carroll I* defamation claim: namely, that Trump's June 2019 statements: (1) were published; (2) were of and concerning Carroll; (3) carried a defamatory meaning; (4) were false; and (5) were made with actual malice. *Id.* at 14. Because Trump's opposition briefs say nothing about the first two elements (publication and whether the statements concerned Carroll), *see* Second Opp.; ECF 206 ("First Opp."), he has waived any argument concerning these factors. *See, e.g.*, *Kovaco v. Rockbestos-Surprenant Cable Corp.,* 834 F.3d 128, 143–44 (2d Cir. 2016). Trump fares no better with respect to the remaining three elements of Carroll's defamation claim.

**Defamatory meaning.** In her opening brief, Carroll advanced two independent arguments for why summary judgment is warranted on defamatory meaning—an argument based on collateral estoppel, *see* Mot. 16–17, and an argument based on the undisputed record and the Court's prior rulings, *id.* at 17–18. Trump says nothing in response to Carroll's second ground for summary judgment. *See* Second Opp. 9–12. Trump's position fails for that reason alone.

But even on Carroll's first ground, Trump's argument lacks merit. Trump contends that there is no "identity of issues" because "the jury in *Carroll II* was specifically instructed not to consider the contents of the June 2019 statements in reaching its verdict." Second Opp. 10. However, the relevant question here is not whether the jury was asked to impose liability for those earlier statements, but whether a specific *issue* is shared by two distinct proceedings. A jury finding in one case may still have preclusive effect with respect to a "different cause of action" in another, even if the jury instructions wouldn't have been the same. *Newsday, Inc. v. Ross*, 80 A.D.2d 1, 5

(2d Dep't 1981) (citation omitted). In *Carroll II*, the jury was asked whether a statement in which Trump denied the sexual assault, accused Carroll of fabricating her accusation for improper motives, and claimed that he had never met her would "tend[] to disparage a person in the way of his or her business, office, profession or trade" or "expose a person to hatred or contempt or aversion or to induce an evil or an unsavory opinion of that person in the minds of a substantial number of the community." Pl. 56.1 ¶ 42. The jury answered "yes." The issue here is no different: the June 2019 statements make the same claims about the same person who was in the same profession. Identity of issues is therefore satisfied.

We certainly agree that Trump used different words in each statement. But Trump's particular choice of words does not change the defamatory meaning or implication behind what he said. *Compare Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 4393067, at *4 (S.D.N.Y. July 5, 2023) ("The core of Ms. Carroll's [*Carroll I*] defamation claim is that Mr. Trump lied in accusing her of fabricating her sexual assault allegation against him in order to increase sales of her book and for other improper purposes."), *with Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 4612082, at *25 (S.D.N.Y. July 19, 2023) ("The crux of Ms. Carroll's [*Carroll II*] defamation claim was that Mr. Trump defamed her by stating that she lied about him sexually assaulting her in order to increase sales of her new book or for other inappropriate purposes."). *See also Misek-Falkoff v. Am. Law. Media, Inc.*, 300 A.D.2d 215, 215 (1st Dep't 2002) (applying collateral estoppel where defamatory portions of two articles were, "in sum and substance, the same"). Indeed, the only two differences Trump identifies between the statements (that the October 2022 statement does not contain any allegation that Carroll fabricated the allegations in order to promote her book and "made no mention of Plaintiff furthering a political agenda") arguably make the earlier 2019 statements even more defamatory than the 2022 statement. *See* Second Opp. 12. Given this

3

fundamental overlap, Trump cannot escape the application of collateral estoppel. *See, e.g.*, *Schaeffer v. Eli Lilly & Co.*, 113 A.D.2d 827, 830 (2d Dep't 1985).[1]

***Falsity.*** Trump is also wrong when it comes to falsity. Here, Trump insists that the *Carroll II* jury "was singularly tasked with determining whether the sexual assault occurred." Second Opp. 13. That position is wrong for numerous reasons that Carroll has already explained. *See* ECF 210 at 2–4.

