UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E. JEAN CARROLL,

                       Plaintiff,

               -against-                                20-cv-7311 (LAK)

DONALD J. TRUMP, in his personal capacity,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION *IN LIMINE*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, E. Jean Carroll, moves *in limine* for an order ruling on six requests. Five of those requests pertain to the issue of liability – *i.e.*, whether the defendant, Donald Trump, defamed Ms. Carroll in certain statements he made while he was president in 2019 in response to Ms. Carroll's public accusation that he sexually assaulted ("raped") her.[1] On September 6, 2023, this Court determined that the trial in this case shall be limited to the issue of damages only for the reasons discussed in its decision granting Ms. Carroll's motion for partial summary judgment.[2]

---

[1]    Those five requests are: (1) "admitting [Ms.] Carroll's prior consistent statements to Lisa Birnbach and Carol Martin about Defendant Donald J. Trump's attack", (2) "admitting the testimony of Natasha Stoynoff and Jessica Leeds regarding their own experiences with [Mr.] Trump", (3) "excluding testimony from witnesses whom [Mr.] Trump has not disclosed, precluding Trump from testifying to undisclosed information, and precluding any testimony or commentary concerning DNA evidence", (4) "precluding cross-examination or evidence regarding Stephanie Grisham's prior misdemeanor convictions, her unrelated pending lawsuit, and her use of a prescription medication", and (5) "precluding comments and cross-examination regarding [Ms.] Carroll's choice of counsel." Dkt 133.

[2]    Dkt 214.

Those five requests accordingly have been rendered moot by the Court's previous decision.

The matter now is before the Court on Ms. Carroll's sixth request, to preclude the testimony of Mr. Trump's proposed rebuttal expert, Robert J. Fisher. Ms. Carroll intends to call as an expert witness Professor Ashlee Humphreys, Ph.D. Professor Humphreys intends to testify on the "dissemination of [Mr.] Trump's defamatory statements, their impact [(if any)], and the cost [(if any)] to counteract the damage to [Ms.] Carroll's reputation through a reputation repair campaign."[3] Mr. Trump seeks to call Mr. Fisher as an expert witness, purportedly to rebut Professor Humphreys's conclusions. Ms. Carroll moves to exclude Mr. Fisher's testimony principally on the ground that Mr. Fisher's analysis is unreliable.

The Court previously confronted the admissibility of Mr. Fisher's proposed rebuttal expert testimony in a closely related second case, *Carroll v. Trump*, 22-cv-10016 ("*Carroll II*"). In *Carroll II*, Court determined that there was no reliable basis for Mr. Fisher's conclusions in his report that was submitted in *Carroll II* that purported to rebut Professor Humphreys's conclusions. Specifically, it stated that:

> "Mr. Fisher does not explain how his experience informs his criticisms of [Professor] Humphreys's proposal for reputation repair. Nor does he rely on any specific facts, data, or evidence. Indeed, his entire analysis of [Professor] Humphreys's proposal for reputation repair contains no citation other than to [Professor] Humphreys's report. . . . Although one could hypothesize that his opinions were informed by his experience in the communications and reputation management fields, how exactly that experience leads to those opinions remains unknown and would be nothing more than speculation. Moreover, almost all of Mr. Fisher's 'analysis' with respect to [Professor] Humphreys's proposal consists of potential discrepancies or shortcomings in [Professor] Humphreys's background and

---

The Court did not grant Ms. Carroll's motion for partial summary judgment with respect to one of Mr. Trump's 2019 statements, the statement he made on June 24, 2019.

[3] Dkt 134 (Pl. Mem.) at 10.

report that can be observed readily by jurors and/or brought out in cross examination without benefitting from any aid by an expert. . . . His opinions as to [Professor] Humphreys's report and proposal therefore must be excluded."[4]

Mr. Fisher's report in this case suffers from the same inadequacies. The first six and a half pages of his twelve-page report contain "a mixture of legal opinions . . . as well as arguments about the evidence[,] . . . and sundry other things", none of which is a proper subject of expert testimony.[5] In the last few pages of his report, he discusses Professor Humphreys's conclusions with respect to the harm to Ms. Carroll's reputation and her proposed reputation repair program. As in *Carroll II*, Mr. Fisher does not explain how his experience or any other data or facts inform his criticisms of Professor Humphreys's proposal. His conclusion that "[Ms.] Carroll's long standing positive image would possibly offset most of [Mr. Trump's] derogatory remarks"[6] "lacks the kind of foundation in facts, evidence, and/or experience that is demanded of expert witnesses."[7]

Plaintiff's motion *in limine* (Dkt 133) insofar as it seeks to exclude Mr. Fisher's testimony is granted. It is denied as moot in all other respects.

SO ORDERED.

Dated:       October 5, 2023

Lewis A. Kaplan
United States District Judge

---

[4]      *Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 2652636, at *5 (S.D.N.Y. Mar. 27, 2023).

[5]      *Id.* at *3.

[6]      Dkt 135-9 (Fisher Report) at 11.

[7]      *Carroll*, 2023 WL 2652636, at *4.