

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

November 2, 2023

*VIA PACER*
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *E. Jean Carroll v. Donald J. Trump*
             *1:20-cv-7311 (LAK)*

Dear Judge Kaplan:

      We write on behalf of the defendant, Donald J. Trump ("Defendant"), with respect to an application[1], pursuant to Fed. R. Civ. P. 26(a)(2)(D), for leave to substitute a new rebuttal expert in this matter. This request is made in light of the Court's Order dated October 5, 2023, which excluded the testimony of Defendant's previously identified rebuttal expert, Robert J. Fisher. *See* ECF 217. Under Local Rule 37.2 and this Court's Individual Rules of Practice, Defendant respectfully requests that this Court grant the within relief, or in the alternative, schedule a conference to resolve the instant dispute.

      By way of background, on February 16, 2023, the plaintiff, E. Jean Carroll ("Plaintiff") filed a motion *in limine* seeking, in part, to exclude the testimony of Defendant's rebuttal expert, Robert J. Fisher.[2] *See* ECF 133. Thereafter, on October 5, 2023, the Court granted this portion of Plaintiff's motion and excluded the testimony of Mr. Fisher. *See* ECF 217.

      On October 27, 2023, Defendant's counsel reached out to Plaintiff's counsel to schedule a meet and confer to: (i) seek Plaintiff's consent for Defendant to substitute a new rebuttal expert; and (ii) address the impropriety of the report of Plaintiff's expert, Professor Ashlee Humphreys given Plaintiff's recent decision to withdraw the June 24 Statement from her cause of action. *See* ECF 220. On October 31, 2023, the parties conferred via telephone. Thereafter, in an e-mail dated November 1, 2023, Plaintiff's counsel advised that they were willing to submit a supplemental expert report with recalculated damages based on the withdrawal of the June 24 statement but would not consent to Defendant's request to substitute a new rebuttal expert.

      The preclusion of an expert witness is a drastic remedy which imperils a party's ability to adequately advance its position at trial. This Court's Order dated October 5, 2023 excludes the testimony of Defendant's only rebuttal expert from testifying as to the sole issue of damages,

---

[1] This application should not be construed as an admission that this Court has maintained jurisdiction over this action after the filing of Defendant's notice of appeal dated July 19, 2023. This issue is pending on appeal before the Second Circuit, and Defendant reserves all rights.

[2] Defendant acknowledges the Court's familiarity with the facts and procedural history of both this case and in the closely-related matter of *Carroll v. Trump*, No. 1:22-cv-10016 (S.D.N.Y 2022) ("*Carroll II*").

leaving Defendant with little to no ability to challenge the damages calculations proffered by Plaintiff's expert, Professor Ashlee Humphreys, PhD. Should Defendant be forced to proceed forward in this manner, his defense would be significantly impaired.

As set forth more fully below, the applicable standard for granting leave to submit a new expert witness is set forth by the Second Circuit in the case of *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.,* 118 F.3d 995, 961 (2d Cir. 1995). In the matter *sub judice*, it cannot be reasonably disputed that Defendant satisfies the four-prong test articulated in the *Softel* case. Therefore, for the reasons set forth *infra*, it is respectfully requested that Defendant's motion for leave to submit a new rebuttal expert witness should be granted by this Court.

*      *      *

Fed R. Civ. P. 37(c)(1) provides: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." Fed. R. Civ. P. 37(c)(1) (emphasis supplied). "Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002). In the context of determining whether an order precluding expert witness testimony is appropriate, a reviewing court applies an abuse of discretion standard. *Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d. Cir. 1995).

"In this Circuit, numerous courts have held that precluding testimony from an expert 'is a **drastic remedy** and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules.'" *Wang v. Omni Hotels Management Corporation*, 2023 WL 4304875, at *2 (D. Conn. June 30, 2023) (emphasis supplied) (quoting *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995)). This is because "[p]recluding testimony of an expert, even when there has not been strict compliance with Rule 26, 'may at times tend to frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.'" *Rmed Intern., Inc. v. Sloan's Supermarkets, Inc.*, 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002) (quoting *In re Kreta Shipping*, 181 F.R.D. 273, 277 (S.D.N.Y. 1998)).

With these principles in mind, "Courts in the Second Circuit consider four factors on a motion to preclude expert testimony:[3] '(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 2008 WL 4911440, at *2 (E.D.N.Y. Nov. 13, 2008) (quoting *Softel*, 118 F.R.D. at 590-91).

---

[3] Defendant acknowledges that his current motion seeks to *include*—not *preclude*—expert testimony, but nonetheless submits that the case law from expert testimony preclusion cases—such as *Softel*—should guide the instant analysis. *See Canales v. United States*, 2021 WL 1588809, at *5 (Apr. 22, 2021) ("[S]ome courts have considered the Softel factors in considering whether to allow expert opinions that were not disclosed in reports served during the court-authorized discovery period").

