# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL          212.763.0883
DIRECT EMAIL         scrowley@kaplanhecker.com

November 6, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:   *Carroll v. Trump*, No. 20 Civ. 07311 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff E. Jean Carroll in opposition to Defendant Donald Trump's "application … for leave to substitute a new rebuttal expert." ECF 221 at 1. As outlined below, Trump essentially requests a re-do, asking the Court to allow him to offer an entirely new expert now, only two months before trial. In reality, his request should be viewed either as an improper motion to disclose a new expert after the close of discovery (for which he has no good cause) or as a baseless motion for reconsideration of this Court's October 5, 2023, order precluding Trump's expert (which is way too late). Either way, the Court should deny his application.

\* \* \*

Ms. Carroll retained Dr. Ashlee Humphreys as her expert on defamation damages and submitted a detailed, 141-page report on October 14, 2022. On November 11, mere days before the close of expert discovery and a full month after receiving Dr. Humphreys's expert report, Trump notified Carroll that he had retained Robert Fisher as a rebuttal expert. Mr. Fisher then submitted a 12-page rebuttal report two days later. Trump deposed Dr. Humphreys on November 15, and Carroll deposed Mr. Fisher on December 14 and 20.[1] At his deposition, Mr. Fisher admitted that he was hired so late that he had to write his rebuttal report "overnight." Dec. 14, 2022 Dep. of Robert Fisher at 183:2–3. The parties used these same experts for *Carroll II*, and Dr. Humphreys submitted a 127-page expert report in that case on January 9, 2023. Trump submitted a 25-page rebuttal report on January 30. Trump deposed Dr. Humphreys that same day, and Carroll

---

[1] Mr. Fisher's deposition occurred over two days because Trump's counsel had a scheduling conflict that prevented the parties from completing the deposition in one day.

KAPLAN HECKER & FINK LLP                                                              2

deposed Mr. Fisher a week later. This time, Mr. Fisher conceded during his deposition that he hadn't "even read" Dr. Humphreys's report. Feb. 6, 2023 Dep. of Robert Fisher at 12:5–9.

On February 16, 2023, Carroll moved *in limine* to exclude Mr. Fisher's testimony in *Carroll I* because it was unreliable. *See* ECF 134 at 10–22. Shortly thereafter, Carroll moved *in limine* to exclude Mr. Fisher's testimony in *Carroll II* for similar reasons. *See Carroll II*, ECF 73 at 4–17. The Court agreed, precluding Mr. Fisher's testimony in *Carroll II* on March 27, because, among other things, Mr. Fisher did not "rely on any specific facts, data, or evidence" or "explain how his experience inform[ed] his criticisms of Dr. Humphreys's proposal for reputation repair." ECF 95 at 12. Then, on October 5 of this year, the Court similarly precluded Mr. Fisher's testimony in *Carroll I*, finding his "report in this case suffers from the same inadequacies" as his report in *Carroll II*—specifically stating that Mr. Fisher's conclusions lacked "the kind of foundation in facts, evidence, and/or experience that is demanded of expert witnesses." ECF 217 at 3. Significantly, Trump did not move to reconsider either of these decisions by the Court.

On October 11, 2023, the Court ordered the parties to state their positions regarding "whether Mr. Trump defamed Ms. Carroll in his June 24, 2019, statement." ECF 219. To avoid unnecessary motion practice, Carroll agreed not to pursue defamation liability in connection with the June 24 statement. *See* ECF 220. On October 31, during a meet and confer, Carroll agreed to submit a supplemental report that would recalculate damages based on the June 21 and 22, 2019 statements by November 13. Carroll's counsel made clear that the supplemental report would neither change Dr. Humphreys's analysis nor incorporate any new information. In fact, the supplemental report would only serve to *decrease* Dr. Humphreys's initial damages estimate. And, despite the fact that Trump has had the benefit of deposing Dr. Humphreys twice and cross-examining her at trial, Carroll further agreed to make Dr. Humphreys available for an additional, 90-minute deposition regarding this supplemental report. *See* Ex. A.

On November 2, Trump filed what he called a letter "application … for leave to substitute a new rebuttal expert," ECF 221 at 1, in which he argues that the rules somehow require the Court to grant him the opportunity to introduce an entirely new expert now, presumably because his first one had been disqualified.

\* \* \*

Although Trump argues that he is bringing his application for leave to substitute a new rebuttal expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(D), ECF 221 at 1, Rule 26(a)(2)(D) says nothing about substitutions; it is the general rule regarding the time to disclose expert testimony. Even more incredibly, Trump argues that his request is somehow governed by Federal Rule of Civil Procedure 37(c)(1) and that the "standard for granting leave to submit a new expert witness" is set forth in the case of *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955 (2d Cir. 1997). He devotes his letter to applying the four factors set forth in that case even though, as he admits, Rule 37(c)(1) concerns the imposition of sanctions for a party's failure to comply with Rule 26, and the *Softel* factors apply only in "expert

KAPLAN HECKER & FINK LLP

testimony preclusion cases." ECF 221 at 2 & n.3. Here, because Trump is admittedly seeking to "*include*—not *preclude*" an expert, *id.* at 2 n.3, *Softel* does not apply.[2]

However, there are really only two possible ways to construe Trump's request. It is either a motion to disclose a new expert after the close of discovery under Federal Rule of Civil Procedure 16(b)(4), or a motion for the Court to reconsider its decision precluding Mr. Fisher.

