# EXHIBIT A

**From:** Michael Madaio <mmadaio@habbalaw.com>
**Sent:** Friday, November 3, 2023 4:16 PM
**To:** Shawn G. Crowley <scrowley@kaplanhecker.com>; Peter Swift <pswift@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>
**Subject:** Re: E. Jean Carroll v. Donald J. Trump - Request for Meet and Confer Conference

> This email was sent from outside the Firm.

Counsel,

We would be willing to agree to a 90-minute deposition of Dr. Humphreys if we are afforded the opportunity to serve limited written discovery demands which will relate only to the changes in the supplemental report.

As to the evidentiary issues, please find our position below:

**Decisions from *Carroll II*:**

1. **Choice of Counsel**: Defendant does not consent to this request at this time. This request is premature in light of the pending motion to substitute a new rebuttal expert.

2. **Litigation Funding**: Defendant does not consent to this request in its current form. While Defendant will not introduce evidence of litigation funding to demonstrate that Plaintiff fabricated her allegation of the sexual assault, such evidence may be admissible for other purposes (*i.e.*, damages).

3. **DNA Evidence**: At this time, Defendant does not consent to this request. This request is premature in light of the pending motion to substitute a new rebuttal expert.

4. **Prior Relationship with John Johnson**: Contingent upon Plaintiff's confirmation that she will not seek damages for emotional or psychological harm (as discussed *infra*), Defendant agrees to not present evidence or testimony relating to Plaintiff's fight with John Johnson. However, Defendant is not willing to consent to the remainder of the request, as it is premature in light of the pending motion to substitute a new rebuttal expert.

5. **Federal Rule of Evidence 412**: Defendant does not contest the applicability of Rule 412 to this action.

**Collateral Estoppel:**

1. ***Underlying Assault***: Defendant does not consent to this request in its current form. While Defendant will not introduce evidence intended to prove whether the incident occurred, such evidence may be admissible for other purposes (*i.e.*, damages).

2. ***Fabrication of Assault***: Defendant does not consent to this request in its current form. While Defendant will not introduce evidence intended to prove that Plaintiff fabricated the incident, such evidence may be admissible for other purposes (*i.e.*, damages).

3. ***Motive for Bringing Lawsuit***: Defendant does not consent to this request.

In addition, below are the evidentiary issues that we want Plaintiff to address:

1. **Defendant's Alleged Sexual Misconduct**: All evidence, examination, and argument relating to allegations of sexual impropriety against Defendant must be precluded. This includes, but is not limited to, any testimony from other complainants, such as Natasha Stoynoff and Jessica Leeds. Any such evidence is clearly irrelevant to a damages-only trial.

2. **Defendant's Prior Rebuttal Statements**: All evidence, examination, and argument relating to statements that Defendant made in response to other women who made claims against him should be precluded as irrelevant to the damages-only trial.

3. **Access Hollywood Tape**: Plaintiff shall be precluded from presenting any evidence with respect to the comments Defendant made in the "Access Hollywood" tape. The comments bear no relevance to the issue of damages.

4. **Scope of Damages**: We understand from your previous assertion that the Plaintiff does not intend to seek damages for any emotional distress or pain and suffering that may have arisen from the challenged statements.  Nor does it appear that the Amended Complaint is seeking damages relating to lost wages or her termination from Elle. It is our understanding that Plaintiff is seeking damages relating solely to the *reputational harm* purportedly caused by the subject statements, as further discussed in Professor Humphreys Report. Please confirm whether this is accurate, or whether Plaintiff intends to introduce evidence of additional damages.

Please let us know your position on these evidentiary issues by **Tuesday, November 7**.  We reserve the right to supplement this list as needed.

We will make ourselves available for a call early next week if you would like to discuss any of the above issues.

Regards,

**MICHAEL T. MADAIO, ESQ.**

*Admitted to Practice in NJ, NY & PA*



1430 US Highway 206, Suite 240

Bedminster, New Jersey 07921

Telephone: 908-869-1188

Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

---

**From:** Shawn G. Crowley <scrowley@kaplanhecker.com>
**Sent:** Friday, November 3, 2023 11:24 AM
**To:** Michael Madaio <mmadaio@habbalaw.com>; Peter Swift <pswift@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>
**Subject:** RE: E. Jean Carroll v. Donald J. Trump - Request for Meet and Confer Conference

Thanks, Mike.  We expect to be in a position to provide you with Dr. Humphreys's supplemental report by Monday 11/13.  With respect to your request for additional discovery, we will agree to a 90-minute deposition of Dr. Humphreys that is limited to the topic of her supplemental report.  We do not agree that any additional discovery is warranted at this point.  As you know, the expert discovery deadline passed long ago, and you have now had the benefit of deposing Dr. Humphreys twice and cross-examining her at trial.

We look forward to your email concerning the evidentiary issues we raised.

