

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

November 10, 2023

**VIA PACER**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

      Re:    *E. Jean Carroll v. Donald J. Trump*
              *1:20-cv-7311 (LAK)*

Dear Judge Kaplan:

We write on behalf of the defendant, Donald J. Trump ("Defendant"), in response to the opposition (the "Opposition"; *see* ECF 223) filed by the plaintiff E. Jean Carroll ("Plaintiff"), and in further support of Defendant's application for leave to substitute a new rebuttal expert (the "Application"; *see* ECF 221).

As an initial matter, the hypocrisy of Plaintiff's position must be noted. In her Opposition, Plaintiff argues that Defendant's Application pursuant to Fed. R. Civ. P. 26(a)(2)(D) should be recouched as one made pursuant to Fed. R. Civ. P. 16(b)(4) (relating to modification of scheduling orders), and then vigorously opposes that recasted request for modification. However, as acknowledged in her Opposition, Plaintiff plans "to submit a brief supplemental expert report recalculating damages." (*see* ECF 223-1, at p. 6). By doing so, Plaintiff will be in violation of the exact same standard she argues Defendant should be held to because "all discovery"—which includes the production of supplemental expert reports—was to be completed nearly a year ago under the relevant scheduling orders (*see* ECF 76, 77). Thus, if the Court agrees with Plaintiff's characterization of Defendant's Application as an impermissible discovery "do-over", the same must be said about Plaintiff's forthcoming application to "re-do" her expert report. In short, allowing Plaintiff to proceed with a discovery "do-over" while denying Defendant an opportunity to do the same would result in patent unfairness to Defendant, and therefore Defendant's Application should be granted on this basis alone.

Notwithstanding, to the extent the Court agrees that Fed. R. Civ. P. 16 is the proper method for Defendant's request to substitute a new expert, Defendant respectfully requests that the instant Application be construed as a request to modify the Court's scheduling order pursuant to Fed. R. Civ. P. 16(b)(4). Pursuant to Federal Rule of Civil Procedure 16, discovery may be re-opened upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "District courts in this Circuit generally consider six factors in deciding whether good cause to re-open discovery exists: '(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining

discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.'" *Carroll v. Trump*, No. 22-cv-10016 (LAK), 2023 WL 2006312, at *16 (S.D.N.Y. Feb. 15, 2023). Here, all six factors weigh in Defendant's favor.

*First,* Defendant first sought Plaintiff's consent to substitute a new expert on October 27, 2022, more than two and a half months before the January 16, 2023 trial date. Even today, the trial remains more than two months away and there is more than ample time for Defendant to identify a new expert, submit a rebuttal report, and engage in any necessary discovery. Since Plaintiff is also seeking to submit a new expert report, she cannot in good faith argue that there is insufficient time for Defendant to similarly submit such a report. Thus, to consider this factor in Plaintiff's favor would be inequitable and unjust.

*Second*, the request is opposed by Plaintiff. However, given that Plaintiff is seeking to submit her own new expert report, she apparently agrees that the submission of new expert reports are appropriate at this time. Therefore, her refusal to consent to the instant Application should be afforded no weight.

*Third,* for the reasons outlined in Defendant's initial letter brief, *see* ECF 221, Plaintiff will not sustain any prejudice should the instant Application be granted. As such, this factor weighs in favor of Defendant.

*Fourth*, Defendant was diligent in complying with the Court's prior scheduling order, as he timely complied with all applicable deadlines relating to expert disclosure. The need for Defendant to substitute a new expert only became apparent after the issuance of the Court's October 5, 2023 Order excluding the testimony of his prior rebuttal expert. Therefore, Defendant has, at all relevant times, been diligent in complying with his expert disclosure obligations.

*Fifth,* for the same reasons described above, it was entirely unforeseeable that Defendant would need to substitute a new expert until the Court issued its October 5, 2023 decision. As such, Defendant acted diligently in filing the instant Application.

*Sixth*, as detailed in Defendant's initial letter brief, *see* ECF 221, is beyond dispute that the substitution of a new rebuttal expert would be vital to Defendant's defense at trial. Therefore, this factor—like all of the above-enumerated factors—weighs decisively in favor of Defendant.

