# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

*Plaintiff*,

v.

DONALD J. TRUMP, *in his personal capacity*,

*Defendant.*

No. 20 Civ. 7311 (LAK)

## [PLAINTIFF'S PROPOSED] JURY INSTRUCTIONS

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

# TABLE OF CONTENTS

DAMAGES INSTRUCTIONS ................................................................................................ 1

   1.   Liability for Defamation ......................................................................................... 1

   2.   Compensatory Damages ......................................................................................... 3

   3.   Punitive Damages ................................................................................................... 5

GENERAL INSTRUCTIONS .............................................................................................. 7

   4.   Burden of Proof ..................................................................................................... 7

   5.   Role of the Jury ...................................................................................................... 9

   6.   Role of the Court .................................................................................................. 10

   7.   What Is and Is Not Evidence ............................................................................... 11

   8.   Direct and Circumstantial Evidence .................................................................... 12

   9.   Deposition Testimony (If Necessary) .................................................................. 13

   10.  Demonstratives ................................................................................................... 14

   11.  Witness Credibility ............................................................................................. 15

   12.  Expert Witnesses ................................................................................................ 17

CLOSING INSTRUCTIONS ............................................................................................. 18

   13.  Duty to Deliberate/ Unanimous Verdict ............................................................ 18

   14.  Juror Notes .......................................................................................................... 19

   15.  Citations ............................................................................................................. 20

   16.  All Jurors Required for Deliberation .................................................................. 21

   17.  Selection of Foreperson ...................................................................................... 22

   18.  Verdict Form ....................................................................................................... 23

   19.  Return of Verdict ................................................................................................ 24

   20.  Media .................................................................................................................. 25

   21.  Communications Between Court and Jury .......................................................... 26

   22.  Juror Oath ........................................................................................................... 27

## DAMAGES INSTRUCTIONS

### 1.  Liability for Defamation

As you are aware, the plaintiff in this case, E. Jean Carroll, is suing the defendant, Donald Trump, for money damages for injuries she claims to have suffered as a result of the defamatory statements Mr. Trump made about her on June 21 and 22, 2019, when he denied knowing her, denied sexually assaulting her in the mid-1990s, and accused her of fabricating the assault for ulterior and improper purposes. As I instructed you at the outset of this trial, and as a result of the verdict that a jury already award against Mr. Trump and in favor of Ms. Carroll in the earlier trial involving these two parties, you are not to determine whether Mr. Trump is liable for defamation due to his June 2019 statements or whether the underlying sexually assault in fact occurred. In other words, you must accept as established as a matter of fact that Mr. Trump lied when he denied sexually assaulting Ms. Carroll and that his June 2019 statements about Ms. Carroll were defamatory.

There are several factors that go into a defamatory statement, which you must accept as true. First, you must accept that Mr. Trump published the statements and that the statements were about Ms. Carroll. Second, you must accept that the statements disparaged Ms. Carroll in the way of her business or office or profession or trade and/or that they exposed Ms. Carroll to hatred or contempt or aversion or induced an evil or an unsavory opinion of that person in the minds of a substantial number of people in the community. Third, you must accept that the statements were false. Finally, you must accept that Mr. Trump knew that the statements were false or acted with reckless disregard as to whether they were false.

Instead, your task here is twofold. First, you must decide whether Ms. Carroll was damaged by Mr. Trump's defamatory statements, and if so, the sum of money that must be paid by Mr.

1

Trump to Ms. Carroll as damages for defaming her. Second, you must decide whether Mr. Trump acted maliciously in making the statements, and if so, the sum of money that must be paid to Ms. Carroll to punish Mr. Trump for acting maliciously and to discourage others from doing the same.

**Source**: *Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 5731152 (S.D.N.Y. Sept. 6, 2023).

### 2.  Compensatory Damages

Because Mr. Trump is liable for defamation, you will award an amount that, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury, if any, to Ms. Carroll's reputation and the humiliation and mental anguish in her public and private life that you decide was caused by Mr. Trump's statements. In fixing that amount, you should consider Ms. Carroll's standing in the community, the nature of Mr. Trump's statements made about Ms. Carroll, the extent to which the statements were circulated, the tendency of the statements to injure a person such as Ms. Carroll, and all of the other facts and circumstances in the case. These damages cannot be proved with mathematical certainty. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that there was substantial injury. Ms. Carroll has the burden of proving the amount of her damages by a preponderance of the evidence.

