**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| E. JEAN CARROLL,<br><br>                              *Plaintiff*,<br><br>          v.<br><br>DONALD J. TRUMP,<br><br>                              *Defendant.* |

No. 20 Civ. 7311 (LAK) (JLC)

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, Donald J. Trump ("Defendant"), respectfully submits the following proposed jury instructions. Certain of the proposed instructions relate to matters that are the subjects of pending motions and/or appeals. Accordingly, Defendant reserves the right to modify, supplement, and/or withdraw his proposed instructions based on forthcoming rulings of said motions and/or appeals.

## TABLE OF CONTENTS

GENERAL INSTRUCTIONS ................................................................................................ 1

1.  Burden of Proof .............................................................................................................. 1
2.  Role of the Court ............................................................................................................ 2
3.  Role of the Jury .............................................................................................................. 3
4.  Prejudice ......................................................................................................................... 4
5.  Jury to Disregard Court's View ..................................................................................... 5
6.  Conduct of Counsel ........................................................................................................ 6
7.  Reprimand of Counsel [if necessary] ............................................................................ 6
8.  Sympathy ........................................................................................................................ 7
9.  What Is and Is Not Evidence ......................................................................................... 7
10. Direct and Circumstantial Evidence .............................................................................. 8
11. Videotaped Deposition Testimony [if necessary] ......................................................... 9
12. Demonstratives ............................................................................................................ 10
13. Credibility of Witnesses .............................................................................................. 10
14. Interest in Outcome ...................................................................................................... 12
15. Impeachment by Prior Inconsistent Statements .......................................................... 12
16. Expert Testimony ......................................................................................................... 13
17. Defamation ................................................................................................................... 14
18. Defamation Damages ................................................................................................... 16
19. Availability of Punitive Damages ................................................................................ 18

CLOSING INSTRUCTIONS ............................................................................................... 19

20. Duty to Deliberate ....................................................................................................... 19
21. Juror Notes ................................................................................................................... 20
22. Quorum Requirement ................................................................................................... 21
23. Selecting a Foreperson ................................................................................................. 21
24. Verdict Form ................................................................................................................ 21
25. Instructions ................................................................................................................... 21
26. Reaching a Verdict ....................................................................................................... 22
27. Juror Questions ............................................................................................................ 22
28. Requests for Testimony ............................................................................................... 23
29. Media ............................................................................................................................ 23
30. Juror Oath .................................................................................................................... 23

## GENERAL INSTRUCTIONS

### 1.  Burden of Proof

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means to prove that the facts are more likely true than not true.  This standard refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all the evidence, you find that the credible evidence on a given issue is evenly divided between the parties—in other words, that the chances of the plaintiff's contention or the defendant's contention being correct with respect to a particular question are exactly equal— then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

However, as I will explain later in these instructions, for some of Plaintiff's specific contentions, she has the burden of proving those contentions by clear and convincing evidence. On the other hand, if you find that the scales do not so tip, then that element will not have been proven by a preponderance of evidence.

In addition, what does "clear and convincing evidence" mean? On the one hand, clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as proof beyond a reasonable doubt. Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

**Sources**: 4 Modern Federal Jury Instructions-Civil ¶ 73.01 (2023) (Instructions 73-2 & 73-3) (modified).

### 2. Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instruction 71-2) (modified).

### 3.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact, issue, or evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are

not any indication of my views of what your decision should be as to whether or not a party has proven his or her case. I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

You are to decide the case without any bias or prejudice to any party, based solely on the evidence and these instructions.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instruction 71-3) (modified).

### 4.  Prejudice

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' gender, age, sexual orientation, or political affiliation.

It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way. The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instruction 71-4) (modified).

### 5.   Jury to Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

**Source**: Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instructions 71-5) (modified).

5

### 6.   Conduct of Counsel

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Source:**  Modern Federal Jury Instructions ¶ 71.01-Civil ¶ 71.01 (2023) (Instruction 71-6) (modified).

### 7.   Reprimand of Counsel [if necessary]

During the course of the trial, I have had to admonish or reprimand an attorney because I did not believe what he was doing was proper. You should draw no inference against him or his client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side. It is my function to cut off counsel from an improper line of argument or questioning, to strike offending remarks and to reprimand counsel when I think it is necessary. But you should draw no inference from that. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer. In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done. Your verdict should be based on the facts as found by you from the evidence and the law as instructed by the court.

**Source**: Modern Federal Jury Instructions-Civil (2023) (Instruction 71-7) (modified).

### 8.  Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Source**: Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instruction 71-10) (modified).

### 9.  What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's questions of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in tendering your verdict.  Also, if certain testimony was received for a limited purpose –

such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

If is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2023) (Instruction 74-1) (modified).

