**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

December 20, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

        Re:    *Carroll v. Trump*, No. 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll to identify the portions of the October 19, 2022 deposition of Donald J. Trump that Carroll intends to introduce at trial pursuant to Federal Rule of Civil Procedure 32(a)(3), and to submit two similar exhibits for Your Honor's review.

      Carroll's designations are reflected in the chart below, and an excerpted deposition transcript reflecting the designated portions is attached as Exhibit A. Carroll sent her deposition designations to Trump on December 19, 2023, so that he would have an opportunity to record his objections and make any counterdesignations. Trump responded on December 20 that "[g]iven that the court has yet to rule on the various evidentiary issues which remain outstanding, *see* ECF 223 and 225, we believe it is premature to be submitting designations, counter-designations, and objections at this time." Given the rapidly approaching trial date, we disagree and will be prepared to modify any designations affected by the Court's decision.

| **Plaintiff's Designations** |
|---|
| 12:21 - 13:9 |
| 13:17 - 13:19 |
| 13:24 - 14:6 |
| 42:5 - 42:8 |
| 43:4 - 43:10 |
| 54:9 - 55:3 |

KAPLAN HECKER & FINK LLP

| Plaintiff's Designations |
|:---:|
| 55:7 - 55:18 |
| 56:8 - 56:12 |
| 57:6 - 57:11 |
| 57:15 - 57:18 |
| 60:3 - 60:5 |
| 61:6 - 61:14 |
| 61:22 - 62:18 |
| 67:7 - 67:9 |
| 68:3 - 68:21 |
| 69:7 - 69:23 |
| 81:21 - 83:2 |
| 87:6 - 88:3 |
| 88:7 - 88:17 |
| 89:18 - 90:11 |
| 93:19 - 94:20 |
| 95:4 - 95:5 |
| 95:8 - 95:8 |
| 103:8 - 103:19 |
| 125:22 - 126:3 |
| 127:5 - 128:5 |
| 130:6 - 130:19 |
| 130:25 - 131:4 |
| 131:11 - 131:13 |
| 131:16 - 131:20 |
| 131:24 - 132:5 |
| 134:10 - 134:13 |
| 137:9 - 138:3 |
| 141:21 - 142:14 |
| 146:16 - 146:21 |
| 147:3 - 147:17 |
| 147:20 - 148:7 |
| 148:9 - 148:20 |
| 148:22 - 149:2 |
| 149:4 - 149:6 |
| 168:20 - 168:25 |
| 169:4 - 169:6 |
| 169:8 - 169:21 |
| 170:2 - 170:4 |
| 174:5 - 174:21 |

KAPLAN HECKER & FINK LLP

3

| Plaintiff's Designations |
|---|
| 176:8 - 176:11 |
| 180:23 - 181:9 |
| 181:11 - 181:14 |
| 182:23 - 183:2 |
| 183:25 - 184:9 |
| 184:13 - 184:22 |
| 209:4 - 209:19 |

Carroll is also submitting with this letter two trial exhibits, attached hereto as Exhibits B and C, that Carroll intends to offer at the same time as the deposition designations. Trump's counsel has stated that they object to both exhibits "under [Federal Rules of Evidence] 401, 402, and 403, and [Federal Rule of Civil Procedure] 32(a)," and "since [Carroll has] not identified the basis for which [she] intend[s] to introduce this evidence, [they] reserve the right to raise additional objections depending on its intended use." But both exhibits contain testimony that Trump gave in another action about his wealth, an issue relevant to the appropriate measure of punitive damages in this case. *See Wright v. Musanti*, 887 F.3d 577, 588 (2d Cir. 2018) ("New York law permits the fact finder to consider evidence of a defendant's wealth when setting the amount of punitive damages."); *accord* N.Y. Pattern Jury Instr. Civil 3:30. And both exhibits are opposing party statements under Federal Rule of Evidence 801(d)(2). *See also* Fed. R. Civ. P. 32(a)(8) (recognizing that a deposition taken in another action may be admissible under Rule 32 *or* "also be used as allowed by the Federal Rules of Evidence").[1]

Trump also objected on the ground that the transcripts contained at Exhibits B and C were "not identified in the pre-trial order and [are] therefore untimely." But these exhibits contain evidence that would typically be used, without prior disclosure, as impeachment evidence at the first time at trial. While Trump has listed himself as a trial witness in this case, *see* ECF 227, he recently made an eleventh-hour decision not to testify in another action,[2] and we are preparing to try this case in light of that possibility. Moreover, it is unclear how Trump could claim prejudice as result of Carroll's intention to use Trump's own recent testimony about matters with which he is intimately familiar.

Because the admissibility of Trump's prior testimony in this case and in the New York Attorney General action may inform the substance of the parties' opening statements, we respectfully submit these matters to Your Honor at this time.

---

[1] We are amenable to removing the cover sheets from the two trial exhibits to eliminate any claim of prejudice that Trump might claim by virtue of the reference to the New York Attorney General's action against him. We have left those cover sheets in the exhibits for the time being for identification purposes.

[2] Ximena Bustillo & D. Parvaz, *Trump says he won't testify as planned in his civil fraud trial*, NPR (Dec. 11, 2023), https://www.npr.org/2023/12/11/1218470870/trump-testimony-new-york-fraud-trial.

KAPLAN HECKER & FINK LLP

                                                             Respectfully submitted,

                                                             Roberta A. Kaplan

cc:     Counsel of Record (via ECF)