**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

December 31, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

  We write on behalf of Plaintiff E. Jean Carroll to provide our objections to Defendant Donald J. Trump's deposition counter-designations. *See* ECF 243. Like his other recent filings, Trump's counter-designations seek to litigate again issues that Your Honor has already resolved against him. More specifically, the Court already rejected many of the exact same counter-designations in connection with last spring's trial in *Carroll II*. Moreover, Trump's effort to designate testimony going to the truth of his defamatory claims illustrates his utter disregard for the Court's collateral estoppel and summary judgment decision. *See* ECF 214. As explained further below, Carroll's objections should be sustained in their entirety.

        \*   \*   \*

  Under Federal Rule of Civil Procedure 32(a)(6), "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." As Your Honor has explained, "this rule represents an attempt to preclude the selective use of deposition testimony that might convey a misleading impression and permits an adverse party to supplement portions of a deposition designated by the offering party in the interest of completeness." *Carroll II*, ECF 158 at 1 (cleaned up). What the Rule does not permit, however, is for the opposing party to counter-designate "any other parts" of a deposition solely because his adversary has designated some parts of it. *Id.* at 1-2; *see also Carroll II*, ECF 152 at 2-3.

  Your Honor applied this principle to sustain Carroll's objections to many of Trump's counter-designations in *Carroll II*. But Trump once again effectively seeks a do-over: more than half of Trump's counter-designations here are counter-designations that this Court rejected in

**KAPLAN HECKER & FINK LLP**   2

*Carroll II*. *Compare* ECF 243, *with Carroll II*, ECF 158 at 4-6.[1] Yet there is no reason why a different result is now warranted. If anything, because the upcoming trial in this action is narrowly focused on damages, ECF 214 at 4, the grounds for sustaining Carroll's objections to Trump's already-rejected counter-designations are even stronger.

The narrow scope of this trial also has the effect of making a number of Trump's counter-designations that were permitted in *Carroll II* inadmissible here. As Carroll explained in her recent letter asking Your Honor to resolve certain evidentiary disputes before trial, *see* ECF 233, the jury in this case needs to decide only (i) the amount of damages to award in connection with Trump's June 21 and 22 defamatory statements and (ii) Trump's common law malice. Many of Trump's counter-designations, by contrast, concern whether the underlying sexual assault occurred—an issue that has been conclusively resolved in Carroll's favor. *See* ECF 214 at 8-9, 15-16. Any counter-designations pertaining to that issue or otherwise contradicting the Court's collateral estoppel decision must be rejected.[2]

| Defendant's Counter-Designations | Plaintiff's Objections |
|---|---|
| **50:25 - 51:6** | FRCP 32(a)(6); FRE 106[3], 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **51:8 - 51:12** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| 53:11 - 53:24 | FRCP 32(a)(6); FRE 106, 402 |
| **55:20 (starting with "it was") - 56:5** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| 58:5 - 58:6 | No objection |
| 58:14 - 59:23 | No objection |
| **60:3 - 60:18** | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802; Memorandum Opinion on Collateral Estoppel, ECF 214

No objection to 60:3 - 60:5 |
| 67:10 - 67:18 | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **71:4 - 71:24** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |

---

[1] Counter-designations that were previously rejected by the Court in *Carroll II* that should be similarly rejected here are identified below in bold. *See Carroll II*, ECF 158.

[2] Counter-designations that were permitted by the Court in *Carroll II* but are now irrelevant and inadmissible given the significantly narrowed scope of issues in *Carroll I* are identified below in italics. *See* ECF 214.

[3] Carroll objects under Federal Rule of Civil Procedure 32(a)(6) and Federal Rule of Evidence 106 where, as discussed above, Trump exceeds the scope of permissible counter-designation. *See Carroll II*, ECF 158.

| Defendant's Counter-Designations | Plaintiff's Objections |
|---|---|
| **72:6 - 72:10** | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802; Memorandum Opinion on Collateral Estoppel, ECF 214; *see also Carroll II*, Memorandum and Order on Plaintiff's *In Limine* Motion, ECF 95 at 21 (precluding Trump from "giving … testimony concerning information allegedly known to persons whom he has not disclosed") |
| **72:14 - 73:16** | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802; Memorandum Opinion on Collateral Estoppel, ECF 214; *see also Carroll II*, Memorandum and Order on Plaintiff's *In Limine* Motion, ECF 95 at 21 |
| **73:18 - 73:20** | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802; Memorandum Opinion on Collateral Estoppel, ECF 214; *see also Carroll II*, Memorandum and Order on Plaintiff's *In Limine* Motion, ECF 95 at 21 |
| **77:14 (starting with "And if") - 78:5** | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802[4]; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| *80:4 - 80:16* | FCRP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **91:3 - 91:15** | FRCP 32(a)(6); FRE 106, 402, 403, 412, 602, 802; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| 103:6 - 103:19 | No objection |
| **116:22 - 117:4** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **119:5 - 119:22** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **119:24 - 120:15** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **131:5 - 131:9** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **134:19 - 134:24** | FRCP 32(a)(6); FRE 106, 402, 602, 802 |

