# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

January 3, 2024

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

We write on behalf of Plaintiff E. Jean Carroll to address two evidentiary matters relevant to the upcoming trial in this action. The trial, which the Second Circuit again refused to stay earlier this afternoon, will be somewhat atypical. Because Trump's liability for defamation has already been decided, the jury here will be asked to resolve issues relating only to damages. Moreover, the Court has already addressed many of the evidentiary issues during the prior trial in *Carroll II* that ended last May. In these unique circumstances, we understand the upcoming trial to be quite focused, with the scope of admissible evidence to be narrow. Trump, on the other hand, appears to envision something far more expansive and unwieldy and, in service of that objective, has repeatedly sought to relitigate matters that were long ago settled. *See, e.g.*, ECF 238, 245. Given the positions that Trump has taken, we respectfully make two requests at this time.

**First,** we respectfully request a ruling in advance of trial on the various evidentiary issues currently pending before the Court. *See* ECF 233, 235. Many of these issues relate to Trump's desire to disregard the evidentiary implications of the Court's collateral estoppel and summary judgment decision as well as his stated intention to introduce evidence that the Court already deemed inadmissible in *Carroll II*. Along with the Court's decision on a preliminary jury instruction, *see* ECF 234, resolving these pending evidentiary issues before trial will obviously go a long way to providing the parties with the necessary guidance on the proper scope of opening statements and will reduce the risk that the jury is exposed to inadmissible and unduly prejudicial

material.[1] Moreover, certain of Carroll's witnesses (whose testimony is in dispute) live out of town and will need to coordinate travel to testify in person. Clarity on whether those two witnesses will be permitted to testify will allow them to make the necessary arrangements.

**Second,** we respectfully request that the Court enter an order precluding evidence, examination, or argument relating to the *Carroll II* jury's determination that there was insufficient evidence that Trump raped Carroll within the technical meaning of New York Penal Law, which limits the definition of "rape" to instances where a defendant forcibly penetrates his victim with his penis. The Court has repeatedly explained, "based on all of the evidence at trial and the jury's verdict as a whole, the jury's finding that Mr. Trump 'sexually abused' Ms. Carroll implicitly determined that he forcibly penetrated her digitally—in other words, that Mr. Trump in fact did 'rape' Ms. Carroll as that term commonly is used and understood in contexts outside of the New York Penal Law." *Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 5017230, at *1 (S.D.N.Y. Aug. 7, 2023); *see also Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 4744176, at *2 (S.D.N.Y. July 25, 2023); *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 4612082, at *2 (S.D.N.Y. July 19, 2023). Further still, the Court has rejected Trump's argument that the *Carroll II* jury's finding on rape is preclusive in this action, explaining that because the finding was "unnecessary and immaterial" to the jury's verdict, it is "not binding on Ms. Carroll [or the jury] in this case." *Carroll*, 2023 WL 5017230, at *7. As a result, Trump cannot argue or present evidence regarding the *Carroll II* jury's finding regarding rape, including in his opening statement.

But there is more. The technical rape finding would have no probative value in any event since whether Trump penetrated Carroll with his penis and not just his fingers is not relevant in the slightest to measuring the harm to Carroll's reputation resulting from Trump's defamatory statements. Nor would the technical rape finding bear on Carroll's credibility. Rule 608(b) generally bars the use "extrinsic evidence" to "prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," but a court may allow "them to be inquired into if they are probative of the [witness's] character for truthfulness or untruthfulness." Fed. R. Evid. 608(b); *see United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003). This rule is "intended to be restrictive" and "does not authorize inquiry on cross-examination into instances of conduct that do not *actually indicate* a lack of truthfulness." 4 Weinstein's Fed. Evid. § 608.22(2)(c)(i) (emphasis added). Here, the *Carroll II* jury verdict is not proof of Carroll's character for untruthfulness—indeed, the jury's finding was arguably consistent

---

[1] Of course, if Trump's efforts in this regard continue through trial, Carroll will not hesitate to seek appropriate sanctions, including curative instructions and monetary and other penalties for deliberately violating prior court orders. *Martinez v. City of New York*, No. 16 Civ. 79, 2018 WL 604019, at *19 (E.D.N.Y. Jan. 24, 2018) ("It is clear that sanctions may be imposed upon a party or counsel who deliberately fails to comply with a court order."); *see also, e.g., Ojeda v. Metro. Transp. Auth.*, 477 F. Supp. 3d 65, 78 (S.D.N.Y. 2020) (upholding use of curative instruction to remedy potential prejudice from improper testimony); *Hinds v. Cnty. of Westchester*, No. 11 Civ. 7265, 2020 WL 7046843, at *2-6 (S.D.N.Y. Dec. 1, 2020) (referring counsel to disciplinary committee where counsel, *inter alia*, asked "improper questions despite numerous court orders" and "repeatedly disregard[ed]" the court's evidentiary orders); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 955 F. Supp. 2d 118, 149 (E.D.N.Y. 2013) (discussing court's use of "various warnings to plaintiff's counsel, along with its thorough limiting instructions to jury," in response to counsel's improper line of questioning); *Warr v. Liberatore*, 437 F. Supp. 3d 259, 282 (W.D.N.Y. 2020) (awarding sanctions for counsel's "repeated violations of this Court's *in limine* rulings").

