

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

January 5, 2024

**Via ECF**

The Honorable Lewis A. Kaplan,
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *E. Jean Carroll v. Donald J. Trump*
              20 Civ. 07311 (LAK) (JLC)

Dear Judge Kaplan:

      We write in response to the letter submitted by Plaintiff, E. Jean Carroll, on January 3, 2024 (the "Letter") and in accordance with this Court's Order dated January 4, 2024. *See* ECF 247.

      Plaintiff seeks to preclude "evidence, examination, or argument relating to the *Carroll II* jury's determination that there was insufficient evidence that Trump raped Carroll within the technical meaning of New York Penal Law, which limits the definition of "rape" to instances where a defendant forcibly penetrates his victim with his penis." Letter at p. 2. In the Letter, Plaintiff argues that both the legal definition and colloquial definition of rape have no probative value in Defendant's argument regarding damages, but this finding by the jury has a direct probative value of showing that Defendant's comments were not made with common law malice and also helps demonstrate that it was Plaintiff's book excerpt—not Defendant's denial of Plaintiff's claim—that caused Plaintiff any damages.

      Plaintiff accused Defendant of raping her; regardless of what meaning she ascribed to it, she used that very specific word both in her book and throughout her legal complaint. *See* ECF 6-1; *Carroll v. Trump*, 1:22-cv-10016, ECF 1. Defendant, in turn, denied that he raped Plaintiff and a jury subsequently found that Plaintiff had not proven by a preponderance of the evidence that Defendant raped her. This supports the argument that Defendant's statements were not made with common law malice, as a jury found that no rape had occurred.[1] Whether it is in the context of the New York Penal Code or otherwise is irrelevant. With this in mind, Fed. R. Evid. 608(b) is not applicable, as this evidence does not apply to Plaintiff's character for truthfulness, but rather it applies to Defendant's right to defend himself and how he went about doing that without malice. Similarly, Plaintiff's claim in the Letter that such evidence would require a mini-trial on the actual details of the alleged assault is also erroneous. To the contrary, the verdict can be admitted to support Defendant's state of mind without any discussion of the details of what Plaintiff claims transpired.

---

[1] The *Carroll II* verdict remains pending on appeal and Defendant disputes the findings against him.

Relatedly, this evidence directly bolsters that it was Plaintiff coming forward with allegations against Defendant, and not Defendant's denial, that caused her any damages (to the extent there is any damage). The jury found that there was no evidence that Defendant raped Plaintiff, which supports a finding that it was Plaintiff's baseless allegation of rape that would cause any damage, not Defendant's statements. Indeed, Plaintiff even acknowledged in her deposition that she expected Defendant to say that their purported encounter was consensual—and not deny it outright. *See* ECF 116-1, Tr. 166:1-6.

Moreover, in the Letter, Plaintiff cites the Court's opinion and claims that "Trump raped Carroll within 'common modern parlance,'" but the Court relied on esoteric definitions from, *inter alia,* the American Psychology Association, the Uniform Code of Military Justice, and the United States Attorney General. *See* Letter at p. 2, citing *Carroll*, 2023 WL 4612082, at *2, FN 3. Setting aside that the Court emphasized these other sources over the applicable New York Penal Code in its ruling, at a minimum, the jury should be allowed to consider their view and definition of the "common modern parlance" of rape in considering whether Defendant's statements were made with common law malice. The jury's finding is a key factor in showing that other people believed that there was not sufficient evidence that a rape occurred. Indeed, even Plaintiff acknowledges in her Letter that she was hesitant to describe her narrative of the encounter with Defendant as "rape"—showing that she also differentiated between rape and assault. *See* Letter at p.3, FN 2.

Based on the foregoing, Defendant respectfully requests that the Court permit questions relating to the jury's finding in *Carroll II* that no rape occurred.

Respectfully submitted,

Michael T. Madaio, Esq.