# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL       212.763.0883
DIRECT EMAIL      rkaplan@kaplanhecker.com

January 3, 2024

# MEMO ENDORSED

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

    We write on behalf of Plaintiff E. Jean Carroll to address two evidentiary matters relevant to the upcoming trial in this action. The trial, which the Second Circuit again refused to stay earlier this afternoon, will be somewhat atypical. Because Trump's liability for defamation has already been decided, the jury here will be asked to resolve issues relating only to damages. Moreover, the Court has already addressed many of the evidentiary issues during the prior trial in *Carroll II* that ended last May. In these unique circumstances, we understand the upcoming trial to be quite focused, with the scope of admissible evidence to be narrow. Trump, on the other hand, appears to envision something far more expansive and unwieldy and, in service of that objective, has repeatedly sought to relitigate matters that were long ago settled. *See, e.g.*, ECF 238, 245. Given the positions that Trump has taken, we respectfully make two requests at this time.

    **First,** we respectfully request a ruling in advance of trial on the various evidentiary issues currently pending before the Court. *See* ECF 233, 235. Many of these issues relate to Trump's desire to disregard the evidentiary implications of the Court's collateral estoppel and summary judgment decision as well as his stated intention to introduce evidence that the Court already deemed inadmissible in *Carroll II*. Along with the Court's decision on a preliminary jury instruction, *see* ECF 234, resolving these pending evidentiary issues before trial will obviously go a long way to providing the parties with the necessary guidance on the proper scope of opening statements and will reduce the risk that the jury is exposed to inadmissible and unduly prejudicial

Memorandum Endorsement                                         Carroll v. Trump, 20-cv-7311 (LAK)

       Plaintiff moves to preclude defendant from offering any evidence, conducting any examination, or making any argument relating to the *Carroll II* jury's determination that plaintiff failed to prove that defendant "raped" her within the technical meaning of New York Penal Law first degree rape.[1] She argues that (1) the findings in *Carroll II* actually established that Mr. Trump "raped" her as the term commonly is used, (2) the *Carroll II* jury's conclusion as to Penal Law rape in any case is not issue preclusive against plaintiff in this action because it was "unnecessary and immaterial" to the jury verdict in *Carroll II*, and (3) the *Carroll II* jury's Penal Law rape conclusion in any case would waste time, confuse the issues, and not be relevant to determining the money damages that will be awarded to Ms. Carroll for Mr. Trump's defamatory June 21 and 22, 2019 statements, liability for which already has been established on summary judgment.[2] Plaintiff's arguments are correct for the following reasons, substantially all of which the Court has explained in great detail in prior opinions.[3]

       1.     The jury in *Carroll II* found that Mr. Trump, forcibly and without consent, digitally penetrated Ms. Carroll's vagina.[4] Even if there were doubt on that point – which there is not – the Court exercised its authority under Fed. R. Civ. P. 49 to make that finding.[5] Accordingly, Ms. Carroll's statement that Mr. Trump "raped" her was substantially true under common modern parlance, regardless of the New York Penal Law definition of rape.[6]

       2.     The *Carroll II* jury's conclusion that Ms. Carroll did not establish first degree rape within the meaning of the New York Penal Law is not issue preclusive against Ms. Carroll because it was not

---

[1] Dkt 246 (Pl. Letter).

[2] *Id.* at 2-3.

[3] *See Carroll v. Trump*, No. 20-CV-7311 (LAK) (*Carroll I*), 2023 WL 4744176, at *2 (S.D.N.Y. July 25, 2023); *Carroll v. Trump*, No. 20-CV-7311 (LAK), 2023 WL 5017230, at *1-3, *5-8 (S.D.N.Y. Aug. 7, 2023); *Carroll v. Trump*, No. 22-CV-10016 (LAK) (*Carroll II*), 2023 WL 4612082, at *2, *18-20 (S.D.N.Y. July 19, 2023).

[4] *Carroll II*, 2023 WL 4612082, at *12-14, *16, *18-20 ("The jury's finding of sexual abuse therefore necessarily implies that it found that Mr. Trump forcibly penetrated her vagina. And since the jury's answer to Question 1 demonstrates that it was unconvinced that there was penile penetration, the only remaining conclusion is that it found that Mr. Trump forcibly penetrated her vagina with his fingers – in other words, that he 'raped' her in the sense of that term broader than the New York Penal Law definition.").

[5] *Id.* at *19 n.70.

