# EXHIBIT A

Allison R. Greenfield

| | |
|---|---|
| **From:** | Hon. Arthur Engoron |
| **Sent:** | Wednesday, January 10, 2024 12:12 PM |
| **To:** | chris kise |
| **Cc:** | Allison R. Greenfield; kevin.wallace@ag.ny.gov; Clifford Robert; Alina Habba; ckise@continentalpllc.com; Amer, Andrew; Faherty, Colleen |
| **Subject:** | RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th |

Dear Mr. Kise,

Not having heard from you by the third extended deadline (noon today), I assume that Mr. Trump will not agree to the reasonable, lawful limits I have imposed as a precondition to giving a closing statement above and beyond those given by his attorneys, and that, therefore, he will not be speaking in court tomorrow.

As I previously indicated, this email chain will docketed on NYSCEF to preserve your appellate rights.

Justice Engoron

---

**From:** Hon. Arthur Engoron
**Sent:** Wednesday, January 10, 2024 11:54 AM
**To:** chris kise <chris@ckise.net>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>; kevin.wallace@ag.ny.gov; Clifford Robert <crobert@robertlaw.com>; Alina Habba <ahabba@habbalaw.com>; ckise@continentalpllc.com; Amer, Andrew <Andrew.Amer@ag.ny.gov>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>
**Subject:** RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Kise,

I won't debate this yet again. Take it or leave it. Now or never. You have until noon, seven minutes from now. I WILL NOT GRANT ANY FURTHER EXTENSIONS.

Justice Engoron

---

**From:** chris kise <chris@ckise.net>
**Sent:** Wednesday, January 10, 2024 11:40 AM
**To:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>; kevin.wallace@ag.ny.gov; Clifford Robert <crobert@robertlaw.com>; Alina Habba <ahabba@habbalaw.com>; ckise@continentalpllc.com; Amer, Andrew <Andrew.Amer@ag.ny.gov>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>
**Subject:** Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Justice Engoron

This is very unfair, your Honor. You are not allowing President Trump, who has been wrongfully demeaned and belittled by an out of control, politically motivated Attorney General, to speak about the things that must be spoken about.

1

**From:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Date:** Wednesday, January 10, 2024 at 10:57 AM
**To:** chris kise <chris@ckise.net>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>, kevin.wallace@ag.ny.gov <Kevin.Wallace@ag.ny.gov>, Clifford Robert <crobert@robertlaw.com>, Alina Habba <ahabba@habbalaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>, Amer, Andrew <Andrew.Amer@ag.ny.gov>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>
**Subject:** Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Kise,

As I have already indicated to you, if Mr. Trump wishes to speak, pursuant to CPLR 321, you will have to tell me NOW that he will agree to the limitations I have imposed, which go without saying and apply to everyone, and he will have to agree to do so tomorrow, on the record, which should take no more than a minute or two.

Justice Engoron

---

**From:** chris kise <chris@ckise.net>
**Date:** Wednesday, January 10, 2024 at 10:51 AM
**To:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>, kevin.wallace@ag.ny.gov <Kevin.Wallace@ag.ny.gov>, Clifford Robert <crobert@robertlaw.com>, Alina Habba <ahabba@habbalaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>, Amer, Andrew <Andrew.Amer@ag.ny.gov>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>
**Subject:** Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Justice Engoron

Despite the fact that his Mother-in Law, who he was very close to, passed away late last night, President Trump will be speaking tomorrow.

Respectfully,

Chris

---

**From:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Date:** Wednesday, January 10, 2024 at 8:48 AM
**To:** chris kise <chris@ckise.net>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>, kevin.wallace@ag.ny.gov <Kevin.Wallace@ag.ny.gov>, Clifford Robert <crobert@robertlaw.com>, Alina Habba <ahabba@habbalaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>, Amer, Andrew <Andrew.Amer@ag.ny.gov>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>
**Subject:** Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Kise,

I am sorry to hear the sad news.

The request to postpone tomorrow's closing arguments is denied. I'm sure you realize, although you may not realize to what extent, that every appearance of Mr. Trump requires court officers, court clerks, administrators, security details, technical people, etc. to rearrange their schedules and to plan for the day. The administration even had to "evict" the jury trial currently taking place in Room 300 for tomorrow. Of course, I am also anxious to hear a full day of closing statements as I consider the case as a whole.

On balance, going forward makes the most sense. Please tell Mr. Trump that I am sorry.

I still hope and expect to hear from you by 11:00 AM this morning as to whether all this is even an issue.

