# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

January 13, 2024

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

    We write on behalf of Plaintiff E. Jean Carroll in further support of our motion to preclude Defendant Donald J. Trump from calling Carol Martin as a witness and to exclude certain of Defendant's trial exhibits. *See* ECF 254 (motion); ECF 263 (order directing reply).

    **Carol Martin.** Defendant has confirmed that he intends to offer Ms. Martin as a lay opinion witness. *See* ECF 261 at 2 (relying on Rule 701 caselaw as basis for admission). But in doing so, he intends to hide from the jury the fact that the only reason Ms. Martin is involved in this case— and at one point expressed opinions about the media attention Ms. Carroll was receiving—is because Ms. Carroll told her that Defendant had sexually assaulted her shortly after the assault happened in 1996. *Id.*

    The implications of that position undermine the very relevance argument that Defendant tries to advance. If Defendant's position were accepted, the parties could theoretically call as witnesses dozens of friends and family whose only connection to this case would be the fact that they have a relationship with Plaintiff, and then ask those witnesses to opine on how Plaintiff supposedly contributed to the harm that Defendant's defamation caused her. And if that were permitted, Plaintiff herself could choose to subpoena *Defendant's* own friends and family so that they might offer their opinions about Defendant's mindset and malice when he repeatedly lied about Plaintiff. To state the implications of Defendant's position is to reveal its flimsiness. A trial made up of lay opinion witnesses with tenuous connections to the underlying events—as Defendant wants Ms. Martin to appear to the jury—is hardly "'helpful' to … the determination of a fact in issue." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992).

But the Court need not consider the sweeping implications of Defendant's position, because Ms. Martin's testimony is clearly barred by Rule 403. Defendant does not disagree that it would be problematic for Ms. Martin to go into the underlying sexual assault, the circumstances under which Plaintiff told her about it, and how that discussion in 1996 affected their relationship post-2019. *See* ECF 254 at 2-3. Instead, Defendant insists that the broader context of Ms. Martin and Plaintiff's relationship can be hidden from the jury. *See* ECF 261 at 2. But there is no fairness in such a one-sided presentation. If Ms. Martin is permitted to testify, then she must be allowed to explain how her deeper history with Plaintiff, including her prior advice to Ms. Carroll to keep quiet about the sexual assault and not reveal it to anyone, obviously informed her views about Plaintiff after Plaintiff publicly discussed the assault beginning in June 2019. ECF 254 at 2-3; *see United States v. Garcia*, 291 F.3d 127, 140 (2d Cir. 2002) (noting that a lay opinion witness must "establish[] to the court and jury" the bases of her opinion and if not "the proffered opinion obviously fails completely to meet the requirements of Rule 701").

Defendant's own opposition proves the point. Defendant argues that he should be allowed to question Ms. Martin about her appearance, along with Plaintiff and Lisa Birnbach, on *The Daily* podcast in June 2019. ECF 261 at 2. But there is no way to explain why Ms. Martin was asked to be on that podcast with Plaintiff in the first place without testimony about the fact that Plaintiff had told Ms. Martin that Defendant sexually assaulted her and that Ms. Martin corroborated Plaintiff's account decades later. And other doors, still, would unnecessarily have to be opened. For example, discussion of *The Daily* podcast would unfairly raise questions in the jury's mind about why only one of the two outcry witnesses is present, requiring additional testimony about Ms. Birnbach, the circumstances surrounding Plaintiff's prior discussions with her, and Ms. Birnbach's own corroboration of Plaintiff's account.

This is a damages-only trial that need not retread the extensive exploration of the underlying sexual assault that occurred at the *Carroll II* trial last May. Ms. Martin's opinion testimony is at most of extremely limited probative value, and that negligible value is far outweighed by the prejudice and waste of time that would arise if she were allowed to take the stand.[1]

***Defendant's exhibits.*** Defendant's arguments regarding four of his trial exhibits are largely non-responsive and ultimately unpersuasive.

DX-20 and DX-21. Defendant offers no argument for why Plaintiff's CNN interview should not be excluded under both Rule 403 and Rule 412. *Compare* ECF 262 at 3-4, *with* ECF 254 at 3-4 & n.7.

