UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
E. JEAN CARROLL,

                Plaintiff,

      -against-                                     20-cv-7311 (LAK)

DONALD J. TRUMP, in his personal capacity,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        In letters dated January 11 (Dkt 254) and 12 (Dkt 256), plaintiff seeks rulings precluding defendant from calling Carol Martin as a witness and excluding as inadmissible DX 15, 18, 20 and 21. She proposes also that "the Court may want to consider taking robust prophylactic measures to ensure that Mr. Trump does not present inadmissible, prejudicial, or otherwise improper information to the jury" in the event that he testifies at trial. The defendant opposes these requests. Dkt 261, Dkt 265. The Court appreciates counsel's accelerated briefing of these matters over the holiday weekend. The Court disposes of them as follows.

        1.     The Court declines now to exclude Ms. Martin as a witness, as it has not concluded that there is no admissible testimony that she could give. Whether any particular testimony that either party may seek to elicit from her would be admissible, however, is a matter for decision at trial in the event she actually is called and one or more objections is interposed.

        2.     DX 15 and 18 are excluded as irrelevant and, alternatively, on the ground that any probative value would be outweighed substantially by the danger of unfair prejudice. The exhibits show no more than that Ms. Carroll, like any author of a new book, was eager in July and September, 2019 to garner media attention for her book in order to drive sales.[1] They are not probative, at least to any material extent, of whether and to what extent Mr. Trump's June 21 and 22,

---

[1] Ms. Carroll readily admitted on cross-examination in *Carroll II* that she wanted to sell the book. *Carroll II,* Trial Tr., 362:24-363:2.

2019 defamatory statements caused reputational or emotional damage to Ms. Carroll. Accordingly, defendant's proffer of these documents is inconsistent with the Court's prior *in limine* ruling, Dkt 252 at 12-14. In any event, they are excluded under Rule 403.

3. DX 20 appears to be a video of the *Anderson Cooper 360 Degrees* television show that aired on June 24, 2019. Somewhat less than half of the entire video consists of an interview of Ms. Carroll by Mr. Cooper. Much of that interview consists of Ms. Carroll's account of Mr. Trump's sexual assault on her and her reaction to Mr. Trump's then recent statement that Ms. Carroll was "not his type." DX 21, which defendant's most recent submission says is "[t]he portion of this broadcast that [he] seeks to introduce," is a small fragment of the entire video – taken out of the context both of the entire video and of the immediate context in which the fragment appeared. The fragment includes this exchange:

> CARROLL: I think most people think of rape as being sexy.
>
> COOPER: Let's take a short break –
>
> CARROLL: They think of the fantasies.

The relevance of this to the damages that Ms. Carroll suffered by reason of Mr. Trump's defamation is not readily apparent. Nevertheless, defendant claims that it is relevant to damages because it "caused a significant negative backlash against plaintiff" and that she "frequently defended her comments on social media in the face of attacks from other users." He has not, however, proffered any evidence of "significant negative backlash." And his only proffer in support of his claim that she "frequently defended her comments on social media" is three tweets by Ms. Carroll (without the matters to which they apparently responded, and all a year or more after the June 21 and 22, 2019 defamatory statements at issue in this trial) in which Ms. Carroll said only that she never said that rape was sexy.[2] Dkt 261 at 3 n.6. Accordingly, "[t]he portion of this broadcast which Mr. Trump seeks to introduce" is not relevant to damages. *Id.* at 3.

Mr. Trump's backup contention is that the video (apparently a reference to DX 20) is relevant for another reason – "the *Anderson Cooper 360* video is . . . included in Dr. Humphrey's [*sic*] damages model" and "accounts for nearly 5% of Dr. Humphreys' total damages estimate." *Id.* at 4. From counsel's submissions and the Court's careful comparison of the relevant appendices to Professor Humphreys' initial and supplemental reports, it does appear that there may be confusion

---

[2] Mr. Trump publicly has misquoted Ms. Carroll as having said that "rape is sexy" as recently as January 13, 2024. @realDonaldTrump, Truth Social (Jan. 13, 2024), https://truthsocial.com/@realDonaldTrump/posts/111751168770952569; *accord,* @realDonaldTrump, TruthSocial (May 10, 2023), https://truthsocial.com/@realDonaldTrump/posts/110342629389312163.

as to whether any impact of the video has been eliminated correctly from the impact model despite plaintiff's clear statements that this was the intention. It is not entirely clear to the Court whether any such circumstance is attributable to the use of different numerical designations of the video and perhaps other TV exhibits in the two documents or to something else. Moreover, plaintiff again has represented that "Professor Humphreys will not offer any her [*sic*] opinion testimony that attributes any of the reputational harm that Plaintiff has suffered to the [*Anderson Cooper*] program in question." Dkt 264 at 3 n.5. The issue, insofar as it relates to DX 20 and 21, therefore is moot. In any case, the video itself is not relevant to whether Professor Humphreys' calculations contain any error or, if they do, whether the error favored the plaintiff or the defendant. The latter issue, should it not be resolved sooner, may be appropriate for exploration during her testimony.

For the foregoing reasons, defendant has failed, despite ample opportunity, to demonstrate any relevance of DX 20 and 21 to the issues now to be tried. Accordingly, they are excluded on that ground. But the Court does not rely on that basis alone. This Court already has ruled that *Carroll II* collaterally estops the defendant from contending, among other things, that he did not sexually assault Ms. Carroll and has precluded evidence on that issue. This trial is limited to the issue of damages sustained as a result of the defendant's June 21 and 22, 2019 statements. Those statements already have been determined to have been false, defamatory, and made with constitutional actual malice. The introduction of the *Anderson Cooper 360* video needlessly and confusingly would invite the jury to decide this case on the basis of defendant's view that those issues are open to discussion or reconsideration. They are not. Accordingly, DX 20 and 21 are excluded under Rule 403 as well, as their introduction would create a serious danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and] needlessly presenting cumulative evidence."[3]

4.  The Court will take such measures as it finds appropriate to avoid circumvention of its rulings and of the law.

SO ORDERED.

Dated:     January 14, 2024

/s/     Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge

---

[3] Fed. R. Evid. 403.