

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

January 19, 2024

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

  Re: *Carroll v. Trump*
     Civil Case No.: 1:20-cv-7311-LAK-JLC

Dear Judge Kaplan:

 We write, on behalf of President Donald J. Trump in response to the Court's oral order on January 17, 2024, directing the parties to provide briefing on the issue of mitigation of damages by 4PM on Friday, January 18, 2024. Based on the law set forth in the letter brief, we ask the Court to give the jury an instruction related to Plaintiff's obligation to mitigate her damages or minimize the effect of the defamation.

  **A.** **Plaintiff had an Affirmative, Non-Waivable Duty to Minimize the Effects of the Alleged Defamation**

 This Court previously acknowledged that "New York law requires plaintiffs to 'use reasonable and proper efforts' to minimize the effects of a defamation[.]" *Carroll v. Trump,* No. 20-CV-7311 (LAK), 2024 WL 97359, at *2 (S.D.N.Y. Jan. 9, 2024) (citing *Williams v. Bright,* 230 A.D.2d 548, 550, 658 N.Y.S.2d 910, 911 (1st Dept. 1997)*; In re LIBOR-Based Fin. Instruments Antitrust Litig.,* 299 F. Supp. 3d 430, 573 n.150 (S.D.N.Y. 2018); *Wachs v. Winter,* 569 F. Supp. 1438, 1446 (E.D.N.Y. 1983); 44 N.Y. Jur., 2d DEFAMATION AND PRIVACY § 232 (2023); 1 Robert D. Sack, SACK ON DEFAMATION § 10:5.5 at 10-57-58 (4th ed. 2011); RESTATEMENT (SECOND) OF TORTS § 918 (1979)). Indeed, in New York, it is well established that "a person who is defamed has a ***duty*** to minimize the effects of the defamation." *Wachs,* 569 F.Supp. at 1446 (citing *Den Norske Ameriekalinje Actiesselskabet v. Sun Printing and Publishing Association,* 226 N.Y.1, 8, 122 N.E. 463, 465 (N.Y. 1919)) (emphasis added).

 In *Den Norske*, 226 N.Y. at 7, the seminal case on this issue under New York law (which was cited in the Court's January 17, 2024 oral order), the New York Court of Appeals held:

> The rule is of general and widespread application that one who has been injured either in his person or his property by the wrongful act or default of another is under an obligatory duty to make a reasonable effort to minimize the damages liable to result from such injury, and that if he does not make such reasonable effort he will

be debarred from recovering for those additional damages which result from such failure.

*Den Norske*, 226 N.Y. at 8; *Ridgeview Partners, LLC v. Entwistle*, 354 F. Supp. 2d 395, 402 (S.D.N.Y. 2005). The effort to reduce damages "must be made in good faith," "it must be conducted with reasonable skill, prudence and efficiency," "it must be reasonably warranted by and proportioned to the injury and consequences to be averted," and "it must be made under a belief reasonably justified that it will avoid or reduce the damages otherwise to be apprehended from the wrong complained of." *Id.; Technest Holding, Inc. v. Deer Creek Fund LLC*, No. 06 Civ. 1665 (HBP), 2008 U.S. Dist. LEXIS 61560, 2008 WL 3449941, at *19 (S.D.N.Y. Aug. 12, 2008) (same).

Here, as in *Den Norske*[1], the Complaint alleges a cause of action for defamation based on two statements. As such, Plaintiff, at all relevant times, had an affirmative duty to "minimize[e] the effect of" the June 21 and 22 statements. *Carroll,* 2024 WL 97359, at *2 (citations omitted). The jury, therefore, must be instructed to consider whether Plaintiff abided by this duty using good faith, reasonable skill, prudence, and efficiency. In other words, they must be allowed to consider whether, and to what extent, Plaintiff's claimed damages are attributable to her own conduct as opposed to President Trump's June 21 and June 22 statements.

Further support for the proposition that a defamation plaintiff's duty to mitigate damages is not waivable can be found in New York Civil Rights Law 78, which states:

> In an action for libel or slander the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief, whether or not he has pleaded or attempted to prove any defense. A defendant in default for want of an answer may prove such mitigating circumstances upon a reference or inquiry to ascertain the amount of the plaintiff's damages. Matter tending only to mitigate or reduce damages is a partial defense and may be set forth in the answer.

N.Y. Civ. Right Law § 78. The law states that "matter tending only to mitigate or reduce damages is a partial defense and *may* be set forth in the answer." (emphasis added.) Thus, with the use of such permissive language, it is clear that in the defamation context, a defendant is not required to plead this duty or consideration as an affirmative defense.

