**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212.763.0883
DIRECT EMAIL     jmatz@kaplanhecker.com

January 25, 2024

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

  Today, the Court distributed a proposed verdict form that asks the jury to make separate findings concerning compensatory damages (if any) resulting from the June 21, 2019 and June 22, 2019 defamatory statements. Plaintiff E. Jean Carroll respectfully requested that the Court merge these inquiries, so that the jury is asked a single set of questions concerning compensatory damages (if any) for both statements together. In support of this request, Ms. Carroll raised concern that posing separate questions would confuse the jury. The two defamatory statements were published very close in time, substantially overlapped in subject matter, and caused virtually identical forms of damage. Moreover, the only expert who testified at trial assessed "reputational repair" damages associated with both statements together. And in presenting evidence concerning damages, both parties repeatedly addressed the effects of the two defamatory statements together, not separately.

  Following discussion of the issue in court, Your Honor afforded the parties an opportunity to identify additional authority in support of their positions. Ms. Carroll submits this letter pursuant to that guidance.

  Under Federal Rule of Civil Procedure 49, the Court has broad discretion in deciding whether to require the jury to return a special verdict. *See* Rule 49 ("The court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact."). In addition, "the trial court has considerable discretion about the form of the questions posed to the jury and their number." Wright & Miller, 9B Fed. Prac. & Proc. Civ. § 2508 (3d ed.). As the Second Circuit has held, "[t]he formulation of special verdict questions rests in the discretion of the trial judge." *Cann v. Ford Motor Co.*, 658 F.2d 54, 58 (2d Cir. 1981). So long as questions do not "mislead and confuse the jury," or "inaccurately frame the issues to be resolved by the jury,"

KAPLAN HECKER & FINK LLP

2

the Court can frame them in whatever manner it deems most appropriate. *See id.* (collecting cases); *see also In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 580 (S.D.N.Y. 2011) ("The use of special or general verdicts, as well as the content and form of any interrogatories submitted to the jury, are matters within the sound discretion of the district court." (citation omitted)).

Consistent with those principles, it is common in defamation cases for special verdict forms to seek consolidated compensatory damages findings as to numerous defamatory statements. *See* 53 C.J.S. *Libel and Slander* § 279 ("In defamation actions, questions have arisen whether a single verdict regarding multiple publications or defendants is proper, and whether certain types of verdicts are inconsistent or otherwise require a new trial. While each publication may constitute a separate tort, a single verdict is proper, where all the publications were asserted in a single defamation count."); *see also* ECF 157-1 at ¶¶ 175-183 (single defamation count in the complaint in this action). That understanding is confirmed by a review of recent cases. *Compare Bouveng v. NYG Cap. LLC*, 175 F. Supp. 3d 280, 319 (S.D.N.Y. 2016) (Gardephe, J.) (sixty-six defamatory statements contained in six articles), *with Bouveng v. NYG Cap. LLC*, No. 14 Civ. 05474 (S.D.N.Y July 29, 2015), ECF 221 (special verdict form requiring a single finding as to total compensatory damages for all statements); *compare Freeman v. Giuliani*, No. 21 Civ. 3354, 2022 WL 16551323, at *7 (D.D.C. Oct. 31, 2022) (identifying multiple defamatory statements), *with Freeman v. Giuliani*, No. 21 Civ. 03354 (D.D.C. Dec. 15, 2023), ECF 135 (verdict form requiring a single finding as to total compensatory damages for all statements); *see also Shah v. Levy*, No. 13 Civ. 02975 (S.D.N.Y. Apr. 27, 2017), ECF 290 (verdict form asking jury to decide whether ten statements were defamatory and requiring a single, combined compensatory damages finding).

The same approach is warranted here. Virtually all evidence presented at trial addressed the damages resulting from both the defamatory statements together; the timing and substance of those statements would make it practically implausible to tease apart the damages attributable to each one separately; the expert testimony on reputational repair addressed damages holistically rather than for each statement alone; and asking about the statements separately may increase the risk of a double recovery (which will be avoided through a separate jury instruction, but which the Court can also avoid by requiring the jury to address combined compensatory damages).

Respectfully submitted,

Joshua Matz

cc:    Counsel of Record