

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

January 29, 2024

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*
                Civil Case No.: 1:20-cv-7311-LAK-JLC

Dear Judge Kaplan:

      This letter is submitted on behalf of President Donald J. Trump ("President Trump"). As a result of a story published in the *New York Post*, defense counsel learned for the first time of allegations that Your Honor, while a partner at the Paul Weiss firm, had a "mentor" type relationship with Plaintiff's lead counsel, Roberta Kaplan.[1] Most concerning, is that the article was brought to the *New York Post*'s attention by an unnamed partner at Paul Weiss, who was aware of the close relationship between you and Ms. Kaplan and stated that "Lew was like her mentor." The underlying defamation case tried last year, and the damages trial completed last week, were both litigations in which there were many clashes between Your Honor and defense counsel. We believe, and will argue on appeal, that the Court was overtly hostile towards defense counsel and President Trump, and displayed preferential treatment towards Plaintiff's counsel. Indeed, the rulings, tone, and demeanor of the bench raised significant concerns even before the *New York Post's* investigative journalism unearthed these new facts.

---

[1] The *New York Post* article is attached as "Exhibit A." It may also be located by accessing the following site: https://nypost.com/2024/01/27/news/trump-to-use-judges-conflict-in-83-3m-jury-verdict/.

If Your Honor truly worked with Ms. Kaplan in any capacity—especially if there was a mentor/mentee relationship—that fact should have been disclosed before any case involving these parties was permitted to proceed forward. This issue is particularly concerning since Plaintiff's other lead counsel, Shawn Crowley, served as Your Honor's law clerk, and we were previously advised that Your Honor co-officiated her wedding.[2] 28 U.S.C. Section 455(a) states that "[a]ny … judge … of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, Canon 3 of the Code of Conduct for United States Judges provides that:

> "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> (b) the judge served as lawyer in the matter in controversy, or ***a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter***, or the judge or such lawyer has been a material witness;"

Code of Conduct for United States Judges, 175 F.R.D. 363, 368 (1998) (emphasis added).

While not every mere friendship between a judge and a lawyer warrants disclosure and possible recusal by a judge, as the Fifth Circuit recently explained, recusal and disqualification issues based on possible bias or prejudice require "a highly fact-intensive inquiry." *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 417 (5th Cir. 2023). The Second Circuit itself has noted in *United States v. Rechnitz*, 75 F.4th 131, 142-43 (2d Cir. 2023):

> "We evaluate partiality under § 455(a) 'on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.' *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994); *see also Liljeberg v. Health Servs.*

---

[2] *See* ECF 83.

*Acquisition Corp.*, 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) ('The goal of section 455(a) is to avoid even the appearance of partiality.' (internal quotation marks omitted)). In making that objective analysis, we consider 'whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned.' *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996) (internal quotation marks and alteration omitted); *see also* Code of Conduct for United States Judges, Canon 2(A) ('An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired.'). In close cases, 'the balance tips in favor of recusal.' *Ligon v. City of New York*, 736 F.3d 118, 124 (2d Cir. 2013) (internal quotation marks omitted), vacated in part on other grounds, 743 F.3d 362 (2d Cir. 2014)."

Here, without knowing more information (or having a specific factual denial by Your Honor that you had a mentor-mentee relationship with Ms. Kaplan), we are unable to flesh out our position concerning what specific relief should be requested, including, but not limited to, moving for new trials on the issues of liability and damages. Surely, however, this Court should provide defense counsel with all of the relevant facts. At a minimum, this information could certainly prove relevant to President Trump's forthcoming Rule 59 motion.

We thank the Court for its prompt attention to this troubling matter.

                                            Respectfully submitted,

                                            Alina Habba, Esq.
                                            For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)