**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

January 30, 2024

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

We write in response to the letter submitted yesterday by Alina Habba on behalf of her client Defendant Donald J. Trump, which contains false allegations of a "mentor-mentee relationship" between Your Honor and myself dating back to the brief period in which we overlapped at Paul, Weiss more than thirty years ago. ECF 281 at 3. As Ms. Habba well knows, these allegations are utterly baseless.

Here are the facts: Paul, Weiss is a large law firm with offices in several cities in the United States and abroad. Its litigation department, which was founded by Judge Simon H. Rifkind in 1950, has long been both large and prominent.[1] After graduating from Columbia law school in 1991, I clerked for a year for the Honorable Mark L. Wolf in the District of Massachusetts and then moved back to New York City to start work as a junior litigation associate at the firm in October 1992. At the time I started at Paul, Weiss, Your Honor was a senior litigation partner at the firm; you subsequently left Paul, Weiss upon your confirmation as a federal district judge in this Court in August 1994.

As a result, the length of our overlap at Paul, Weiss was less than two years. During that relatively brief period more than thirty years ago, I do remember the Paul, Weiss partners with whom I worked and none of them was Your Honor. More specifically, I have no recollection from that time period of ever interacting with Your Honor on a case, participating with Your Honor in a client or case-related meeting, or attending a court proceeding with Your Honor. In fact, I remember no direct interaction from that time period with Your Honor at all. This is hardly

---

[1] *About the Firm, History*, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, https://www.paulweiss.com/about-the-firm/history (last visited Jan. 30, 2024).

KAPLAN HECKER & FINK LLP

2

surprising since at that time, I was a very junior associate at a large New York law firm and Your Honor was one of the leaders of the Paul, Weiss litigation department. And, as Your Honor well knows, our substantive interactions over the last three decades have been limited to your courtroom in the two cases filed by our client E. Jean Carroll against Donald Trump and in a case in which I represented Columbia University.[2] Needless to say, at no point have we ever had a "'mentor' type relationship," as alleged by Ms. Habba. ECF 281 at 1.

Given the above, there was nothing for Your Honor to disclose. While Ms. Habba claims that she "learned for the first time" of her baseless allegations from a story published over the weekend in the *New York Post*, *id.*, the fact that both Your Honor and I previously worked at Paul, Weiss is a matter of public record. *See, e.g.*, Benjamin Weiser, *Who is Lewis Kaplan, Judge in Carroll Case Against Trump?*, N.Y. Times (Apr. 27, 2023), https://www.nytimes.com/2023/04/27/nyregion/who-is-lewis-kaplan-judge-in-carroll-case-against-trump.html; *Lewis A. Kaplan*, Wikipedia, https://en.wikipedia.org/wiki/Lewis_A._Kaplan (last visited Jan. 30, 2024); *Roberta A. Kaplan*, Kaplan Hecker & Fink LLP, https://www.kaplanhecker.com/our-talent/roberta-kaplan (last visited Jan. 30, 2024); *Roberta A. Kaplan*, Wikipedia, https://en.wikipedia.org/wiki/Roberta_Kaplan (last visited Jan. 30, 2024).

Of particular concern, however, is where and when the *New York Post* supposedly got this information in the first place. In that regard, it is telling that the article in the *New York Post* only appeared *after* Ms. Habba's own statement to the media last weekend where she claimed that only after trial concluded did she learn that Your Honor and I both previously worked at Paul, Weiss, referring to a "conflict of interest" that is "insane and so incestuous." ECF 281 at 1. And while both the *New York Post* and Ms. Habba purport to cite the recollections of an "unnamed partner at Paul Weiss," *id.*; ECF 281-1 at 2, that partner (if he even exists) clearly has a very flawed memory about events that occurred three decades ago.

But that, of course, is not the point. From the very start of the recently concluded trial, Donald Trump and Ms. Habba have pushed a false narrative of judicial bias so that they could characterize any jury verdict against Trump as the product of a corrupt system. *See, e.g.*, ECF 274 at 3–4 & n.1.[3] While that strategy has now moved into its post-verdict phase, it is now time for Defendant's false and vexatious claims of bias or impropriety to stop. "Litigants cannot be permitted to sit silently on recusal grounds and then to advance them only after they have lost the case." *Faulkner v. Nat'l Geographic Soc.*, 296 F. Supp. 2d 488, 490 (S.D.N.Y. 2003) (Kaplan, J.), *aff'd*, 409 F.3d 26 (2d Cir. 2005). A judge's "mere knowledge of one of the attorney's involved by itself is irrelevant without some factual allegation of bias or prejudice resulting from this

---

[2] Nor have we interacted outside the courtroom, apart from both attending over the last thirty years a handful of Bar functions and large social gatherings like weddings of mutual acquaintances.

[3] *See also* @realDonaldTrump, Truth Social (Jan. 26, 2024 4:55 PM), https://truthsocial.com/@realDonaldTrump/posts/111824480073262515 ("[I] will be appealing this whole Biden Directed Witch Hunt focused on me and the Republican Party. Our Legal System is out of control, and being used as a Political Weapon."); @realDonaldTrump, Truth Social (Jan. 26, 2024 5:55 PM) https://truthsocial.com/@realDonaldTrump/posts/111824715782495188 ("There is no longer Justice in America. Our Judicial System is Broken and Unfair!"); Rachel Schilke, *Trump Attorney Alina Habba Blasts Judge After $83 Million E. Jean Carroll Decision*, The Gazette (Jan. 26, 2024), https://gazette.com/news/wex/trump-attorney-alina-habba-blasts-judge-after-83-million-e-jean-carroll-decision/article_ccb066b5-33a2-575c-a845-5bdda5804fc4.html ("We are in a New York jury, and that is why we are seeing these witch hunts.").

KAPLAN HECKER & FINK LLP

3

association." *United States v. Occhipinti*, 851 F. Supp. 523, 527 (S.D.N.Y. 1993). And recusal is not required "by virtue of the fact that a judge and an attorney in a case had once been employed in the same office." *Riola v. Long Island Cycle & Marine, Inc.*, 352 F. Supp. 2d 365, 367 (E.D.N.Y. 2005); *see also Jackson v. Scotts Co.*, No. 08 Civ. 1064, 2009 WL 321010, at *3 (S.D.N.Y. Feb. 10, 2009) (Kaplan, J.) ("Section 455(b)(2) and Canon 3C(1)(b) require disqualification '[w]here in private practice [the judge] served as lawyer *in the matter in controversy*, or a lawyer with whom [the judge] previously practiced law served *during such association* as a lawyer *concerning the matter*.'"), *aff'd*, 356 F. App'x 513 (2d Cir. 2009); *HC2, Inc. v. Messer*, No. 20 Civ. 3178, 2022 WL 61370, at *3 n.3 (S.D.N.Y. Jan. 6, 2022) ("That, in my prior capacity as an Assistant United States Attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client—the United States Government—is too remote to this case to raise the appearance of impropriety."). A jury of Donald Trump's peers has now twice found him liable for sexual assault, defamation and $88 million in compensatory and punitive damages. There is no basis to set either verdict aside.

   While Ms. Habba ends her letter by characterizing this as a "troubling matter," ECF 281 at 3, what is actually troubling is both the substance and timing of her false accusations of impropriety by on the part of E. Jean Carroll's counsel or the Court. Accordingly, while we wanted to submit our response to Ms. Habba's letter as soon as possible, we reserve all rights, including but not limited to the right to seek sanctions pursuant to Federal Rule of Civil Procedure 11.

                  Respectfully submitted,

                  Roberta A. Kaplan

cc:  Counsel of Record