**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

March 4, 2024

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Carroll v. Trump*, 20 Civ. 7311 (LAK)

Dear Judge Kaplan:

      We write in brief response to Defendant Donald J. Trump's reply memorandum in support of his motion to stay execution of the judgment, ECF 306, where he (incorrectly) claims that we mischaracterized Second Circuit law concerning Rule 62(b), *id.* at 1. Specifically, Trump points to *In re Nassau County Strip Search Cases*, where the Second Circuit stayed enforcement of the judgment "without the posting of a bond or other condition." 783 F.3d 414, 417 (2d Cir. 2015). But the Second Circuit did so only because the defendant Nassau County, a governmental entity, had affirmatively "demonstrated the existence of appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty." *Id.* at 418 (citation omitted).

      This is fully consistent with our position: "to secure relief from the normal requirement of posting a bond, the requesting party must offer some 'alternative means,' the whole point of which is to make sure the appellee will be made whole in the event she succeeds on appeal." ECF 303 at 3. In *Nassau*, those alternative means consisted of a dedicated and readily collectible governmental appropriation; here, in stark contrast, Trump offers no alternative means other than his own unsubstantiated say so that he will have $83.3 million available when Carroll prevails on appeal.

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record