

**MEMO ENDORSED**

HABBA MADAIO
& Associates LLP

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

March 6, 2024



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-7-24

**Via ECF**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

 *Re: Carroll v. Trump*, No. 1:20-cv-7311-LAK-JLC – Request for Temporary
   Administrative Stay of Execution Until Three Business Days After The Court's
   Ruling on the Motion to Stay Execution of Judgment Pending Disposition of Post-
   Trial Motions

Dear Judge Kaplan:

  On February 23, 2024, President Trump filed his motion and memorandum seeking to stay
the execution of the judgment in this case pending the Court's disposition of his post-trial motions.
ECF Nos. 286, 287. Because the judgment becomes final on Monday, March 11, 2024, and time
will be needed to finalize bond arrangements if the motion is denied, President Trump respectfully
requested that the Court issue a ruling on his stay motion by March 4, 2024. ECF No. 287, at 16.
In the alternative, if the Court were not to rule by March 4, President Trump requested that the
Court "enter a temporary administrative stay of execution of the judgment pending its ruling on
this motion." *Id.*

  Granting such temporary administrative stays while a court is considering whether to grant
a stay motion is common practice in this Circuit, in this District, and in other jurisdictions. *See,
e.g., Bragg v. Pomerantz*, 2023 WL 3015207, at *1 (2d Cir. Apr. 19, 2023) (Robinson, J.) (granting
"an administrative stay … so that a three-judge panel may consider the motion seeking a stay
pending appeal of the district court's order"); *Hassoun v. Searles*, 976 F.3d 121, 126 (2d Cir. 2020)
(noting the court granted "entered an administrative stay … so that the government's motion for a
stay pending appeal could be considered by a three-judge panel," and then "before the
administrative stay expired, the court entered a temporary extension of the administrative stay to
ensure that it had adequate time to consider the government's motion"); *Tereshchenko v. Karimi*,
2024 WL 195547, at *1 (S.D.N.Y. Jan. 18, 2024) (denying a full stay, but granting a temporary
administrative stay "to permit the respondent to seek a stay from the Court of Appeals for the
Second Circuit"); *Smarter Tools Inc. v. Chongqing Senci Import & Export Trade Co.*, 2019 WL
11825336, at *3 (S.D.N.Y. July 26, 2019) (granting administrative stay "in order to ensure that the
Court of Appeals has adequate time to consider" a motion for a stay pending appeal); *see also,
e.g., Brady v. Nat'l Football League*, 638 F.3d 1004, 1005 (8th Cir. 2011) ("The purpose of this
administrative stay is to give the court sufficient opportunity to consider the merits of the motion

<u>Memorandum Endorsement</u>                                     <u>Carroll v. Trump, 20-cv-7311 (LAK)</u>

   Mr. Trump renews his request for a temporary administrative stay of execution of the judgment, this time "until three business days after the Court rules on his [previously filed and as yet still pending] stay motion." Dkt 313 at 2. He argues that preparations to post bond before a ruling could "impose irreparable injury in the form of substantial costs (which may or may not be recoverable)." *Id.*

   The questions of whether "administrative stays" are authorized by law and, if so, the circumstances in which they are available and the legal standards by which they are governed are relatively obscure and ill-defined. *See* Rachel Bayevsky, *Administrative Stays: Power and Procedure,* 97 NOTRE DAME L. REV. 1941 (2022). For present purposes, however, the Court puts those issues aside and assumes that short-lived administrative stays are available for brief periods in appropriate circumstances, at least one of which must be a clear threat of irreparable injury in the absence of such a stay.

   Mr. Trump's current situation is a result of his own dilatory actions. He has had since January 26 to organize his finances with the knowledge that he might need to bond this judgment, yet he waited until 25 days after the jury verdict — and only shortly before the expiration of Rule 62's automatic 30-day stay of judgment — to file his prior motion for an unsecured or partially secured stay pending resolution of post-trial motions. The Court ordered expedited briefing and assured the parties that the motion would be decided as promptly as was reasonably appropriate, but due to the delay in its filing, the Court notified that it could not render any decision as quickly as Mr. Trump requested. Dkt 307. That remains true today.

   Moreover, the expense of ongoing litigation in the absence of a stay does not constitute "irreparable injury" in the relevant sense of that term. *Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *see Emery Air Freight Corp. v. Local Union 295,* 786 F.2d 93, 100 (2d Cir. 1986). Nor has Mr. Trump made any showing of what expenses he might incur if required to post a bond or other security, on what terms (if any) he could obtain a conventional bond, or post cash or other assets to secure payment of the judgment, or any other circumstances relevant to the situation. Accordingly, his present application for a temporary administrative stay (Dkt 313) is denied.

   SO ORDERED.

Dated:   March 7, 2024

                    Lewis A. Kaplan
                 United States District Judge