UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
E. JEAN CARROLL,

                    Plaintiff,

-against-                                20-cv-7311 (LAK)

DONALD J. TRUMP, in his personal capacity,

                    Defendant.
------------------------------------------------x

## ORDER APPROVING SUPERSEDEAS BOND
## AND STAYING EXECUTION OF JUDGMENT

LEWIS A. KAPLAN, *District Judge.*

        **WHEREAS**, on February 8, 2024, the Court entered Judgment (Dkt. No. 285) against Defendant Donald J. Trump ("Defendant") awarding Plaintiff E. Jean Carroll ("Plaintiff") compensatory and punitive damages in the sum of $83,300,000.00 (the "Judgment");

        **WHEREAS**, on March 8, 2024, Defendant filed a Notice of Appeal of the Judgment to the United States Court of Appeals for the Second Circuit; and

        **WHEREAS**, Defendant obtained a supersedeas bond issued by Federal Insurance Company, signed and sealed March 5, 2024, which bond was amended by a rider thereto, signed and sealed March 12, 2024 (the supersedeas bond as amended, copies of which are annexed hereto, hereinafter are referred to as the "Amended Supersedeas Bond") in the sum of $91,630,000.00.

        **NOW THEREFORE IT IS HEREBY ORDERED that:**

        1.     The Amended Supersedeas Bond posted by the Defendant in the amount of $91,630,000.00 as security for the Judgment in this action is **APPROVED.**

2

2. The Amended Supersedeas Bond is deemed sufficient to stay execution of the Judgment to the extent that the Judgment awards damages pursuant to Fed. R. App. P. 8 and Fed. R. Civ. P. 62.

3. The Amended Supersedeas Bond shall be conditioned upon the performance of any Judgment or Order that may be entered against Defendant in the appellate proceedings.

4. Enforcement of the Judgment, to the extent that the Judgment awards damages, is **STAYED** pending the final disposition of the appeal by the United States Court of Appeals for the Second Circuit.

5. Defendant shall file a copy of the approved bond with the Clerk of the Court within 5 days of the date of this Order.

6. This stay is effective immediately upon the filing of the Amended Supersedeas Bond and shall remain effect until the appeal is resolved or until further order of this Court.

SO ORDERED.

Dated:   March 12, 2024

_____
Lewis A. Kaplan
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
E. JEAN CARROLL,

                        Plaintiff,                   Bond No.: K41753183

    - against -                           Case No.: 1:20-cv-07311-LAK

DONALD J. TRUMP, in his personal capacity,

                        Defendant.
------------------------------------------------------------X

## SUPERSEDEAS BOND

      KNOW ALL BY THESE PRESENTS, that we, Defendant Donald J. Trump, as Principal ("Defendant" or "Principal"), and Federal Insurance Company, a corporation duly authorized to transact surety business in the State of New York, as surety ("Surety"), are held and firmly bound unto Plaintiff, E. Jean Carroll, as Obligee ("Plaintiff" or "Obligee"), in the maximum total amount of Ninety One Million Six Hundred Thirty Thousand and 00/100 U.S. Dollars (US$91,630,000.00) (the "Maximum Penal Sum") for the payment of which, well and truly to be made, we bind ourselves and our respective heirs, executors, administrators, successors, and assigns, jointly and severally, as set forth below (the "Bond").

      WHEREAS, the Principal has petitioned, or will petition, the United States Court of Appeals for the Second Circuit (the "Court of Appeals") for an appeal of the judgment entered on February 8, 2024, in the above-captioned action pending in the United States District Court for the Southern District of New York (Document 285) (the "Judgment") (the "Appeal"), and desires to stay execution of the Judgment through the disposition of the Appeal by the Court of Appeals.

