# Hecker Fink LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL       212.763.0883
DIRECT EMAIL      scrowley@heckerfink.com

October 8, 2024

**BY CM/ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Carroll v. Trump*, 20 Civ. 7311 (LAK)
                *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan,

      Pursuant to the orders entered by this Court on August 9, 2024 approving stipulations that substituted Kaplan Martin LLP for Hecker Fink LLP as counsel for Plaintiff in the above-captioned actions (the "Actions"), Hecker Fink writes to respectfully request that the Court enter an order recognizing the charging lien that Hecker Fink has asserted in the Actions.

      As the Court is aware, in the stipulations substituting counsel, Hecker Fink asserted a charging lien under New York Judiciary Law § 475 and the terms of its engagement agreement with Plaintiff. As provided in the stipulations, Hecker Fink and Kaplan Martin have conferred with respect to whether a ruling is requested from the Court at this time with respect to Hecker Fink's assertion of a charging lien. Kaplan Martin has confirmed that Plaintiff and Kaplan Martin recognize Hecker Fink's charging lien and do not dispute that Hecker Fink is entitled to assert a charging lien. Kaplan Martin has also advised us that they believe, and we agree, that consideration of the amount of Hecker Fink's charging lien should be deferred to a later point in the Actions. Kaplan Martin and Hecker Fink have differing views, however, on whether formal recognition of Hecker Fink's charging lien by this Court is appropriate at this time. And while Hecker Fink has offered to include Kaplan Martin's views in this letter, Kaplan Martin has advised us that they prefer to convey their views separately.

      There can be no doubt that it is in fact appropriate for this Court to enter an order at this time recognizing Hecker Fink's charging lien. "[T]he Second Circuit has 'long recognized that

**Hecker Fink LLP** 2

the lien created by section 475 . . . is enforceable in federal courts in accordance with its interpretation by New York courts.'" *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 449 (2d Cir. 1998) (quoting *In re Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir. 1991)).

In addition, consistent with section 475's purpose of "furnish[ing] security to attorneys by giving them a lien upon the subject of the action," *id.* at 450 (internal quotation marks and citation omitted), courts have routinely granted applications to recognize a charging lien while deferring determination of the amount to a later time. *See, e.g., Ruiz v. Keratin Bar Inc.*, 17 Civ. 2216 (VEC), 2020 WL 7079904 at *1 (S.D.N.Y) (Dec. 3, 2020); *Joffe v. King & Spalding LLP*, 337 F. Supp. 3d 366 (S.D.N.Y. 2018); *Casper v. Lew Lieberbaum & Co., Inc.*, 97 Civ. 3016 (JGK)(RLE), 1999 WL 335334 at *6-7 (S.D.N.Y. May 26, 1999).[1]

Moreover, while Kaplan Martin may believe that their acknowledgement of the validity of Hecker Fink's charging lien removes any immediate need for judicial recognition of the lien, the fact remains that Hecker Fink is nonetheless entitled to judicial recognition of the lien under section 475. *Itar-Tass*, 140 F.3d at 449. In addition, the Second Circuit has repeatedly confirmed the appropriateness of exercising supplemental jurisdiction with respect to charging liens. Indeed, the Court held in *Itar-Tass* that a district court could decline to exercise supplemental jurisdiction with respect to a charging lien "*only* if founded upon an enumerated category of [28 U.S.C.] subsection 1367(c)." 140 F.3d at 448 (emphasis added).[2]

Kaplan Martin has not suggested to us that they believe that any of the enumerated categories of subsection 1367(c) apply here, and in fact they do not. Far from raising novel or complex issues of state law or a claim that "substantially predominates over" the claims in the Actions, the exercise of recognizing Hecker Fink's charging lien involves no more than giving

---

[1] Nor, of course, is this a case in which delay is warranted because entitlement to the lien is disputed and resolution of the dispute would be intertwined with the merits of the action or would interfere with the progress of the action. *See, e.g., Stinson v. City of N.Y.*, 18-cv-0027 (LAK) (S.D.N.Y. Jan. 10, 2019), Docket No. 78 (declining to adopt a report and recommendation that recommended denial of a charging lien to counsel who withdrew after plaintiff refused to accept his settlement advice and instead deferring decision on counsel's lien entitlement); *Holcombe v. U.S. Airways Grp., Inc.*, 03 Civ. 4785 (SLT)(JMA), 2014 WL 4907141, at *1, 4 (E.D.N.Y. Sept. 30, 2014) (deferring decision on motion for charging lien brought by attorney who was terminated after several of Plaintiff's claims were dismissed; noting that determination of why counsel was dismissed and the fair and reasonable value of his services, if any, "would undoubtedly slow the progress of Plaintiff's underlying claim"). Here, Kaplan Martin has acknowledged Hecker Fink's entitlement to the charging lien, and the ruling requested would simply give judicial effect to that acknowledgement.

[2] Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Hecker Fink LLP

3

judicial effect to what Plaintiff and Kaplan Martin have already acknowledged—i.e., that Hecker Fink is entitled to a charging lien in the Actions. And in similar circumstances the Second Circuit has held that a district court is affirmatively required to exercise supplemental jurisdiction to enforce a charging lien. *See Itar-Tass*, 140 F.3d at 453 (concluding that district court erred in declining jurisdiction to enforce a charging lien where doing so involved no more than giving effect to what had been agreed to).

Accordingly, Hecker Fink respectfully requests that the Court enter an order recognizing Hecker Fink's charging lien and deferring determination of the amount of the lien until such time as either Hecker Fink or Kaplan Martin requests such a determination.

Respectfully Submitted,

Shawn G. Crowley
Michael Ferrara
Joshua Matz

cc:  Counsel of Record (by ECF)