

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

October 8, 2024

**VIA ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, New York, NY 10007-1312

    Re:    *Carroll v. Trump*, 20-cv-07311 (LAK) (JLC)

Dear Judge Kaplan:

    I write on behalf of the law firm Kaplan Martin LLP ("Kaplan Martin"). Pursuant to the Court's order of August 9, 2024, we hereby advise the Court that we do not request a ruling with respect to the charging lien filed by Ms. Carroll's previous counsel, Hecker Fink LLP ("Hecker Fink"). ECF 342. As the Court is aware, the parties to these issues are not E. Jean Carroll and Donald J. Trump, but instead Kaplan Martin and Hecker Fink. We regret having to write this letter because, in our view, there is no need for the Court to exercise jurisdiction or to make any substantive ruling now.

    Hecker Fink has filed a charging lien in accordance with New York Judiciary Law § 475. Thus, it has preserved whatever rights it ultimately may have in the final judgment. But there is nothing for this Court—or any court—to do at this time, because the judgment is sub judice before the Second Circuit. Any issues concerning recognition of the charging lien or any amount to which Hecker Fink may be entitled are neither ripe nor justiciable at this time.

    While conceding that any determination as to the amount of the charging lien would be premature, Hecker Fink nonetheless asks this Court to exercise jurisdiction to somehow recognize the legitimacy of its lien in the abstract. That would be an advisory opinion on an issue that is not in dispute. *See, e.g.*, *Stinson v. City of New York*, 2018 WL 11257424, at *3 (S.D.N.Y. Nov. 26, 2018) (dispute justiciable where "question is whether counsel are entitled to any charging lien for their fees"). Moreover, Ms. Carroll has made it clear to both law firms that she does not want any collateral litigation about attorneys' fees—at least until such issues are ripe post-appeal. We believe her wishes should be respected, especially because there is nothing for this Court to decide.

    Hecker Fink's request for an order recognizing its charging lien is inappropriate for another reason. A court may decline to exercise supplemental jurisdiction over a claim if that claim "substantially predominates over" the claims over which the court had original jurisdiction, the

Hon. Lewis A. Kaplan - 2 - October 8, 2024

claims over which the court had original jurisdiction are no longer before it, or "exceptional circumstances" justify declining jurisdiction. 28 U.S.C. § 1367(c)(2)-(4). Each of these factors militates against exercising supplemental jurisdiction. First, because the only live claim is Hecker Fink's charging lien, that claim substantially predominates over any other claim. Second, the claims over which the Court had original jurisdiction have all been resolved pending appeal. Third, any adjudication as to the amount of the charging lien in this case would be inextricably intertwined with other issues between the former partners that should be resolved in state court.

      We would be happy to provide any additional information or answer any questions that the Court may have.

Respectfully submitted,

Steven F. Molo

cc: All counsel by ECF