**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   scrowley@heckerfink.com

October 9, 2024

**BY CM/ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *Carroll v. Trump*, 20 Civ. 7311 (LAK)
                 *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan,

      We write in brief reply to the letter filed last evening on behalf of Kaplan Martin LLP regarding Hecker Fink LLP's request for judicial recognition of the charging lien asserted in the above-captioned actions (the "Actions").

      Kaplan Martin does not dispute—and indeed has conceded to us—that there is no basis for questioning Hecker Fink's entitlement to a lien. As a result, entry of the order would simply give judicial effect to what Kaplan Martin (and Plaintiff) have already acknowledged and thereby guard against any potential prejudice caused by a subsequent attempt to change position.

      In addition, as reflected in the cases Hecker Fink cited in yesterday's letter application—and that Kaplan Martin fails to address—courts routinely enter orders recognizing a law firm's charging lien while deferring determination as to the amount. Far from being inappropriate advisory opinions, those rulings appropriately determine what is ready for determination (entitlement to a charging lien) while deferring what is not yet ready for determination (the amount of the lien).[1]

---

[1] The sole case cited by Kaplan Martin is not to the contrary. As noted in our letter yesterday, that case involved the very different circumstance of a dispute regarding entitlement to a lien where resolution of the dispute would be aided by consideration of the future course of the litigation. Here, Hecker Fink's entitlement to a lien is undisputed, and there is no reason to refrain from giving judicial recognition to the lien.

Hecker Fink LLP

2

      Kaplan Martin likewise fails to address the Second Circuit decisions making clear that enforcement of a law firm's charging lien under New York Judiciary Law § 475 is not only an appropriate exercise of a district court's supplemental jurisdiction, but is in fact required unless the case presents one of the statutory exceptions enumerated in 28 U.S.C. § 1367(c). *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998).

      Instead, Kaplan Martin merely gives lip service to the factors enumerated in subsection 1367(c) while failing to offer any basis for concluding that recognition of Hecker Fink's lien would require this Court to address "novel and complex issues of State law" or that the claim "substantially predominates over" the claims in the Actions. Nor, of course, is it of any moment that the only potentially disputed issue—determination of the amount of Hecker Fink's charging lien—will involve Hecker Fink and Kaplan Martin rather than Plaintiff. Courts routinely and appropriately exercise supplemental jurisdiction to resolve such disputes, rather than requiring the lien holder to bring a separate action before a state court with no familiarity over the facts relevant to allocation of fees. *See, e.g., Malmberg v. United States*, No. 06-CV-1042 (FJS)(TWD), 2022 WL 16630310, at *1 (N.D.N.Y. Mar. 29, 2022) (apportioning fees between original counsel and successor counsel following settlement of the action), *aff'd sub nom. Nichols v. Paul William Beltz, P.C.*, No. 22-0683-CV, 2022 WL 16558728 (2d Cir. Nov. 1, 2022)

      For the reasons stated above and in our letter application filed yesterday, Hecker Fink respectfully requests that the Court enter an order recognizing Hecker Fink's charging lien and deferring determination of the amount of the lien until such time as either Hecker Fink or Kaplan Martin requests such a determination.

Respectfully Submitted,

Shawn G. Crowley, Esq.
Michael Ferrara, Esq.
Joshua Matz, Esq.

cc:    Counsel of Record (by ECF)