But even if the *Carroll II* jury had merely determined that Trump lied in denying that he had sexually assaulted Carroll, summary judgment on falsity would still be appropriate. As a matter of logic and common sense, if collateral estoppel requires a finding that Trump sexually assaulted Carroll, then no reasonable juror could find that Carroll fabricated the assault for nefarious reasons or that Trump had never met Carroll. *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (no reasonable juror could believe a story "blatantly contradicted by the record"); *Allah v. Wilson*, No. 13 Civ. 4269, 2017 WL 4350611, at *5 (S.D.N.Y. July 31, 2017) (no reasonable juror could accept position that was "inconsistent and contradicted by undisputed [evidence]").[2]

***Actual malice.*** In her opening brief, Carroll offered two independent grounds for summary judgment on actual malice. Her first argument invoked the preclusive effect of the *Carroll II* jury's actual malice finding. Her second argument drew upon the evidentiary record of undisputed facts,

---

[1] While Trump suggests that collateral estoppel does not apply because his June 22, 2019 statement also accused Carroll of making false accusations against other men, *see* Second Opp. 12, that part of his 2019 statement is patently defamatory as a matter of law. Mot. 16–17.

[2] Although Trump objects that the *Carroll II* jury did not make any findings concerning his June 24, 2019 statement that Carroll "is not his type," Second Opp. 14, Carroll has never argued that this portion of Trump's June 24, 2019 statement is false or defamatory. *See, e.g.*, ECF 6-1 ¶¶ 97–100 (complaint); ECF 157-1 ¶¶ 98–101 (amended complaint). This portion of Trump's June 24, 2019 statement is relevant because it reveals Trump's mental state and malicious intent.

as well as the *Carroll II* jury's finding that Trump spoke falsely while denying that he sexually assaulted her. *See* Mot. 20–22.

In response to Carroll's first argument, Trump emphasizes the need to assess a defendant's "subjective awareness of falsity" in connection with "each statement." *Id.* at 15. We agree. That, in fact, is exactly how we approached the issue. Given that Trump's statements in 2019 and 2022 made the same false claims concerning Carroll, the summary judgment inquiry is straightforward: could a reasonable juror, faced with the established fact that Trump acted with actual malice in October 2022, find that Trump did not act with actual malice in June 2019? For the reasons Carroll has already explained, the answer to that question is "no." *See* Mot. 20–21.

In response to Carroll's second argument, Trump says that "failing to investigate Carroll's account simply does not move the needle." Second Opp. 18. But in his 56.1 response, Trump admits that "he had no memory of anyone contacting him with information about Carroll after asking people to do so in his June 21 statement," ECF 212 ¶ 15; he "issued all three of his June 2019 statements without reading the excerpt in *New York Magazine* or Carroll's book itself," *id.* ¶ 16; "no one ever reached out to Bergdorf's," *id.* ¶ 18; and "[a]t the time of his statements, [he] had no knowledge regarding Carroll's financial situation, the arrangement between Carroll and her publisher, or her book sales," *id.* ¶ 19. *See* Mot. 21–22. Moreover, these issues concern only a subsidiary point in Carroll's argument, namely that the evidentiary record demonstrates how Trump's conduct in 2019 reflected a gross and willful disregard for the truth. *See* Mot. 21–22. Trump offers no response to Carroll's main argument, which is that no reasonable juror could find

that Trump was unaware of his own past conduct in 2019. *Id.* at 20. The undisputed record only confirms that conclusion.[3]

## CONCLUSION

For the reasons above and in Carroll's prior briefs, Carroll's partial motion for summary judgment should be granted.

Dated: New York, New York
       August 30, 2023

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
Michael Ferrara
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
mferrara@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, D.C. 20001
Telephone: (212) 763-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

---

[3] Where Trump does purport to dispute facts relevant to actual malice, *see* ECF 212 ¶¶ 13-14, 17, 20, 24, he makes only *pro forma* objections and does not abide by Local Rule 56.1(d)'s requirement that a purported dispute about a material fact "must be followed by citation to evidence which would be admissible."