2

Applying the *Softel* factors to the instant matter, it is readily apparent that they weigh decisively in Defendant's favor. Therefore, Defendant respectfully submits that the Court should grant this Motion.

i.      *Defendant Complied with the Court's Scheduling Order*

Unlike the majority of litigants the *Softel* factors have been applied to, Defendant fully and timely complied with the Court's Scheduling Order regarding expert testimony. However, an event that occurred subsequent to Defendant's compliance—namely, the issuance of the Court's October 5, 2023 Order excluding the testimony of Defendant's sole rebuttal expert—has now forced Defendant to substitute a new rebuttal expert to challenge Plaintiff's damages expert at trial. Thus, it was not until after Defendant had already fully complied with the Scheduling Order and the deadline in that Order had long passed that the need for Defendant to disclose a new expert arose. *See, e.g., Sci. Components Corp.*, 2008 WL 4911440, at *5 ("I find that the [party seeking inclusion of expert testimony] had a good-faith belief that it was complying with discovery orders . . . .").

In sum, Defendant respectfully submits that his need for leave to disclose a new expert starkly contrasts "those rare cases where a party's conduct represents *flagrant bad faith* and *callous disregard* of the Federal Rules of Civil Procedure" that justify the drastic remedy of forcing a party to proceed at trial without expert rebuttal testimony. *Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (quoting *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995)). As a result, Defendant respectfully submits that the first *Softel* factor weighs in his favor.

ii.      *Testimony from a Rebuttal Expert is Essential to Defendant's Defense*

As Judge Liman recently observed in denying a motion to strike a report from a damages expert: "[t]he subject of [the damages expert's] testimony is important—damages is one of the critical issues at trial. And the calculation of damages ordinarily is not readily conducive to fact witnesses. Defendants would be prejudiced without an expert on damages to challenge Plaintiff's damages expert." *Rekor Systems, Inc. v. Loughlin*, 2022 WL 2063857, at *3 (S.D.N.Y. June 8, 2022).

The facts of the instant case go one step further than those in *Rekor Systems* because unlike in *Rekor Systems*—where damages was a "critical" issue—in the case at bar, damages is the *only* issue to be decided at trial. *See, e.g., Lab Crafters, Inc. v. Flow Safe, Inc.*, 2007 WL 7034303, at *8 (Oct. 26, 2007) (allowing expert testimony that was of "grave importance to defendant's case."); *compare to* ECF 214 at 4 ("The trial in this case shall be limited to damages only."). Without his own expert to rebut the testimony of Plaintiff's damages expert—in a *damages-only* trial—Defendant would be deprived of an opportunity to adequately defend his position. As such, Defendant would be severely prejudiced. Consequently, Defendant respectfully submits that the second *Softel* factor weighs heavily in his favor.

      iii.      *Any Prejudice to Plaintiff is Minimal and Can Easily Be Addressed*

If this Court were to grant the instant Motion, the only prejudice to Plaintiff would be the cost of reviewing the new expert's report and deposing the new expert. However, this added cost does not outweigh the extreme prejudice Defendant would suffer in having to conduct a trial solely on the issue of damages without his own expert to challenge the calculation of damages espoused by Plaintiff's damages expert. *See Sci. Components Corp.*, 2008 WL 4911440, at *5 ("The only possible prejudice to defendant would be the cost and delay required to depose an additional expert witness, but such prejudice would not outweigh the other factors."); *see also Kreta Shipping*, 181 F.R.D. at 277-78 (noting that courts should allow a party to submit new expert testimony "where slight inconvenience to their opponent is outweighed by the need to do substantial justice.").

Moreover, "[c]ourts to address this issue have stated that any prejudice to the opposing party can be alleviated by allowing them to depose the expert prior to trial." *Lab Crafters*, 2007 WL 7034303, at *8 (citing *Grdinich*, 187 F.R.D. at 79). Here, there are approximately two and a half months until the scheduled trial date of January 16, 2023. Defendant is prepared to expeditiously identify his new expert, submit a rebuttal report, and make the new expert available for a deposition well ahead of trial. Based on the foregoing, Defendant respectfully submits that the third *Softel* factor weighs in favor of Defendant.

      iv.      *A Continuance of Trial is Not Necessary*

As stated above, there are two and a half months until trial is scheduled to commence. There remains ample time for a new rebuttal expert to submit a report and for the parties to engage in any limited discovery that may be required. Accordingly, **Defendant is *not* asking to extend or delay the start of trial**. *See Lab Crafters*, 2007 WL 7034303, at *5 (holding that this factor "weighs heavily" in favor of a party that was not seeking any extension of the trial calendar). As a result, Defendant respectfully submits that the fourth and final *Softel* factor weighs in his favor.

Accordingly, it is respectfully submitted that application of the *Softel* factors to the facts at hand strongly favors granting Defendant's request to substitute a new rebuttal damages expert. As such, Defendant respectfully requests that this Court grant the instant motion or, in the alternative, schedule a conference to resolve the instant dispute.

                        Respectfully submitted,

Dated: November 2, 2023
       New York, New York                  Michael T. Madaio, Esq.
                                    HABBA MADAIO & ASSOCIATES LLP
                                    112 West 34th Street, 17th & 18th Floors
                                    New York, New York 10120
                                    Telephone: (908) 869-1188
                                    E-mail: mmadaio@habbalaw.com
                                    *Attorneys for Defendant, Donald J. Trump*