First, Trump's use of the word "substitute" here is misplaced. There is no expert left to "substitute"—the Court excluded Mr. Fisher's testimony in its entirety. *See* ECF 217. Trump is essentially asking the Court to allow him to reopen discovery and disclose an entirely *new* expert, two months before trial and nearly a year after expert discovery closed. While parties may file a motion to disclose a new expert witness after the close of discovery, the motion should be made under Rule 16(b)(4) as a motion to modify the scheduling order. *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & VerSys Femoral Head Prod. Liab. Litig.*, No. 18-MC-2859, 2021 WL 4251906, at *4 (S.D.N.Y. Sept. 17, 2021).[3] Trump notably declines to make such a motion—and for good reason: to "modify a scheduling order to disclose a new expert past the deadline for expert disclosures," the movant "must demonstrate good cause and obtain the judge's consent." *Id.* Good cause does not exist where a party simply wants a "do-over" for their failure to hire a qualified expert the first time. *Id.* at *4–5.

When determining whether good cause exists, courts consider factors such as the imminence of trial, whether the request is opposed, whether the non-moving party would be prejudiced, whether the moving party was diligent in obtaining discovery, the foreseeability of the need for additional discovery, and the likelihood that the discovery will lead to relevant evidence. *Gem Fin. Serv., Inc. v. N.Y.C.*, No. 13 Civ. 1686, 2019 WL 8014411, at *2 (E.D.N.Y. Apr. 18, 2019). All of these six factors weigh heavily against Trump's request here. Trial is a mere two months away, and Carroll strongly opposes Trump's request. More importantly, "[t]he primary focus of th[e] good cause inquiry is 'upon the diligence of the movant in attempting to comply with the existing scheduling order.'" *In re Zimmer*, 2021 WL 4251906, at *4. Here, Trump does not have a damages expert due to his own lack of diligence—he hired an expert just days before his report was due, who drafted his report "overnight," and his proposed expert provided testimony that "does not explain how his experience or any other data or facts inform his criticisms." ECF 217 at 3; *see also Carroll II*, ECF 95 at 8. Allowing Trump a brand new expert at this late date would clearly prejudice Carroll, since she has met every deadline set out in the Court's scheduling order, including by submitting a proper and timely expert report. Carroll also spent significant time preparing for and deposing Trump's expert, as well as defending the depositions of Dr. Humphreys. And she is now in the midst of preparing for trial. Carroll should not be forced to engage in additional expert discovery now merely because Trump wants a second bite at the apple. In sum, Trump cannot "argue that [he] had anything less than a full and fair opportunity to develop [his] expert evidence prior to the [expert] disclosure deadline," *In re Zimmer*, 2021 WL 4251906, at *4, and Carroll should not be punished for his failure to do so.

---

[2] The case Trump cites, *Canales v. United States*, No. 19 Civ. 834, 2021 WL 1588809, at *5 (E.D.N.Y. Apr. 22, 2021), concerned untimely disclosed supplemental reports, not requests to include new expert witnesses.

[3] Similarly, a party may move to *substitute* an expert after the close of discovery, but this also requires good cause and applies in situations where "unforeseen events render the original expert witness unavailable to testify at trial." *Pac. Controls Inc. v. Cummins Inc.*, No. 1:19 Civ. 03428, 2021 WL 5417122, at *1 (S.D.N.Y. Nov. 19, 2021).

KAPLAN HECKER & FINK LLP                                                                    4

Alternatively, Trump's "application" is as an improper motion for the Court to reconsider its decision precluding Trump's expert. *See* ECF 217. Not only would such a motion be untimely—under Local Civil Rule 6.3, a motion to reconsider must be filed within fourteen days of the decision the movant would like reconsidered, so this would be too late—but Trump could not satisfy the standard for reconsideration in any event.

A "[c]ourt will grant reconsideration of its orders only in extraordinary circumstances." *In re Zimmer*, 2021 WL 4251906, at *1. Trump must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). Trump identifies none of these things here. The evidence relating to Carroll's theory of damages has been the same since expert disclosures were made over a year ago.[4] Nor has there been a change in the law that would entitle Trump to a new expert at this late stage. Moreover, Trump does not assert that the Court's decision precluding Mr. Fisher was a "clear error" or "manifest injustice." Nor could he: Fisher's report is still a mix of opinions and observations that are not the "proper subject of expert testimony." ECF 217 at 3. At bottom, Trump's letter is exactly the type of reconsideration request that this Court has regularly deemed improper: "A party making a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to … adduce new evidence" (or new experts) "in response to the court's rulings." *Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613, 2005 WL 383702, at *1 (S.D.N.Y. Feb. 17, 2005) (Kaplan, J.) (internal quotation marks omitted).

Now that the Court has excluded Mr. Fisher's testimony, Trump appears to be suffering from a case of "buyers' remorse." *In re Zimmer*, 2021 WL 4251906, at *4. But his assertion that the Court must allow him to introduce a new expert in order to comply with "substantial justice" lacks merit, ECF 221 at 4 (citation omitted), since there can be "no injustice in holding [Trump] to the consequences of [his] decision," *In re Zimmer*, 2021 WL 4251906, at *4. Trump is facing trial without a defamation damages expert for one reason and one reason only: he failed to retain a qualified expert in the first place.

Respectfully submitted,

Shawn Crowley

cc:     Counsel of Record (via ECF)

---

[4] Trump does not contend that Dr. Humphreys's supplemental report constitutes "new evidence," since her supplemental report will *remove* Trump's June 24 statement from Dr. Humphreys's analysis and *reduce* her damages estimate.