Best,
Shawn


**Shawn G. Crowley | Kaplan Hecker & Fink LLP**

350 Fifth Avenue | 63rd Floor
New York, New York 10118
 | (M) 646.627.1211

scrowley@kaplanhecker.com

---

**From:** Michael Madaio <mmadaio@habbalaw.com>
**Sent:** Thursday, November 2, 2023 10:21 AM
**To:** Shawn G. Crowley <scrowley@kaplanhecker.com>; Peter Swift <pswift@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>
**Subject:** Re: E. Jean Carroll v. Donald J. Trump - Request for Meet and Confer Conference

> This email was sent from outside the Firm.

Counsel,

Thank you for the e-mail. Our response is as follows:

### Dr. Ashlee Humphreys's Expert Report

We would consent to the submission of a supplemental report which is modified only to account for the withdrawal of the June 24 Statement and does not otherwise change Dr. Humphrey's analysis or incorporate any new information. In addition, we would require limited discovery, including a deposition, which would relate only to the changes reflected in the report and the basis for same.

### Defendant's Request to Substitute a New Expert

We will be filing a letter motion with the Court with respect to this issue since it appears the parties are unable to resolve this issue absent court intervention.

### Evidentiary Issues

We are reviewing the point that you have brought to our attention and will respond in turn. In addition, we intend to counter-present a number of evidentiary not enumerated in your email that we would ask for a response on. An e-mail will follow tommorrow.

Regards,
Michael

**MICHAEL T. MADAIO, ESQ.**
*Admitted to Practice in NJ, NY & PA*



1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921

Telephone: 908-869-1188

Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

---

**From:** Shawn G. Crowley <scrowley@kaplanhecker.com>
**Sent:** Wednesday, November 1, 2023 12:29 PM
**To:** Peter Swift <pswift@habbalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Michael Madaio <mmadaio@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>
**Subject:** RE: E. Jean Carroll v. Donald J. Trump - Request for Meet and Confer Conference

Counsel,

Thank you for the meet and confer yesterday. Below please find our position on Dr. Humphreys's expert report and certain evidentiary issues in the pending trial.

**Dr. Ashlee Humphreys's Expert Report**

In light of Plaintiff's decision not to pursue defamation liability for the June 24, 2019, statement, we agree to submit a brief supplemental expert report recalculating damages based on the June 21 and 22, 2019, statements alone. The supplemental report will neither change Dr. Humphreys's analysis nor incorporate any new information. Moreover, as we previewed yesterday, we expect the supplemental report will <u>decrease</u> Dr. Humphreys's damages estimate. We therefore do not agree that you are entitled to file yet another rebuttal report. And, as we stated in our letter to the Court on October 17, 2023, ECF 220, we maintain that the June 24, 2019, statement is relevant to malice and punitive damages.

**Evidentiary Issues**

As discussed yesterday, there are several evidentiary issues that we believe can be resolved prior to trial without requiring motion practice. They include, but are not limited to, (1) evidentiary rulings from *Carroll II* that should carry over into *Carroll I*; and (2) evidence, questioning, and argument that is precluded by Judge Kaplan's rulings on collateral estoppel and summary judgment.

**Decisions from *Carroll II*.** The Court held that its analysis of evidentiary issues resolved in *Carroll I* is "entirely applicable" to *Carroll II*. *Carroll II*, ECF 95. The opposite is also true—all evidence that was precluded in *Carroll II* should be precluded in *Carroll I*, including the following:

1. **Choice of Counsel.** This Court already held that the "Defendant is precluded from commenting upon or eliciting any evidence regarding plaintiff's choice of counsel or her counsel's activities outside the litigation between plaintiff and defendant." *Carroll II*, ECF 95 at 21–22; *see also* Trial Tr. 75:2–13. This ruling similarly applies here, and all evidence, argument, and questioning addressing Plaintiff's choice of counsel and their retention should similarly be precluded.

2. **Litigation Funding**. The subject of litigation funding was entirely precluded in *Carroll II*. Trial Tr. 240:3–19. Not only did the Court find that the subject was irrelevant "in general," but also held that the "unfair prejudicial effect of going into the subject would very substantially outweigh any probative value whatsoever." Trial Tr. 240:14–17. There has been no change in circumstances that would alter the premise on which the Court based its decision (indeed, as Ms. Carroll testified in her deposition, the funding was not received until <u>after</u> *Carroll I* was filed on November 4, 2019, ECF 6-1, so it is even less relevant in this case). Evidence or testimony regarding whether the litigation was funded and by whom, therefore, should be precluded in *Carroll I* just as it was in *Carroll II*.