Moreover, Plaintiff's admission that she plans to submit a new supplemental report also serves as an independent basis to grant the instant Application since Defendant would unquestionably be entitled to submit his own rebuttal to the supplemental report. Plaintiff argues to the contrary by attempting to minimize the impact of the supplemental report:

> In light of Plaintiff's decision not to pursue defamation liability for the June 24, 2019, statement, we agree to submit a brief supplemental expert report recalculating damages based on the June 21 and June 22, 2019, statements alone. The supplemental report will neither change Dr. Humphreys's analysis nor incorporate

> any new information. Moreover, as we previewed yesterday, we expect the supplemental report will <u>decrease</u> Dr. Humphreys's damages estimate. We therefore do not agree that you are entitled to file yet another rebuttal report.

*See* ECF 223-1, at p. 6 (emphasis in original). However, Dr. Humphreys's original report does not ascribe a damages estimate to any particular statement nor attempt to address them in an individualized fashion. It is therefore not possible to simply remove one of the statements from the report without providing any insight or analysis into how this change affects the overall damages calculation.

By Dr. Humphrey's own admission, the June 24, 2019 statement was the most widely-viewed of the three statements and the most impactful. *See* Expert Report of Professor Ashlee Humphreys dated 10/14/22, ECF 135-8 at 47 (noting a "clear spike" in search volume on June 24, 2019 and a "relative search volume" of 100 – the highest of the three statements). In addition, nearly all of the data subsets and 'impression models' utilized by Dr. Humphreys were inclusive of the June 24 statement and will need to be reworked entirely to account for its removal.[1] Without a rebuttal expert, Defendant will have had no opportunity to consider these new data points or to challenge the methodology and analysis employed by Dr. Humphreys in differentiating which harm was caused by the June 24 statement as compared to the June 21 and 22 statements. In fact, given the pervasive nature of the June 24 statement, one could argue that an entirely new rebuttal report would be needed just to analyze whether the damages recalculation analysis properly accounts for its removal. In other words, since the forthcoming "supplemental" expert report will necessarily contain some amount (and likely a significant amount) of new expert analysis, Defendant must be afforded an opportunity to properly challenge it.

For the same reasons identified above, it seems highly unlikely the new expert will be able to properly challenge Dr. Humphrey's new expert analysis without being able to opine on Dr. Humphrey's original expert analysis. Thus, extending Defendant's right to rebut the new expert analysis to encompass a rebuttal of the original expert analysis is not only a fair result for the parties under these circumstances, but it very well may be the only fair result given the impactful nature of the supplemental report. Finally, any prejudice to Plaintiff stemming from an all-encompassing rebuttal is marginalized by the fact that Plaintiff's own conduct has already created the need for additional steps in the discovery process.

---

[1] *See, e.g.,* Humphreys Ex. Rep., ECF 135-8. at 32 ("To identify broadcasts to incorporate into the television impressions analysis, I searched through the closed captioning of broadcasts mentioning 'E. Jean Carroll" from *June 21, 2019 through June 27, 2019*) (emphasis added); *id.* at 33 ("I searched for newspaper articles containing 'E. Jean Carroll' in the publications of interest from *June 21, 2019 through June 27, 2019*) (emphasis added); *id.* at 35 ("The Statements generated between 142,334,424 and 188,155,507 impressions between *June 21, 2019 and September 26, 2022*, the time frame from which data were collected for this analysis.") (emphasis added); *id.* at 44 (chart comparing the 'word cloud' for E. Jean Carroll for time frames "before June 2019" and "after June 2019."); *id.* at 48-49 (figure evidence the difference in the "top related queries associated with searches of E. Jean Carroll" for the time periods of "January 1, 2019 through June 20, 2019" as compared to "*June 21, 2019 through November 3, 2019.*") (emphasis added).

      Based on the foregoing and for all the reasons stated in Defendant's moving papers, Defendant has more than adequately demonstrated the requisite good cause under either Fed. R. Civ. P. 26(a)(2) or 16(b)(4)—coupled with a showing of the minimal and marginal prejudice to Plaintiff—to support granting his Application.

Dated: November 10, 2023
      New York, New York

Respectfully submitted,

_____
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
E-mail: mmadaio@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*