In this case, I have divided the damages determination into parts. The first part asks you whether or not Ms. Carroll has proved by a preponderance of the evidence that she was injured in any of the respects I just described. That is the "Yes" or "No" question. If the answer is "Yes," you first will fill in the amount you award for all defamation damages excluding the reputation repair program that was discussed during Professor Humphreys's testimony. Second, you will fill in the amount, if any, that you award for the reputation repair program only.

On the other hand, if your answer to the first part is "No"—that is, if you determine that Ms. Carroll has not proved by a preponderance of the evidence that she was injured as a result of Mr. Trump statements—you will write down in the blank space provided on your form "$1" in nominal damages.

**Sources:** Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); N.Y. Pattern Jury Instr. Civil 3:29 (modified); *Ferri v. Berkowitz*, 561 F. App'x 64, 65 (2d Cir. 2014).

### 3.  Punitive Damages

In addition to her claim for compensatory damages, Ms. Carroll asks also that you award punitive damages. Punitive damages in relation to a defamation claim may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same. A statement is with malice if it is made with deliberate intent to injure or made out of hatred, ill will, or spite or made with willful, wanton, or reckless disregard of another's rights.

If you find that, in making the June 21 and 22, 2019, statements about Ms. Carroll, Mr. Trump acted maliciously, you may award Ms. Carroll punitive damages. If you find that Mr. Trump's statements were not made maliciously, you may not award punitive damages. Ms. Carroll bears the burden of proving by a preponderance of the evidence that Mr. Trump acted in accordance with this standard.

In arriving at your decision as to the amount of punitive damages, you should consider the nature and reprehensibility of what Mr. Trump did; that would include the character of the wrongdoing and Mr. Trump's awareness of what harm the conduct caused or was likely to cause. In considering the amount of punitive damages to award, you should weigh this factor heavily. You should consider the actual and potential harm created by Mr. Trump's conduct. And you should consider Mr. Trump's financial condition and the impact your punitive damages award will have on him.

The amount of punitive damages that you award, if any, must be both reasonable and proportionate to the actual and potential harm suffered by Ms. Carroll, and to the compensatory damages, if any, you awarded Ms. Carroll.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); *Celle v. Filipino Rep. Enters. Inc.,* 209 F.3d 163, 174 (2d Cir. 2000); *Greenbaum* v.

*Svenska Handelsbanken, N.Y.*, 979 F. Supp. 973, 976 (S.D.N.Y. 1997), *on reconsideration sub nom. Greenbaum v. Handlesbanken,* 26 F. Supp. 2d 649 (S.D.N.Y. 1998).

## GENERAL INSTRUCTIONS

I have described to you the law to be applied to the facts and put to you the questions that require answers in order to resolve the damages in this case. Now I will instruct you about the trial process, beginning with the burden of proof.

### 4. Burden of Proof

Ms. Carroll bears the burden of proving compensatory and punitive damages by a preponderance of the evidence. Proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish something by a preponderance of the evidence means to prove that the contention of the party with the burden of proof on that question is more likely true than not true. In other words, a "preponderance" of the evidence means that the party with the burden of proof on a particular question has demonstrated that the odds of that party being right is more than 50-50, even if only by a very tiny amount. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of which party may have called them, and all the relevant exhibits received in evidence, regardless of which party may have produced them.

If, after considering all of the evidence, you find the evidence of both parties to be exactly in balance—in other words, that the chances of the plaintiff's contention or the defendant's contention being correct with respect to any question I have put to you are exactly equal—then the party with the burden of proof on that question has failed to sustain her burden and you must find for the other party on that issue. On the other hand, if the party with the burden of proof on a particular question has persuaded you that her contention is more likely correct than the chances

that her opponent is right, even if only by a little, then you must find for the party with the burden of proof on that particular question.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); Sand, 4 Modern Federal Jury Instructions-Civil P 73.01 (2023); *Waran v. Christie's Inc.*, 315 F. Supp. 3d 713, 718 (S.D.N.Y. 2018).

### 5. Role of the Jury

You are the sole and exclusive judges of the facts. I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision ought to be or as to who should prevail here.