### 10. Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2023) (Instruction 74-2) (modified).

### 11. Videotaped Deposition Testimony [if necessary]

Some of the testimony before you is in the form of a videotaped depositions which have been received in evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness or an adversary party under oath before a court stenographer. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.07 (2023) (Instruction 74-14) (modified).

**12. Demonstratives**

There were times during the course of the trial where counsel for each side had marked and showed to you exhibits called demonstratives. They were shown to you to help you understand the evidence as it came in. They are not themselves evidence, and they were used only as a manner of convenience, so you should consider them (or not) accordingly.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

**13.  Credibility of Witnesses**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

In deciding whether to consider whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest of motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**Sources**: 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2023) (Instructions 76-1 & 76-2) (modified).

### 14.      Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people, who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is or you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2023) (Instructions 76-3) (modified).

### 15.      Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by your as affirmative defense in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2023) (Instruction 76-5) (modified).

### 16. Expert Testimony

In this case, I have permitted Professor Humphreys, and Defendant's Rebuttal Expert,[1] to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment,

---

[1] To be supplemented pending resolution of the motion to substitute a new rebuttal expert filed by Defendant on November 2, 2023. ECF 221.

and common sense. You also may reject the testimony of any expert witness in whole or in part if you conclude that the reasons given in support of an opinion are not sound or if you, for other reasons, simply don't believe the witness. The determination of the facts in this case rests solely with you.

The testimony of the experts called by the parties may have conflicted in some respects. Where you have heard conflicting testimony from expert witnesses, it is your job to resolve the disagreement. The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

**Sources**: 4 Modern Federal Jury Instructions-Civil ¶ 76.01 (2023) (Instructions 76-9 & 76-10) (modified).

17. **Defamation**

Plaintiff's single cause of action is based on defamation or libel. A libel is a false statement about a person, in writing, that tends to expose the person to public hatred, contempt, ridicule or disgrace.

Plaintiff alleges that Defendant made a defamatory statement about her on June 21, 2019, which is set forth as follows:

> "Regarding the 'story' by E. Jean Carroll, claiming she once encountered me at Bergdorf Goodman 23 years ago. I've never met this person in my life. She is trying to sell a new book—that should indicate her motivation. It should be sold in the fiction section.
>
> Shame on those who make up false stories of assault to try to get publicity for themselves, or sell a book, or carry out a political agenda—like Julie Swetnick who falsely accused Justice Brett Kavanaugh. It's just as bad for people to believe it, particularly when there is zero evidence. Worse still for a dying publication to try to prop itself up by peddling fake news—it's an epidemic.

Ms. Carroll & New York Magazine: No pictures? No surveillance? No video? No reports? No sales attendants around?? I would like to thank Bergdorf Goodman for confirming that they have no video footage of any such incident, because it never happened.

False accusations diminish the severity of real assault. All should condemn false accusations and any actual assault in the strongest possible terms.

If anyone has information that the Democratic Party is working with Ms. Carroll or New York Magazine, please notify us as soon as possible. The world should know what's really going on. It is a disgrace and people should pay dearly for such false accusations."

Plaintiff also alleges that Defendant made a defamatory statement about her on June 22, 2019, which is set forth as follows:

"[Reporter]: [Y]ou had said earlier that you never met E. Jean Carroll. There was a photograph of you and her in the late 1980's—

[Trump]: I have no idea who this woman is. This is a woman who has also accused other men of things, as you know. It is a totally false accusation. I think she was married—as I read; I have no idea who she is—but she was married to a, actually, nice guy, Johnson—a newscaster.

[Reporter]: You were in a photograph with her.

[Trump]: Standing with coat on in a line—give me a break—with my back to the camera. I have no idea who she is. What she did is—it's terrible, what's going on. So it's a total false accusation and I don't know anything about her. And she's made this charge against others.

And, you know, people have to be careful because they're playing with very dangerous territory. And when they do that—and it's happening more and more. When you look at what happened to Justice Kavanaugh and you look at what's happening to others, you can't do that for the sake of publicity.

New York Magazine is a failing magazine. It's ready to go out of business, from what I hear. They'll do anything they can. But this was about many men, and I was one of the many men that she wrote about. It's a totally false accusation. I have absolutely no idea who she is. There's some picture where we're shaking hands. It looks like at some kind of event. I have my coat on. I have my wife standing next to me. And I didn't know her husband, but he was a newscaster. But I have no idea who she is—none whatsoever.

It's a false accusation and it's a disgrace that a magazine like New York—which is one of the reasons it's failing. People don't read it anymore, so they're trying to get readership by using me. It's not good.