---

[4] Here, Carroll objects under Federal Rule of Evidence 802 because Trump omits any question from his designation. Where an answer is designated without a question, the designated material no longer constitutes "testimony" that might be admissible pursuant to Federal Rule of Civil Procedure 32 and instead constitutes inadmissible hearsay under Federal Rule of Evidence 802. *See also* Fed. R. Evid. 801(d)(2) (excluding from the definition of hearsay an opposing party's statement only where the statement is offered *against* that opposing party).

KAPLAN HECKER & FINK LLP

4

| Defendant's Counter-Designations | Plaintiff's Objections |
|---|---|
| *139:8 - 139:24* | FRCP 32(a)(6); FRE 106, 402, 403, 602; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| *141:3 - 141:20* | FRCP 32(a)(6); FRE 106, 402, 403, 602; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| *146:22 - 147:2* | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| 148:9 - 148:13 | No objection |
| 172:3 - 172:10 (Defendant designates only because the issue of whether the "Access Hollywood" tape is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |
| 174:22 - 175:4 (ending with "people talk") (Defendant designates only because the issue of whether the "Access Hollywood" tape is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |
| 176:12 - 176:17 (ending with "remember it) (Defendant designates only because the issue of whether Natasha Stoynoff's testimony, and evidence relating to said testimony, is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |

**KAPLAN HECKER & FINK LLP**

| Defendant's Counter-Designations | Plaintiff's Objections |
|---|---|
| 176:19 (starting with "a long time") - 177:4 (ending with "phony charge") <br><br> (Defendant designates only because the issue of whether Natasha Stoynoff's testimony, and evidence relating to said testimony, is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |
| 183:13 - 183:23 (ending with "disgrace, also.") <br><br> (Defendant designates only because the issue of whether Jessica Leeds's testimony, and evidence relating to said testimony, is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |
| **185:3 - 187:3** <br><br> (Defendant designates only because the issue of whether Jessica Leeds's testimony, and evidence relating to said testimony, is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | FRCP 32(a)(6); FRE 106, 402, 403, 602, 802 |
| 191:25 - 192:22 <br><br> (Defendant designates only because the issue of whether Jessica Leeds's testimony, and evidence relating to said testimony, is admissible at trial remains pending before this Court, and Plaintiff's designations on this issue, and reserves all rights on appeal) | No objection |
| **210:17 - 210:19** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |
| **210:22 - 210:25** | FRCP 32(a)(6); FRE 106, 402, 403; Memorandum Opinion on Collateral Estoppel, ECF 214 |

**KAPLAN HECKER & FINK LLP**

| Defendant's Counter-Designations | Plaintiff's Objections |
|---|---|
| 215:3 - 215:19 | FRCP 32(a)(6); FRE 106, 402, 403, 602; Memorandum Opinion on Collateral Estoppel, ECF 214 |

   Finally, Trump makes a broad objection to the introduction of *any* portion of Trump's deposition on the ground that Trump "has been named as a witness to testify at this trial." ECF 243 at 1. We have heard this song before: before trial in *Carroll II*, Trump was listed as a witness, *Carroll II*, ECF 130; he repeatedly told the Court through counsel that he might testify, *e.g.*, *Carroll II*, ECF 118, 127; *Carroll II* Trial Tr. 304:1-305:20; and, even after his lawyer represented to the Court that Trump would not appear, he told the press the opposite, claiming he planned to end a vacation early to testify, *see Carroll II* Trial Tr. 465:21-466:1 (May 1: "Your Honor, my intention today … just for scheduling purposes, is I'm not calling the defendant. THE COURT: And I can bank on that? … MR TACOPINA: Your Honor, I'm almost certain that you could bank on that."); Shawn Pogatchnik, *Trump Vows 'to Confront' Rape Accuser From Golf Course in Ireland*, Politico (May 4, 2023) (quoting Trump saying he planned "to go back [to New York] and … confront [Carroll]. This woman is a disgrace."). As Your Honor is well aware, that is not what happened. But this argument reflects a serious misunderstanding of the applicable evidentiary rules in any event since Trump's supposed intention to testify is "immaterial" to our ability to introduce Trump's deposition testimony as part of our case-in-chief. *See Keawsri v. Ramen-Ya Inc.*, No. 17 Civ. 2406, 2022 WL 2391692, at *1 (S.D.N.Y. July 1, 2022); *see also* Fed. R. Civ. P. 32(a)(4) (identifying witnesses for whom unavailability is required).

Respectfully submitted,

Roberta A. Kaplan

cc:  Counsel of Record