with Carroll's own testimony.[2] And the fact that the jury determined there was insufficient evidence to find rape does not mean that they found the rape did not happen. *Cf. United States v. Ashburn*, No. 11 Cr. 0303, 2015 WL 729818, at *2 (E.D.N.Y. Feb. 19, 2015) ("[E]vidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior proceeding failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime."). This aspect of the jury verdict is therefore not an adverse credibility finding and does not establish that Carroll previously gave false testimony under oath.

Even if Carroll's prior testimony about the specific nature of Trump's abusive conduct had some probative value (which it does not), the danger of needlessly wasting time, confusing the issues, and fostering undue prejudice would grossly outweigh it. *See* Fed. R. Evid. 403. For example, allowing Trump to raise issues related to the *Carroll II* jury's rape finding—an issue that the jury in this case need not accept and Carroll is entitled to present evidence to dispute, *Carroll*, 2023 WL 5017230, at *7—would require a mini trial over the precise details of the underlying assault. This outcome would expand the upcoming trial proceedings well beyond their narrow focus on damages. *Doe v. Lima*, No. 14 Civ. 2953, 2020 WL 728813, at *6 (S.D.N.Y. Feb. 13, 2020) (excluding evidence under Rule 403 when it "would invite a 'trial within a trial,' hijacking a targeted inquiry into damages and converting it into an exploration" of peripheral credibility issues). This is especially true since the Court already has found that Trump raped Carroll within "common modern parlance," *Carroll*, 2023 WL 4612082, at *2, giving rise to the danger that the jury could improperly confuse the issues if Trump is permitted to pursue a defense suggesting that the *Carroll II* jury exonerated him. That argument has been the theme of prior court filings[3] as well as the public narrative that Trump has continued to push with respect to this case.[4] Finally, there is significant risk the jury in the upcoming trial might give undue weight to the *Carroll II* jury's finding on rape when it was clearly not necessary to the same jury's conclusion that Trump falsely denied Carroll's sexual assault allegations or that Carroll incurred significant reputational harm as a result of Trump's October 2022 statement.

We raise this issue now because of our understandable concern that Trump would like to transform the upcoming damages-only trial into something else entirely. Indeed, the only reason

---

[2] At trial, Carroll repeatedly described Trump's use of his fingers to touch and invade her vagina, *Carroll II* Trial Tr. at 180-81, 406. Carroll also acknowledged that while she believes she felt Trump's penis inside her, *id.* at 181, 636, she could not see it because Trump's body was pressed up so closely against hers, *id.* at 181. She also testified that she managed to escape shortly after Trump had exposed his penis. *Id.* at 182. And for many years, Carroll testified, she resisted using the word "rape" to describe the attack by Trump. *Id.* at 545.

[3] *See, e.g.*, *Carroll II*, ECF 184 at 3-4, 18 ("To Plaintiff, this case was always about Defendant allegedly raping her. … [T]he Jury simply did not believe Plaintiff's rape accusation. … [T]he overall essence of Plaintiff's defamation claim was that Defendant allegedly defamed Plaintiff when he denied her rape allegation. … As noted above, the Jury found that Defendant did not rape Plaintiff, and thus, the portions of the defamation claim based upon an alleged rape failed.").

[4] *E.g.*, @realDonaldTrump, Truth Social (Dec. 7, 2023), https://truthsocial.com/@realDonaldTrump/posts/111542183787096947 (referring to "woman who I knew absolutely nothing about, sued me for Rape, for which I was found NOT GUILTY" and criticizing prior counsel for "not good advice" that he not attend *Carroll II* trial). Given that Trump told a reporter yesterday that he plans to attend the trial in this action, the risk that Trump will seek to use courtroom proceedings to further his preferred public narrative is arguably even more pressing. Maggie Haberman, *Trump's January: Court Dates and Election Nights*, N.Y. Times (Jan. 3, 2024), https://www.nytimes.com/2024/01/03/us/politics/trump-january-trials-elections.html.

KAPLAN HECKER & FINK LLP

4

to raise the *Carroll II* jury's rape finding would be use it to dispute whether the assault occurred in the first place and question Carroll's associated credibility—issues that have already been resolved unanimously and conclusively in Carroll's favor.

Respectfully submitted,

Roberta A. Kaplan

cc:     Counsel of Record