[6] *Carroll I*, 2023 WL 5017230, at *6-8 ("[T]he jury's verdict in *Carroll II* establishes, as against Mr. Trump, the fact that Mr. Trump 'raped' her, albeit digitally rather than with his penis. Thus, it establishes against him the substantial truth of Ms. Carroll's 'rape' accusations."). *See also Carroll II*, 2023 WL 4612082, at *2-6.

necessary to the outcome of the case.[7]

3. The only questions for trial here, liability having been established on summary judgment, concern the damages that Ms. Carroll is entitled to for Mr. Trump's June 21 and 22, 2019 defamatory statements. Whether Mr. Trump forcibly and without Ms. Carroll's consent penetrated her vagina with his fingers – as the *Carroll II* jury and the Court both found – or also with his penis has nothing to do with injury inflicted on her by the defamatory statements. The sting of the defamation was Mr. Trump's assertions that Ms. Carroll's charge of sexual abuse was an entirely untruthful fabrication and one made up for improper or even nefarious purposes.

Mr. Trump nevertheless argues that he should be permitted to adduce evidence regarding the Penal Law finding by the *Carroll II* jury on the theory that it "has a direct probative value of showing that Defendant's comments were not made with common law malice and also helps demonstrate that it was Plaintiff's book excerpt – not Defendant's denial of Plaintiff's claim – that caused Plaintiff any damages."[8] These arguments are entirely without merit.

If the *Carroll II* Penal Law rape conclusion were to have any relevance at all, it first would have to have been a determination that would collaterally estop Ms. Carroll from contending that Mr. Trump forcibly and without her consent penetrated her vagina *with his penis*. But, as the Court already has held, the *Carroll II* Penal Law rape conclusion does not collaterally estop Ms. Carroll in any respect.[9] But let's assume, just for the sake of argument, that the *Carroll II* Penal Law rape conclusion were binding on Ms. Carroll and established that Mr. Trump did not, forcibly and without her consent, insert *his penis* into her vagina. The fact would remain that *Carroll II* did conclusively establish that Mr. Trump did, forcibly and without her consent, penetrate Ms. Carroll's vagina with *his fingers*. He nevertheless falsely defamed her – from the most prominent "bully pulpit" in the world – of having lied, of having made up the whole story. Thus, Mr. Trump's suggestion that the *Carroll II* Penal Law rape conclusion would be "probative" on the issue of whether his false and defamatory statements were made with common law malice, even if the Penal Law rape conclusion were binding on Ms. Carroll – which it is not – would be baseless. In any case, the introduction of the *Carroll II* Penal Law rape conclusion into this trial, given that it is not binding on Ms. Carroll, would lead to a mini-trial as to whether Mr. Trump penetrated her with his penis as well as his fingers and thus waste time and

---

[7] *Carroll I*, 2023 WL 5017230 at *6-7 ("As the parties agreed, Ms. Carroll was entitled under the ASA to sue Mr. Trump for sexual battery in 2022, despite the years that had passed since the parties' encounter, only if she could establish that Mr. Trump's conduct met any one of three alternative definitions of sex crimes set out in the Penal Law – rape, sexual abuse or forcible touching. The jury was required to answer 'yes' to only one of these three theories in order to award damages. It found that Mr. Trump had abused Ms. Carroll sexually, thus satisfying the requirement of the ASA[.] The issues of whether he 'raped' or 'forcibly touched' her were entirely extraneous given the sexual abuse finding. Indeed, the verdict form could have omitted the first degree rape question entirely, and the judgment in *Carroll II* would have been unaffected. The *Carroll II* jury's answer to the Penal Law 'rape' question therefore was unnecessary and immaterial.").

[8] Dkt 250 (Def. Letter) at 1.

[9] *Carroll I*, 2023 WL 5017230 at *6-7.

confuse the jury.[10] So even if that conclusion were probative to some modest degree and otherwise admissible, the risk of unfair prejudice, confusion of the issues, and waste of time would outweigh any such probative value quite substantially.[11]

Plaintiff's letter motion for an order precluding defendant from offering any evidence or making any argument relating to the *Carroll II* jury's determination that plaintiff failed to prove by a preponderance of the evidence that defendant "raped" her within the technical meaning of New York Penal Law (Dkt 246) is GRANTED. Defendant and his counsel shall not offer any evidence, conduct any examination, or make any argument relating to the *Carroll II* jury's determination that plaintiff had failed to prove that defendant "raped" her within the meaning of New York Penal Law.

SO ORDERED.

Dated:     January 6, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[10] Mr. Trump denies that a mini-trial on the penile rape issue would be necessary, saying that the finding could be admitted "without any discussion of the details of what Plaintiff claims transpired." Dkt 250 (Def. Letter) at 1. But he is mistaken. As the finding would not be conclusive proof that Mr. Trump did not commit first degree rape as defined in the New York Penal Law, Ms. Carroll would be entitled to rebut that evidence by, among other things, testifying – as she did in *Carroll II* – that he did in fact penetrate her vagina with his penis. *See also* Dkt 246 (Pl. Letter) at 3.

[11] The Court has considered defendant's other arguments and concluded that they lack merit.