Justice Engoron

---

**From:** chris kise <chris@ckise.net>
**Date:** Tuesday, January 9, 2024 at 9:26 PM
**To:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Cc:** Allison R. Greenfield <argreenf@nycourts.gov>, kevin.wallace@ag.ny.gov <Kevin.Wallace@ag.ny.gov>, Clifford Robert <crobert@robertlaw.com>, Alina Habba <ahabba@habbalaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>
**Subject:** People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Justice Engoron

I am sad to advise the Court that Mrs. Trump's mother passed away this evening. Because of the challenges presented by this deeply personal family matter, President Trump has asked that I request the Court postpone the date for closing argument until on or after January 29, 2024, so that he may attend and participate in the Court proceedings.
Respectfully,

Chris Kise

---

Please be CAREFUL when clicking links or opening attachments from external senders.

██ Allison R. Greenfield ██████████

| | |
|---|---|
| **From:** | chris kise <chris@ckise.net> |
| **Sent:** | Tuesday, January 9, 2024 4:18 PM |
| **To:** | Hon. Arthur Engoron; Allison R. Greenfield |
| **Cc:** | Solomon, Louis; Wallace, Kevin; Alina Habba, Esq.; Clifford Robert; ckise@continentalpllc.com; Faherty, Colleen; Michael Farina; Amer, Andrew |
| **Subject:** | Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th |

justice engoron

apologies as i did not see your deadline.
additionally, my client is in the air so i have not yet been able to discuss your email with him.
would therefore request you allow until tomorrow morning for any response.

thank you.

chris

---

**From:** Hon. Arthur Engoron <aengoron@nycourts.gov>
**Date:** Tuesday, January 9, 2024 at 4:16 PM
**To:** chris kise <chris@ckise.net>, Allison R. Greenfield <argreenf@nycourts.gov>
**Cc:** Solomon, Louis <Louis.Solomon@ag.ny.gov>, Wallace, Kevin <Kevin.Wallace@ag.ny.gov>, Alina Habba, Esq. <ahabba@habbalaw.com>, Clifford Robert <crobert@robertlaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>, Michael Farina <mfarina@robertlaw.com>, Amer, Andrew <Andrew.Amer@ag.ny.gov>
**Subject:** RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Kise,

Not having heard from you or any of the other defense attorneys by the 4:00 pm deadline, pursuant to CPLR 321, and for the reasons stated below, Mr. Trump may not speak in Court on this Thursday, January 11, 2024.

In order to preserve the record for appellate review, I will docket this email chain on NYSCEF.

Justice Engoron

---

**From:** Hon. Arthur Engoron
**Sent:** Tuesday, January 9, 2024 1:23 PM
**To:** chris kise <chris@ckise.net>; Allison R. Greenfield <argreenf@nycourts.gov>
**Cc:** Solomon, Louis <Louis.Solomon@ag.ny.gov>; Wallace, Kevin <Kevin.Wallace@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Clifford Robert <crobert@robertlaw.com>; ckise@continentalpllc.com; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>; Amer, Andrew <Andrew.Amer@ag.ny.gov>
**Subject:** RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Kise,

Your and your client's rejection of the reasonable, normal limits I am imposing on any argument by Mr. Trump, which are the same limits that the law imposes on any person making a closing argument, completely justifies the need to impose them. Closing arguments are for an advocate to comment on the evidence presented, on the relevant law, and on how the latter applies to the former to justify the result sought. Such arguments may not be used to testify, to introduce new evidence, to make a campaign speech, or to comment on irrelevant matters. People v Kennedy, 177 AD3d 628, 630 (2d Dept 2019) ("[T]he trial court may preclude summation arguments that are speculative and unsupported by any evidence"); People v Ramirez, 150 AD3d 898, 899 (2d Dept 2019) ("Summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his [or her] command"); People v Hightower, 176 AD3d 865, 867 (2d Dept 2019) ("Counsel must, among other things, 'stay within "the four corners of the evidence" and avoid irrelevant and inflammatory comments'").

Anyone can comment on the arguments of an opposing party or counsel, but may not seek to impugn their character. Of course I will apply common sense if there is any issue or doubt, but I will not let anyone violate the normal rules of courtroom procedure that govern closing arguments.

The limitations I am imposing, in my absolute discretion, are not subject to further debate. Take it or leave it. Please let me know which by 4:00 pm today.