Defendant's non-opposition on these points is reason alone to grant Plaintiff's motion. Defendant's silence is also telling. His proposed 23-second clip of the CNN interview is not necessary to establish that Plaintiff went on CNN to discuss the sexual assault. Defendant knows this. The real reason he wants to introduce the chosen clip was made clear in *Carroll II*, where he

---

[1] If Ms. Martin is permitted to testify, Plaintiff will call her in her case-in-chief. Defendant's objection that we are "well past the applicable deadline" for disclosing witnesses makes little sense. ECF 261 at 2 n.3. Plaintiff, of course, would not list a witness to which she objects—and whom she moved to preclude from testifying—and would call her now only based on the changed circumstances of her motion being denied.

emphasized Carroll's "most people think of rape as sexy" comment as a way to challenge her account of the sexual assault itself. ECF 254 at 4. And even after Defendant's counsel filed their letter earlier today pretending that they intended no such implication, their client revealed his true intention by posting a statement on Truth Social in which he falsely stated that Plaintiff had said in the CNN interview that "nothing happened [at Bergdorf's] and that rape is sexy."[2]

In addition, Defendant has it exactly backwards. Defendant's public statements today and throughout the pendency of these proceedings have repeatedly called attention to (and misdescribed) Plaintiff's CNN interview to brand her a "whack job" and discredit her sexual assault accusation.[3] There is no reason to believe that Ms. Carroll's reputation would have been damaged at all by the CNN interview had Defendant not repeatedly said what he said about it. Defendant's continued efforts to spread mischaracterizations of Plaintiff's comments destroy whatever modicum of relevance Defendant's exhibits could theoretically have.

There is no doubt about exactly what sort of undue prejudice Defendant seeks to inject into this narrow trial. The Court has already denied Defendant the opportunity to do just that in sustaining objections to Defendant's counter-designations relating to Plaintiff's comments on CNN.[4] The Court should reach the same conclusion here.[5]

DX-15 and DX-18. DX-15 is an email from Plaintiff to her then publicist to discuss the promotion of her book, *see* ECF 254-2 at 2-3, and DX-18 contains emails between Plaintiff and Ms. Birnbach in which they agree that they should try to sell books at an upcoming book talk, *id.* at 4. As Plaintiff has explained, by using these exhibits, Defendant plans to "impermissibly repackage an off-limits motive and fabrication argument as an argument concerning mitigation of reputational harm." ECF 254 at 4. That is how Defendant used these same exhibits in the *Carroll II* trial, *see id.*, and it is plainly prohibited by the Court's rulings on Plaintiff's motions *in limine*, ECF 252 at 12-14.

Defendant's contention that the exhibits are now relevant for the supposedly independent reason that they "tend to show that Plaintiff wanted (and expected) to receive a significant amount of attention in connection with her accusation"—in other words, she was asking for it—fares no

---

[2] @realDonaldTrump, Truth Social (Jan. 13, 2024), https://truthsocial.com/@realDonaldTrump/posts/111751168770952569.

[3] *See, e.g.*, @realDonaldTrump, Truth Social (Jan. 4, 2024), https://truthsocial.com/@realDonaldTrump/posts/111698555675919566; @realDonaldTrump, Truth Social (Jan. 4, 2024), https://truthsocial.com/@realDonaldTrump/posts/111698562189813900; @realDonaldTrump, Truth Social (Jan. 4, 2024), https://truthsocial.com/@realDonaldTrump/posts/111700706558825245; @realDonaldTrump, Truth Social (Jan. 4, 2024), https://truthsocial.com/@realDonaldTrump/posts/111700883606589039; @realDonaldTrump, Truth Social (Jan. 4, 2024), https://truthsocial.com/@realDonaldTrump/posts/111700886323595951; @realDonaldTrump, Truth Social (May 23, 2023), https://truthsocial.com/@realDonaldTrump/posts/110418234501420922; @realDonaldTrump, Truth Social (May 10, 2023), https://truthsocial.com/@realDonaldTrump/posts/110342629389312163.

[4] *See* ECF 248 at 7 (sustaining Carroll's objections to Tr. 139:8-139:24 and 141:3-141:20, even though those counter-designations were allowed in *Carroll II*).

[5] As Plaintiff has already explained, Professor Humphreys will not offer any her opinion testimony that attributes any of the reputational harm that Plaintiff has suffered to the CNN program in question. *See* ECF 262 at 1 n.1. Defendant's arguments on this score are thus moot. *See* ECF 261 at 4.

better. ECF 261 at 3. The exhibits are clearly designed to leave the jury with the impression that Plaintiff made up the accusation to sell a book and go on podcasts, not that she, as Defendant claims, "expected" that she would receive the type of attention that caused her mental anguish. *Id.* at 3. Nor do the exhibits themselves, which simply capture Plaintiff's efforts to sell her book as any author would and do not even mention Defendant, provide any probative insight into the mental distress or emotional harm Plaintiff actually incurred as a result of Defendant's defamatory statements.

At bottom, Defendant's argument seems to be that once he defamed Plaintiff, any basic steps she took to promote her book and continue on in her profession *ipso facto* are evidence of a failure to mitigate damages. That's simply wrong.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record