---

[1] *Den Norske* also sets forth an exception to this obligation when malice has been shown, but that is a question for the jury to decide, and if the jury were to find that President Trump acted with common law malice, Plaintiff's efforts to minimize damages becomes a factor that the jury can consider. *See Den Norske,* 226 N.Y. at 9; *Ridgeview,* 354 F.Supp.2d at 402-403. Therefore, any instruction to the jury should state that if no common law malice is found, the jury must consider whether Ms. Carroll mitigated her damages and if common law malice is found, then the jury may consider Ms. Carroll's minimization of the effect of the defamation.

Accordingly, common law principles and statutory codification both make clear that a plaintiff in a defamation case has an affirmative, non-waivable duty to minimize the effects of an alleged defamation. As such, the jury must be instructed on this issue.[2]

### B. President Trump has Properly Asserted the Defense of Failure to Mitigate Damages

With respect to the question of waiver, President Trump maintains that he has not waived any jury instruction related to mitigation, as he had no obligation to plead Ms. Carroll's affirmative duty to minimize the effect of the alleged defamation. Even assuming *arguendo* that the defense was required to be plead, President Trump did adequately raise it.

In *Travellers Intern., AG v. Trans World Airlines*, a non-defamation case, the Second Circuit considered the merits of a defendant's failure to mitigate damages even though the defense had not been specifically plead in the answer. 41 F.3d 1570 (2d Cir. 1994). The Second Circuit found that the mitigation defense had been included in the defendant's causation defense, noting that "the failure to mitigate damages is arguably an aspect of causation." 41 F.3d at 1578.

Here, similarly, the Seventeenth Affirmative Defense of President Trump's Amended Answer (the "Answer") states: "[n]either Defendant nor the challenged statements proximately caused any injury that the Plaintiff allegedly suffered." ECF 171 at 22. Throughout trial, when the defense has argued that Ms. Carroll failed to minimize the effect of any alleged defamation, the argument has largely been one of causation. The thrust of President Trump's position is that his June 21 and 22 statements are not the proximate cause of any harm that Ms. Carroll suffered but, rather, the harm is attributable to her own conduct in making the initial accusation (through an exclusive in a popular magazine), making numerous media appearances, frequently promoting updates in her lawsuit, etc. Thus, like in *Travellers*, there is significant overlap between the defenses of mitigation and causation. As such, President Trump's Seventeenth Affirmative Defense properly preserved his defense of failure to mitigate damages.

Nonetheless, even if this Court determines that the defense was not properly raised in the Answer, any such deficiency was cured when President Trump raised the defense of failure to mitigate in his Pre-Trial Order. *See* ECF 227 at 6 ("Contrary to Plaintiff's contention, she did not sustain any reputational or economic harm as a result of the Statements; even if she did, any harm sustained was *de minimis* and the result of Plaintiff's own conduct."). It is well established that a defendant may raise "an affirmative defense for the first time in the joint PTO." *Gilmore v. Gilmore*, 503 Fed.Appx. 97, 99 (2d Cir. 2012). When President Trump raised this defense in the Pre-Trial Order, Plaintiff did not object. *See* ECF 227. As such, Plaintiff was provided with "notice and had an opportunity to respond," which Plaintiff expressly declined to exercise. *See Gilmore*, 503 F. App'x at 99. Moreover, the Court did not strike President Trump's affirmative defense when it endorsed the Joint Pretrial Order. *Id.* As such, President Trump properly invoked this defense. *See id.; Stephenson v. Doe*, 332 F. 3d 68, 76 (2d Cir. 2003) ("Although defendants did not plead

---

[2] This Court also requested briefing on the issue of whether the burden of proof lies with the plaintiff or defendant. This question appears to be unsettled in the law, at least with respect to defamation cases. Accordingly, President Trump's position is that Plaintiff should bear the burden of proof on this issue since she has an affirmative obligation to mitigate.

qualified immunity in their answer, they asserted the defense in other pretrial submissions, including the parties' joint pretrial order, defendants' trial memorandum of law and proposed jury instructions.") (citing *McCardle v. Haddad*, 131 F.3d 43, 51 (2d Cir. 1997); *see also 999 v. C.I.T. Corp.*, 776 F.2d 866, 870 n. 2 (9th Cir. 1985) ("[The defendant] failed to raise mitigation of damages as an affirmative defense in its pleadings…however, the issue of mitigation was included in the pre-trial order, which has the effect of amending the pleadings.") (citation omitted); *Accent Films, B.V. v. Universal City Studios, Inc.*, 24 F.3d 244 (9th Cir. 1994) ("[I]nclusion of mitigation of damages in the pretrial order has the effect of amending the pleadings.") (citation omitted).

Based on the foregoing, President Trump respectfully requests that this Court give the jury an instruction relating to Plaintiff's obligation to mitigate her damages or minimize the effect of the defamation.

> Respectfully submitted,
>
> *[signature]*
>
> Alina Habba, Esq.
> For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)