      NOW, THEREFORE, the conditions of this obligation are such that if: (1) the Judgment is vacated or reversed upon the disposition of the Appeal by the Court of Appeals, or (2) the Appeal is withdrawn or dismissed and the Principal pays and satisfies the Judgment in full, including, if allowed by law, costs, interest, and attorneys' fees as may be awarded by the Court of Appeals or as a result of such withdrawal or dismissal, or (3) the Judgment is affirmed upon the disposition of the Appeal by the Court of Appeals and the Principal pays and satisfies the Judgment in full, including, if allowed by law, costs, interest, and attorneys' fees as may be awarded by the Court of Appeals or as a result of such affirmance, or (4) the Judgment is modified upon the disposition of the Appeal by the Court of Appeals and the Principal pays and satisfies the modified Judgment in full, including if allowed by law, costs, interest, and attorneys' fees as may be awarded by the Court of Appeals or as a result of such modification, then this Bond and the obligations hereunder shall be null, void, released, and discharged, otherwise this Bond shall remain in full force and effect subject to and conditioned upon the following terms and conditions:

      Notwithstanding anything set forth in the Bond or the Judgment that is or may be construed to the contrary, the maximum liability of the Surety under this Bond shall not exceed the Maximum

Penal Sum set forth above less any amounts paid by or on behalf of the Principal to the Obligee under the Judgment or any modified Judgment regardless of the number of years this Bond is in force or the obligations of the Principal under the Judgment or any modified Judgment.

If payment is required to be made under this Bond by the Surety to the Obligee, such payment shall be made, provided that (a) the Principal has not fully satisfied his monetary obligations under the Judgment or any modified Judgment within thirty (30) calendar days following affirmance, modification, withdrawal, or dismissal of the Appeal, and (b) the Obligee or her counsel shall have notified the Surety, the Principal, and the Principal's counsel, in writing, that the Principal has failed to make such payment to the Obligee, in which event the Surety shall have thirty (30) calendar days from the Surety's receipt of such notice to issue payment under this Bond.

Any notice required to be given under this Bond shall be in writing and addressed as follows:

Principal:

Donald J. Trump
1100 South Ocean Boulevard
Palm Beach, Florida 33480

with a copy to:

Alina Habba, Esq.
Habba Madaio & Associates
112 West 34th Street, 17th & 18th Floor
New York, New York 10120

Surety:

Federal Insurance Company
Eastern Claim Service Center
600 Independence Parkway
Chesapeake, Virginia 23320
Attention: Surety Support
with a copy to: ecsc.claims@chubb.com

with a copy to:

Federal Insurance Company
202B Halls Mills Road
Whitehouse Station, New Jersey 08889
Attention: Surety Department

or to such other person and/or such other address as the Principal or Surety may hereafter advise the Obligee in writing.

Supersedeas Bond No. K41753183

Page **2 of 5**

Absent the affirmative, written consent of the Surety, which must be set forth in a Rider to this Bond signed by the Surety, this Bond only secures the Appeal identified herein and does not secure any further or subsequent appeal(s).

No right of action shall accrue on this Bond to or for the use of any person or corporation other than the Obligee.

Signed and sealed by the Principal and Surety this 5th day of March, 2024.

PRINCIPAL/DEFENDANT
DONALD J. TRUMP

_____
Donald J. Trump, Individually

SURETY
FEDERAL INSURANCE COMPANY

By: _____
Print Name: Douglas Irvin
Its Attorney-in-Fact

COURT APPROVAL

This Bond is hereby approved as to its form and substance this ___ day of _____, 2024.

By:_____

Supersedeas Bond No. K41753183

Page 3 of 5

## ACKNOWLEDGMENT OF PRINCIPAL/DEFENDANT

State of **Florida**

County of **Palm Beach** ss.:

On this **5th** day of March, 2024, before me personally appeared **Donald J. Trump**, to me known to be the individual who executed the above Supersedeas Bond as principal/defendant, and acknowledged the execution of said instrument to be the free and voluntary act and deed of said individual for the purposes, considerations, and uses therein set forth.