3. **DNA**. Evidence, examination, or argument regarding the existence of DNA and whether Plaintiff laundered her dress should be precluded. The Court was clear in its instruction that "DNA will not be uttered in this courtroom." Trial Tr. at 109:1–2; *see also id.* 473:24–474:2 (prohibiting discussion of laundering the dress); *Carroll II*, ECF 95 at 17 ("[T]he Court excludes any evidence or argument by either party concerning DNA."). The Court determined that any cross-examination or argument about the existence of DNA evidence would result in unfair prejudice to Plaintiff that "substantially" outweighs any probative value of such evidence. *Carroll II*, ECF 95 at 17. This ruling should apply here, particularly because the issue of whether your client sexually abused Ms. Carroll has been decided and will not be relitigated in the *Carroll I* trial. *See* ECF 214.

4. **Prior Relationships and Fight with John Johnson**. Any evidence, questioning, or argument raising the name that Plaintiff called John Johnson during one of their fights is also precluded. Tr. 208:20–209:4 (finding it irrelevant but noting that "even if it were relevant, in all the circumstances, I think it is a subject on which the unfair prejudicial effect, outrageously, not substantially, outrageously outweighs any probative value"). Moreover, because Ms. Carroll is not seeking damages with respect to emotional or psychological harm in connection with *Carroll I*, any questioning or evidence relating to any of her prior relationships, sexual assaults, or sexual relationships should also be precluded.

5. **Federal Rule of Evidence 412.** Relatedly, in addition to being irrelevant, all evidence of Ms. Carroll's sexual predisposition should also be precluded under Rule 412. *See Carroll II*, ECF 122, 157. In addition to her prior sexual relationships and any prior sexual assaults, this also includes her cat's name, as the Court specifically held at trial. Trial Tr. 642:1–643:5.

**Collateral Estoppel.** Similarly, the jury's findings and the Court's analysis of collateral estoppel

preclude evidence, questioning, and argument as to several topics, including:

1. **Underlying Assault**. All evidence, examination, and argument about the facts of the underlying assault and whether it occurred are precluded. The *Carroll II* jury unanimously determined that Defendant sexually abused Plaintiff. On that basis, the Court held that the *Carroll I* trial is limited to "the issue of damages only." *Carroll I*, ECF 214 at 4. Any evidence or examination regarding the underlying assault would be irrelevant and outside the bounds of the Court's decision regarding collateral estoppel.

2. **Fabrication of Assault.** The Court held that the jury's finding in *Carroll II* "necessarily implies that [the jury] determined by clear and convincing evidence that Ms. Carroll did not fabricate her sexual assault accusation." ECF 214 at 16. As the Court noted, Defendant "does not dispute, and implicitly concedes by his repeated assertions, that the jury in *Carroll II* found by clear and convincing evidence that his 2022 statement was false because it determined that Ms. Carroll did not fabricate her sexual assault accusation." *Id*. at 16 n.29. In light of this, any evidence, examination, and argument regarding any motive Plaintiff had to fabricate the assault is precluded. This includes any alleged political or financial motivation, as well as the Law & Order: Special Victims Unit episode, titled "Theater Tricks," as its only relevance would be to fabrication of the assault. At trial in *Carroll II*, the Court made it clear that discussion of the SVU episode was precluded to the extent that it is was used to infer that Ms. Carroll fabricated her claims, and thus it has no relevance here. *See* Trial Tr. at 1366:25–1367:15.

3. **Motive for Bringing the Lawsuit.** Similarly, any evidence, examination, and argument regarding Plaintiff's motivation for filing suit, including her choice of counsel, how she retained counsel, and her conversation with George Conway, must similarly be precluded as they are irrelevant to the damages caused by Mr. Trump's June 2019 statements.

Please let us know your position on these evidentiary issues by **November 3**. We reserve the right to supplement this list as needed.

Thank you,
Shawn

**Shawn G. Crowley | Kaplan Hecker & Fink LLP**

350 Fifth Avenue | 63rd Floor
New York, New York 10118
| (M) 646.627.1211
scrowley@kaplanhecker.com

---

**From:** Peter Swift <pswift@habbalaw.com>
**Sent:** Friday, October 27, 2023 4:27 PM
**To:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>; Matthew Craig <mcraig@kaplanhecker.com>
**Cc:** Alina Habba, Esq. <ahabba@habbalaw.com>; Michael Madaio <mmadaio@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>
**Subject:** E. Jean Carroll v. Donald J. Trump - Request for Meet and Confer Conference

This email was sent from outside the Firm.

Counsel:

As you know, we represent the Defendant, Donald J. Trump, in the above-referenced matter. We would like to schedule a meet and confer conference call on Monday, October 30, 2023, to discuss several issues involving the parties' expert reports. Please let us know your availability for a meet and confer conference at your earliest convenience. Thank you.

Regards,
Peter

**PETER A. SWIFT, ESQ.**
*Admitted to Practice in NJ & NY*



1430 US Highway 206, Suite 240

Bedminster, New Jersey 07921

Telephone: 908-869-1188

Facsimile: 908-450-1881

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Habba Madaio & Associates LLP for any loss or damage arising in any way from its use.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*