The Court expresses no opinion as to whether Ms. Carroll was damaged by Mr. Trump's defamatory statements, and if so, the sum of money that must be paid by Mr. Trump to Ms. Carroll as damages for defaming her.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

### 6.   Role of the Court

It is my duty to instruct you as to the law, and it is your duty to accept these instructions on the law and apply them to the facts as you determine them to be.

You are to draw no inferences from the fact that I may have asked questions of some of the witnesses or made comments to counsel about the manner in which they made their presentations. I did that to bring out the evidence more quickly, more clearly, to save time, and to ensure the proper conduct of the trial. I did not intend to suggest any view concerning the credibility of any witness or as to which side should prevail here, and you must not take my comments or questions as doing so. In addition, you must not draw any inferences or take into account any comments or remarks I made to any of the lawyers in your deliberations. Nor should you consider the fact that I took notes and from time to time made entries on my computer. Whatever I may have noted or any use by me of the computer may have had nothing to do with what you are concerned with. You are to decide the case fairly and impartially based solely on the evidence and these instructions.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

### 7.  What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations between counsel. What is not evidence, however, is questions, arguments, and objections by lawyers. You are not to consider statements that I struck or told you to disregard. In deciding this case, I remind you that you are obliged to consider only the evidence you have seen and heard in this courtroom. Anything that you may have learned elsewhere that could conceivably have a bearing on this case must be disregarded.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2022) (Instruction 74-1) (modified).

**8.  Direct and Circumstantial Evidence**

There are two types of evidence which you properly may use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other kind of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2022) (Instruction 74-2).

### 9.   Deposition Testimony (If Necessary)

Some of the testimony before you is in the form of a videotaped deposition that was received in evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness or an adversary party under oath before a court stenographer. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

**Sources**: 4 Modern Federal Jury Instructions-Civil ¶ 74.07 (2022) (Instruction 74-14) (modified); based on the court's instructions in *Palin v. New York Times Co.*, No. 17 Civ. 4853 (S.D.N.Y.).

**10. Demonstratives**

There were a couple of times during the course of the trial where counsel for each side had marked and showed to you exhibits called demonstratives. They were shown to you to help you understand the evidence as it came in. They are not themselves evidence, and they were used only as a manner of convenience, so you should consider them accordingly.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

**11. Witness Credibility**

You have had the opportunity to observe the witnesses. It is up to you to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of each witness's testimony. In deciding the weight to give to the testimony of a witness, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

Your decision on whether to believe a witness may depend on how that witness impressed you. You watched each witness testify. Everything a witness said or did on the witness stand or in depositions counts in your determination. Did the witness appear to be frank, forthright, and candid? Or did the witness answer questions on direct examination in a responsive and forthcoming manner but answer questions on cross-examination evasively or unresponsively? You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the reasonableness and probability of the witness's testimony, and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In evaluating a witness's credibility, you should use your common sense, your good judgment, and your own life experience. Further, you are to perform the duty of evaluating witnesses without bias or prejudice for or against any party, and you are to perform that duty with an attitude of complete fairness and impartiality.

Finally, should you, in the course of your deliberations, conclude that any witness has intentionally testified falsely as to a material fact during the trial, you are entitled to disregard all of his or her testimony on the principle that one who testifies falsely as to one material fact may also testify falsely to other facts. But credibility is not necessarily an all or nothing proposition.

You may accept so much of any witness's testimony as you believe to be true and accurate and reject only such parts, if any, that you conclude are false or inaccurate.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2022) (Instructions 76-1, 76-2, & 76-4) (modified).

**12. Expert Witnesses**

You have heard over the course of this trial from an expert witness, Professor Humphreys. An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Under the rules of evidence, expert witnesses may state their opinions as to matters in which they profess to be an expert and may also state the reasons for their opinions. The purpose of expert testimony is to assist you in understanding the evidence and in reaching an independent decision.

In deciding the credibility and persuasiveness of an expert's testimony, you may consider the expert's qualifications, his or her opinions, the bases for the expert's opinions, and all of the other considerations I described to you in evaluating a witness's credibility generally. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not accept the expert witness's testimony just because she is an expert. Even with an expert witness, you should use your common sense, your good judgment, and your own life experience.