You know, there were cases that the mainstream media didn't pick up. And I don't know if you've seen them. And they were put on Fox. But there were numerous cases where women were paid money to say bad things about me. You can't do that. You can't do that. And those women did wrong things—that women were actually paid money to say bad things about me.

But here's a case, it's an absolute disgrace that she's allowed to do that.

As we have already discussed, the issue of liability is not for you to decide, as that has already been resolved as a matter of law. The remaining issue for you to decide, as I will later explain, is whether or not Plaintiff was injured by these statements, and if so, in what amount.

**Source**: Memorandum Opinion dated September 6, 2023 (ECF 214 at 4) ("The trial in this case shall be limited to the issue of damages only.")

### 18. Defamation Damages

I am now going to instruct you on the law of damages.  The fact that I instruct you on the law of damages must not be taken as an indication that you should decide that Plaintiff is entitled to anything more than a nominal amount of damages.  You will decide on the evidence presented and the rules of law that I have given you the extent, if any, that Plaintiff is entitled to recover from the defendant.

If you decide that Plaintiff is entitled to recover, you will award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to plaintiff's reputation and the humiliation and mental anguish in her public and private life which you decide was caused by defendant's statement. In fixing that amount you should consider Plaintiff's standing in the community, the nature of Defendant's statement made about Plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as Plaintiff, and all of the other facts and circumstances in the case.  These damages cannot be proved with mathematical accuracy. Fair compensation may vary, ranging from one

dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or can reasonably be expected to suffer. It is Plaintiff's burden to prove the nature and extent of her damages and to prove that the damages were caused by Defendant's actions. Your determination of damages must not be based on speculation or guesswork.

You may not consider any damage to, or feelings of, Plaintiff's family, friends, or business associates. It is only Plaintiff's own injury, personal to her standing and reputation, which may be compensated.

Although other statements made by Defendant have been introduced into evidence during the trial, you may only consider the June 21 and June 22 statements when determining the damages, if any, Plaintiff is entitled to.

Further, you may not award compensatory damages more than once for the same injury. For example, where a plaintiff prevails on two claims and establishes that he or she is entitled to $100 in compensatory damages for that injury, that plaintiff is not entitled to $100 in compensatory damages on each claim. A plaintiff is only entitled to be made whole again, not to be made more than whole. Of course, where different injuries are attributed to the separate claims, a plaintiff is entitled to be compensated fully for all of the injuries.

**Sources**: N.Y. Pattern Jury Instr. Civil 3:29, 34 (modified); jury charge in *Mugavero v. Arms Acres, Inc., et al.*, No. 03 Civ. 5724 (PGG) (S.D.N.Y. 2010); *Gertz v. Robert Welch, Inc.,*

418 U.S. 323, 349 (1974); *Aronson v. Wiersma*, 65 N.Y.2d 592, 595 (1985) (requiring "causal connection between the loss" at issue and the alleged defamation).

### 19. Availability of Punitive Damages

The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by the plaintiff.  If you find that Defendant's conduct caused the harm that Plaintiff alleged she suffered, you must consider whether Defendant's conduct was also wanton or malicious. Publication of defamatory statements is wanton and malicious only if publication was solely motivated by hostility and a desire to injure Plaintiff. If, and only if, you find that such a sole motivation existed here may Plaintiff be entitled to punitive damages. If you reach this point in your deliberation, you will simply determine whether or not Plaintiff has proved, by clear and convincing evidence, that a desire to injure her and hostility toward her were the sole motive for publishing the portions of the June 21 and 22 statements that Plaintiff claims defamed her.

In making this determination, you may consider all relevant circumstances surrounding the making of the June 21 and June 22 statements, so long as they are not too remote, including any subsequent statements made by Defendant about Plaintiff.  To the extent you consider any of Defendant's subsequent statements, you may only consider those statements to evaluate Defendant's state of mind when making the June 21 and June 22 statements. You may not ascribe any amount of damages to a subsequent statement as part of any calculation of punitive damages, since those statements are not the subject of this case.

If you find that in making the statement about Plaintiff, Defendant acted maliciously, as I have just defined that term for you, you may, but are not required to, award plaintiff punitive damages. If you find that Defendant's statement was not made maliciously, as I have defined that

term for you, you may not award punitive damages. The burden of proving that the Defendant acted with malice is on Plaintiff.

In reporting your verdict, you will state the amount, if any, awarded by you as punitive damages.