Justice Engoron

---

From: chris kise <chris@ckise.net>
Sent: Tuesday, January 9, 2024 11:10 AM
To: Hon. Arthur Engoron <aengoron@nycourts.gov>; Amer, Andrew <Andrew.Amer@ag.ny.gov>; Allison R. Greenfield <argreenf@nycourts.gov>
Cc: Solomon, Louis <Louis.Solomon@ag.ny.gov>; Wallace, Kevin <Kevin.Wallace@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Clifford Robert <crobert@robertlaw.com>; ckise@continentalpllc.com; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>
Subject: Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

justice engoron

thank you for your response and proposal below.

first, i agree that, in a non-jury trial (and especially this trial) your inclination to let everyone have his or her say is the best approach. also agree that the more reasoned analysis you receive, the better you will be able to decide the case correctly. additionally, and as you note, president trump has by far the most at stake in this enforcement action. therefore, allowing him to make a statement is not only the best course of action, it is the fair and correct approach.

however, he cannot agree (nor would i recommend he do so) to the proposed preconditions and prior restraints.

as an initial matter, under the present circumstances where the AG seeks the unconscionable and draconian penalty of prohibiting president trump, who has contributed both professionally and personally to the economic development, job growth, and real estate footprint of new york for some fifty years, from ever again engaging in any lawful business activity in new york even though the evidence at trial established he did nothing wrong. given same, he most assuredly should be accorded an opportunity to address the court.

further, the preconditions and prior restraints you propose are fraught with ambiguities, creating the substantial likelihood for misinterpretation or unintended violation. for example, the notion he could not comment on the AG, **the plaintiff**, is simply untenable. moreover, given the history of these proceedings, agreement to such ambiguous limitations will no doubt simply create further disagreements.

therefore, while as noted i agree with your stated conclusions that the fair and best approach is to allow president trump to make a statement, he cannot agree to the proposed limitations and prior restraints. the existing gag order, although on appeal, remains. but there should otherwise not be further prior restraints on any statement he provides at closing.

please advise as to whether you will permit president trump to speak at closing without the proposed limitations.

thank you.

respectfully,

chris

---

From: Hon. Arthur Engoron <aengoron@nycourts.gov>
Date: Friday, January 5, 2024 at 1:18 PM
To: Amer, Andrew <Andrew.Amer@ag.ny.gov>, Allison R. Greenfield <argreenf@nycourts.gov>
Cc: chris kise <chris@ckise.net>, Solomon, Louis <Louis.Solomon@ag.ny.gov>, Robert Apicella <rapicell@nycourts.gov>, Wallace, Kevin <Kevin.Wallace@ag.ny.gov>, Alina Habba, Esq. <ahabba@habbalaw.com>, Clifford Robert <crobert@robertlaw.com>, ckise@continentalpllc.com <ckise@continentalpllc.com>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>, Michael Farina <mfarina@robertlaw.com>
Subject: RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Counselors,

In the email to which this email responds, Mr. Kise announced that defendant Donald J. Trump "plans to present argument at closing." Pursuant to CPLR 321, "If a party appears by attorney, such party may not act in person in the action except by consent of the court." Mr. Trump obviously "appears by attorney." Thus, and as far as my research has revealed, whether he may present a closing argument is completely at my discretion.

Particularly in a non-jury trial, I am inclined to let everyone have his or her say. Moreover, the more reasoned analysis I receive, the better I will be able to decide the case correctly. Furthermore, Mr. Trump is the person with by far the most at stake in this enforcement action.

Thus, in my sole discretion, I will consent to let Mr. Trump make a closing argument if, and only if, through counsel by 1/9/2024, and by himself, personally, on the record, just before he speaks, he agrees to limit his subjects to what is permissible in a counsel's closing argument, that is, commentary on the relevant, material facts that are in evidence, and application of the relevant law to those facts. He may not seek to introduce new evidence. He may not "testify." He may not comment on irrelevant matters. In particular, and without limitation, he may not deliver a campaign speech, and he may not impugn myself, my staff, plaintiff, plaintiff's staff, or the New York State Court System, none of which is relevant to this case, and all of which, except commenting on my staff, can be done, and is being done, in other forums. If Mr. Trump violates any of these rules, I will not hesitate to cut him off in mid-sentence and admonish him. If he continues to violate the rules, I will end his closing argument and prevent him from making any further statements in the courtroom. If he violates the current gag order against him, I will immediately direct court officers to remove him from the courtroom forthwith and will fine him not less than $50,000. Finally, he must state on the record before he begins to speak that he also understands that, without exception, defendants, collectively, have only from 10:15 to 12:45, with one 15-minute break, to present their arguments, meaning that whatever time he speaks is time that other defense attorneys will not have.

Plaintiff will also have two hours and 15 minutes, from 2:15 to 4:30, to present closing arguments.

Mr. Kise, please respond.