_____
(Signature of Notary Public)

CHAMBERLAIN HARRIS
Notary Public-State of Florida
Commission # HH 372771
My Commission Expires
March 13, 2027

My commission expires **March 13, 2027**

Supersedeas Bond No. K41753183

Page 4 of 5

ACKNOWLEDGMENT OF SURETY

State of  New York

County of  New York      ss.:

On this 6th day of March, 2024, before me personally appeared Douglas P. Irvin, to me known to be an Attorney-in-Fact of Federal Insurance Company, the corporation described in and which executed the above Supersedeas Bond as surety, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the purposes, considerations, and uses therein set forth, and on oath stated that the seal affixed to said Supersedeas Bond is the seal of said corporation, that it was duly affixed to said Supersedes Bond, and that said Supersedeas Bond was duly executed by said corporation.

SECORA M. BRATHWAITE
Notary Public, State of New York
No. 01BR6401848
Qualified in Kings County
Commission Expires 12/16/2027

_____
(Signature of Notary Public)

My commission expires 12/16/2027

Supersedeas Bond No. K41753183

Page 5 of 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
E. JEAN CARROLL,

                        Plaintiff,

        - against -

DONALD J. TRUMP, in his personal capacity,

                       Defendant.
------------------------------------------------------------X

Bond No.: K41753183
Case No.: 1:20-cv-0731-LAK

## RIDER TO SUPERSEDEAS BOND

This Rider to Supersedeas Bond (the "Rider") is to be attached to and form a part of Supersedeas Bond No. K41753183 issued in the above-captioned matter by Federal Insurance Company, as surety ("Surety"), on behalf of Defendant Donald J. Trump, as principal ("Defendant" or "Principal") in favor of Plaintiff E. Jean Carroll, as obligee ("Plaintiff" or "Obligee"), in the maximum total amount of Ninety One Million Six Hundred Thirty Thousand and 00/100 U.S. Dollars (US$91,630,000.00) (the "Maximum Penal Sum") (the "Bond").

WHEREAS, the Principal and Obligee have stipulated and agreed to amend each of the timeframes set forth in the fifth paragraph of the Bond from thirty (30) days to fifteen (15) days for both the Principal and Surety.

NOW, THEREFORE, it is understood and agreed that the Bond is hereby amended to delete the following paragraph in its entirety:

> "If payment is required to be made under this Bond by the Surety to the Obligee, such payment shall be made, provided that (a) the Principal has not fully satisfied his monetary obligations under the Judgment or any modified Judgment within thirty (30) calendar days following affirmance, modification, withdrawal, or dismissal of the Appeal, and (b) the Obligee or her counsel shall have notified the Surety, the Principal, and the Principal's counsel, in writing, that the Principal has failed to make such payment to the Obligee, in which event the Surety shall have thirty (30) calendar days from the Surety's receipt of such notice to issue payment under this Bond."

and replace it with the following paragraph:

> "If payment is required to be made under this Bond by the Surety to the Obligee, such payment shall be made, provided that (a) the Principal has not fully satisfied his monetary obligations under the Judgment or any modified Judgment within fifteen (15) calendar days following affirmance, modification, withdrawal, or dismissal of the Appeal, and (b) the Obligee or her counsel shall have notified the Surety, the Principal, and the Principal's

counsel, in writing, that the Principal has failed to make such payment to the Obligee, in which event the Surety shall have fifteen (15) calendar days from the Surety's receipt of such notice to issue payment under this Bond."

It is further understood and agreed that nothing set forth in this Rider shall be construed to increase the maximum liability of the Surety under the Bond beyond the Maximum Penal Sum set forth above less any amounts paid by or on behalf of the Principal to the Obligee under the Judgment or any modified Judgment regardless of the number of years the Bond is in force or the obligations of the Principal under the Judgment or any modified Judgment.

Except for the amendment to the paragraph of the Bond expressly set forth above, nothing contained herein varies, modifies, alters, waives, or extends any of the terms, provisions, conditions, agreements, or limitations of the Bond.

Signed and sealed by the Principal and Surety this 12th day of March, 2024.

PRINCIPAL/DEFENDANT
DONALD J. TRUMP

_____
Donald J. Trump, Individually

SURETY
FEDERAL INSURANCE COMPANY

By: _____
Print Name: Abigail E. Curtiss
Its Attorney-in-Fact

COURT APPROVAL

This Bond is hereby approved as to its form and substance this ___ day of _____, 2024.