You may give an expert's testimony as much weight, if any, as you think it deserves in light of all the evidence. You also may reject the testimony of any expert witness in whole or in part if you conclude the reasons given in support of an opinion are unsound or if you for other reasons do not believe or credit the expert witness.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2022) (Instructions 76-9 & 76-10) (modified).

## CLOSING INSTRUCTIONS

**13. Duty to Deliberate/ Unanimous Verdict**

It is your duty as jurors to consult with one another and to deliberate with the goal of reaching an agreement. Each of you must decide for yourself the answers to the questions I have posed, but you should do so only after considering the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is mistaken. Your answers to each question must be unanimous, but you are not required to give up your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2022) (Instruction 78-3).

**14. Juror Notes**

Any notes you may have taken during the trial are for your personal use only. You each may consult your own notes during deliberations, but any notes you may have taken are not to be relied upon during deliberations as a substitute for the collective memory of all of you. Your notes should be used as memory aids but should not be given precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

**15. Citations**

During your deliberations you will have access to a printed copy of the instructions I am now reading to you. You will see that the printed copy of the instructions contains a number of legal citations, which appear in brackets. Those citations were included to aid the lawyers and me and you are to ignore them in your deliberations.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

**16. All Jurors Required for Deliberation**

You are not to discuss the case until all jurors are present. Only when all jurors are present do you constitute a jury, and only then may you deliberate.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

**17. Selection of Foreperson**

When you retire, you are going to select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you in open court. The foreperson will send out any notes and, when the jury has reached a verdict, he or she will notify the Officer that the jury has reached a verdict.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2022) (Instruction 78-5).

**18. Verdict Form**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no," or with specific dollar values for any damages. Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise. Please do not add anything that is not called for by the verdict form.

**Sources**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y); 4 Modern Federal Jury Instructions-Civil P 78.01 (2022) (Instruction 78-9) (modified).

**19. Return of Verdict**

After a unanimous decision has been reached, you will record your answers on one copy of the verdict form. The foreperson will fill in the form. Then each juror will write his or her juror number—no names—at the bottom of it and advise the Officer that a verdict has been reached. Do not give the verdict form to the Officer. The foreperson should place it in a sealed envelope and bring it with him or her when you return to the courtroom.

Each of you should be in agreement with the verdict that is announced in court. Once your verdict is announced by the foreperson in open court and/or officially recorded, it ordinarily cannot be revoked.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

**20. Media**

As you know, this case has attracted a great deal of media attention. Until a verdict is released and you are discharged, you must insulate yourself from all information about this case, except what has come to you in this courtroom. That means no reading, watching, or listening to media coverage or commentary about the case or comments from others. You are sealed from other information. And if anything happens that results in some exposure to some outside source, you are obligated to report it to the Court.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

**21. Communications Between Court and Jury**

If during your deliberations you want me to discuss further some of the instructions on the law that I have given you, the foreperson should send out a note through the Officer in a sealed envelope asking for anything you may wish to hear again.

If you wish to have testimony read to you, it can be done, but I ask you to do so only when you have exhausted your collective recollection and are certain that you need it. If you do need to have testimony read, then I ask you to state precisely in your note what you want.

We will be sending the exhibits into the jury room with you.

If you communicate with the Court before reaching a verdict, you must never indicate in a note to the Court how you are divided.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

### 22. Juror Oath

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice, sympathy, or fear, based solely upon the evidence in the case and the applicable law. And I want to elaborate for a moment upon your obligation under that oath to render judgment "solely upon the evidence in the case and the applicable law."

You, as jurors, are the judges of the facts. I remind you that nothing I have said or done should be taken by you as indicating any view on my part as to what your conclusion should be about the facts about what actually happened. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I have explained them to you. You have no right to disregard or to question the wisdom or correctness of any rule I have stated to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I have explained it to you, regardless of the consequences. And that applies to all of the law I have given you, including the fact that all or most of the issues of fact that I have put to you must be decided according to the preponderance of the evidence and the meaning of preponderance of the evidence.

I know that you will do your duty under your oath and render a just and true verdict according to the facts as you find them and the law that I have given you.

**Source**: Based on this Court's instructions in *Carroll v. Trump*, No. 22 Civ. 10016 (S.D.N.Y).

Dated: New York, New York
November 15, 2023

Respectfully submitted,

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*