**Source**: N.Y. Pattern Jury Instr. Civil 3:30 (modified). *See Prozeralik v. Capital Cities Commc'ns*, 82 N.Y.2d 466, 478-80 (1993); *Morsette v. The Final Call*, 309 A.D.2d 249, 254-255 (1st Dep't 2003); *Robertson v. Doe*, 2010 U.S. Dist. LEXIS 151305, at *15-17 (S.D.N.Y. May 11, 2010); *Camillo v. Geer*, 185 A.D.2d 192, 194 (1st Dep't 1992) ("An award for punitive damages must be supported by clear, unequivocal and convincing evidence."); *Orange & Rockland Utilities, Inc. v. Muggs Pub, Inc.*, 292 A.D.2d 580, 581, (2nd Dep't 2002) ("We further note that the plaintiff correctly argued before the Supreme Court that it erred in failing to charge the jury that the standard of proof regarding the imposition of punitive damages was clear and convincing evidence"); *Greenbaum v. Svenska Handelsbanken*, 979 F. Supp. 973, 982 (S.D.N.Y. 1997) (Sotomayor, J.) ("the burden of proof for the underlying claim sets the burden of proof for punitive damages*");* *Celle v. Filipino Reporter Enterprises, Inc.*, 209 F.3d 163, 184 (2d Cir. 2000).

## CLOSING INSTRUCTIONS

### 20. Duty to Deliberate

You will now return to decide the case. In order to prevail on her claims, Plaintiff must sustain her burden of proof as I have explained to you for each element of the complaint. If you find that Plaintiff has succeeded for a given claim, you should return a verdict in her favor on that claim. If you find that Plaintiff failed to sustain the burden on any element of one of her claims, you should return a verdict against Plaintiff for that particular claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2023) (Instruction 78-3) (modified).

### 21. Juror Notes

Your notes are for your personal notes only. Each of you may consult your own notes during deliberations, but any notes you may have taken are not to be relied upon in deliberations as a substitute for your collective memory. Your notes should be used as memory aids, but they should not be given precedence over your independent recollection of the evidence. If you're one who did not take notes, you should rely on your own independent recollection, and you should not be influenced by the notes of other jurors. The notes are entitled to no greater weight than the recollection or impression of each of you as to what the testimony may have been.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 22. Quorum Requirement

You're not to discuss the case unless you're all present. Four or five of you together is not a jury. It's simply a gathering of people who, by this time I hope, are fond of each other and friendly, at least. Only when you're all there are you a jury and only then may you deliberate.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 23. Selecting a Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2023) (Instruction 78-5).

### 24. Verdict Form

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

**Sources**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2023) (Instruction 78-7) (modified); based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 25. Instructions

You're going to have the instructions in writing. You're going to find that the instructions contain some legal citations here and there. They are included to aid the lawyers trying this case and me. They are kind of my order trail as to where the principles of law I'm charging you on came from, and let the lawyers know what I'm relying on. You need to ignore them.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 26. Reaching a Verdict

Once you have reached a unanimous decision, you will record your answers on one copy of the verdict form. As I say, the foreperson will fill it out. Each of you should sign the bottom. The verdict form, with the signatures, should go into a sealed envelope. The foreperson will tell the officers there's a verdict, clutch the envelope to your heart, bring it into the courtroom when I bring you back, and hold onto it until I ask you for it.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 27. Juror Questions

Now if in the course of your deliberations you have questions about any instructions, the foreperson should formulate a note. A note, the text of which is acceptable to all of you, and send the note out in a sealed envelope through the officer.

The pages and line numbers on the written copies that you will receive in the jury room are there so that you can indicate the page and line numbers of the passage you're asking questions about. It's important, if you can, that you indicate what pages and line numbers you're asking about. The procedure when I get a note is that I share the note with the lawyers, the lawyers have an opportunity to be heard on the question of how the note ought to be answered. If everybody agrees and that's the answer, if everybody disagrees, I decide what the answer is. And the more precisely we all understand what the question is all about and what you're asking, the better able we are to answer responsively and the more quickly we're going to be able to do it.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 28. Requests for Testimony

You are about to go into the jury room and begin your deliberations. You will have copies of the exhibits with you. If during those deliberations you want any of the testimony to be read back to you, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2023) (Instruction 78-1) (modified).

### 29. Media

This case has gotten a fair amount of media attention. Until a verdict is released or you are discharged, you must insulate yourself from all information about this case, except what has come to you in this courtroom. No reading, no watching, no listening to media coverage or commentary about the case or comments from your friends or loved ones.   You are sealed from other information.   And if anything happens that results in some exposure to some outside source, you have to report it.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 30. Juror Oath

I remind you that you took an oath to render judgment fairly and impartially, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law; and I know you're going to do that and reach a just and true verdict.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2023) (Instruction 71-4) (modified).