Justice Engoron

---

From: Amer, Andrew <Andrew.Amer@ag.ny.gov>
Sent: Thursday, January 4, 2024 5:13 PM
To: Allison R. Greenfield <argreenf@nycourts.gov>; Hon. Arthur Engoron <aengoron@nycourts.gov>; Garth A. Johnston <GAJOHNST@nycourts.gov>
Cc: chris kise <chris@ckise.net>; Solomon, Louis <Louis.Solomon@ag.ny.gov>; Robert Apicella <rapicell@nycourts.gov>; Wallace, Kevin <Kevin.Wallace@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Clifford Robert <crobert@robertlaw.com>; ckise@continentalpllc.com; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>
Subject: RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Justice Engoron, Ms. Greenfield, and Mr. Johnston-

Plaintiff opposes Defendants' plan to have Mr. Trump present any portion of their closing argument.

Mr. Trump is certainly not permitted to do so as of right. Under the CPLR if a party "appears by attorney such party may not act in person in the action except by consent of the court." CPLR 321(a). Even in criminal proceedings where the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both. *People v. Rodriguez*, 95 N.Y.2d 497, 501 (2000). "These are 'separate rights depicted on the opposite sides of the same [constitutional] coin. To choose one obviously means to forego the other.'" *Id.* (quoting *United States v. Purnett*, 910 F.2d 51, 54 (2d Cir. 1990)). There is no right to "hybrid" representation, in which a defendant is "represented by counsel from time to time, but may slip into pro se mode for selected presentations." *See Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008); *see also U.S. v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016). "By accepting counseled representation, a defendant assigns control of much of the case to the lawyer, who, by reason of training and experience, is entrusted with sifting out weak arguments, charting strategy and making day-to-day decisions over the course of the proceedings." *Rodriguez*, 95 N.Y.2d at 501–02. Accordingly, a defendant who chooses to defend through counsel in criminal or civil actions cannot, as of right, present closing arguments. *People v. Richardson*, 4 N.Y.2d 224, 227 (1958).

Nevertheless, the Court has the power, in the exercise of its discretion, to grant a specific application for limited participation of a defendant as counsel, but only when doing so will not unduly disrupt the orderly administration of

4

justice or unfairly prejudice the prosecution's interests. *See Richardson*, 4 N.Y.2d 224 at 229; *People v. Powell*, 98 Misc. 2d 460, 461, (N.Y. Sup. Ct. Kings Cty. 1979). Allowing Mr. Trump to present even a portion of Defendants' closing argument would do both. The Court has already found that Mr. Trump is prone to giving irrelevant speeches, lacks self-control, is evasive in responding to questions (Tr. 3493:05-3495:04), and has repeatedly violated court orders for which he has been sanctioned. Allowing Mr. Trump to present closing argument will invite more speeches that will "unduly disrupt" the proceedings. *Richardson*, 4 N.Y.2d 224 at 229. Moreover, Mr. Trump had the right to present testimony on Defendants' affirmative case but elected at the last minute not to do so (explaining in a subsequent social media post that he "already testified to everything and [has] nothing more to say"). Allowing Mr. Trump to participate in closing arguments would effectively grant him an opportunity to testify without being subject to cross-examination, thereby depriving the People of a fundamental right to their significant prejudice – especially in light of the Court's prior determination that Mr. Trump was not a credible witness (NYSCEF No. 1598 at 2). *Cf. Barnes v. City of New York*, 44 A.D.3d 39, 46 (1st Dep't 2007) ("By avoiding his obligation to testify at a trial in which he was seeking millions of dollars, plaintiff was able to frustrate the City's fundamental common-law right to cross-examine a witness.").

Mr. Kise's email should be treated as an application to allow Mr. Trump to present closing argument and, for the reasons above, should be denied.

Respectfully,

**Andrew Amer | Special Counsel**
New York State Office of the Attorney General
Executive Division
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6127
Email: Andrew.Amer@ag.ny.gov

---

**From:** chris kise <chris@ckise.net>
**Sent:** Thursday, January 4, 2024 12:47 PM
**To:** Allison R. Greenfield <argreenf@nycourts.gov>; Wallace, Kevin <Kevin.Wallace@ag.ny.gov>; Amer, Andrew <Andrew.Amer@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Solomon, Louis <Louis.Solomon@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; ckise@continentalpllc.com; Clifford Robert <crobert@robertlaw.com>
**Cc:** Hon. Arthur Engoron <aengoron@nycourts.gov>; Garth A. Johnston <GAJOHNST@nycourts.gov>; Robert Apicella <rapicell@nycourts.gov>
**Subject:** Re: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

ms greenfield

happy new year!

at this time the defense anticipates that closing arguments will take approximately 2 hours – 2 hours 15 minutes total.
i will present the more extensive argument, and then ms. habba and mr. robert will also present more limited arguments.
additionally, president trump plans to present argument at closing as well.
but we anticipate all such arguments will be completed within the above time estimate.