By: _____

Rider to Supersedeas Bond No. K41753183

Page 2 of 4

## ACKNOWLEDGMENT OF PRINCIPAL/DEFENDANT

State of __Florida__

County of __Palm Beach__   ss.:

On this __11th__ day of March, 2024, before me personally appeared __Donald J. Trump__, to me known to be the individual who executed the above Supersedeas Bond as principal/defendant, and acknowledged the execution of said instrument to be the free and voluntary act and deed of said individual for the purposes, considerations, and uses therein set forth.

_____
(Signature of Notary Public)



CHAMBERLAIN HARRIS
Notary Public-State of Florida
Commission # HH 372771
My Commission Expires
March 13, 2027

My commission expires __March 13, 2027__

Rider to Supersedeas Bond No. K41753183

Page 3 of 4

ACKNOWLEDGMENT OF SURETY

State of  New York

County of New York          ss.:

On this 12th day of March, 2024, before me personally appeared Abigail E. Curtiss, to me known to be an Attorney-in-Fact of Federal Insurance Company, the corporation described in and which executed the above Supersedeas Bond as surety, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the purposes, considerations, and uses therein set forth, and on oath stated that the seal affixed to said Supersedeas Bond is the seal of said corporation, that it was duly affixed to said Supersedes Bond, and that said Supersedeas Bond was duly executed by said corporation.

(Signature of Notary Public)

ALAN GARTEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02GA6021578
Qualified in Nassau County
Commission Expires March 15, 2027

My commission expires 3/15/27

Rider to Supersedeas Bond No. K41753183

Page 4 of 4

# CHUBB

## Power of Attorney

Federal Insurance Company | Vigilant Insurance Company | Pacific Indemnity Company
Westchester Fire Insurance Company | ACE American Insurance Company

Know All by These Presents, that FEDERAL INSURANCE COMPANY, an Indiana corporation, VIGILANT INSURANCE COMPANY, a New York corporation, PACIFIC INDEMNITY COMPANY, a Wisconsin corporation, WESTCHESTER FIRE INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY corporations of the Commonwealth of Pennsylvania, do each hereby constitute and appoint Gary J. Giulietti, Douglas Irvin, Holly L. Lynch, Ryan Murphy and Dana E. Wium of Farmington, Connecticut; Kathleen M. Coen, Abigail E Curtiss, Jordan Fisher, Jessica Hedrick, Ashley Martin, Holly Tallone and Julia Zalesky of Blue Bell, Pennsylvania----------

each as their true and lawful Attorney-in-Fact to execute under such designation in their names and to affix their corporate seals to and deliver for and on their behalf as surety thereon or otherwise, bonds and undertakings and other writings obligatory in the nature thereof (other than bail bonds) given or executed in the course of business, and any instruments amending or altering the same, and consents to the modification or alteration of any instrument referred to in said bonds or obligations.

In Witness Whereof, said FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY have each executed and attested these presents and affixed their corporate seals on this 5th day of March, 2024.

Dawn M. Chloros, Assistant Secretary

Stephen M. Haney, Vice President

 

STATE OF NEW JERSEY
County of Hunterdon    ss

On this 5th day of March, 2024 before me, a Notary Public of New Jersey, personally came Dawn M. Chloros and Stephen M. Haney, to me known to be Assistant Secretary and Vice President, respectively, of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY, the companies which executed the foregoing Power of Attorney, and the said Dawn M. Chloros and Stephen M. Haney, being by me duly sworn, severally and each for herself and himself did depose and say that they are Assistant Secretary and Vice President, respectively, of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY and know the corporate seals thereof, that the seals affixed to the foregoing Power of Attorney are such corporate seals and were thereto affixed by authority of said Companies; and that their signatures as such officers were duly affixed and subscribed by like authority.

Notarial Seal 

Albert Contursi
NOTARY PUBLIC OF NEW JERSEY
No 50202369
Commission Expires August 22, 2027

Notary Public

## CERTIFICATION

Resolutions adopted by the Boards of Directors of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, and PACIFIC INDEMNITY COMPANY on August 30, 2016; WESTCHESTER FIRE INSURANCE COMPANY on December 11, 2006; and ACE AMERICAN INSURANCE COMPANY on March 20, 2009:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company, of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into in the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such person's written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing to any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested."