5

as a practical matter, this means the defense will be done before the lunch break, leaving ample time for the attorney general the remainder of the day.

please advise if you have any further questions.

thank you.

chris kise

---

From: Allison R. Greenfield <argreenf@nycourts.gov>
Date: Thursday, January 4, 2024 at 11:24 AM
To: Wallace, Kevin <Kevin.Wallace@ag.ny.gov>, Amer, Andrew <Andrew.Amer@ag.ny.gov>, Alina Habba, Esq. <ahabba@habbalaw.com>, Solomon, Louis <Louis.Solomon@ag.ny.gov>, Michael Farina <mfarina@robertlaw.com>, Faherty, Colleen <Colleen.Faherty@ag.ny.gov>, ckise@continentalpllc.com <ckise@continentalpllc.com>, chris kise <chris@ckise.net>, Clifford Robert <crobert@robertlaw.com>
Cc: Hon. Arthur Engoron <aengoron@nycourts.gov>, Garth A. Johnston <GAJOHNST@nycourts.gov>, Robert Apicella <rapicell@nycourts.gov>
Subject: RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Dear Mr. Wallace,

Thank you for your response. The Court is currently operating under the assumption that we will follow the normal practice of defendants going first and plaintiff going last. We will, however, wait to hear back from defendants.

Allison R. Greenfield
Principal Law Clerk to Hon. Arthur F. Engoron
New York County Supreme Court
60 Centre Street, Courtroom 418
New York, New York 10007
(646) 386-4374

---

From: Wallace, Kevin <Kevin.Wallace@ag.ny.gov>
Sent: Thursday, January 4, 2024 11:05 AM
To: Allison R. Greenfield <argreenf@nycourts.gov>; Amer, Andrew <Andrew.Amer@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Solomon, Louis <Louis.Solomon@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; ckise@continentalpllc.com; chris kise <chris@ckise.net>; Clifford Robert <crobert@robertlaw.com>
Cc: Hon. Arthur Engoron <aengoron@nycourts.gov>; Garth A. Johnston <GAJOHNST@nycourts.gov>; Robert Apicella <rapicell@nycourts.gov>
Subject: RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th

Ms. Greenfield –

At this time, we anticipate that closing argument for OAG will take an hour and be conducted by one person from our team; either me or Mr. Amer. That estimate could change depending on the arguments from Defendants in their proposed findings of fact and conclusions of law and in their closings. This is also based on an assumption that closing arguments will follow standard practice with Defendants presenting first and Plaintiff presenting second. If any of those assumptions are incorrect or if more time is required we might divide up the argument. We will let the Court know if we think that becomes necessary. We also anticipate that other members of our trial team could address specific questions from the Court if they involve areas of their expertise.

Best regards,

KCW

---

**From:** Allison R. Greenfield <argreenf@nycourts.gov>
**Sent:** Wednesday, January 3, 2024 11:57 AM
**To:** Amer, Andrew <Andrew.Amer@ag.ny.gov>; Alina Habba, Esq. <ahabba@habbalaw.com>; Solomon, Louis <Louis.Solomon@ag.ny.gov>; Michael Farina <mfarina@robertlaw.com>; Faherty, Colleen <Colleen.Faherty@ag.ny.gov>; ckise@continentalpllc.com; chris kise <chris@ckise.net>; Clifford Robert <crobert@robertlaw.com>; Wallace, Kevin <Kevin.Wallace@ag.ny.gov>
**Cc:** Hon. Arthur Engoron <aengoron@nycourts.gov>; Garth A. Johnston <GAJOHNST@nycourts.gov>; Robert Apicella <rapicell@nycourts.gov>
**Subject:** RE: People v. Trump, et al., No. 452564/2022 - Closing Arguments January 11th
**Importance:** High

[EXTERNAL]

Dear Counselors:

I write to advise you that we will be back in Room 300 on January 11th for closing arguments. However, as the NRA trial will already have started, the Courtroom will be set up differently than it was for trial testimony. I have copied Rob on this email so that you may clear any tech questions with him.

Additionally, Justice Engoron would like to know how many people, and who, will be speaking for each side, and how much time each person, or each side, wants. Please keep in mind we only have the one day.

Thank you,

Allison R. Greenfield
Principal Law Clerk to Hon. Arthur F. Engoron
New York County Supreme Court
60 Centre Street, Courtroom 418
New York, New York 10007
(646) 386-4374

IMPORTANT NOTICE: This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

Please be CAREFUL when clicking links or opening attachments from external senders.