I, Dawn M. Chloros, Assistant Secretary of FEDERAL INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY COMPANY, WESTCHESTER FIRE INSURANCE COMPANY and ACE AMERICAN INSURANCE COMPANY (the "Companies") do hereby certify that

(i) the foregoing Resolutions adopted by the Board of Directors of the Companies are true, correct and in full force and effect,
(ii) the foregoing Power of Attorney is true, correct and in full force and effect.

Given under my hand and seals of said Companies at Whitehouse Station, NJ, this March 12, 2024



Dawn M. Chloros, Assistant Secretary

IN THE EVENT YOU WISH TO VERIFY THE AUTHENTICITY OF THIS BOND OR NOTIFY US OF ANY OTHER MATTER, PLEASE CONTACT US AT:
Telephone (908) 903-3493    Fax (908) 903-3656    e-mail: surety@chubb.com

Combined: FED-VIG-PI-WFIC-AAIC (rev 11-19)

# FEDERAL INSURANCE COMPANY

## STATEMENT OF ASSETS, LIABILITIES AND SURPLUS TO POLICYHOLDERS

Statutory Basis

December 31, 2022

(In thousands)

| ASSETS | | LIABILITIES AND SURPLUS TO POLICYHOLDERS | |
|---|---:|---|---:|
| Cash and Short Term Investments | $ 123,147 | Outstanding Losses and Loss Expenses | $ 9,263,034 |
| United States Government, State and Municipal Bonds | 3,769,895 | Reinsurance Payable on Losses and Expenses | 1,723,796 |
| Other Bonds | 5,964,508 | Unearned Premiums | 2,632,590 |
| Stocks | 245,498 | Ceded Reinsurance Premiums Payable | 380,182 |
| Other Invested Assets | 1,979,194 | Other Liabilities | 471,528 |
| TOTAL INVESTMENTS | 12,082,042 | TOTAL LIABILITIES | 14,471,130 |
| Investments in Affiliates: | | Capital Stock | 20,980 |
| Great Northern Ins. Co. | 422,405 | Paid-In Surplus | 2,711,474 |
| Vigilant Ins. Co. | 361,723 | Unassigned Funds | 1,545,403 |
| Chubb Indemnity Ins. Co. | 185,044 | | |
| Chubb National Ins. Co. | 194,379 | SURPLUS TO POLICYHOLDERS | 4,277,857 |
| Other Affiliates | 124,046 | | |
| Premiums Receivable | 1,859,933 | | |
| Other Assets | 3,519,415 | | |
| TOTAL ADMITTED ASSETS | $ 18,748,987 | TOTAL LIABILITIES AND SURPLUS | $ 18,748,987 |

Investments are valued in accordance with requirements of the National Association of Insurance Commissioners. At December 31, 2022, investments with a carrying value of $512,747,832 were deposited with government authorities as required by law.

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

John Taylor, being duly sworn, says that he is Senior Vice President of Federal Insurance Company and that to the best of his knowledge and belief the foregoing is a true and correct statement of the said Company's financial condition as of the 31st day of December, 2022.

Sworn before me this March 16, 2023

Senior Vice President

Notary Public

September 19, 2023
My commission expires

Commonwealth of Pennsylvania - Notary Seal
Jaime L. Yates, Notary Public
Philadelphia County
My commission expires September 19, 2023
Commission number 1357070
Member, Pennsylvania Association of Notaries

## STATE OF NEW YORK
## DEPARTMENT OF FINANCIAL SERVICES

CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

It is hereby certified that

**Federal Insurance Company**
of Indianapolis, Indiana

a corporation organized under the laws of Indiana and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties, and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $4,277,856,715. (Capital $20,980,068), as is shown by its sworn financial statement for the quarter ending, December 31, 2022, on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, this 31st day of March 2023.

Adrienne A. Harris
Superintendent

By

Colleen M. Draper
Special Deputy Superintendent